UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>     Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri Corporation; and McKESSON CORPORATION, a Delaware Corporation,<br><br>     Defendants. | Civil Action No. 1:05-CV-11148-PBS |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PROPOSED
CASE MANAGEMENT ORDER NO. 1**

Plaintiffs submit the following Memorandum in Support of Proposed Case Management Order No. 1:

**A. Plaintiffs' Proposed a Tight But Attainable Schedule**

Although this case deals with one aspect of the setting of the Average Wholesale Price ("AWP"), it is a relatively simple case compared to the main AWP case. There are just two defendants (verses over 40), the time period is late 2001 to March 2005 (versus 14 years, or

1991-2005), and the illegal activity arises from basically one event, the raising of the WAC-to-AWP spread.

Further, the issues that made AWP complex in this case don't exist. There will be no evidence that TPPs or consumers knew of the phony price hike, or that there were "negotiations" concerning the hike. To the extent TPP contracts are based upon AWP and the McKesson Scheme inflated AWP, each member of the class is injured. Rebates, an issue in AWP, are not an issue here. Discovery will focus mainly on the facts relating to the 2002-2004 5% increase in the WAC-AWP spread.

B.   **The First DataBank Negotiations are Not a Reason to Delay**

During the meet and confer McKesson suggested that until the parties know if First DataBank has settled, it is premature to set a schedule. First DataBank will respond or move against the Complaint by February 6, 2006. First DataBank will be bound by any schedule the Court sets until it settles, if First DataBank does so, just like any other party. This is not grounds to delay setting a schedule or setting any of the relevant dates.

C.   **The Newly Filed California Case Is Not a Reason to Delay Setting a Schedule**

In the parties meet and confer McKesson raised the potential filing of a California action as a basis to delay setting a schedule. As the Court may recall, during the argument on the motion to dismiss, McKesson claimed the Court needed to apply the law of 50 states. However, in this case both defendants are based in California. California courts have applied California law on a nationwide basis. As we informed the Court we would, plaintiffs have filed a new case in California. Plaintiffs will move to have it transferred to this Court and will use that complaint as the vehicle to move for class certification. However, the complaint is basically identical to the current complaint. The factual allegations are the same. Therefore, there is not need to wait for its transfer in order to set a schedule.

## CONCLUSION

For the foregoing reasons plaintiffs move for entry of Proposed Case Management Order No. 1.

DATED: February 2, 2006                     By    /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

- 4 -

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone:  (615) 244-2202
Facsimile:  (615) 252-3798

- 5 -

## CERTIFICATE OF SERVICE

      I, Steve W. Berman, hereby certify that a true and correct copy of the above document was served on the attorney of record for each party via the Court's electronic filing system this 2nd day of February, 2006.

                                                /s/ Steve W. Berman
                                                    Steve W. Berman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri Corporation; and McKESSON CORPORATION, a Delaware Corporation,<br><br>Defendants. | Civil Action No. 1:05-CV-11148-PBS |

**PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER NO. 1**

IT IS HEREBY ORDERED as follows:

1. All parties shall make Rule 26 disclosures by March 1, 2006.

2. Fact discovery to be completed by August 17, 2006.

3. Plaintiffs' Expert Report due by August 17, 2006.

4. Defendants' Expert Report due by September 18, 2006.

5. Plaintiffs' Expert Reply due by October 2, 2006.

6. Plaintiffs' motion for class certification to be filed by June 1, 2006.

PROPOSED CASE MANAGEMENT ORDER NO. 1     - 1 -

001821-10 87257 V1

- 2 -

7. Defendants' opposition due June 15, 2006.

8. Plaintiffs' reply due June 29, 2006.

9. Class briefs shall be limited to 30 pages on opening, 30 in opposition, and 15 in reply. Appendices, including those referred to in expert reports shall be reasonable in size.

10. Trial: February _____, 2007.

_____
PATTI B. SARIS
United States District Judge

- 3 -

**CERTIFICATE OF SERVICE**

      I, Steve W. Berman, hereby certify that a true and correct copy of the above document was served on the attorney of record for each party via the Court's electronic filing system this 2nd day of February, 2006.

                                      /s/ Steve W. Berman
                                      Steve W. Berman