# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )
NEW ENGLAND CARPENTERS                )
HEALTH BENEFITS FUND; PIRELLI        )
ARMSTRONG RETIREE                         )
MEDICAL BENEFITS TRUST;                )
TEAMSTERS HEALTH & WELFARE         )
FUND OF PHILADELPHIA AND             )
VICINITY; and PHILADELPHIA            )
FEDERATION OF TEACHERS HEALTH   )
AND WELFARE FUND,                          )
                                                      )        Civil Action No. 1:05-CV-11148-PBS
                  Plaintiffs,                       )
                                                      )
v.                                                    )
                                                      )
FIRST DATABANK, INC., a Missouri      )
Corporation; and McKESSON               )
CORPORATION, a Delaware Corporation, )
                                                      )
                  Defendants                      )
_____)

## PLAINTIFFS' RULE 26 DISCLOSURE

Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure plaintiffs hereby

make the following initial disclosures.

The following disclosures are made based upon the current understanding of the facts in

this matter and the disclosures herein are based on information reasonably available to plaintiffs

as of this date.  Plaintiffs reserve the right to supplement, amend or modify these disclosures as

new information becomes available.

- 1 -

By making these disclosures, plaintiffs neither (1) represents that they have identified every document, tangible thing or witness possibly relevant to this lawsuit; (2) represents that disclosed witnesses necessarily have current knowledge of the identified areas of information; (3) waives its right to object to the production of any document, tangible thing, or any other information (including witness testimony) on the basis of any privilege, the work product doctrine, relevance, undue burden or any other valid objections; (4) nor concedes defendants are entitled to any of the documents, tangible things or individuals cited herein.

**A.     Individuals Now Known to be Likely to Have Information that Plaintiffs May Use to Support Their Claims or Defenses**

**1.     Plaintiffs**

As set forth below, plaintiffs' employees may be contacted only through plaintiffs' counsel of record.  The following table identifies codes used to designate the "Areas of Information" for each identified individual:

<u>Code</u>   <u>Category</u>

1.     Payments by Plaintiff

2.     Plaintiffs' Organizational Structure

| Name & Last Known Title | Last Known Address & Telephone Number | Area of Information |
|---|---|---|
| Plaintiff New England Carpenters Health Benefits Fund<br>    Employee<br>    1.   Jim Buckley | c/o Plaintiffs' Counsel | 1, 2 |
| Plaintiff Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust ("PMBT")<br>    Employee<br>    1.   Earl Wayne Seymour<br>    2.   John Johnson | c/o Plaintiffs' Counsel | 1, 2 |

- 2 -

| | | |
|---|---|---|
| Plaintiff Teamsters of Philadelphia Employee<br>   1. William Einhorn | c/o Plaintiffs' Counsel | 1, 2 |
| Plaintiff Philadelphia Federation of Teachers<br>   Employee<br>   1. Arthur Steinberg | c/o Plaintiffs' Counsel | 1, 2 |

**2.**  **Persons other than plaintiffs**

**Code**  **Category**

1.  Submission of WACs or AWPs to Publishers

2.  Communications with Publishers

| Name & Title | Address & Telephone Number | Area of Information |
|---|---|---|
| 3M Pharmaceuticals | 3M Corporate Headquarters<br>3M Center<br>St. Paul, MN  55144-1000<br>(888) 364-3577 | 1, 2 |
| AAI Pharma LLC | 2320 Scientific Park Dr.<br>Wilmington, NC  28405<br>(910) 254-7000 | 1, 2 |
| Abbott Laboratories | 100 Abbot Park Rd.<br>Abbot Park, IL  60064-6100<br>(847) 937-6100 | 1, 2 |
| Agouron Pharmaceuticals | 10350 N. Torrey Pines Rd., Ste 100<br>La Jolla, CA  92037-1018<br>(858) 622-3000 | 1, 2 |
| Amgen Inc. | One Amgen Center Dr.<br>Thousand Oaks, CA  91320-1799<br>(805) 447-1000 | 1, 2 |
| Amerisource Bergen Corporation | 1300 Morris Drive, Suite 100<br>Chesterbrook, PA  19087<br>(800) 829-3132 | 1, 2 |

- 3 -

| | | |
|---|---|---|
| Axcan Scandipharm Inc. | 22 Inverness Center Parkway<br>Birmingham, AL 35242<br>(205) 991-8085 | 1, 2 |
| Astra USA, Inc. | 1800 Concord Pike<br>Wilmington, DE 19850-5437<br>(302) 886-3000 | 1, 2 |
| AstraZeneca Pharmaceuticals LP | 1800 Concord Pike<br>Wilmington, DE 19850-5437<br>(302) 886-3000 | 1, 2 |
| Aventis Pharmaceuticals Inc. | 300 Somerset Corporate Boulevard<br>Bridgewater, NJ 08807<br>(908) 231-4000 | 1, 2 |
| Bayer Corporation | 100 Bayer Road<br>Pittsburgh, PA 15205-9741<br>(412) 777-2000 | 1, 2 |
| Berlex Inc. | 340 Changebridge Rd.<br>PO Box 1000<br>Montville, NJ 07045-1000<br>(973) 487-2000 | 1, 2 |
| Bertek Pharmaceuticals Inc. | 3711 Collins Ferry Rd.<br>Morgantown, WV 26505<br>(304) 285-6420 | 1, 2 |
| Biogen IDEC MA Inc. | 14 Cambridge Center<br>Cambridge, MA 02142<br>(617) 679-2000 | 1, 2 |
| Biovail Pharmaceuticals Inc. | 700 Route 202/206<br>N. Bridgewater, NJ 08807<br>(908) 927-1400 | 1, 2 |
| Boehringer Ingelheim Pharmaceuticals Inc. | 900 Ridgebury Rd.<br>P.O. Box 368<br>Ridgefield, CT 06877<br>(203) 798-9988 | 1, 2 |

001821-13 98851 V1

| Bristol-Myers Squibb Company | 345 Park Avenue<br>New York, NY  10154-0037<br>(212) 546-4000 | 1, 2 |
|---|---|---|
| Cardinal Health, Inc. | 7000 Cardinal Place<br>Dublin, OH  43017<br>(614) 757-5000 | 1, 2 |
| CVS Corp. | One CVS Drive<br>Woonsocket, RI  02895<br>(401) 765-1500 | 1, 2 |
| Dey LP | 2751 Napa Valley Corporate Dr.<br>Napa, CA  94558<br>(707) 224-3200 | 1, 2 |
| Eckerd | 50 Service Avenue<br>Warwick, RI  02886<br>(401) 825-3900 | 1, 2 |
| Eli Lilly & Co. | Lilly Corporate Center<br>Indianapolis, IN  46285<br>(317) 276-2000 | 1, 2 |
| Ferndale Laboratories Inc. | 780 W. Eight Mile Rd.<br>Ferndale, MI  48220<br>(248) 548-0900 | 1, 2 |
| First Horizon Pharmaceutical Corp. | 6195 Shiloh Rd.<br>Alpharetta, GA 30005<br>(770) 442-9707 | 1, 2 |
| Forest Pharmaceuticals Inc. | 13600 Shoreline Dr.<br>St. Louis, MO  63045<br>(314) 493-7000 | 1, 2 |
| Genentech Inc. | 1 DNA Way<br>South San Francisco, CA  94080-4990<br>(650) 225-1000 | 1, 2 |
| Gilead Sciences Inc. | 333 Lakeside Dr.<br>Foster City, CA  94404<br>(650) 574-3000 | 1, 2 |

- 5 -

| | | |
|---|---|---|
| Glaxo Wellcome – Division of SmithKline Beecham Corp. | GlaxoSmithKline<br>One Franklin Plaza<br>P.O. Box 7929<br>Philadelphia, PA 19101<br>(888) 825-5249 | 1, 2 |
| Hawthorn Pharmaceuticals | P.O. Box 2248<br>Madison, MS  39130<br>(888) 455-5253 | 1, 2 |
| HealthCard Purchasing Partners International, LLC | 125 E. John Carpenter Freeway<br>Irving, TX  75062-2324<br>(888) 538-4662 | 1, 2 |
| Hoechst Roussell Pharmaceuticals | P.O. Box 2500, Route 202/206<br>Somerville, NJ  08876-1258<br>(800) 422-4779 | 1, 2 |
| Hoffman La Roche Inc. | 340 Kingsland St.<br>Nutley, NJ  07110<br>(973) 235-5000 | 1, 2 |
| Hollister Stier Laboratories LLC | 3525 N. Regal<br>Spokane, WA  99207<br>(509) 489-5656 | 1, 2 |
| Hospira Inc. | 275 N. Field Dr.<br>Lake Forest, IL  60045<br>(224) 212-2000 | 1, 2 |
| Johnson & Johnson Group | One Johnson & Johnson Plaza<br>New Brunswick, NJ  08901<br>(732) 524-0400 | 1, 2 |
| KOS Pharmaceuticals Inc. | 1 Cedar Brook Dr.<br>Cranbury, NJ  08512-3618<br>(609) 495-0500 | 1, 2 |
| McKesson Corporation | One Post Street<br>San Francisco, CA  94104-5296<br>(415) 983-8300 | 1, 2 |
| MCR American Pharmaceuticals Inc. | 16255 Aviation Loop<br>Brooksville, FL  34604<br>(352) 754-8587 | 1, 2 |

001821-13  98851 V1

| | | |
|---|---|---|
| Medicis Dermatologics Inc. | 8125 N. Hayden Rd.<br>Scottsdale, AZ  85258<br>(602) 808-8800 | 1, 2 |
| Merck & Co. Inc. | One Merck Dr.<br>P.O. Box 100<br>Whitehouse Station, NJ  08889-0100<br>(908) 423-1000 | 1, 2 |
| Merrell Pharmaceuticals Inc. | | 1, 2 |
| Monarch Pharmaceuticals Inc. | 501 5th St.<br>Bristol, TN  37620<br>(800) 776-3637 | 1, 2 |
| Novartis Pharmaceuticals Corp. | One Health Plaza<br>East Hanover, NJ  07936-1080<br>(888) 669-6682 | 1, 2 |
| Novo Nordisk Pharmaceutical Industries Inc. | 100 College Rd. West<br>Princeton, NJ  08540 | 1, 2 |
| Odyssey Pharmaceuticals Inc. | 200 Park Ave.<br>Florham Park, NJ  07932<br>(877) 427-9068 | 1, 2 |
| Organon USA Inc. | 56 Livingston Ave.<br>Roseland, NJ  07068<br>(973) 325-4500 | 1, 2 |
| Ovation Pharmaceuticals Inc. | 4 Parkway North<br>Deerfield, IL  60015<br>(847) 282-1000 | 1, 2 |
| Pan American Laboratories Inc. | Pamlab, LLC<br>4099 Highway 190<br>Covington, LA  70433<br>(985) 893-4097 | 1, 2 |
| Pediamed TM Pharmaceuticals Inc. | 782 Springdale Dr., Ste 120<br>Exton, PA  19341 | 1, 2 |
| Pfizer Inc. | 235 East 42nd Street<br>New York, NY  10017<br>(212) 733-2323 | 1, 2 |

- 7 -

| | | |
|---|---|---|
| Procter & Gamble Pharmaceuticals Inc. | 17 Eaton Ave.<br>Norwich, NY  13815<br>(800) 448-4878 | 1, 2 |
| Prometheus Laboratories Inc. | 9410 Carroll Park Dr.<br>San Diego, CA  92121<br>(888) 423-5227 | 1, 2 |
| Purdue Pharmaceutical Products LP | 100 Connecticut Ave.<br>Norwalk, CT  06856<br>(203) 588-8000 | 1, 2 |
| Reckitt Benckiser Healthcare UK Limited | Dansom Lane<br>Hull<br>East Yorkshire<br>HU8 7DS, UK<br>01482 326151 | 1, 2 |
| Reliant Pharmaceuticals Inc. | 110 Allen Rd.<br>Liberty Corner, NJ  07938<br>(908) 580-1200 | 1, 2 |
| Rite-Aid | 30 Hunter Lane<br>Camp Hill, PA  17011<br>(717) 761-2633 | 1, 2 |
| Roxane Laboratories Inc. | 900 Ridgebury Rd.<br>P.O. Box 1088<br>Ridgefield, CT  06877<br>(800) 520-1631 | 1, 2 |
| Sanofi Synthelabo Inc. | 300 Somerset Corporate Bldg.<br>Bridgewater, NJ  08807-2854<br>(800) 981-2491 | 1, 2 |
| Schering-Plough Corporation | 2000 Galloping Hill Road<br>Kenilworth, NJ  07033-0530<br>(908) 298-4000 | 1, 2 |
| SmithKline Beecham Corporation, d/b/a/ GlaxoSmithKline | One Franklin Plaza<br>Philadelphia, PA  19105 | 1, 2 |

| Takeda Pharmaceuticals North America Inc. | 475 Half Day Rd.<br>Lincolnshire, IL  60069<br>(847) 383-3000 | 1, 2 |
|---|---|---|
| TAP Pharmaceutical Products, Inc. | 675 North Field Drive<br>Lake Forest, IL  60045<br>(847) 582-2000 | 1, 2 |
| US Pharmaceutical Corp. | 2104-C Mellon Ct.<br>Decatur, GA  30035 | 1, 2 |
| Voluntary Hosps America Inc. | 220 E. Las Colinas<br>Irving, TX 75014-0909<br>(972) 830-0000 | 1, 2 |
| Walgreens | 200 Wilmot Road<br>Deerfield, IL  60015<br>(847) 914-2500 | 1, 2 |
| Wal-Mart Stores, Inc. | 702 SW Eighth Street<br>Bentonville, AR  72716<br>(479) 273-4000 | 1, 2 |
| Warner Chilcott Inc. | Rockaway 80 Corporate Center<br>100 Enterprise Dr., Ste 280<br>Rockaway, NJ  07866<br>(973) 442-3200 | 1, 2 |
| Watson Laboratories Inc. | 311 Bonnie Circle<br>Corona, CA  92880<br>(951) 493-5300 | 1, 2 |
| Westwood Squibb Pharmaceuticals Inc. | 100 Forest Ave.<br>Buffalo, NY  14213<br>(716) 887-3400 | 1, 2 |
| Women First Healthcare Inc. | 12220 El Camino Real, Ste 400<br>San Diego, CA  92130<br>(858) 509-1171 | 1, 2 |
| Wyeth Inc. | Five Giralda Farms<br>Madison, NJ  07940<br>(973) 660-5000 | 1, 2 |

001821-13  98851 V1

| Wyeth Pharmaceuticals Inc. | 500 Arcola Road<br>Collegeville, PA  19426<br>(610) 902-1200 | 1, 2 |
| --- | --- | --- |
| Xcel Pharmaceuticals | Valeant Plaza<br>3300 Hyland Ave.<br>Costa Mesa, CA  92626<br>(800) 548-5100 | 1, 2 |
| Zyber Pharmaceuticals Inc. | P.O. Box 40<br>Gonzales, LA  70707-0040<br>(800) 793-2145 | 1, 2 |
| Zeneca Inc. | 1800 Concord Pike<br>Wilmington, DE  19850-5437<br>(302) 886-3000 | 1, 2 |
| ZLB Behring LLC | 1020 First Avenue<br>P.O. Box 61501<br>King of Prussia, PA  19406-0901<br>(610) 878-4000 | 1, 2 |

**B.    Documents, Data Compilations, and Tangible Things That Are in Plaintiffs'
Possession, Custody, or Control that Plaintiffs May Use to Support Its Claims or
Defenses**

| Category of documents, data compilations, tangible things ("Documents") | Location of Information |
| --- | --- |
| Databases of AWP and WACs | Plaintiffs' Counsel |
| McKesson's Annual Reports and other public reports | McKesson |
| Documents produced in the AWP litigation by McKesson, First Data, Cardinal, Amerisource, Medispan | Plaintiffs' Counsel |
| Deposition testimony of FDB, McKesson employees | Plaintiffs' Counsel |
| Documents relied upon by Dr. Hartman in the AWP litigation | Plaintiffs' Counsel |
| Information on McKesson's website | McKesson |
| The Novartis declarations referred to in ¶ 132 of the FAC | Novartis and Plaintiffs' Counsel |
| The documents referenced in ¶¶ 130, 133 of the FAC | Plaintiffs' Counsel |
| Marketing materials about First Data's services, which | First Data |

- 10 -

| First Data sent to health care providers located across the country | |
|---|---|
| Written representations and telephone calls between McKesson and First Data regarding markups and AWPs, which occurred on a regular basis each year | First Data/McKesson |
| E-mails between McKesson and First Data agreeing to or effectuating the implementation of the Scheme | McKesson/First Data |
| Depositions in AWP MDL case of First Data, McKesson and Cardinal employees | Plaintiffs' Counsel |
| Transactional Data regarding plaintiffs' payment for subject drugs | Plaintiffs' Counsel |
| Teamsters of Phildadelphia's Document Production | *In re Average Wholesale Pricing Litigation*, MDL No. 1456 (D. Mass.) |
| Deposition of William Einhorn taken on February 25, 2004 | *In re Average Wholesale Pricing Litigation*, MDL No. 1456 (D. Mass.) |
| PMBT's Trust documents | Plaintiffs' Counsel |
| Full and Summary Plan Descriptions | Plaintiffs' Counsel |
| Amendments to the Plan documents | Plaintiffs' Counsel |
| Contracts with Pharmacy Benefit Management organizations | Plaintiffs' Counsel |
| Correspondence between PMBT and Pharmacy Benefit Management organizations | Plaintiffs' Counsel |
| Claims and usage Data, and supporting documentation | Plaintiffs' Counsel |

## C.    Computation of Damages

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), plaintiffs seek compensatory and punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, expert witness fees and other costs, and any other further relief as the Court deems just and proper, including any extraordinary, equitable and/or injunctive relief as permitted by law or equity to attack, impound or otherwise restrict defendants' assets to assure that plaintiffs have an effective remedy.

Plaintiffs cannot yet provide a calculation of the total amount of damages to be claimed by the proposed Class because no Class has yet been certified, nor have plaintiffs retained an expert to testify as to the damages sustained by the Class.  Plaintiffs therefore have not yet computed the total amount of damages to be claimed in this action.  Plaintiffs will disclose their expert damage analysis within the time required by Fed. R. Civ. P. 26(a)(2) and supplement these disclosures at the time and in the manner required by Fed. R. Civ. P. 26(e) or at such other time as may be established by the Court.

**D.     Insurance Agreements**

N/A

DATED:  March 15, 2006

By___/s/ Steve W. Berman_____
  Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone:  (615) 244-2202
Facsimile:  (615) 252-3798

001821-13  98851 V1

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2006, a true and correct copy of the above document was served upon the following attorneys of record via e-mail:

| | |
|---|---|
| George E. Barrett<br>Gerald E. Martin<br>Timothy L. Miles<br>Edmund L. Carey<br>Barrett, Johnston & Parsley<br>217 Second Avenue North<br>Nashville, TN 37201<br>gbarrett@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br>tcarey@barrettjohnston.com<br><br>*Attorneys for Plaintiffs* | Jeffrey L. Kodroff<br>John Macoretta<br>Spector, Roseman & Kodroff, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Attorneys for Plaintiffs* |
| Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>The Wexler Firm LLC<br>One N. LaSalle Street, Suite 2000<br>Chicago, IL 60602<br>kawexler@wexlerfirm.com<br>jfconnolly@wexlerfirm.com<br><br>*Attorneys for Plaintiffs* | Thomas M. Sobol<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA 02142<br>Tom@hbsslaw.com<br><br>*Attorneys for Plaintiffs* |
| Elizabeth Fegan<br>Hagens Berman Sobol Shapiro LLP<br>60 W. Randolph Street, Suite 200<br>Chicago, IL 60601<br>beth@hbsslaw.com<br><br>*Attorneys for Plaintiffs* | Marc H. Edelson<br>Allan Hoffman<br>Hoffman & Edelson<br>45 West Court Street<br>Doylestown, PA 18901<br>medelson@hofedlaw.com<br><br>*Attorneys for Plaintiffs* |

- 14 -

| Michael P. Twohig | Lori A. Schechter |
|---|---|
| Joan M. Griffin | Melvin R. Goldman |
| Burns & Levinson LLP | Tiffany Cheung |
| One Beacon Street | Morrison & Foerster |
| 30th Floor | 425 Market Street |
| Boston, MA 02108-3106 | San Francisco, CA 94105-2482 |
| jgriffin@pscboston.com | 415-268-7000 |
| mtwohig@burnslev.com | Fax: 415-268-7522 |
| | lschechter@mofo.com |
| *Attorneys for Defendants* | MGoldman@mofo.com |
| | tcheung@mofo.com |
| | |
| | *Attorneys for Defendants* |

By ___/s/ Steve W. Berman___

- 15 -

# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri Corporation; and McKESSON CORPORATION, a Delaware Corporation,<br><br>Defendants. | Civil Action No. 1:05-CV-11148-PBS |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO MCKESSON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS TO DEFINITIONS

Plaintiffs object to the definition of "Funds" or "Fund" as overbroad and requiring the production of documents from persons not within their control.

001821-11 99274 V1

## OBJECTIONS TO INSTRUCTIONS

Plaintiffs object to the time frame as overbroad.  This case arises from a price manipulation that occurred in 2000 and 2001.  The documents requested from 1991 forward are thus overbroad and unduly burdensome.

Plaintiffs do not object to instructions 6-14 so long as they are mutual instructions binding both parties.

## RESPONSES

1.      All documents concerning the MDL Litigation, including, without limitation, all documents produced pursuant to discovery requests, deposition transcripts, deposition videos, deposition exhibits, non-public pleadings, and transcripts of hearings before a Judge or Magistrate.

RESPONSE:  Plaintiffs object based on:  relevancy, time frame and overbreadth. The MDL action covers 15 years, this case 5.  The MDL action covers some drugs not at issue in this case and issues not at issue in this case.  Plaintiffs can and will produce a subject of relevant material:  depositions and documents from FDB, McKesson, other wholesalers, and any other relevant categories identified by McKesson.

2.      All indexes that tabulate or list all or any part of the items listed in Request No. 1.

RESPONSE:  No meaningful "index" exists to the productions.  What indexes do exist are of materials not relevant.

3.      All communications between or among counsel regarding discovery in the MDL Litigation.

RESPONSE:  Plaintiffs object based on:  relevancy, time frame and overbreadth. The MDL action covers 15 years, this case 5.  The MDL action covers some drugs not at issue in

- 2 -

this case and issues not at issue in this case. Plaintiffs can and will produce a subject of relevant material: depositions and documents from FDB, McKesson, other wholesalers, and any other relevant categories identified by McKesson.

4.    All documents concerning the billing for and payment for drugs referred to in paragraphs 19, 20, 21, and 22 of the Complaint.

RESPONSE:  During the relevant time frame 1999-present responsive documents will be produced.

5.    All documents concerning each Plaintiff's reimbursement for Subject Drugs "on the basis of the published AWPs (minus a fixed percentage)" where the AWPs are published by First DataBank, referred to in paragraphs 19, 20, 21, and 22 of the Complaint.

RESPONSE:  During the relevant time frame 1999-present responsive documents will be produced.

6.    All contracts between each plaintiff and any PBM concerning administration of plaintiff's drug program for its members, including all contracts between PMBT and ACS/Caremark or any other PBM, referred to in Paragraph 20 of the Complaint.

RESPONSE:  During the relevant time frame 1999-present responsive documents will be produced.

7.    For the period beginning January 1, 1991, all documents that refer to a manufacturer (or division thereof) as a "20% markup" company or a "25% markup" company as described in Paragraph 39 of the Complaint.

RESPONSE:  Plaintiffs object as to the time period.  Plaintiffs will produce any documents identified in the Complaint but otherwise object to the burden of searching through all MDL documents for such references.

- 3 -

8.     All documents concerning brand name drug reimbursement for retail pharmacy ingredient costs contained in "contracts between PBMs and plan sponsors, and PBMs [and] pharmacies" referred to in Paragraph 57 of the Complaint.

RESPONSE:  Plaintiffs will produce documents in their possession for the period 2000 to the present.

9.     All documents containing data from First DataBank or any other publisher concerning the Subject Drugs, AWP or manufacturers' suggested prices.

RESPONSE:  Plaintiffs object to the breadth of this request and object to McKesson's attempt to impose the burden on plaintiffs.  McKesson can obtain these documents from the publisher.

10.     Each of the "thousands of pharmaceutical contracts ... based on AWP minus a specified discount" referred to in Paragraph 63 of the Complaint.

RESPONSE:  Plaintiffs will produce contracts during the relevant time period.

11.     For the period beginning January 1, 1991, all documents concerning the accuracy of published AWPs.

RESPONSE:  Plaintiffs object on the grounds of vagueness, overbreadth, time frame and relevancy.

12.     For the period beginning January 1, 1991, all documents concerning the publication of AWPs by Red Book, Blue Book, Medi-Span, or any other publisher (other than First DataBank).

RESPONSE:  Plaintiffs object on the grounds of vagueness, overbreadth, time frame and relevancy.

- 4 -

13.    All documents concerning the merger of First DataBank and Medi-Span referred to in the Complaint.

RESPONSE:  These documents are in the possession of McKesson and a search by plaintiffs would be burdensome.

14.    All documents concerning any representation or other statement by First DataBank concerning its business, including its publication of AWPs, information contained in its field information, how it derive information for its database, how it determined markups, its research of wholesalers, and its conduct of surveys.

RESPONSE:  Responsive documents are available from First Data.  Plaintiffs will replicate portions of the First Data production in the MDL Litigation that plaintiffs selected. Plaintiffs object to any burden beyond this.

15.    All documents from which the charts and graphics in Paragraphs 119, 120, 121, and 126 of the Complaint were prepared.

RESPONSE:  Responsive documents will be produced.

16.    For the period beginning January 1, 1991, all documents concerning complaints or other reactions by manufacturers to increases in AWPs published by First DataBank.

RESPONSE:  Documents referred to in the Complaint will be produced.

17.    All documents concerning any potential, prospective, or actual settlement between any Plaintiffs and First DataBank, including all communications between Plaintiffs' counsel and First DataBank or its counsel.

RESPONSE:  Plaintiffs object on the grounds of work product, privilege, and relevancy.

- 5 -

18.    All documents upon which your expert relied for each affidavit or declaration used to support certification of a class or classes in the MDL Litigation.

RESPONSE:  Plaintiffs object on the grounds of relevancy, time frame and protective order issues.

19.    All documents concerning proposed or actual changes made or to be made in reimbursement rates to retail pharmacies for any Subject Drugs, including when the AWP for such drugs was increased in First DataBank's publication.

RESPONSE:  Plaintiffs object on the grounds that Request No. 19 is unintelligible as written.

20.    All documents concerning reimbursement of Plaintiffs by third parties for prescription drug expenditures made on behalf of Participants or Beneficiaries.

RESPONSE:  Plaintiffs object on the grounds of time period, relevancy, overbreadth and vagueness.

21.    All documents concerning the Medicare Modernization Act of 2003, or any like proposed federal legislation.

RESPONSE:  Plaintiffs object on the grounds of relevancy, burden and overbreadth.

22.    All documents concerning discontinuation of AWP as a basis or means for reimbursement.

RESPONSE:  Plaintiffs object on the grounds of relevancy and burden.

23.    All documents concerning damages you claim were sustained by You because of the alleged "5% scheme."

- 6 -

RESPONSE: Plaintiffs object as to the timeliness of this Request. Damages will be the subject of the expert testimony. Plaintiffs will produce transactional information on the drugs in question.

24.    All documents comparing AWPs published by First DataBank with AWPs published by other Publishers.

RESPONSE: Plaintiffs are unaware of such documents.

25.    All documents comparing AWPs published by First DataBank to manufacturer suggested wholesale prices.

RESPONSE: Plaintiffs are unaware of such documents.

26.    All documents concerning price offsets, discounts, rebates, or off-invoice incentive payments made by drug manufacturers to PBMs.

RESPONSE: Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.

27.    For the period beginning January 1, 1991, all documents that describe the hospital, medical, or prescription drug benefits that You offer to Participants or Beneficiaries, including, without limitation, plan documents, summary plan descriptions, adoption agreements, and/or all amendments thereto, summaries of material modifications, riders, addenda, and co-payment schedules.

RESPONSE: Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.

28.    For the period beginning January 1, 1991, all documents concerning consideration of potential changes to hospital, medical, or prescription drug benefits offered to Your Participants or Beneficiaries.

- 7 -

RESPONSE: Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.

29.    For the period beginning January 1, 1991, all minutes or other summaries of any meetings or conferences held by You, Your trustees, management or directors or Your Pharmaceutical and Therapeutic Committee concerning drug benefits under either hospital/medical or prescription drug coverage You provide Beneficiaries or Participants.

RESPONSE: Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.

30.    For the period beginning January 1, 1991, all documents concerning Your contractual relationships with Third Party Administrators, PBMs, Mail Order Pharmacies, Benefit Consultants, Auditors, Wholesalers, Manufacturers, Independent Practice Associations or Providers, including, without limitation, master agreements, addenda, schedules, attachments, requests for proposal, responses to requests for proposal, correspondence, all contracts between You and PBMs Caremark, Medco, Express Scripts, and Advance PCS.

RESPONSE: Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.

31.    For the period beginning January 1, 1991, all documents concerning the actual or potential negotiation, renewal or replacement of contractual relationships with Third Party Administrators, PBMs, Mail Order Pharmacies, Benefit Consultants, Auditors, Manufacturers or Providers, including documents sufficient to identify all persons involved in such negotiation.

RESPONSE: Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.

- 8 -

32.    For the period beginning January 1, 1991, all documents concerning AWPs for drugs, including without limitation, all documents concerning the accuracy of published AWPs.

RESPONSE:  Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.

33.    For the period beginning January 1, 1991, all documents concerning any definition or meaning of AWP or its use in the pharmaceutical marketplace.

RESPONSE:  Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.

34.    For the period beginning January 1, 1991, all documents concerning AWP, AMP, WAC, ASP or any other drug pricing or reimbursement information, including without limitation, documents concerning the WAC-AWP markup.

RESPONSE:  Plaintiffs object on the grounds of time frame, relevancy, overbreadth and burdensome.  Subject to the foregoing objections, plaintiffs will produce materials used in drafting the complaint.

35.    For the period beginning January 1, 1991, all documents concerning Your decision to rely on, reliance on, or use of drug pricing information published by any Publisher.

RESPONSE:  Plaintiffs object to the time frame.  During the relevant period responsive documents will be produced that are in the possession of plaintiffs.

36.    For the period beginning January 1, 1991, all documents created by or received from any Publisher, including but not limited to drug pricing information, and communications, memoranda, contracts or agreements between You and any Publisher.

RESPONSE:  Plaintiffs object to the time frame.  Subject to that objection, responsive documents in the possession of plaintiffs will be produced.

- 9 -

37.     For the period beginning January 1, 1991, all documents provided to, created by or received from CMS, United States Department of Health and Human Services, the Health and Human Services Office of the Inspector General, the General Accounting Office, Congress, or any other federal institution, agency, department, or office regarding the pricing of prescription drugs.

        RESPONSE: Plaintiffs object to the time frame and relevancy of this Request. Further, these reports are available to McKesson.

38.     For the period beginning January 1, 1991, all documents concerning any internal or external, formal or informal, assessments, studies, analyses, reviews, or audits regarding drug pricing or reimbursement amounts.

        RESPONSE: Plaintiffs object to the time frame and relevancy of this Request.

39.     For the period beginning January 1, 1991, all documents concerning the price of or reimbursement rate for any Subject Drug.

        RESPONSE: Plaintiffs object to the time frame and relevancy of this Request.

40.     For the period beginning January 1, 1991, all communications between You and any Third Party Administrator, Pharmaceutical Benefit Manager, Benefit Consultant, Auditor, Retailer, Mail Order Pharmacy, Independent Practice Association, Manufacturer, and/or Provider concerning Subject Drugs, including without limitation, communications concerning WAC-AWP spreads or ASP to AWP spreads.

        RESPONSE: Plaintiffs object to the time frame and relevancy of this Request.

41.     For the period beginning January 1, 1991, all documents concerning any Participant's or Beneficiary's payment for Subject Drugs, including, without limitation, any

- 10 -

co-payments made by any Participant or Beneficiary, and any alleged damages arising from such purchases.

RESPONSE:  Plaintiffs object to the time frame and relevancy of this Request.

42.    For the period beginning January 1, 1991, all documents concerning any requests by You for information concerning the pricing or reimbursement for Subject Drugs.

RESPONSE:  Plaintiffs object to the time frame and relevancy of this Request.

43.    All documents concerning any relationships with insurers insofar as they cover Subject Drugs, including, without limitation, base medical contracts, contracts for facilities or contracts with Providers.

RESPONSE:  Plaintiffs object to the time frame and relevancy of this Request.

44.    All documents concerning any subrogation rights that You may have relating to damages incurred by any of Your Participants or Beneficiaries.

RESPONSE:  Plaintiffs object to time frame and relevancy of this request.

45.    Your annual reports, state and federal tax filings, documents filed with federal or state agencies, articles of incorporation, by-laws, and charters.

RESPONSE:  Object on the grounds of relevancy, time frame and overbreadth.

46.    Documents sufficient to identify all of your employees and to show Your organizational structure during the time period for which You claim damages in the Complaint.

RESPONSE:  Responsive documents will be produced during the relevant time period.

47.    All communications with witnesses or potential witnesses in connection with this case, including, without limitation, expert witnesses and fact witnesses.

RESPONSE:  Plaintiffs object on the grounds of work product, time frame and relevancy.

48.    All documents that support any claim asserted in the Complaint, as well as any other documents that You plan to offer in evidence in this case, to the extent not otherwise produced.

RESPONSE:  Plaintiffs object to this request as it is impossible at this stage to produce all documents plaintiffs intend to introduce into evidence.  Plaintiffs will produce documents used in preparing the complaint.

49.    All documents concerning the computation of damages for the claims set forth in the Complaint.

RESPONSE:  Plaintiffs object on the grounds that this Request is repetitive and premature.

50.    All documents concerning any alleged misrepresentation or omission by any of the Defendants.

RESPONSE:  Plaintiffs will produce responsive documents.

51.    All agreements, understandings, and fee or cost arrangements with Your counsel and/or with any other plaintiff or third party concerning this case.

RESPONSE:  Plaintiffs object on the grounds of relevancy and privilege.

52.    All documents concerning communications to First DataBank or any Publisher regarding AWP, the WAC-AWP spread, the impact of changes in the WAC-AWP spread on WAC, or the impact of changes in the WAC-AWP spread on manufacturer or wholesaler discount schedules.

- 12 -

RESPONSE: Plaintiffs object to Request Nos. 52-56 and 58 on the grounds they have been the subject of previous requests.

53.     All documents from manufacturers concerning the WAC-AWP spread, the impact of changes in the WAC-AWP spread on WAC, or the impact of changes in the WAC-AWP spread on manufacturer or wholesaler discount schedules.

RESPONSE: Plaintiffs object to Request Nos. 52-56 and 58 on the grounds they have been the subject of numerous previous requests.

54.     All documents concerning First DataBank or its pricing or publication services.

RESPONSE: Plaintiffs object to Request Nos. 52-56 and 58 on the grounds they have been the subject of numerous previous requests.

55.     All documents concerning the impacts of higher or lower WAC-AWP spreads on pharmacy reimbursement.

RESPONSE: Plaintiffs object to Request Nos. 52-56 and 58 on the grounds they have been the subject of numerous previous requests.

56.     All documents concerning whether increasing or decreasing the WAC-AWP spread would affect retail pharmacies.

RESPONSE: Plaintiffs object to 52-56, 58 on the grounds they have been the subject of numerous previous requests and are overbroad.

57.     All documents concerning AWP, including but not limited to: (i) documents concerning Your use of AWP as a pricing term or pricing benchmark in any of Your contracts; (ii) documents discussing how You or others define AWP; (iii) documents discussing how AWP has been, or is currently, calculated; (iv) documents identifying the source that You use for

- 13 -

determining AWPs; (v) all communications between you and a plaintiff concerning AWP; and (vii) all communications between You and a PBM concerning AWP.

RESPONSE: Plaintiffs object to this Request on the grounds of time frame. Subject to that objection plaintiffs will produce relevant documents in their possession as opposed to that of MDL counsel.

58.    All documents concerning any pricing survey conducted by any Publication.

RESPONSE: Plaintiffs object to Request Nos. 52-56 and 58 on the grounds they have been called for numerous times in previous requests. Plaintiffs will produce responsive documents.

59.    All documents concerning each Plaintiff's pricing database, the database itself, and any codes to that database.

RESPONSE: Plaintiffs object to this Request on the grounds it is unintelligible.

60.    Documents reflecting ay communications with any trade group, lobbying organization, or trade association, regarding AWPs, the spread between AWP and WAC, and profit margins of pharmacies.

RESPONSE: Plaintiffs object to the Request on the grounds of relevancy.

61.    All documents produced by You, whether voluntarily or involuntarily, in any Governmental Investigation or inquiry concerning the use of AWP.

RESPONSE: Plaintiffs object as to time frame but believes that no responsive documents have been produced.

62.    All documents concerning any legal proceeding (by country, court, caption, case number, etc.) including, but not limited to, court hearings, legislative hearings, mediations or arbitrations, in which You were a party, regarding the use of AWP.

- 14 -

RESPONSE:  Plaintiffs object to this as overbroad, it would call for the entire MDL file.

63.    All affidavits, declarations, depositions, or other written statements, including drafts, provided by you regarding the use of AWP.

RESPONSE:  Plaintiffs will produce such documents.

64.    All current and historical organizations charts for all of Your departments.

RESPONSE:  This is identical to Request No. 46 and is thus harassing.

65.    All documents sufficient to identify Your policy or practice of document retention, disposal, or preservation for each year during the Relevant Time Period.

RESPONSE:  Responsive documents will be produced.

DATED:  April 10, 2006            By _____

                                         Thomas M. Sobol (BBO#471770)
                                         Hagens Berman Sobol Shapiro LLP
                                         One Main Street, 4th Floor
                                         Cambridge, MA  02142
                                         Telephone: (617) 482-3700
                                         Facsimile: (617) 482-3003

                                         Steve W. Berman
                                         Sean R. Matt
                                         Hagens Berman Sobol Shapiro LLP
                                         1301 Fifth Avenue, Suite 2900
                                         Seattle, WA  98101
                                         Telephone: (206) 623-7292
                                         Facsimile: (206) 623-0594

                                         Elizabeth Fegan
                                         Hagens Berman Sobol Shapiro LLP
                                         60 W. Randolph Street, Suite 200
                                         Chicago, IL  60601
                                         Telephone: (312) 762-9235
                                         Facsimile: (312) 762-9286

- 15 -

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 16 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2006, a true copy of the above-referenced document was served upon the attorney of record listed below by email and UPS Next Day Air.

Lori A. Schechter
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: lschechter@mofo.com

*Counsel for McKesson Corporation*

_____
Steve W. Berman

001821-11 99274 V1

# Exhibit 4

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 11, 2006

Writer's Direct Contact
415/268-6848
TCheung@mofo.com

By E-Mail and U.S. Mail

Steve W. Berman
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:    *New England Carpenters Health Benefit Fund, et al. v. First DataBank, et al.,*
       No. 1:05-CV-11148-PBS

Dear Steve:

We are writing to schedule a discovery conference pursuant to Local Rule 37-1 with respect
to plaintiffs' responses to McKesson's First Request for Production of Documents. We take
exception to plaintiffs' objections to and/or unilateral limitations of the following requests:
Request Nos. 1, 4, 5, 6, 7, 8, 9, 10, 12, 14, 16, 17, 18, 19, 20, 22, 23, 26, 27, 28, 29, 30, 31,
32, 33, 34, 35, 36, 38, 39, 40, 41, 43, 45, 46, 48, 49, 51, 52, 53, 54, 55, 56, 57, 60, 62, and
64. We hope to resolve our disputes informally so that discovery may proceed expeditiously.

### A. Documents Concerning the MDL litigation (Nos. 1 and 18)

Request No. 1 seeks all documents concerning the MDL Litigation, including all documents
produced pursuant to discovery requests, deposition transcripts and exhibits, non-public
pleadings, and hearing transcripts. Plaintiffs assert objections based on "relevancy, time
frame and overbreadth." There is no basis for any of these objections.

To be discoverable, a request need not seek documents that are necessarily "relevant," but
need only seek documents reasonably calculated to lead to the discovery of admissible
evidence. Plaintiffs here purport to represent a class of Third Party Payors and consumers
that overlaps with the MDL and have alleged the same type of RICO and state claims
involving an overlapping list of subject drugs. Indeed, plaintiffs have represented in their
initial disclosures that they intend to use portions of the MDL record to support their claims
in this case. McKesson is not required to accept plaintiffs' determination regarding what
portions of the MDL record may be probative of the claims or defenses in this case. In light
of plaintiffs' concession that at least portions of the MDL record support their claims in this

sf-2123488

**MORRISON | FOERSTER**

Steve W. Berman
May 11, 2006
Page Two

action, the entire MDL record is reasonably calculated to lead to the discovery of admissible evidence and therefore is discoverable.

Additionally, plaintiffs' "time frame" and "overbreadth" objections are unfounded. Plaintiffs concede that documents from the time period of 1998 to the present are discoverable as plaintiffs have requested documents covering this time period in their requests to McKesson. Plaintiffs do not and cannot claim that it would be unduly burdensome to produce the entire MDL record to McKesson. To the contrary, the least burdensome approach would be for plaintiffs to produce the entire record rather than conducting an extensive review to identify discoverable documents from only a limited time period. Thus, the entire MDL record should be produced.

From past correspondence with plaintiffs, we recognize that the MDL action has generated a voluminous record. To assist plaintiffs with prioritizing the materials to be produced from this record, McKesson identifies the following categories of documents that should begin this production: (1) all briefs and supporting papers submitted to the court with respect to class briefing in the MDL; (2) the expert reports and expert depositions regarding certification issues in the MDL; (3) the documents and deposition transcripts relied upon by the experts who offered opinions on class issues in the MDL; (4) all briefs and supporting papers submitted to the court related to any summary judgment filing in the MDL; (5) all expert reports, declarations, and depositions related to liability and damages issues; and (6) all deposition transcripts and exhibits. Please confirm that plaintiffs will produce these documents expeditiously.

Request No. 18 requests a subset of the documents requested in Request No. 1 — namely all documents upon which your expert relied for each affidavit or declaration used to support class certification in the MDL Litigation. Plaintiffs object on the grounds of "relevancy, time frame, and protective order issues." Plaintiffs' relevancy and time frame objections fail for the reasons discussed above. Any protective order issues that would preclude or limit plaintiffs' production of MDL documents should now be resolved by Judge Saris' orders modifying the MDL protective order entered in this action on March 28, 2006 and in the MDL on April 14, 2006.

### B. Documents Concerning Plaintiffs' Allegations or AWP (Nos. 4, 5, 6, 7, 8, 9, 10, 12, 14, 16, 17, 32, 33, 34, 36, 40, 52, 53, 54, 55, 56, 57, 60)

Request Nos. 4, 5, and 6 include documents concerning the billing for and payment for drugs, each Plaintiffs' reimbursement for Subject Drugs, and all contracts between each plaintiff and any PBM concerning administration of a plaintiff's drug program, all of which were referenced in plaintiffs' Complaint. In response, plaintiffs assert no objections, but unilaterally restrict their production to the time frame of 1999 to the present. This time period restriction is groundless. To the extent that documents responsive to any of

**MORRISON | FOERSTER**

Steve W. Berman
May 11, 2006
Page Three

McKesson's requests reside in the MDL record, plaintiffs should produce all MDL documents regardless of the date of the document. With respect to responsive documents located in plaintiffs' own files or the files of their counsel, and were not produced in the MDL, McKesson is willing to limit all of its requests to the time period of 1998 to the present, a time period that plaintiffs concede is discoverable. For these reasons, the "time period" or "time frame" objections raised as to other requests discussed below likewise fail.

Request No. 7 seeks all documents that refer to a manufacturer as a "20% markup" company or a "25% markup" company, as described in Paragraph 39 of the Complaint. Plaintiffs object "as to the time period" and object "to any burden of searching through all MDL documents for such references." Plaintiffs' "time period" and burden objections fail for the reasons discussed above.

Request No. 8 includes a request for documents concerning contracts between PBMs and plan sponsors, and between PBMs and pharmacies, as referenced in the Complaint. Plaintiffs have waived all objections as they have asserted none. Plaintiffs' limitation of its production to only the time period of 2000 to the present is unsupportable for the reasons discussed above.

Request No. 9 seeks all documents containing data from First DataBank ("FDB") or any other publisher concerning the Subject Drugs, AWP or manufacturers' suggested prices. In response, plaintiffs claim that McKesson may obtain the requested documents "from the publisher." The availability of documents from another party or from third parties, however, does not relieve plaintiffs of their obligation to produce discoverable materials in their possession, custody, or control.

Request No. 10 seeks each of the "thousands of pharmaceutical contracts . . . based on AWP minus a specified discount" referenced in Paragraph 63 of the Complaint. Plaintiffs have waived all objections as they have asserted none. Plaintiffs' unilateral limitation of its production to an undefined "relevant time period" fails for the reasons discussed above.

In Request No. 12, McKesson requests documents concerning the publication of AWPs by publishers other than First DataBank. Plaintiffs object on the grounds of "vagueness, overbreadth, time frame and relevancy." This request is not vague, and plaintiffs provide no explanation for why they believe it is vague. Moreover, plaintiffs' overbreadth and time frame objections fail for the reasons discussed above. Finally, these documents are reasonably calculated to lead to the discovery of admissible evidence on key issues, including whether any AWP increases were caused by the alleged "5% scheme."

Request No. 14 seeks all documents concerning any representation or other statement by FDB concerning its business. Plaintiffs claim that responsive documents are available from FDB and object to any burden beyond "replicating portions of the First Data production in

sf-2123488

# MORRISON | FOERSTER

Steve W. Berman
May 11, 2006
Page Four

the MDL Litigation that plaintiffs selected." As discussed above, the availability of
documents from FDB does not excuse plaintiffs from producing responsive documents. In
addition, the request is not limited to documents produced by FDB. Plaintiffs should
produce all responsive documents regardless of their source.

Request No. 16 seeks all documents concerning complaints or other reactions by
manufacturers to increases in AWPs published by First DataBank. Plaintiffs waived all
objections to this request as they have asserted none. Plaintiffs may not unilaterally limit
their production to only documents referred to in the Complaint.

Request No. 17 seeks all documents concerning any potential or actual settlement between
any plaintiffs and FDB. Plaintiffs object on the grounds of "work product, privilege, and
relevancy." These documents, however, are reasonably calculated to lead to the discovery of
admissible evidence on key issues, including First DataBank's practices for deriving and
publishing its AWPs, whether such practices were fraudulent or misrepresented to purported
class members, and plaintiffs' relationship with FDB. To the extent that any materials
responsive to No. 17 are withheld on grounds of work product or privilege, please provide a
privilege log.

Request Nos. 32, 33, and 34 include requests for documents concerning AWPs for drugs, any
definition or meaning of AWP, and AMP, WAC, ASP or any other drug pricing or
reimbursement information. Plaintiffs object to all three requests on the grounds of "time
frame, relevancy, overbreadth, and burdensome." Plaintiffs' time frame, overbreadth, and
burdensome objections fail for the reasons discussed above. Moreover, the documents
requested are reasonably calculated to lead to the discovery of admissible evidence on key
issues, including how the industry uses AWP and the WAC-AWP markup and whether
FDB's AWPs were fraudulent. In addition, with respect to No. 34, plaintiffs are obligated to
produce all responsive documents in their possession, custody, or control, not just the
materials used in drafting the Complaint.

In response to Request No. 36, which seeks documents created by or received from any
Publisher, plaintiffs object to the "time frame" and arbitrarily limit their production to
documents "in the possession of plaintiffs." Documents in the possession of plaintiffs'
counsel are also within the possession, custody, or control of plaintiffs and should be
produced. Moreover, plaintiffs' "time frame" objection fails for the reasons discussed above.

Request No. 40 includes all communications between any plaintiff and any Third Party
Administrator, Pharmacy Benefit Manager, or other specified health care entities concerning
the Subject Drugs. Plaintiffs only object "to the time frame and relevancy of this Request."
Plaintiffs' time frame objection fails for the reasons discussed above. Moreover, Request
No. 40 is reasonably calculated to lead to the discovery of admissible evidence on key issues,

**MORRISON** | **FOERSTER**

Steve W. Berman
May 11, 2006
Page Five

including plaintiffs' knowledge regarding AWP and the WAC-AWP markup and whether plaintiffs were defrauded by the alleged misrepresentations made by First DataBank.

Request Nos. 52 through 56 include documents concerning communications with publishers or manufacturers regarding AWP or the WAC-AWP spread, documents concerning FDB or its pricing or publication services, and document concerning the impacts of higher or lower WAC-AWP spreads on pharmacy reimbursement. Plaintiffs assert only a single objection to each of these requests, claiming that they "have been the subject of numerous previous requests." Request Nos. 52 through 56, however, are not identical to any other requests. Documents responsive to Nos. 52 through 56 should be produced.

Request No. 57 seeks documents concerning AWP. Plaintiffs requested these very same documents from McKesson. In response, plaintiffs unilaterally and without basis, refuse to produce documents in the possession "of MDL counsel." Three of the four named plaintiffs in this action are plaintiffs in the MDL action and are represented by the same counsel in both actions. Documents in the possession of plaintiffs' MDL counsel are within the possession, custody, or control of the plaintiffs in this action. All responsive documents within the possession of plaintiffs or plaintiffs' counsel should be produced.

Request No. 60 includes communications with any trade group, lobbying organization, or trade association regarding AWPs, the spread between AWP and WAC, and profit margins of pharmacies. Plaintiffs offer even less of a basis for refusing to produce documents in response to No. 60 as they have asserted only the single objection of "relevancy," which fails for the reasons discussed above. Indeed, plaintiffs requested these very same documents of McKesson.

### C. Documents Concerning Reimbursements or Payments for Subject Drugs (Nos. 19, 22, 35, 38, 39)

Plaintiffs have alleged that the basis for their damages stem from overpayments they made for certain Subject Drugs. Documents relating to all payments made for these Subject Drugs by plaintiffs or others are probative of the cause and extent of any of these alleged overpayments, and should be produced.

Plaintiffs assert only a single objection to Request No. 19, claiming that it is unintelligible. This request, however, clearly seeks documents concerning any proposed or actual changes to plaintiffs' reimbursement rates for any Subject Drugs. This request includes documents concerning any changes in reimbursement rates that were proposed or implemented in response to increases in FDB's AWPs for the Subject Drugs.

Request No. 22 seeks documents concerning the discontinuation of AWP as a basis or means for reimbursement. Plaintiffs object on the grounds of "relevancy and burden." Plaintiffs'

MORRISON │ FOERSTER

Steve W. Berman
May 11, 2006
Page Six

burden objection fails for the reasons discussed above. Moreover, this request is reasonably calculated to lead to the discovery of admissible evidence on key issues, including the causes of any damages sustained by plaintiffs and whether plaintiffs' reimbursements were based on AWP.

Request No. 38 includes a request for any assessments, studies, or analyses regarding drug pricing or reimbursement amounts. Request No. 39 seeks all documents concerning the price of or reimbursement rate for any Subject Drug. Plaintiffs object to both requests on grounds of "time frame and relevancy." The documents requested in Nos. 38 and 39, however, are reasonably calculated to lead to the discovery of admissible evidence on key issues, including whether and how plaintiffs' reimbursements were based on AWP, plaintiffs' knowledge regarding drug pricing and reimbursement, whether plaintiffs suffered any injury, and whether the fact of injury can be resolved as a common issue. Plaintiffs' time frame objection fails for the reasons discussed above.

Request No. 35 seeks all documents concerning any plaintiff's decision to rely on, reliance on, or use of drug pricing information published by any Publisher. In response, plaintiffs object to the "time frame" and purport to limit their production to documents that are "in the possession of plaintiffs." Plaintiffs' "time frame" objection fails for the reasons discussed above. Moreover, plaintiffs are obligated to produce responsive documents in the possession, custody, or control of plaintiffs, including documents in the possession of plaintiffs' counsel.

**D. Documents Concerning Factors that Limit or Eliminate Any Injury Suffered by Plaintiffs (Nos. 20, 26, 30, 31, 40, 41, and 43)**

Request No. 20 seeks documents concerning reimbursement of Plaintiffs by third parties for prescription drug expenditures made on behalf of Participants or Beneficiaries. Plaintiffs object on the grounds of "time period, relevancy, overbreadth and vagueness." Plaintiffs' time period and overbreadth objections fail for the reasons discussed above. Moreover, this request is not vague as it clearly seeks documents concerning payments made to plaintiffs by third parties that cover any prescription drug reimbursements plaintiffs made on behalf of their Participants or Beneficiaries. Finally, this request is reasonably calculated to lead to the discovery of admissible evidence on key issues, including how and to what extent other parties or third parties may have offset, in part or in total, any of the alleged overpayments plaintiffs made.

Similarly, Request No. 26 seeks documents concerning price offsets, discounts, rebates, or off-invoice incentive payments made by drug manufacturers to PBMs. Request Nos. 30 and 31 include documents regarding any plaintiff's contractual relationships or contractual negotiations with Third Party Administrators, PBMs, and other specified entities. Plaintiffs

sf-2123488

**MORRISON** | **FOERSTER**

Steve W. Berman
May 11, 2006
Page Seven

object to Request Nos. 26, 30, 31 on the grounds of "time frame, relevancy, overbreadth and burdensome." All of these objections fail for the reasons discussed above.

Request No. 40 includes communications between any plaintiff and any Third Party Administrator, PBM, or other specified entity, concerning Subject Drugs. Request No. 41 seeks documents concerning any Participant's or Beneficiary's payment for Subject Drugs. Request No. 43 seeks all documents concerning any relationships with insurers insofar as they cover Subject Drugs. Plaintiffs object to these requests only as to "time frame and relevancy." These objections fail for the reasons discussed above.

**E. Documents Concerning the Purported Class Representatives (Nos. 27, 28, 29, 45, 46, 51, 62, 64)**

Request Nos. 27, 28, and 29 include requests for documents describing the benefits plaintiffs offer to their beneficiaries and any potential changes to such benefits. Plaintiffs object to each of these requests on the grounds of "time frame, relevancy, overbreadth, and burdensome." Plaintiffs' time frame, overbreadth, and burdensome objections fail for the reasons discussed above. Moreover, these documents are reasonably calculated to lead to admissible evidence regarding key issues, including whether plaintiffs can adequately represent a class of other TPPs or consumers and whether consumers were damaged as a result of the alleged scheme.

Request No. 45 seeks general information regarding the operations and functions of the named plaintiffs. These documents are reasonably calculated to lead to the discovery of admissible evidence on key issues, including whether each plaintiff can serve as an adequate class representative. In the interest of compromise in response to plaintiffs' objections, McKesson agrees to seek only each plaintiff's annual reports, articles of incorporation, by-laws, and charters.

Request No. 46 seeks organizational charts depicting plaintiffs' employees. In response, plaintiffs agree only to produce responsive documents covering an undefined "relevant time period." As discussed above, if responsive documents reside within the MDL record, no time limitation is justified. In any event, plaintiffs should produce responsive documents at least from the time period of 1998 to the present.

Request No. 51 seeks all agreements, understandings, and fee or cost arrangements between any plaintiff and plaintiffs' counsel, another plaintiff, or a third party. Plaintiffs assert only two objections on the basis of "relevancy and privilege," both of which are unsupportable. This request seeks documents reasonably calculated to lead to the discovery admissible evidence on key issues, including whether conflicts between class members or between class members and class counsel preclude certification of the alleged class and whether the named plaintiffs are adequate class representatives. Moreover, plaintiffs provide no basis for their

sf-2123488

**MORRISON** | **FOERSTER**

Steve W. Berman
May 11, 2006
Page Eight

privilege objection. Indeed, "[f]ederal courts uniformly allow…matters regarding fee arrangements to be discovered." Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine*, pt. 1, § 3, at 67 (4th ed., Section of Litig., American Bar Ass'n 2001).

Request No. 62 seeks documents concerning any legal proceeding regarding the use of AWP, including but not limited to the MDL, in which any plaintiff was a party. Plaintiffs requested these very same documents of McKesson, yet now refuse to produce these documents. Plaintiffs object to this request as "overbroad" and claim that "it would call for the entire MDL file." Plaintiffs' overbreadth objection fails for the reasons discussed above. Moreover, documents concerning other proceedings in addition to the MDL that are responsive to this request should be produced.

Request No. 64 seeks current and historical charts showing the organizational structure of all of plaintiffs' departments. Plaintiffs' only objection to this request is that it is identical to Request No. 46. Plaintiffs are wrong. Request No. 46 is directed to organizational charts of *employees*; Request No. 64 seeks plaintiffs' *departmental* structure.

### F. Documents On Which Plaintiffs Will Rely to Support Their Claims (Nos. 23, 48, and 49)

Request No. 23 seeks all documents concerning damages plaintiffs allegedly sustained because of the alleged "5% scheme." Plaintiffs have asserted a single objection based on the "timeliness" of this request and agreed to produce only transactional information. As this request seeks all non-expert documents that support plaintiffs' damages claims, please confirm that plaintiffs have no documents supporting their damages claims beyond their transactional information. If you cannot confirm this, please produce all documents supporting plaintiffs' damages claims.

Request No. 48 seeks all documents that support any claim asserted in the Complaint. In response, plaintiffs simply declare that producing all responsive documents is "impossible," and agree only to produce the documents used in preparing the Complaint. Regardless of whether plaintiffs have knowledge of everything it will introduce into evidence, plaintiffs are obligated to produce all documents supporting any of plaintiffs' claims that are within their possession, custody, or control.

Request No. 49 seeks all documents concerning the computation of damages for plaintiffs' claims. Although plaintiffs assert that this request is "repetitive," it is not identical to any other request. Plaintiffs also claim this request is premature, but fail to explain how they can allege "billions of dollars of excess payments" (Compl. ¶ 1) and then refuse to produce documents supporting their computation method.

sf-2123488

**MORRISON | FOERSTER**

Steve W. Berman
May 11, 2006
Page Nine


All documents discussed above should be produced forthwith. If plaintiffs do not agree to produce all the categories of documents discussed above, McKesson requests a discovery conference on May 18 or 19. Please let us know as soon as possible your availability on these dates. We hope to resolve these issues informally without the assistance of the Court.

Sincerely,

Tiffany Cheung

cc:     *Via E-mail*
        Melvin R. Goldman
        Lori A. Schechter
        Paul Flum
        Joan Griffin
        Elizabeth Fegan
        Thomas M. Sobol
        George E. Barrett
        Edmund L. Carey
        Gerald E. Martin
        Timothy L. Miles
        Jeffrey Kodroff
        John Macoretta
        Kenneth A. Wexler

sf-2123488

# Exhibit 5

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 2, 2006

Writer's Direct Contact
415/268-7335
PaulFlum@mofo.com

*By E-Mail and U.S. Mail*

Steve W. Berman
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Steve:

I am writing to confirm our discussions during our discovery conference on May 24 regarding plaintiffs' responses to McKesson's First Request for Production of Documents. We appreciate plaintiffs' willingness to compromise many of the disputed requests.  As noted below, however, we appear to be at an impasse on several items.  There were also a few items that were left open during our call, which you said you would get back to us about.

The following summary is cross-referenced to the points raised in Tiffany's May 11, 2006 letter.

## A.    Documents Concerning the MDL litigation (Nos. 1 and 18)

Request No. 1 seeks all documents concerning the MDL Litigation, including all documents produced pursuant to discovery requests, deposition transcripts and exhibits, non-public pleadings, and hearing transcripts.  During our call, plaintiffs agreed to produce:  (1) all briefs and supporting papers submitted to the court with respect to class briefing in the MDL; (2) the expert reports and expert depositions regarding class certification issues in the MDL; (3) the documents and deposition transcripts relied upon by the experts who offered opinions on class issues in the MDL; (4) all briefs and supporting papers submitted to the court related to any summary judgment filing in the MDL; and (5) all expert reports, declarations, and depositions related to liability and damages issues.  Plaintiffs continue to refuse the full MDL record for review by McKesson, even though plaintiffs do not dispute that portions of the MDL record are probative of the claims and defenses in this action.  Plaintiffs also are refusing to produce certain discrete subcategories of documents that McKesson had identified — specifically, all MDL deposition transcripts and deposition exhibits in the possession of plaintiffs or their counsel.

# MORRISON | FOERSTER

Steve W. Berman
June 2, 2006
Page Two

Request No. 18 seeks a subset of the documents requested in Request No. 1 — namely all documents upon which your expert relied for each affidavit or declaration used to support class certification in the MDL litigation.  Plaintiffs have agreed to produce all documents responsive to Request No. 18.

**B.  Documents Concerning Plaintiffs' Allegations or AWP (Nos. 4, 5, 6, 7, 8, 9, 10, 12, 14, 16, 17, 32, 33, 34, 36, 40, 52, 53, 54, 55, 56, 57, 60)**

Request Nos. 4, 5, and 6 seek documents concerning the billing and payment for drugs, each named plaintiffs' reimbursement for Subject Drugs, and all contracts between each named plaintiff and any PBM concerning administration of a plaintiff's drug program.  Plaintiffs have agreed to produce all responsive documents during the time period of 1998 to the present.

Request No. 7 seeks all documents that refer to a manufacturer as a "20% markup" company or a "25% markup" company, as described in paragraph 39 of the complaint.  Plaintiffs have agreed to produce documents identified in their complaint, and are refusing to search for or produce other responsive documents in their possession, custody, or control.

Request No. 8 seeks documents concerning contracts between PBMs and plan sponsors, and between PBMs and pharmacies.  Plaintiffs have agreed to produce responsive documents from 1998 to the present produced in the MDL by PBMs or found in files of the named plaintiffs in this case.  Plaintiffs continue to refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 9 seeks all documents containing data from First DataBank ("FDB") or any other Publisher concerning the Subject Drugs, AWP or manufacturers' suggested prices.  Plaintiffs have agreed to produce the documents produced to them in the MDL by any Publisher.  To the extent such documents were produced to plaintiffs in electronic format, plaintiffs will produce these documents to McKesson in the same format.  Plaintiffs have also agreed to search the files of the named plaintiffs for responsive documents.  Plaintiffs continue to refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 10 seeks each of the "thousands of pharmaceutical contracts . . . based on AWP minus a specified discount" referenced in Paragraph 63 of the Complaint.  Plaintiffs have agreed to produce documents from 1998 to the present produced in the MDL by PBMs or located in the files of the named plaintiffs in this case.  Plaintiffs continue to refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

# MORRISON | FOERSTER

Steve W. Berman
June 2, 2006
Page Three

Request No. 12 seeks documents concerning the publication of AWPs by Publishers other than First DataBank. Plaintiffs have agreed to produce the documents produced in the MDL by any Publisher and copied by plaintiffs. Plaintiffs have also agreed to search the files of the named plaintiffs for responsive documents. Plaintiffs continue to refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 14 seeks all documents concerning any representation or other statement by FDB concerning its business. Plaintiffs have agreed to produce the documents produced to them in the MDL by FDB. Plaintiffs have also agreed to search the files of the named plaintiffs for responsive documents. Plaintiffs continue to refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 16 seeks all documents concerning complaints or other reactions by manufacturers to increases in AWPs published by First DataBank. Plaintiffs have agreed to search for and produce the responsive documents that were identified in the complaint and represented that these are the only responsive documents in the named plaintiffs' possession. Plaintiffs continue to refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 17 seeks all documents concerning any potential or actual settlement between any plaintiffs and FDB. Plaintiffs are standing on their objections and refuse to produce responsive documents. To the extent that any materials responsive to No. 17 are withheld on grounds of work product or privilege, we are entitled to a privilege log. Please let us know if you do not intend to provide one.

Request Nos. 32, 33, and 34 include requests for documents concerning AWPs for drugs, any definition or meaning of AWP, and AMP, WAC, ASP or any other drug pricing or reimbursement information. Plaintiffs have agreed to search for and produce documents from 1998 to the present but only to they extent that they are in the named plaintiffs' files. Plaintiffs continue to refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 36 seeks documents created by or received from any Publisher. Plaintiffs have agreed to produce only responsive documents that were produced by the Publishers in the MDL and copied by plaintiffs, and refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 40 seeks all communications between any plaintiff and any Third Party Administrator, Pharmacy Benefit Manager, or other specified health care entities concerning the Subject Drugs. Plaintiffs have agreed to produce documents from 1998 to the present but only to they extent that they are in the named plaintiffs' files. Plaintiffs continue to refuse to

MORRISON | FOERSTER

Steve W. Berman
June 2, 2006
Page Four

search for or produce responsive documents from other sources in their possession, custody, or control.

Request Nos. 52 through 56 seek documents concerning communications with Publishers or Manufacturers regarding AWP or the WAC-AWP spread, documents concerning FDB or its pricing or publication services, and document concerning the impacts of higher or lower WAC-AWP spreads on pharmacy reimbursement. Plaintiffs have agreed to produce only responsive documents that were produced by the Publishers in the MDL and copied by plaintiffs, and refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 57 seeks documents concerning AWP. Plaintiffs requested these very same documents from McKesson. Plaintiffs have agreed to produce responsive documents only to the extent that they are found in the named plaintiffs' files, and refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 60 includes communications with any trade group, lobbying organization, or trade association regarding AWPs, the spread between AWP and WAC, and profit margins of pharmacies. Plaintiffs are standing on their objections to this request, and are refusing to search for or produce responsive documents.

Finally, with respect to Request Nos. 7, 8, 9, 10, 12, 14, 16, 32, 33, 34, 40, 52, 53, 54, 55, 56, and 57, we note that by agreeing to produce responsive documents from certain sources, plaintiffs acknowledge that the categories of documents sought by these requests are proper subjects of discovery. Plaintiffs nevertheless have refused to search the MDL record for other sources of documents responsive to these requests or to provide McKesson with access to the MDL record so that McKesson can conduct the search.

**C. Documents Concerning Reimbursements or Payments for Subject Drugs (Nos. 19, 22, 35, 38, 39)**

Request No. 19 seeks documents concerning any proposed or actual changes to plaintiffs' reimbursement rates for any Subject Drugs. Plaintiffs have agreed to produce responsive documents.

Request No. 22 seeks documents concerning the discontinuation of AWP as a basis or means for reimbursement. Plaintiffs have agreed to produce responsive documents only to the extent that they are found in the named plaintiffs' files, and refuse to search for or produce responsive documents from other sources in their possession, custody, or control.

Request No. 35 seeks all documents concerning any plaintiff's decision to rely on, reliance on, or use of drug pricing information published by any Publisher. Request No. 38 seeks

sf-2135957

MORRISON | FOERSTER

Steve W. Berman
June 2, 2006
Page Five

assessments, studies, or analyses regarding drug pricing or reimbursement amounts. Request No. 39 seeks all documents concerning the price of or reimbursement rate for any Subject Drug. Plaintiffs have agreed to produce documents responsive to each of these requests, but only for the period 1998 to the present and only to the extent that they are found in the named plaintiffs' files. Plaintiffs continue to refuse to search for and produce responsive documents from other sources in their possession, custody, or control.

Finally, with respect to Request Nos. 22, 35, 38, and 39, we note that by agreeing to produce responsive documents from certain sources, plaintiffs acknowledge that the categories of documents sought by these requests are proper subjects of discovery. Plaintiffs nevertheless have refused to search the MDL record for other sources of documents responsive to these requests or to provide McKesson with access to the MDL record so that McKesson can conduct the search.

**D.  Documents Concerning Factors that Limit or Eliminate Any Injury Suffered by Plaintiffs (Nos. 20, 26, 30, 31, 40, 41, and 43)**

Request No. 20 seeks documents concerning reimbursement of plaintiffs by third parties for prescription drug expenditures made on behalf of Participants or Beneficiaries. Plaintiffs agreed to produce responsive documents for the period from 1998 to the present.

Request No. 26 seeks documents concerning price offsets, discounts, rebates, or off-invoice incentive payments made by drug manufacturers to PBMs. Plaintiffs are standing on their objections to this request. You stated that you did not think that your clients had documents responsive to this request, but weren't certain about that. Please confirm whether your clients have any responsive documents. Also, even though we understand that plaintiffs are objecting to production of any documents in response to this request, Request No. 26 is not limited to documents in the possession of the named plaintiffs, but includes any such materials produced in the MDL or otherwise in the custody or control of plaintiffs or their counsel.

Request Nos. 30 and 31 seek documents regarding any plaintiff's contractual relationships or contractual negotiations with Third Party Administrators, PBMs, and other specified entities. Plaintiffs agreed to produce responsive documents for the period 1998 to the present. You agreed to check with your co-counsel and confirm that plaintiffs would be producing email, other electronic documents, and hard copy correspondence responsive to this request.

Request No. 40 seeks communications between any plaintiff and any Third Party Administrator, PBM, or other specified entity concerning Subject Drugs. Plaintiffs have agreed to produce responsive documents for the period 1998 to the present.

sf-2135957

MORRISON | FOERSTER

Steve W. Berman
June 2, 2006
Page Six

Request No. 41 seeks documents concerning any Participant's or Beneficiary's payment for Subject Drugs. You said you needed to confirm that the purported class included consumers. Please let me know whether plaintiffs will be producing documents responsive to this request.

Request No. 43 seeks all documents concerning any relationships with insurers insofar as they cover Subject Drugs. Plaintiffs have agreed to produce responsive documents for the period 1998 to the present.

### E. Documents Concerning the Purported Class Representatives (Nos. 27, 28, 29, 45, 46, 51, 62, 64)

Request Nos. 27, 28, and 29 generally seek documents describing the benefits plaintiffs offer to their beneficiaries and any potential changes to such benefits. Plaintiffs have agreed to produce responsive documents for the period 1998 to the present.

Request No. 45 seeks general information regarding the operations and functions of the named plaintiffs. Plaintiffs have agreed to produce responsive documents for the period 1998 to the present.

Request No. 46 seeks organizational charts depicting plaintiffs' employees. Plaintiffs have agreed to produce responsive documents for the period 1998 to the present.

Request No. 51 seeks all agreements, understandings, and fee or cost arrangements between any plaintiff and plaintiffs' counsel, another plaintiff, or a third party. Plaintiffs have agreed to produce responsive documents for the period 1998 to the present.

Request No. 62 seeks documents concerning any legal proceeding regarding the use of AWP in which any plaintiff was or is a party. While the legal proceedings covered by this request are not limited to the MDL, you represented that the only potentially responsive proceeding in which the named plaintiffs are involved is the MDL. Plaintiffs are standing on their objections and refusing to produce documents in response to this request.

Request No. 64 seeks current and historical charts showing the organizational structure of all of plaintiffs' departments. Plaintiffs have agreed to produce responsive documents for the period 1998 to the present.

### F. Documents On Which Plaintiffs Will Rely to Support Their Claims (Nos. 23, 48, and 49)

Request No. 23 seeks all documents concerning damages plaintiffs allegedly sustained because of the alleged "5% scheme." You represented during our call that plaintiffs have no

sf-2135957

MORRISON | FOERSTER

Steve W. Berman
June 2, 2006
Page Seven

documents supporting their damage claims other than transactional documents that are being produced in response to other requests.

Request No. 48 seeks all documents that support any claim asserted in the complaint. Plaintiffs have agreed to produce all responsive documents.

Request No. 49 seeks all documents concerning the computation of damages for plaintiffs' claims. You represented during our call that no documents responsive to this request currently exist.

I recognize that we covered a lot of ground during our call last week. Tiffany and I took careful notes, which are reflected in this letter. Please let me know if this letter misstates plaintiffs' position. Also, I would appreciate hearing from you by the end of the day on Monday, June 4 about the issues regarding Request Nos. 30, 31, and 41 that were left open during our call.

Sincerely,

Paul Flum

Paul Flum

# Exhibit 6



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

June 7, 2006

**_Via E-Mail_**

Paul Flum
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

      Re:    _New England Carpenters Health Benefit Fund v. FDB, et al._

Dear Paul:

This is in response to your letter of June 2, 2006.

**A.    Documents Concerning MDL Litigation Nos. 1 and 18**

Your letter mischaracterizes our position regarding the full MDL review.  We do not concede that the MDL records you seek are probative.  We have suggested that if you truly wish to wade through millions of documents, go to the producing parties.  You refuse to do so but instead seek to examine what plaintiffs selected.  Plaintiffs have turned over all documents produced by McKesson, FDB, other publishers and wholesalers.  We have also suggested that you obtain all depositions and exhibits from the court reporter.  You will thereby have what the parties have distilled as relevant to the much broader AWP case from the millions of largely useless documents produced.

**B.    Documents Concerning Plaintiffs' Allegations or AWP**

Your statement regarding No. 7 is not accurate.  Plaintiffs have agreed to produce or suggest you obtain all of the documents referred to above, which relate to these allegations and all documents that we believe are relevant using that term as broadly as possible from the productions of FDB, McKesson, Redbook, Medispan and any manufacturer.  What we have not done is to search in the documents rejected or culled out years ago on the slim chance something is out there.  Again, if you wish to do so, contact the producing parties.

ATTORNEYS AT LAW        SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO

T 206.623.7292    F 206.623.0594
1301 FIFTH AVENUE  ·  SUITE 2900  ·  SEATTLE, WASHINGTON  98101
www.hagens-berman.com

001821-13  112534 V1

Paul Flum
June 7, 2006
Page 2


Nos. 8 and 16.  The statement that we continue to refuse to search for other responsive documents is not accurate.  We do not believe there are other responsive documents outside the source offered above.  Again, you are free to contact producing parties to conduct your own search on the slim chance there is something of relevance.

No. 17.  We do not agree we need to create a log of documents created in the settlement phase.  You can move for this material on a categorical basis.

Nos. 32, 33, 34, 36, 40, 52-56, 57, 60, 7-10, 12, 14, 16, 32-34, 40, 52-57, you have misstated the record as to our "refusal for the reasons stated above."  See above Sections A and B.

**C.      Documents Concerning Reimbursements**

No. 22.  Same as above.

Nos. 22, 35, 38, 39.  Same as above.

**D.      Documents Regarding Injury**

No. 26.  Same as above.

**E.      Documents Regarding the Class Representatives**

No. 62.  We don't understand your language regarding "standing on objections." I am unaware of other legal proceedings regarding AWP.

**F.      Documents in Support of Claims**

No. 23.  What I stated was that the request, in so far as it seeks damage calculation, is premature.  Same for No. 49.

**G.      Nos. 30, 31**

We are producing contracts with PBMs and the complete MDL production which includes many of the subcategories.

Paul Flum
June 7, 2006
Page 3


**H.     No. 41**

The request is overbroad and would violate patient confidentiality.


Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


*[sent via electronic delivery]*

Steve W. Berman


cc:  Plaintiffs' Counsel

# Exhibit 7

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 13, 2006

Writer's Direct Contact

415/268-7335
PaulFlum@mofo.com

*By E-Mail*

Steve W. Berman
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Steve:

Thank you for your June 7 letter regarding document issues.  I am writing to clarify a few points.

**Documents Concerning the MDL Litigation**

I have some questions about what plaintiffs have agreed to produce from the MDL record. Attachment B to the Hartman Declaration in support of class certification and Attachment B to Hartman's Rebuttal Declaration contain lists of reliance materials, including 27 depositions taken in the MDL.  Who in your firm should we contact to obtain copies of these depositions transcripts and the other Hartman reliance materials plaintiffs have agreed to produce?  Will the same person be able to supply us with the other expert reliance materials that you have agreed to produce?

**Other Documents**

Request No. 7.  Your description of what documents plaintiffs have agreed to produce in response to Request No. 7 (references to manufacturers as 20% vs. 25% markup companies) is so convoluted that I can't tell what you're saying.  You state that plaintiffs have *"agreed to produce or suggest you obtain"* responsive documents from various sources.  But you don't say which of these sources plaintiffs have searched for responsive documents.  Based on your statements during our May 24 discovery conference, my understanding is that plaintiffs are *not* searching documents produced in the MDL by anyone other than PBMs, wholesalers, and the named plaintiffs.  Please let me know if that is incorrect and plaintiffs are agreeing to search other sources, including the MDL productions by manufacturers or other TPPs.

Request Nos. 8 and 16.  Your letter states that *"outside the source offered above,"* you "*do not believe*" that there are other documents responsive to Request No. 8 (documents concerning contracts between PBMs and plan sponsors or pharmacies) and Request No. 16

sf-2144005

MORRISON | FOERSTER

Steve W. Berman
June 13, 2006
Page Two

(documents concerning complaints or other reactions by manufacturers to increases in AWPs). But you do not identify what "source" you are referring to. We would expect that files produced in the MDL by other TPPs or the manufacturers would contain documents responsive to Request Nos. 8 and 16 (and many of the subsequent requests). Based on your statements during our May 24 discovery conference, my understanding is that plaintiffs are refusing to search these sources. Let me know if I'm wrong about that.

Request Nos. 7-10, 12, 14, 16, 22, 26, 32-36, 38-40, 52-57, 60. Your letter states that we have misstated the record regarding plaintiffs' refusal to search or produce documents responsive to these requests, and cross-references "Sections A and B" of your June 7 letter. Given the ambiguities noted above, I can't tell what plaintiffs have agreed to do. Please let me know if you will be searching and producing responsive documents from sources in addition to PBMs, wholesalers, and the named plaintiffs, and, if so, what additional sources you are agreeing to search.

Request Nos. 23 and 49. You write that you stated during our discovery conference that these requests, which seek documents regarding plaintiffs' damage claims, are "premature." I'm not sure what you mean by that statement. Are you saying that there are documents in plaintiffs' possession, custody, or control that support plaintiffs' damage claims (in addition to the transactional documents that you have agreed to produce), but that you are refusing to produce these additional documents?

Request Nos. 30 and 31. Your letter states that you are producing contracts with PBMs and *"the complete MDL production"* in response to these requests. Because plaintiffs have consistently refused to provide us with the "complete MDL production," we understand your reference to mean documents produced in MDL by the named plaintiffs in this case. Let me know if you intended something else by your statement.

Request No. 41. My June 2 letter asked you to clarify whether the purported class included consumers and, if so, whether you would be producing documents concerning consumers' payments for Subject Drugs. Your June 7 letter responds with the statement that Request No. 41 is "overbroad and would violate patient confidentiality." I understand that to mean that plaintiffs are refusing to produce responsive documents. Let me know if I'm wrong.

Sincerely,

Paul Flum

# Exhibit 8



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

June 14, 2006

***Via E-Mail***

Paul Flum
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

      Re:    *New England Carpenters Health Benefit Fund v. FDB, et al.*

Dear Paul:

      This is in response to your letter of June 13, 2006.  We note with interest the hundreds of words and many single spaced pages about plaintiffs' production, yet to date McKesson has produced virtually nothing, mainly litigation materials relating to AWP.  Indeed the production was quite interesting in that it shows that despite the hours spent arguing your position that plaintiffs should reproduce for you all MDL discovery, McKesson has had access to highly relevant material even prior to this litigation.  And despite claims to the contrary, through your role as counsel to a defendant in the AWP litigation, McKesson's lawyers have had access to the MDL record.

      In addition, as part of your "we need the entire MDL discovery mantra," you claim that Mr. Sobol promised to make this available at the status conference.  Not only did he say no such thing but he made it clear that in plaintiffs' view the relevant documents are McKesson's and FDB's (pp. 11-12) and that "the rest of the AWP case isn't relevant to it.  I mean, it just doesn't have anything to do with the AWP case."  *Id.* at 12-13.  Judge Saris ***agreed*** "yes, that's why this case will take one team rather than five."  *Id.*  Later Judge Saris noted that the evidence is publicly available or you could move to see it.  The "evidence" is available to you via deposition exhibits or the pleadings.  Nothing in the status conference supports your view that plaintiffs offered or the Court suggested a search of the entire AWP discovery for documents that refer to "a markup" or "20%" or "25%".

001821-13  113427 V1

Paul Flum
June 14, 2006
Page 2

Request No. 7

My letter is quite clear:

> Plaintiffs have agreed to produce or suggest you obtain all of
> the documents referred to above, which relate to these
> allegations and all documents that we believe are relevant
> using that term as broadly as possible from the productions of
> FDB, McKesson, Redbook, Medispan and any manufacturer.
> What we have not done is to search in the documents rejected
> or culled out years ago on the slim chance something is out
> there.  Again, if you wish to do so, contact the producing
> parties.

As indicated in my letter the sources include manufacturers, FDB, McKesson,
other wholesalers, PBMs, and to the extent they were marked at deposition, exhibits
that include documents from manufacturers which you are free to obtain at your own
expense.

Request Nos. 8 and 16.

Same as above.

Request Nos. 7-10, 12, 14, 16, 22, 26, 32-36, 38-40, 52-57, 60.

Plaintiffs have or will produce responsive documents from Redbook, Medispan,
wholesalers, PBMs and documents from manufacturers that are the basis for the
complaint.  Documents used as deposition exhibits you are free to pursue.  Plaintiffs
have no objection to your obtaining access to the manufacturers' productions, which
you could have done over the last six months.  We do believe those productions are
largely not relevant and the cost and expense of searching those productions far
outweighs any worth to such an exercise, particularly given your access to the MDL
deposition record.  It could be that the manufacturers are able to let you electronically
search or they would search for you.  Have you asked?

Request Nos. 23 and 49.

Responsive documents will be produced.

Paul Flum
June 14, 2006
Page 3

Request Nos. 30 and 31.

The complete PBM production in the MDL.

Request No. 41.

At this point we have not decided if the Class will include consumers.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*[sent via electronic delivery]*

Steve W. Berman

cc:  Plaintiffs' Counsel

001821-13  113427 V1