UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                                    Defendants. | C.A. No. 1:05-CV-11148-PBS |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT MCKESSON'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I, Steve W. Berman, hereby declare that:

1.      I am a partner of Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington, office, and I am one of counsel for the plaintiffs in the above-captioned matter.  I submit this declaration in support of Plaintiffs' Memorandum in Opposition to Defendant McKesson's Motion to Compel Production of Documents.

2.      Attached as Exhibit 1 is a true and correct copy of First Databank Inc.'s Responses and Objections to McKesson Corporation's First Request for Production of Documents.

- 1 -

3.      The *AWP* case has been embroiled in discovery since 2001 and is still ongoing.
Indeed, two defendants (Amgen and Baxter) recently produced five million documents.  Tens of
millions of pages have been produced in total.  Plaintiffs are fully consumed with reviewing
those documents for purposes of the looming trial in *AWP* and responding to multiple summary-
judgment motions, and thus would be severely prejudiced if called to review those documents
again for McKesson.  Most of these documents are utterly irrelevant to this case.  The *AWP* case
involves largely physician-administered drugs, this case involves just brand-name drugs.  The
*AWP* case goes back to 1991, this case commences in 2001.

4.      Despite the fact the vast bulk of *AWP* production is unquestionably irrelevant (by
date and by type of drug, *i.e.*, physician-administered), McKesson has focused on forcing
Plaintiffs to review the millions of irrelevant pages in the vain hope something relevant might be
there.

5.      McKesson ignores that Plaintiffs have already agreed to produce what is really
relevant from *AWP*:  all of FDB's production, all of the wholesaler productions, all of the
documents produced by PBMs, all of the documents used in expert testimony by any expert, all
summary-judgment and class-certification materials, ***and*** access via the court reporter to all
depositions and exhibits.  The depositions and exhibits are the results of the *AWP* parties' culling
of these millions of documents.  McKesson has not yet examined the depositions and exhibits,
nor has it received and examined the FDB documents, having waited almost a year to request
them.  Instead it stubbornly insists on focusing its efforts on plaintiffs' possession of discovery
that is not relevant.

6.      Attached as Exhibit 2 is a true and correct copy of pertinent pages downloaded
from PACER of the list of counsel for the *AWP* litigation, Case No. 1:01-cv-12257-PBS, listing

- 2 -

Morrison & Foerster LLP, and in one instance, Lori A. Schechter herself, as counsel for defendant Purdue Pharma L.P.

7.     Attached as Exhibit 3 is a true and correct copy of a letter from Steve W. Berman to Lori Schechter, dated July 5, 2006.

8.     Attached as Exhibit 4 is a true and correct copy of a letter from Lori Schechter to Steve W. Berman, dated July 11, 2006.  Ms. Schechter represented to me separately that she did not respond sooner to my letter of July 5 because she was out of the office on vacation.  She then refused to allow more time to explore whether agreement could be reached before Plaintiffs responded to the motion – unless we agreed we would not contest their filing a reply brief.

9.     Plaintiffs and McKesson thus could not agree before Plaintiffs' deadline to file their opposition brief on terms of a compromise under which McKesson would itself search the *AWP* documents in Plaintiffs' possession in full satisfaction of McKesson's request for documents from those materials.

10.     In an exchange of communications regarding McKesson's requests for production, I warned McKesson's counsel, Ms. Schechter, from the outset about the volume of materials produced in the *AWP* litigation and the time required to review it, and that Plaintiffs' counsel would suffer huge prejudice if it had to devote the necessary resources to review those documents again for McKesson and thus would not do so given their marginal, if any, relevance. Plaintiffs advised McKesson to seek the documents from the various *AWP* producing parties, who were better resourced to review and produce their own documents for McKesson.

11.     McKesson's response to Plaintiffs' document requests has been a slow, disorganized rolling production, with the documents often jumbled into a meaningless order.  To make some sense of the documents, Plaintiffs asked McKesson to identify the documents'

respective sources and their custodians. McKesson has not done this as of the date of this declaration.

12.    Plaintiffs can provide the following categories of information regarding the organization of the *AWP* documents in their possession: which defendants produced documents and where those documents are located; the approximate volume of documents; and the format in which they exist (whether in hard copy or some digital format). To the extent McKesson would require Plaintiffs to identify "the categories into which the documents have been organized," Plaintiffs have organized the documents only by producing defendants. They can provide nothing more.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of July, 2006.


_____**/s/ Steve W. Berman**_____
            STEVE W. BERMAN

001821-13  119093 V1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 12, 2006.

/s/ Steve W. Berman
Steve W. Berman

# Exhibit 1

UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIVED

JUL 1 0 2006

HAGENS BERMAN LLP

NEW ENGLAND CARPENTERS
HEALTH BENEFITS FUND; PIRELLI
ARMSTRONG RETIREE BENEFITS
TRUST; TEAMSTERS HEALTH &
WELFARE FUND OF PHILADELPHIA
AND VICINITY; and PHILADELPHIA
FEDERATION OF TEACHERS HEALTH
AND WELFARE FUND,

          Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri
Corporation, and MCKESSON
CORPORATION, a Delaware Corporation,

          Defendants.

Civil Action No. 05-CV-11148-PBS

## FIRST DATABANK INC.'S RESPONSES AND OBJECTIONS TO MCKESSON CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

In response to the First Request for Production of Documents (the "Requests") propounded by McKesson Corporation ("McKesson") to First DataBank, Inc. ("FDB"), FDB makes the following responses and objections:

## GENERAL OBJECTIONS

1.      FDB objects to the Requests as unduly burdensome and oppressive, in light of the tens of thousands of pages of documents FDB has produced over the past eight (8) years in response to third party requests in civil litigation matters and government investigations addressing similar and/or nearly identical subject matter areas. Similarly, FDB objects to the Requests in light of the fact that FDB employees have been deposed sixteen (16) separate times in "Average Wholesale Price" litigation and related investigations over the past 8 years.

2.    FDB objects to the Requests as oppressive and duplicative in light of the fact that in March of 2006—in response to McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony described in General Objection No. 1.

3.    FDB objects to the Requests on the grounds that they seek the production of information protected against disclosure by the First Amendment to the United States Constitution and the California Constitution.

4.    FDB objects to the Requests to the extent they purport to impose any requirement or discovery obligation on FDB other than those existing under applicable law.

5.    FDB objects to the Requests to the extent they seek documents that are protected by the attorney-client privilege, the work product privilege, and/or any other applicable privilege.

6.    FDB objects to the Requests to the extent they seek the disclosure of proprietary or confidential business information and/or trade secrets.

7.    FDB objects to the Requests to the extent they seek the disclosure—to any parties who do not make subscription payments to FDB—of published information that FDB has devoted substantial resources to collecting and organizing, and which FDB sells to subscribers for a fee.

8.    FDB objects to the Requests as unduly burdensome and oppressive to the extent they purport to require FDB to search facilities not reasonably likely to contain responsive documents and/or to inquire of FDB's employees who would not reasonably be expected to possess responsive information.

9.    FDB objects to the Requests to the extent they purport to require FDB to produce documents in violation of any legal or contractual obligation of nondisclosure to a third party.

10.    FDB objects to the Requests to the extent they are unclear, vague, ambiguous, overly broad or unintelligible.

### RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

FDB incorporates the General Objections as if set forth fully in response to each individual Request and makes the following specific responses and objections:

First DataBank's Responses and Objections          -2-

**REQUEST FOR PRODUCTION NO. 1:**

All documents reflecting communications to or from McKesson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will produce a copy of all license agreements (including all amendments and related correspondences) with McKesson. Beyond that, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exists), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 2:**

All documents reflecting communications to or from any Wholesaler other than McKesson, including Amerisource Bergen and Cardinal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced

in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will produce a copy of all license agreements (including all amendments and related correspondences) that FDB maintains (or maintained) with McKesson, Amerisource Bergen, and Cardinal. Beyond that, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exists), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning surveys You conducted of Wholesalers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client

privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 4:

All documents concerning the methodology used to determine Blue Book AWP.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to

further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning your use of manufacturer Suggested Wholesale Price.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James

Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

## REQUEST FOR PRODUCTION NO. 6:

All documents reflecting communications to or from any Manufacturer Concerning WAC, AWP, SWP, the markup from WAC to AWP, the markup from WAC to SWP, the WAC-AWP spread, the WAC-SWP spread, or other pricing for any Subject Drug.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: Pursuant to its meet and confer agreement with McKesson, FDB will produce all pricing-related documents (including letters, price lists, e-mails, etc.) located in the hard-copy manufacturer pricing files that FDB maintains for any of the manufacturers of the Subject Drugs.

## REQUEST FOR PRODUCTION NO. 7:

All documents concerning communications with any retail pharmacy or pharmacy chain regarding WAC, AWP, the markup from WAC to AWP, or WAC-AWP spreads.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting FDB's transmission of WACs, AWPs, SWPs, the markup from WAC to AWP, or WAC-AWP spreads to any wholesaler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of

responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 9:

All documents reflecting the transmission of WACs, AWPs, the markup from WAC to AWP, or WAC-AWP spreads from any Wholesaler to FDB.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

First DataBank's Responses and Objections                -9-

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 10:

All documents describing FDB's method for obtaining WACs, AWPs, the markup from WAC to AWP, or WAC-AWP spreads or its maintenance of any pricing database.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request; including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005

deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

## REQUEST FOR PRODUCTION NO. 11:

All documents reflecting any survey conducted by You to obtain WACs, AWPs, the markup from WAC to AWP, or WAC-AWP spreads.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James

Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning any change made by FDB in any pricing database or publication as the result of any survey of any Wholesaler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

FDB objects to this Request as overly burdensome, duplicative, oppressive, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning any requests by You for information concerning the pricing or reimbursement for Subject Drugs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 14:**

All documents reflecting FDB's description or identification of any Manufacturer as having a suggested, proposed, or stated markup, including but not limited to a 20% or a 25% markup or spread between WAC and AWP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson

a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 15:

All documents concerning FDB's use or publication of an AWP or SWP suggested by a Manufacturer.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client

privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

## REQUEST FOR PRODUCTION NO. 16:

All documents reflecting any price changes or surveys implemented as a result of any merger between any Manufacturer with any other Manufacturer.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 17:**

All documents created or transmitted by FDB reflecting FDB's publication of WACs, AWPs, the markup from WAC to AWP, or WAC-AWP spreads in any website, newsletter, email update, bulletin, alert, or any other publication apart from its pricing database.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to

further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the impacts of changes in WAC-AWP spreads on pharmacy reimbursement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the effect of an actual or potential increase or decrease in the WAC-AWP spread or published AWPs on retail pharmacies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning whether increasing the WAC-AWP spread or published AWPs would increase profits for FDB or for any FDB customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 21:**

All documents describing FDB's contractual relationship with any Wholesaler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will produce a copy of all license agreements (including all amendments and related correspondences) that FDB maintains (or maintained) with McKesson, Amerisource Bergen, and Cardinal. Except to the extent they may license data from FDB (as McKesson does), FDB has no contractual relationship with any drug wholesalers.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning any pricing survey conducted by any Publication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents explaining its historical wholesaler survey process, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

FDB is not aware of any other publication's "pricing surveys" and has no additional responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning FDB's pricing database, the database itself and any codes to that database.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson documents responsive to this Request, including: hundreds of pages of deposition testimony and 10 years worth of year-end pricing data for all drugs tracked on FDB's "database" (the NDDF). FDB will meet and confer with McKesson to discuss whether additional documents are called for by this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning any communications with any trade group, lobbying organization, or trade association regarding AWPs, the spread between AWPs and WAC, or profit margins of any FDB customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson

a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning reimbursement by a Private Payor for Subject Drugs on the basis of the published AWPs, including AWPs published by First DataBank.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning the accuracy of published AWPs or the representations made by FDB regarding AWPs it published.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the meaning of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning the publication of AWPs by Red Book, Medi-Span, or any other publisher (other than First DataBank).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced

in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL

No. 1456), pending in Boston. This production included tens of thousands of pages of

responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16

transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to

this Request to the extent it seeks information or documents protected by the attorney-client

privilege and the attorney work product doctrine. FDB further objects to this Request to the

extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth

above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not

aware of and has no reason to believe that it possesses any responsive documents.

## REQUEST FOR PRODUCTION NO. 28:

All documents concerning any effect that the merger of First DataBank and Medi-Span

had on Your policies and procedures with respect to AWP.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing

in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson

a complete electronic set of the documents, data, and prior testimony which FDB had produced

in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL

No. 1456), pending in Boston. This production included tens of thousands of pages of

responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16

transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to

this Request to the extent it seeks information or documents protected by the attorney-client

privilege and the attorney work product doctrine. FDB further objects to this Request to the

extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning any representation or other statement by First DataBank concerning its business, including its publication of AWPs, how it derived pricing information for its database, how it determined markups, its research of wholesalers, and its conduct of surveys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and

hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to
further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005
deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James
Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains
information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning complaints or other reactions by Manufacturers to AWPs
published by First DataBank.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing
in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson
a complete electronic set of the documents, data, and prior testimony which FDB had produced
in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL
No. 1456), pending in Boston. This production included tens of thousands of pages of
responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16
transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to
this Request to the extent it seeks information or documents protected by the attorney-client
privilege and the attorney work product doctrine. FDB further objects to this Request to the
extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth
above, FDB responds as follows: Pursuant to its meet and confer agreement with McKesson,
FDB will produce all pricing-related documents (including letters, price lists, e-mails, etc.) from
the hard-copy manufacturer pricing files that FDB maintains for any manufacturers of the
Subject Drugs.

**REQUEST FOR PRODUCTION NO. 31:**

All documents involving any potential, prospective, or actual settlement between any Plaintiffs and First DataBank, including all communications between Plaintiffs' counsel and First DataBank or its counsel concerning AWPs, Manufacturers, PBMs, Private Payors, or Wholesalers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

FDB objects to this Request, because it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request because its seeks the disclosure of information exchanged in the course of efforts to settle or compromise, which information is protected and is inadmissible under Federal Rule of Evidence 408.

Subject to these objections, FDB will not produce any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning reimbursement rates to retail pharmacies for any Subject Drugs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client

privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning the Medicare Modernization Act of 2003, or any like proposed federal legislation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning First DataBank's changes in 2005 to its policies and procedures related to the publication of AWP information and its addition of the new field of "Alternative Benchmark Price" to its database.

First DataBank's Responses and Objections          -28-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson the January 2005 deposition transcript of FDB witness Patricia Kay Morgan, from the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This transcript contains information directly responsive to this Request. FDB agrees to further produce a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning the proposed or actual discontinuation of AWP as a basis or means for reimbursement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced

in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL
No. 1456), pending in Boston. This production included tens of thousands of pages of
responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16
transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to
this Request to the extent it seeks information or documents protected by the attorney-client
privilege and the attorney work product doctrine. FDB further objects to this Request to the
extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth
above, FDB responds as follows: FDB already has produced to McKesson the January 2005
deposition transcript of FDB witness Patricia Kay Morgan, from the *In re Pharmaceutical
Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in
Boston. This transcript contains information directly responsive to this Request. FDB agrees to
further produce a copy of an August 2005 deposition transcript of FDB's Senior Director of
Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al.
v. Abbott*, et al., which contains information responsive to this Request. Finally, FDB refers
McKesson to the March 2005 letter FDB sent its customer on this subject, publicly-available on
FDB's website at http://www.firstdatabank.com.

## REQUEST FOR PRODUCTION NO. 36:

All documents comparing AWPs published by First DataBank with AWPs published by
any other Publisher.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing
in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson
a complete electronic set of the documents, data, and prior testimony which FDB had produced
in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL
No. 1456), pending in Boston. This production included tens of thousands of pages of

responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 37:**

All documents comparing AWPs published by First DataBank to manufacturer Suggested Wholesale Prices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB will conduct a good faith investigation, but FDB is not aware of and has no reason to believe that it possesses any responsive documents.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning any definition or meaning of AWP or concerning use of AWP in the pharmaceutical marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson thousands of pages of documents responsive to this Request, including: copies of its historical *BlueBook* publication (1990 to 1996); copies of all of its historical *NDDF* Documentation Manuals (1998 – 2004); internal memoranda; screenshots from FDB's website; volumes of other publications; and hundreds of pages of deposition testimony directly responsive to this Request. FDB agrees to further produce a copy of its 2006 *NDDF* Documentation Manual and a copy of an August 2005 deposition transcript of FDB's Senior Director of Product Knowledge Base Services, James Breen, from the case the *State of West Virginia, et al. v. Abbott*, et al., which contains information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning any internal or external, formal or informal, assessments, studies, analyses, reviews, investigation, or audits regarding drug pricing, publication of AWPs, or reimbursement for drugs sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 40:**

All communications between You and any Third Party Administrator, Private Payor, Wholesaler, Pharmacy Benefit Manager, Benefit Consultant, Retailer, Mail Order Pharmacy, Manufacturer, or any other person concerning WAC-AWP spreads.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify all of Your employees and to show Your organizational structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of

responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 42:**

All current and historical organizational charts for all of Your departments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of

non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 43:

All documents You produced or made available for inspection, whether voluntarily or involuntarily, in any Governmental Investigation, inquiry, or litigation concerning AWP, including in the litigation entitled *In re Pharmaceutical Average Wholesale Price Litigation*, MDL No. 1456, No. 01-12257, pending in the District of Massachusetts.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning any legal proceeding (by country, court, caption, case number, etc.) including, but not limited to, court hearings, legislative hearings, mediations or arbitrations, in which You were a party, regarding AWP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 45:**

All affidavits, declarations, depositions, or other written statements, including drafts, provided by You regarding AWP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson

a complete electronic set of the documents, data, and prior testimony which FDB had produced

in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL

No. 1456), pending in Boston. This production included tens of thousands of pages of

responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16

transcripts from depositions taken of FDB representatives on similar topics.

      FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to

this Request to the extent it seeks information or documents protected by the attorney-client

privilege and the attorney work product doctrine. FDB further objects to this Request to the

extent it seeks the confidential or proprietary information of any third parties.

      Subject to and without waiving these objections and the General Objections set forth

above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of

non-privileged documents responsive to this Request (to the extent such responsive documents

exist and have not already been produced to McKesson), subject to an appropriate protective

order.

## REQUEST FOR PRODUCTION NO. 46:

      All documents sufficient to identify Your policy or practice of document retention,

disposal, or preservation for each year during the Relevant Time Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

      FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing

in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson

a complete electronic set of the documents, data, and prior testimony which FDB had produced

in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL

No. 1456), pending in Boston. This production included, among other things, the transcripts

from multiple depositions of FDB representatives containing testimony on FDB's document

retention policies and practices.

      Subject to and without waiving these objections and the General Objections set forth

above, FDB responds as follows: FDB's general, unwritten document retention policy is to

maintain drug pricing documents for 2 years plus the "current" year (*i.e.*, for a maximum of 3 years). FDB's general document retention policy is currently superseded, due to the fact that FDB is in the process of responding to several subpoenas and similar civil investigative demands. In response to these subpoenas and requests (and Pursuant to the applicable evidence and procedure codes), FDB recently has adopted more formal document retention guidelines. These new guidelines have been memorialized on the memorandum which is protected from disclosure by the attorney client privilege and work product doctrine.

## REQUEST FOR PRODUCTION NO. 47:

All documents reflecting the Blue Book AWP published by FDB, including the AWPs for the Subject Drugs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as overbroad. Subject to and without waiving these objections and the General Objections set forth above, FDB responds as follows: FDB already has produced to McKesson 10 years of year-end pricing (including BlueBook AWP pricing) for all drugs maintained and tracked on FDB's "database" (the NDDF), including the Subject Drugs. FDB has further agreed to produce all daily pricing data (including BBAWP) for all drugs maintained and tracked on the NDDF, from July 2004 to June 30, 2006. FDB does not possess any additional BBAWP data or documentation, beyond that which it already has produced.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning communications to or from a PBM, Benefit Consultant, or Private Payor regarding AWP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

FDB objects to this Request as overly burdensome, duplicative, redundant, and harassing in light of the fact that in March of 2006—at McKesson's request—FDB produced to McKesson a complete electronic set of the documents, data, and prior testimony which FDB had produced in the *In re Pharmaceutical Industries Average Wholesale Price* Multidistrict Litigation (MDL No. 1456), pending in Boston. This production included tens of thousands of pages of responsive documents, 10 years worth of historical pricing data for all relevant drugs, and 16 transcripts from depositions taken of FDB representatives on similar topics.

FDB further objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential or proprietary information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 49:**

All documents since January 1, 2000 concerning Kay Morgan's employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

FDB objects to this Request as vague, ambiguous, and overbroad. FDB objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine. FDB further objects to this Request to the extent it seeks the confidential, proprietary, or private information of any third parties.

Subject to and without waiving these objections and the General Objections set forth above, FDB will meet and confer with McKesson to discuss the production of a reasonable set of non-privileged documents responsive to this Request (to the extent such responsive documents exist and have not already been produced to McKesson), subject to an appropriate protective order.

New York, New York.
July 6, 2006

Respectfully submitted,

First DataBank, Inc.

By its counsel:

Robert J. Hawley
Office of General Counsel
The Hearst Corporation
959 Eighth Avenue
New York, NY 10019
Telephone: 212.649.2050
Facsimile: 212.649.2639

20160892.1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following

counsel on July 6, 2006 by Overnight Mail:

Attorneys for Defendant McKesson Corporation:

Melvin R. Goldman
Morrison & Foerster
425 Market Street
San Francisco, CA   94105-2482

Attorneys for Plaintiffs:

Thomas M. Sobol
Hagens Berman Sobol Shapiro
One Main Street, 4th Floor
Cambridge, MA   02142

Steve W. Berman
Hagens Berman Sobol Shapiro
1301 Fifth Avenue, Suite 2900
Seattle, WA   98101

Elizabeth Fegan
Hagens Berman Sobol Shapiro
60 W. Randolph Street, Suite 200
Chicago, IL   60601

Jeffrey Kodroff
Spector Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA   19103

Kenneth A. Wexler
The Wexler Firm LLP
One North LaSalle Street, Suite 2000
Chicago, IL   60602

George E. Barrett
Barrett Johnston & Parsley
217 Second Avenue, North
Nashville, TN   37201

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA   18901


_Robert J. Hawley_

Robert J. Hawley

# Exhibit 2

**1:01-cv-12257-PBS** Citizens for Consume, et al v. Abbott Laboratories,, et al
Patti B. Saris, presiding
Marianne B. Bowler, referral
**Date filed:** 12/19/2001 **Date of last filing:** 07/10/2006

# Attorneys

**Jeffrey B. Aaronson**
Bell, Boyd & Lloyd
3 First National Plaza
70 West Madison Street, Suite 3200
Chicago, IL 60602-4207
  *Assigned: 06/03/2002*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**Baxter International, Inc.**
*(Defendant)*

**Joseph G. Adams**
Snell & Wilmer LLP
1 Arizona Center
400 E Van Buren
Phoenix, AZ 85004-2202
US
602-382-6207
602-382-6070 (fax)
  *Assigned: 06/21/2006*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**Pharmacia & Upjohn, Inc.**
*(Consolidated Defendant)*

**Pharmacia Corporation**
*(Consolidated Defendant)*

**Neil Alden**
Bowman and Brooke LLP
2901 North Central Avenue
Suite 1600
Phoenix, AZ 85012
US
  *Assigned: 03/29/2006*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**Baxter Healthcare Corp.**
*(Consolidated Defendant)*

**Baxter International, Inc.**
*(Defendant)*

**Justin S. Antonipillai**
Arnold & Porter
555 Twelfth Street, NW
Washington, DC 20004
202-942-5066
202-942-5999 (fax)
Justin_Antonipillai@aporter.com
  *Assigned: 03/21/2005*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**Ethex Corporation**
*(Defendant)*


**Ethex Corporation**
*(Defendant)*


**Martin A. Aronson**
Morrill & Aronson
1 East Camelback Road
Suite 340
Phoenix, AZ 85012-1648
  *Assigned: 06/21/2006*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**Fujisawa Healthcare, Inc.**
*(Consolidated Defendant)*


**Fujisawa USA, Inc.**
*(Consolidated Defendant)*


**Daniel F. Attridge**
Kirkland & Ellis
Suite 1200
655 Fifteenth St.,N.W.
Washington, DC 20005
202-879-5012
202-879-5200 (fax)
dattridge@kirkland.com
  *Assigned: 11/01/2002*
  *TERMINATED: 04/27/2006*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**B. Braun Medical Inc.**
*(Defendant)*


**B.Braun of America**
*(Defendant)*


**Megan M. Auchincloss**
Morrison & Foerster LLP

370 17th Street
Suite 5200
Denver, CO 80202-5638
303-592-1500
303-592-1510 (fax)                    representing        **Purdue Pharma L.P.**
mauchincloss@mofo.com                                     *(Defendant)*
  *Assigned: 11/29/2004*
  *TERMINATED: 01/27/2005*
  *LEAD ATTORNEY*


**Jennifer Aurora**
Sedgwick, Detert, Moran & Arnold
LLP
125 Broad Street                                         **Organon Pharmaceuticals USA,**
New York, NY 10004                     representing       **Inc.**
US                                                       *(Defendant)*
  *Assigned: 10/04/2005*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*


**Gary L. Azorsky**
Berger & Montague, PC
1622 Locust Street                                       **Ven-A-Care of the Florida Keys,**
Philadelphia, PA 19103                 representing       **Inc.**
215-875-3000                                             *(Plaintiff)*
  *Assigned: 09/02/2003*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*


**Susan Hughes Banning**
Hemenway & Barnes
60 State Street
Boston, MA 02109
617-557-9701                           representing       **Neighborhood Health Plan, Inc.**
617-227-7475 (fax)                                       *(Movant)*
sbanning@hembar.com
  *Assigned: 01/10/2006*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*


**Anita Bapooji Ryan**
Goodwin Procter LLP
Exchange Place
53 State Street                        representing
Boston, MA 02109
617-570-1998                                             **TAP Pharmaceutical Products, Inc.**

jelberg@dwyercollora.com
*Assigned: 09/15/2005*
*ATTORNEY TO BE NOTICED*

**Bristol-Myers Squibb Company**
*(Defendant)*

**Oncology Therapeutics Network Corp.**
*(Defendant)*

**Apothecon**
*(Consolidated Defendant)*

**G. Scott Emblidge**
Moscone, Emblidge & Quadra
180 Montgomery Street
1240
San Francisco, CA 94104        representing    **Constance Thompson**
415-362-3599                                    *(Plaintiff)*
 *Assigned: 05/02/2005*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Timur S. Engin**
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304        representing     **Purdue Pharma L.P.**
650-813-5600                                *(Defendant)*
650-494-2001 (fax)
tengin@mofo.com
 *Assigned: 05/10/2006*

**William A. Escobar**
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178        representing     **Dey, Inc.**
 *Assigned: 12/01/2005*                       *(Defendant)*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Lisa A. Estrada**
Arent Fox PLLC

100 Summer Street
Boston, MA 02110
617-345-6123
866-382-5883 (fax)
 *Assigned: 11/18/2002*
 *TERMINATED: 08/01/2005*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Bayer Corp.**
*(Defendant)*


**Bayer Corporation**
*(Defendant)*


**Ryan James**
U.S. Steel Tower
600 Grant Street
58th Floor
Pittsburg, PA 15219
 *Assigned: 04/15/2003*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Mylan Laboratories, Inc.**
*TERMINATED: 03/01/2004*
*(Defendant)*


**James E. Johnson**
Morrison and Foerster LLP
1290 Avenues of the Americas
New York, NY 10104
212-468-8000
 *Assigned: 05/15/2003*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Purdue Pharma L.P.**
*(Defendant)*


**C. David Johnstone**
Attorney General's Office - KY
1024 Capitol Center Drive
Suite 200
Frankfort, KY 40601-8204
US
502-696-5445
502-573-7150 (fax)
david.johnstone@ag.ky.gov
 *Assigned: 01/18/2006*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Commonwealth of Kentucky**
*(Consolidated Plaintiff)*


**Jaime L.M. Jones**
Sidley Austin LLP

**Oliver Metzger**
Morrison and Foerster LLP
1290 Avenues of the Americas
New York, NY 10104
212-468-8000
  *Assigned: 05/15/2003*
  *TERMINATED: 11/23/2004*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**Purdue Pharma L.P.**
*(Defendant)*


**Geoffrey J. Michael**
Arnold & Porter, LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206
US
202-942-6592
202-942-5999 (fax)
geoffrey.michael@aporter.com
  *Assigned: 01/12/2006*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**Gilead Sciences, Inc.**
*(Defendant)*


**W. Daniel Miles, III**
Beasley Allen Crow Methvin Portis &
Miles PC
105 Tallapoosa Street
Montgomery, AL 36110
334-269-2343
  *Assigned: 05/02/2005*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**John V. Digel**
*(Consolidated Plaintiff)*


**Adam D. Miller**
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd.
16th Floor
Los Angeles, CA 90266
310-552-3800
310-552-9434 (fax)
amiller@elllaw.com
  *Assigned: 09/10/2003*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

representing

**Ven-A-Care of the Florida Keys,
Inc.**
*(Plaintiff)*


**Darrell A.H. Miller**
Vorys, Sater, Seymour and Pease, LLP

**L.P.**
*(Defendant)*

**McNeil-PPC, Inc.**
*(Defendant)*

**Centocor, Inc.**
*(Consolidated Defendant)*

**Janssen Pharmaceutica Products, L.P.**
*(Consolidated Defendant)*

**Johnson & Johnson**
*(Consolidated Defendant)*

**McNeil-PPC, Inc.**
*(Consolidated Defendant)*

**Ortho Biotech**
*(Consolidated Defendant)*

**Lori A. Schechter**
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
415-268-7522 (fax)
lschechter@mofo.com
 *Assigned: 05/15/2003*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**Purdue Pharma L.P.**
*(Defendant)*

**Aaron Schepler**
Greenberg Traurig LLP
2375 E Camelback Road
Suite 700
Phoenix, AZ 85016
US
602-445-8000
602-445-8100 (fax)
 *Assigned: 06/21/2006*
 *LEAD ATTORNEY*

representing

**Aventis Behring LLC**
*(Consolidated Defendant)*

# Exhibit 3



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

July 5, 2006

*Via E-mail*

Ms. Lori Schechter
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

      Re:   *New England Carpenters Health Benefit Fund, et al. v. First Databank, et al.*, No. 1:05-cv-11148- PBS

Dear Lori:

      We accept McKesson's offer contained in its motion to compel production of documents that McKesson will be satisfied with conducting its own search the MDL document production in Plaintiffs' possession. *E.g.*, Memorandum in Support of Motion to Compel, docket no. 61, at 3 n.2, 7. The production is voluminous, consisting of millions of pages of documents. It has been enough of a struggle for us to review these documents for our own purposes in the MDL action; it is beyond our capacity to review them again for McKesson. And again, the burden of production far outweighs the likelihood of relevant materials being present that are not already available to you in other materials. We hence invite you to review for yourself the MDL document production in our possession. We agree to make the documents available for your review to the best of our ability at their present locations in various offices around the country. Please note that the documents in our possession are not in the order originally produced. We have reordered them to suit our litigation needs.

      Our acceptance of your offer is subject to two conditions. First, you have been advised many times about the enormous volume of documents that comprise the MDL production, and hence you cannot assert that volume and the time you will require to complete your review as grounds to seek any extension of the case schedule. Second, we consent to your review as long as our costs are minimized. You will be responsible for all copying expenses, for example, as well as the cost of providing proctors to monitor the integrity of the produced document sets during your review.

      Let me know at your earliest convenience whether you agree to these terms.

A T T O R N E Y S   A T   L A W        S E A T T L E    L O S   A N G E L E S    C A M B R I D G E    P H O E N I X    C H I C A G O

T 206.623.7292    F 206.623.0594
1301 FIFTH AVENUE  SUITE 2900  SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001821-13 117539 V1

Ms. Lori Schechter
July 5, 2006
Page 2


Sincerely,

*[sent via electronic delivery]*

Steve W. Berman

cc:    Plaintiffs' Counsel

# Exhibit 4

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

July 11, 2006

Writer's Direct Contact

415.268.6355
LSchechter@mofo.com

*By E-Mail*

Steve W. Berman
Hagens Berman Sobol Shapiro
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:     *New England Carpenters v. First Databank*

Dear Steve:

This letter responds to your July 5 letter offering to make the MDL document production available for our review.

While we appreciate your offer and are willing to pay our own vendor's fees for photocopying or scanning services, we cannot agree to the other conditions proposed in your letter.

As you know, we have been asking to inspect the MDL document production since December. You have consistently refused. By denying McKesson access to this material for the last six months, you have prejudiced our ability to prepare a timely defense to plaintiffs' claims. Your first condition is therefore unacceptable. Nor will McKesson agree to your second condition. There is no basis for requiring McKesson to bear the expense of plaintiffs hiring "proctors" to monitor our review of the MDL documents. If you believe proctors are necessary – we do not – you should bear that expense.

In addition, before we can agree to compromise the portion of McKesson's motion seeking access to the MDL document production, we need plaintiffs' commitment to two points.

First, your letter states that the MDL documents are "not in the order originally produced" and are maintained "in various locations around the country." To conduct a timely and efficient review of this material, we need a written catalogue specifying *by location* the categories into which the documents have been organized, the volume of documents maintained within each category, and the sources of documents collected in each category.

sf-2160340

MORRISON | FOERSTER

Steve W. Berman
July 11, 2006
Page Two

Second, an important goal of the discovery process is to define the universe of documents that may be used in this case. Plaintiffs claim that they have already separately produced to McKesson copies of those documents from the MDL case which they believe may be relevant (i.e., the PBMs', wholesalers', and publishers' documents from the MDL). After you permit McKesson the right to inspect the entire MDL production, McKesson will designate those additional portions of the MDL production that it believes may be relevant to the case. Both sides will then know the subset of MDL documents that may be used in this case. Therefore, plaintiffs will not use in this case any other documents from the MDL. As we noted in our letter of March 27, 2006, to do otherwise would create "trial by ambush."

Please let me know if you accept this resolution of the MDL document issue.

Sincerely,

Lori A. Schechter

sf-2160340