UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　　　Defendants. | Case No. 1:05-CV-11148-PBS |

**DEFENDANT MCKESSON'S EMERGENCY MOTION TO SUBSTITUTE REDACTED COPIES OF TWO EXHIBITS ATTACHED TO THE DECLARATION OF STEVE W. BERMAN FILED ON JULY 21, 2006**

This motion seeks narrow relief: the replacement of two exhibits filed by plaintiffs with redacted copies in order to remove competitively sensitive, customer pricing information from the public record.

On July 21, 2006, plaintiffs publicly filed unredacted versions of "Confidential" and "Highly Confidential" documents produced by McKesson pursuant to the Protective Order in this case. The two documents that are the subject of this motion contain recent, highly sensitive pharmaceutical pricing information, the disclosure of which threatens to injure McKesson's legitimate business interests. The present motion is necessary only because plaintiffs refused McKesson's request that they withdraw the unredacted documents and replace them with versions in which the commercially sensitive information is redacted.

1

### A.     The Protective Order and McKesson's Confidentiality Designations

The Protective Order allows producing parties to designate proprietary or commercially sensitive information as "Confidential" and to designate as "Highly Confidential" pricing information and other information "the disclosure of which is likely to cause competitive or commercial injury to the producing party." (Protective Order ¶¶ 2, 4 (Docket 49), entered on April 13, 2006.)  Paragraph 14 of the Protective Order requires that any "Confidential" or "Highly Confidential" information filed with the Court be filed under seal.

### B.     Plaintiffs' Violation of the Protective Order

On Monday, July 17, 2006, plaintiffs filed their motion for class certification and supporting documents, including the Declaration of Steve W. Berman in Support of Plaintiffs' Motion for Class Certification and Motion for Leave to File First Amended Complaint ("Berman Declaration").  The plaintiffs' papers quoted or made reference to McKesson documents that were designated "Confidential" or "Highly Confidential" under the Protective Order, and accordingly, plaintiffs filed the papers under seal along with a Motion for Leave to File Under Seal.  On July 20, 2006, however, the parties received notice that the Court denied the Motion to File Under Seal for failure to show good cause.

Without conferring with McKesson, plaintiffs promptly filed all of their papers publicly in violation of Paragraph 14 of the Protective Order.  (Docket 90-94, Plaintiffs' Memorandum in Support of Class Certification; Berman Declaration; Plaintiffs' Memorandum in Support of Motion for Leave to File First Amended Complaint; First Amended Complaint; Appendix A; filed July 21, 2006.)  Plaintiffs made no attempt to follow the procedures outlined in the Protective Order for challenging any confidentiality designation.  Instead, plaintiffs cited this Court's order denying their motion to seal as license to ignore the Protective Order entirely.  (*Id.*)

2

McKesson responded with a letter to plaintiffs restating its offer to meet and confer regarding disputed confidentiality designations. McKesson also agreed to lift the confidentiality designation for all of the documents plaintiffs filed in violation of the Protective Order except for Exhibits 12 and 39 to the Berman Declaration. These two documents – the only documents at issue here – contain competitively sensitive pricing information contained in confidential contracts between McKesson and one of its customers and other commercially sensitive business information. McKesson therefore alerted plaintiffs to the "highly confidential, recent pricing and business information" contained in these exhibits, and requested that plaintiffs file a corrected version of the Berman Declaration with redacted versions of these two exhibits to remove the sensitive information from the public record. McKesson also prepared such redacted versions of these documents for plaintiffs to file with the corrected declaration. (Declaration of Lori Schechter in Support of Emergency Motion to Substitute Redacted Copies of Two Exhibits Attached to the Declaration of Steve W. Berman Filed on July 21, 2006 ("Schechter Decl.") ¶ 2, Ex. 1.) Plaintiffs refused McKesson's request.

Plaintiffs claim that their disagreement regarding McKesson's confidentiality designations absolves them of their obligations under the Protective Order. (Schechter Decl. ¶ 3, Ex. 2.) This is absurd. If plaintiffs disagree with any of McKesson's designations, plaintiffs must object in writing, specifically identifying the grounds for each objection, attempt to informally resolve their objections, and if necessary, move to compel after these attempts have concluded. (Protective Order ¶ 16.) Documents designated as "Confidential" or "Highly Confidential" by McKesson "shall continue to receive the protection of their designation until the Court rules on the motion [to compel]." (*Id.*) Only the Court, not plaintiffs, can make the final determination regarding the appropriateness of confidentiality designations.

Plaintiffs also contend that this Court ignored the process outlined in the Protective Order and already made such a determination when it denied plaintiffs' Motion to Seal. This, too, is absurd.

3

The Court made no such findings with respect to any of the documents, let alone the only two for which McKesson now seeks confidential treatment.

### C. Portions of Exhibits 12 and 39 to the Berman Declaration Warrant Confidential Treatment and Should be Replaced with Redacted Versions

Exhibits 12 and 39 are email exchanges from late 2004 that disclose McKesson's prices and pricing methodology on particular items for a particular customer. (Docket 91, Exs. 12 and 39.) As explained in the Declaration of Jeff Felton, the public disclosure of this information prejudices McKesson's legitimate business interests by opening its proprietary pricing methods and prices to competitors and customers. (Declaration of Jeff Felton in Support of Emergency Motion to Substitute Redacted Copies of Two Exhibits Attached to the Declaration of Steve W. Berman Filed on July 21, 2006 ¶¶ 1-3.) At the same time, the information is immaterial to plaintiffs' briefs, which do not cite *any* of the portions McKesson seeks to redact.

In the interest of restoring the confidentiality of these documents and removing them from the public record as quickly as possible, McKesson requests that the Court order that the unredacted Exhibits 12 and 39 to the Berman Declaration be replaced with the redacted versions attached to the Schechter Declaration as Exhibit 3, filed herewith.[1]

---

[1] The redacted Exhibits contained in Exhibit 3 to the Schechter Declaration correct redaction errors made in the redacted documents sent to plaintiffs' counsel on July 25, 2006, reflected in Schechter Decl. Ex. 1.

Dated: July 27, 2006

Respectfully submitted,

On behalf of DEFENDANT MCKESSON CORPORATION

By:

/s/ Lori A. Schechter
Lori A. Schechter

MELVIN R. GOLDMAN (*pro hac vice*)
LORI A. SCHECHTER (*pro hac vice*)
PAUL FLUM  (*pro hac vice*)
TIFFANY CHEUNG (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JOAN M. GRIFFIN
MICHAEL P. TWOHIG
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-3000
Facsimile: (617) 345-3299

*Attorneys for Defendant*
*MCKESSON CORPORATION*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 27, 2006.

                                      /s/ Lori A. Schechter
                                      Lori A. Schechter


**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

      I, Lori A. Schechter, counsel of record for defendant McKesson Corporation, hereby certify that counsel for McKesson conferred with counsel for plaintiffs in an effort to resolve the dispute referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

                                      /s/ Lori A. Schechter
                                      Lori A. Schechter

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND, PIRELLI ARMSTRONG
RETIREE MEDICAL BENEFITS TRUST,
TEAMSTERS HEALTH & WELFARE FUND
OF PHILADELPHIA AND VICINITY, and
PHILADELPHIA FEDERATION OF
TEACHERS HEALTH AND WELFARE FUND,

                Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri
corporation, and MCKESSON CORPORATION,
a Delaware corporation,

                Defendants.

Case No. 1:05-CV-11148-PBS

**[PROPOSED] ORDER GRANTING DEFENDANT MCKESSON CORPORATION'S EMERGENCY MOTION TO SUBSTITUTE REDACTED COPIES OF TWO EXHIBITS ATTACHED TO THE DECLARATION OF STEVE W. BERMAN FILED ON JULY 21, 2006**

July ___ 2006

Saris, U.S.D.J.

      The documents attached as Exhibits 12 and 39 to the Declaration of Steve W. Berman in Support of Plaintiffs' Motion for Class Certification and Motion for Leave to File First Amended Complaint ("Berman Declaration") (Docket 91, filed July 21, 2006) were designated by McKesson Corporation as "Highly Confidential" pursuant to the Protective Order in this case. This designation is supported by a declaration from McKesson attesting to the competitively sensitive nature of certain information contained in the documents. (Declaration of Jeff Felton in Support of Emergency Motion to Substitute Redacted Copies of Two Exhibits Attached to the Declaration of Steve W. Berman Filed on July 21, 2006 (filed July 26, 2006).) McKesson has concurrently filed redacted versions of Exhibits 12 and 39. (Declaration of Lori A. Schechter in Support of Emergency Motion to Substitute Redacted Copies of Two Exhibits Attached to the Declaration of Steve W. Berman Filed

1

on July 21, 2006, ¶ 4, Ex. 3 ("Schechter Declaration") (filed July 26, 2006).)  There being good cause, it is hereby ordered that the unredacted versions of these exhibits attached to the Berman Declaration be withdrawn from the public record and replaced with the redacted versions attached to Exhibit 3 of the Schechter Declaration.

    SO ORDERED.

                                                                       _____
                                                                        Patti B. Saris
                                                                        United States District Judge