UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND, PIRELLI ARMSTRONG
RETIREE MEDICAL BENEFITS TRUST,
TEAMSTERS HEALTH & WELFARE FUND
OF PHILADELPHIA AND VICINITY, and
PHILADELPHIA FEDERATION OF
TEACHERS HEALTH AND WELFARE FUND,

Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri
corporation, and MCKESSON CORPORATION,
a Delaware corporation,

Defendants.

Case No. 1:05-CV-11148-PBS

## DECLARATION OF JEFF FELTON IN SUPPORT OF DEFENDANT MCKESSON'S EMERGENCY MOTION TO SUBSTITUTE REDACTED COPIES OF TWO EXHIBITS ATTACHED TO THE DECLARATION OF STEVE W. BERMAN FILED ON JULY 21, 2006

I, Jeff Felton, declare as follows:

1. Up until July 10, 2006, I was the Senior Vice President of National Accounts at McKesson Health Systems, a segment of Defendant McKesson Corporation ("McKesson"). I am familiar with McKesson's methods and strategies for the pricing of the pharmaceuticals it sells. I submit this declaration in support of McKesson's Emergency Motion to Substitute Redacted Copies of Two Exhibits Attached to the Declaration of Steve W. Berman filed on July 21, 2006.

2. The negotiated contract terms governing McKesson's sales to its customers, including pricing terms, are confidential. These contracts are often entered into for two to three year periods. McKesson has taken steps to ensure that its negotiated contract terms with each customer are not shared with any other customer. Such information is not publicly available and constitutes proprietary and commercially sensitive information.

3. I have reviewed Exhibits 12 and 39 attached to the Declaration of Steve W. Berman filed on July 21, 2006. These exhibits include confidential contract terms, including pricing terms, pricing methodology and other confidential business information that reflect current methods, procedures, and processes relating to the pricing and profitability of pharmaceuticals sold by McKesson. The documents reveal (a) pricing methodologies in the discussion of basis points ("bps") for our contract with a customer; (b) the volume of purchases made by our customer;(c) the profitability of specific drugs pursuant to our customer's negotiated confidential contract price; (d) McKesson's strategy to sell certain drugs at certain prices; (e) which products are not selling well; and (f) whether certain customer contracts result in profits or losses for McKesson. McKesson considers such information to be commercially sensitive business information that is likely to cause competitive or commercial injury to McKesson if it is disclosed to the public.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of July, 2006, in ~~Los Angeles~~ Irvine, California.

By: _____
Jeff Felton

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 27, 2006.

/s/ Lori A. Schechter
Lori A. Schechter