IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND, PIRELLI ARMSTRONG
RETIREE MEDICAL BENEFITS TRUST,
TEAMSTERS HEALTH & WELFARE FUND
OF PHILADELPHIA AND VICINITY, and
PHILADELPHIA FEDERATION OF
TEACHERS HEALTH AND WELFARE FUND,

          Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri
corporation, and MCKESSON CORPORATION,
a Delaware corporation,

          Defendants.

Case No. 1:05-CV-11148-PBS

**DEFENDANT MCKESSON CORPORATION'S
ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

## PRELIMINARY STATEMENT

Defendant McKesson Corporation (hereinafter "McKesson") hereby answers, and avers the following defenses in response to, each and every allegation of the First Amended Class Action Complaint filed by Plaintiffs New England Carpenters Health Benefits Fund, Pirelli Armstrong Retiree Medical Benefits Trust, Teamsters Health & Welfare Fund of Philadelphia and Vicinity, Philadelphia Federation of Teachers Health and Welfare Fund, and District Council 37 Health & Security Plan (the "Complaint"). To the extent that factual allegations are contained in headings, footnotes, or the Table of Contents in the Complaint, McKesson denies such allegations, or is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies them.

The Complaint adds quotations from documents that have been improperly excerpted selectively and out of context, in an erroneous effort to suggest that McKesson entered into an agreement with FDB to raise AWPs. However, omitted by Plaintiffs is reference to discovery that Plaintiffs produced to McKesson from the related class action case, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, No. 01-CV-12257-PBS ("MDL"), showing that McKesson did not raise AWPs and did not form an agreement with FDB to raise AWPs. Specifically, in response to paragraphs 13, 62, 115-25, 130-32, 134, 140-41, and 171-74, McKesson avers as follows: Throughout the alleged class period, FDB represented to McKesson, consistent with FDB's public statements, that FDB's AWPs were derived by it from a survey of multiple wholesalers. Plaintiffs' own Complaint allegations concede that multiple wholesalers continued to provide FDB with pricing information through most of the Class Period. FDB has affirmed in the MDL that it did not tell McKesson that McKesson was the only wholesaler at times being surveyed by FDB.

The selected quoted excerpts in the Complaint omit multiple other statements from the very same documents, which show that McKesson did not raise AWPs and did not form an agreement with FDB to raise AWPs. By way of example only, the out-of-context excerpted quotations omit the following contemporaneous statements of Robert James from the material plaintiffs quote in the Complaint:

(a) "FDB determines the AWP by surveying the three national wholesalers on Brand Pharmaceuticals (generics are somewhat different) and taking the average, e.g., if 2 out [of] 3 are at 16 2/3% spread then that is the FDB published AWP, if 2 out of 3 are at 20%, then that is what is published.";

(b) "McKesson does not set AWP, we set List Price or Sugg Sell Price. AWP by definition is an 'average wholesale price'. This is arrived at by FDB by doing a phone survey in the couple of weeks following a new product introduction or a price increase.";

(c) "We obviously cannot say that McKesson is raising the AWP's. First DAtabank [sic] uses a survey process to determine the AWP."

(d) "its really happening the other way around. McKesson is normalizing our Sugg Sell or Retail List, and AWP increases happen when FDB re-surveys the wholesalers after price increases. They set the AWP where 2 out [of] 3 of the national wholesalers are using the same markup.";

(e) "Please note that just because McKesson increases markups to 25% does not mean that the AWP will increase. Remember, McKesson does not set AWP. This is an average determined by a FDB survey."

## RESPONSE TO SPECIFIC PARAGRAPHS

1.      In response to Paragraph 1 of the Complaint, McKesson admits that Plaintiffs purport to bring a class action as described therein.  McKesson denies each and every other allegation contained in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, McKesson admits that manufacturers do publish a wholesale acquisition cost, or "WAC."  McKesson also admits that there is a separate price term used in the pharmaceutical industry, average wholesale price, or "AWP."  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies each and every one of them.

3.      In response to Paragraph 3 of the Complaint, McKesson admits that publishing companies, including First DataBank, Inc. ("FDB"), publish compilations of drug price information that includes AWP.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies each and every one of them.

4.      In response to Paragraph 4 of the Complaint, McKesson admits that some end payors may use AWP in pharmaceutical reimbursements.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies each and every one of them.

5.      In response to Paragraph 5 of the Complaint, to the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

basis denies each and every one of them.  To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

6.      In response to Paragraph 6 of the Complaint, McKesson admits that it has on limited occasions provided pricing information to FDB.  McKesson further admits that FDB represented to McKesson that it derived the WAC/AWP markup through a survey of multiple wholesalers and that the AWPs published by FDB were the prices charged by the majority of these wholesalers.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis denies each and every one of them.

7.      In response to Paragraph 7 of the Complaint, McKesson is informed and believes, and on that basis admits, that some manufacturers have arrived at an AWP for some branded drugs by an application of a 20% or 25% markup to WAC.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies each and every one of them.

8.      In response to Paragraph 8 of the Complaint, McKesson denies each and every allegation contained therein.

9.      In response to Paragraph 9 of the Complaint, McKesson denies each and every allegation contained therein.

10.      In response to Paragraph 10 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations depicted in the chart and on that basis denies such allegations.  McKesson denies each and every remaining allegation contained in Paragraph 10.

11.     In response to Paragraph 11 of the Complaint, McKesson denies each and every allegation contained therein.

12.     In response to Paragraph 12 of the Complaint, McKesson admits that a portion of McKesson's business comes from large pharmaceutical retail chains and other retail pharmaceutical clients.  Except as expressly admitted, McKesson denies each and every allegation contained in Paragraph 12.

13.     In addition to the averments above, in response to Paragraph 13 of the Complaint, McKesson denies each and every allegation contained therein.

14.     To the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them. To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

15.     In response to Paragraph 15 of the complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

16.     In response to Paragraph 16 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  McKesson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16, and on that basis denies each and every one of them.

17.     In response to Paragraph 17 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  To the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief

as to the truth of the allegations contained therein, and on that basis denies each and every one of them.  To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

18.    In response to Paragraph 18 of the Complaint, McKesson admits that Plaintiffs and the Class seek to recover damages in this action.  Except as expressly admitted, McKesson denies each and every allegation contained in Paragraph 18.

19.    In response to Paragraph 19 of the Complaint, McKesson states that insofar as the allegations in Paragraph 19 state conclusions of law, no response thereto is required.  McKesson admits that it conducts business in the Commonwealth of Massachusetts.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies each and every such allegation.

20.    In response to Paragraph 20 of the Complaint, McKesson states that insofar as the allegations in Paragraph 20 state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

21.    In response to Paragraph 21 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

22.    In response to Paragraph 22 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

23.    In response to Paragraph 23 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

24.    In response to Paragraph 24 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

25.    In response to Paragraph 25 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

26.    In response to Paragraph 26 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

27.    In response to Paragraph 27 of the Complaint, McKesson admits that it is a Delaware corporation with its principal place of business at McKesson Plaza, One Post Street, San Francisco, California 94104.  McKesson also admits that it considers itself the leading provider of supply, information, and care management products and services designed to reduce costs and improve quality across healthcare.  McKesson admits that it was founded in 1833, and that its annual revenues from all of its businesses currently exceed $50 billion.  McKesson further admits that under certain rankings, McKesson ranks as the 16th largest industrial company in the United States.  Except as expressly admitted, McKesson denies each and every allegation contained in Paragraph 27.

28.    In response to Paragraph 28 of the Complaint, McKesson denies each and every allegation contained therein.

29.     In response to Paragraph 29 of the Complaint, McKesson is informed and believes, and on that basis admits, that drug makers manufacture brand name and generic drugs. Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis denies each and every one of them.

30.     In response to Paragraph 30 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

31.     In response to Paragraph 31 of the Complaint, McKesson is informed and believes, and on that basis admits, that drugs sold by retail pharmacies are identified by an eleven-digit National Drug Code ("NDC") that is listed with the United States Food and Drug Administration ("FDA").  Further, McKesson is informed and believes, and on that basis admits, that the first five digits of the NDC show the identity of the company that manufactured, packaged, and/or marketed the drug, the middle four digits identify the drug ingredient and dosage, and the last two digits identify the package size.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis denies each and every one of them.

32.     In response to Paragraph 32 of the Complaint, McKesson is informed and believes, and on that basis admits, that the WAC for branded drugs is established by the drug manufacturer.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis denies each and every one of them.

33.     In response to Paragraph 33 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

34.     In response to Paragraph 34 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

35.     In response to Paragraph 35 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

36.     In response to Paragraph 36 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

37.     In response to Paragraph 37 of the Complaint, McKesson is informed and believes, and on that basis admits, that manufacturers from time to time have caused to be published an average wholesale price or "AWP" for prescription pharmaceuticals.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis denies each and every one of them.

38.     In response to Paragraph 38 of the Complaint, McKesson is informed and believes, and on that basis admits, that WAC typically represents a list price from manufacturer to wholesaler.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 and on that basis denies each and every one of them.

39.     In response to Paragraph 39 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

40.     In response to Paragraph 40 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

41.     In response to Paragraph 41 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  McKesson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and on that basis denies each and every one of them.

42.     In response to Paragraph 42 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

43.     In response to Paragraph 43 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  McKesson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 43, and on that basis denies each and every one of them.

44.     In response to Paragraph 44 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

45.     In response to Paragraph 45 of the Complaint, McKesson admits that it purchases goods from manufacturers and resells the goods to its customers in usable quantities.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in Paragraph 45, and on that basis denies each and every one of them.

46.    In response to Paragraph 46 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

47.    In response to Paragraph 47 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

48.    In response to Paragraph 48 of the Complaint, McKesson is informed and believes, and on that basis admits, that McKesson, Cardinal Health, Inc. ("Cardinal"), and AmeriSource Bergen Corporation ("ABC") are currently the three largest wholesale drug distributors in the United States.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis denies each and every one of them.

49.    In response to Paragraph 49 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

50.    In response to Paragraph 50 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

51.    In response to Paragraph 51 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

52.     In response to Paragraph 52 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

53.     In response to Paragraph 53 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

54.     In response to Paragraph 54 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

55.     In response to Paragraph 55 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

56.     In response to Paragraph 56 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

57.     In response to Paragraph 57 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

58.     In response to Paragraph 58 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

59.     In response to Paragraph 59 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

60.     In response to Paragraph 60 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

61.     In response to Paragraph 61 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

62.     In addition to the averments above, in response to Paragraph 62 of the Complaint, McKesson is informed and believes, and on that basis admits, that there are pharmaceutical reimbursement contracts that are based on AWP minus a specified discount.  Except as expressly admitted, McKesson denies each and every allegation contained therein.

63.     In response to Paragraph 63 of the Complaint, McKesson is informed and believes, and on that basis admits, that there are pharmaceutical reimbursement contracts that are based on AWP minus a specified discount.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63, and on that basis denies each and every one of them.

64.     In response to Paragraph 64 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

65.     In response to Paragraph 65 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65, and on that basis denies each and every one of them.

66.     In response to Paragraph 66 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

67.     In response to Paragraph 67 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

68.     In response to Paragraph 68 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

69.     In response to Paragraph 69 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

70.     In response to Paragraph 70 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

71.     In response to Paragraph 71 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

72.     In response to Paragraph 72 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

73.     In response to Paragraph 73 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

74.     In response to Paragraph 74 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

75.     In response to Paragraph 75 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

76.     In response to Paragraph 76 of the Complaint, McKesson is informed and believes, and on that basis admits, that several pharmaceutical industry compendia periodically publish data designated as AWP for NDCs in the United States.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76, and on that basis denies each and every one of them.

77.     In response to Paragraph 77 of the Complaint, McKesson is informed and believes, and on that basis admits, that the printed compendia include the Drug Topics Red Book and the American Druggist First Data Bank Annual Directory of Pharmaceuticals and Essential Directory of Pharmaceuticals.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77, and on that basis denies each and every one of them.

78.     In response to Paragraph 78 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

79.     In response to Paragraph 79 of the Complaint, McKesson admits that electronic drug data containing information designated as AWPs for NDCs are available to it.  Except as expressly admitted, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 79, and on that basis denies each and every one of them.

80.     In response to Paragraph 80 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

81.     In response to Paragraph 81 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

82.     In response to Paragraph 82 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

83.     In response to Paragraph 83 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

84.     In response to Paragraph 84 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

85.     In response to Paragraph 85 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

86.     In response to Paragraph 86 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

87.     In response to Paragraph 87 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

88.     In response to Paragraph 88 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

89.     In response to Paragraph 89 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

90.     In response to Paragraph 90 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

91.     In response to Paragraph 91 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

92.     In response to Paragraph 92 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  McKesson is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations contained in Paragraph 92, and on that basis denies each and every one of them.

93.     In response to Paragraph 93 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

94.     In response to Paragraph 94 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

95.     In response to Paragraph 95 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

96.     In response to Paragraph 96 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

97.     In response to Paragraph 97 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

98.     In response to Paragraph 98 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

99.     In response to Paragraph 99 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

100.    In response to Paragraph 100 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

101.    In response to Paragraph 101 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

102.    In response to Paragraph 102 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

103.    In response to Paragraph 103 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

104.    In response to Paragraph 104 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

105.    In response to Paragraph 105 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

106.    In response to Paragraph 106 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

107.    In response to Paragraph 107 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

108.    In response to Paragraph 108 of the Complaint, McKesson admits that after March 1998, it purchased and utilized FDB's AWP.  Except as expressly admitted, McKesson denies each and every allegation contained in Paragraph 108.

109.    In response to Paragraph 109 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

110.    In response to Paragraph 110 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

111.    In response to Paragraph 111 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

112.    In response to Paragraph 112 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

113.    In response to Paragraph 113 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

114.    In response to Paragraph 114 of the Complaint, McKesson denies each and every allegation contained therein.

115.    In addition to the averments above, in response to Paragraph 115 of the Complaint, McKesson denies each and every allegation contained therein, including that the quoted document is designated "highly confidential."

116.    In addition to the averments above, in response to Paragraph 116 of the Complaint, McKesson denies each and every allegation contained therein, including that the quoted document is designated "highly confidential."

117.    In addition to the averments above, in response to Paragraph 117 of the Complaint, McKesson denies each and every allegation contained therein.

118.    In addition to the averments above, in response to Paragraph 118 of the Complaint, McKesson denies each and every allegation contained therein.

119.    In addition to the averments above, in response to Paragraph 119 of the Complaint, McKesson denies each and every allegation contained therein.

120.    In addition to the averments above, in response to Paragraph 120 of the Complaint, McKesson denies each and every allegation contained therein.

121.    In addition to the averments above, in response to Paragraph 121 of the Complaint, to the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them. To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

122.    In addition to the averments above, in response to Paragraph 122 of the Complaint, McKesson denies each and every allegation contained therein, including that the quoted document is designated "highly confidential."

123.    In addition to the averments above, in response to Paragraph 123 of the Complaint, McKesson denies each and every allegation contained therein.

124.    In addition to the averments above, in response to Paragraph 124 of the Complaint, McKesson denies each and every allegation contained therein.

125.    In addition to the averments above, in response to Paragraph 125 of the Complaint, McKesson denies each and every allegation contained therein.

126.    In response to Paragraph 126 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in therein, and on that basis denies each and every one of them.

127.    In response to Paragraph 127 of the Complaint, McKesson denies each and every allegation contained therein.

128.    In response to Paragraph 128 of the Complaint, McKesson denies each and every allegation contained therein.

129.    In response to Paragraph 129 of the Complaint, McKesson denies each and every allegation contained therein.

130.    In addition to the averments above, in response to Paragraph 130 of the Complaint, McKesson denies each and every allegation contained therein.

131.  In addition to the averments above, in response to Paragraph 131 of the Complaint, McKesson denies each and every allegation contained therein.

132.    In addition to the averments above, in response to Paragraph 132 of the Complaint, McKesson denies each and every allegation contained therein.

133.    In response to Paragraph 133 of the Complaint, McKesson denies each and every allegation contained therein.

134.    In response to Paragraph 134 of the Complaint, to the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.  To the extent that the allegations in this paragraph refer to McKesson, in addition to the averments above, McKesson admits that McKesson provides specialized services for its customers, including retail pharmacy customers, buying groups, hospital pharmacies, outpatient clinics, and other institutional providers.  McKesson further admits that its 2004 Annual Report noted that a significant portion of its revenue growth came from large customers, and that Rite-Aid represented 8% of McKesson's 2003 revenues. McKesson also admits that in 2003, Rite-Aid named McKesson its wholesaler of the year. Except as expressly admitted, McKesson denies each and every allegation contained in Paragraph 134.

135.    In response to Paragraph 135 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  McKesson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 135, and on that basis denies each and every one of them.

136.    In response to Paragraph 136 of the Complaint, McKesson denies each and every allegation contained therein.

137.    In response to Paragraph 137 of the Complaint, McKesson denies each and every allegation contained therein.

138.    In response to Paragraph 138 of the Complaint, McKesson denies each and every allegation contained therein.

139.    In response to Paragraph 139 of the Complaint, McKesson denies each and every allegation contained therein.

140.    In addition to the averments above, in response to Paragraph 140 of the Complaint, McKesson denies each and every allegation contained therein.

141.    In addition to the averments above, in response to Paragraph 141 of the Complaint, McKesson denies each and every allegation contained therein.

142.    In response to Paragraph 142 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

143.    In response to Paragraph 143 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

144.    In response to Paragraph 144 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  McKesson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 132, and on that basis denies each and every one of them.

145.    In response to Paragraph 145 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  McKesson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 144, and on that basis denies each and every one of them.

146.    In response to Paragraph 146 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

147.    In response to Paragraph 147 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  McKesson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 147, and on that basis denies each and every one of them.

148.    In response to Paragraph 148 of the Complaint, to the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.  To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

149.    In response to Paragraph 149 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

150.    In response to Paragraph 150 of the Complaint, McKesson admits that Plaintiffs purport to bring this action in the manner alleged.  Except as expressly admitted, McKesson denies each and every allegation of Paragraph 150.

151.    In response to Paragraph 151 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

152.    In response to Paragraph 152 of the Complaint, McKesson denies each and every allegation contained therein.

153.     In response to Paragraph 153 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

154.     In response to Paragraph 154 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

155.     In response to Paragraph 155 of the Complaint, McKesson states that as the allegations therein state conclusions of law, no response thereto is required.

156.     In response to Paragraph 156 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

157.     In response to Paragraph 157 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

158.     In response to Paragraph 158 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent

that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

159.    In response to Paragraph 159 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

160.    In response to Paragraph 160 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## COUNT I

## Violations of 18 U.S.C § 1962(C)

161.    In response to Paragraph 161 of the Complaint, McKesson realleges and incorporates its responses to the allegations in Paragraphs 1 through 160 of the Complaint.

162.    In response to Paragraph 162 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

163.    In response to Paragraph 163 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

164.    In response to Paragraph 164 of the Complaint, McKesson denies each and every allegation contained therein.

165.    In response to Paragraph 165 of the Complaint, McKesson denies each and every allegation contained therein.

166.    In response to Paragraph 166 of the Complaint, McKesson denies each and every allegation contained therein.

167.    In response to Paragraph 167 of the Complaint, to the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.  To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

168.    In response to Paragraph 168 of the Complaint, McKesson denies each and every allegation contained therein.

169.    In response to Paragraph 169 of the Complaint, McKesson denies each and every allegation contained therein.

170.    In response to Paragraph 170 of the Complaint, McKesson denies the Scheme alleged in the Complaint.  To the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.  To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

171.    In addition to the averments above, in response to Paragraph 171 of the Complaint, McKesson denies each and every allegation contained therein.

172.     In addition to the averments above, in response to Paragraph 172 of the Complaint, McKesson denies each and every allegation contained therein.

173.     In addition to the averments above, in response to Paragraph 173 of the Complaint, McKesson denies each and every allegation contained therein.

174.     In addition to the averments above, in response to Paragraph 174 of the Complaint, McKesson denies each and every allegation contained therein.

175.     In response to Paragraph 175 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

176.     In response to Paragraph 176 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

177.     In response to Paragraph 177 of the Complaint, McKesson denies each and every allegation contained therein.

178.     In response to Paragraph 178 of the Complaint, McKesson denies each and every allegation contained therein.

179.     In response to Paragraph 179 of the Complaint, McKesson denies each and every allegation contained therein.

180.     In response to Paragraph 180 of the Complaint, McKesson denies each and every allegation contained therein.

181.     In response to Paragraph 181 of the Complaint, McKesson denies each and every allegation contained therein.

182.     In response to Paragraph 182 of the Complaint, McKesson denies each and every allegation contained therein.

183.     In response to Paragraph 183 of the Complaint, McKesson denies each and every allegation contained therein.

184.     In response to Paragraph 184 of the Complaint, McKesson denies each and every allegation contained therein.

185.     In response to Paragraph 185 of the Complaint, McKesson denies each and every allegation contained therein.

186.     In response to Paragraph 186 of the Complaint, McKesson denies each and every allegation contained therein.

187.     In response to Paragraph 187 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

188.     In response to Paragraph 188 of the Complaint, McKesson denies each and every allegation contained therein.

189.     In response to Paragraph 189 of the Complaint, McKesson denies each and every allegation contained therein.

190.     In response to Paragraph 190 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent

that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## Applicable Law for Counts II-VI

191.    In response to Paragraph 191 of the Complaint, McKesson admits that plaintiffs purport to assert Counts II-VI under the law of California, and states that as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

192.    In response to Paragraph 192 of the Complaint, McKesson states that as the allegations therein state conclusions of law, no response thereto is required.

## COUNT II

### Untrue and Misleading Advertising
### Business and Professions Code § 17500, *et seq.*

193.    In response to Paragraph 193 of the Complaint, McKesson realleges and incorporates its responses to the allegations in Paragraphs 1 through 192 of the Complaint.

194.    In response to Paragraph 194 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

195.    To the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

196.     In response to Paragraph 196 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## COUNT III

### Violations of Unfair Competition Law
### Business and Professions Code § 17200, *et seq*.

197.     In response to Paragraph 197 of the Complaint, McKesson realleges and incorporates its responses to the allegations in Paragraphs 1 through 196 of the Complaint.

198.     In response to Paragraph 198 of the Complaint, McKesson admits that it maintains its principal place of business in California.  McKesson denies that it is incorporated in California.  McKesson further states that insofar as the allegations in Paragraph 198 state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, except as expressly admitted or denied, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

199.     In response to Paragraph 199 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

200.     In response to Paragraph 200 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent

that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

201.     In response to Paragraph 201 of the Complaint, McKesson denies each and every allegation contained therein.

202.     In response to Paragraph 202 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## COUNT IV

### Violations of the Consumer Legal Remedies Act
### Cal. Civ. Code § 1750, *et seq.*

203.     In response to Paragraph 203 of the Complaint, McKesson realleges and incorporates its responses to the allegations in Paragraphs 1 through 202 of the Complaint. McKesson further states that Plaintiffs do not purport to assert this claim against McKesson, and therefore no response thereto is required.

204.     In response to Paragraph 204 of the Complaint, to the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.  To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

205.     In response to Paragraph 205 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

206.     In response to Paragraph 206 of the Complaint, McKesson states that to the extent that the allegations in this paragraph refer to parties other than McKesson, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.  To the extent that the allegations in this paragraph refer to McKesson, McKesson denies each and every allegation contained therein.

207.     In response to Paragraph 207 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## COUNT V

### Negligent Misrepresentation

208.     In response to Paragraph 208 of the Complaint, McKesson realleges and incorporates its responses to the allegations in Paragraphs 1 through 207 of the Complaint. McKesson further states that Plaintiffs do not purport to assert this claim against McKesson, and therefore no response thereto is required.

209.     In response to Paragraph 209 of the Complaint, McKesson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every one of them.

210.     In response to Paragraph 210 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

211.    In response to Paragraph 211 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## COUNT VI

## Civil Conspiracy

212.    In response to Paragraph 212 of the Complaint, McKesson realleges and incorporates its responses to the allegations in Paragraphs 1 through 211 of the Complaint.

213.    In response to Paragraph 213 of the Complaint, McKesson denies each and every allegation contained therein.

214.    In response to Paragraph 214 of the Complaint, McKesson denies each and every allegation contained therein.

215.    In response to Paragraph 215 of the Complaint, McKesson denies each and every allegation contained therein.

216.    In response to Paragraph 216 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

217.    In response to Paragraph 217 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## ALTERNATE COUNT VII

### Consumer Protection Laws of Various States

218.    In response to Paragraph 218 of the Complaint, McKesson realleges and incorporates its responses to the allegations in Paragraphs 1 through 217 of the Complaint.

219.    In response to Paragraph 219 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

220.    In response to Paragraph 220 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## ALTERNATE COUNT VIII

### Civil Conspiracy

221.    In response to Paragraph 221 of the Complaint, McKesson realleges and incorporates its responses to the allegations in Paragraphs 1 through 220 of the Complaint.

222.    In response to Paragraph 222 of the Complaint, McKesson states that insofar as the allegations therein state conclusions of law, no response thereto is required.  To the extent that this paragraph contains allegations that are not conclusions of law, McKesson denies each and every allegation contained therein.

## DEMAND FOR JUDGMENT

In response to Plaintiffs' Demand for Judgment, McKesson denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to the relief requested or to any relief in any amount or of any kind whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, McKesson asserts the following separate and affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against McKesson upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to plead its claims against McKesson with sufficient particularity as required by Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by Plaintiffs' lack of standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, the four-year statute of limitations applicable to RICO claims as recognized by the Supreme Court in *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987); the four-year statute of limitations applicable to claims under California's Unfair Competition Law as codified in Business and Professions Code § 17208; the three-year statute of limitations applicable to claims under California's Consumer Legal Remedies Act; and the relevant statute of limitations applicable to civil conspiracy actions established in the applicable statutes, including the three-year statute of limitations for civil conspiracy claims under Massachusetts law as codified in Massachusetts General Laws Chapter 260 § 2A (2005).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, because Plaintiffs have failed to mitigate their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

McKesson's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiffs or the putative class.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have released, settled, entered into an accord and satisfaction of, or otherwise compromised their claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, because they have suffered no damages as a result of the matters alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, because McKesson's actions were undertaken in good faith and in accordance with established industry practices.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, because any injuries sustained by Plaintiffs were the result of intervening or superseding conduct of other parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution and the analogous provisions of the Constitutions of California, Massachusetts, and any other States whose laws are or become relevant in the course of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs and the putative class members attempt to seek equitable relief against McKesson, they are not entitled to such relief because they have an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims for damages under California Civil Code § 1750, *et seq*. are barred, in whole or in part, because Plaintiffs failed to notify McKesson more than thirty days prior to commencement of this action in compliance with the requirements set forth in California Civil Code § 1782.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and the putative class's claims under California Civil Code § 1750, *et seq*. are barred, in whole or in part, because McKesson has acted in good faith, and any alleged error on McKesson's part was a bona fide error notwithstanding McKesson's use of reasonable procedures adopted to avoid any such error.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class do not have valid consumer protection claims against McKesson under the state statutes alleged in Alternate Counts VII and VIII or any other State whose law is or becomes relevant in the course of this litigation.  However, if such claims are found to exist, McKesson pleads all available defenses under the Acts.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class lack standing to bring their asserted consumer protection claims against McKesson under California and the state statutes alleged in Alternate Counts VII and VIII or any other State whose law is or becomes relevant in the course of this litigation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and the putative class did not rely on the allegedly fraudulent statements or conduct of McKesson as required under certain state consumer protection laws, including without limitation those of New York, California, and Pennsylvania.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any allegedly fraudulent statement or conduct of McKesson was not consumer-oriented as required under certain consumer protection laws, including without limitation that of New York and California.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any allegedly fraudulent statements or conduct of McKesson did not directly or proximately cause the alleged injuries of Plaintiffs or members of the putative class as required under state consumer protection laws, including without limitation those of Florida, California, Illinois, Louisiana, New Jersey, New York, Pennsylvania, Texas and Washington.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

McKesson's conduct was neither "deceptive," "misleading," "unlawful" nor "illegal" as required under certain state consumer protection laws, including without limitation those of Delaware, Florida, Illinois, California, Louisiana, Minnesota, New Jersey, New York, Texas and Washington.

## PRAYER FOR RELIEF

WHEREFORE, Defendant McKesson prays:

    1.  That Plaintiffs take nothing from Defendant McKesson;

2.  That the Court enter judgment dismissing with prejudice the Complaint and each of its purported causes of action against Defendant McKesson;

3.  That the Court award Defendant McKesson its reasonable expenses and costs of suit, including, but not limited to, reasonable attorneys' fees; and

4.  That the Court grant Defendant McKesson such other further relief as the Court may deem proper.

Dated:  August 7, 2006

McKesson Corporation
By its attorneys:

 _/s/ Lori A. Schechter_____

Joan M. Griffin, BBO # 549522
Michael P. Twohig, BBO # 648079
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
tel. 617-345-3000
fax 617-345-3299

Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
tel. 415-268-7000
fax 415-268-7522

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on August 7, 2006.

/s/ Lori A. Schechter
Lori A. Schechter