IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri Corporation, and MCKESSON CORPORATION, a Delaware Corporation, <br><br> Defendants. | Case No. 1:05-CV-11148-PBS |

### DEFENDANT MCKESSON CORPORATION'S MOTION TO PERMIT TWO DAYS FOR THE DEPOSITION OF RAYMOND S. HARTMAN

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), Defendant McKesson Corporation respectfully moves this Court to establish a mechanism to resolve any disputes regarding McKesson's request to depose Plaintiff's economic expert, Raymond S. Hartman, for up to fourteen (14) hours, rather than the seven (7) hours provided by Federal Rule of Civil Procedure 30(d). As grounds for this motion, McKesson states the following:

Raymond S. Hartman is Plaintiffs' designated economic expert in support of Plaintiffs' Motion for Class Certification. The deposition of Mr. Hartman has been scheduled, by agreement of the parties, to take place beginning tomorrow, October 4, 2006, at the offices of Bonner, Kiernan, Trebach & Crociata, LLP in Boston, Massachusetts. The witness and the

1

parties have already agreed to set aside two (2) days over which the deposition will take place, beginning on Wednesday, October 4, 2206 and continuing on Thursday, October 5, 2006. McKesson has requested that Plaintiffs agree to allow Mr. Hartman's deposition to extend beyond the 7 hour limitation provided by Federal Rule of Civil Procedure 30(d). In response to McKesson's request for additional time to depose Mr. Hartman, Plaintiffs have indicated that they do not agree to waive the 7 hour limit in advance of the deposition. (Correspondence dated September 26, 2006 attached as Exhibit A). In particular, Plaintiffs contend that Mr. Hartman has already testified at length in the related AWP MDL litigation, which may obviate the need for a second day of testimony in this case. Although it is the eve of the deposition, McKesson and Plaintiffs remain hopeful that the parties will be able to reach an agreement that will provide a fair amount of time for McKesson to depose Mr. Hartman. Plaintiffs and McKesson consent to a procedure by which any dispute can be resolved by contacting Magistrate Judge Collings during the deposition if the Court refers this matter to him.

If the parties cannot reach agreement, McKesson seeks an additional day of the Hartman deposition for the following reasons:

McKesson is not a party to the AWP MDL litigation and has not previously deposed Mr. Hartman. McKesson has reviewed Mr. Hartman's MDL testimony, and has no intention of restating questions that have already been answered. However, it is important to point out that, in the present case, Mr. Hartman has submitted a 15-page, single-spaced Declaration which raises *new* matters that have never been addressed in the MDL litigation. Because of Mr. Hartman's extensive declaration and the pivotal importance of his testimony in this matter, McKesson believes it will be unable to fully depose Mr. Hartman within the 7 hour limitation of Rule 30(d). McKesson believes

in good faith that it will require the 2 days already set aside by the parties to complete its deposition of Mr. Hartman.

Given that Plaintiffs are seeking in excess of $1 billion dollars in damages based on Mr. Hartman's economic testimony, it is clear that Mr. Hartman is an extraordinarily important witness. Plaintiffs have indicated that Mr. Hartman's schedule is very busy, and will remain busy as he is also providing testimony in an upcoming trial in the AWP MDL litigation. McKesson has already agreed to reschedule his deposition on multiple occasions, which in turn, required the parties to agree to extend the class certification briefing schedule. As Mr. Hartman has now set aside 2 days of his schedule for his deposition in this matter, McKesson believes it to be imperative that it be able to fully depose Mr. Hartman this week.

McKesson is committed to continuing communications with Plaintiffs in an attempt to resolve this issue. However, for planning purposes, McKesson needs to know whether it will be able to depose Mr. Hartman beyond the 7 hour limitation of Rule 30(d). The required 2 days have already been reserved by counsel and the witness. Deposing counsel has traveled from San Francisco, California in order to conduct the deposition of Mr. Hartman. Most importantly, however, the existing briefing schedule for class certification has been set under the assumption that Mr. Hartman's deposition will be completed this week.

Dated: October 3, 2006

|  |  |
|---|---|
|  | McKesson Corporation<br>By its attorneys: |
|  |  |
|  | ___/s/ Paul Flum___ |
| John A. Kiernan (BBO #271020) | Melvin R. Goldman *(pro hac vice)* |
| Nicole L. Johnson (BBO# 654719) | Lori A. Schechter *(pro hac vice)* |
| Bonner, Kiernan, Trebach & Crociata, LLP | Paul Flum *(pro hac vice)* |
| One Liberty Square | Tiffany Cheung *(pro hac vice)* |
| Boston, MA 02109 | Morrison & Foerster LLP |
| Tel. 617.426.3900 | 425 Market Street |
| Fax 617.426.0380 | San Francisco, CA 94105-2482 |
|  | Tel. 415.268.7000 |
|  | Fax 415.268.7522 |

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on October 3, 2006.

                                                    /s/ Paul Flum
                                                    Paul Flum

**CERTIFCATION PURSUANT TO LOCAL RULE 7.1**

I, Lori Schechter, counsel of record for McKesson Corporation, hereby certify that counsel for McKesson conferred with counsel for plaintiffs in an effort to resolve the dispute referred to in this motion through a telephonic conference and via correspondence, and reached agreement on a procedure to resolve any dispute that remains at the end of the first day of the Hartman deposition, but that the parties have not been able to reach an agreement with respect to the underlying dispute.

                                                 /s/ Lori Schechter
                                                Lori Schechter



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

September 26, 2006

<u>*Via E-Mail*</u>

Ms. Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

    Re:    <u>*New England Carpenters v. First DataBank*</u>

Dear Lori:

    With respect to the deposition notice of Dr. Hartman wherein you notice him for two days, plaintiffs do not agree to waive the 7 hours of Rule 30(d)(2).  We do agree to let you take two days to cover this but assume you will be able to get it done in 7 hours.  If you are not wasting time or asking questions not covered in the AWP depositions, we will consider extending the 7 hours, but you should not presume this will be the case.

    Sincerely,

    HAGENS BERMAN SOBOL SHAPIRO LLP


    *[sent via electronic delivery]*

    Steve W. Berman


cc:    Plaintiffs' Counsel

ATTORNEYS AT LAW    SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
T 206.623.7292   F 206.623.0594
1301 FIFTH AVENUE · SUITE 2900 · SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001821-13  130543 V1