IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>                    Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>                    Defendants. | Case No. 1:05-CV-11148-PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANT MCKESSON CORPORATION'S MOTION REQUESTING A CASE MANAGEMENT CONFERENCE**

I.     INTRODUCTION.

Defendant McKesson Corporation ("McKesson") submits this memorandum in support of its motion requesting that the Court hold a Case Management Conference to address the schedule for plaintiffs' and defendant First DataBank's ("FDB") Joint Motion For Preliminary Approval Of Proposed First Databank Class Settlement, Certification Of Settlement Class and Approval Of Notice Plan (hereinafter "Settlement Class Motion").[1]  The Settlement Class Motion requires the Court to determine whether a *settlement* class of third-party payors ("TPPs") and others can be conditionally certified under the requirements of Rule 23.  McKesson seeks a case management conference to set a schedule for the Settlement Class Motion that will allow the Court to *first* resolve plaintiffs' pending motion for certification of a significantly overlapping *litigation* class of TPPs against McKesson.  *See* Plaintiffs' Motion for Class Certification (hereinafter "Litigation Class Motion").[2]

Where class proponents seek certification of a settlement class, as opposed to that of a litigation class, the certification requires heightened scrutiny.  *Manual for Complex Litigation*, § 21.132 (4th ed. 2004).  Closer scrutiny is required because the settlement process necessarily lacks the adversarial development of a record attendant with a litigation class motion.  The class certification requirements should not be addressed for the first time in this case without a fully developed certification record, especially when the adversarial process of a litigation class is well under way.  Indeed, the justification for deciding the Litigation Class Motion before the Settlement Class Motion is even more compelling here because this Court previously *denied*

---

[1] The Settlement Class Motion and Supporting Memorandum were filed October 4, 2006 [Docket Nos. 118-119].
[2] The Litigation Class Motion and Supporting Memorandum were filed July 17, 2006 [Docket Nos. 75-76; *see also* Docket No. 99].

certification of a similar TPP class involving self-administered drugs in the related AWP MDL.[3] Accordingly, McKesson requests a case management conference to establish an appropriate schedule and sequencing of both class motions.

## II.   THE COURT SHOULD ADDRESS THE LITIGATION CLASS BEFORE THE SETTLEMENT CLASS.

Plaintiffs' pending Litigation Class Motion should be addressed before their Settlement Class Motion for the following reasons:

First, the requirements of Federal Rule 23(a) and (b) apply equally to a proposed settlement class as they do to a proposed litigation class, except that the court need not consider whether a settlement class would present intractable management problems at trial. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 619-20 (1997). Plaintiffs acknowledge this by relying for Rule 23 certification on the very same memorandum of law for both motions.[4] Rule 23 requires, among other things, that questions of law or fact common to the members of the class predominate over questions affecting only individual members. In the context of a settlement class, common issues must predominate without regard to what has been resolved in the settlement. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998); *Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 309 (3d Cir. 1998). *See also Manual for Complex Litigation*, § 21.132 (4th ed. 2004). As a result, the Court will be required to address nearly identical issues in adjudicating the appropriateness of both proposed TPP litigation and settlement classes, and the predominance of common issues will be hotly contested, as it was in the related AWP MDL class motion. *Pharm. III.*, 230 F.R.D. at 92 (noting that "defendants strenuously argue that the individual issues involving each TPP and consumer class member far

---

[3] *See In re Pharm. Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 95-96 (D. Mass 2005) ("*Pharm. III*").
[4] *See* Plaintiffs' Memorandum in Support of Class Certification [Docket No. 76] and Plaintiffs' Memorandum in Support of Class Settlement at 14, n.4 (relying on Docket No 76).

2

outweigh any commonality among the class members' claims.").

Second, the Litigation Class Motion will provide a more developed record than the Settlement Class Motion for resolution of these contested issues. As the Manual for Complex Litigation notes, "[c]ourts have held that approval of settlement class actions under Rule 23(e) requires closer judicial scrutiny than approval of settlements reached only after class certification has been litigated through the adversary process." *Manual for Complex Litigation*, § 21.612 (4th ed. 2004). *See also Hanlon*, 150 F.3d at 1026 (calling for "a higher standard of fairness" in reviewing a settlement negotiated before class certification), and cases cited therein. Here, the adversary process is well under way with respect to a litigation class, and a more robust record will be created as a result.[5] Thus, a decision on the litigation class should inform the decision on the settlement class — not the other way around.

Indeed, because the classes plaintiffs seek to certify overlap significantly, consideration of the Settlement Class Motion without McKesson first having a full opportunity to brief contested class issues would unduly prejudice McKesson. Both proposed classes include approximately 11,000 TPPs that covered a portion of the cost of self-administered drugs — the very same class this Court declined to certify in the related AWP MDL because of the predominance of individual issues. *Pharm. III.*, 230 F.R.D. at 95. As this Court noted in its AWP MDL class decision, *Pharm. III.*, the contracts covering self-administered drugs between TPPs, PBMs, and retailers are "highly individualized," as they result from one-on-one negotiations to determine the best services for the plan. *Id..* at 72. Moreover, the level of

---

[5] The discovery developed in this case includes last week's deposition testimony from Dr. Raymond Hartman, plaintiffs' economic expert, which shows that Dr. Hartman still holds the very same views that were at odds with Professor Ernst R. Berndt on key economic issues affecting the industry, and issues which led this Court to deny the TPP class for self-administered drugs in the AWP MDL. *See Pharm. III.*, 230 F.R.D. at 71-72, 94-95. McKesson is also in the process of deposing each of the named plaintiffs seeking class certification.

sophistication and knowledge of TPPs, most of whom use benefit consultants, varies from TPP to TPP.  *Id.* at 95.  The class-related evidence developed in this case will likewise show that a predominance of individual issues precludes certification of a TPP class for self-administered drugs here.  The Court should have the benefit of the record being developed in connection with the Litigation Class Motion before ruling on the Settlement Class Motion.

Third, the plaintiffs have proposed an unreasonably accelerated schedule for the Court to consider whether to certify the proposed settlement class.  Plaintiffs' Settlement Class Motion proposes that notice to the settlement class commence on November 20, 2006.[6]  This proposed timetable would require the Court to preliminarily approve the settlement and conditionally certify the class *before* that date.  Plaintiffs also propose that the final settlement approval hearing and settlement class certification take place on April 2, 2007.  By contrast, the schedule on the Litigation Class Motion has been postponed at plaintiffs' request, and is now set for hearing on April 12, 2007.  Had plaintiffs not recently requested a postponement, the Litigation Class Motion would have been heard on November 14, 2006, before consideration of the Settlement Class Motion would likely have occurred.[7]  McKesson's proposal for a hearing first on the Litigation Class Motion seeks to restore the sequencing that was in place before plaintiffs' postponement request.

Nothing about the proposed settlement with FDB requires the rushed judgment that

---

[6] Settlement Class Motion at 4.
[7] On August 18, 2006, plaintiff*s* requested that the Litigation Class Motion schedule be delayed a substantial period of time on the basis that their expert, Dr. Hartman, and plaintiffs' counsel, were too busy preparing for the upcoming trial in the AWP MDL case to meet the previously set schedule.  Plaintiffs sought from McKesson a delay in the Litigation Class Motion schedule two weeks *after* they executed their class settlement agreement with FDB, though plaintiffs did not file the proposed settlement papers nor reveal their existence to McKesson until two months later, after obtaining McKesson's and the Court's acquiescence to the delay.  *Compare* Class Action Settlement, executed August 7, 2006, (filed October 4, 2006) [Docket No. 120] with Declaration of Lori A. Schechter in Support of Defendant McKesson Corporation's Motion Requesting a Case Management Conference ¶ 5 & Exs. 1 and 2.

4

plaintiffs seek. As plaintiffs' own settlement motion discloses, plaintiffs have been negotiating a settlement with FDB for approximately a year. In fact, at a hearing in this case in November of 2005, plaintiffs' counsel indicated that a settlement was imminent. For whatever reasons, plaintiffs did not conclude their settlement negotiations with any urgency. The year-long negotiation process confirms the lack of urgency to adjudicate this settlement on the expedited basis plaintiffs propose. Putting the settlement on a schedule after the pending Litigation Class Motion will not prejudice anyone.

<u>Finally</u>, the proposed settlement terms contemplate significant structural changes to the reporting of AWPs for years to come. The settlement purports to alter the reporting of AWPs on over 8,000 NDCs. Given the radical, multi-billion dollar realignment of profits and expenses predicted by Dr. Hartman as a result of the settlement, it is doubtless that the Court will be hearing in the class settlement proceedings from the parties Dr. Hartman says will be significantly impacted. Before the extensive class notice program plaintiffs propose is put in motion, this Court should be given an adequate certification record and sufficient time to make a fully informed, rather than a rushed, decision on whether a class should be certified under Rule 23, wholly apart from the wisdom of the settlement. The Litigation Class Motion, and its presentation of the evidence through an adversary process, will supply that record within a reasonably short period of time.

### III.    A CASE MANAGEMENT CONFERENCE TO ESTABLISH THE APPROPRIATE SEQUENCING OF THE CLASS MOTIONS WILL ALLOW THE COURT TO REACH THE CLASS CERTIFICATION DECISION WITH AN ADEQUATE RECORD

Plaintiffs' Litigation Class Motion is on the following schedule:

    Plaintiffs' opening class certification papers:    July 17, 2006

    McKesson's opposition papers:    November 17, 2006

5

| | |
|---|---|
| Plaintiffs' reply papers: | January 16, 2007 |
| McKesson's surreply papers: | March 19, 2007 |
| Hearing on Litigation Class Motion: | April 12, 2007 |

For each of the reasons set forth herein, McKesson requests that plaintiffs' Litigation Class Motion be resolved before consideration of plaintiffs' Motion for Class Settlement, which seeks preliminary approval of the settlement, and conditional certification of an overlapping settlement class. If the Court desires to hear the Settlement Class Motion before April 12, McKesson has no objection to modification of the reply and surreply deadlines on the Litigation Class Motion, and an earlier hearing date.

To ensure the development of an adequate record, and the proper sequencing of the two pending class motions, McKesson respectfully requests a case management conference in the near future, and in any event, before any schedule on the Settlement Class Motion is set.

6

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flulm (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
tel. 415-268-7000
fax 415-268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380


Dated:  October 9, 2006


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on October 10, 2006.


/s/ Lori A. Schechter
Lori A. Schechter