IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>              Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>              Defendants. | Case No. 1:05-CV-11148-PBS |

### DECLARATION OF LORI A. SCHECHTER IN SUPPORT OF DEFENDANT MCKESSON CORPORATION'S MOTION REQUESTING A CASE MANAGEMENT CONFERENCE

I, Lori A. Schechter, declare as follows:

1. I am a partner at the law firm of Morrison & Foerster LLP and one of the attorneys of record for McKesson Corporation ("McKesson") in this action. I am familiar with the discussions among counsel regarding the briefing schedule on plaintiffs' motion to certify a litigation class against McKesson. I submit this declaration in support of McKesson's Motion Requesting a Case Management Conference.

2. On May 22, 2006, the Court ordered an agreed-upon briefing schedule for plaintiffs' motion for class certification, and a hearing on the class motion for November 14, 2006. *See*

1

ORDER Granting Motion to Modify the Scheduling Order (filed May 22, 2006).

3. Pursuant to the May 22, 2006 Order, plaintiffs filed their Motion for Class Certification on July 17, 2006 (hereinafter "Litigation Class Motion").

4. On August 7, 2006, plaintiffs executed a proposed class settlement agreement with First DataBank ("FDB"). *See* Settlement Agreement [Docket No. 120.] McKesson was not informed of the existence of this executed agreement before its public filing two months later.

5. On August 18, 2006, plaintiffs requested that the briefing schedule and hearing on their Litigation Class Motion be modified to accommodate the schedule of their expert, Raymond Hartman, who was busy with preparation for the AWP MDL trial. A true and correct copy of the letter dated August 18, 2006 from S. Berman to L. Schechter is attached hereto as Exhibit 1. On September 6, 2006, plaintiffs further indicated that the Litigation Class Motion schedule needed to be extended further because of plaintiffs' counsel's own unavailability due to the upcoming trial in the related AWP MDL. A true and correct copy of the letter dated September 6, 2006 from S. Berman to L. Schechter is attached hereto as Exhibit 2. Thus, in addition to delaying Dr. Hartman's deposition to the first week in October, McKesson also agreed to give plaintiffs the two months they requested to prepare a reply brief, with a parallel period of time given for McKesson's surreply. On September 26, 2006, the Court ordered the agreed-upon revised briefing schedule and re-set the hearing on the Litigation Class Motion for April 12, 2007. *See* ORDER Granting Joint Motion to Modify the Case Schedule (filed September 26, 2006).

6. On October 4, 2006, plaintiffs filed their proposed settlement agreement with FDB, along with a Joint Motion For Preliminary Approval Of Proposed First DataBank Class Settlement, Certification Of Settlement Class and Approval Of Notice Plan ("Settlement Class Motion") (filed October 4, 2006 [Docket Nos. 118-119]). The Settlement Class Motion seeks conditional certification of a settlement class before November 20, 2006, and final approval of a settlement class

and settlement on April 2, 2007.  (Settlement Class Motion at 4.)

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed this 10th day of October, 2006, in San Francisco, California.

By:

/s/ Lori A. Schechter  
Lori A. Schechter

CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on October 10, 2006.

      /s/ Lori A. Schechter
      Lori A. Schechter



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

August 18, 2006

<u>Via E-Mail</u>

Ms. Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

    Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Lori:

    On Wednesday Judge Saris issued a Pretrial Order in AWP that requires final expert reports to be filed on September 1.  We were not expecting this and it involves a lot of effort by Dr. Hartman.  We therefore propose to reschedule Dr. Hartman's deposition to the first week of October.  This will obviously require a change in the class certification schedule, something you have been angling for anyway.

    Please let me know as soon as possible if this is agreeable.

    Sincerely,

    HAGENS BERMAN SOBOL SHAPIRO LLP


    *[sent via electronic delivery]*

    Steve W. Berman

ATTORNEYS AT LAW
T 206.623.7292    F 206.623.0594
1301 FIFTH AVENUE • SUITE 2900 • SEATTLE, WASHINGTON 98101
SEATTLE    LOS ANGELES    CAMBRIDGE    PHOENIX    CHICAGO
www.hagens-berman.com

001821-13 124625 V1

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

September 6, 2006

*Via E-Mail*

Ms. Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

     Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Lori:

     We write in response to your letter of August 30, 2006.  We cannot help but noting there have been hundreds of agreements reached in the AWP MDL on schedule changes.  None have triggered the multitude of letters or gamesmanship that now takes place when McKesson's lawyers enter the picture.  We suspect this will not go unnoticed by Judge Saris should she have to resolve this issue – the only changed player is McKesson.

     There are a number of issues that need to be fairly addressed.

     First, McKesson has had plaintiffs' motion and proffer for many months and is obviously spending enormous time, money and manpower on an opposition.  Plaintiffs rightly deserve time to respond including to depose any experts.  How many will there be?  If more than one that certainly will guide our view on a schedule.  But giving plaintiffs two-three weeks to both take those depositions and those of any other witnesses in that period of time, plus respond, is not a reasonable schedule.  Your answers to our class certification discovery will also be informative on scheduling.

     Second, this will take longer due to the AWP trial schedule.  You may express disdain for this issue, but the fact is the McKesson prosecution team is tied up, and we believe Judge Saris will be more sympathetic then you have been.

     Third, the Court is obviously quite busy and I would be surprised if a schedule stretching this out a bit would not be helpful to the Court.  Judge Saris also has a crushing workload including several MDLs.

Ms. Lori A. Schechter
September 6, 2006
Page 2

      For those reasons, plaintiffs believe our opposition should be due 60 days after the McKesson response. This will allow time for trial, discovery, and holiday schedules.

      We are prepared to move for such a schedule if required.

                                  Sincerely,

                                  HAGENS BERMAN SOBOL SHAPIRO LLP

                                  *[sent via electronic delivery]*

                                  Steve W. Berman

cc:    Plaintiffs' Counsel