IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>          Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>          Defendants. | Case No. 1:05-CV-11148-PBS |

**EMERGENCY MOTION BY DEFENDANT MCKESSON CORPORATION FOR SERVICE OF DOCUMENTS FILED UNDER SEAL AND OBJECTING TO PLAINTIFFS' IMPROPER PROCESS FOR ADJUDICATION OF CLASS ISSUES**

**GROUNDS FOR THE MOTION**

McKesson Corporation ("McKesson") submits this Emergency Motion to obtain pleadings filed under seal that plaintiffs improperly withheld from it relating to the upcoming October 24, 2006 motions hearing. Plaintiffs' refusal to provide McKesson with all documents submitted to the Court is just the latest in what appears to be a disturbing pattern of gamesmanship regarding class certification, which exceeds even the rough-and-tumble of advocacy.

Specifically, on October 4, 2006, plaintiffs filed their memorandum in support of certification of a settlement class for their proposed settlement with defendant First DataBank ("FDB"). (Plts.' Settlement Mem., Docket No. 119, filed Oct. 4, 2006.) The memorandum referred to the Declaration of Thomas Sobol, filed under seal, which purportedly contains a "spreadsheet of the preliminary estimate of single damages" in this case, and "an analysis of FDB's ability to pay." The memorandum also referred to "Attachment B," an attachment "which with the Court's assent, is filed under seal." (*Id.* at 7, 9-10.) Neither "Attachment B," nor the Sobol Declaration was served on McKesson.

Believing that there should be no ex parte communications by plaintiffs to the Court, on October 6, McKesson's counsel requested from plaintiffs service copies of the documents filed under seal. (*See* Attachment A.) Plaintiffs' counsel refused, stating: "These papers deal with the financial condition of fdb and i am not sure you are entitled or have standing to see these. we will consider it and get back to you." (*Id.*) To date, no sealed documents have been provided.

Upon further inspection in preparation for the October 24 hearing, we see that what likely was filed under seal may not be just materials regarding FDB's financial condition, but also other materials. "Attachment B" is described in plaintiffs' memorandum as "the presentation of some

of the evidence which is common to the Class" (Plts.' Settlement Mem. at 7), and plaintiffs'
motion to seal indicates that the sealed documents are "copies of documents and/or excerpts from
documents that certain defendants have identified as 'CONFIDENTIAL' or HIGHLY
CONFIDENTIAL'" under the protective order. (Plts.' Mot. for Leave to File under Seal, Docket
116, filed Oct. 4, 2006.)

Plaintiffs' stealth filing of documents, and their misleading refusal to provide them to
McKesson, is part of a pattern of gamesmanship that plaintiffs have employed in an effort to rush
this Court to judgment regarding whether a class is certifiable without the Court having the
benefit of an opposition record from McKesson (or indeed anyone else). Withholding of
documents filed with the Court under seal is just one of the many tactics employed by plaintiffs
in this respect, which include the following:

- Plaintiffs requested McKesson's and this Court's approval to delay the briefing
  schedule and hearing on plaintiffs' litigation class certification motion by 5
  months *after* they had secretly executed a settlement agreement with FDB on
  August 7, 2006.

  - Plaintiffs delayed filing their settlement papers with FDB until October 4,
    8 days after this Court acquiesced to the delay in schedule for the litigation
    class certification motion. This ensured that the settlement class issue
    would be put before the Court first, before the Court had the benefit of the
    contested record on the litigation class motion. (*See* Docket No. 109-1,
    filed Sept. 19, 2006; Elec. Order, entered Sept. 26, 2006; Docket Nos. 117
    – 124, filed Oct. 4, 2006.)

- Plaintiffs based their request to delay the schedule for the contested litigation
  class certification motion on the fact that (1) their expert, Dr. Hartman, was too
  busy to be deposed before October 4, because of the AWP MDL and other cases;
  and (2) plaintiffs' counsel was too busy as a result of the upcoming AWP MDL
  trial.

  - Plaintiffs now seek this Court's certification of their settlement class
    certification motion in advance of the litigation class motion, and base
    their settlement class motion on a consensual rather than contested record,
    and on a new declaration from Dr. Hartman, created during the time that
    he was purportedly too busy to be deposed. (*See* Docket Nos. 117 – 124.)

- At plaintiffs' request, Dr. Hartman's deposition on his class declaration and opinion, which was originally noticed for August 7 and 8, was delayed until October 4, 2006, because of Dr. Hartman's commitments to other cases.

  - Even though Dr. Hartman signed another declaration 7 days before the October 4 deposition, this second declaration in support of the FDB settlement was not made available to McKesson until the afternoon of Dr. Hartman's deposition.  (*See* Docket No. 123.)

- Plaintiffs filed documents under seal on October 4, 2006, in support of their motion for preliminary settlement approval and settlement class certification, but refused McKesson's request on October 6 for a service copy of those documents. (*See* Attachment A.)

- Plaintiffs represented to McKesson that the documents they filed under seal dealt with FDB's financial condition, but further analysis of plaintiffs' filings suggests that is not the case.  (*See* Attachment A.)  In fact, it now appears that the submission under seal includes information unrelated to FDB's financial condition.

## RELIEF REQUESTED

McKesson requests an Order of the Court requiring plaintiffs to serve McKesson with all documents submitted to the Court under seal in this case.  McKesson further requests that plaintiffs' motion for certification of the settlement class be scheduled in an orderly fashion after, or in conjunction with, adjudication of plaintiffs' motion for certification of a litigation class against McKesson so that the Court can have the benefit of a fully developed record.

## CONCLUSION

McKesson respectfully submits the following:  If plaintiffs do not fear the required, rigorous review of the issue of class certification in this case, why are they going to such great lengths to present, through preliminary approval, the class issue in a stealth and hurried manner that circumvents a fully developed record on their own litigation class motion and affords the Court little opportunity to rigorously ensure that the requirements of class certification have been met?

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter_____
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
tel. 415-268-7000
fax 415-268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated:  October 22, 2006

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Lori Schechter, counsel of record for defendant McKesson Corporation, hereby certify that McKesson's counsel conferred with counsel for plaintiffs in an effort to resolve the issue referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

/s/ Lori A. Schechter_____
Lori A. Schechter

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on October 22, 2006.


/s/ Lori A. Schechter
Lori A. Schechter

# Attachment A

-----Original Message-----
**From:** Steve Berman [mailto:Steve@hbsslaw.com]
**Sent:** Friday, October 06, 2006 5:15 PM
**To:** Schechter, Lori A.
**Subject:** RE: Service of the FDB Settlement Documents

These papers deal with the financial condition of fdb and i am not sure you are entitled or have standing to see these. we will consider it and get back to you

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle WA 98101
206-224-9320

**From:** Schechter, Lori A. [mailto:LSchechter@mofo.com]
**Sent:** Friday, October 06, 2006 4:19 PM
**To:** Steve Berman
**Subject:** Service of the FDB Settlement Documents

Steve,
We understand you filed certain papers under seal on October 4, regarding a proposed settlement with FDB. We have not been served with the unredacted form of these documents. Per our agreement, such service should have been by email or overnight mail. Please remedy this deficiency.

Lori

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>                         Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>                         Defendants. | Case No. 1:05-CV-11148-PBS |

**[PROPOSED] ORDER GRANTING EMERGENCY MOTION BY DEFENDANT MCKESSON CORPORATION FOR SERVICE OF DOCUMENTS FILED UNDER SEAL AND OBJECTING TO PLAINTIFFS' IMPROPER PROCESS FOR ADJUDICATION OF CLASS ISSUES**

THIS MATTER is before the Court on Defendant McKesson Corporation's

("McKesson") Emergency Motion for Service of Documents Filed under Seal and Objecting to

Plaintiffs' Improper Process for Adjudication of Class Issues.  For good cause shown, the Court

hereby GRANTS McKesson's motion and orders that plaintiffs shall serve on McKesson all

documents submitted to the Court under seal in this case; the Court further orders that the

schedule for adjudication of plaintiffs' two motions for class certification will be addressed at the

hearing scheduled for October 24, 2006.

IT IS SO ORDERED.


DATED: _____


_____
Hon. Patti B. Saris
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on October 22, 2006.


/s/ Lori A. Schechter
Lori A. Schechter