# HEARST *corporation*

October 23, 2006

Office of General Counsel

Eve Burton
 Vice President and
 General Counsel

Jonathan R Donnellan
Christopher A Fraser
Larry M Loeb
Mark C Redman
Calvin Siemer
Debra S Weaver
 Senior Counsel

Barry S Agdern
David Burgess
Aiden Dunning
Carolene S Eaddy
Kristina E Findikyan
Bridgette Fitzpatrick
Robert J Hawley
Trina R Hunn
Audra Kujawski
Timothy E Ladin
Alan E Lewis
Aimee Nisbet
Peter P Rahbar
Jonathan Sirota
Lily J Wound

Catherine A Bostron
 Secretary

Harvey L Lipton
 Of Counsel

The Honorable Patti B. Saris
United States District Court for the
District of Massachusetts
One Courthouse Way, Suite 6130
Boston, MA 02210

RE:  *New England Carpenters Health Benefits Fund, et al. v. First Data Bank, Inc.*, CA No. 05-CV-11148

Dear Judge Saris:

This office represents First DataBank, Inc. ("FDB") in connection with the above referenced litigation and proposed class action settlement. Without waiving any of FDB's rights, we write the Court to apprise it and all counsel in the litigation of FDB's position with respect to McKesson's request to postpone the Court's consideration of the proposed class action settlement agreement between plaintiffs and FDB that was filed with the Court on October 4, 2006. For the reasons outlined below, FDB urges that the Court consider and grant the Joint Motion for Preliminary Approval at the earliest possible date.

The proposed settlement is the product of extensive and difficult negotiations beginning over one year ago. As the Court is aware, FDB has not appeared in the action to date nor has it retained local counsel while it explored and negotiated a settlement over these many months.

As set forth more fully below, this settlement and the benefits that will accrue under it, if approved, should be addressed by the Court as soon as possible. As McKesson concedes in its own request, its litigation issues will be addressed at a different time, based upon a different record, and involving different circumstances, all of which precludes any claim of prejudice to McKesson caused by this settlement.

Therefore, we respectfully submit that the proposed settlement agreement, which benefits both parties and non-parties alike, should not be delayed. As a matter of law, McKesson has no standing to object directly to the proposed agreement and we ask the court to allow the proposed settlement to proceed.

300 West 57 Street
New York, NY 10019
T 212 649 2000
F 212 649 2035

**HEARST** *corporation*

<u>First DataBank – Background and Information</u>.

FDB, which is a relatively small company, is a reporter and publisher of drug information. The majority of the information that FDB collects and publishes is clinical in nature (e.g., drug interactions, side effects, precautions). FDB gathers and maintains information on the majority of drugs approved by U.S. Food and Drug Administration and uses this information in its publications and to provide information services to various members of the healthcare industry, including physicians, pharmacists, hospitals, insurers, drug manufacturers, and federal and state agencies. Only a very small portion of FDB's business involves publishing drug pricing information, which is the subject of this litigation.

FDB charges customers a subscription or license fee for access to the drug pricing and clinical information gathered and published by FDB. FDB does not get compensated in any way based upon how high or low the drug pricing information published by it is.

It is critical for the Court to know that FDB is not a manufacturer, supplier, wholesaler, distributor or seller of pharmaceuticals and, therefore, does not set drug prices. FDB has historically relied upon manufacturers and wholesalers to report or otherwise make available information relating to their *catalog* or *list prices* for purposes of publishing drug pricing information. FDB endeavors to publish the best available information, but that information is always subject to the availability and reliability of the information provided by third parties.

Only drug manufacturers, wholesalers and certain Federal and state government agencies have access to *actual sales* information for drugs (e.g., average sales price (ASP) and average manufacturer price (AMP)). Unfortunately, despite continual requests to the government, manufacturers and wholesalers, none of this information is made public or available for use by FDB for purposes of publishing it to the healthcare industry. The inability to obtain and publish actual sales information is one of the greatest frustrations of FDB, as FDB would like nothing more than to be part of an industry solution in which drug reimbursement is based upon verifiable transaction-based pricing information.

*300 West 57 Street*
*New York, NY 10019*
*T 212 649 2000*
*F 212 649 2035*

**HEARST** *corporation*

<u>Public policy favors settlement.</u>

Law and public policy favor class action settlements. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996) ("When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement."); *see also In re Lupron Mktg. and Sales Practices Litig.*, 228 F.R.D. 75, 88 (D. Mass. 2005)("[T]he law favors class actions settlements.") (*quoted in In re Relafen Antitrust Litigation*, 231 F.R.D. 52, 68 (D. Mass. 2005)).

Settlement has long been held "in high judicial favor" because of its beneficial aspects to all involved. *Auterra v. Robinson*, 419 F.2d 1197, 1199 (D.C. Cir. 1969). "There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation." *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) (*quoted in In re Worldcom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 337 (S.D.N.Y. 2005)); *see also Auterra*, 419 F.2d. at 1199 ("When the effort is successful, the parties avoid the expense and delay incidental to litigation of the issues; the court is spared the burdens of trial, and the preparation and proceedings that must forerun it.") (*citing Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts."))

Further, this policy favoring settlement limits the interference of non-settling defendant right to oppose a settlement. "As a general rule, a non-settling defendant is not prejudiced by the settlement and therefore has no standing to contest the settlement." *In re School Asbestos Litig.*, 921 F.2d 1330, 1332 (3d Cir. 1991) (*citing In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979)); *see also In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1102 (10th Cir. 2001) ("Non-settling defendants generally have no standing to complain about a settlement, since they are not members of the settling class.").

Where, as here, McKesson is not a member of the proposed class by the express terms of the proposed settlement agreement, it lacks standing to object to the settlement on its behalf or on the behalf of others.

<u>Certifying a settlement class is different from certifying a litigation class.</u>

As conceded by counsel for McKesson, there will be different arguments, analysis, and thus a completely different record before the Court in connection with the certification of a class in conjunction with the settlement between FDB

*300 West 57 Street*
*New York, NY 10019*
*T 212 649 2000*
*F 212 649 2035*

**HEARST** *corporation*

and plaintiffs and the issue as to whether a litigation class will be certified in the claims remaining against McKesson. Any determination in connection with the proposed settlement class with FDB will not be binding nor the same as those determined in connection with the proposed litigation class against McKesson. Indeed, courts have recognized this distinction and have come to different results in regard to confirming a class for settlement and litigation purposes in the same case. *See, e.g., In re Phenylpropanolamine (PPA) Products Liability Litigation*, No. MDL 1407, 208 F.R.D. 625 (W.D. Wash., June 5, 2002); 214 F.R.D. 614 (W.D. Wash., Feb. 7, 2003); 227 F.R.D. 553 (W.D. Wash., Nov. 12, 2004).

For the reasons stated above, we respectfully submit that the Court address and grant the Plaintiffs' and First DataBank's Joint Motion for Entry of an Order (a) Granting Preliminary Approval of the First DataBank Settlement, (b) Certifying a Class for Purposes of Settlement, (c) Directing Issuance of Notice of the Class; and (d) Scheduling a Final Fairness Hearing and permit notice to the putative class members to be initiated.

Respectfully submitted,

FIRST DATABANK, INC.

By: *[signature: Eve Burton]*

Eve Burton, Esq.
Vice President and
General Counsel
The Hearst Corporation
300 West 57th Street
NY, NY 10019-3737

cc: John Kiernan
Mark Redman
Lori A. Schechter, Esq.
Thomas Sobol, Esq.