UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>                                     Plaintiffs,<br><br>         v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                                     Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' SUBMISSION OF PROPOSED, UPDATED ORDER GRANTING PRELIMINARY APPROVAL OF THE FIRST DATABANK, INC. SETTLEMENT, CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT ONLY, DIRECTING <u>NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING</u>**

Plaintiffs' hereby submit a Proposed, Updated Order Granting Preliminary Approval of the First DataBank, Inc., Settlement, Certifying Class for Purposed of Settlement Only, Directing Notice to the Class and Scheduling a Fairness Hearing.

DATED: October 24, 2006

By  /s/ **Thomas M. Sobol**
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO# 567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594


Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>         Plaintiffs,<br><br>     v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>         Defendants. | C.A. No. 1:05-CV-11148-PBS |

**[PROPOSED, UPDATED] ORDER GRANTING PRELIMINARY APPROVAL OF THE FIRST DATABANK, INC. SETTLEMENT, CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT ONLY, DIRECTING NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING**

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Preliminary Approval of Proposed Settlement, Certification of Class for Purposes of Settlement Only, and Approval of Form and Manner of Notice (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the parties for purposes of settlement pursuant and that venue is proper in this district; and

WHEREAS, this Court has conducted a preliminary approval hearing on October 24, 2006 and is otherwise fully advised in the premises and on considering the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law:

**IT IS HEREBY ORDERED THAT**:

    **I.**    **Preliminary Approval of the Settlement Agreement
and Certification of Settlement Classes**

1.    The terms of the Settlement Agreement and Release between plaintiffs and defendant First DataBank, Inc. ("FDB"), dated August 3, 2006, including all exhibits thereto (the "Proposed Settlement Agreement" or "Proposed Settlement" annexed hereto as Exhibit A) are preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below.  This Order incorporates herein, and makes a part hereof, the Settlement Agreement and Release, including the Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Proposed Settlement Agreement shall have the same meaning in this Order.  The Proposed Settlement was entered into at arms-length by experienced counsel and only after extensive arms-length negotiations lasting many months.  The Proposed Settlement is not the result of collusion.  The Proposed Settlement bears a probable, reasonable relationship to the claims alleged by plaintiffs and the litigation risks of plaintiffs as well as FDB.  The Proposed Settlement is sufficiently within the range of reasonableness so that notice of the Proposed Settlement should be given as provided by this Order.  The Court finds that the settlement embodied in the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the Settlement Agreement should be given as provided below.

2.    The Court finds, on a preliminary basis for settlement purposes only, that the Rule 23 factors are present and that certification of the Class, as defined and set forth below, is appropriate pursuant to Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(b)(3):

    "Class" or "Private Payor Class" is defined as follows:

All individual persons or entities who, during the Class Period, made purchases and/or paid, whether directly, indirectly, or by reimbursement,

for all or part of the purchase price of prescription pharmaceuticals, including, but not limited to, those pharmaceuticals listed on the attached Exhibit A to the Proposed Settlement Agreement, where any or all of the purchase price, reimbursement or payment amount was based in any part on the Average Wholesale Price ("AWP"), Blue Book Average Wholesale Price ("BBAWP"), or similar data published or disseminated by First DataBank, Inc., electronically or otherwise, and which such Average Wholesale Price, Blue Book Average Wholesale Price, or similar data published or disseminated by First DataBank, Inc., electronically or otherwise, in whole or part, was based on a FDB Wholesale Survey. Excluded from the class are: (1) Defendants, their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates; (2) the United States government, its officers, agents, agencies and departments, and all other federal, state or local government entities' claims, to the extent such governmental entities purchased and/or paid, whether directly or by reimbursement, for all or part of the cost of prescription pharmaceuticals as benefits provided pursuant to a legislatively enacted public health and welfare entitlement program, and (3) Class Opt-Outs.

The Class Period is from January 1, 2000 through the date the Settlement Court enters a Final Order and Judgment in the Class Action.

"Class Member" means any person or entity falling within the definition of the Private Payor Class other than any Class Opt-Outs.

"Class Opt-Out" means any person or entity falling within the definition of the Private Payor Class who timely and validly submits a request for exclusion from the Private Payor Class in accordance with the procedures set forth in the Settlement Notice. A Class Opt-Out that is a Consumer is also referred to as a "Consumer Opt-Out." A Class Opt-Out that is a TPP is also referred to as a "TPP Opt-Out."

"FDB Wholesale Survey" means any actions taken by FDB, its employees or agents, to obtain from one or more drug wholesalers information relating to

3

its catalogue or list pricing information for, or mark-up applied to, a manufacturer's line of products or a specific product by any means, either written or oral.

"Pharmaceutical Purchase" means payment or reimbursement, direct or indirect, for all or part of the cost of a pharmaceutical, including, but not limited to, those pharmaceuticals listed on the attached Exhibit A, prescribed, provided or administered in the United States; including, but not limited to, the AWP-based payment or partial payment for or reimbursement of the price or part of the price of a pharmaceutical to any doctor, medical practice, hospital, pharmacy or any other health care provider, or the payment of any AWP-based co-insurance, deductible or other amount that, in whole or in part, is based on or affected by the AWP or BBAWP for such pharmaceuticals pursuant to an insurance agreement or other health care plan  As stated, the term "Pharmaceutical Purchases" is limited to transactions where the cost, payment, reimbursement amount or price of the pharmaceutical was based, in whole or in part, on the Average Wholesale Price, the Blue Book AWP,  or similar data published or disseminated by First DataBank, Inc, electronically or otherwise, and which such Average Wholesale Price, Blue Book Average Wholesale Price, or similar data published or disseminated by First DataBank, Inc., electronically or otherwise, in whole or part, was based on a FDB Wholesale Survey.

3. Specifically, the Court preliminarily finds for settlement purposes only that the proposed Class described above satisfies the following factors of Rule 23(a) and Rules 23(b)(1), 23(b)(2), and 23(b)(3):

4

**Rule 23(a)**

(a) <u>Numerosity</u>: Numerosity is established the size of the proposed class, even if an exactly determined, is sufficiently large to make joinder impracticable, given the relevant circumstances. *In re Relafen Antitrust Litig.*, 22 F.R.D. 260, 267 (D. Mass 2004)(Young, J.) In this settlement, the proposed class encompasses thousands of third party payors (welfare funds, self insured employers, for profit and not for profit health insurers which provide prescription drug benefits) that have asserted claims or potential claims against the settling defendant. Thus, the Rule 23(a)(1) numerosity requirement has been met.

(b) <u>Commonality</u>: Generally, the commonality requirement is easily met, provided that at least one common question of law or fact exists. *In re AWP*, 230 F.R.D. at 78. Therefore, claims all hinge on common questions. These elements would be established by common class-wide proof. They demonstrate common questions sufficient to satisfy Rule 23(a)(2).

The numerous common factual and legal issues to be decided include, but are not limited to, the following:

- a. The publication of AWP and BBAWP data fields as a common event upon which all of plaintiffs' and proposed Class members' claims rely;

- b. Whether Defendants engaged in a course of conduct that improperly inflated the WAC-to-AWP markup and the ultimate AWPs used by plaintiffs and Class members as the basis for reimbursement;

- c. Whether Defendants artificially inflated the published AWPs for the drugs that are the subject of this complaint;

- d. Whether Defendants engaged in a pattern and practice that caused Plaintiffs and Class members to make inflated payments for the AWPs;

- e. Whether Defendants engaged in a pattern of deceptive and/or fraudulent activity intended to defraud Plaintiffs and the Class members;

- f. Whether Defendants formed enterprises for the purpose of carrying out the 5% Scheme;

- g. Whether Defendants used the U.S. mails and interstate wire facilities to carry out the 5% Scheme;

- h. Whether Defendants' conduct violated RICO and various

5

          California statutes and common law; and

      i.    Whether Defendants are liable to Plaintiffs and the Class members for damages for conduct actionable under the various state consumer protection statutes.

(c)    <u>Typicality</u>:  The proposed class representatives' claims arise from the same course of conduct and share the same legal theory, as do the claims of the putative Class members.  Furthermore, the proposed class representatives will advance the interests of all class members.  The proposed class representatives' claims are typical of those of the proposed Class and satisfy Rule 23(a)(3).

(d)    <u>Adequacy</u>:  The proposed class representatives assert claims representative of the claims of the entire class with regard to pharmaceutical purchases.  As such, even though the claims may not be identical to every claim of every putative Class member, the proposed class representatives can adequately represent the putative Class.

The adequacy factor also considers Class Counsel.  In this case, Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter.  The adequacy requirement is satisfied.

**Rule23(b)(1)**

By this Final Order and Judgment, the Court is hereby ordering FDB to fulfill the terms of the Settlement Agreement.  Specifically, consistent with the terms of the Settlement Agreement, FDB must adjust the WAC to AWP markup to 1.20, FDB is enjoined from publishing the BBAWP data field for any pharmaceutical consistent with the terms of the Settlement Agreement (except under certain circumstances as defined in the Settlement Agreement), and FDB must establish and maintain an FDA Data Room as defined in the Settlement Agreement and provide other access to information consistent with the terms of the Settlement Agreement.  In light of this injunctive relief, inconsistent adjudications with respect to individual members of the Class would establish incompatible standards of conduct for FDB.  Thus, certification under Rule 23(b)(1) is necessary and appropriate.

**Rule 23(b)(2)**

Plaintiffs in this case allege that FDB's policies and practices have caused them to pay inflated prices for certain pharmaceutical products.  As such, plaintiffs allege that FDB has acted on grounds generally applicable to the class.  Thus, Rule 23(b)(2) is satisfied.

**Rule (b)(3)**

(e) <u>Predominance</u>: There is predominance. The common legal and factual issues listed above predominate and apply to of all claims and defenses in the litigation. Because all class members were affected formulaically through a software code change (a change in the markup factor between two fields in a database) which is mechanistically applied to prescription drug reimbursements general causation in proved for common not individualized proof. All of these common questions constitute a significant part of each individual plaintiffs' and Class members' case. The resolution of these questions will either prove or disprove essential elements of every Class members' claims and will do so on a simultaneous, class-wide basis.

(f) <u>Superiority</u>: A settlement class that will determine the issues common to all Class members and establish consistent remedial and injunctive relief, which is superior to numerous trials that would risk disparate results for similarly situated people and entities. The cost of litigation on a case by case basis would be extremely costly for each plaintiff and the putative Class members. Piecemeal litigation would also tax the resources of the judiciary. Moreover, piecemeal litigation could result in inconsistent adjudications and set different standards of conduct going forward for FDB and the relief requested includes injunctive relief. Consequently, the requirements of Rules 23(b)(1), 23(b)(2), and 23(b)(3) are satisfied.

In the interest of clarity, the Court notes that the Court makes the above findings set forth above regarding certification of the proposed Class subject to the prevision in the Agreement which provides for vacating this order if the settlement is not consummated. The Court's findings regarding the class certification requirements of Rule 23(a) and Rule 23(b)(1), 23(b)(2), and 23(b)(3) are subject to the fairness hearing.

**II    Class Representatives**

The Court preliminarily appoints the following as class representatives: New England Carpenters Health Benefits Fund, Pirelli Armstrong Retiree Medical Benefits Trust, Teamsters Health & Welfare Fund of Philadelphia and Vicinity; and Philadelphia Federation of Teachers Health and Welfare Fund.

### III. <u>Approval of Notice</u>

The Court directs that Notice be provided to the Class in accord with Rule 23(b)(3) and the requirements of due process. Therefore, the Court approves the form and content of the Notice for mailing and the abbreviated Notice for publication, substantially in the forms attached as Exhibits B and C to the PSA, as satisfying the requirements of Rule 23 and due process.

### IV. <u>Approval of Notice Plan</u>

The Court directs that Kinsella Communications be confirmed to act as the Notice Agent (as defined in the PSA) and directs the Notice Agent to disseminate the Notice in the following manner, which is designed to achieve a reasonable reach and frequency commensurate with the reach and frequency sought in other pharmaceutical pricing litigation and which satisfies the requirements of Rule 23 and due process:

(a) Publication of the Form of Notice for Publication on dated and in publications substantially as set forth in Exhibit C to the PSA as modified in the attached "Notice Schedule Based on Court Approval By October 27, 2006" attached hereto as Exhibit A;

(b) Distribution by direct mail of the Form of Notice for Mailing (Exhibit B of the PSA) to all TPP Class Members that can be identified by reasonable means or who have requested a copy, which mailing shall be placed in the mail no later than November 30, 2006;

(c) Distribution by direct mail of the Form of Notice for Mailing to the Attorney General of each State of the United States;

(d) Development and management of a toll free number with an automated system providing information about the Proposed Settlement, with the ability to request copies of the Notice or the PSA, during the period from January 1, 2007 up to and including April 2, 2007; and

(e) Development and management of a website to provide information and permit the review and downloading of the Notice, PSA and exhibits, during the period from November 30, 2007 up to and including April 2, 2007.

V.  **Appointment of Class Counsel**

The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the putative Class and hereby appoints the following law firms as Class Counsel pursuant to Rule 23(g): Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff; Wexler Toriseva Wallace LLP; and Edelson & Associates, LLC as Class Counsel for the putative Class.

VI.  **Fairness Hearing**

The Court directs that a hearing be scheduled for April 2, 2007 on final settlement approval (the "Fairness Hearing") before this Court, at the, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider, *inter alia*, the following (a) whether the Class should be certified, for settlement purposes only; and (b) the fairness, reasonableness and adequacy of the settlement. Objectors to the Proposed Settlement may be heard at the Fairness Hearing, however, no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless on or before March 15, 2007, any such objector (1) has filed with the Clerk of the Court <u>in writing</u> a notice of any such objector's intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance, (2) such objector personally or by counsel, to any of the applications before the Court, submits a written statement describing in full the basis for such objector's opposition, and attaches any supporting documentation and a list of any and all witnesses or experts whom such objector shall present to the Court, and (3) has served, on or before March 15, 2007, copies of such notice(s), statement(s), documentation, and list(s) together with copies of any other papers or brief(s) that objector files with the Court or

wishes the Court to consider at the Fairness Hearing, upon: (i) Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP, One Main St., 4th Floor, Cambridge, MA 02142, Class Counsel, (ii) Steve W. Berman, Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, WA 98101, Class Counsel, (iii) Jeffrey Kodroff, Spector, Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, PA 19103, Class Counsel, and (iv) Eve Burton, Office of the General Counsel, The Hearst Corporation, 1345 Avenue of the Americas, New York, NY 10019, Counsel for First DataBank, Inc.

### VII.   Request For Exclusion From the Class

The Court further directs that any putative Class member wishing to exclude himself, herself or itself from the proposed Class, must sign a written request to be excluded containing the information set forth in the Notice, and any such exclusion request must be mailed to the Notice Agent at the following address FDB Litigation Administrator c/o Complete Claims Solutions LLC, P.O. Box 24730, West Palm Beach, Florida 33416 and postmarked (no metered postmarks) on or before March 15, 2007.

### VII.   Other Provisions

Upon Final Approval, each and every term and provision of the Settlement Agreement and Release (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment, as if expressly set forth and shall have the full force and effect of an Order of the Court.

In the event the Settlement Agreement and Release is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the

Settlement Agreement, and without prejudice to the *status quo* ante rights of Plaintiffs and Defendant.

Neither this Order nor the Class Agreement shall constitute any evidence or admission of liability by any Defendant, or an admission regarding the propriety of any certification of any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement and Release or the terms of this Order, or by any Releasee in connection with any action asserting Released Claims.

**SO ORDERED**.

DATED: Boston, Massachusetts  
This ___ day of _____, 2006

_____  
Patti B. Saris, Judge  
United States District Court

**KINSELLA/NOVAK COMMUNICATIONS**
**FIRST DATABANK**
**NOTICE SCHEDULE BASED ON COURT APPROVAL BY OCTOBER 27, 2006**

| PUBLICATION (ISSUE DATE) | December | | | | January | | | | | February | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 4 | 11 | 18 | 25 | 1 | 8 | 15 | 22 | 29 | 5 | 12 | 19 | 26 |
| **National Newspaper** | | | | | | | | | | | | | |
| Parade (1/14/07, 1/21/07) | | | | | | ■ | ■ | | | | | | |
| USA Weekend (1/14/07, 1/21/07) | | | | | | ■ | ■ | | | | | | |
| Vista (Jan/Feb) | | | | | | | | | ■ | ▨ | ▨ | ▨ | |
| | | | | | | | | | | | | | |
| **Consumer Magazines** | | | | | | | | | | | | | |
| Better Homes & Gardens (February) | | | | | | | ■ | ▨ | ▨ | ▨ | | | |
| Ebony (February) | | | | | | ■ | ▨ | ▨ | ▨ | | | | |
| Family Circle (February) | | | | | | | ■ | ▨ | ▨ | | | | |
| Newsweek (1/22/07, 1/29/07) | | | | | | | ■ | ■ | | | | | |
| Parents (February) | | | | | | | ■ | ▨ | ▨ | ▨ | | | |
| People (1/22/07, 1/29/07, 2/5/07) | | | | | | | ■ | ■ | ■ | | | | |
| US News & World Report (1/22/07, 1/29/07, 2/12/07) | | | | | | | ■ | ■ | | ■ | | | |
| **National Newspaper** | | | | | | | | | | | | | |
| USA Today (wk of 1/8/07) | | | | | | ■ | | | | | | | |
| Wall Street Journal (1/10/07) | | | | | | ■ | | | | | | | |
| | | | | | | | | | | | | | |
| **Trade Magazines** | | | | | | | | | | | | | |
| HR Magazine (January) | | | | | ■ | ▨ | ▨ | ▨ | | | | | |
| National Underwriter (1/8/07) | | | | | | ■ | | | | | | | |

**The solid colored boxes represent the on-sale/mail date for each publication.**
**The shaded boxes represent the shelf-life period for each publication.**