

HAGENS BERMAN
SOBOL SHAPIRO LLP

November 1, 2006

**Via Hand Delivery**

Honorable Patti B. Saris
United States District Court
District of Massachusetts
One Courthouse Way
Boston MA 02110

    In Re: *FirstData Bank*

Dear District Judge Saris:

    I enclose a courtesy copy of the filings made today in connection with the proposed resolution of the above referenced matter as against one of the two defendants, First DataBank, Inc. These submissions seek to address the issues raised at the hearing conducted on October 24, 2006.

    The following provides a road map for the issues raised by the Court:

    1.    <u>Consumer plaintiffs.</u> As class counsel indicated to the Court, we would seek to file a second amended complaint to name as parties consumer plaintiffs (See transcript, October 29, 2006 hearing, 68). This was done yesterday through the filing of Motion for Leave to File Second Amended Complaint by All Plaintiffs (docket number 147);

    2.    <u>Various changes to submissions.</u> Because the Court requested various changes to the submission (e.g., that certain documents not be filed under seal, that certain amendments be made to the notice, that qualifying language be made to the preliminary approval order so as not to prejudice McKesson), class counsel have withdrawn the previous papers and resubmitted the settlement package on this date. We view this as a "cleaner" approach and also more consistent with the requirements of the Class Action Fairness Act. Parties viewing the settlement will not be required to move from one document to an amendment, etc;

    3.    <u>McKesson qualifying language.</u> The proposed preliminary approval order now contains a paragraph (the last paragraph) which makes clear that the preliminary approval order shall not constitute any evidence or admission of liability of any defendant, or an admission regarding the propriety of any certification for litigation purposes;

    4.    <u>Continuing jurisdiction.</u> The propose final approval order clarifies that this court's continuing jurisdiction expands for only that time that is necessary for the purposes of enforcing the settlement and supervising management of disputes under or are related to the settlement;

ATTORNEYS AT LAW    SEATTLE  LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO
617.482.3700    617.482.3003
www.hbsslaw.com

5.     <u>Consumer note.</u> The long form notice now contains a "special note to consumers" that clearly states that the proposed settlement "does not reimburse you for any over payments you may have made for prescription drugs" and directs consumers as to how they may proceed if they wish to approach that option. (See Affidavit of Katherine Kinsella, Exhibit 1 at 2);

6.     <u>Schedule of notice plan.</u> The revised schedule of notice is updated, and assumes a preliminary approval issues on or before November 10, 2006. (See Kinsella Affidavit, Exhibit 3);

7.     <u>Consumer benefits and retrospective lump sums.</u> The amended memorandum in support of preliminary approval now contains a separate section identifying the benefits to consumers (including an estimated $400 million in prospective cost savings) as well as a description as to the impracticality of a lump sum distribution as against First DataBank. (See Amended Memorandum, Section II B, pages 13-17);

8.     <u>Individual mailed notice to consumers.</u> The submission now contains an explanation as to why it is in impractical on a nationwide basis to attempt to assemble names and addresses of consumer co-insurer payors in order to provide direct, mailed notice. (See Declaration of Thomas Glenn, et passim; Amended Memorandum, page 44);

9.     <u>Sealed documents.</u> Documents previously filed under seal (the $19 million figure and the fact description that was exhibit B to the earlier memorandum) are now filed directly in the ECF system and without any request for being filed under seal. Because this court previously had received the backup for the declaration of Mr. Sobol that provided the documentation for the $19 million, that backup documentation is not re-filed with a request for a sealing order.

In conclusion, class counsel believe that all appropriate papers are now in order, that no further hearing in connection with the preliminary consideration of this proposed settlement is necessary, and that the matter is ripe for consideration and ruling by the Court. We believe that the issuance of a preliminary approval order, followed with notice to the class as envisioned by these documents, will provide all appropriate parties and class members a fair opportunity to be heard between now and the months that follow before the final approval hearing in April.

We are, as always, available if the Court has any further requests.

Very truly yours,

Thomas M. Sobol

Cc:     All Counsel of Record
        ECF Filing

001821-13 138080 V1