IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 1:05-CV-11148-PBS |

**DEFENDANT MCKESSON CORPORATION'S EMERGENCY MOTION TO MODIFY CLASS CERTIFICATION BRIEFING SCHEDULE IN LIGHT OF PLAINTIFFS' NEW CONSUMER CLASS**

I.    INTRODUCTION

McKesson Corporation's opposition to plaintiffs' motion for class certification of a class of third party payors ("TPPs") is due in less than 2 weeks, on November 17, 2006. Just last week, on October 31, 2006, plaintiffs filed a motion for leave to file a Second Amended Complaint ("SAC") to expand the class definition to include consumers, the very class plaintiffs *dropped* from the original complaint when they simultaneously filed the First Amended Complaint ("FAC") and their class certification motion earlier this year. Accordingly, class discovery and the preparation of expert testimony have focused solely on an alleged TPP class.

In their motion to amend the complaint, plaintiffs suggest that they will amend their motion for class certification at some unknown date in the future to include the consumers they now seek to represent. This open-ended approach, however, makes no sense. If plaintiffs are going to amend their class motion, they should do so promptly. It is highly inefficient for the parties, let alone the Court, to consider the litigation class issues piecemeal, which is exactly what will result if McKesson responds to the proposed TPP class before plaintiffs brief the consumer class issues. Class certification should not be a moving target that requires McKesson to seek and submit multiple expert reports, *seriatim*, to prepare multiple opposition briefs, *seriatim*, and to take multiple depositions of third parties who could address issues with respect to both TPPs and consumers all at the same time. Nor should the Court have to wade through two rounds of briefing, expert testimony, and possible oral arguments, when one coordinated schedule can be set.

Moreover, the issue of manageability, a Rule 23 factor for class certification, cannot be properly addressed without knowing what classes plaintiffs seek to certify for litigation. Other provisions of Rule 23 likewise counsel against such piecemeal adjudication. Accordingly, McKesson requests a modification of the briefing schedule which would (1) enable plaintiffs to amend their class motion now if they are so inclined, (2) allow McKesson to respond to the

proposed TPP and consumer class at the same time, and (3) preserve the April 12 class hearing previously set by the Court.[1]  No prejudice to plaintiffs will result from this modification.

In the alternative, McKesson requests a brief extension on the date for filing its opposition (the first extension McKesson has requested) in order to incorporate depositions and document productions from plaintiffs and third parties that are not yet complete.  With either of the briefing modifications proposed herein, the hearing on class certification need not be changed because extra time before the class hearing has already been included in the current schedule.

### II.    PLAINTIFFS' REQUEST FOR CERTIFICATION OF A CONSUMER CLASS SHOULD BE BRIEFED AT THE SAME TIME AS THEIR REQUEST FOR A TPP CLASS.

#### A.    The Class Definition in This Case Has Been a Moving Target.

This motion arises in the wake of the October 24, 2006, hearing on preliminary approval of a class settlement proposed between plaintiffs and First DataBank ("FDB").  At that hearing, the Court observed that while the proposed Settlement Class against FDB purported to include consumers in addition to TPPs, the operative complaint pled only a class of TPPs.  (*See* Transcript of Settlement Hearing, Oct. 24, 2006 ("Hr'g Tr.") at 61:12 – 62:4; First Amended Class Action Complaint ("FAC") (Docket No. 93, filed July 21, 2006).)  The Court directed plaintiffs' counsel to remedy this deficiency.  Plaintiffs' counsel indicated they would amend the complaint to add a consumer class against FDB.  (*See* Hr'g Tr. at 62:11-12.)

On October 31, plaintiffs did file a proposed amended complaint, expanding the class definition to include consumers.  The new class definition is alleged not only against FDB, but also against McKesson.  (*See* Second Amended Class Action Complaint ("SAC") ¶¶ 1, 21-23,

---

[1] McKesson is not seeking by this motion to coordinate the schedule of plaintiffs' various litigation classes (TPPs and consumers) with plaintiffs' proposed settlement classes.  McKesson previously requested that the litigation class motion be expedited so that the Court could simultaneously consider the settlement and litigation classes.  In light of the Court's assurances that the settlement class determination will not prejudice McKesson, (Hr'g Tr. at 73:10-12), and plaintiffs' unexpected decision to add back in the consumer litigation class they previously dropped, it now makes more sense to adjust the existing class schedule without expediting the hearing on plaintiffs' litigation class motion.  Thus, McKesson only seeks coordination here of the two litigation classes against McKesson.

153), (Docket No. 146, Ex. A, filed Oct. 31, 2006).)  While plaintiffs claim that this amendment was "a logical progression from the original complaint filed on behalf of third-party payors," (Motion for Leave to File Second Amended Complaint) (Docket No. 147-1 at 2, filed Oct. 31, 2006) ("Motion for Leave"), plaintiffs fail to mention that their original complaint included consumers in the alleged class definition; plaintiffs *dropped* the consumers from the class earlier this year on the day plaintiffs filed their class motion, along with the FAC.  (*See* FAC ¶ 150) (limiting class to "[a]ll third party payors . . . .").

Briefing regarding the certification of a litigation class of TPPs, but not consumers, has already commenced.  Plaintiffs filed their Motion for Class Certification on July 17, 2006 (Docket No. 75), and McKesson's opposition brief is due on November 17, 2006.  In their motion to file their SAC, plaintiffs make no attempt to address the obvious complications posed by the litigation class expansion they propose.  Instead, they merely propose that, "[a]t a later date, Plaintiffs will either move to amend their motion to certify the Class to include a Consumer Class or will make a separate motion on behalf of the Consumer Class."  (Motion for Leave at 2.)

This Court should not allow plaintiffs' class definition to be a moving target, especially since McKesson's opposition has not yet been filed.  To date the class definition has changed three times, and plaintiffs are now proposing that it change again.[2]  Unlike the previous changes, however, the timing of the most recent change forces McKesson to set forth its opposition in a disjointed, duplicative, and clearly more expensive fashion.  There is no need to prejudice McKesson in this way because a much better alternative to plaintiffs' proposal exists.

---

[2] The case initially purported to include consumers within the class.  *See* Class Action Complaint ¶¶ 1, 138 (Docket No. 1, filed June 2, 2005).  Plaintiffs then dropped consumers from the class in their FAC and filed their Motion for Class Certification based upon the class definition alleged in the FAC.  *See* FAC ¶¶ 1, 150.  Ten days later they filed an amended motion for class certification, changing the class definition again.  Corrected Plaintiffs' Motion For Class Certification ¶ 1 (Docket No. 99-1, filed July 27, 2006).  In the SAC, plaintiffs propose a new definition which includes consumers, but eliminates the amendment they made with respect to TPPs in their "Corrected" class motion.

**B.    Unifying the Class Schedule Is More Efficient and Consistent with Rule 23, Without Any Resulting Prejudice to Plaintiffs.**

McKesson proposes that the Court modify the current schedule in a way that is far more efficient, logical, and legally sound than the piecemeal approach to class certification that plaintiffs propose. The new schedule can give plaintiffs 5 ½ weeks to amend their class motion. McKesson can take the depositions of the three new consumer class representatives and any declarants plaintiffs offer on consumer class issues, and file a single opposition, with expert support on both the proposed TPP and consumer classes. Adequate time for briefing can be given to both sides while still preserving the existing class hearing date of April 12, 2007 under the following proposed new schedule:

|  | **Current Schedule** | **Proposed New Schedule** |
|---|---|---|
| Plaintiffs Amend their Class Motion |  | December 15, 2006 (5 ½ weeks from today) |
| McKesson's Class Opposition | November 17, 2006 | January 19, 2007 (5 weeks from amendment) |
| Plaintiffs' Reply | January 16, 2007 | February 23, 2007 (5 weeks from opposition) |
| McKesson's Surreply | March 19, 2007 | March 23, 2007 (4 weeks from reply) |
| Class Hearing | April 12, 2007 | April 12, 2007 |

There are several reasons why McKesson's proposed modification of the briefing schedule is a better approach than piecemeal briefing of class issues. *First*, it will be inefficient to address the class issues piecemeal. Under plaintiffs' proposal of waiting on the consumer class, McKesson will be required to brief its class opposition twice, as well as twice obtain expert opinion on these issues. This would likely require multiple depositions of McKesson's experts when one should have sufficed. McKesson may also have to depose third parties twice if the depositions on class issues it has scheduled in the next few weeks require a new line of

questioning as a result of plaintiffs' amended class motion. More importantly, this added expense and labor would result in twice the number of filings on class issues for the Court, with all the inefficiencies that could entail. For example, McKesson's expert testimony may not be as useful to the Court if it is segmented across multiple declarations of the very same expert. While there may have been good reasons to address class issues in the related AWP MDL with multiple briefing schedules and hearings (*i.e.*, because of the number of defendants and the varying claims with respect to physician administered and self-administered drugs), there is no comparable reason to do so in this case. The settling parties likewise argued that it made no sense to address "piecemeal" the different classes at issue in the settlement (the TPP class and the consumer class). (Hr'g Tr. at 28:25 – 29:15). Inefficiencies with the litigation class can be avoided with a minor modification to the schedule.

*Second*, the requirements of Rule 23 will be best served by a unified schedule on the TPP and consumer class issues. In order to make a manageability finding under Rule 23, this Court will need to know what classes are at issue for a potential trial of this case. In evaluating manageability, the court will need to assess the case as a whole and how trial would or would not efficiently proceed for the resolution of all claims and all parties. Indeed, this Court addressed TPP and consumer class issues for self-administered drugs at the same time in the AWP MDL, and could clearly see the manageability problems that a trial of such classes would present. *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 230 F.R.D. 61, 92-96 (D. Mass. 2005). The same analysis will need to be made here.

Other provisions of Rule 23 similarly counsel in favor of a unified class briefing schedule. Subdivision (c)(1) of that Rule states that whenever plaintiffs seek class treatment, "the court must—at an early practicable time—determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131 (1st Cir. 1985) (stating that "[o]ne purpose of the rule [23(c)(1)] is to protect the defendants from prejudice caused by a late expansion of the class," and finding that "[plaintiff's] delay made the defendants' task of collecting and producing evidence related to the broad class

5

more difficult and thereby prejudiced the defendants' case."). As plaintiffs would have it, McKesson must prepare its defense without knowing what class it is defending against. Under plaintiffs' proposal, the consumers could be injected into the ongoing briefing next week, or they might be proposed for certification months from now (after the final ruling on the TPP class has been made). To have a fair opportunity to defend itself against the class proposed, McKesson must know precisely what that class is, and what legal and factual arguments plaintiffs assert in support of certification. *See McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C. Cir. 1984) (upholding the denial of an unduly delayed motion for class certification in part because "[f]undamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages."). While the Rule and the Advisory Committee Notes certainly provide for flexibility in certification determinations, nowhere does the Rule condone piecemeal certification for strategic advantage.

*Third*, plaintiffs will not be prejudiced by a revised schedule. Plaintiffs themselves sought a five-month delay in the hearing on class certification to which McKesson acceded. The unified schedule McKesson proposes will not need to delay the hearing at all. It will also give plaintiffs 5 ½ weeks to amend their motion for certification, and set their reply date well after the MDL trial that caused them to seek additional time in the first place.[3] Adding whatever additional arguments and evidence plaintiffs wish to make with respect to a consumer class now is not an undue burden given that plaintiffs have already supplemented their settlement class briefing to address the addition of a consumer settlement class. By contrast, requiring McKesson

---

[3] Nor will a revised schedule have any impact on the plaintiffs' proposed settlement with FDB. Plaintiffs urged this Court not to delay the FDB settlement proceedings to coordinate them with their litigation class motion against McKesson. The Court has assured McKesson that the settlement class proceedings will not prejudice McKesson with respect to certification issues, and thus is not inclined to coordinate the settlement class motion with the litigation class motion. *See* Hr'g Tr. at 73:2-13. Accordingly, revising the briefing schedule on the litigation class motion will not prejudice plaintiffs with respect to the proposed FDB settlement.

to oppose certification piecemeal will be prejudicial to McKesson. In addition to adding unnecessary costs to the litigation, it will force McKesson to present its defenses in a disjointed fashion, without knowing the scope of the case, or plaintiffs' certification arguments on issues for which plaintiffs bear the burden of proof.

For each of these reasons, McKesson respectfully requests that the court adopt the proposed modifications to the briefing schedule to put the TPP and consumer classes against McKesson on the same track.

### III. IN THE ALTERNATIVE, MCKESSON REQUESTS A FIVE-WEEK EXTENSION TO FILE ITS OPPOSITION BECAUSE OF UNFORESEEN DELAYS THAT HAVE ARISEN WITH PLAINTIFFS AND THIRD PARTY DOCUMENT PRODUCTIONS AND DEPOSITIONS.

If the Court is not inclined to receive plaintiffs' amended class motion before McKesson files its class opposition, McKesson nonetheless seeks a more modest revision to the class briefing schedule to account for discovery delays that preclude McKesson from submitting under the current deadline all of the evidence it seeks to rely upon in opposing class certification. Because of unforeseen delays in document productions and other unforeseen delays, numerous depositions have been postponed and scheduled during the short period in November before McKesson's opposition is due. Plaintiffs have complained regarding short notice, but little flexibility remains under the current schedule, and plaintiffs refused to agree to change the schedule. *See* Declaration of Tiffany Cheung in Support of Emergency Motion by Defendant McKesson Corporation to Modify Class Certification Briefing Schedule in Light of Plaintiffs New Consumer Class ¶ 10 ("Cheung Decl."). The following facts, among others, warrant the short (and first) extension McKesson seeks:

- Plaintiff District Council 37's October 12 deposition was postponed. By the time McKesson was informed that District Council 37 would not appear for its noticed deposition, no mutually agreeable dates before November 6, 2006 were available for this deposition. To date, District Council 37 has still not completed its production of documents in response to McKesson's document request of March 10, 2006, though plaintiffs' counsel has indicated they are working on the request. As a result, the November 6 deposition may not be completed. Cheung Decl. ¶ 3.

- Plaintiff New England Carpenters' October 20 deposition was continued for a second day because the deponent revealed several categories of documents responsive to

      McKesson's March 2006 document requests that had not yet been produced. Plaintiffs had previously represented in August that the production was complete, except for claims data that they were gathering. As of November 6, the day before the scheduled November 7 continuation deposition date, the production remained incomplete, and no claims data had been produced. As a result, the deposition of this plaintiff may not be completed on November 7. *Id.* ¶ 4.

- Plaintiff Teachers Health & Welfare Fund has not yet completed its production of documents, particularly of claims data, responsive to McKesson's document request of March 10, 2006. This data is particularly relevant to the expert analysis McKesson intends to offer in opposition to class certification. *Id.* ¶ 5.

- The deponent for plaintiff Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Teamsters") revealed at his October 5 deposition that several categories of documents responsive to McKesson's March 10, 2006 document requests had not been produced yet, and the witness could not answer questions about some of the Teamsters' production. McKesson has followed up with plaintiffs' counsel on multiple occasions but that production remains incomplete. *Id.* ¶ 6.

- Third party witness Blue Cross & Blue Shield of Montana ("Blue Cross") was scheduled to be deposed on November 3. On November 2, counsel for Blue Cross informed the parties that the witness had a family emergency, and the deposition was postponed. The earliest available date that this third party witness is available for deposition is November 14, 2006. *Id.* ¶ 7.

- McKesson successfully moved to compel production of documents from third party John Deere Health Care, Inc. in response to a subpoena served on August 3, 2006, but the court in the Central District of Illinois gave this third party until November 7, 2006 to produce documents. The deposition of John Deere has, therefore, been postponed until production of documents is complete. *Id.* ¶ 8.

- Third party the Segal Company ("Segal"), a benefits consultant retained by multiple named plaintiffs, was served a subpoena on August 1, 2006, but Segal's production is still incomplete. As late as November 3, 2006, Segal produced analyses regarding pharmaceutical prices offered by PBMs to one of the named plaintiffs. That deposition was also postponed pending further document production. *Id.* ¶ 9.

      Accordingly, in the alternative to restructuring the class briefing schedule to accommodate timely consideration of plaintiffs' new proposed consumer class, McKesson proposes a 5-week extension on the filing of its opposition, with the following modification to the class briefing schedule:

8

| Action | Existing Certification Schedule | Proposed Modification to Certification Schedule |
|---|---|---|
| McKesson's Opposition | November 17, 2006 | December 22, 2007 |
| Plaintiffs' Reply | January 16, 2007 | February 6, 2007 ( 6 ½ weeks from opposition)[4] |
| McKesson's Surreply | March 19, 2007 | March 23, 2007 (6 ½ weeks from Reply) |
| Certification Hearing | April 12, 2007 | April 12, 2007 |

McKesson respectfully requests that the Court grant this minor modification if the schedule is not revised to include plaintiffs' newly proposed consumer class.

---

[4] This schedule gives plaintiffs 6 ½ weeks for a reply brief, rather than the 8 weeks they originally requested and secured in the last schedule modification. The prior schedule, however, was based upon the assumption that plaintiffs would be in trial on the AWP MDL for the first month after McKesson's opposition was filed. This concern will no longer be an issue under the revised schedule.

9

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
tel. 415-268-7000
fax 415-268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380


Dated: November 6, 2006


### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Lori A. Schechter, counsel of record for defendant McKesson Corporation, hereby certify that counsel for McKesson conferred with counsel for plaintiffs in an effort to resolve the dispute referred to in this motion, and that plaintiffs indicated they would not consider any modification to the schedule.

/s/ Lori A. Schechter
Lori A. Schechter

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on November 6, 2006.

                /s/ Lori A. Schechter
                Lori A. Schechter

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 1:05-CV-11148-PBS |

## [PROPOSED] SCHEDULING ORDER

November ___, 2006

Saris, U.S.D.J.

The Scheduling Order dated September 22, 2006 is amended as follows:

With respect to Plaintiffs' Motion for Class Certification, briefing will proceed according to the following schedule:

Plaintiffs' Amended Motion for Class Certification due December 15, 2006;

McKesson's Class Opposition due January 19, 2007;

Plaintiffs' Reply due February 23, 2007;

McKesson's Surreply due March 23, 2007;

Hearing on Class Motion on April 12, 2007 at 2:00 P.M.

SO ORDERED.

_____
Patti B. Saris
United States District Judge