IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN, | |
| | Case No. 1:05-CV-11148-PBS |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**DECLARATION OF TIFFANY CHEUNG IN SUPPORT OF EMERGENCY MOTION BY DEFENDANT MCKESSON CORPORATION TO MODIFY CLASS CERTIFICATION BRIEFING SCHEDULE IN LIGHT OF PLAINTIFFS' NEW CONSUMER CLASS**

I, Tiffany Cheung, declare as follows:

1.    I am an attorney at the law firm of Morrison & Foerster LLP and one of the attorneys of record for McKesson Corporation ("McKesson") in this action. I submit this declaration in support of McKesson's Emergency Motion to Modify Class Certification Briefing Schedule in Light of Plaintiffs' New Consumer Class.

2.    On March 10, 2006, McKesson served its first request for documents on all plaintiffs.

3.      On September 15, 2006, McKesson noticed plaintiff District Council 37 Health & Security Plan's ("District Council 37") deposition for October 12, 2006.  On October 6, 2006, plaintiffs' counsel informed McKesson's counsel that District Council 37's witness was not available on the noticed date and would not appear for the deposition.  *See* attached Exhibit 1. By this time, no mutually agreeable dates before November 6, 2006 were available for this deposition.  On November 2, 2006, plaintiffs' counsel produced additional responsive documents from District Council 37's files, and also informed McKesson for the first time that certain other responsive documents existed, but could not be produced before "permission" was obtained from third party pharmaceutical benefit managers.  *See* attached Exhibit 2.  To date, District Council 37 has not completed its production of documents responsive to McKesson's March 10, 2006 requests.  *Id*.

4.      On August 9, 2006, plaintiffs' counsel indicated that except for claims data, plaintiff New England Carpenters Health Benefits Fund ("New England Carpenters") had completed its production.  *See* attached Exhibit 3.  Subsequent deposition testimony of New England Carpenters, however, revealed several categories of documents responsive to McKesson's March 2006 document requests that had not been produced.  As a result, the deposition of New England Carpenters was continued to November 7, 2006.  *See* attached Exhibit 4.  Although McKesson requested that all remaining responsive documents be produced by October 31, McKesson's counsel received some additional documents, though not all, in the afternoon of Saturday, November 4, three days before the date of the continued deposition.  *See* attached Exhibits 4 and 5.  To date, New England Carpenters has not produced all documents responsive to the March 2006 requests.

5.      Plaintiff Teachers Health & Welfare Fund has not completed its production, including its claims data, in response to McKesson's March 2006 document requests.

6.      At the October 5, 2006 deposition of plaintiff Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Teamsters"), the deponent testified regarding several categories of documents responsive to McKesson's March 2006 document requests that had not been produced.  On October 19, 2006, McKesson's counsel wrote to counsel for the Teamsters requesting the additional responsive documents that had not been produced, citing to the Teamsters' testimony, and attaching a proposed stipulation to establish the authenticity and admissibility of the Teamsters claims data, as discussed with counsel for the Teamsters during the deposition.  *See* attached Exhibit 6.  Having received no response by October 30, counsel for McKesson wrote again to counsel for Teamsters regarding these documents.  *See* attached Exhibit 7.  Counsel for Teamsters responded that it would respond by November 2.  *See* attached Exhibit 8.  To date, McKesson has not received a response to its October 19 letter.

7.      At the request of third party Blue Cross & Blue Shield of Montana ("Blue Cross"), Blue Cross was scheduled to be deposed on November 3.  On November 2, counsel for Blue Cross informed the parties that the witness had a family emergency, and the deposition was postponed.  *See* attached Exhibit 9.  Although McKesson had attempted to reschedule this deposition as early as possible during the week of November 6, Blue Cross later informed McKesson that the witness would not be available until November 14, 2006.

8.      McKesson filed a motion to compel in the Central District of Illinois against third party John Deere Health Care, Inc.  The court granted McKesson's motion in part and ordered John Deere to produce documents by November 7, 2006.  *See* attached Exhibit 10.  John Deere has not produced any documents in response to the August 3, 2006 subpoena served on it.  The

deposition of John Deere has, therefore, been postponed until production of documents is complete.

9.     On August 1, 2006, McKesson served a subpoena on third party the Segal Company ("Segal").  On November 3, 2006, McKesson received documents produced by Segal related to one of the named plaintiffs for whom Segal was retained to provide services.  *See* attached Exhibit 11.  To date, Segal has not produced all documents responsive to the subpoena served on it.  As a result, this deposition was postponed pending further document production.

10.     On November 3, 2006, counsel for McKesson asked plaintiffs if they would be willing to discuss changes to the class certification schedule.  *See, e.g.*, attached Exhibit 12. Plaintiffs have refused to discuss this.

11.     Attached hereto are true and correct copies of the following documents and correspondence:

| | |
|---|---|
| Exhibit 1 | Letter from P. Flum to E. Notargiacomo regarding plaintiff District Council 37, dated October 6, 2006. |
| Exhibit 2 | Letter from B. Mahoney to M. Higgins regarding plaintiff District Council 37, dated November 2, 2006. |
| Exhibit 3 | Letter from S. Berman to P. Flum, dated August 9, 2006. |
| Exhibit 4 | Letter from P. Flum to E. Notargiacomo regarding plaintiff New England Carpenters, dated October 23, 2006. |
| Exhibit 5 | E-mail from D. Nalven to P. Flum and M. Higgins regarding plaintiff New England Carpenters' production, dated November 4, 2006. |
| Exhibit 6 | Letter from T. Cheung to J. Macoretta regarding plaintiff Teamsters, dated October 19, 2006. |
| Exhibit 7 | E-mail from C. Babbitt to J. Macoretta regarding plaintiff Teamsters, dated October 30, 2006. |
| Exhibit 8 | E-mail from J. Macoretta to C. Babbitt regarding plaintiff Teamsters, dated October 30, 2006. |

| Exhibit 9 | E-mail from A. Feinberg, counsel for Blue Cross & Blue Shield of Montana, to T. Cheung, dated November 2, 2006. |
|-----------|---|
| Exhibit 10 | Order granting in part McKesson's Motion to Compel Production of Documents from John Deere Health Care, Inc., dated October 24, 2006. |
| Exhibit 11 | Letter from J. Watson at the Segal Company to M. Higgins, dated November 2, 2006. |
| Exhibit 12 | E-mail from T. Cheung to S. Berman regarding the class certification schedule, dated November 3, 2006. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of November, 2006, in San Francisco, California.

By: /s/ Tiffany Cheung
Tiffany Cheung

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on November 6, 2006.

/s/ Lori A. Schechter
Lori A. Schechter

# Exhibit 1

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

October 6, 2006

Writer's Direct Contact
415.268.7335
PaulFlum@mofo.com

*By Email*

Ed Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Re:    *New England Carpenters v. First Databank*

Dear Ed:

I am writing in response to your phone call today regarding the District Council 37 deposition.  We served notice of the deposition on September 15, and asked plaintiffs to contact us immediately if there was a problem with the date.  Plaintiffs waited until today — less than a week before the deposition — to advise us that District Council 37 is not available on October 12, as noticed.

We have already agreed to requests by you, Marc Edelson, and Jennifer Connolly to move the depositions of Philadelphia Teachers, New England Carpenters, and Pirelli to dates later in October to accommodate the witnesses' schedules.  In addition, we have taken or currently have scheduled thirteen days of depositions in this case during the month of October (most during the last two weeks of the month), and are in the process of scheduling several more depositions.  We need to finish class discovery by the end of October to allow time for us and our experts to digest the information before our opposition brief is filed on November 17.

We have run out of dates in October to reschedule the District Council 37 deposition.  We are open to deposing District Council 37 on November 7, but only on the condition that plaintiffs agree to extend the filing date for our opposition to class certification to November 27.  If that is not acceptable, then we will need to proceed with the District Council 37 deposition on October 12, as noticed.

Sincerely,

Paul Flum

Paul Flum

cc:    Barbara Mahoney (by email)
       John Macoretta (by email)
       Jennifer Connally (by email)
       Mark Edelson (by email)

sf-2206021

# Exhibit 2



BARBARA A. MAHONEY
BARBARAM@HBSSLAW.COM

November 2, 2006

Meghan Higgins
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

      Re:    <u>New England Carpenters Health Benefit Fund v. First DataBank</u>

Dear Meghan:

      I am writing in response to your letter of October 30.  Contrary to your assertion (page 5), District 37 has not agreed to provide claims data.  See, e.g. my letter to Tiffany, dated October 4, 2006.  I informed Paul and Tiffany at a Discovery Conference in August that District 37 does not have the requested data in its possession, custody or control as understood by Rule 34, but such data is available through ESI.

      I have written separately to Tiffany Cheung to inform her that the Cultural and Library Trusts have withdrawn themselves from this litigation.  This moots all requests related to their documents (See your letter, pages 1-2).  Additionally we are withholding the requested item (page 4) "Segal Company PBM audit" as privileged under the work-product doctrine.  That document was prepared at the request of counsel in preparation for litigation.

      Further, we object to many of the items you now seek as outside the scope of McKesson's Requests for Production ("RFPs").  These include:

a)  "documents discussing items not covered by the plan's prescription drug benefit"; and

b)  Documents relating to District 37's financial status, including "DC 37 Fund's Projection of Available Funds for the Years Ending June 30, 1998 through the year 2003" or "any other documents discussing or projecting the Plan's available funds"; the Trustees' "report on the Union Welfare Fund's Projection of Available Funds for the Years Ending June 30, 1998, 1999, 2000, 2001, 2002 and 2003"; or "any other documents discussing or projecting the Union Welfare Fund's available funds"; "DC 37 Health & Security Plan Schedule of Benefits & Administrative

T 206.623.7292    F 206.623.0594
1301 FIFTH AVENUE ▪ SUITE 2900 ▪ SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001821-13  137779 V1

Ms. Meghan Higgins
November 2, 2006
Page 2


> Expenses Actual and Projected FY 6/30/02 [through] FY 6/30/06"; "DC 37
> Savings Analysis; "Operations & Fund Balances for the Years Ending 6/30/97, 98,
> 99, 00, 01, 02, 03—Summary of Projection #1, #2, #3"; and "DC 37 Health &
> Security Plan Schedule of Benefits & Administrative Expenses Actual & Projected
> FY 6/30/02 [through] FY 6/30/06"

By your reference to Paul's June 2 letter at 6, you appear to rely on RFP Nos. 27-29.
RFP 27 requests "documents that describe the hospital, medical or prescription drug
benefits"; RFP No. 28 requests "documents concerning consideration of potential
changes to" such benefits; and RFP No. 29 requests "minutes or other summaries of any
meetings or conferences held by You, Your Trustees, management or directs or Your
Pharmaceutical and Therapeutic Committee concerning drug benefits."  These RFPs do
not encompass the above-listed items.  Items encompassed in (a) do not describe health
benefits; if McKesson is interested in formularies, it should seek them from ESI or
Innoviant as District 37 has never obtained the complete formulary from any of its PBMs.
Nor is it clear that the items reasonably fall within any of the other RFPs McKesson has
issued.  Items (b) pertain to District 37's financial well-being and are outside of the RFPs
and of questionable relevance to this litigation.

District 37 has searched for and believes it is not in possession of the following
items:
(pages 2- 4):
"Estimates Impact of Prescription Drug Modifications Annualized for 12 month[]
Period" (referenced D37 0733);
"the drug benefit modification report presented by ESI/NPA" (see 0707); and
"copy of a prescription drug comparison for the six-month period of July 2003
through December 2003 v. July 2004 through December 2004" (see 0678)

It has located and will produce the following items, provided it obtains permission
from ESI, Segal (where applicable):

(page 2)
"Plan prescription drug analysis" (see 0747);

(page 3)
"Variations in Prescription Drug Co-Payments—Estimated Savings Annualized
for a 12 Month Period" (see 0732);

Ms. Meghan Higgins
November 2, 2006
Page 3


      "proposed modifications to the Drug Benefit" (see 0730)[Attachment is identical to preceding];

      "report prepared by the Segal Company analyzing proposals from potential pharmacy benefits managers" (see 0724);

      "report by the Segal Company regarding the NPA Drug RFP savings" (see 0714);

      "presentation by NPA on cost containment measurers" (see 0713);

      "presentation by Express Scripts/NPA reviewing the prescription drug benefit" (see 0719);

      "report presented by Express Scripts/NPA" (see 0709)


      (page 4)

      "presentation of the Actuary's Report and the Company Prescription Drug Program Analysis" (see 0702);

      "Co-pay balancing package" (see 0705);

      "presentation of material regarding a Mandatory Mail Order Prescription Drug Benefit" (see 0701);

      "presentation and discussion of a Prescription Drug Benefit Modification and Changes to the  Three-tier Co-Payments" (see 0696);

      "DC Savings Analysis—$5,000 and $10,000 Plan Cap" (see 0681);

      "allocation of dollars covering 7/03-12/03 and 7/04-12/04 (see 0681); and

      "DC 37 ESI—Benefits Analysis & Contribution Services Co-Pay Model Results spreadsheet" (see 0674).


In view of the November 6 deposition date we are e-mailing you copies of the documents which do not require permission from third-parties.  (D37 0674-A-D; D37 0681-A-B; D37 0701-A-D; D37 0730-A; D37 0732-A; D37 0747-A-F; ).  For those which do require permission we will diligently seek permission and will overnight or e-mail the documents to you once permission is obtained.  However, we do not agree to any extension of the November 6 deposition of District 37's 30(b)(6) witness.  Your letter, sent after the close of business on October 30, was not reasonably calculated to allow production of documents subject to third-party confidentiality agreements prior to the November 6 deposition.


      Finally your reference to e-mails (page 5) is unclear, thus we will not respond to it at this time.

Ms. Meghan Higgins
November 2, 2006
Page 4


                              Sincerely,

                              HAGENS BERMAN SOBOL SHAPIRO LLP


                              *[sent via electronic delivery]*

                              Barbara A. Mahoney
                              Attorney


BAM:BAM
cc:     David Nalven
        Audrey Browne

# Exhibit 3



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

August 9, 2006

**_Via E-Mail_**

Paul Flum
Morrison Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

     Re:     _New England Carpenters v. First Databank_

Dear Mr. Flum:

     This is in response to your letter of August 3, 2006.

     The premise of your letter, _i.e._, that there are significant gaps in the production by the plaintiffs is incorrect. Your mistaken assumption arises from an apparent misunderstanding as to the size and sophistication of the plaintiff funds.

     For example, you charge that there are no contract negotiation documents, "audits" and many other categories. If such documents existed they would be produced. They simply don't exist.

     New England Carpenters – a small plan – has produced responsive documents other than claims data which is being gathered.

     Pirelli is likewise a small plan. The fund itself does not use e-mail (so there are no electronic documents to search for) and has had a relationship with its third party administrator for many years (so there are not the types of contracting documents McKesson is looking for). Moreover, Pirelli has produced the transcript of a deposition taken in the AWP case of a Pirelli trustee: have you read the deposition? In short, plaintiffs' counsel has had extensive discussions with your colleague, Tiffany Cheung, and has accommodated every request McKesson has made consistent with plaintiffs' overall positions regarding the permissible scope of McKesson's requests. McKesson's repeated insistence that "there must be something more" does not mean that there is, in fact, more to produce.

ATTORNEYS AT LAW         SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO

T 206.623.7292     F 206.623.0594
1301 FIFTH AVENUE • SUITE 2900 • SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001821-13 122917 V1

Paul Flum
August 9, 2006
Page 2

Teamsters.  Same as above.  The fact that members can e-mail does not mean those members' related e-mails have anything to do with this case.  Teamsters has again searched its email files and uncovered a few potentially responsive emails, these will be produced shortly.  Teamsters also expects to produce its electronic claims data, with patient identifying information removed, by next week.

Teamsters' designee, Fund Administrator Bill Einhorn, is tentatively available for deposition in Philadelphia on August 23 or Sept 8, 11 or 12.

As to 30(b)(6) witnesses, in most instances, these plans have been deposed in the MDL and that deposition provides a great deal of information.  None of the MDL plaintiffs are unable to proceed with merits depositions.

Regarding the documents available at Wexler Toriseva Wallace ("WTW"), you may contact Jennifer Connolly to arrange for copying of the PHSI production.  Please be advised that WTW is not in possession of the entire PHSI production, but instead only has the production related to certain AWP defendants.  The remaining PHSI production is available at HBSS' Chicago office.  You should contact Beth Fegan to arrange for copying of the remaining production there.  You are correct that the Cardinal, FDB, Reb Book and MediSpan documents at WTW's offices have already been produced to McKesson.

Regarding the additional documents you have requested (your list on page one from Aventis to UFCW), you should likewise contact Jennifer Connolly for those documents.  WTW can make them available in one of two ways.  One, they can simply provide you with the original media provided by the producing party.  However, when loading those documents plaintiffs discovered numerous loading problems that have since been fixed.  So, two, WTW can copy the images (and load files if you need them) that have been fixed.  However, this will take significant time to do.  Should McKesson decide to go this route, our vendor will reproduce that media for you at the rate of $95/hour.  McKesson would simply need to provide WTW with a 200-gigabyte hard drive on which the images could be saved.  Because of where those images reside, we will not allow McKesson's vendor to have access to those files.  The choice is yours.

Finally, you mistakenly claim that plaintiffs have had an index of AWP MDL discovery.  That is not the case.  The lists we have provided you were prepared after each co-lead firm comprehensively searched their files in order to provide you with the lists we have compiled.  There was no index in existence prior to our efforts to get this to you,

001821-13  122917 V1

Paul Flum
August 9, 2006
Page 3

nor is there an electronic database where all documents produced to plaintiffs have been maintained.  Thus, any delay to the current schedule is due to McKesson's delay tactics and fishing expedition of AWP documents that have no relevance whatsoever to this proceeding.

As for documents of HBSS that you wish to inspect, this is the second time you have demanded access to large groups of documents in less than 48 hours.  Though we would like to accommodate you, we cannot do so until Monday.  The bulk of this material is in storage so come prepared to get dirty.  Contact Carrie Flexer.

Finally, many items in your letter, such as claiming that there is an "index" or that "audits" are missing and the like, are unsupported assertions ("UAS").  There is in this case a repeated pattern of the McKesson team in making UAS to which we waste time in responding.  In the future, we will simply send back a letter:  "Dear Paul:  UAS."  We will not incur the burden of continually responding in detail.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*[sent via electronic delivery]*

Steve W. Berman

cc:    Plaintiffs' Counsel

# Exhibit 4

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

October 23, 2006

Writer's Direct Contact
415.268.7335
PaulFlum@mofo.com

*Via Email*

Ed Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Re:     *New England Carpenters v. First DataBank*

Dear Ed:

I am writing to confirm that the deposition of New England Carpenters Health and Welfare Fund will continue on November 7, 2006. This continuation is necessary because the Fund failed to produce significant categories of documents in response to McKesson's requests.

We have been pointing to gaps in the New England Carpenters production for months. Each time, your office has responded that all responsive have been produced. *See, e.g.,* Steve Berman letter of August 9, 2006 ("New England Carpenters — a small plan — has produced responsive documents other than claims data which is being gathered").

Contrary to these representations, the testimony of the Fund's representative last Friday confirmed that much more than claims data (which still hasn't been produced) is missing. The Fund's representative testified that he had never seen McKesson's document requests. While counsel apparently told him what to look for, his testimony demonstrated that the directions given to him were incomplete and inaccurate.

As a result, the Fund did not search for or produce many categories of responsive documents. These include board of trustees minutes, rebate documentation, benefit design presentations and analyses, financial statements, projections of plan expenses, and member communications regarding benefits to cite key examples. There also appear to be significant gaps in the contracts and participant communications that the Fund has produced to date.

We appreciate your willingness to produce a representative of the Fund for a second day of deposition. To assure that we can conclude the deposition on November 7, we need all responsive documents to be produced to us in San Francisco at least one week in advance, *i.e.,* by Tuesday, October 31. While I hope it won't be necessary, we intend to ask for the Court's intervention if plaintiffs once again fail to comply with their discovery obligations.

Sincerely,

Paul Flum

sf-2214972

# Exhibit 5

```
-----Original Message-----
From: David Nalven [mailto:davidn@hbsslaw.com]
Sent: Saturday, November 04, 2006 8:26 AM
To: Flum, Paul; Higgins, Meghan K.
Subject: Fw: Bates Range & Tracking Numbers
```

Pls note below and let me know if there are any problems. Thanks very much.

```
-----Original Message-----
From: Stevens, Brian <BriStevens@IKON.com>
To: David Nalven <davidn@hbsslaw.com>
Sent: Fri Nov 03 17:32:16 2006
Subject: Bates Range & Tracking Numbers
```

    David,

    The Bates range for the production is CARP 00347 thru CARP 04302

    The Tracking Numbers for the boxes sent to Meghan Higgins ESQ at Morrison & Foerster are:
       7300 9984 3010
       7300 9984 3024

    Thank you,

    Brian

Brian Stevens
Assistant Account Manager
IKON Legal Document Services
3 Center Plaza Ste. 220
Boston, MA 02108
617-371-1300
617-293-6074

1

# Exhibit 6

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

October 19, 2006

Writer's Direct Contact
415.268.6848
TCheung@mofo.com

*Via E-Mail*

John A. Macoretta
Spector Roseman & Kodroff
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Re:   *New England Carpenters Health Benefits Fund, et al. v. First DataBank, et al.*

Dear John:

I write to follow up on the document production by plaintiff Teamsters Health & Welfare Fund of Philadelphia and Vicinity in response to McKesson's first document request, which was served on March 10, 2006 ("Document Requests"). After taking the deposition of the Rule 30(b)(6) witness designated by the Teamsters, Mr. William Einhorn, it appears that the Teamsters has failed to produce several categories of documents responsive to the Document Requests.

Specifically, Mr. Einhorn testified that the Teamsters keeps copies of audited financial statements and actuarial estimates that project expenditures for the Teamsters prescription drug benefit. Einhorn Dep. at 36:8-37:6 (financial statements); 16:25-20:11 (actuarial estimates). Such actuarial estimates and financial statements are responsive to Request Nos. 4, 26, 38, and/or 39 of the Documents Requests and have not been produced.

Mr. Einhorn also testified about several reports, including a report that was used to determine a benefit change in co-pay tiers for certain proton pump inhibitors and nonsedating antihistamines, the Cookson reports presented at the May 2005 and the June 2005 trustees meetings, and Mr. Einhorn's report regarding expenditures for prescription drugs. Einhorn Dep. at 44:4-45:18 (report on benefit change); *id.* 158:2-159:15 (May 2005 Cookson report); *id.* 161:18-162:7 (June 2005 Cookson report), *id.* 162:25-164:5 (Einhorn report). Such reports are clearly responsive to Request Nos. 27, 28, 29, and/or 38 of the Document Requests and have not been produced.

We continue to reserve our right to re-open the depositions of the Teamsters in light of these document issues.

sf-2211787

**MORRISON** | **FOERSTER**

John A. Macoretta
October 19, 2006
Page Two

Additionally, in light of your representations at the deposition of Mr. Einhorn regarding the claims data produced by Teamsters, please review the attached stipulation regarding the admissibility of this data. If this stipulation is acceptable, please sign it and send the executed copy back to me or to Paul Flum.

Sincerely,

*Tiffany Cheung* KMB
Tiffany Cheung

Enclosure

sf-2211787

**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN, | |
| Plaintiffs, | Case No. 1:05-CV-11148-PBS |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**STIPULATION REGARDING CLAIMS DATA PRODUCED BY PLAINTIFF TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINTY**

The parties hereby stipulate and agree as follows:

Plaintiffs stipulate to the authenticity and admissibility in this case of the electronic claims data produced by the Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Teamsters") in response to McKesson's First Request for the Production of Documents, which are bates-labeled THWF 4808 - THWF 4809.

Plaintiffs further stipulate that the data file entitled Final Script_01_06, produced by Teamsters, is claims data that accurately represents usage, cost, and reimbursement information for Teamsters claims filled from January 2001 through May 2006 for all NDCs listed on Appendix A to the First Amended Complaint.

Plaintiffs further stipulate that the data files entitled Final-1999 and Final-2000, produced by Teamsters, contain the claims data that accurately represents usage, cost, and reimbursement

information for Teamsters claims filled from January 1999 through December 2000 for all NDCs

listed on Appendix A to the First Amended Complaint.


Dated: October _____, 2006

On behalf of DEFENDANT MCKESSON
CORPORATION

By:

/s/ Paul Flum

Paul Flum

MELVIN R. GOLDMAN (*pro hac vice*)
LORI A. SCHECHTER (*pro hac vice*)
PAUL FLUM (*pro hac vice*)
TIFFANY CHEUNG (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JOHN KIERNAN
BONNER KIERNAN TREBACH &
CROCIATA, LLP
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

On behalf of PLAINTIFFS

_____

 John Macoretta

JOHN A. MACORETTA
SPECTOR ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

STEVEN W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

# Exhibit 7

**From:**        Babbitt, Christopher
**Sent:**        Monday, October 30, 2006 3:45 PM
**To:**          'John Macoretta'
**Cc:**          Cheung, Tiffany; Flum, Paul
**Subject:**     RE: Teamsters Production and Stipulation Regarding Claims Data

John,

I wanted to follow up with you regarding the email below.  I don't believe I have received a response.  If you prefer, I would be happy to discuss this by phone.

Best,
Chris

> -----Original Message-----
> **From:**        Babbitt, Christopher
> **Sent:**        Thursday, October 19, 2006 7:15 PM
> **To:**          'John Macoretta'
> **Cc:**          Cheung, Tiffany; Flum, Paul
> **Subject:**     Teamsters Production and Stipulation Regarding Claims Data

John,

Attached please find a letter from Tiffany Cheung regarding the Teamsters production and a proposed stipulation regarding the admissibility of Teamsters claims data.  Please let me know if you have any questions or concerns.

All the best,
Chris

<< File: 20061019 Letter from Cheung to Macoretta re Stip re Admissiblity of Claims Datapdf.pdf >>  << File: Stipulation re Admissibility of Claims Data.pdf >>

Christopher E. Babbitt
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7453
cbabbitt@mofo.com

1

# Exhibit 8

**From:**          John Macoretta [JMacoretta@srk-law.com]
**Sent:**          Monday, October 30, 2006 6:01 PM
**To:**            Babbitt, Christopher
**Subject:**       RE: Teamsters Production and Stipulation Regarding Claims Data

we are working on this, I will have a detailed answer by Thursday.  JOHN

John A. Macoretta
Spector, Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300
>>> "Babbitt, Christopher" <CBabbitt@mofo.com> 10/30/06 6:45 PM >>>
John,

I wanted to follow up with you regarding the email below.  I don't believe I have received
a response.  If you prefer, I would be happy to discuss this by phone.


Best,
Chris


>  -----Original Message-----
> From:        Babbitt, Christopher
> Sent:        Thursday, October 19, 2006 7:15 PM
> To:          'John Macoretta'
> Cc:          Cheung, Tiffany; Flum, Paul
> Subject:     Teamsters Production and Stipulation Regarding Claims
> Data
>
> John,
>
> Attached please find a letter from Tiffany Cheung regarding the
> Teamsters production and a proposed stipulation regarding the
> admissibility of Teamsters claims data.  Please let me know if you
> have any questions or concerns.
>
> All the best,
> Chris
>
>
>  << File: 20061019 Letter from Cheung to Macoretta re Stip re
> Admissiblity of Claims Datapdf.pdf >>  << File: Stipulation re
> Admissibility of Claims Data.pdf >>
>
> Christopher E. Babbitt
> Morrison & Foerster LLP
> 425 Market Street
> San Francisco, CA 94105
> (415) 268-7453
> cbabbitt@mofo.com
>

===========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S. Federal tax issues is contained in
this communication (including any attachments), such advice is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

=========================================================================

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
=========================================================================

# Exhibit 9

**From:** Feinberg, Adam [mailto:AFeinberg@milchev.com]
**Sent:** Thursday, November 02, 2006 1:17 PM
**To:** Cheung, Tiffany
**Subject:**

Tiffany,

I checked again, and there is no way we'd be able to confirm Tina Wong's availability for tomorrow in the next few hours. She is at home caring for a sick child, and it all depends on whether he recovers by tomorrow morning.

I assume you just want to reschedule.

Adam


Adam P. Feinberg
Miller & Chevalier Chartered
655 15th Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-6087


This electronic message contains information which may be legally confidential and/or privileged. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

# Exhibit 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

New England Carpenter Health Benefits        )
Fund;  Pirelli Armstrong Retiree Medical     )
Benefits Trust, Teamsters Health &           )
Welfare Fund of Philadelphia and             )
Vicinity, and Philadelphia Federation of     )
Teachers Health and Welfare Fund,            )
                  Plaintiffs   )
                                           )
                                           )            Case No. 06-mc-4017
                                           )
First DataBank, Inc. and McKesson            )
Corporation,                                 )
                Defendants   )

**ORDER**

Now before the Court is the motion by Petitioner United Healthcare Services Co. of the

River Valley, Inc. [f/k/a John Deere Health Care, Inc.)(Doc.#1) to quash a subpoena served

on it by defendant McKesson Corporation.  The subpoena, served on August 3, 2006[1], sought

production of documents in connection with litigation pending in the United States District

Court for the District of Massachusetts, as captioned above, Case No. 1:05-CV-11148-PBS.

 Petitioner is not a party to the Massachusetts case.

The underlying case alleges that plaintiffs, all third party payors ("TPP"s), paid more

than they should have for certain drugs dispensed to their members.  Plaintiffs (insurance

companies, health plans, and other TPP's)  allege that the price was artificially inflated as a

result of an agreement among defendants.   Pending in the underlying litigation are issues

---

[1]McKesson explains that it needs production of these documents immediately in order to meet the October 27 deadline imposed by the District Court in Massachusetts for responding to class certification issues.  If McKesson  expected not only an order from this Court but compliance by Petitioner (including both production of documents and sitting for deposition) in time to prepare a response by that deadline, the opposition to the Motion should have been filed well before October 13.  An inability to meet that deadline can only be laid at McKesson's own doorstep.

related to class certification.  McKesson argues that the information sought from Petitioner (who is a TPP) supports its contention that individual issues in TPP contracts and knowledge should preclude class certification.

This motion was filed on August 16.  Several extensions of the response deadline were granted at the request of McKesson, with the agreement of United Healthcare.  The purpose of the extensions was to allow the parties to discuss the dispute and attempt to resolve it without the court's intervention.  Those efforts failed, and McKesson's response to the Motion to Quash was filed on October 13.

McKesson's subpoena contains 5 pages and 24 paragraphs of definitions along with 4 pages and 13 paragraphs of Instructions.  The subpoena commanded a records deposition on August 29, at 9:30 a.m.  The 7 topics of that deposition are set forth in  Exhibit A to the subpoena, and the 25 categories of documents to be produced at that deposition are set forth in Exhibit B.  Appendix A identifies the over-1,000 different drugs that are at issue.

United Healthcare raises three objections to the subpoena:  it fails to allow a reasonable time for compliance,  it seeks disclosure of privileged or otherwise protected matters, and it subjects this non-party to undue burden.  Given the length of time that has elapsed since the service of the subpoena, I cannot see that response time is any longer an issue.

In its effort to alleviate Petitioner's concerns about privilege and confidentiality, McKesson first points to the Protective Order in place in the Massachusetts litigation.  This Order limits disclosure of proprietary or commercially sensitive information  "the disclosure of which is likely to cause competitive or commercial injury to the producing party."  This clearly encompasses Petitioners plan descriptions, reimbursement strategy, methodology and rates. Nothing in the Motion to Quash explains how the Protective Order might be deficient.

2

Petitioner shall therefore produce that information, subject to protection of the Protective Order.

In addition, Petitioner points to pharmacy contracts and rebate contracts, some of which contain confidentiality provisions prohibiting Petitioner from disclosing terms and even the existence of those contracts. But according to McKesson, Petitioner has already received waivers of the confidentiality provisions from at least 10 pharmacies and 10 manufacturers. As to those 20 entities, there is no basis for withholding the documents sought.

But with respect to the remaining contracts, Petitioner points out that it must review each of the thousands of pharmacy contracts and hundreds of rebate contracts to determine which ones contain (or do not contain) confidentiality provisions. Those that do contain such provisions cannot be disclosed without waiver from the contracting party. Petitioner points out the undue burden - time and expense - on it, a non-party to the underlying litigation, to review each of those contracts and take steps to obtain waivers from their contracting partners.

McKesson states that it has narrowed the scope of its request, to a "representative sample of its pharmacy and manufacturer rebate contracts covering the time period of 1998- to the present ... to be agreed upon through discussions with counsel" and further limits the requests to the records of the former John Deere Health Care, Inc., rather than the hundreds of affiliates of United Healthcare Inc. That alleviates some of the burden but the remaining burden remains an undue burden in both time and expense.

Fed.R.Civ.P. 45(c)(1) obligates a subpoenaing party to take reasonable steps to avoid imposing "undue burden or expense" on the person subpoenaed. Fed.R.Civ.P. (c)(3)(A)(IV) allows the court to modify a subpoena if it subjects a person to an "undue burden," which given the language in subparagraph (c)(1) presumably includes within its parameters "undue

expense." Fed.R.Civ.P. 26(c) authorizes the court to enter any order necessary to protect a person from undue burden or expense.

I find that requiring a non-party to incur what appear to be rather significant costs of complying with the subpoena as it relates to these contracts constitutes an undue burden. Unless McKesson is willing to pay the costs associated with this request, the subpoena is quashed as to these remaining contracts. See, <u>Spears v. City of Indianapolis</u>, 74 F.3d 153 (7th Cir. 1996)(Rules 45 and 26 give "considerable discretion" in determining whether expense-shifting in discovery production is appropriate in a given case); <u>Compaq Computer Corp. v. Packard Bell Electronics, Inc.</u>, 163 F.R.D 329 (D.C.Cal. 1995)(awarding hourly rate for in-house legal staff and for employees sitting for deposition).

Accordingly, the motion is granted in part and denied in part, and the subpoena is modified as stated herein. Petitioner shall comply with the subpoena to the extent stated herein within 14 days of the date of this order.

ENTER this 24th day of October 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

# Exhibit 11

 **SEGAL**

**THE SEGAL COMPANY**
One Park Avenue  New York, NY 10016-5895
T 212 251 5000  F 212 251 5490  www.segalco.com

November 2, 2006

Meghan K  Higgins
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

Re:    <u>Additional Documents for DC 37</u>

Dear Ms. Higgins:

I am enclosing one copy of the additional DC 37 documents  I have also sent a set of documents
to Nicole Johnson as per y9our instructions.

If you have any questions please feel free to contact me at 212-251-5138.

Yours truly,

Janet C  Watson
Paralegal

cc      Meghan Higgins

6024641v1/96003.011

**Benefits, Compensation and HR Consulting**  ATLANTA BOSTON CHICAGO CLEVELAND DENVER HARTFORD HOUSTON LOS ANGELES MINNEAPOLIS
NEW ORLEANS NEW YORK PHILADELPHIA PHOENIX SAN FRANCISCO SEATTLE TORONTO WASHINGTON DC

Multinational Group of Actuaries and Consultants  AMSTERDAM BARCELONA GENEVA HAMBURG JOHANNESBURG LONDON MELBOURNE
MEXICO CITY OSLO PARIS

**SEGAL/NEC 12582**

# Exhibit 12

**From:** Cheung, Tiffany

**Sent:** Friday, November 03, 2006 6:13 PM

**To:** 'Steve Berman'

**Subject:** RE: New England Carpenters v. First DataBank

Why don't you send us a copy of the order that you are referring to in "awp"?  Given the class certification schedule, we are limited in our ability to be flexible.  Are you willing to discuss changes to the class certification schedule to ensure greater flexibility in scheduling the outstanding depositions?

-----Original Message-----
**From:** Steve Berman [mailto:Steve@hbsslaw.com]
**Sent:** Friday, November 03, 2006 6:06 PM
**To:** Cheung, Tiffany; tmiles@barrettjohnston.com; tcarey@barrettjohnston.com; Beth Fegan; gbarrett@barrettjohnston.com; jmartin@barrettjohnston.com; Jeff Kodroff; Jennifer Connolly; John Macoretta; Kenneth Wexler; Thomas Sobol; Nick Styant-Browne; Barbara Mahoney
**Cc:** Schechter, Lori A.; Flum, Paul; Goldman, Melvin R.; jkiernan@bktc.net
**Subject:** RE: New England Carpenters v. First DataBank

as we proposed some time ago we believe that the dep should be jointly scheduled and not just at your convenience. we offered the protocol in play in awp. just so you know we are fling next week an emergency motion for adoption of that awp process.

---

**From:** Cheung, Tiffany [mailto:TCheung@mofo.com]
**Sent:** Friday, November 03, 2006 5:56 PM
**To:** tmiles@barrettjohnston.com; Steve Berman; tcarey@barrettjohnston.com; Beth Fegan; gbarrett@barrettjohnston.com; jmartin@barrettjohnston.com; Jeff Kodroff; Jennifer Connolly; John Macoretta; Kenneth Wexler; Thomas Sobol
**Cc:** Schechter, Lori A.; Flum, Paul; Goldman, Melvin R.; jkiernan@bktc.net
**Subject:** New England Carpenters v. First DataBank

Because of delays in the production of documents, the deposition of the Segal Company that was scheduled for November 7, 2006 has been postponed.  A new date for this deposition has not yet been scheduled.

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

=================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
========================================================================