UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT 37 HEALTH AND SECURITY FUND,<br><br>                                             Plaintiffs,<br><br>                    v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                                             Defendants. | C.A. No. 1:05-CV-11148-PBS |

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR ENTRY OF CASE MANAGEMENT ORDER**

## I.    INTRODUCTION AND RELIEF SOUGHT

Plaintiffs respectfully move for an emergency case management order to impose a reasonable protocol governing the scheduling of depositions. McKesson has issued twenty document and deposition subpoenas on third-parties, but has carried out only three to date. It has cancelled and rescheduled these depositions multiple times in the last month, often cancelling just days before they are to occur and has ignored Plaintiffs' requests for more timely notification of changes and that Plaintiffs be consulted when McKesson reschedules its depositions. Plaintiffs seek an emergency order because there are seventeen outstanding depositions issued by McKesson, which McKesson ostensibly plans to conduct over the next two weeks. Plaintiffs originally sought to obtain an agreement with McKesson to adopt a reasonable

- 1 -

protocol in early October, but the results were inconclusive.[1] More recently, Plaintiffs asked McKesson to agree to adhere to certain minimal standards regarding the scheduling of depositions or Plaintiffs would be forced to file this emergency motion.[2] Because McKesson would not agree, Plaintiffs now move the Court to enter a Case Management Order to impose a deposition scheduling protocol similar to the protocol imposed in the Court's CMO order No. 10 in the related action, *In re Pharmaceutical Industry AWP Litig.,* MDL No. 1456.[3]

## II.   FACTUAL BACKGROUND

From July 24 through November 6, McKesson has served a total of twenty deposition subpoenas on a cross section of non-party TPPs, PBMs and benefits consultants scattered throughout the country.[4] The document requests of these parties have also been voluminous.[5] Even though it had yet to schedule eight of its outstanding depositions, McKesson issued an additional five subpoenas last Friday, November 3[6] and two more yesterday.[7] As of today only

---

[1] Declaration of Nick Styant-Browne In Support of Plaintiffs' Emergency Motion For Entry of Case Management Order ("Styant-Browne Decl."), Ex. A (Steve Berman letter to Tiffany Cheung (dated October 11, 2006)). Mr. Berman asked McKesson to inform him if the proposed protocol were unacceptable or Plaintiffs would bring a CMO motion. When McKesson did not respond, Plaintiffs initially assumed that McKesson had agreed to the proposed protocol.

[2] Styant-Browne Decl., Ex. B (Barbara Mahoney letter to Tiffany Cheung dated November 6, 2006).

[3] The CMO order No. 10 (I)(7), which is the model for Plaintiffs' proposed CMO order is provided for the Court's convenience, Styant-Browne Decl., Ex. C.

[4] McKesson issued document and deposition subpoenas on the following third-parties: Aetna US Healthcare; Blue Cross Blue Shield of MT; Express Scripts, Inc.; General Prescription Program; Harvard Pilgrim Health Care; Hewitt Associates; Humana, Inc.; UnitedHealthcare Serv., formerly John Deere Health Care, Inc.; Medco Health Solutions, Inc.; National Medical Health Care Systems, Inc; The Segal Company; Select Health; Towers Perrin; CIGNA (Philadelphia); CIGNA (Hartford, Conn.); CIGNA Healthcare; Connecticut General Life Insur.; Millicent Callaway of CIGNA Healthcare; Caremark, Inc. and Gregory Madsen of Caremark.

[5] *See, e.g.*, Styant-Browne Decl., Ex. D (McKesson's Notice of Subpoena to Blue Cross Blue Shield of Montana).

[6] Styant-Browne Decl., Ex. E (McKesson's Notice of Subpoenas to CIGNA (Philadelphia); CIGNA (Hartford, Conn.); CIGNA Healthcare; Connecticut General Life Insur.; and Millicent Callaway of CIGNA Healthcare).

three of the twenty depositions have actually taken place. Most of the depositions have been rescheduled at least twice, some even more. McKesson has only made matters worse by routinely waiting until the last minute to inform Plaintiffs of its cancellations. Nor has McKesson extended Plaintiffs the courtesy of conferring with them over available dates and locations to reschedule these depositions.

McKesson's cavalier scheduling of depositions has resulted in much wasted time and expense in making arrangements for depositions in distant locations that have not taken place.[8] For example, McKesson rescheduled the Blue Cross deposition, originally noted for September 1, to October 17; November 3; November 9 and November 14. On November 1, two days before the deposition was to occur it unilaterally changed the start time of the deposition from 9:30 to 8 a.m. McKesson then waited until the next day – when the Plaintiffs' attorney designated to cover the deposition, Nick Styant-Browne, was already en route to Montana – to cancel the deposition altogether. Nor did McKesson make any effort to accommodate Plaintiffs when it rescheduled the deposition for a third time. Plaintiffs informed McKesson that Mr. Styant-Browne was covering both the Humana and Blue Cross depositions,[9] offered two available dates (Nov. 13 and 14) and asked McKesson not to reschedule the Blue Cross deposition on or around the date of the Humana deposition (scheduled to occur on November 9 in Louisville, Kentucky) to allow Mr. Styant-Browne time to travel to Montana. Unbelievably, it scheduled them both on the same day! Plaintiffs then reassigned the Humana deposition to other Plaintiffs' counsel to allow Mr. Styant-Browne to cover the Blue Cross deposition only to hear yesterday that

---

[7] Styant-Browne Decl., Ex. F (McKesson's Notice of Subpoenas to Caremark, Inc. and Gregory Madsen of Caremark).
[8] *See* Styant-Browne Decl., ¶ 2.
[9] The Blue Cross and Humana depositions were the only two outstanding depositions that McKesson had scheduled.

- 3 -

McKesson had again canceled the Blue Cross deposition and rescheduled it – ironically on one of the dates that Plaintiffs originally proposed.

Nor is this the first time that McKesson has made substantial changes in the deposition schedule without consulting Plaintiffs. McKesson initially noted the deposition of Towers Perrin's witness to take place on August 24 in New York. It then rescheduled three times, changing the location first to Philadelphia (Amended and Second Amended Notices), then to Chicago (Third Amended Notice).[10] After it rescheduled the first time it canceled on two days notice. When McKesson rescheduled two days later, it unilaterally moved the deposition from Philadelphia, where the Plaintiffs' counsel assigned to cover the deposition, Marc Edelson, resides, to Chicago even though Mr. Edelson informed McKesson that he would not be able to attend the deposition in person if it was to take place in Chicago. Plaintiffs were again required to designate another attorney on relatively short notice to cover the deposition only to have McKesson cancel the deposition again only a week later.

In an effort to head off precisely this sort of problem, Plaintiffs proposed to McKesson in early October that the parties adopt the same protocol Judge Saris established in *AWP* CMO No. 10.[11] That protocol required each party give the others 21 days notice of a scheduled deposition and five days notice that the deponent had confirmed its witness would appear at the scheduled time. The parties in *AWP* also extended the professional courtesy of consulting with each other about available dates before scheduling the depositions. Plaintiffs expressly stated that if McKesson could not agree to this protocol Plaintiffs would bring this CMO motion to ask the

---

[10] Styant-Browne Decl., Ex. G (McKesson's Amended; Second Amended; and Third Amended Notices of Subpoenas to Towers Perrin).

[11] Styant-Browne Decl., Ex. A (Berman letter of October 11, 2006).

Court to enter a case management order imposing the protocol.[12]  When McKesson did not object to Plaintiffs' request, Plaintiffs assumed that it would abide by the *AWP* protocol. However, it soon became clear that McKesson had no intention of abiding by the proposed protocol.

### III.   ARGUMENT

McKesson's conduct is contrary to the federal rules and generally accepted protocol. Fed. R. Civ. P. 30(b)(1) requires "reasonable notice" of a deposition.  *See also Mims v. Central Mfrs. Mut. Ins. Co.*, 178 F.2d 56, 59 (5th Cir. 1949) ("We are unwilling to give countenance to the propositions that the notices given as set forth above calling, as they did, for the taking of depositions of numerous witnesses on the same date, in scattered localities across the continent, were in any sense reasonable.").  "What is 'reasonable' depends on the circumstances, but at least 10 days notice is customarily expected." *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (quoting William W. Schwarzer, et al., California Practice Guide, Federal Civil Procedure Before Trial 11:360).  Additionally, where professional courtesy does not prevail, courts routinely order the parties to confer in good faith before scheduling a deposition for a mutually convenient time.  *See, e.g, United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37 (D.D.C. 2004) (order requiring 30-day consultation period to agree upon date of depositions and 14 days' notice before a deposition is scheduled); *C & F Packing Co. v. Doskocil Cos.*, 126 F.R.D. 662, 680 (N.D. Ill. 1989).

Plaintiffs ask that the Court issue a Case Management Order imposing a protocol like that adopted in *AWP* to deal with deposition scheduling issues.  In *AWP*, the Court required that parties give each other a minimum of 21 days notice.  Plaintiffs ask that the Court impose a two

---

[12] *Id.*

week notice period in this case. However, because McKesson has not made any effort to accommodate Plaintiffs' schedule, Plaintiff also request that the Court order the parties to consult in good faith with each other to schedule a mutually convenient deposition date. To that end, Plaintiffs propose a week-long consultation period prior to the scheduling of a deposition, like the *Philip Morris* court imposed. The end effect is essentially the same as the 21-day notice imposed in *AWP*. Additionally, in the interests of streamlining the discovery process and allowing counsel time to prepare and travel to depositions, which have been scattered throughout the country, Plaintiffs ask that the Court limit the number of depositions to no more than two per day. Finally, Plaintiffs request that parties be required to provide a minimum of five business days notice of any change in the scope of document requests made on parties' witnesses and at least 10 days notice where the change involves the production of documents, which require parties to obtain third-party permission before they can be produced.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court adopt Plaintiffs' [proposed] Case Management Order No. 1.

DATED: November 7, 2006

By /s/ Steve W. Berman
   Steve W. Berman
   Sean R. Matt
   Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO #471770)
Ed Notargiacomo (BBO #567363)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 7 -

- 8 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on November 7, 2006.

                                        /s/ Steve W. Berman
                                        Steve W. Berman

001821-13  138594 V1