UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT 37 HEALTH AND SECURITY FUND, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 1:05-CV-11148-PBS |

**DECLARATION OF NICK STYANT-BROWNE IN SUPPORT OF PLAINTIFFS'
EMERGENCY MOTION FOR ENTRY OF CASE MANAGEMENT ORDER**

I, Nick Styant-Browne, hereby declare that:

      1.     I am an attorney with Hagens Berman Sobol Shapiro LLP, resident in its Seattle,

Washington, office, and I am one of counsel for the plaintiffs in the above-captioned matter.  I

submit this declaration in support of Plaintiffs' Emergency Motion for Entry of Case

Management Order.

      2.     I am the Plaintiffs' counsel designated to cover the Blue Cross Blue Shield of

Montana deposition.  I was also formerly designated as Plaintiffs' counsel to attend the Humana

deposition in Louisville, Kentucky until McKesson scheduled both depositions on the same day.

Humana and Blue Cross have produced thousands of pages of documents, which must be

reviewed prior to the depositions.  I have wasted considerable time and have been greatly

inconvenienced because of McKesson's frequent and often last-minute changes in the scheduling of these depositions. On November 1, two days before the November 3 scheduled deposition of Blue Cross' 30(b)(6) witness, McKesson unilaterally informed our office that it intended to change the start time of the deposition from 9:30 to 8 a.m. Although I would have preferred to be consulted beforehand, I did not object. To be able to be in Helena, Montana by morning it was necessary for me to fly from Seattle the preceding day. While I was en route to Helena on November 2, I received a call from my office shortly before noon that McKesson had just called to cancel the deposition. Fortunately, my flight was delayed and I had not yet left the Seattle airport. But that is not where it ends. My office informed McKesson that I was the Plaintiffs' counsel designated to attend both the Humana and Blue Cross depositions. In order to allow me travel time to make both depositions, which were to occur in Kentucky and Montana respectively, my office specifically requested that McKesson not reschedule the Blue Cross deposition on or around the date of the Humana deposition. We offered McKesson two alternate dates, November 13 and 14. McKesson ignored our requests and scheduled both depositions for the same day. We were forced to make last-minute arrangements with other counsel to cover the Humana deposition and to change my travel arrangements from Louisville to Helena on short notice. Yet three days before the newly scheduled deposition, and two days before I was to fly to Montana, McKesson cancelled the Blue Cross deposition yet again only to reschedule it, ironically on November 14, one of the two days I had originally proposed.

     3.     Attached as Exhibit A is a true and correct copy of the letter from Steve Berman to Tiffany Cheung, dated October 11, 2006.

     4.     Attached as Exhibit B is a true and correct copy of the letter from Barbara Mahoney to Tiffany Cheung, dated November 6, 2006.

- 2 -

5.      Attached as Exhibit C is a true and correct copy of the Court's Case Management Order No. 10, entered on March 24, 2004 in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456.

6.      Attached as Exhibit D is a true and correct copy of McKesson's notice of subpoena to Blue Cross Blue Shield of Montana.

7.      Attached as Exhibit E is a true and correct copy of McKesson's notice of subpoenas to CIGNA (Philadelphia); CIGNA (Hartford, Conn.); CIGNA Healthcare; Connecticut General Life Insur.; and Millicent Callaway of CIGNA Healthcare.

8.      Attached as Exhibit F is a true and correct copy of McKesson's notice of subpoenas to Caremark, Inc. and Gregory Madsen of Caremark.

9.      Attached as Exhibit G is a true and correct copy of McKesson's Amended; Second Amended; and Third Amended Notices of Subpoenas to Towers Perrin.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of November, 2006.


_____
         **/s/ Nick Styant-Browne**
          NICK STYANT-BROWNE

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on November 7, 2006.


/s/ Steve W. Berman
Steve W. Berman

# EXHIBIT A



STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

October 11, 2006

***Via E-Mail***

Ms. Tiffany Cheung
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

  Re: *New England Carpenters v. McKesson*

Dear Ms. Cheung:

  McKesson has issued a slew of deposition notices in the past and the dates for depositions went by.  We asked that you inform us when documents would be produced on a timely basis.

  Without casting blame and in a spirit of mutual cooperation, what we suggest is that we follow the AWP paradigm.  Attached is a deposition scheduling chart that we have exchanged with defendants once a week during the AWP case.  The rules:  A party serving a deposition notice/subpoena must give 21 days notice.  And because we all know that depositions rarely go off on the day noted, there has to be five days notice of confirmation of an actual deposition date.  If you cannot agree to this we will move for a CMO, citing to CMO No. 10 in the AWP case as the prototype.

  As to your comment you have had to deal with multiple counsel, on non-plaintiff depositions, you can coordinate all dates and document productions with Barbara Mahoney.

ATTORNEYS AT LAW    SEATTLE LOS ANGELES CAMBRIDGE PHOENIX CHICAGO

T 206.623.7292  F 206.623.0594
1301 FIFTH AVENUE  •  SUITE 2900  •  SEATTLE, WASHINGTON  98101
www.hagens-berman.com

001821-13  133314 V1

Ms. Tiffany Cheung
October 11, 2006
Page 2


Irrespective of this proposal, please let me know today which depositions are now confirmed and the status of document production from any third party you have subpoenaed.


Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


*[sent via electronic delivery]*

Steve W. Berman

cc:     Plaintiffs' Counsel

April 22, 2005

## In re: Pharmaceutical Industry AWP Litigation, MDL No. 1456
### Third-Party Depositions

| Date/Time | Confirmed?[1] | Deponent | Location | Issuing Party |
|---|---|---|---|---|
| June 4 | Completed | Carday Associates, Inc. | Philadelphia, Pennsylvania | Defendants: Davis Polk |
| June 15 | Completed | Findley Davies | Toledo, Ohio | Defendants: Hogan & Hartson |
| July 1 | Completed | Quality Rx | Philadelphia, Pennsylvania | Defendants: Covington & Burling |
| July 12 | Completed | Segal Company | Hogan & Hartson NYC | Defendants: Hogan & Hartson (Jim Zucker) |
| July 23 | Completed | ScripSolutions | Hogan & Hartson NYC | Defendants: Hogan & Hartson (Tom Sweeney) |
| July 23 | Completed | Kaiser | Oakland, California | Defendants: Patterson, Belknap |
| August 4 | Completed | Coventry Healthcare | Nashville, TN | Defendants: Patterson, Belknap (Adeel Mangi) |
| August 25 | Completed | Pharmaceutical Care Network | Hyatt Regency Sacramento, CA | Defendants: Davis Polk |
| August 26 | Completed | Caremark/ AdvancePCS | Winston Strawn Chicago, Illinois | Defendants: Hogan & Hartson (Tom Sweeney) |
| August 27 | Completed | Caremark/ AdvancePCS | Winston Strawn Chicago, Illinois | Defendants: Hogan & Hartson (Tom Sweeney) |
| September 9 | Completed | Lee Jost & Associates | Spherion Milwaukee, WI | Defendants: Perkins Coie (Charles Sipos) |
| September 9-10 | Completed | UPMC Health Plan | UPMC Pittsburgh, PA | Defendants: Patterson, Belknap, Webb & Tyler LLP |
| September 13 | Completed | Intermountain Healthcare | Intermountain Healthcare Salt Lake City, UT | Defendants: Morgan Lewis |

[1] Confirmed means that the party being deposed has formally agreed to appear on the date noted.

# EXHIBIT B



BARBARA A. MAHONEY
BARBARAM@HBSSLAW.COM

November 6, 2006

Ms. Tiffany Cheung
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

   Re: <u>New England Carpenters Health Benefits Fund v. First DataBank</u>

Dear Tiffany:

   We write again regarding the establishment of a protocol governing the scheduling of depositions in this case.  *See* Steve Berman's letter of October 11.  McKesson has issued 13 outstanding third-party depositions which have been noted, but not scheduled or confirmed.  Presumably McKesson identifies these third-party depositions and document subpoenas as class discovery and intends for some or all of these depositions to take place between now and November 17.  It is our position that the four months allotted to McKesson is ample time to conduct class discovery to respond to our brief and any deposition or document request outstanding on the close of November 17 is therefore unenforceable.  If, however, it is McKesson's position that these depositions and document requests are non-class discovery, then there is no rush to complete them and we will pursue the protocol outlined in Steve's letter.  In either case, we will oppose any motion to extend the November 17 deadline.

   Although you did not object to the protocol articulated in Steve's letter, you have now taken the position that you will not be bound by it.  See Berman letter (stating "The rules: A party serving a deposition notice/subpoena must give 21 days notice.  And because we all know that depositions rarely go off on the day noted, there has to be five days notice of confirmation of an actual deposition date.  ***If you cannot agree to this we will move for a CMO, citing to CMO No. 10 in the AWP case as the prototype***."  (emphasis added)).  You have rescheduled depositions multiple times—in the case of Towers Perrin and Blue Cross as many as three and four times—each time without accommodating Plaintiffs' schedule.

   For example, you rescheduled the Blue Cross deposition, originally noted for September 1, to October 17; November 3; November 9 and November 14.  On November

ATTORNEYS AT LAW    SEATTLE LOS ANGELES CAMBRIDGE PHOENIX CHICAGO

T 206.623.7292  F 206.623.0594
1301 FIFTH AVENUE · SUITE 2900 · SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001821-13  138832 V1

Ms. Tiffany Cheung
November 6, 2006
Page 2

1, two days before the deposition was to occur you unilaterally changed the start time of the deposition from 9:30 to 8 a.m. You then waited until the next day—when Nick Styant-Browne, Plaintiffs' attorney designated to cover the deposition, was already en route to Montana—to cancel the deposition altogether. Nor did you make any effort to accommodate Plaintiffs when you rescheduled the deposition for a third time. I told you that Nick was covering both the Humana and Blue Cross depositions, offered you two available dates (Nov. 13 and 14) and asked you not to reschedule the Blue Cross deposition on or around the date of the Humana deposition. Unbelievably you scheduled them on the same day! We then reassigned the Humana deposition to other Plaintiffs' counsel to allow Nick to cover the Blue Cross deposition only to hear today that you have again canceled the Blue Cross deposition and rescheduled it—ironically on one of the dates that we originally proposed.

Nor is this the first time that McKesson has made substantial changes in the deposition schedule without consulting Plaintiffs. You initially noted the deposition of Towers Perrin's witness to take place on August 24 in New York. You've since rescheduled three times, changing the location first to Philadelphia (Amended and Second Amended Notices), then to Chicago (Third Amended Notice). When you rescheduled the first time for October 20, you canceled on two days notice. When you rescheduled two days later you unilaterally moved the deposition from Philadelphia, where Plaintiffs' counsel assigned to cover the deposition, Marc Edelson, is located, to Chicago even though Marc Edelson informed Kate Bobovski he would not be able to make it to Chicago by November 1. Plaintiffs then designated another attorney, Beth Fegan, to cover the deposition only to have you cancel the deposition a week later. Additionally, you have unjustly threatened to extend depositions of Plaintiffs' 30(b)(6) witnesses on the basis of eleventh hour requests for documents. *See* Higgens' letter of October 30.

Whether or not McKesson is bound to the protocol outlined in Steve's letter, the federal rules require McKesson to provide Plaintiffs reasonable notice of depositions and to make some effort to accommodate their schedules. If McKesson is having difficulties scheduling its depositions before November 17, it is a problem of its own creation, a problem that it compounded when it issued five new subpoenas last Friday. Nonetheless Plaintiffs are willing to work with McKesson in good faith to schedule mutually convenient deposition dates, but will move for a case management order tomorrow if you are unwilling to assure us by the end of the day that you will give us:

Ms. Tiffany Cheung
November 6, 2006
Page 3

     1. a minimum of five business days notice of any change in the scope of document requests made on Plaintiffs' 30(b)(6) witnesses and at least 10 days notice where the change involves the production of documents, which require Plaintiffs to obtain prior permission from third-parties;

     2. at least five business days notice of any deposition schedule change;

     3. that you will make reasonable efforts to schedule depositions on the dates that our designated attorney is available.

                  Sincerely,

                  HAGENS BERMAN SOBOL SHAPIRO LLP

                  *[sent via electronic mail]*

                  Barbara A. Mahoney
                  Attorney

BAM:BAM
cc:     Plaintiffs' counsel

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
IN RE PHARMACEUTICAL INDUSTRY )      MDL NO. 1456
AVERAGE WHOLESALE PRICE       )      CIVIL ACTION NO.
LITIGATION                    )      01-12257-PBS
                              )
```

### CASE MANAGEMENT ORDER NO. 10

March 25, 2004

Saris, U.S.D.J.

### I.   PHASING OF DISCOVERY

1.   Discovery shall be permissible with respect to all
parties, claims and issues not dismissed under the February 24,
2004 Memorandum and Order.  Discovery, motion practice and trial
shall occur in two phases.

2.   Phase 1 shall consist of a "fast track" in which five
Defendants will litigate all phases of the case through summary
judgment.  The cases against those five companies shall proceed
on the Phase 1 schedule set below.  Phase 2 shall consist of a
"regular track."

3.   The case is referred to Chief Magistrate Judge Bowler
for case management and all non-dispositive matters.

### II. ADDITIONAL DISCOVERY RULES

1.   To the extent they have not done so, all Defendants are
directed to supplement their document productions under the order
of this Court dated October 28, 2002 (relating to production of



documents produced to governmental bodies concerning AWP matters) by producing all documents relating to any drugs in Appendix A to the AMCC, and all non-privileged documents relating to any drugs, produced by any Defendant in response to recent subpoenas issued by the House Energy and Commerce Committee, or any other governmental body. Defendants shall make these documents available to counsel for the Plaintiffs for inspection and photocopying within 30 days.

2. The identification of a drug on the Phase 1 list includes all NDC's for that drug, including NDC's not in the AMCC.

3. Any documents available in an electronic format shall be so provided in that format, i.e., in an identical, usable electronic format. If issues regarding compatibility of computer systems and software arise, the producing parties shall confer to resolve the matters.

4. A responding party to an initial document request shall complete production of all documents within sixty (60) days of service of such request. Any dispute over the document request (i.e., overbreadth or burden) shall be presented to the magistrate judge within 30 days after service of the request after the parties have conferred. Even if there is a dispute over a document request, the undisputed documents shall be produced within 60 days.

2



5.   Privilege logs shall be provided 14 days after a production, and shall provide reasons for each document withheld from production, as well as for each redaction from a document produced.  There shall be no redaction of documents by any party on any basis other than a bona fide claim of a recognized lawful privilege.  No stamps of "confidential" or the like shall be on the text of a document.  All documents shall be produced in their original size.

6.   Each Defendant shall produce 30(b)(6) witnesses within 45 days of such a request.

7.   A party shall provide a "three week deposition notice" under which such party provides at least 21 days notice for a proposed deposition.  A responding party may suggest an alternative date no later than seven more working days from the original notice.  The parties shall confer in good faith.  Any motion for a protective order shall be filed at least five working days before the scheduled deposition; any response shall be filed within two working days.

8.   No deposition of a witness by a deposing party shall be longer than twenty-one hours unless agreed by the parties or permitted by court order.  The non-deposing party shall have seven hours for cross-examination.  There shall be two hours for re-direct and two hours for re-cross.



### III.   PHASE 1 SCHEDULE

The following five companies from the AMCC are subject to the Phase I fast track: AstraZeneca; the BMS Group (Bristol-Myers, OTN and Apothecon); the GSK Group (GlaxoSmithKline, SmithKline Beecham and Glaxo Wellcome); the Johnson and Johnson Group (J&J, Centocor and Ortho); and the Schering-Plough Group (Schering and Warrick).

The schedule shall be as follows for Phase I:

1.   Plaintiffs' Motion for Class Certification on Phase 1 shall be filed by September 3, 2004.

2.   Plaintiffs' Disclosure of Expert Reports in Support of Motion for Class Certification filed by September 3, 2004.

3.   Discovery of Plaintiffs' Experts on Class Certification completed by October 4, 2004.

4.   Defendants' Opposition to class certification to be filed by October 25, 2004, along with any expert reports.

5.   Discovery of Defendants' experts completed by November 23, 2004.

6.   Plaintiffs' Reply on Class Certification filed by December 1, 2004.

7.   Any surreply shall be filed by December 8, 2004.

8.   Hearing on Class Certification on December 17, 2004 at 2:00 p.m.

9.   Close of Phase 1 Fact Discovery on January 30, 2005.

4



10.   Plaintiffs serve liability expert reports on January 31, 2005.

11.   Defendants serve expert reports on liability on February 28, 2005.

12.   Close of Expert Discovery on March 30, 2005.

13.   Summary Judgment Motions filed no later than April 15, 2005.

14.   Oppositions due May 2, 2005.

15.   Replies due on May 16, 2005.

16.   Any surreply on May 30, 2005.

17.   Hearing on Motions for Summary Judgment on June 8, 2005 at 2:00 p.m.

### IV.   PHASE 2 SCHEDULE

1.   After the Court's ruling on the Phase 1 certification motion, the Court shall set a Phase 2 briefing schedule on class certification.   Plaintiffs shall be prepared to file the motion for class certification within sixty (60) days of the Court's ruling.

2.   Fact discovery on Phase 2 will close on October 3, 2005. Plaintiffs shall file expert reports on November 1, 2005. Defendant shall file expert reports on December 1, 2005.   Expert discovery shall be completed by January 16, 2006.   Any motion for summary judgment shall be filed by January 30, 2006.   Any opposition shall be filed by February 12, 2006.   Any reply by

5



February 27, 2006, and the sur-reply by March 13, 2006.

## V.   **Together Rx**

After some reflection, I have placed the Together Rx program on the regular track.  As I read the two proposals, creation of a third track seems unwieldy and confusing.  In particular, the issues involving product-specific discovery for 170 drugs involved in the Together Rx program seem too complex to resolve on a fast track.  Nothing in this order precludes Defendants from moving for summary judgment earlier.

## VI.   **MISCELLANEOUS**

To protect the integrity of the MDL process, Defendants shall notify the Plaintiffs and the Court in writing of any attempts to settle any of the claims before this Court in another jurisdiction upon commencement of such discussions.  Failure to do so may result in injunctive relief, contempt sanctions, and refusal to give any judgment preclusive effect.

## VII.   **BRIEFING**

No brief shall be longer than 20 pages, unless advance permission of the Court is obtained.

## VIII.   **MEDIATION**

Within 30 days, the fast track parties shall propose a process and schedule for mediation.

## IX.   **CASE MANAGEMENT**

The case management order is applicable to all related cases

6



brought by the state and county governmental entities.  When I
resolve the pending motions, I will enter a separate case
management order.

                              **S/PATTI B. SARIS**
                              United States District Judge

# EXHIBIT D

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  Montana

NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND,
ET AL.
V.

FIRST DATABANK, INC. AND MCKESSON CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05-CV-11148-PBS
DISTRICT OF MASSACHUSETTS

TO: Blue Cross & Blue Shield of Montana
560 N. Park Avenue
Helena, MT 59601

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION<br>Blue Cross & Blue Shield of Montana<br>560 N. Park Avenue<br>Helena, MT 59601 or at another mutually agreeable location | DATE AND TIME<br>September 1, 2006, 9:30 a.m. |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See attached Exhibit B.

| PLACE<br>Blue Cross & Blue Shield of Montana<br>560 N. Park Avenue<br>Helena, MT 59601 or at another mutually agreeable location | DATE AND TIME<br>August 17, 2006, 9:30 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant McKesson Corporation | DATE<br>August 2, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tiffany Cheung, Morrison & Foerster, LLP, 425 Market Street, San Francisco, CA 94105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE<br>    SERVED: | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, | Civil Action: 1:05-CV-11148-PBS |
| Plaintiffs, | Judge Patti B. Saris |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena attached hereto, McKesson Corporation, by its attorneys, will take the deposition of Blue Cross & Blue Shield of Montana by the person or persons who are knowledgeable concerning the matters set forth in Exhibit A attached hereto. Such deposition will be taken on September 1, 2006, beginning at 9:30 a.m., at Blue Cross & Blue Shield of Montana, 560 N. Park Avenue, Helena, MT 59601, or at another mutually agreeable location. The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

sf-2172711

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

PLEASE TAKE FURTHER NOTICE THAT Blue Cross & Blue Shield of Montana is also requested to produce the documents set forth in Exhibit B on August 17, 2006.

Dated August 2, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
        Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

sf-2172711

## DEFINITIONS

The terms used in these requests, whether or not capitalized, are defined as follows:

1. "All documents" means every document and every non-identical copy known to You and every such document or writing which You can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in Your possession, custody, or the possession, custody, or control of Your merged or acquired predecessors, Your former and present directors, officers, counsel, agents, employees, and/or persons acting on Your behalf.

2. "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span"). The term "AWP" includes the "Blue Book AWP" published by First DataBank.

3. "Beneficiary" means a person for whom a Third Party Payor provides any medical or health insurance benefit, including prescription drug benefits.

4. "Benefits Consultant" means any person and/or entity that provides information, counsel and/or advice to any Third Party Payor regarding any hospital, medical or prescription drug benefit and/or service provided by any Third Party Payor to any Participant or Beneficiary.

5. "Clients" means union benefit funds, employers, health plans, Third Party Payors, or other entities to which You provide coverage for self-administered prescription drugs for a fee or other remuneration.

6. "Communication" as defined in Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3

7.    "Concerning" as defined in Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.  A request for all documents "concerning" a subject extends to each document making a statement about, mentioning, referring to, discussing, analyzing, describing, reflecting, evidencing, identifying, relating to, regarding, summarizing, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

8.    "Copy" or "Copies" when used in reference to a document means any color or black-and-white reproduction of a document, regardless of whether the reproduction is made by means of carbon paper pressure, sensitive paper, photostat, xerography, scanning, or other means or process.

9.    "Document" means Electronic Data and all written, typed, printed, photocopied, photographed, or recorded matter of any kind, including but not limited to all originals, masters, drafts, and non-identical copies of any labels, packaging, invoices, advertisements, catalogs, letters, envelopes, forms, affidavits, correspondence, telegraphs, telecopies, telefaxes, paper communications, resolutions, minutes of meetings, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or other transcripts (by mechanical device, by longhand or shorthand recording, tape recording, or by electronic or any other means), computer-generated information, computer software, information stored or recorded by electronic means (including by a computer, server, hard drive, compact disk, floppy disk, diskette, tape, record, cassette, video, electronic mail, and any other electronic recording or data compilation from which information can be obtained or translated), interoffice communications, interoffice communications, all summaries of oral communications (telephonic or otherwise), microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions,

ledgers, minutes, agreements, journals, diaries, contracts, invoices, balance sheets, telephone

messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies,

summaries, worksheets, telexes, cables, any matters defined in Federal Rule of Evidence 1001,

and all other graphic materials, writings, and instruments, however produced or reproduced. A

document includes all documents appended thereto.

10. "Drug Company" or "Drug Companies" means a company that manufactures

pharmaceutical products, including without limitation, Identified Drugs.

11. "Electronic Data" means all information of all kinds maintained by electronic

data processing systems and includes all non-identical copies of such information. Electronic

Data includes, but is not limited to, electronic spreadsheets, databases with all records and fields

and structural information (including Lotus Notes Discussion Databases and other online

dialogs), charts, graphs and outlines, arrays of information and all other information used or

produced by any software. Further, Electronic Data includes any computer program (whether

proprietary or commercial), programming notes or instructions, or any other software program or

utility needed to access or use such Electronic Data as they are accessed or used by You in the

usual course of business.

12. "Fund" or "Funds" means any and/or all health and welfare funds and trusts,

including, without limitation, New England Carpenters Health Benefits Fund; Pirelli Armstrong

Retiree Benefits Trust; Teamsters Health & Welfare Fund of Philadelphia and Vicinity;

Philadelphia Federation of Teachers Health and Welfare Fund; and District Council 37 Health &

Security Plan, and any other health and welfare fund or trust that provides prescription drug

benefits, and any of their past or present trustees, officials, officers, fiduciaries, third-party

administrators, representatives, agents, assigns, attorneys, employees, divisions, departments,

sf-2172711

affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

13.    "Identified Drugs" shall refer to any one or more of the drugs listed in Appendix A attached hereto.

14.    "Meeting" means any discussion between two or more persons either in person, telephonically, or by video conference.

15.    "Participant" means a person for whom a Third Party Payor provides any medical or health insurance benefit, including prescription drug benefits.

16.    "Person" as defined in Massachusetts Local Rule 26.5(c)(6), means any natural person or any business, legal, or governmental entity or association.

17.    "Pharmacy Benefit Manager" or "PBM" means any entity that provides services relating to prescription drug benefits offered by any Third Party Payor to any Participant and/or Beneficiary.

18.    "Publisher" or "Publishers" refers to any pharmaceutical price publishing service, including but not limited to the First DataBank, Red Book, Blue Book and Medi-Span publishing services.

19.    "Rebates" include access rebates for the placement of products on a formulary, rebates based upon the sales volumes for drugs, and market share rebates for garnering higher market share than established targets, and include rebates received by You or any PBM with which You have a contractual relationship.

20.    "Retailer" means any entity, including a retail pharmacy, that resells drugs to consumers.

21.     "Third Party Payor" means any non-government entity or program, including but not limited to, Funds, health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, or welfare and benefit plans, that provides prescription drug benefits to Participants and Beneficiaries and reimburses or compensates Retailers for prescription drugs dispensed to Participants and Beneficiaries.

22.     "WAC" or "Wholesale Acquisition Cost" means the selling price that a Drug Company charges to a Wholesaler, before discounts.

23.     "Wholesaler" means any entity that purchases drugs from a Drug Company and resells such drugs to any other entity, including Retailers.

24.     "You" or "Your" shall refer to Blue Cross & Blue Shield of Montana and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control.

## INSTRUCTIONS

1.     The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

2.     "All" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

sf-2172711

3.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

4.    Each request for production of documents extends to all documents in the possession, custody, or control of You or anyone acting on Your behalf.  A document is to be deemed in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any term; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so.

5.    If production is requested of a document that is no longer in Your possession, custody, or control, Your response should state when the document was most recently in Your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document.  If the document has been destroyed, state the reason for its destruction.

6.    Provide the following information for each document withheld on the grounds of privilege:

(a)    its date;

(b)    its title;

(c)    its author(s);

(d)    its recipient(s);

(e)    the specific privilege under which it is withheld;

      (f)     its general subject matter; and

      (g)    a description of it that You contend is adequate to support Your contention

that it is privileged.

    7.    Any attachment to an allegedly privileged or immune document shall be

produced unless You contend that the attachment is also privileged or immune.

    8.    Notwithstanding the assertion of any objection to production, if a document

contains non-objectionable or non-privileged matter, please produce that document, redacting

that portion for which the objection is asserted, provided that the following information is

provided:

      (a)    its date;

      (b)    its title;

      (c)    its author(s);

      (d)    its recipient(s);

      (e)    the specific privilege under which it is withheld;

      (f)     its general subject matter; and

      (g)    a description of it that You contend is adequate to support Your contention

that it is privileged.

    9.    To the extent that You consider any of the following requests for production of

documents objectionable, please respond to the remainder of the production request, and

separately state that part of each request to which You object and each ground for each objection.

If there is any question as to the meaning of any part of these Requests, or an issue as to whether

production of any documents requested herein would impose an undue burden on You, counsel

for McKesson should be contacted promptly to discuss these matters, and You should respond to the remainder of these Requests as written.

10.    Documents produced in response to these Requests should be provided in the same form in which they are kept in the usual course of business. This means that Electronic Data, as that term is defined herein, should be produced in the electronic form in which it is kept in the usual course of business.

11.    You may produce legible, complete, and exact copies of original documents responsive to these Requests, provided that the originals shall be made available for inspection upon request by counsel for McKesson.

12.    These Requests cover all documents in Your possession, custody, and control, both inside and outside the United States, including Documents in the possession of Your officers, employees, agents, servants, representatives, trustees, attorneys, consultants, or other persons directly or indirectly employed or retained by You, or anyone else acting on Your behalf or otherwise subject to Your control, and any merged, consolidated, or acquired predecessor or successor, subsidiary, division, or affiliate.

13.    If any Request cannot be responded to fully, You should provide as full a response as possible, state the reason for the inability to answer fully, and provide any information, knowledge, or belief that You have regarding the unanswered portion.

## EXHIBIT A

## DEPOSITION TOPICS

The following topics cover the time period January 1, 1998 to present:

1.    Your knowledge, understanding, and expectation regarding: (a) the use, development, and significance of AWP, manufacturer suggested wholesale price, WAC, or other information published or provided by First DataBank or other Publishers, (b) the trends in these metrics, (c) the ratio or spread between actual acquisition costs of Retailers and published AWPs, or between WAC and published AWPs, (d) changes in AWPs or WAC-AWP spreads or ratios, including discussions with Clients, Drug Companies, Retailers, PBMs, Third Party Payors, or Publishers regarding such changes.

2.    Your negotiations and contracts concerning prescription drug benefits and reimbursements or rebates for such drugs or benefits with Clients, Retailers, PBMs, or Drug Companies, including the drug pricing terms and metrics (e.g., AWP, usual & customary price) used in such negotiations and contracts.

3.    The process and criteria You use for selecting PBMs, Retailers, or other service providers for Your prescription drug benefits program.

4.    Your use of any Benefits Consultant or PBM in connection with any consideration, negotiation, administration, audit, or review of any aspect of Your self-administered prescription drug benefit program, including pricing or reimbursement methodologies.

5.    Changes in the formula or methodology that You use to determine the amounts to pay or reimburse Retailers (either directly or through PBMs) for self-administered brand name

prescription drugs (e.g., capitation, usual & customary price, AWP-based formula, dispensing fees), including the reasons for the change.

6.      Your use of drug pricing information from Publishers (e.g., First DataBank, Red Book), and your knowledge or understanding of any representations or other statements by or attributed to Publishers concerning how any Publisher compiles or derives pricing information, including AWPs.

7.      Your search for and production of documents in response to the document requests set forth in Exhibit B of this subpoena.

## EXHIBIT B

## DOCUMENTS TO BE PRODUCED

The following requests cover the time period January 1, 1998 to present:

1.      All documents concerning Your reimbursement or payment rates, including Your setting of such rates, for any Identified Drug.

2.      All documents concerning Your use of AWP as a pricing term, benchmark or metric in any contracts with or among Clients, Retailers, PBMs, or Drug Companies.

3.      Documents sufficient to show Your source(s) or Publisher(s) for drug pricing information.

4.      All documents concerning the use of a specific Publisher's AWP or other pricing information as a basis, benchmark, or metric for reimbursement or payment in contracts with Clients, Retailers, PBMs, or Drug Companies.

5.      Documents sufficient to show Your claims processing policies and procedures for paying or reimbursing PBMs or Retailers for any Identified Drug.

6.      All documents concerning the impact of changes in published AWPs or WAC-AWP spreads or ratios on You, Clients, Retailers, PBMs, or Drug Companies, including any impact on reimbursements paid to Retailers, on formularies or covered drug benefits, or on Rebates from PBMs or Drug Companies.

7.      For each Identified Drug, all transaction records maintained in a database or other electronic format showing all revenues, disbursements and quantities covered, including amounts paid by You for Identified Drugs sold by Retailers, amounts paid by You to a PBM for Identified Drugs, and any related Rebates, discounts, and administrative fees.

8.    Documents sufficient to show Your or any of Your Clients' subscriptions for, or purchase of, any Publisher's pricing information, including any contracts or agreements between You or any of Your clients and any Publisher.

9.    All documents concerning AWPs or WAC-AWP spreads or ratios published by First DataBank, including:

    a.    All documents or communications concerning increases, decreases or other changes in AWPs or WAC-AWP spreads or ratios published by First DataBank, including, without limitation, complaints or other reactions to such changes by Drug Companies, Wholesalers, PBMs, Retailers, Third Party Payors (including You), or Clients.

    b.    All documents comparing AWPs or WAC-AWP spreads or ratios published by First DataBank with those published by other Publishers, or with AWPs suggested by Drug Companies.

    c.    All documents concerning the accuracy of the AWPs published by, or of representations made by, First DataBank.

10.    All documents concerning any contracts or agreements with any PBM, including master agreements, addenda, schedules, attachments, amendments and correspondence.

11.    All requests for proposals and responses to requests for proposal between You and a PBM.

12.    All documents concerning Your strategy, reasoning, methodology, or factors considered in choosing to contract with a particular PBM and in setting amounts You pay to any PBMs for drugs or administrative services.

14

13.    All documents concerning communications between You and any PBM concerning AWPs, WAC-AWP spreads or ratios, or any changes in those AWPs, spreads, or ratios for any Identified Drug.

14.    All documents concerning the impact of changes to AWPs or WAC-AWP ratios or spreads on Your decision to list or de-list Identified Drugs or any other prescription drug on a formulary.

15.    All documents concerning any contracts or agreements with any Retailer for reimbursement or payment for prescription drugs, whether negotiated directly by You or indirectly by a PBM, including master agreements, addenda, schedules, attachments, amendments, and correspondence.

16.    All documents concerning Your strategy, reasoning, methodology, or factors considered in setting reimbursement rates to Retailers for Identified Drugs or for dispensing services including detailing how reimbursement or payment schedules were calculated or derived.

17.    All documents concerning the profitability of Retailers, and the impact on Retailer profitability from reimbursements paid to Retailers by Third Party Payors (including You).

18.    All documents concerning any contracts or agreements concerning Rebates between You or any PBM and any Drug Company that manufactures any Identified Drugs, including master agreements, addenda, schedules, attachments, amendments, and correspondence.

19.    All contracts or agreements between You and any Benefits Consultant that concern self-administered brand name prescription drug benefits, including the design of

sf-2172711

prescription programs and reimbursement methodologies, requests for proposal to PBMs and responses thereto, and relationships with Retailers.

20.    All documents concerning communications between You and any Benefits Consultant regarding the following: drug reimbursement, any Publisher, or AWPs, WAC-AWP spreads or ratios, or the acquisition costs to Retailers, of any Identified Drug.

21.    To the extent not otherwise produced, all documents concerning AWP as used in connection with either reimbursement to Retailers or Rebates from PBMs or Drug Companies, including:

   a.   All documents referring to or discussing any definition or meaning of AWP;

   b.   All documents referring to or discussing the WAC-AWP spread or ratio;

   c.   All documents referring to or discussing the spread or difference between Retailer acquisition cost and AWP;

   d.   All documents concerning a suggested, proposed, or stated AWP or wholesale markup of any Drug Company that sells brand name prescription drugs, including whether a Drug Company has a 20% or a 25% ratio, markup, or spread between WAC and its suggested AWP, and the use of any such suggested ratio or spread; and

   e.   All documents referring to or discussing the proposed or actual discontinuation of AWP as a basis, benchmark or metric for reimbursement.

22.    Your plan descriptions or other documents evidencing or describing the self-administered prescription drug benefits You provide to Participants or Beneficiaries.

23.     All analyses, reviews, or reports concerning drug pricing trends, reimbursement rates, or payment amounts for any self-administered brand name prescription drug, including any such documents containing information about changes in industry pricing practices.

24.     Organizational charts for each department or group within Your company that is responsible for setting, administering, reviewing, monitoring, or auditing Your self-administered prescription drug benefits.

25.     Documents sufficient to identify Your policy or practice of document retention, destruction, disposal, or preservation.

sf-2172711

# Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| 3M PHARMACEUTICALS | 00089020025 | METROGEL-VAGINAL 0.75% GEL |
| 3M PHARMACEUTICALS | 00089061012 | ALDARA 5% CREAM |
| 3M PHARMACEUTICALS | 00089081521 | MAXAIR AUTOHALER 0.2 MG AERO |
| 3M PHARMACEUTICALS | 00089030510 | TAMBOCOR 50 MG TABLET |
| 3M PHARMACEUTICALS | 00089030710 | TAMBOCOR 100 MG TABLET |
| 3M PHARMACEUTICALS | 00089031410 | TAMBOCOR 150 MG TABLET |
| AAIPHARMA LLC | 00028007201 | BRETHINE 2.5 MG TABLET |
| AAIPHARMA LLC | 00028007210 | BRETHINE 2.5 MG TABLET |
| AAIPHARMA LLC | 00028010501 | BRETHINE 5 MG TABLET |
| AAIPHARMA LLC | 00028010510 | BRETHINE 5 MG TABLET |
| AAIPHARMA LLC | 00002035102 | DARVOCET-N 50 TABLET |
| AAIPHARMA LLC | 00002035333 | DARVON-N 100 MG TABLET |
| AAIPHARMA LLC | 00002036302 | DARVOCET-N 100 TABLET |
| AAIPHARMA LLC | 00002036303 | DARVOCET-N 100 TABLET |
| AAIPHARMA LLC | 00002036333 | DARVOCET-N 100 TABLET |
| AAIPHARMA LLC | 00002080303 | DARVON 65 MG PULVULE |
| AAIPHARMA LLC | 00002080333 | DARVON 65 MG PULVULE |
| AAIPHARMA LLC | 00002311102 | DARVON COMPOUND-65 PULVULE |
| AAIPHARMA LLC | 00002311103 | DARVON COMPOUND-65 PULVULE |
| AAIPHARMA LLC | 66591062241 | DARVON 65 MG PULVULE |
| AAIPHARMA LLC | 66591063141 | DARVON-N 100 MG TABLET |
| AAIPHARMA LLC | 66591063151 | DARVON-N 100 MG TABLET |
| ABBOTT LABORATORIES | 00597002901 | MOBIC 7.5 MG TABLET |
| ABBOTT LABORATORIES | 00597003001 | MOBIC 15 MG TABLET |
| ABBOTT LABORATORIES | 00597003928 | MICARDIS 20 MG TABLET |
| ABBOTT LABORATORIES | 00597004028 | MICARDIS 40 MG TABLET |
| ABBOTT LABORATORIES | 00597004128 | MICARDIS 80 MG TABLET |
| ABBOTT LABORATORIES | 00597004328 | MICARDIS HCT 40/12.5 MG TAB |
| ABBOTT LABORATORIES | 00597004428 | MICARDIS HCT 80/12.5 MG TAB |
| ABBOTT LABORATORIES | 00074258611 | BIAXIN 500 MG TABLET |
| ABBOTT LABORATORIES | 00074335811 | BIAXIN 250 MG TABLET |
| ABBOTT LABORATORIES | 00074611411 | DEPAKOTE 125 MG SPRINKLE CAP |
| ABBOTT LABORATORIES | 00074621211 | DEPAKOTE 125 MG TABLET EC |
| ABBOTT LABORATORIES | 00074621411 | DEPAKOTE 250 MG TABLET EC |
| ABBOTT LABORATORIES | 00074621511 | DEPAKOTE 500 MG TABLET EC |
| ABBOTT LABORATORIES | 00074707930 | FERO-FOLIC-500 FILMTAB |
| ABBOTT LABORATORIES | 00074712530 | IBERET-FOLIC 500 FILMTAB |
| AGOURON PHARMACEUTICALS INC | 63010001030 | VIRACEPT 250 MG TABLET |
| AGOURON PHARMACEUTICALS INC | 63010001190 | VIRACEPT POWDER |
| ASTRAZENECA LP | 00186000131 | LEXXEL 5-5 MG TABLET SA |
| ASTRAZENECA LP | 00186000168 | LEXXEL 5-5 MG TABLET SA |
| ASTRAZENECA LP | 00186000231 | LEXXEL 5-2.5 MG TABLET SA |
| ASTRAZENECA LP | 00186031521 | XYLOCAINE 5% OINTMENT |
| ASTRAZENECA LP | 00186032001 | XYLOCAINE 4% SOLUTION |
| ASTRAZENECA LP | 00186033001 | XYLOCAINE 2% JELLY |
| ASTRAZENECA LP | 00186033036 | XYLOCAINE 2% JELLY |
| ASTRAZENECA LP | 00186036001 | XYLOCAINE 2% VISCOUS SOLN |
| ASTRAZENECA LP | 00186036011 | XYLOCAINE 2% VISCOUS SOLN |
| ASTRAZENECA LP | 00186045028 | PLENDIL 2.5 MG TABLET SA |
| ASTRAZENECA LP | 00186045031 | PLENDIL 2.5 MG TABLET SA |
| ASTRAZENECA LP | 00186045058 | PLENDIL 2.5 MG TABLET SA |
| ASTRAZENECA LP | 00186045128 | PLENDIL 5 MG TABLET SA |
| ASTRAZENECA LP | 00186045131 | PLENDIL 5 MG TABLET SA |
| ASTRAZENECA LP | 00186045158 | PLENDIL 5 MG TABLET SA |
| ASTRAZENECA LP | 00186045228 | PLENDIL 10 MG TABLET SA |
| ASTRAZENECA LP | 00186045231 | PLENDIL 10 MG TABLET SA |
| ASTRAZENECA LP | 00186045258 | PLENDIL 10 MG TABLET SA |
| ASTRAZENECA LP | 00186060828 | PRILOSEC 10 MG CAPSULE DR |
| ASTRAZENECA LP | 00186060631 | PRILOSEC 10 MG CAPSULE DR |
| ASTRAZENECA LP | 00186060868 | PRILOSEC 10 MG CAPSULE DR |
| ASTRAZENECA LP | 00186060682 | PRILOSEC 10 MG CAPSULE DR |
| ASTRAZENECA LP | 00186070768 | TONOCARD 400 MG TABLET |
| ASTRAZENECA LP | 00186070968 | TONOCARD 600 MG TABLET |
| ASTRAZENECA LP | 00186074228 | PRILOSEC 20 MG CAPSULE DR |
| ASTRAZENECA LP | 00186074231 | PRILOSEC 20 MG CAPSULE DR |
| ASTRAZENECA LP | 00186074282 | PRILOSEC 20 MG CAPSULE DR |
| ASTRAZENECA LP | 00186074328 | PRILOSEC 40 MG CAPSULE DR |
| ASTRAZENECA LP | 00186074331 | PRILOSEC 40 MG CAPSULE DR |
| ASTRAZENECA LP | 00186074368 | PRILOSEC 40 MG CAPSULE DR |
| ASTRAZENECA LP | 00186074382 | PRILOSEC 40 MG CAPSULE DR |
| ASTRAZENECA LP | 00186107509 | RHINOCORT NASAL INHALER |
| ASTRAZENECA LP | 00186151501 | EMLA CREAM W/TEGADERM |
| ASTRAZENECA LP | 00186151503 | EMLA CREAM W/TEGADERM |
| ASTRAZENECA LP | 00186151601 | EMLA CREAM |
| ASTRAZENECA LP | 00186502031 | NEXIUM 20 MG CAPSULE |
| ASTRAZENECA LP | 00186502054 | NEXIUM 20 MG CAPSULE |
| ASTRAZENECA LP | 00186502082 | NEXIUM 20 MG CAPSULE |
| ASTRAZENECA LP | 00186502228 | NEXIUM 20 MG CAPSULE |
| ASTRAZENECA LP | 00186504031 | NEXIUM 40 MG CAPSULE |
| ASTRAZENECA LP | 00186504054 | NEXIUM 40 MG CAPSULE |
| ASTRAZENECA LP | 00186504082 | NEXIUM 40 MG CAPSULE |
| ASTRAZENECA LP | 00186504228 | NEXIUM 40 MG CAPSULE |
| ASTRAZENECA LP | 00310013010 | ZESTRIL 5 MG TABLET |
| ASTRAZENECA LP | 00310013034 | ZESTRIL 5 MG TABLET |
| ASTRAZENECA LP | 00310013039 | ZESTRIL 5 MG TABLET |
| ASTRAZENECA LP | 00310013110 | ZESTRIL 10 MG TABLET |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| ASTRAZENECA LP | 00310013134 | ZESTRIL 10 MG TABLET |
| ASTRAZENECA LP | 00310013139 | ZESTRIL 10 MG TABLET |
| ASTRAZENECA LP | 00310013173 | ZESTRIL 10 MG TABLET |
| ASTRAZENECA LP | 00310013210 | ZESTRIL 20 MG TABLET |
| ASTRAZENECA LP | 00310013234 | ZESTRIL 20 MG TABLET |
| ASTRAZENECA LP | 00310013239 | ZESTRIL 20 MG TABLET |
| ASTRAZENECA LP | 00310013273 | ZESTRIL 20 MG TABLET |
| ASTRAZENECA LP | 00310013310 | ZESTRIL 30 MG TABLET |
| ASTRAZENECA LP | 00310013410 | ZESTRIL 40 MG TABLET |
| ASTRAZENECA LP | 00310013510 | ZESTRIL 2.5 MG TABLET |
| ASTRAZENECA LP | 00310014110 | ZESTORETIC 10/12.5 TABLET |
| ASTRAZENECA LP | 00310014210 | ZESTORETIC 20/12.5 TABLET |
| ASTRAZENECA LP | 00310014510 | ZESTORETIC 20/25 TABLET |
| ASTRAZENECA LP | 00310020130 | ARIMIDEX 1 MG TABLET |
| ASTRAZENECA LP | 00310040160 | ACCOLATE 10 MG TABLET |
| ASTRAZENECA LP | 00310040239 | ACCOLATE 20 MG TABLET |
| ASTRAZENECA LP | 00310040260 | ACCOLATE 20 MG TABLET |
| ASTRAZENECA LP | 00310060018 | NOLVADEX 10 MG TABLET |
| ASTRAZENECA LP | 00310060060 | NOLVADEX 10 MG TABLET |
| ASTRAZENECA LP | 00310060075 | NOLVADEX 10 MG TABLET |
| ASTRAZENECA LP | 00310060412 | NOLVADEX 20 MG TABLET |
| ASTRAZENECA LP | 00310060430 | NOLVADEX 20 MG TABLET |
| ASTRAZENECA LP | 00310060490 | NOLVADEX 20 MG TABLET |
| ASTRAZENECA LP | 00310070510 | CASODEX 50 MG TABLET |
| ASTRAZENECA LP | 00310070530 | CASODEX 50 MG TABLET |
| ASTRAZENECA LP | 00310070539 | CASODEX 50 MG TABLET |
| ASTRAZENECA LP | 00037721020 | ZOMIG 2.5 MG TABLET |
| ASTRAZENECA LP | 00037721125 | ZOMIG 5 MG TABLET |
| ASTRAZENECA LP | 00186000431 | ATACAND 4 MG TABLET |
| ASTRAZENECA LP | 00186000831 | ATACAND 8 MG TABLET |
| ASTRAZENECA LP | 00186001628 | ATACAND 16 MG TABLET |
| ASTRAZENECA LP | 00186001631 | ATACAND 16 MG TABLET |
| ASTRAZENECA LP | 00186001654 | ATACAND 16 MG TABLET |
| ASTRAZENECA LP | 00186003228 | ATACAND 32 MG TABLET |
| ASTRAZENECA LP | 00186003231 | ATACAND 32 MG TABLET |
| ASTRAZENECA LP | 00186003254 | ATACAND 32 MG TABLET |
| ASTRAZENECA LP | 00186016228 | ATACAND HCT 16/12.5 MG TAB |
| ASTRAZENECA LP | 00186016254 | ATACAND HCT 16/12.5 MG TAB |
| ASTRAZENECA LP | 00186032228 | ATACAND HCT 32/12.5 MG TAB |
| ASTRAZENECA LP | 00186032254 | ATACAND HCT 32/12.5 MG TAB |
| ASTRAZENECA LP | 00186091542 | PULMICORT 200 MCG TURBUHALER |
| ASTRAZENECA LP | 00186108805 | TOPROL XL 25 MG TABLET SA |
| ASTRAZENECA LP | 00186109005 | TOPROL XL 50 MG TABLET SA |
| ASTRAZENECA LP | 00186109205 | TOPROL XL 100 MG TABLET SA |
| ASTRAZENECA LP | 00310004010 | ELAVIL 10 MG TABLET |
| ASTRAZENECA LP | 00310004110 | ELAVIL 50 MG TABLET |
| ASTRAZENECA LP | 00310004210 | ELAVIL 75 MG TABLET |
| ASTRAZENECA LP | 00310004310 | ELAVIL 100 MG TABLET |
| ASTRAZENECA LP | 00310004510 | ELAVIL 25 MG TABLET |
| ASTRAZENECA LP | 00310004550 | ELAVIL 25 MG TABLET |
| ASTRAZENECA LP | 00310004710 | ELAVIL 150 MG TABLET |
| ASTRAZENECA LP | 00310004730 | ELAVIL 150 MG TABLET |
| ASTRAZENECA LP | 00310010110 | TENORMIN 100 MG TABLET |
| ASTRAZENECA LP | 00310010510 | TENORMIN 50 MG TABLET |
| ASTRAZENECA LP | 00310010534 | TENORMIN 50 MG TABLET |
| ASTRAZENECA LP | 00310010710 | TENORMIN 25 MG TABLET |
| ASTRAZENECA LP | 00310011510 | TENORETIC 50 TABLET |
| ASTRAZENECA LP | 00310011710 | TENORETIC 100 TABLET |
| ASTRAZENECA LP | 00310020920 | ZOMIG ZMT 2.5 MG TABLET |
| ASTRAZENECA LP | 00310021321 | ZOMIG ZMT 5 MG TABLET |
| ASTRAZENECA LP | 00310027110 | SEROQUEL 100 MG TABLET |
| ASTRAZENECA LP | 00310027139 | SEROQUEL 100 MG TABLET |
| ASTRAZENECA LP | 00310027210 | SEROQUEL 200 MG TABLET |
| ASTRAZENECA LP | 00310027239 | SEROQUEL 200 MG TABLET |
| ASTRAZENECA LP | 00310027510 | SEROQUEL 25 MG TABLET |
| ASTRAZENECA LP | 00310027539 | SEROQUEL 25 MG TABLET |
| ASTRAZENECA LP | 00186070210 | ENTOCORT EC 3 MG CAPSULE |
| ASTRAZENECA LP | 00310027439 | SEROQUEL 300 MG TABLET |
| ASTRAZENECA LP | 00310027460 | SEROQUEL 300 MG TABLET |
| ATLEY PHARMACEUTICALS INC | 59702015201 | PEDIOX CHEWABLE TABLET |
| AXCAN SCANDIPHARM INC | 00068012061 | BENTYL 10 MG CAPSULE |
| AXCAN SCANDIPHARM INC | 00068012081 | BENTYL 20 MG TABLET |
| AXCAN SCANDIPHARM INC | 00068012516 | BENTYL 10 MG/5 ML SYRUP |
| AXCAN SCANDIPHARM INC | 58914017110 | CARAFATE 1 GM TABLET |
| AXCAN SCANDIPHARM INC | 58914017121 | CARAFATE 1 GM TABLET |
| AXCAN SCANDIPHARM INC | 58914017130 | CARAFATE 1 GM TABLET |
| AXCAN SCANDIPHARM INC | 58914017150 | CARAFATE 1 GM TABLET |
| BAXTER HEALTHCARE CORP | 10019035060 | ETHRANE INHALATION |
| BAXTER HEALTHCARE CORP | 10019064124 | SUPRANE INHALATION LIQUID |
| BAYER CORP PHARMACEUTICAL DIV | 00026286148 | PRECOSE 50 MG TABLET |
| BAYER CORP PHARMACEUTICAL DIV | 00026286251 | PRECOSE 100 MG TABLET |
| BAYER CORP PHARMACEUTICAL DIV | 00026851106 | CIPRO 100 MG TABLET |
| BAYER CORP PHARMACEUTICAL DIV | 00026851248 | CIPRO 250 MG TABLET |
| BAYER CORP PHARMACEUTICAL DIV | 00026851251 | CIPRO 250 MG TABLET |
| BAYER CORP PHARMACEUTICAL DIV | 00026851348 | CIPRO 500 MG TABLET |
| BAYER CORP PHARMACEUTICAL DIV | 00026851351 | CIPRO 500 MG TABLET |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| BAYER CORP PHARMACEUTICAL DIV | 00028851448 | CIPRO 750 MG TABLET |
| BAYER CORP PHARMACEUTICAL DIV | 00028851450 | CIPRO 750 MG TABLET |
| BAYER CORP PHARMACEUTICAL DIV | 00028855136 | CIPRO 5% SUSPENSION |
| BAYER CORP PHARMACEUTICAL DIV | 00028855336 | CIPRO 10% SUSPENSION |
| BERLEX INC | 50419010110 | QUINAGLUTE DURA-TABS 324 MG |
| BERLEX INC | 50419010111 | QUINAGLUTE DURA-TABS 324 MG |
| BERLEX INC | 50419010125 | QUINAGLUTE DURA-TABS 324 MG |
| BERLEX INC | 50419010150 | QUINAGLUTE DURA-TABS 324 MG |
| BERTEK PHARMACEUTICALS INC | 62794015102 | MENTAX 1% CREAM |
| BERTEK PHARMACEUTICALS INC | 62794015103 | MENTAX 1% CREAM |
| BIOVAIL PHARMACEUTICALS INC | 00173099341 | ZOVIRAX 5% OINTMENT |
| BIOVAIL PHARMACEUTICALS INC | 00088177147 | CARDIZEM 30 MG TABLET |
| BIOVAIL PHARMACEUTICALS INC | 00088177155 | CARDIZEM 30 MG TABLET |
| BIOVAIL PHARMACEUTICALS INC | 00088177190 | CARDIZEM 30 MG TABLET |
| BIOVAIL PHARMACEUTICALS INC | 00088177247 | CARDIZEM 60 MG TABLET |
| BIOVAIL PHARMACEUTICALS INC | 00088177255 | CARDIZEM 60 MG TABLET |
| BIOVAIL PHARMACEUTICALS INC | 00088177290 | CARDIZEM 60 MG TABLET |
| BIOVAIL PHARMACEUTICALS INC | 00088177747 | CARDIZEM SR 60 MG CAPSULE SA |
| BIOVAIL PHARMACEUTICALS INC | 00088177847 | CARDIZEM SR 90 MG CAPSULE SA |
| BIOVAIL PHARMACEUTICALS INC | 00088177947 | CARDIZEM SR 120 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 00088179147 | CARDIZEM 90 MG TABLET |
| BIOVAIL PHARMACEUTICALS INC | 00088179530 | CARDIZEM CD 120 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 00088179542 | CARDIZEM CD 120 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 00088179630 | CARDIZEM CD 180 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 00088179642 | CARDIZEM CD 180 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 00088179730 | CARDIZEM CD 240 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 00088179742 | CARDIZEM CD 240 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 00088179830 | CARDIZEM CD 300 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 00088179842 | CARDIZEM CD 300 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 64455079247 | CARDIZEM 120 MG TABLET |
| BIOVAIL PHARMACEUTICALS INC | 64455079549 | CARDIZEM CD 120 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 64455079649 | CARDIZEM CD 180 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 64455079650 | CARDIZEM CD 180 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 64455079749 | CARDIZEM CD 240 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 64455079849 | CARDIZEM CD 300 MG CAP SA |
| BIOVAIL PHARMACEUTICALS INC | 64455079942 | CARDIZEM CD 360 MG CAP SA |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00087611142 | CAFCIT 20 MG/ML ORAL SOLN |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597000160 | AGGRENOX CAPSULE SA |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597000601 | CATAPRES 0.1 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597000701 | CATAPRES 0.2 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597001101 | CATAPRES 0.3 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597001314 | COMBIVENT INHALER |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597001701 | PERSANTINE 25 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597001801 | PERSANTINE 50 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597001901 | PERSANTINE 75 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597002001 | SERENTIL 10 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597002101 | SERENTIL 25 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597002301 | SERENTIL 100 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597002504 | SERENTIL 25 MG/ML ORAL CONC |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597003112 | CATAPRES-TTS 1 PATCH |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597003212 | CATAPRES-TTS 2 PATCH |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597003334 | CATAPRES-TTS 3 PATCH |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597004601 | VIRAMUNE 200 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597004660 | VIRAMUNE 200 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597004661 | VIRAMUNE 200 MG TABLET |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597004724 | VIRAMUNE 50 MG/5 ML SUSP |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597006601 | MEXITIL 150 MG CAPSULE |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597006701 | MEXITIL 200 MG CAPSULE |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597006801 | MEXITIL 250 MG CAPSULE |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597007017 | ALUPENT 650 MCG INHALER COMP |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597008062 | ATROVENT 0.02% SOLUTION |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597008130 | ATROVENT 0.03% SPRAY |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597008214 | ATROVENT INHALER |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC | 00597008676 | ATROVENT 0.06% SPRAY |
| BRISTOL MYERS SQUIBB CO | 00087606005 | GLUCOPHAGE 500 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087606010 | GLUCOPHAGE 500 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087607005 | GLUCOPHAGE 850 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087607111 | GLUCOPHAGE 1,000 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087681443 | VIDEX 100 MG PACKET |
| BRISTOL MYERS SQUIBB CO | 00087661543 | VIDEX 167 MG PACKET |
| BRISTOL MYERS SQUIBB CO | 00087661643 | VIDEX 250 MG PACKET |
| BRISTOL MYERS SQUIBB CO | 00087663241 | VIDEX 2 GM PEDIATRIC SOLN |
| BRISTOL MYERS SQUIBB CO | 00087683341 | VIDEX 4 GM PEDIATRIC SOLN |
| BRISTOL MYERS SQUIBB CO | 00087665001 | VIDEX 25 MG TABLET CHEWABLE |
| BRISTOL MYERS SQUIBB CO | 00087665101 | VIDEX 50 MG TABLET CHEWABLE |
| BRISTOL MYERS SQUIBB CO | 00087665201 | VIDEX 100 MG TABLET CHEWABLE |
| BRISTOL MYERS SQUIBB CO | 00087665301 | VIDEX 150 MG TABLET CHEWABLE |
| BRISTOL MYERS SQUIBB CO | 00087666515 | VIDEX 200 MG TABLET CHEWABLE |
| BRISTOL MYERS SQUIBB CO | 00015303020 | CEENU 10 MG CAPSULE |
| BRISTOL MYERS SQUIBB CO | 00015303120 | CEENU 40 MG CAPSULE |
| BRISTOL MYERS SQUIBB CO | 00015303220 | CEENU 100 MG CAPSULE |
| BRISTOL MYERS SQUIBB CO | 00015303410 | CEENU DOSE PACK |
| BRISTOL MYERS SQUIBB CO | 00015308060 | LYSODREN 500 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00015309145 | VEPESID 50 MG CAPSULE |
| BRISTOL MYERS SQUIBB CO | 00087003147 | SERZONE 50 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087003231 | SERZONE 100 MG TABLET |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| BRISTOL MYERS SQUIBB CO | 00087003331 | SERZONE 200 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087003931 | SERZONE 150 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087004131 | SERZONE 250 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087015846 | MONOPRIL 10 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087015885 | MONOPRIL 10 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087060942 | MONOPRIL 20 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087060945 | MONOPRIL 20 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087060985 | MONOPRIL 20 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087120213 | MONOPRIL 40 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087149201 | MONOPRIL HCT 10/12.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087149301 | MONOPRIL HCT 20/12.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087565041 | STADOL NS 10 MG/ML SPRAY |
| BRISTOL MYERS SQUIBB CO | 63653117101 | PLAVIX 75 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 63653117103 | PLAVIX 75 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 63653117105 | PLAVIX 75 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 63653117106 | PLAVIX 75 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087046841 | POLY-VI-FLOR 0.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087047402 | POLY-VI-FLOR 1 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087048741 | POLY-VI-FLOR 0.25 MG TAB CHW |
| BRISTOL MYERS SQUIBB CO | 00087048841 | POLY-VI-FLOR/IRON 0.25 MG TB |
| BRISTOL MYERS SQUIBB CO | 00087607211 | GLUCOVANCE 1.25/250 MG TAB |
| BRISTOL MYERS SQUIBB CO | 00087607311 | GLUCOVANCE 2.5/500 MG TAB |
| BRISTOL MYERS SQUIBB CO | 00087607411 | GLUCOVANCE 5/500 MG TAB |
| BRISTOL MYERS SQUIBB CO | 00015111750 | TEQUIN 200 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00015111780 | TEQUIN 200 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00015117760 | TEQUIN 400 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00015117780 | TEQUIN 400 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087667117 | VIDEX EC 125 MG CAP SA |
| BRISTOL MYERS SQUIBB CO | 00087667217 | VIDEX EC 200 MG CAP SA |
| BRISTOL MYERS SQUIBB CO | 00087667317 | VIDEX EC 250 MG CAP SA |
| BRISTOL MYERS SQUIBB CO | 00087667417 | VIDEX EC 400 MG CAP SA |
| BRISTOL MYERS SQUIBB CO | 00087772060 | CEFZIL 250 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087772150 | CEFZIL 500 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087772160 | CEFZIL 500 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056016870 | COUMADIN 4 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056016875 | COUMADIN 4 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056016890 | COUMADIN 4 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056016970 | COUMADIN 1 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056016975 | COUMADIN 1 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056016990 | COUMADIN 1 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017070 | COUMADIN 2 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017075 | COUMADIN 2 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017090 | COUMADIN 2 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017270 | COUMADIN 5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017275 | COUMADIN 5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017290 | COUMADIN 5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017370 | COUMADIN 7.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017375 | COUMADIN 7.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017470 | COUMADIN 10 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017475 | COUMADIN 10 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017670 | COUMADIN 2.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017675 | COUMADIN 2.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056017690 | COUMADIN 2.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056018870 | COUMADIN 3 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056018875 | COUMADIN 3 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056018890 | COUMADIN 3 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056018970 | COUMADIN 6 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056018975 | COUMADIN 6 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056018990 | COUMADIN 6 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277131 | AVAPRO 75 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277132 | AVAPRO 75 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277215 | AVAPRO 150 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277231 | AVAPRO 150 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277232 | AVAPRO 150 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277235 | AVAPRO 150 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277315 | AVAPRO 300 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277331 | AVAPRO 300 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277332 | AVAPRO 300 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277531 | AVALIDE 150-12.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277532 | AVALIDE 150-12.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277631 | AVALIDE 300-12.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00087277632 | AVALIDE 300-12.5 MG TABLET |
| BRISTOL MYERS SQUIBB CO | 00056047030 | SUSTIVA 50 MG CAPSULE |
| BRISTOL MYERS SQUIBB CO | 00056047330 | SUSTIVA 100 MG CAPSULE |
| BRISTOL MYERS SQUIBB CO | 00056047492 | SUSTIVA 200 MG CAPSULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310402 | PROZAC 10 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310501 | PROZAC 20 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310502 | PROZAC 20 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310507 | PROZAC 20 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310530 | PROZAC 20 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310533 | PROZAC 20 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310581 | PROZAC 20 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310582 | PROZAC 20 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777310730 | PROZAC 40 MG PULVULE |
| DISTA PRODUCTS CO DIV ELI LILLY AND CO | 00777512058 | PROZAC 20 MG/5 ML SOLUTION |
| ELAN PHARMACEUTICALS INC | 00173043201 | TEMOVATE 0.05% SOLUTION |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| ELI LILLY AND CO | 00430043514 | SARAFEM 10 MG PULVULE |
| ELI LILLY AND CO | 00430043614 | SARAFEM 20 MG PULVULE |
| ELI LILLY AND CO | 00002300475 | PROZAC WEEKLY 90 MG CAPSULE |
| ELI LILLY AND CO | 00002416502 | EVISTA 60 MG TABLET |
| ELI LILLY AND CO | 00002416507 | EVISTA 60 MG TABLET |
| ELI LILLY AND CO | 00002416530 | EVISTA 60 MG TABLET |
| ELI LILLY AND CO | 00002400602 | PROZAC 10 MG TABLET |
| ELI LILLY AND CO | 00002400630 | PROZAC 10 MG TABLET |
| ELI LILLY AND CO | 00002411204 | ZYPREXA 2.5 MG TABLET |
| ELI LILLY AND CO | 00002411233 | ZYPREXA 2.5 MG TABLET |
| ELI LILLY AND CO | 00002411260 | ZYPREXA 2.5 MG TABLET |
| ELI LILLY AND CO | 00002411504 | ZYPREXA 5 MG TABLET |
| ELI LILLY AND CO | 00002411533 | ZYPREXA 5 MG TABLET |
| ELI LILLY AND CO | 00002411560 | ZYPREXA 5 MG TABLET |
| ELI LILLY AND CO | 00002411633 | ZYPREXA 7.5 MG TABLET |
| ELI LILLY AND CO | 00002411660 | ZYPREXA 7.5 MG TABLET |
| ELI LILLY AND CO | 00002411704 | ZYPREXA 10 MG TABLET |
| ELI LILLY AND CO | 00002411733 | ZYPREXA 10 MG TABLET |
| ELI LILLY AND CO | 00002411760 | ZYPREXA 10 MG TABLET |
| ELI LILLY AND CO | 00002441504 | ZYPREXA 15 MG TABLET |
| ELI LILLY AND CO | 00002441533 | ZYPREXA 15 MG TABLET |
| ELI LILLY AND CO | 00002441560 | ZYPREXA 15 MG TABLET |
| ELI LILLY AND CO | 00002442004 | ZYPREXA 20 MG TABLET |
| ELI LILLY AND CO | 00002442033 | ZYPREXA 20 MG TABLET |
| ELI LILLY AND CO | 00002442060 | ZYPREXA 20 MG TABLET |
| ELI LILLY AND CO | 00002312542 | VANCOCIN HCL 125 MG PULVULE |
| ELI LILLY AND CO | 00002312642 | VANCOCIN HCL 250 MG PULVULE |
| ELI LILLY AND CO | 00002445301 | ZYPREXA ZYDIS 5 MG TABLET |
| ELI LILLY AND CO | 00002445385 | ZYPREXA ZYDIS 5 MG TABLET |
| ELI LILLY AND CO | 00002445401 | ZYPREXA ZYDIS 10 MG TABLET |
| ELI LILLY AND CO | 00002445485 | ZYPREXA ZYDIS 10 MG TABLET |
| ELI LILLY AND CO | 00002445501 | ZYPREXA ZYDIS 15 MG TAB |
| ELI LILLY AND CO | 00002445585 | ZYPREXA ZYDIS 15 MG TAB |
| ELI LILLY AND CO | 00002445601 | ZYPREXA ZYDIS 20 MG TABLET |
| ELI LILLY AND CO | 00002445685 | ZYPREXA ZYDIS 20 MG TAB |
| FERNDALE LABORATORIES INC | 00496077804 | ANALPRAM-HC 1% CREAM |
| FERNDALE LABORATORIES INC | 00496080004 | ANALPRAM-HC 2.5% CREAM |
| FERNDALE LABORATORIES INC | 00496082904 | ANALPRAM-HC 2.5% LOTION |
| FERNDALE LABORATORIES INC | 00496071603 | PRAMOSONE 1% CREAM |
| FERNDALE LABORATORIES INC | 00496071604 | PRAMOSONE 1% CREAM |
| FERNDALE LABORATORIES INC | 00496072903 | PRAMOSONE 1% LOTION |
| FERNDALE LABORATORIES INC | 00496072904 | PRAMOSONE 1% LOTION |
| FERNDALE LABORATORIES INC | 00496072906 | PRAMOSONE 1% LOTION |
| FERNDALE LABORATORIES INC | 00496076304 | PRAMOSONE 1% OINTMENT |
| FERNDALE LABORATORIES INC | 00496071703 | PRAMOSONE 2.5% CREAM |
| FERNDALE LABORATORIES INC | 00496071704 | PRAMOSONE 2.5% CREAM |
| FERNDALE LABORATORIES INC | 00496072604 | PRAMOSONE 2.5% LOTION |
| FERNDALE LABORATORIES INC | 00496072606 | PRAMOSONE 2.5% LOTION |
| FERNDALE LABORATORIES INC | 00496077704 | PRAMOSONE 2.5% OINTMENT |
| FERNDALE LABORATORIES INC | 00496085745 | CLINAC BPO 7% GEL |
| FIRST HORIZON PHARMACEUTICAL CORP | 59630019012 | COGNEX 10 MG CAPSULE |
| FIRST HORIZON PHARMACEUTICAL CORP | 59630019112 | COGNEX 20 MG CAPSULE |
| FIRST HORIZON PHARMACEUTICAL CORP | 59630019212 | COGNEX 30 MG CAPSULE |
| FIRST HORIZON PHARMACEUTICAL CORP | 59630019312 | COGNEX 40 MG CAPSULE |
| FIRST HORIZON PHARMACEUTICAL CORP | 00310089139 | SULAR 10 MG TABLET SA |
| FIRST HORIZON PHARMACEUTICAL CORP | 00310089239 | SULAR 20 MG TABLET SA |
| FIRST HORIZON PHARMACEUTICAL CORP | 00310089339 | SULAR 30 MG TABLET SA |
| FIRST HORIZON PHARMACEUTICAL CORP | 59830042090 | PRENATE ADVANCE TABLET |
| FIRST HORIZON PHARMACEUTICAL CORP | 59830044010 | SULAR 10 MG TABLET |
| FIRST HORIZON PHARMACEUTICAL CORP | 59830044110 | SULAR 20 MG TABLET |
| FIRST HORIZON PHARMACEUTICAL CORP | 59830044210 | SULAR 30 MG TABLET |
| FIRST HORIZON PHARMACEUTICAL CORP | 59830044310 | SULAR 40 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456052708 | FLUMADINE 50 MG/5 ML SYRUP |
| FOREST PHARMACEUTICALS INC | 00456401001 | CELEXA 10 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456402001 | CELEXA 20 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456402063 | CELEXA 20 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456404001 | CELEXA 40 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456404063 | CELEXA 40 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456413008 | CELEXA 10 MG/5 ML SOLUTION |
| FOREST PHARMACEUTICALS INC | 00456004001 | THYROLAR-1/4 STRENGTH TAB |
| FOREST PHARMACEUTICALS INC | 00456004501 | THYROLAR-1/2 STRENGTH TAB |
| FOREST PHARMACEUTICALS INC | 00456005001 | THYROLAR-1 STRENGTH TABLET |
| FOREST PHARMACEUTICALS INC | 00456005501 | THYROLAR-2 STRENGTH TABLET |
| FOREST PHARMACEUTICALS INC | 00456006001 | THYROLAR-3 STRENGTH TABLET |
| FOREST PHARMACEUTICALS INC | 00456045701 | ARMOUR THYROID 15 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456045800 | ARMOUR THYROID 30 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456045801 | ARMOUR THYROID 30 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456045863 | ARMOUR THYROID 30 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456045900 | ARMOUR THYROID 60 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456045901 | ARMOUR THYROID 60 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456045951 | ARMOUR THYROID 60 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456045963 | ARMOUR THYROID 60 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456046001 | ARMOUR THYROID 90 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456046100 | ARMOUR THYROID 120 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456046101 | ARMOUR THYROID 120 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456046163 | ARMOUR THYROID 120 MG TABLET |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| FOREST PHARMACEUTICALS INC | 00456046200 | ARMOUR THYROID 180 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456046201 | ARMOUR THYROID 180 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456046301 | ARMOUR THYROID 240 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456046401 | ARMOUR THYROID 300 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456060101 | BANCAP HC CAPSULE |
| FOREST PHARMACEUTICALS INC | 00456063001 | ESGIC TABLET |
| FOREST PHARMACEUTICALS INC | 00456064508 | ELIXOPHYLLIN-KI ELIXIR |
| FOREST PHARMACEUTICALS INC | 00456064808 | ELIXOPHYLLIN GG 100/100 LIQ |
| FOREST PHARMACEUTICALS INC | 00456064816 | ELIXOPHYLLIN GG 100/100 LIQ |
| FOREST PHARMACEUTICALS INC | 00456067099 | AEROBID-M AEROSOL W/ADAPTER |
| FOREST PHARMACEUTICALS INC | 00456067299 | AEROBID AEROSOL W/ADAPTER |
| FOREST PHARMACEUTICALS INC | 00456067801 | ESGIC-PLUS TABLET |
| FOREST PHARMACEUTICALS INC | 00456412363 | CERVIDIL 10 MG VAGINAL INSRT |
| FOREST PHARMACEUTICALS INC | 00456430008 | MONUROL 3 GM SACHET |
| FOREST PHARMACEUTICALS INC | 00535001101 | ESGIC TABLET |
| FOREST PHARMACEUTICALS INC | 00785112001 | LORCET-HD CAPSULE |
| FOREST PHARMACEUTICALS INC | 00785112201 | LORCET PLUS TABLET |
| FOREST PHARMACEUTICALS INC | 00785112250 | LORCET PLUS TABLET |
| FOREST PHARMACEUTICALS INC | 00785112263 | LORCET PLUS TABLET |
| FOREST PHARMACEUTICALS INC | 00785635001 | LORCET 10/650 TABLET |
| FOREST PHARMACEUTICALS INC | 00785635050 | LORCET 10/650 TABLET |
| FOREST PHARMACEUTICALS INC | 00785635063 | LORCET 10/650 TABLET |
| FOREST PHARMACEUTICALS INC | 00456052101 | FLUMADINE 100 MG TABLET |
| FOREST PHARMACEUTICALS INC | 00456068801 | TESSALON PERLE 100 MG CAP |
| FOREST PHARMACEUTICALS INC | 00456068802 | TESSALON PERLE 100 MG CAP |
| FOREST PHARMACEUTICALS INC | 00456069801 | TESSALON 200 MG CAPSULE |
| GILEAD SCIENCES INC | 61958050101 | HEPSERA 10 MG TABLET |
| GILEAD SCIENCES INC | 61958040101 | VIREAD 300 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173010855 | RETROVIR 100 MG CAPSULE |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173010856 | RETROVIR 100 MG CAPSULE |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173011318 | RETROVIR 10 MG/ML SYRUP |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173013555 | WELLBUTRIN SR 150 MG TAB SA |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173020155 | DARAPRIM 25 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173033602 | BECONASE 42 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173038879 | BECONASE AQ 0.042% SPRAY |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173045003 | IMITREX 100 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173045301 | FLONASE 0.05% NASAL SPRAY |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173045900 | IMITREX 50 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173046800 | BECONASE 42 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173047001 | EPIVIR 150 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173047100 | EPIVIR 10 MG/ML ORAL SOLN |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173050100 | RETROVIR 300 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173052600 | LAMICTAL 5 MG DISPER TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173052700 | LAMICTAL 25 MG DISPER TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173055601 | ZYBAN 150 MG TABLET SA |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173055602 | ZYBAN 150 MG TABLET SA |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173056502 | VALTREX 1 GM CAPLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173059500 | COMBIVIR TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173059502 | COMBIVIR TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173063302 | LAMICTAL 25 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173063535 | LEUKERAN 2 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173064255 | LAMICTAL 100 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173064360 | LAMICTAL 150 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173064460 | LAMICTAL 200 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173066100 | ZIAGEN 300 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173066101 | ZIAGEN 300 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173066200 | EPIVIR HBV 100 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173066300 | EPIVIR HBV 25 MG/5 ML SOLN |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173066400 | ZIAGEN 20 MG/ML SOLUTION |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173066518 | MEPRON 750 MG/5 ML SUSPENSION |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173067200 | AGENERASE 150 MG CAPSULE |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173067900 | AGENERASE 50 MG CAPSULE |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173068101 | RELENZA 5 MG DISKHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173068700 | AGENERASE 15 MG/ML ORAL SOLN |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173069100 | TRIZIVIR TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173069500 | ADVAIR 100/50 DISKUS |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173069502 | ADVAIR 100/50 DISKUS |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173069600 | ADVAIR 250/50 DISKUS |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173069602 | ADVAIR 250/50 DISKUS |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173069700 | ADVAIR 500/50 DISKUS |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173069702 | ADVAIR 500/50 DISKUS |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173071325 | MYLERAN 2 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173088025 | THIOGUANINE TABLOID 40 MG TB |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173093303 | VALTREX 500 MG CAPLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173093358 | VALTREX 500 MG CAPLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173094755 | WELLBUTRIN SR 100 MG TAB SA |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 59572030250 | ALKERAN 2 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173038700 | CEFTIN 250 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173038701 | CEFTIN 250 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173038742 | CEFTIN 250 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173039400 | CEFTIN 500 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173039401 | CEFTIN 500 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173039442 | CEFTIN 500 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173039501 | CEFTIN 125 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173040600 | CEFTIN 125 MG/5 ML ORAL SUSP |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173055400 | CEFTIN 250 MG/5 ML ORAL SUSP |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173055500 | CEFTIN 250 MG/5 ML ORAL SUSP |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173017755 | WELLBUTRIN 75 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173017855 | WELLBUTRIN 100 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173048400 | SEREVENT 21 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173048500 | SEREVENT 21 MCG INHR REFILL |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173048700 | SEREVENT 21 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173049100 | FLOVENT 44 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173049400 | FLOVENT 110 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173049500 | FLOVENT 220 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173049700 | FLOVENT 44 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173049800 | FLOVENT 110 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173049900 | FLOVENT 220 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173050400 | FLOVENT 250 MCG ROTADISK |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173050900 | FLOVENT 100 MCG ROTADISK |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173051100 | FLOVENT 50 MCG ROTADISK |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173052000 | SEREVENT DISKUS 50 MCG |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173052100 | SEREVENT DISKUS 50 MCG |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 57844052207 | PURINETHOL 50 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 57844052252 | PURINETHOL 50 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173024255 | LANOXIN 125 MCG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173024256 | LANOXIN 125 MCG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173024275 | LANOXIN 125 MCG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173024955 | LANOXIN 250 MCG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173024956 | LANOXIN 250 MCG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173024975 | LANOXIN 250 MCG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173024980 | LANOXIN 250 MCG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173026427 | LANOXIN 50 MCG/ML ELIXIR |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173044600 | ZOFRAN 4 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173044602 | ZOFRAN 4 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173044604 | ZOFRAN 4 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173044700 | ZOFRAN 8 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173044702 | ZOFRAN 8 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173044704 | ZOFRAN 8 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173046002 | IMITREX 25 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173048900 | ZOFRAN 4 MG/5 ML ORAL SOLN |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173052300 | IMITREX 20 MG NASAL SPRAY |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173052400 | IMITREX 5 MG NASAL SPRAY |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173056100 | AMERGE 1 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173056200 | AMERGE 2.5 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173034412 | ZANTAC 150 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173034414 | ZANTAC 150 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173034417 | ZANTAC 150 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173034442 | ZANTAC 150 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173034447 | ZANTAC 150 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173039308 | ZANTAC 300 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173039340 | ZANTAC 300 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173039347 | ZANTAC 300 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173094555 | ZOVIRAX 800 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173094955 | ZOVIRAX 400 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173095396 | ZOVIRAX 200 MG/5 ML SUSP |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173099155 | ZOVIRAX 200 MG CAPSULE |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173099156 | ZOVIRAX 200 MG CAPSULE |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173032188 | VENTOLIN 90 MCG INHALER |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173032198 | VENTOLIN 90 MCG INH REFILL |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173038354 | ZANTAC 15 MG/ML SYRUP |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173056900 | ZOFRAN ODT 4 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173057000 | ZOFRAN ODT 8 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173057004 | ZOFRAN ODT 8 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173068000 | ZOFRAN 24 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173042702 | ZANTAC 150 MG EFFERDOSE TAB |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173067501 | MALARONE 250-100 MG TABLET |
| GLAXO WELLCOME DIVISION SMITHKLINE BEECHAM CORP | 00173067601 | MALARONE 62.5-25 MG PED TAB |
| HAWTHORN PHARMACEUTICALS | 63717011201 | ICAR-C PLUS SR CAPSULE |
| HAWTHORN PHARMACEUTICALS | 63717015003 | ICAR PRENATAL COMBO PACK |
| HOECHST ROUSSEL PHARMACEUTICALS DIV | 00039005005 | DIABETA 1.25MG TABLET |
| HOFFMANN LA ROCHE INC | 00004003822 | VALCYTE 450 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004005801 | KLONOPIN 1 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004006801 | KLONOPIN 0.5 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004009801 | KLONOPIN 2 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004012101 | BUMEX 1 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004012111 | BUMEX 1 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004012114 | BUMEX 1 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004012501 | BUMEX 0.5 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004012511 | BUMEX 0.5 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004014301 | ROCALTROL 0.25 MCG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004014323 | ROCALTROL 0.25 MCG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004014401 | ROCALTROL 0.5 MCG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004016103 | FANSIDAR 500/25 TABLET |
| HOFFMANN LA ROCHE INC | 00004016201 | BUMEX 2 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004016211 | BUMEX 2 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004016851 | VERSED 10 MG/5 ML SYRUP |
| HOFFMANN LA ROCHE INC | 00004017202 | LARIAM 250 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004018022 | CARDENE SR 30 MG CAPSULE SA |
| HOFFMANN LA ROCHE INC | 00004018091 | CARDENE SR 30 MG CAPSULE SA |
| HOFFMANN LA ROCHE INC | 00004018122 | CARDENE SR 45 MG CAPSULE SA |
| HOFFMANN LA ROCHE INC | 00004018191 | CARDENE SR 45 MG CAPSULE SA |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| HOFFMANN LA ROCHE INC | 00004018222 | CARDENE SR 60 MG CAPSULE SA |
| HOFFMANN LA ROCHE INC | 00004018301 | CARDENE 20 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004018401 | CARDENE 30 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004022001 | HIVID 0.375 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004022101 | HIVID 0.750 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004024515 | INVIRASE 200 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004024648 | FORTOVASE 200 MG SOFTGEL CAP |
| HOFFMANN LA ROCHE INC | 00004025001 | VESANOID 10 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004025652 | XENICAL 120 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004025901 | CELLCEPT 250 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004025905 | CELLCEPT 250 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004025943 | CELLCEPT 250 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004026001 | CELLCEPT 500 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026043 | CELLCEPT 500 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026129 | CELLCEPT 200 MG/ML ORAL SUSP |
| HOFFMANN LA ROCHE INC | 00004026201 | DEMADEX 5 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026249 | DEMADEX 5 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026301 | DEMADEX 10 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026349 | DEMADEX 10 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026401 | DEMADEX 20 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026449 | DEMADEX 20 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026501 | DEMADEX 100 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026549 | DEMADEX 100 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004026706 | DEMADEX 10 MG/ML AMPUL |
| HOFFMANN LA ROCHE INC | 00004026806 | DEMADEX 10 MG/ML AMPUL |
| HOFFMANN LA ROCHE INC | 00004026948 | CYTOVENE 250 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004027301 | TORADOL 10 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004027848 | CYTOVENE 500 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004028857 | SORIATANE 10 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004080085 | TAMIFLU 75 MG GELCAP |
| HOFFMANN LA ROCHE INC | 00004110051 | XELODA 150 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004110116 | XELODA 500 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004592001 | TASMAR 100 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004592101 | TASMAR 200 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004620201 | ANAPROX 275 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004631014 | NAPROSYN 500 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004631114 | NAPROSYN 375 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004631301 | NAPROSYN 250 MG TABLET |
| HOFFMANN LA ROCHE INC | 00004641501 | EC-NAPROSYN 375 MG TABLET EC |
| HOFFMANN LA ROCHE INC | 00004641801 | EC-NAPROSYN 500 MG TABLET EC |
| HOFFMANN LA ROCHE INC | 00004911500 | ROCALTROL 1 MCG/ML ORAL SOLN |
| HOFFMANN LA ROCHE INC | 00140000401 | VALIUM 2 MG TABLET |
| HOFFMANN LA ROCHE INC | 00140000501 | VALIUM 5 MG TABLET |
| HOFFMANN LA ROCHE INC | 00140000514 | VALIUM 5 MG TABLET |
| HOFFMANN LA ROCHE INC | 00140000601 | VALIUM 10 MG TABLET |
| HOFFMANN LA ROCHE INC | 00140000614 | VALIUM 10 MG TABLET |
| HOFFMANN LA ROCHE INC | 63032009125 | SORIATANE 25 MG CAPSULE |
| HOFFMANN LA ROCHE INC | 00004081095 | TAMIFLU ORAL SUSPENSION |
| IMMUNEX CORP | 58406042534 | ENBREL 25 MG KIT |
| IMMUNEX CORP | 58406042541 | ENBREL 25 MG KIT |
| JOHNSON & JOHNSON GROUP | 17314585002 | CONCERTA 18 MG TABLET SA |
| JOHNSON & JOHNSON GROUP | 17314585102 | CONCERTA 36 MG TABLET SA |
| JOHNSON & JOHNSON GROUP | 17314585202 | CONCERTA 54 MG TABLET SA |
| JOHNSON & JOHNSON GROUP | 00045032560 | PARAFON FORTE DSC 500 MG CPT |
| JOHNSON & JOHNSON GROUP | 00045034160 | PANCREASE MT 4 CAPSULE EC |
| JOHNSON & JOHNSON GROUP | 00045034260 | PANCREASE MT 10 CAPSULE EC |
| JOHNSON & JOHNSON GROUP | 00045034360 | PANCREASE MT 16 CAPSULE EC |
| JOHNSON & JOHNSON GROUP | 00045034660 | PANCREASE MT 20 CAPSULE EC |
| JOHNSON & JOHNSON GROUP | 00045041460 | TOLECTIN DS 400 MG CAPSULE |
| JOHNSON & JOHNSON GROUP | 00045041660 | TOLECTIN 600 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045050816 | TYLENOL W/CODEINE ELIXIR |
| JOHNSON & JOHNSON GROUP | 00045051360 | TYLENOL W/CODEINE #3 TABLET |
| JOHNSON & JOHNSON GROUP | 00045051370 | TYLENOL W/CODEINE #3 TABLET |
| JOHNSON & JOHNSON GROUP | 00045051372 | TYLENOL W/CODEINE #3 TABLET |
| JOHNSON & JOHNSON GROUP | 00045051373 | TYLENOL W/CODEINE #3 TABLET |
| JOHNSON & JOHNSON GROUP | 00045051380 | TYLENOL W/CODEINE #3 TABLET |
| JOHNSON & JOHNSON GROUP | 00045051580 | TYLENOL W/CODEINE #4 TABLET |
| JOHNSON & JOHNSON GROUP | 00045051570 | TYLENOL W/CODEINE #4 TABLET |
| JOHNSON & JOHNSON GROUP | 00045052660 | TYLOX 5/500 CAPSULE |
| JOHNSON & JOHNSON GROUP | 00045052679 | TYLOX 5/500 CAPSULE |
| JOHNSON & JOHNSON GROUP | 00045063965 | TOPAMAX 25 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045064185 | TOPAMAX 100 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045064285 | TOPAMAX 200 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045064565 | TOPAMAX 25 MG SPRINKLE CAP |
| JOHNSON & JOHNSON GROUP | 00045064785 | TOPAMAX 15 MG SPRINKLE CAP |
| JOHNSON & JOHNSON GROUP | 00045065010 | ULTRACET TABLET |
| JOHNSON & JOHNSON GROUP | 00045065060 | ULTRACET TABLET |
| JOHNSON & JOHNSON GROUP | 00045065910 | ULTRAM 50 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045065960 | ULTRAM 50 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045065970 | ULTRAM 50 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045068233 | VASCOR 200 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045068333 | VASCOR 300 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045081015 | REGRANEX 0.01% GEL |
| JOHNSON & JOHNSON GROUP | 00045152010 | LEVAQUIN 250 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045152050 | LEVAQUIN 250 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045152510 | LEVAQUIN 500 MG TABLET |

# Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| JOHNSON & JOHNSON GROUP | 00045152550 | LEVAQUIN 500 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045153010 | LEVAQUIN 750 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00045153050 | LEVAQUIN 750 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00062007507 | RETIN-A 0.05% LIQUID |
| JOHNSON & JOHNSON GROUP | 00062016501 | RETIN-A 0.025% CREAM |
| JOHNSON & JOHNSON GROUP | 00062016502 | RETIN-A 0.025% CREAM |
| JOHNSON & JOHNSON GROUP | 00062017512 | RETIN-A 0.05% CREAM |
| JOHNSON & JOHNSON GROUP | 00062017513 | RETIN-A 0.05% CREAM |
| JOHNSON & JOHNSON GROUP | 00062018503 | RENOVA 0.05% CREAM |
| JOHNSON & JOHNSON GROUP | 00062018505 | RENOVA 0.05% CREAM |
| JOHNSON & JOHNSON GROUP | 00062018702 | RENOVA 0.02% CREAM |
| JOHNSON & JOHNSON GROUP | 00062019002 | RETIN-A MICRO 0.1% GEL |
| JOHNSON & JOHNSON GROUP | 00062019003 | RETIN-A MICRO 0.1% GEL |
| JOHNSON & JOHNSON GROUP | 00062020604 | GRIFULVIN V 125 MG/5 ML SUSP |
| JOHNSON & JOHNSON GROUP | 00062027501 | RETIN-A 0.1% CREAM |
| JOHNSON & JOHNSON GROUP | 00062027523 | RETIN-A 0.1% CREAM |
| JOHNSON & JOHNSON GROUP | 00062047542 | RETIN-A 0.025% GEL |
| JOHNSON & JOHNSON GROUP | 00062047545 | RETIN-A 0.025% GEL |
| JOHNSON & JOHNSON GROUP | 00062057544 | RETIN-A 0.01% GEL |
| JOHNSON & JOHNSON GROUP | 00062057546 | RETIN-A 0.01% GEL |
| JOHNSON & JOHNSON GROUP | 00062118501 | ERYCETTE 2% PLEDGETS |
| JOHNSON & JOHNSON GROUP | 00062133215 | ORTHO-NOVUM 1/50-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062133220 | ORTHO-NOVUM 1/50-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062154002 | FLOXIN 200 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00062154102 | FLOXIN 300 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00062154201 | FLOXIN 400 MG TABLET |
| JOHNSON & JOHNSON GROUP | 00062171415 | MODICON 28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062176115 | ORTHO-NOVUM 1/35-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062177115 | ORTHO-NOVUM 10/11-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062178115 | ORTHO-NOVUM 7/7/7-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062178120 | ORTHO-NOVUM 7/7/7-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062178122 | ORTHO-NOVUM 7/7/7-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062179615 | ORTHO-CEPT 28 DAY TABLET |
| JOHNSON & JOHNSON GROUP | 00062190015 | ORTHO-CYCLEN 28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062190315 | ORTHO TRI-CYCLEN 28 TABLET |
| JOHNSON & JOHNSON GROUP | 00062535001 | TERAZOL 7 CREAM |
| JOHNSON & JOHNSON GROUP | 00062535101 | TERAZOL 3 80 MG SUPPOSITORY |
| JOHNSON & JOHNSON GROUP | 00062535601 | TERAZOL 3 CREAM |
| JOHNSON & JOHNSON GROUP | 00062543401 | MONISTAT-DERM 2% CREAM |
| JOHNSON & JOHNSON GROUP | 00062543402 | MONISTAT-DERM 2% CREAM |
| JOHNSON & JOHNSON GROUP | 00062543403 | MONISTAT-DERM 2% CREAM |
| JOHNSON & JOHNSON GROUP | 00062543701 | MONISTAT 3 200 MG VAG SUPP |
| JOHNSON & JOHNSON GROUP | 00062546001 | SPECTAZOLE 1% CREAM |
| JOHNSON & JOHNSON GROUP | 00062546002 | SPECTAZOLE 1% CREAM |
| JOHNSON & JOHNSON GROUP | 00062546003 | SPECTAZOLE 1% CREAM |
| JOHNSON & JOHNSON GROUP | 00107133207 | ORTHO-NOVUM 1/50-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00107133227 | ORTHO-NOVUM 1/50-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00107171427 | MODICON 28 TABLET |
| JOHNSON & JOHNSON GROUP | 00107176104 | ORTHO-NOVUM 1/35-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00107176107 | ORTHO-NOVUM 1/35-28 TABLET |
| JOHNSON & JOHNSON GROUP | 00107176127 | ORTHO-NOVUM 1/35-28 TABLET |
| JOHNSON & JOHNSON GROUP | 17314283603 | TESTODERM 6 MG/24HR PATCH |
| JOHNSON & JOHNSON GROUP | 17314460803 | TESTODERM 4 MG/24HR PATCH |
| JOHNSON & JOHNSON GROUP | 17314460903 | TESTODERM 6 MG/24HR PATCH |
| JOHNSON & JOHNSON GROUP | 17314920001 | DITROPAN 5 MG TABLET |
| JOHNSON & JOHNSON GROUP | 17314920002 | DITROPAN 5 MG TABLET |
| JOHNSON & JOHNSON GROUP | 17314920003 | DITROPAN 5 MG TABLET |
| JOHNSON & JOHNSON GROUP | 17314920104 | DITROPAN 5 MG/5 ML SYRUP |
| JOHNSON & JOHNSON GROUP | 17314922001 | URISPAS 100 MG TABLET |
| JOHNSON & JOHNSON GROUP | 17314930001 | ELMIRON 100 MG CAPSULE |
| JOHNSON & JOHNSON GROUP | 17314932001 | POLYCITRA-K CRYSTALS PACKET |
| JOHNSON & JOHNSON GROUP | 17314932101 | POLYCITRA-K SOLUTION |
| JOHNSON & JOHNSON GROUP | 17314932201 | POLYCITRA SYRUP |
| JOHNSON & JOHNSON GROUP | 17314932301 | POLYCITRA-LC SOLUTION S/F |
| JOHNSON & JOHNSON GROUP | 17314933001 | BICITRA SOLUTION |
| JOHNSON & JOHNSON GROUP | 17314940001 | MYCELEX 10 MG TROCHE |
| JOHNSON & JOHNSON GROUP | 17314940002 | MYCELEX 10 MG TROCHE |
| JOHNSON & JOHNSON GROUP | 17314940003 | MYCELEX 10 MG TROCHE |
| JOHNSON & JOHNSON GROUP | 50458003305 | DURAGESIC 25 MCG/HR PATCH |
| JOHNSON & JOHNSON GROUP | 50458003405 | DURAGESIC 50 MCG/HR PATCH |
| JOHNSON & JOHNSON GROUP | 50458003505 | DURAGESIC 75 MCG/HR PATCH |
| JOHNSON & JOHNSON GROUP | 50458003605 | DURAGESIC 100 MCG/HR PATCH |
| JOHNSON & JOHNSON GROUP | 50458022010 | NIZORAL 200 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458022115 | NIZORAL 2% CREAM |
| JOHNSON & JOHNSON GROUP | 50458022130 | NIZORAL 2% CREAM |
| JOHNSON & JOHNSON GROUP | 50458022160 | NIZORAL 2% CREAM |
| JOHNSON & JOHNSON GROUP | 50458022304 | NIZORAL 2% SHAMPOO |
| JOHNSON & JOHNSON GROUP | 50458029001 | SPORANOX 100 MG CAPSULE |
| JOHNSON & JOHNSON GROUP | 50458029004 | SPORANOX 100 MG CAPSULE |
| JOHNSON & JOHNSON GROUP | 50458029028 | SPORANOX 100 MG CAPSULE |
| JOHNSON & JOHNSON GROUP | 50458030001 | RISPERDAL 1 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458030006 | RISPERDAL 1 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458030050 | RISPERDAL 1 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458030104 | RISPERDAL 0.25 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458030150 | RISPERDAL 0.25 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458030206 | RISPERDAL 0.5 MG TABLET |

# Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| JOHNSON & JOHNSON GROUP | 50458030250 | RISPERDAL 0.5 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458030503 | RISPERDAL 1 MG/ML SOLUTION |
| JOHNSON & JOHNSON GROUP | 50458032001 | RISPERDAL 2 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458032006 | RISPERDAL 2 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458032050 | RISPERDAL 2 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458033001 | RISPERDAL 3 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458033006 | RISPERDAL 3 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458033050 | RISPERDAL 3 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458035001 | RISPERDAL 4 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458035006 | RISPERDAL 4 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458039060 | REMINYL 4 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458039160 | REMINYL 8 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458039260 | REMINYL 12 MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458039910 | REMINYL 4 MG/ML ORAL SOL |
| JOHNSON & JOHNSON GROUP | 62856024330 | ACIPHEX 20 MG TABLET EC |
| JOHNSON & JOHNSON GROUP | 62856024341 | ACIPHEX 20 MG TABLET EC |
| JOHNSON & JOHNSON GROUP | 62856024390 | ACIPHEX 20 MG TABLET EC |
| JOHNSON & JOHNSON GROUP | 50458027036 | ERGAMISOL 50MG TABLET |
| JOHNSON & JOHNSON GROUP | 50458029515 | SPORANOX 10 MG/ML SOLUTION |
| KOS PHARMACEUTICALS INC | 60598000101 | NIASPAN 500 MG TABLET SA |
| KOS PHARMACEUTICALS INC | 60598000201 | NIASPAN 750 MG TABLET SA |
| KOS PHARMACEUTICALS INC | 60598000301 | NIASPAN 1,000 MG TABLET SA |
| KOS PHARMACEUTICALS INC | 60598000690 | ADVICOR 500 MG/20 MG TABLET |
| KOS PHARMACEUTICALS INC | 60598000890 | ADVICOR 1,000 MG/20 MG TABLET |
| MCR AMERICAN PHARMACEUTICALS INC | 58605051301 | ALLFEN 1,000 MG TABLET SA |
| MCR AMERICAN PHARMACEUTICALS INC | 58605051401 | MAXIFED-G TABLET SA |
| MCR AMERICAN PHARMACEUTICALS INC | 58605052001 | MAXIFED 700/80 TABLET SA |
| MCR AMERICAN PHARMACEUTICALS INC | 58605052101 | ALLFEN-DM TABLET SA |
| MCR AMERICAN PHARMACEUTICALS INC | 58605052601 | MAXIFED DM TABLET SA |
| MEDICIS DERMATOLOGICS INC | 99207001960 | A/T/S 2% TOPICAL SOLUTION |
| MERCK AND CO INC | 00006001528 | PRINIVIL 2.5 MG TABLET |
| MERCK AND CO INC | 00006001531 | PRINIVIL 2.5 MG TABLET |
| MERCK AND CO INC | 00006001558 | PRINIVIL 2.5 MG TABLET |
| MERCK AND CO INC | 00006001928 | PRINIVIL 5 MG TABLET |
| MERCK AND CO INC | 00006001958 | PRINIVIL 5 MG TABLET |
| MERCK AND CO INC | 00006001982 | PRINIVIL 5 MG TABLET |
| MERCK AND CO INC | 00006001986 | PRINIVIL 5 MG TABLET |
| MERCK AND CO INC | 00006001987 | PRINIVIL 5 MG TABLET |
| MERCK AND CO INC | 00006001994 | PRINIVIL 5 MG TABLET |
| MERCK AND CO INC | 00006010628 | PRINIVIL 10 MG TABLET |
| MERCK AND CO INC | 00006010631 | PRINIVIL 10 MG TABLET |
| MERCK AND CO INC | 00006010658 | PRINIVIL 10 MG TABLET |
| MERCK AND CO INC | 00006010672 | PRINIVIL 10 MG TABLET |
| MERCK AND CO INC | 00006010682 | PRINIVIL 10 MG TABLET |
| MERCK AND CO INC | 00006010687 | PRINIVIL 10 MG TABLET |
| MERCK AND CO INC | 00006010694 | PRINIVIL 10 MG TABLET |
| MERCK AND CO INC | 00006014031 | PRINZIDE 20/12.5 TABLET |
| MERCK AND CO INC | 00006014058 | PRINZIDE 20/12.5 TABLET |
| MERCK AND CO INC | 00006014231 | PRINZIDE 20/25 TABLET |
| MERCK AND CO INC | 00006014258 | PRINZIDE 20/25 TABLET |
| MERCK AND CO INC | 00006014531 | PRINZIDE 10/12.5 TABLET |
| MERCK AND CO INC | 00006014558 | PRINZIDE 10/12.5 TABLET |
| MERCK AND CO INC | 00006020728 | PRINIVIL 20 MG TABLET |
| MERCK AND CO INC | 00006020731 | PRINIVIL 20 MG TABLET |
| MERCK AND CO INC | 00006020758 | PRINIVIL 20 MG TABLET |
| MERCK AND CO INC | 00006020772 | PRINIVIL 20 MG TABLET |
| MERCK AND CO INC | 00006020782 | PRINIVIL 20 MG TABLET |
| MERCK AND CO INC | 00006020787 | PRINIVIL 20 MG TABLET |
| MERCK AND CO INC | 00006020794 | PRINIVIL 20 MG TABLET |
| MERCK AND CO INC | 00006023758 | PRINIVIL 40 MG TABLET |
| MERCK AND CO INC | 00006001972 | PRINIVIL 5 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00066049425 | BENZACLIN GEL |
| MERRELL PHARMACEUTICALS INC | 00075006037 | AZMACORT INHALER |
| MERRELL PHARMACEUTICALS INC | 00075150616 | NASACORT AQ NASAL SPRAY |
| MERRELL PHARMACEUTICALS INC | 00075150543 | NASACORT NASAL INHALER |
| MERRELL PHARMACEUTICALS INC | 00088109047 | ALLEGRA-D TABLET SA |
| MERRELL PHARMACEUTICALS INC | 00088109049 | ALLEGRA-D TABLET SA |
| MERRELL PHARMACEUTICALS INC | 00088109055 | ALLEGRA-D TABLET SA |
| MERRELL PHARMACEUTICALS INC | 00088110847 | ALLEGRA 30 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00088110747 | ALLEGRA 60 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00088110947 | ALLEGRA 180 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039022110 | AMARYL 1 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039022210 | AMARYL 2 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039022211 | AMARYL 2 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039022310 | AMARYL 4 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039022311 | AMARYL 4 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00088216030 | ARAVA 10 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00088216130 | ARAVA 20 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 60793001114 | INTAL INHALER |
| MERRELL PHARMACEUTICALS INC | 00585067302 | INTAL NEBULIZER SOLUTION |
| MERRELL PHARMACEUTICALS INC | 00585067303 | INTAL NEBULIZER SOLUTION |
| MERRELL PHARMACEUTICALS INC | 00039005110 | DIABETA 2.5 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039005111 | DIABETA 2.5 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039005150 | DIABETA 2.5 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039005210 | DIABETA 5 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039005211 | DIABETA 5 MG TABLET |

# Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| MERRELL PHARMACEUTICALS INC | 00039005250 | DIABETA 5 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039005270 | DIABETA 5 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039005305 | DIABETA 1.25 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006011 | LASIX 40 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006013 | LASIX 40 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006050 | LASIX 40 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006070 | LASIX 40 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006605 | LASIX 80 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006650 | LASIX 80 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006710 | LASIX 20 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006750 | LASIX 20 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039006770 | LASIX 20 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00039007810 | TRENTAL 400 MG TABLET SA |
| MERRELL PHARMACEUTICALS INC | 00039007811 | TRENTAL 400 MG TABLET SA |
| MERRELL PHARMACEUTICALS INC | 00068000701 | NORPRAMIN 10 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068001101 | NORPRAMIN 25 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068001501 | NORPRAMIN 50 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068001901 | NORPRAMIN 75 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068002001 | NORPRAMIN 100 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068002150 | NORPRAMIN 150 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068003701 | CANTIL 25 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068022630 | CLOMID 50 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068027761 | HIPREX 1 GM TABLET |
| MERRELL PHARMACEUTICALS INC | 00068069761 | TENUATE 25 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068069861 | TENUATE DOSPAN 75 MG TAB SA |
| MERRELL PHARMACEUTICALS INC | 00068069862 | TENUATE DOSPAN 75 MG TAB SA |
| MERRELL PHARMACEUTICALS INC | 00088111114 | NILANDRON 150 MG TABLET |
| MERRELL PHARMACEUTICALS INC | 00068050830 | RIFADIN 300 MG CAPSULE |
| MERRELL PHARMACEUTICALS INC | 00068050860 | RIFADIN 300 MG CAPSULE |
| MERRELL PHARMACEUTICALS INC | 00068050861 | RIFADIN 300 MG CAPSULE |
| MERRELL PHARMACEUTICALS INC | 00068050960 | RIFAMATE CAPSULE |
| MERRELL PHARMACEUTICALS INC | 00068051030 | RIFADIN 150 MG3 CAPSULE |
| MERRELL PHARMACEUTICALS INC | 00068057641 | RIFATER TABLET |
| MERRELL PHARMACEUTICALS INC | 00088210003 | PRIFTIN 150 MG TABLET |
| MONARCH PHARMACEUTICALS INC | 61570017501 | CORZIDE 40/5 TABLET |
| MONARCH PHARMACEUTICALS INC | 61570017601 | CORZIDE 80/5 TABLET |
| MONARCH PHARMACEUTICALS INC | 61570020001 | CORGARD 20 MG TABLET |
| MONARCH PHARMACEUTICALS INC | 61570020101 | CORGARD 40 MG TABLET |
| MONARCH PHARMACEUTICALS INC | 61570020110 | CORGARD 40 MG TABLET |
| MONARCH PHARMACEUTICALS INC | 61570020201 | CORGARD 80 MG TABLET |
| MONARCH PHARMACEUTICALS INC | 61570020210 | CORGARD 80 MG TABLET |
| MONARCH PHARMACEUTICALS INC | 61570020301 | CORGARD 120 MG TABLET |
| MONARCH PHARMACEUTICALS INC | 61570020401 | CORGARD 160 MG TABLET |
| MONARCH PHARMACEUTICALS INC | 61570012563 | PREFEST TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028015101 | CATAFLAM 50 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078003302 | CAFERGOT SUPPOSITORY |
| NOVARTIS PHARMACEUTICALS CORP | 00078012605 | CLOZARIL 25 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078012606 | CLOZARIL 25 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078012705 | CLOZARIL 100 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078012706 | CLOZARIL 100 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078017905 | LAMISIL 250 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078017915 | LAMISIL 250 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078032882 | LAMISIL 1% SOLUTION |
| NOVARTIS PHARMACEUTICALS CORP | 00078033605 | TRILEPTAL 150 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078033606 | TRILEPTAL 150 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078033705 | TRILEPTAL 300 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078033706 | TRILEPTAL 300 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078033805 | TRILEPTAL 600 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078033806 | TRILEPTAL 600 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078035105 | STARLIX 60 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078035205 | STARLIX 120 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078037745 | COMBIPATCH 0.05/0.14 MG PTCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078037845 | COMBIPATCH 0.05/0.25 MG PTCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083001976 | TEGRETOL 100 MG/5 ML SUSP |
| NOVARTIS PHARMACEUTICALS CORP | 00083002730 | TEGRETOL 200 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083002732 | TEGRETOL 200 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083002740 | TEGRETOL 200 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083005230 | TEGRETOL 100 MG TABLET CHEW |
| NOVARTIS PHARMACEUTICALS CORP | 00083005232 | TEGRETOL 100 MG TABLET CHEW |
| NOVARTIS PHARMACEUTICALS CORP | 00083006030 | TEGRETOL XR 400 MG TABLET SA |
| NOVARTIS PHARMACEUTICALS CORP | 00083006130 | TEGRETOL XR 100 MG TABLET SA |
| NOVARTIS PHARMACEUTICALS CORP | 00083006230 | TEGRETOL XR 200 MG TABLET SA |
| NOVARTIS PHARMACEUTICALS CORP | 00078017605 | LESCOL 20 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078017615 | LESCOL 20 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078023405 | LESCOL 40 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078023415 | LESCOL 40 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00028005801 | VOLTAREN 25MG TABLET EC |
| NOVARTIS PHARMACEUTICALS CORP | 00028010801 | LAMPRENE 50 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00028016201 | VOLTAREN 50MG TABLET EC |
| NOVARTIS PHARMACEUTICALS CORP | 00028016401 | VOLTAREN 75MG TABLET EC |
| NOVARTIS PHARMACEUTICALS CORP | 00028020501 | VOLTAREN-XR 100 MG TABLET SA |
| NOVARTIS PHARMACEUTICALS CORP | 00028025801 | VOLTAREN 25 MG TABLET EC |
| NOVARTIS PHARMACEUTICALS CORP | 00028026201 | VOLTAREN 50 MG TABLET EC |
| NOVARTIS PHARMACEUTICALS CORP | 00028026401 | VOLTAREN 75 MG TABLET EC |
| NOVARTIS PHARMACEUTICALS CORP | 00078001705 | PARLODEL 2.5 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078001715 | PARLODEL 2.5 MG TABLET |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORP | 00078010205 | PARLODEL 5 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078010215 | PARLODEL 5 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032306 | EXELON 1.5 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032344 | EXELON 1.5 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032406 | EXELON 3 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032444 | EXELON 3 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032506 | EXELON 4.5 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032544 | EXELON 4.5 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032606 | EXELON 6 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032644 | EXELON 6 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078032705 | COMTAN 200 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078033931 | EXELON 2 MG/ML ORAL SOLUTION |
| NOVARTIS PHARMACEUTICALS CORP | 00028003501 | LOPRESSOR HCT 50/25 TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028005101 | LOPRESSOR 50 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028005110 | LOPRESSOR 50 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028005301 | LOPRESSOR HCT 100/25 TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028007101 | LOPRESSOR 100 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028007110 | LOPRESSOR 100 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028007161 | LOPRESSOR 100 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028007301 | LOPRESSOR HCT 100/50 TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00028420133 | LOPRESSOR 1 MG/ML AMPUL |
| NOVARTIS PHARMACEUTICALS CORP | 00078005805 | SANSERT 2 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078010305 | FIORINAL CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078010308 | FIORINAL CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078010705 | FIORINAL/CODEINE #3 CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078024915 | FEMARA 2.5 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078035405 | LESCOL XL 80 MG TABLET SA |
| NOVARTIS PHARMACEUTICALS CORP | 00078035415 | LESCOL XL 80 MG TABLET SA |
| NOVARTIS PHARMACEUTICALS CORP | 00083005730 | LOTENSIN HCT 5/6.25 TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083005930 | LOTENSIN 5 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083005932 | LOTENSIN 5 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083005990 | LOTENSIN 5 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083006330 | LOTENSIN 10 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083006332 | LOTENSIN 10 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083006390 | LOTENSIN 10 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083007230 | LOTENSIN HCT 10/12.5 TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083007430 | LOTENSIN HCT 20/12.5 TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083007530 | LOTENSIN HCT 20/25 TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083007930 | LOTENSIN 20 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083007932 | LOTENSIN 20 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083007960 | LOTENSIN 20 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083009430 | LOTENSIN 40 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083009432 | LOTENSIN 40 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083009490 | LOTENSIN 40 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083225530 | LOTREL 2.5/10 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00083226030 | LOTREL 5/10 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00083226530 | LOTREL 5/20 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00083231008 | ESTRADERM 0.05 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083231062 | ESTRADERM 0.05 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083232008 | ESTRADERM 0.1 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083232062 | ESTRADERM 0.1 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078031190 | MIACALCIN 200 UNITS NASAL SPRA |
| NOVARTIS PHARMACEUTICALS CORP | 00078034342 | VIVELLE-DOT 0.0375 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078034345 | VIVELLE-DOT 0.0375 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078034442 | VIVELLE-DOT 0.05 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078034445 | VIVELLE-DOT 0.05 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078034542 | VIVELLE-DOT 0.075 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078034545 | VIVELLE-DOT 0.075 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078034642 | VIVELLE-DOT 0.1 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078034645 | VIVELLE-DOT 0.1 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083232608 | VIVELLE 0.0375 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083232562 | VIVELLE 0.0375 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083232708 | VIVELLE 0.075 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083232762 | VIVELLE 0.075 MG PATCH |
| NOVARTIS PHARMACEUTICALS CORP | 00083000330 | RITALIN 10 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083000730 | RITALIN 5 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083001630 | RITALIN-SR 20 MG TABLET SA |
| NOVARTIS PHARMACEUTICALS CORP | 00083003430 | RITALIN 20 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078037366 | GLEEVEC 100 MG CAPSULE |
| NOVARTIS PHARMACEUTICALS CORP | 00078005303 | METHERGINE 0.2 MG/ML AMPUL |
| NOVARTIS PHARMACEUTICALS CORP | 00078005405 | METHERGINE 0.2 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078035762 | TRILEPTAL 300 MG/5 ML SUSP |
| NOVARTIS PHARMACEUTICALS CORP | 00078037540 | ELIDEL 1% CREAM |
| NOVARTIS PHARMACEUTICALS CORP | 00078037546 | ELIDEL 1% CREAM |
| NOVARTIS PHARMACEUTICALS CORP | 00078037563 | ELIDEL 1% CREAM |
| NOVARTIS PHARMACEUTICALS CORP | 00078037742 | COMBIPATCH 0.05/0.14 MG PTCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078037842 | COMBIPATCH 0.05/0.25 MG PTCH |
| NOVARTIS PHARMACEUTICALS CORP | 00078038005 | FOCALIN 2.5 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078038105 | FOCALIN 5 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00078038205 | FOCALIN 10 MG TABLET |
| NOVARTIS PHARMACEUTICALS CORP | 00083002430 | CYTADREN 250 MG TABLET |
| NOVO NORDISK PHARMACEUTICAL INDUSTRIES INC | 00169008181 | PRANDIN 0.5 MG TABLET |
| NOVO NORDISK PHARMACEUTICAL INDUSTRIES INC | 00169008281 | PRANDIN 1 MG TABLET |
| NOVO NORDISK PHARMACEUTICAL INDUSTRIES INC | 00169008481 | PRANDIN 2 MG TABLET |
| ODYSSEY PHARMACEUTICALS INC | 65473069701 | URECHOLINE 5 MG TABLET |
| ODYSSEY PHARMACEUTICALS INC | 65473070001 | URECHOLINE 50 MG TABLET |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| ODYSSEY PHARMACEUTICALS INC | 65473070101 | VIVACTIL 5 MG TABLET |
| ODYSSEY PHARMACEUTICALS INC | 65473070201 | VIVACTIL 10 MG TABLET |
| ODYSSEY PHARMACEUTICALS INC | 65473070301 | URECHOLINE 10 MG TABLET |
| ODYSSEY PHARMACEUTICALS INC | 65473070401 | URECHOLINE 25 MG TABLET |
| ODYSSEY PHARMACEUTICALS INC | 65473071801 | SURMONTIL 25 MG CAPSULE |
| ODYSSEY PHARMACEUTICALS INC | 65473071901 | SURMONTIL 50 MG CAPSULE |
| ODYSSEY PHARMACEUTICALS INC | 65473072001 | SURMONTIL 100 MG CAPSULE |
| ORGANON USA INC | 00052028306 | CYCLESSA 28 DAY TABLET |
| ORGANON USA INC | 00052026106 | DESOGEN 28 DAY TABLET |
| ORGANON USA INC | 00052028106 | MIRCETTE 28 DAY TABLET |
| ORGANON USA INC | 00052010530 | REMERON 15 MG TABLET |
| ORGANON USA INC | 00052010590 | REMERON 15 MG TABLET |
| ORGANON USA INC | 00052010730 | REMERON 30 MG TABLET |
| ORGANON USA INC | 00052010790 | REMERON 30 MG TABLET |
| ORGANON USA INC | 00052010930 | REMERON 45 MG TABLET |
| OVATION PHARMACEUTICALS INC | 00024225304 | WINSTROL 2 MG TABLET |
| OVATION PHARMACEUTICALS INC | 67386080102 | MEBARAL 32 MG TABLET |
| OVATION PHARMACEUTICALS INC | 67386080202 | MEBARAL 50 MG TABLET |
| OVATION PHARMACEUTICALS INC | 67386080302 | MEBARAL 100 MG TABLET |
| PAN AMERICAN LABORATORIES INC | 00525942216 | PANCOF HC LIQUID |
| PAN AMERICAN LABORATORIES INC | 00525975816 | PANCOF XP LIQUID |
| PAN AMERICAN LABORATORIES INC | 00525076801 | PANMIST JR 596/48 TABLET |
| PAN AMERICAN LABORATORIES INC | 00525079201 | PANMIST LA 795/85 TABLET |
| PAN AMERICAN LABORATORIES INC | 00525079516 | PANMIST DM SYRUP |
| PEDIAMED TM PHARMACEUTICALS INC | 66346003158 | VIRAVAN-S SUSPENSION |
| PEDIAMED TM PHARMACEUTICALS INC | 66346003168 | VIRAVAN-S SUSPENSION |
| PEDIAMED TM PHARMACEUTICALS INC | 66346003223 | VIRAVAN-T TABLET CHEWABLE |
| PFIZER LABORATORIES DIV PFIZER INC | 00062208006 | AXERT 6.25 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00062208506 | AXERT 12.5 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00024230020 | KERLONE 20 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00024230110 | KERLONE 10 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025006131 | LOMOTIL TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025006134 | LOMOTIL TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025006151 | LOMOTIL TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025006152 | LOMOTIL TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025006155 | LOMOTIL TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025006602 | LOMOTIL LIQUID |
| PFIZER LABORATORIES DIV PFIZER INC | 00025016608 | SYNAREL 2 MG/ML NASAL SPRAY |
| PFIZER LABORATORIES DIV PFIZER INC | 00025177131 | CALAN 40 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025185131 | CALAN 80 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025185151 | CALAN 80 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025185152 | CALAN 80 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025186131 | CALAN 120 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025186152 | CALAN 120 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025189131 | CALAN SR 240 MG CAPLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025189134 | CALAN SR 240 MG CAPLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025189151 | CALAN SR 240 MG CAPLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025190131 | CALAN SR 120 MG CAPLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025190134 | CALAN SR 120 MG CAPLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025191131 | CALAN SR 180 MG CAPLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025191134 | CALAN SR 180 MG CAPLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025152031 | CELEBREX 100 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025152034 | CELEBREX 100 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025152051 | CELEBREX 100 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025152531 | CELEBREX 200 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025152534 | CELEBREX 200 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025152551 | CELEBREX 200 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00071000724 | DILANTIN 50 MG INFATAB |
| PFIZER LABORATORIES DIV PFIZER INC | 00071000740 | DILANTIN 50 MG INFATAB |
| PFIZER LABORATORIES DIV PFIZER INC | 00071015523 | LIPITOR 10 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071015534 | LIPITOR 10 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071015540 | LIPITOR 10 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071015623 | LIPITOR 20 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071015640 | LIPITOR 20 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071015723 | LIPITOR 40 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071015823 | LIPITOR 80 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071022006 | ACCURETIC 20-12.5 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071022206 | ACCURETIC 10-12.5 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071022306 | ACCURETIC 20-25 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071023724 | ZARONTIN 250 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00071027024 | NARDIL 15 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071036224 | DILANTIN 100 MG KAPSEAL |
| PFIZER LABORATORIES DIV PFIZER INC | 00071036232 | DILANTIN 100 MG KAPSEAL |
| PFIZER LABORATORIES DIV PFIZER INC | 00071036240 | DILANTIN 100 MG KAPSEAL |
| PFIZER LABORATORIES DIV PFIZER INC | 00071036524 | DILANTIN 30 MG KAPSEAL |
| PFIZER LABORATORIES DIV PFIZER INC | 00071041624 | NEURONTIN 600 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071042824 | NEURONTIN 800 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071052524 | CELONTIN 300 MG KAPSEAL |
| PFIZER LABORATORIES DIV PFIZER INC | 00071052723 | ACCUPRIL 5 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071052740 | ACCUPRIL 5 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071053023 | ACCUPRIL 10 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071053040 | ACCUPRIL 10 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071053223 | ACCUPRIL 20 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071053240 | ACCUPRIL 20 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071053523 | ACCUPRIL 40 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071053724 | CELONTIN KAPSEAL 150 MG |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| PFIZER LABORATORIES DIV PFIZER INC | 00071073720 | LOPID 600 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071073730 | LOPID 600 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071080324 | NEURONTIN 100 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00071080340 | NEURONTIN 100 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00071080524 | NEURONTIN 300 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00071080540 | NEURONTIN 300 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00071080624 | NEURONTIN 400 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00071080640 | NEURONTIN 400 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00071091345 | LOESTRIN FE 1/20 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071091348 | LOESTRIN FE 1/20 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071091548 | LOESTRIN 21 1/20 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071091648 | LOESTRIN 21 1.5/30 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071091745 | LOESTRIN FE 1.5/30 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071091748 | LOESTRIN FE 1.5/30 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071092815 | ESTROSTEP FE-28 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071092847 | ESTROSTEP FE-28 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00071221420 | DILANTIN 125 MG/5 ML SUSP |
| PFIZER LABORATORIES DIV PFIZER INC | 00071241823 | ZARONTIN 250 MG/5 ML SYRUP |
| PFIZER LABORATORIES DIV PFIZER INC | 00430054414 | FEMHRT 1/5 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00430054423 | FEMHRT 1/5 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025182131 | FLAGYL 500 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025182150 | FLAGYL 500 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025182151 | FLAGYL 500 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025183131 | FLAGYL 250 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025183150 | FLAGYL 250 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025183155 | FLAGYL 250 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025194234 | FLAGYL 375 CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025194250 | FLAGYL 375 CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025196130 | FLAGYL ER 750 MG TABLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025100131 | ALDACTONE 25 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025100151 | ALDACTONE 25 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025100155 | ALDACTONE 25 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025101131 | ALDACTAZIDE 25/25 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025101155 | ALDACTAZIDE 25/25 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025102131 | ALDACTAZIDE 50/50 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025103131 | ALDACTONE 100 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025103134 | ALDACTONE 100 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025104131 | ALDACTONE 50 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025104134 | ALDACTONE 50 MG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025138131 | DAYPRO 600 MG CAPLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025138134 | DAYPRO 600 MG CAPLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025138151 | DAYPRO 600 MG CAPLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025141134 | ARTHROTEC 50 TABLET EC |
| PFIZER LABORATORIES DIV PFIZER INC | 00025141160 | ARTHROTEC 50 TABLET EC |
| PFIZER LABORATORIES DIV PFIZER INC | 00025141190 | ARTHROTEC 50 TABLET EC |
| PFIZER LABORATORIES DIV PFIZER INC | 00025142134 | ARTHROTEC 75 TABLET EC |
| PFIZER LABORATORIES DIV PFIZER INC | 00025142160 | ARTHROTEC 75 TABLET EC |
| PFIZER LABORATORIES DIV PFIZER INC | 00025145120 | CYTOTEC 100 MCG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025145134 | CYTOTEC 100 MCG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025145160 | CYTOTEC 100 MCG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025146131 | CYTOTEC 200 MCG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025146134 | CYTOTEC 200 MCG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025146160 | CYTOTEC 200 MCG TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025201131 | COVERA-HS 180 MG TABLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025201134 | COVERA-HS 180 MG TABLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025202131 | COVERA-HS 240 MG TABLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025202134 | COVERA-HS 240 MG TABLET SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025273231 | NORPACE CR 100 MG CAPSULE SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025273234 | NORPACE CR 100 MG CAPSULE SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025273251 | NORPACE CR 100 MG CAPSULE SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025274231 | NORPACE CR 150 MG CAPSULE SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025274234 | NORPACE CR 150 MG CAPSULE SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025274251 | NORPACE CR 150 MG CAPSULE SA |
| PFIZER LABORATORIES DIV PFIZER INC | 00025275231 | NORPACE 100 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025275252 | NORPACE 100 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025276231 | NORPACE 150 MG CAPSULE |
| PFIZER LABORATORIES DIV PFIZER INC | 00025008109 | DEMULEN 1/50-28 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025008124 | DEMULEN 1/50-28 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025016109 | DEMULEN 1/35-28 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00025016124 | DEMULEN 1/35-28 TABLET |
| PFIZER LABORATORIES DIV PFIZER INC | 00049559063 | ATARAX 10 MG/5 ML SYRUP |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149000705 | MACRODANTIN 25 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149000805 | MACRODANTIN 50 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149000866 | MACRODANTIN 50 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149000867 | MACRODANTIN 50 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149000905 | MACRODANTIN 100 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149000967 | MACRODANTIN 100 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149003005 | DANTRIUM 25 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149003066 | DANTRIUM 25 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149003105 | DANTRIUM 50 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149003305 | DANTRIUM 100 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149040560 | DIDRONEL 200 MG TABLET |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149040660 | DIDRONEL 400 MG TABLET |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149047001 | ACTONEL 30 MG TABLET |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149047101 | ACTONEL 5 MG TABLET |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149047103 | ACTONEL 5 MG TABLET |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149071001 | MACROBID 100 MG CAPSULE |
| PROCTER AND GAMBLE PHARMACEUTICALS INC SUB PROCTER AND GAMBLE CO | 00149075202 | ASACOL 400 MG TABLET EC |
| PROMETHEUS LABORATORIES INC | 65483009306 | RIDAURA 3 MG CAPSULE |
| PROMETHEUS LABORATORIES INC | 65483039110 | TRANDATE 100 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483039111 | TRANDATE 100 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483039150 | TRANDATE 100 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483039210 | TRANDATE 200 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483039222 | TRANDATE 200 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483039250 | TRANDATE 200 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483039310 | TRANDATE 300 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483039333 | TRANDATE 300 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483039350 | TRANDATE 300 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483049514 | HELIDAC THERAPY |
| PROMETHEUS LABORATORIES INC | 65483059010 | IMURAN 50 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483009110 | ZYLOPRIM 100 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483099310 | ZYLOPRIM 300 MG TABLET |
| PROMETHEUS LABORATORIES INC | 65483099350 | ZYLOPRIM 300 MG TABLET |
| PURDUE PHARMACEUTICAL PRODUCTS LP | 00034050050 | TRILISATE 500 MG TABLET |
| PURDUE PHARMACEUTICAL PRODUCTS LP | 00034050080 | TRILISATE 500 MG TABLET |
| PURDUE PHARMACEUTICAL PRODUCTS LP | 00034050550 | TRILISATE 750 MG TABLET |
| PURDUE PHARMACEUTICAL PRODUCTS LP | 00034050580 | TRILISATE 750 MG TABLET |
| PURDUE PHARMACEUTICAL PRODUCTS LP | 00034051080 | TRILISATE 1,000 MG TABLET |
| PURDUE PHARMACEUTICAL PRODUCTS LP | 00034549006 | CERUMENEX 10% EAR DROPS |
| PURDUE PHARMACEUTICAL PRODUCTS LP | 00034549012 | CERUMENEX 10% EAR DROPS |
| RECKITT BENCKISER HEALTHCARE UK LIMITED | 12496075701 | BUPRENEX 0.3 MG/ML AMPUL |
| RELIANT PHARMACEUTICALS INC | 65726022815 | DYNACIRC 2.5 MG CAPSULE |
| RELIANT PHARMACEUTICALS INC | 65726022625 | DYNACIRC 2.5 MG CAPSULE |
| RELIANT PHARMACEUTICALS INC | 65726022715 | DYNACIRC 5 MG CAPSULE |
| RELIANT PHARMACEUTICALS INC | 65726022725 | DYNACIRC 5 MG CAPSULE |
| RELIANT PHARMACEUTICALS INC | 65726023510 | DYNACIRC CR 5 MG TABLET SA |
| RELIANT PHARMACEUTICALS INC | 65726023525 | DYNACIRC CR 5 MG TABLET SA |
| RELIANT PHARMACEUTICALS INC | 65726023610 | DYNACIRC CR 10 MG TABLET SA |
| RELIANT PHARMACEUTICALS INC | 65726023625 | DYNACIRC CR 10 MG TABLET SA |
| ROXANE LABORATORIES INC | 00054474825 | TORECAN 10 MG TABLET |
| SANOFI SYNTHELABO INC | 00024079375 | ELIGARD 7.5 MG SYRINGE |
| SANOFI SYNTHELABO INC | 00024540131 | AMBIEN 5 MG TABLET |
| SANOFI SYNTHELABO INC | 00024540134 | AMBIEN 5 MG TABLET |
| SANOFI SYNTHELABO INC | 00024542131 | AMBIEN 10 MG TABLET |
| SANOFI SYNTHELABO INC | 00024542134 | AMBIEN 10 MG TABLET |
| SANOFI SYNTHELABO INC | 00024008401 | ARALEN PHOSPHATE 500 MG TAB |
| SANOFI SYNTHELABO INC | 00024023016 | BRONCHOLATE SYRUP |
| SANOFI SYNTHELABO INC | 00024030306 | DANOCRINE 50 MG CAPSULE |
| SANOFI SYNTHELABO INC | 00024030406 | DANOCRINE 100 MG CAPSULE |
| SANOFI SYNTHELABO INC | 00024030506 | DANOCRINE 200 MG CAPSULE |
| SANOFI SYNTHELABO INC | 00024030560 | DANOCRINE 200 MG CAPSULE |
| SANOFI SYNTHELABO INC | 00024033206 | DEMEROL 50 MG/5 ML SYRUP |
| SANOFI SYNTHELABO INC | 00024033504 | DEMEROL 50 MG TABLET |
| SANOFI SYNTHELABO INC | 00024033506 | DEMEROL 50 MG TABLET |
| SANOFI SYNTHELABO INC | 00024033704 | DEMEROL 100 MG TABLET |
| SANOFI SYNTHELABO INC | 00024039202 | DRISDOL 50,000 UNITS CAPSULE |
| SANOFI SYNTHELABO INC | 00024079202 | HYTAKEROL 0.125 MG CAPSULE |
| SANOFI SYNTHELABO INC | 00024128704 | MYTELASE 10 MG CAPLET |
| SANOFI SYNTHELABO INC | 00024132203 | NEGGRAM 500 MG CAPLET |
| SANOFI SYNTHELABO INC | 00024135801 | NEO-SYNEPHRINE 2.5% EYE DRP |
| SANOFI SYNTHELABO INC | 00024135901 | NEO-SYNEPHRINE 10% EYE DROP |
| SANOFI SYNTHELABO INC | 00024136201 | NEO-SYNEPHRINE 10% EYE DROP |
| SANOFI SYNTHELABO INC | 00024150906 | PEDIACOF LIQUID |
| SANOFI SYNTHELABO INC | 00024153502 | PHISOHEX 3% CLEANSER |
| SANOFI SYNTHELABO INC | 00024153506 | PHISOHEX 3% CLEANSER |
| SANOFI SYNTHELABO INC | 00024153508 | PHISOHEX 3% CLEANSER |
| SANOFI SYNTHELABO INC | 00024156210 | PLAQUENIL 200 MG TABLET |
| SANOFI SYNTHELABO INC | 00024159601 | PRIMAQUINE 26.3 MG TABLET |
| SANOFI SYNTHELABO INC | 00024180016 | SKELID 200 MG TABLET |
| SANOFI SYNTHELABO INC | 00024193704 | TALACEN CAPLET |
| SANOFI SYNTHELABO INC | 00024195104 | TALWIN NX TABLET |
| SANOFI SYNTHELABO INC | 00024033502 | DEMEROL 50 MG TABLET |
| SANOFI SYNTHELABO INC | 00024153524 | PHISOHEX 3% CLEANSER |
| SANOFI SYNTHELABO INC | 00024153548 | PHISOHEX 3% CLEANSER |
| SCHERING CORP | 00085081930 | NITRO-DUR 0.8 MG/HR PATCH |
| SCHERING CORP | 00085081935 | NITRO-DUR 0.8 MG/HR PATCH |
| SCHERING CORP | 00085115303 | IMDUR 120 MG TABLET SA |
| SCHERING CORP | 00085115304 | IMDUR 120 MG TABLET SA |
| SCHERING CORP | 00085330501 | IMDUR 30 MG TABLET SA |
| SCHERING CORP | 00085330603 | IMDUR 30 MG TABLET SA |
| SCHERING CORP | 00085331530 | NITRO-DUR 0.3 MG/HR PATCH |
| SCHERING CORP | 00085331535 | NITRO-DUR 0.3 MG/HR PATCH |
| SCHERING CORP | 00085411001 | IMDUR 60 MG TABLET SA |
| SCHERING CORP | 00085411003 | IMDUR 60 MG TABLET SA |
| SCHERING CORP | 00085026301 | K-DUR 10 MEQ TABLET SA |
| SCHERING CORP | 00085026381 | K-DUR 10 MEQ TABLET SA |
| SCHERING CORP | 00085070304 | TRINALIN REPETABS |
| SCHERING CORP | 00085078701 | K-DUR 20 MEQ TABLET SA |
| SCHERING CORP | 00085078706 | K-DUR 20 MEQ TABLET SA |
| SCHERING CORP | 00085078710 | K-DUR 20 MEQ TABLET SA |
| SCHERING CORP | 00085078781 | K-DUR 20 MEQ TABLET SA |
| SCHERING CORP | 00085045803 | CLARITIN 10 MG TABLET |

## Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| SCHERING CORP | 00085045804 | CLARITIN 10 MG TABLET |
| SCHERING CORP | 00085045805 | CLARITIN 10 MG TABLET |
| SCHERING CORP | 00085045806 | CLARITIN 10 MG TABLET |
| SCHERING CORP | 00085052503 | EULEXIN 125 MG CAPSULE |
| SCHERING CORP | 00085052505 | EULEXIN 125 MG CAPSULE |
| SCHERING CORP | 00085052506 | EULEXIN 125 MG CAPSULE |
| SCHERING CORP | 00085061402 | PROVENTIL 90 MCG INHALER |
| SCHERING CORP | 00085063501 | CLARITIN-D 12 HOUR TAB SA |
| SCHERING CORP | 00085063504 | CLARITIN-D 12 HOUR TAB SA |
| SCHERING CORP | 00085063505 | CLARITIN-D 12 HOUR TAB SA |
| SCHERING CORP | 00085073604 | VANCERIL INHALER |
| SCHERING CORP | 00085080901 | LOTRISONE LOTION |
| SCHERING CORP | 00085112802 | CLARITIN 10 MG REDITABS |
| SCHERING CORP | 00085113201 | PROVENTIL HFA 90 MCG INHALER |
| SCHERING CORP | 00085119403 | REBETOL 200 MG CAPSULE |
| SCHERING CORP | 00085119701 | NASONEX 50 MCG NASAL SPRAY |
| SCHERING CORP | 00085122301 | CLARITIN 10 MG/10 ML SYRUP |
| SCHERING CORP | 00085123301 | CLARITIN-D 24 HOUR TAB SA |
| SCHERING CORP | 00085123302 | CLARITIN-D 24 HOUR TAB SA |
| SCHERING CORP | 00085124401 | TEMODAR 20 MG CAPSULE |
| SCHERING CORP | 00085124402 | TEMODAR 20 MG CAPSULE |
| SCHERING CORP | 00085124801 | TEMODAR 5 MG CAPSULE |
| SCHERING CORP | 00085124802 | TEMODAR 5 MG CAPSULE |
| SCHERING CORP | 00085125201 | TEMODAR 250 MG CAPSULE |
| SCHERING CORP | 00085125202 | TEMODAR 250 MG CAPSULE |
| SCHERING CORP | 00085125901 | TEMODAR 100 MG CAPSULE |
| SCHERING CORP | 00085125902 | TEMODAR 100 MG CAPSULE |
| SCHERING CORP | 00085132704 | REBETOL 200 MG CAPSULE |
| SCHERING CORP | 00085135105 | REBETOL 200 MG CAPSULE |
| SCHERING CORP | 00085138507 | REBETOL 200 MG CAPSULE |
| SCHERING CORP | 00085126401 | CLARINEX 5 MG TABLET |
| SCHERING CORP | 00085126402 | CLARINEX 5 MG TABLET |
| SCHERING CORP | 00085126403 | CLARINEX 5 MG TABLET |
| SCHERING CORP | 00085126404 | CLARINEX 5 MG TABLET |
| SCHERING CORP | 00085140101 | FORADIL AEROLIZER 12 MCG CAP |
| SCHERING CORP | 00085140201 | FORADIL AEROLIZER 12 MCG CAP |
| SCHERING CORP | 00085037001 | ELOCON 0.1% OINTMENT |
| SCHERING CORP | 00085037002 | ELOCON 0.1% OINTMENT |
| SCHERING CORP | 00085051701 | DIPROLENE AF 0.05% CREAM |
| SCHERING CORP | 00085051704 | DIPROLENE AF 0.05% CREAM |
| SCHERING CORP | 00085056701 | ELOCON 0.1% CREAM |
| SCHERING CORP | 00085056702 | ELOCON 0.1% CREAM |
| SCHERING CORP | 00085057502 | DIPROLENE 0.05% OINTMENT |
| SCHERING CORP | 00085057505 | DIPROLENE 0.05% OINTMENT |
| SCHERING CORP | 00085063401 | DIPROLENE 0.05% GEL |
| SCHERING CORP | 00085063403 | DIPROLENE 0.05% GEL |
| SCHERING CORP | 00085085401 | ELOCON 0.1% LOTION |
| SCHERING CORP | 00085085402 | ELOCON 0.1% LOTION |
| SCHERING CORP | 00085096201 | DIPROLENE 0.05% LOTION |
| SCHERING CORP | 00085096202 | DIPROLENE 0.05% LOTION |
| SCHERING CORP | 00085094205 | CELESTONE 0.6 MG/5 ML SYRUP |
| SCHERING CORP | 00085092401 | LOTRISONE CREAM |
| SCHERING CORP | 00085092402 | LOTRISONE CREAM |
| SCOT TUSSIN PHARMACAL CO INC | 03372001716 | TUSSIREX SYRUP |
| SCOT TUSSIN PHARMACAL CO INC | 03372001816 | TUSSIREX S/F LIQUID |
| SCOT TUSSIN PHARMACAL CO INC | 03372004816 | S-T FORTE 2 LIQUID S/F |
| SHIRE US INC | 54092038301 | ADDERALL XR 10 MG CAPSULE SA |
| SHIRE US INC | 54092038701 | ADDERALL XR 20 MG CAPSULE SA |
| SHIRE US INC | 54092039101 | ADDERALL XR 30 MG CAPSULE SA |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764015104 | ACTOS 15 MG TABLET |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764015105 | ACTOS 15 MG TABLET |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764015106 | ACTOS 15 MG TABLET |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764030114 | ACTOS 30 MG TABLET |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764030115 | ACTOS 30 MG TABLET |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764030116 | ACTOS 30 MG TABLET |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764045124 | ACTOS 45 MG TABLET |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764045125 | ACTOS 45 MG TABLET |
| TAKEDA PHARMACEUTICALS NORTH AMERICA INC | 64764045126 | ACTOS 45 MG TABLET |
| TAP PHARMACEUTICALS INC | 00300154111 | PREVACID 15 MG CAPSULE DR |
| TAP PHARMACEUTICALS INC | 00300154119 | PREVACID 15 MG CAPSULE DR |
| TAP PHARMACEUTICALS INC | 00300154130 | PREVACID 15 MG CAPSULE DR |
| TAP PHARMACEUTICALS INC | 00300304611 | PREVACID 30 MG CAPSULE DR |
| TAP PHARMACEUTICALS INC | 00300304613 | PREVACID 30 MG CAPSULE DR |
| TAP PHARMACEUTICALS INC | 00300304619 | PREVACID 30 MG CAPSULE DR |
| TAP PHARMACEUTICALS INC | 00300730930 | PREVACID 15 MG SUSPENSION DR |
| TAP PHARMACEUTICALS INC | 00300731130 | PREVACID 30 MG SUSPENSION DR |
| US PHARMACEUTICAL CORP | 52747014080 | CENOGEN ULTRA CAPSULE |
| US PHARMACEUTICAL CORP | 52747030630 | HEMOCYTE-F TABLET |
| US PHARMACEUTICAL CORP | 52747030670 | HEMOCYTE-F TABLET |
| US PHARMACEUTICAL CORP | 52747030830 | HEMOCYTE PLUS TABULE |
| US PHARMACEUTICAL CORP | 52747030870 | HEMOCYTE PLUS TABULE |
| US PHARMACEUTICAL CORP | 52747080060 | HEMOCYTE PLUS CAPSULE |
| WARNER CHILCOTT INC | 00430016624 | MANDELAMINE 500 MG TABLET |
| WARNER CHILCOTT INC | 00430018124 | PYRIDIUM 200 MG TABLET |
| WARNER CHILCOTT INC | 00430018215 | PYRIDIUM PLUS TABLET |
| WARNER CHILCOTT INC | 00430022640 | NATAFORT TABLET |

# Appendix A Drugs by NDC

| FIRM NAME | NDC | DRUG NAME AND DESCRIPTION |
|---|---|---|
| WARNER CHILCOTT INC | 00430022723 | NATACHEW TABLET CHEW |
| WARNER CHILCOTT INC | 00430058214 | OVCON-35 28 TABLET |
| WARNER CHILCOTT INC | 00430058514 | OVCON-50 28 TABLET |
| WARNER CHILCOTT INC | 00430069624 | ERYC 250 MG CAPSULE EC |
| WARNER CHILCOTT INC | 00430083620 | DORYX 75 MG CAPSULE EC |
| WARNER CHILCOTT INC | 00430083819 | DORYX 100 MG CAPSULE EC |
| WARNER CHILCOTT INC | 00430278217 | DURICEF 250 MG/5 ML ORAL SUSP |
| WARNER CHILCOTT INC | 00430278317 | DURICEF 500 MG/5 ML ORAL SUSP |
| WARNER CHILCOTT INC | 00430375411 | ESTRACE 0.01% CREAM |
| WARNER CHILCOTT INC | 00430375414 | ESTRACE 0.01% CREAM |
| WARNER CHILCOTT INC | 00430620140 | FEMRING 0.05 MG VAGINAL RING |
| WARNER CHILCOTT INC | 00430620240 | FEMRING 0.10 MG VAGINAL RING |
| WARNER CHILCOTT INC | 00087078446 | DURICEF 500 MG CAPSULE |
| WARNER CHILCOTT INC | 00430002324 | ESTRACE 1 MG TABLET |
| WARNER CHILCOTT INC | 00430002330 | ESTRACE 1 MG TABLET |
| WARNER CHILCOTT INC | 00430002424 | ESTRACE 2 MG TABLET |
| WATSON LABORATORIES INC | 52544026528 | NORINYL 1+50-28 TABLET |
| WATSON LABORATORIES INC | 52544027428 | TRI-NORINYL 28 TABLET |
| WATSON LABORATORIES INC | 00075025000 | DILACOR XR 120MG CAPSULE SA |
| WATSON LABORATORIES INC | 00075025100 | DILACOR XR 180MG CAPSULE SA |
| WATSON LABORATORIES INC | 00075025200 | DILACOR XR 240MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544048201 | DILACOR XR 120 MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544048301 | DILACOR XR 180 MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544048305 | DILACOR XR 180 MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544048401 | DILACOR XR 240 MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544048405 | DILACOR XR 240 MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544053901 | NORCO 10/325 TABLET |
| WATSON LABORATORIES INC | 52544053905 | NORCO 10/325 TABLET |
| WATSON LABORATORIES INC | 52544073201 | DILACOR XR 120MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544073301 | DILACOR XR 180MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544073401 | DILACOR XR 240MG CAPSULE SA |
| WATSON LABORATORIES INC | 52544093001 | ACTIGALL 300 MG CAPSULE |
| WATSON LABORATORIES INC | 55515001424 | CORDRAN 4 MCG/SQ CM TAPE |
| WATSON LABORATORIES INC | 55515001480 | CORDRAN 4 MCG/SQ CM TAPE |
| WATSON LABORATORIES INC | 55515010101 | CONDYLOX 0.5% TOPICAL SOLN |
| WATSON LABORATORIES INC | 55515025904 | MONODOX 100 MG CAPSULE |
| WATSON LABORATORIES INC | 55515026006 | MONODOX 50 MG CAPSULE |
| WATSON LABORATORIES INC | 52544062201 | MICROZIDE 12.5 MG CAPSULE |
| WATSON LABORATORIES INC | 55515010201 | CONDYLOX 0.5% GEL |
| WATSON LABORATORIES INC | 55515003515 | CORDRAN SP 0.05% CREAM |
| WATSON LABORATORIES INC | 55515003530 | CORDRAN SP 0.05% CREAM |
| WATSON LABORATORIES INC | 55515003560 | CORDRAN SP 0.05% CREAM |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072026006 | DOVONEX 0.005% CREAM |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072026012 | DOVONEX 0.005% CREAM |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072116006 | DOVONEX 0.005% SOLUTION |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072140015 | ULTRAVATE 0.05% CREAM |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072140050 | ULTRAVATE 0.05% CREAM |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072145015 | ULTRAVATE 0.05% OINTMENT |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072145050 | ULTRAVATE 0.05% OINTMENT |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072254006 | DOVONEX 0.005% OINTMENT |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072254012 | DOVONEX 0.005% OINTMENT |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072570801 | LAC-HYDRIN 12% LOTION |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072571208 | LAC-HYDRIN 12% LOTION |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072571214 | LAC-HYDRIN 12% LOTION |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072571401 | LAC-HYDRIN 12% LOTION |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072573028 | LAC-HYDRIN 12% CREAM |
| WESTWOOD SQUIBB PHARMACEUTICALS INC | 00072573038 | LAC-HYDRIN 12% CREAM |
| WOMEN FIRST HEALTHCARE INC | 64248000410 | BACTRIM 400-80 MG TABLET |
| WOMEN FIRST HEALTHCARE INC | 64248011710 | BACTRIM DS TABLET |
| WOMEN FIRST HEALTHCARE INC | 64248015030 | VANIQA 13.9% CREAM |
| WYETH DIV WYETH PHARMACEUTICALS INC | 00008084181 | PROTONIX 40 MG TABLET EC |
| WYETH DIV WYETH PHARMACEUTICALS INC | 00008084199 | PROTONIX 40 MG TABLET EC |
| XCEL PHARMACEUTICALS | 66490024598 | MIGRANAL 4 MG/ML NASAL SPRAY |
| ZYBER PHARMACEUTICAL INC | 65224017516 | PEDIATEX LIQUID |
| ZYBER PHARMACEUTICAL INC | 65224045716 | PEDIATEX-D LIQUID |
| ZYBER PHARMACEUTICAL INC | 65224065001 | ALDEX TABLET |

# EXHIBIT E

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS EALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>                    Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure Rule 45,

McKesson Corporation will serve the attached subpoenas to the following entities and persons

on November 3, 2006:

1.  CIGNA Corporation (Philadelphia, PA)

2.  CIGNA Corporation (Hartford, CT)

3.  CIGNA HealthCare

1

sf-2221247

4. Connecticut General Life Insurance Company

5. Millicent Callaway

Dated November 3, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party on November 3, 2006 by e-mail.

_____
Tiffany Cheung

2

Issued by the

# UNITED STATES DISTRICT COURT

<u>Eastern</u>    DISTRICT OF <u>Pennsylvania</u>

NEW ENGLAND CARPENTERS HEALTH BENEFITS
FUND, ET AL.

### SUBPOENA IN A CIVIL CASE

v.

FIRST DATABANK, INC. AND MCKESSON
CORPORATION

Case Number:[1]  1:05-CV-11148-PBS
DISTRICT OF MASSACHUSETTS

TO:  CIGNA Corporation
     Two Liberty Place, 1601 Chestnut Street
     Philadelphia, PA 19192

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Varallo, 1835 Market Street, Suite 600, Philadelphia Pennsylvania, 19103 | November 14, 2006, 9:30 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached Exhibit B.

| PLACE | DATE AND TIME |
|---|---|
| Varallo, 1835 Market Street, Suite 600, Philadelphia Pennsylvania, 19103 | November 13, 2006, 9:30 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant McKesson Corporation | November 3, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Tiffany Cheung; Morrison & Foerster LLP, 425 Market Street, San Francisco, CA
94105; 415-268-7000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                              SIGNATURE OF SERVER

                                             _____
                                             ADDRESS OF SERVER

                                             _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena attached hereto, McKesson Corporation, by its attorneys, will take the deposition of CIGNA Corporation by the person or persons who are knowledgeable concerning the matters set forth in Exhibit A attached hereto. Such deposition will be taken on November 14, 2006, beginning at 9:30 a.m., at Varallo, 1835 Market Street, Suite 600, Philadelphia, Pennsylvania, 19103. The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

1

sf-2221233

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

PLEASE TAKE FURTHER NOTICE THAT CIGNA Corporation is also requested to produce the documents set forth in Exhibit B on November 13, 2006.

Dated November 3, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
    Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

sf-2221233

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on November 3, 2006 as follows:

**Via Hand Delivery**

CIGNA Corporation
Two Liberty Place
1601 Chestnut Street
Philadelphia, PA 19192

**Via E-mail**

| | | |
|---|---|---|
| Steve W. Berman<br>Elizabeth Fegan<br>Thomas M. Sobol<br>Barbara Mahoney<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>Tom@hbsslaw.com<br>barbaram@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>Sheila Birnbaum<br>Thomas E. Fox<br>Matthew Matule<br>mredman@hearst.com<br>tfox@skadden.com<br>mmatule@skadden.com<br><br>*Counsel for First DataBank* | | |

Tiffany Cheung

sf-2221233

## **DEFINITIONS**

The terms used in these requests, whether or not capitalized, are defined as follows:

1.      "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span"). The term "AWP" includes the "Blue Book AWP" published by First DataBank.

2.      "CIGNA HealthCare" refers to various operating subsidiaries of CIGNA Corporation, including Connecticut General Life Insurance Company, among others.

3.      "Clients" means union benefit funds, employers, health plans, Third Party Payors, or other entities to which You provide coverage for self-administered prescription drugs for a fee or other remuneration.

4.      "Concerning" as defined in Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting. A request for all documents "concerning" a subject extends to each document making a statement about, mentioning, referring to, discussing, analyzing, describing, reflecting, evidencing, identifying, relating to, regarding, summarizing, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

5.      "Document" as defined in Massachusetts Local Rule 26.5(c)(2) is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

sf-2221233

6.    "Pharmacy Benefit Manager" or "PBM" means any entity that provides services relating to prescription drug benefits offered by any Third Party Payor to any participant and/or beneficiary.

7.    "Publisher" or "Publishers" refers to any pharmaceutical price publishing service, including but not limited to the First DataBank, Red Book, Blue Book and Medi-Span publishing services.

8.    "Rebates" include access rebates for the placement of products on a formulary, rebates based upon the sales volumes for drugs, and market share rebates for garnering higher market share than established targets, and include rebates received by You or any PBM with which You have a contractual relationship.

9.    "Third Party Payor" means any non-government entity or program, including but not limited to, health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, or welfare and benefit plans, that provides prescription drug benefits to participants and beneficiaries and reimburses or compensates retail pharmacies for prescription drugs dispensed to participants and beneficiaries.

10.    "WAC" or "Wholesale Acquisition Cost" means the selling price that a drug mompany charges to a Wholesaler, before discounts.

11.    "Wholesaler" means any entity that purchases drugs from a drug manufacturer and resells such drugs to any other entity, including retail pharmacies.

12.    "You" or "Your" shall refer to CIGNA Corporation and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control, including the entity or entities operating as CIGNA HealthCare.

sf-2221233

## INSTRUCTIONS

1.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.      Provide the following information for each document withheld on the grounds of privilege:

        (a)      its date;

        (b)      its title;

        (c)      its author(s);

        (d)      its recipient(s);

        (e)      the specific privilege under which it is withheld;

        (f)      its general subject matter; and

        (g)      a description of it that You contend is adequate to support Your contention that it is privileged.

Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted.

3.      To the extent that You consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state that part of each request to which You object and each ground for each objection. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of any documents requested herein would impose an undue burden on You, counsel

sf-2221233

for McKesson should be contacted promptly to discuss these matters, and You should respond to the remainder of these Requests as written.

4.    You may produce legible, complete, and exact copies of original documents responsive to these Requests, provided that the originals shall be made available for inspection upon request by counsel for McKesson.

5.    These Requests cover all documents in Your possession, custody, and control, both inside and outside the United States, including Documents in the possession of Your officers, employees, agents, servants, representatives, trustees, attorneys, consultants, or other persons directly or indirectly employed or retained by You, or anyone else acting on Your behalf or otherwise subject to Your control, and any merged, consolidated, or acquired predecessor or successor, subsidiary, division, or affiliate.

## EXHIBIT A

## DEPOSITION TOPICS

The following topics cover the time period January 1, 2000 to present:

1.      Your knowledge, understanding, and expectation regarding: (a) the use, development, and significance of AWP and/or WAC, (b) the ratio or spread between actual acquisition costs of retail pharmacies and published AWPs, or between WAC and published AWPs, or (c) changes in AWPs or WAC-AWP spreads or ratios, including discussions with Clients, Third Party Payors, drug manufacturers, retail pharmacies, PBMs, consultants, or Publishers regarding such changes.

2.      Your negotiations and contracts concerning prescription drug benefits and reimbursements or rebates for such drugs or benefits with Clients, retail pharmacies, PBMs, or drug manufacturers, including your correspondence on or about April 3, 2003 to amend the contracted prescription drug reimbursement rates in any agreement between CIGNA HealthCare and any retail pharmacy.

3.      Your search for and production of documents in response to the document requests set forth in Exhibit B of this subpoena.

## EXHIBIT B

## DOCUMENTS TO BE PRODUCED

The following requests cover the time period January 1, 2000 to present:

1.    All documents concerning the relationship between WAC and AWP, and/or WAC to AWP markups, spreads, or ratios, and any analyses concerning changes in AWP, in the relationship between WAC and AWP, and/or WAC to AWP markups, spreads, or ratios, for self-administered brand-name prescription drugs.

2.    All documents concerning your decision in 2003 to amend the contracted reimbursement rates for self-administered brand-name prescription drugs in any agreement between CIGNA HealthCare and any retail pharmacy.

3.    Organizational charts for each department or group within Your company that is responsible for setting, administering, reviewing, monitoring, or auditing Your self-administered prescription drug benefits.

4.    Documents sufficient to identify Your policy or practice of document retention, destruction, disposal, or preservation.

9

sf-2221233

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>Connecticut</u>

NEW ENGLAND CARPENTERS HEALTH BENEFITS
FUND, ET AL.

## SUBPOENA IN A CIVIL CASE

v.

FIRST DATABANK, INC. and MCKESSON
CORPORATION

Case Number:[1]  1:05-CV-11148-PBS
DISTRICT OF MASSACHUSETTS

TO:  CIGNA Corporation
     900 Cottage Grove Road
     Hartford, CT 06152

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bonner, Keirnan, Trebach, & Crociata, LLP 44 Capitol Street, Suite 402, Hartford, CT 06106 | November 14, 2006, 9:30 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit B.

| PLACE | DATE AND TIME |
|---|---|
| Bonner, Kiernan, Trebach, & Crociata, LLP 44 Capitol Street, Suite 402, Hartford, CT 06106 | November 13, 2006, 9:30 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant McKesson Corporation | November 3, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Tiffany Cheung; Morrison & Foerster LLP, 425 Market Street, San Francisco, CA
94105; 415-268-7000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____            _____
                        DATE                                          SIGNATURE OF SERVER

                                                        _____
                                                                ADDRESS OF SERVER

                                                        _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,

Defendants.

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena attached hereto, McKesson Corporation, by its attorneys, will take the deposition of CIGNA Corporation by the person or persons who are knowledgeable concerning the matters set forth in Exhibit A attached hereto. Such deposition will be taken on November 14, 2006, beginning at 9:30 a.m., at Bonner, Kiernan, Trebach & Crociata, LLP, 44 Capitol Street, Suite 402, Hartford, CT 06106. The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

1

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

PLEASE TAKE FURTHER NOTICE THAT CIGNA Corporation is also requested to produce the documents set forth in Exhibit B on November 13, 2006.

Dated November 3, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
　　Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

sf-2220798

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on November 3, 2006 as follows:

**Via Hand Delivery**

CIGNA Corporation
900 Cottage Grove Road
Hartford, CT 06152

**Via E-mail**

| | | |
|---|---|---|
| Steve W. Berman<br>Elizabeth Fegan<br>Thomas M. Sobol<br>Barbara Mahoney<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>Tom@hbsslaw.com<br>barbaram@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>Sheila Birnbaum<br>Thomas E. Fox<br>Matthew Matule<br>mredman@hearst.com<br>tfox@skadden.com<br>mmatule@skadden.com<br><br>*Counsel for First DataBank* | | |

Tiffany Cheung

## DEFINITIONS

The terms used in these requests, whether or not capitalized, are defined as follows:

1.     "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span"). The term "AWP" includes the "Blue Book AWP" published by First DataBank.

2.     "CIGNA HealthCare" refers to various operating subsidiaries of CIGNA Corporation, including Connecticut General Life Insurance Company, among others.

3.     "Clients" means union benefit funds, employers, health plans, Third Party Payors, or other entities to which You provide coverage for self-administered prescription drugs for a fee or other remuneration.

4.     "Concerning" as defined in Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting. A request for all documents "concerning" a subject extends to each document making a statement about, mentioning, referring to, discussing, analyzing, describing, reflecting, evidencing, identifying, relating to, regarding, summarizing, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

5.     "Document" as defined in Massachusetts Local Rule 26.5(c)(2) is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

6.    "Pharmacy Benefit Manager" or "PBM" means any entity that provides services relating to prescription drug benefits offered by any Third Party Payor to any participant and/or beneficiary.

7.    "Publisher" or "Publishers" refers to any pharmaceutical price publishing service, including but not limited to the First DataBank, Red Book, Blue Book and Medi-Span publishing services.

8.    "Rebates" include access rebates for the placement of products on a formulary, rebates based upon the sales volumes for drugs, and market share rebates for garnering higher market share than established targets, and include rebates received by You or any PBM with which You have a contractual relationship.

9.    "Third Party Payor" means any non-government entity or program, including but not limited to, health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, or welfare and benefit plans, that provides prescription drug benefits to participants and beneficiaries and reimburses or compensates retail pharmacies for prescription drugs dispensed to participants and beneficiaries.

10.    "WAC" or "Wholesale Acquisition Cost" means the selling price that a drug mompany charges to a Wholesaler, before discounts.

11.    "Wholesaler" means any entity that purchases drugs from a drug manufacturer and resells such drugs to any other entity, including retail pharmacies.

12.    "You" or "Your" shall refer to CIGNA Corporation and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control, including the entity or entities operating as CIGNA HealthCare.

## **INSTRUCTIONS**

1.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.      Provide the following information for each document withheld on the grounds of privilege:

       (a)      its date;

       (b)      its title;

       (c)      its author(s);

       (d)      its recipient(s);

       (e)      the specific privilege under which it is withheld;

       (f)      its general subject matter; and

       (g)      a description of it that You contend is adequate to support Your contention that it is privileged.

Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted.

3.      To the extent that You consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state that part of each request to which You object and each ground for each objection. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of any documents requested herein would impose an undue burden on You, counsel

for McKesson should be contacted promptly to discuss these matters, and You should respond to the remainder of these Requests as written.

4.    You may produce legible, complete, and exact copies of original documents responsive to these Requests, provided that the originals shall be made available for inspection upon request by counsel for McKesson.

5.    These Requests cover all documents in Your possession, custody, and control, both inside and outside the United States, including Documents in the possession of Your officers, employees, agents, servants, representatives, trustees, attorneys, consultants, or other persons directly or indirectly employed or retained by You, or anyone else acting on Your behalf or otherwise subject to Your control, and any merged, consolidated, or acquired predecessor or successor, subsidiary, division, or affiliate.

7

## EXHIBIT A

## DEPOSITION TOPICS

The following topics cover the time period January 1, 2000 to present:

1.      Your knowledge, understanding, and expectation regarding: (a) the use, development, and significance of AWP and/or WAC, (b) the ratio or spread between actual acquisition costs of retail pharmacies and published AWPs, or between WAC and published AWPs, or (c) changes in AWPs or WAC-AWP spreads or ratios, including discussions with Clients, Third Party Payors, drug manufacturers, retail pharmacies, PBMs, consultants, or Publishers regarding such changes.

2.      Your negotiations and contracts concerning prescription drug benefits and reimbursements or rebates for such drugs or benefits with Clients, retail pharmacies, PBMs, or drug manufacturers, including your correspondence on or about April 3, 2003 to amend the contracted prescription drug reimbursement rates in any agreement between CIGNA HealthCare and any retail pharmacy.

3.      Your search for and production of documents in response to the document requests set forth in Exhibit B of this subpoena.

sf-2220798

## EXHIBIT B

## DOCUMENTS TO BE PRODUCED

The following requests cover the time period January 1, 2000 to present:

1.      All documents concerning the relationship between WAC and AWP, and/or WAC to AWP markups, spreads, or ratios, and any analyses concerning changes in AWP, in the relationship between WAC and AWP, and/or WAC to AWP markups, spreads, or ratios, for self-administered brand-name prescription drugs.

2.      All documents concerning your decision in 2003 to amend the contracted reimbursement rates for self-administered brand-name prescription drugs in any agreement between CIGNA HealthCare and any retail pharmacy.

3.      Organizational charts for each department or group within Your company that is responsible for setting, administering, reviewing, monitoring, or auditing Your self-administered prescription drug benefits.

4.      Documents sufficient to identify Your policy or practice of document retention, destruction, disposal, or preservation.

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>Connecticut</u>

NEW ENGLAND CAPRENTERS HEALTH BENEFITS
FUND, ET AL.

**SUBPOENA IN A CIVIL CASE**

v.

FIRST DATABANK, INC. AND MCKESSON
CORPORATION

Case Number:[1] 1:05-CV-11148-PBS
DISTRICT OF MASSACHUSETTS

TO: CIGNA Healthcare
900 Cottage Grove Road
Hartford, CT 06152

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bonner, Kiernan, Trebach & Crociata, LLP 44 Capitol Street, Suite 402, Hartford, CT 06106 | November 14, 2006, 9:30 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit B.

| PLACE | DATE AND TIME |
|---|---|
| Bonner, Kiernan, Trebach & Crociata, LLP 44 Capitol Street, Suite 402, Hartford, CT 06106 | November 13, 2006, 9:30 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant McKesson Corporation | November 3, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Tiffany Cheung; Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105; 415-268-7000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                         SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,

Defendants.

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena attached hereto, McKesson Corporation, by its attorneys, will take the deposition of CIGNA HealthCare by the person or persons who are knowledgeable concerning the matters set forth in Exhibit A attached hereto. Such deposition will be taken on November 14, 2006, beginning at 9:30 a.m., at Bonner, Kiernan, Trebach & Crociata, LLP, 44 Capitol Street, Suite 402, Hartford, CT 06106. The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

1

sf-2221200

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

PLEASE TAKE FURTHER NOTICE THAT CIGNA HealthCare is also requested to produce the documents set forth in Exhibit B on November 13, 2006.

Dated November 3, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
       Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

# CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on November 3, 2006 as follows:

## Via Hand Delivery

CIGNA HealthCare
900 Cottage Grove Road
Hartford, CT 06152

## Via E-mail

| | | |
|---|---|---|
| Steve W. Berman<br>Elizabeth Fegan<br>Thomas M. Sobol<br>Barbara Mahoney<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>Tom@hbsslaw.com<br>barbaram@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>Sheila Birnbaum<br>Thomas E. Fox<br>Matthew Matule<br>mredman@hearst.com<br>tfox@skadden.com<br>mmatule@skadden.com<br><br>*Counsel for First DataBank* | | |

Tiffany Cheung

sf-2221200

## DEFINITIONS

The terms used in these requests, whether or not capitalized, are defined as follows:

1.        "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span"). The term "AWP" includes the "Blue Book AWP" published by First DataBank.

2.        "CIGNA HealthCare" refers to various operating subsidiaries of CIGNA Corporation, including Connecticut General Life Insurance Company, among others.

3.        "Clients" means union benefit funds, employers, health plans, Third Party Payors, or other entities to which You provide coverage for self-administered prescription drugs for a fee or other remuneration.

4.        "Concerning" as defined in Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting. A request for all documents "concerning" a subject extends to each document making a statement about, mentioning, referring to, discussing, analyzing, describing, reflecting, evidencing, identifying, relating to, regarding, summarizing, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

5.        "Document" as defined in Massachusetts Local Rule 26.5(c)(2) is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

6.      "Pharmacy Benefit Manager" or "PBM" means any entity that provides services relating to prescription drug benefits offered by any Third Party Payor to any participant and/or beneficiary.

7.      "Publisher" or "Publishers" refers to any pharmaceutical price publishing service, including but not limited to the First DataBank, Red Book, Blue Book and Medi-Span publishing services.

8.      "Rebates" include access rebates for the placement of products on a formulary, rebates based upon the sales volumes for drugs, and market share rebates for garnering higher market share than established targets, and include rebates received by You or any PBM with which You have a contractual relationship.

9.      "Third Party Payor" means any non-government entity or program, including but not limited to, health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, or welfare and benefit plans, that provides prescription drug benefits to participants and beneficiaries and reimburses or compensates retail pharmacies for prescription drugs dispensed to participants and beneficiaries.

10.      "WAC" or "Wholesale Acquisition Cost" means the selling price that a drug mompany charges to a Wholesaler, before discounts.

11.      "Wholesaler" means any entity that purchases drugs from a drug manufacturer and resells such drugs to any other entity, including retail pharmacies.

12.      "You" or "Your" shall refer to CIGNA HealthCare and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on its behalf or under its control, including the entity or entities operating as CIGNA HealthCare.

## **INSTRUCTIONS**

1.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.      Provide the following information for each document withheld on the grounds of privilege:

      (a)      its date;

      (b)      its title;

      (c)      its author(s);

      (d)      its recipient(s);

      (e)      the specific privilege under which it is withheld;

      (f)      its general subject matter; and

      (g)      a description of it that You contend is adequate to support Your contention that it is privileged.

Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted.

3.      To the extent that You consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state that part of each request to which You object and each ground for each objection. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of any documents requested herein would impose an undue burden on You, counsel

for McKesson should be contacted promptly to discuss these matters, and You should respond to the remainder of these Requests as written.

      4.      You may produce legible, complete, and exact copies of original documents responsive to these Requests, provided that the originals shall be made available for inspection upon request by counsel for McKesson.

      5.      These Requests cover all documents in Your possession, custody, and control, both inside and outside the United States, including Documents in the possession of Your officers, employees, agents, servants, representatives, trustees, attorneys, consultants, or other persons directly or indirectly employed or retained by You, or anyone else acting on Your behalf or otherwise subject to Your control, and any merged, consolidated, or acquired predecessor or successor, subsidiary, division, or affiliate.

sf-2221200

## EXHIBIT A

## DEPOSITION TOPICS

The following topics cover the time period January 1, 2000 to present:

1.      Your knowledge, understanding, and expectation regarding: (a) the use, development, and significance of AWP and/or WAC, (b) the ratio or spread between actual acquisition costs of retail pharmacies and published AWPs, or between WAC and published AWPs, or (c) changes in AWPs or WAC-AWP spreads or ratios, including discussions with Clients, Third Party Payors, drug manufacturers, retail pharmacies, PBMs, consultants, or Publishers regarding such changes.

2.      Your negotiations and contracts concerning prescription drug benefits and reimbursements or rebates for such drugs or benefits with Clients, retail pharmacies, PBMs, or drug manufacturers, including your correspondence on or about April 3, 2003 to amend the contracted prescription drug reimbursement rates in any agreement between CIGNA HealthCare and any retail pharmacy.

3.      Your search for and production of documents in response to the document requests set forth in Exhibit B of this subpoena.

## EXHIBIT B

## DOCUMENTS TO BE PRODUCED

The following requests cover the time period January 1, 2000 to present:

1.    All documents concerning the relationship between WAC and AWP, and/or WAC to AWP markups, spreads, or ratios, and any analyses concerning changes in AWP, in the relationship between WAC and AWP, and/or WAC to AWP markups, spreads, or ratios, for self-administered brand-name prescription drugs.

2.    All documents concerning your decision in 2003 to amend the contracted reimbursement rates for self-administered brand-name prescription drugs in any agreement between CIGNA HealthCare and any retail pharmacy.

3.    Organizational charts for each department or group within Your company that is responsible for setting, administering, reviewing, monitoring, or auditing Your self-administered prescription drug benefits.

4.    Documents sufficient to identify Your policy or practice of document retention, destruction, disposal, or preservation.

sf-2221200

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>Connecticut</u>

NEW ENGLAND CARPENTERS HEALTH BENEFITS
FUND, ET AL.

**SUBPOENA IN A CIVIL CASE**

v.

FIRST DATABANK, INC. AND MCKESSON
CORPORATION

Case Number: [1] 1:05-CV-11148-PBS
DISTRICT OF MASSACHUSETTS

TO:  Connecticut General Life Insurance Company
     900 Cottage Grove Road
     Hartford, CT 06152

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bonner, Kiernan, Trebach & Crociata, LLP<br>44 Capitol Street, Suite 402, Hartford, CT 06106 | November 14, 2006, 9:30<br>a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

See attached Exhibit B.

| PLACE | DATE AND TIME |
|---|---|
| Bonner, Kiernan, Trebach & Crociata, LLP<br>44 Capitol Street, Suite 402, Hartford, CT 06106 | November 13, 2006, 9:30<br>a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_<br>Attorney for Defendant McKesson Corporation | November 3, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Tiffany Cheung; Morrison & Foerster LLP; 425 Market Street, San Francisco, CA
94105; 415-268-7000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
            DATE                               SIGNATURE OF SERVER

                                               _____
                                               ADDRESS OF SERVER

                                               _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena attached hereto, McKesson Corporation, by its attorneys, will take the deposition of Connecticut General Life Insurance Company by the person or persons who are knowledgeable concerning the matters set forth in Exhibit A attached hereto. Such deposition will be taken on November 14, 2006, beginning at 9:30 a.m., at Bonner, Kiernan, Trebach & Crociata, LLP, 44 Capitol Street, Suite 402, Hartford, CT 06106. The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

sf-2221188

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

PLEASE TAKE FURTHER NOTICE THAT Connecticut General Life Insurance Company is also requested to produce the documents set forth in Exhibit B on November 13, 2006.

Dated November 3, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
        Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on November 3, 2006 as follows:

**Via Hand Delivery**

Connecticut General Life Insurance Company
900 Cottage Grove Road
Hartford, CT 06152

**Via E-mail**

| | | |
|---|---|---|
| Steve W. Berman<br>Elizabeth Fegan<br>Thomas M. Sobol<br>Barbara Mahoney<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>Tom@hbsslaw.com<br>barbaram@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>Sheila Birnbaum<br>Thomas E. Fox<br>Matthew Matule<br>mredman@hearst.com<br>tfox@skadden.com<br>mmatule@skadden.com<br><br>*Counsel for First DataBank* | | |

Tiffany Cheung

sf-2221188

## DEFINITIONS

The terms used in these requests, whether or not capitalized, are defined as follows:

1.      "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span"). The term "AWP" includes the "Blue Book AWP" published by First DataBank.

2.      "CIGNA HealthCare" refers to various operating subsidiaries of CIGNA Corporation, including Connecticut General Life Insurance Company, among others.

3.      "Clients" means union benefit funds, employers, health plans, Third Party Payors, or other entities to which You provide coverage for self-administered prescription drugs for a fee or other remuneration.

4.      "Concerning" as defined in Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting. A request for all documents "concerning" a subject extends to each document making a statement about, mentioning, referring to, discussing, analyzing, describing, reflecting, evidencing, identifying, relating to, regarding, summarizing, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

5.      "Document" as defined in Massachusetts Local Rule 26.5(c)(2) is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

6.     "Pharmacy Benefit Manager" or "PBM" means any entity that provides services relating to prescription drug benefits offered by any Third Party Payor to any participant and/or beneficiary.

7.     "Publisher" or "Publishers" refers to any pharmaceutical price publishing service, including but not limited to the First DataBank, Red Book, Blue Book and Medi-Span publishing services.

8.     "Rebates" include access rebates for the placement of products on a formulary, rebates based upon the sales volumes for drugs, and market share rebates for garnering higher market share than established targets, and include rebates received by You or any PBM with which You have a contractual relationship.

9.     "Third Party Payor" means any non-government entity or program, including but not limited to, health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, or welfare and benefit plans, that provides prescription drug benefits to participants and beneficiaries and reimburses or compensates retail pharmacies for prescription drugs dispensed to participants and beneficiaries.

10.     "WAC" or "Wholesale Acquisition Cost" means the selling price that a drug mompany charges to a Wholesaler, before discounts.

11.     "Wholesaler" means any entity that purchases drugs from a drug manufacturer and resells such drugs to any other entity, including retail pharmacies.

12.     "You" or "Your" shall refer to Connecticut General Life Insurance Company and any of its past or present trustees, officials, officers, fiduciaries, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or

purporting to act on its behalf or under its control, including the entity or entities operating as

CIGNA HealthCare.

## INSTRUCTIONS

1.     "And" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of the request any information that might otherwise be

construed to be outside its scope.

2.     Provide the following information for each document withheld on the grounds of

privilege:

      (a)     its date;

      (b)     its title;

      (c)     its author(s);

      (d)     its recipient(s);

      (e)     the specific privilege under which it is withheld;

      (f)     its general subject matter; and

      (g)     a description of it that You contend is adequate to support Your contention

           that it is privileged.

Notwithstanding the assertion of any objection to production, if a document contains non-

objectionable or non-privileged matter, please produce that document, redacting that portion for

which the objection is asserted.

3.     To the extent that You consider any of the following requests for production of

documents objectionable, please respond to the remainder of the production request, and

separately state that part of each request to which You object and each ground for each objection.

If there is any question as to the meaning of any part of these Requests, or an issue as to whether

production of any documents requested herein would impose an undue burden on You, counsel for McKesson should be contacted promptly to discuss these matters, and You should respond to the remainder of these Requests as written.

4.    You may produce legible, complete, and exact copies of original documents responsive to these Requests, provided that the originals shall be made available for inspection upon request by counsel for McKesson.

5.    These Requests cover all documents in Your possession, custody, and control, both inside and outside the United States, including Documents in the possession of Your officers, employees, agents, servants, representatives, trustees, attorneys, consultants, or other persons directly or indirectly employed or retained by You, or anyone else acting on Your behalf or otherwise subject to Your control, and any merged, consolidated, or acquired predecessor or successor, subsidiary, division, or affiliate.

## EXHIBIT A

## DEPOSITION TOPICS

The following topics cover the time period January 1, 2000 to present:

1.      Your knowledge, understanding, and expectation regarding: (a) the use, development, and significance of AWP and/or WAC, (b) the ratio or spread between actual acquisition costs of retail pharmacies and published AWPs, or between WAC and published AWPs, or (c) changes in AWPs or WAC-AWP spreads or ratios, including discussions with Clients, Third Party Payors, drug manufacturers, retail pharmacies, PBMs, consultants, or Publishers regarding such changes.

2.      Your negotiations and contracts concerning prescription drug benefits and reimbursements or rebates for such drugs or benefits with Clients, retail pharmacies, PBMs, or drug manufacturers, including your correspondence on or about April 3, 2003 to amend the contracted prescription drug reimbursement rates in any agreement between CIGNA HealthCare and any retail pharmacy.

3.      Your search for and production of documents in response to the document requests set forth in Exhibit B of this subpoena.

## EXHIBIT B

## DOCUMENTS TO BE PRODUCED

The following requests cover the time period January 1, 2000 to present:

1.    All documents concerning the relationship between WAC and AWP, and/or WAC to AWP markups, spreads, or ratios, and any analyses concerning changes in AWP, in the relationship between WAC and AWP, and/or WAC to AWP markups, spreads, or ratios, for self-administered brand-name prescription drugs.

2.    All documents concerning your decision in 2003 to amend the contracted reimbursement rates for self-administered brand-name prescription drugs in any agreement between CIGNA HealthCare and any retail pharmacy.

3.    Organizational charts for each department or group within Your company that is responsible for setting, administering, reviewing, monitoring, or auditing Your self-administered prescription drug benefits.

4.    Documents sufficient to identify Your policy or practice of document retention, destruction, disposal, or preservation.

sf-2221188

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>CONNECTICUT</u>

NEW ENGLAND CARPENTERS HEALTH BENEFITS
FUND, ET AL.

v.

FIRST DATABANK, INC. AND MCKESSON
CORPORATION

## SUBPOENA IN A CIVIL CASE

Case Number: [1]  1:05-CV-11148-PBS
DISTRICT OF MASSACHUSETTS

TO:  Millicent Callaway
     CIGNA HealthCare
     900 Cottage Grove Road, Hartford, CT 06152

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bonner, Kiernan, Trebach, & Crociata, LLP 44 Capitol Street, Suite 402, Hartford, CT 06106 | November 14, 2006, 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant McKesson Corporation | November 3, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Tiffany Cheung; Morrison & Foerster LLP, 425 Market Street, San Francisco, CA
94105; 415-268-7000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                              DATE                                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena attached hereto, McKesson Corporation, by its attorneys, will take the deposition of Millicent Callaway. Such deposition will be taken on November 14, 2006, beginning at 9:30 a.m., at Bonner, Kiernan, Trebach & Crociata, LLP, 44 Capitol Street, Suite 402, Hartford, CT 06106. The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

1

sf-2220929

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

Dated November 3, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

2

sf-2220929

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on November 3, 2006 as follows:

**Via Hand Delivery**

Millicent Callaway
CIGNA HealthCare
900 Cottage Grove Road
Hartford, CT 06152

**Via E-mail**

| | | |
|---|---|---|
| Steve W. Berman<br>Elizabeth Fegan<br>Thomas M. Sobol<br>Barbara Mahoney<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>Tom@hbsslaw.com<br>barbaram@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>Sheila Birnbaum<br>Thomas E. Fox<br>Matthew Matule<br>mredman@hearst.com<br>tfox@skadden.com<br>mmatule@skadden.com<br><br>*Counsel for First DataBank* | | |

_____
Tiffany Cheung

# EXHIBIT F

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS EALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>                  Plaintiffs,<br><br>    v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>                  Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure Rule 45,

McKesson Corporation will serve the attached subpoenas to the following entities and persons

on November 6, 2006:

1.  Caremark, Inc.

2.  Gregory Madsen

1

sf-2221247

Dated November 6, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party on November 6, 2006 by e-mail.

_____
Tiffany Cheung

2

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, ET. AL,
V.

FIRST DATABANK, INC., AND MCKESSON CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05-CV-11148-PBS
DISTRICT OF MASSACHUSETTS

TO: Caremark, Inc.
2211 Sanders Road
Northbrook, IL 60062

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Victoria Court Reporting Service, 29 S. LaSalle Street, Suite 200, Chicago, IL 60603 | November 17, 2006, 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Exhibit B.

| PLACE | DATE AND TIME |
|---|---|
| Victoria Court Reporting Service, 29 S. LaSalle Street, Suite 200, Chicago, IL 60603 | November 16, 2006, 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendant McKesson Corporation | DATE November 6, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tiffany Cheung, Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105; 415-268-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN<br><br>          Plaintiffs,<br><br>   v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>          Defendants. | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena attached hereto, McKesson Corporation, by its attorneys, will take the deposition of Caremark Inc. by the person or persons who are knowledgeable concerning the matters set forth in Exhibit A attached hereto. Such deposition will be taken on November 17, 2006, beginning at 9:30 a.m., at Victoria Court Reporting Service, 29 S. LaSalle Street, Suite 200, Chicago, IL 60603-1502. The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

1

PLEASE TAKE FURTHER NOTICE THAT Caremark, Inc. is also requested to produce the documents set forth in Exhibit B on November 16, 2006.

Dated November 6, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

2

# CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on November 6, 2006 as follows:

**Via Hand Delivery**

Caremark Inc.
2211 Sanders Road
Northbrook, IL 60062

**Via E-mail**

| | | |
|---|---|---|
| Steve W. Berman<br>Elizabeth Fegan<br>Thomas M. Sobol<br>Barbara Mahoney<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>Tom@hbsslaw.com<br>barbaram@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>Sheila Birnbaum<br>Thomas E. Fox<br>Matthew Matule<br>mredman@hearst.com<br>sbirnbau@skadden.com<br>tfox@skadden.com<br>mmatule@skadden.com<br><br>*Counsel for First DataBank* | | |

Tiffany Cheung

sf-2221717

## EXHIBIT A

### DEFINITIONS

The terms used in the request, whether or not capitalized, are defined as follows:

1.     "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span"). The term "AWP" includes the "Blue Book AWP" published by First DataBank.

2.     "Clients" means union benefit funds, employers, health plans, Third Party Payors, or other entities to which You provide pharmaceutical benefit services for self-administered prescription drugs for a fee or other remuneration.

3.     "Communication" as defined in Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4.     "Concerning" as defined in Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting. A request for all documents "concerning" a subject extends to each document making a statement about, mentioning, referring to, discussing, analyzing, describing, reflecting, evidencing, identifying, relating to, regarding, summarizing, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

5.     "Document" as defined in Massachusetts Local Rule 26.5(c)(2) is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4

6.    "Publisher" or "Publishers" refers to any pharmaceutical price publishing service, including but not limited to First DataBank, Red Book, Blue Book and Medi-Span publishing services.

7.    "Rebates" include access rebates for the placement of products on a formulary, rebates based upon the sales volumes for drugs, and market share rebates for garnering higher market share than established targets, and include rebates received by You or any Client.

8.    "WAC" or "Wholesale Acquisition Cost" means the selling price that a drug company charges to a Wholesaler, before discounts.

9.    "WAC-AWP spread or ratio" means the difference between WAC and AWP reflected as a percentage mark-up from WAC to AWP or a percentage spread from AWP to WAC.

10.    "You" or "Your" shall refer to Caremark Inc., including any predecessors, divisions, subsidiaries, trustees, officers, directors, managers, employees, or agents, including but not limited to, attorneys and accountants.

## INSTRUCTIONS

1.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.    Provide the following information for each document withheld on the grounds of privilege:

    (a)    its date;

    (b)    its title;

    (c)    its author(s);

5

(d)    its recipient(s);

(e)    the specific privilege under which it is withheld;

(f)    its general subject matter; and

(g)    a description of it that You contend is adequate to support Your contention that it is privileged.

Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted.

3.    To the extent that You consider any of the following requests for production of documents objectionable, please respond to the remainder of the production request, and separately state that part of each request to which You object and each ground for each objection. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of any documents requested herein would impose an undue burden on You, counsel for McKesson should be contacted promptly to discuss these matters, and You should respond to the remainder of these Requests as written.

4.    You may produce legible, complete, and exact copies of original documents responsive to these Requests, provided that the originals shall be made available for inspection upon request by counsel for McKesson.

5.    These Requests cover all documents in Your possession, custody, and control, including documents in the possession of Your officers, employees, agents, servants, representatives, trustees, attorneys, consultants, or other persons employed or retained by You, or anyone else acting on Your behalf or otherwise subject to Your control, and any merged, consolidated, or acquired predecessor or successor, subsidiary, division, or affiliate.

sf-2221717

<u>**EXHIBIT A**</u>

<u>**DEPOSITION TOPICS**</u>

The following topics cover the time period January 1, 2000 to present:

1.      Your knowledge, understanding, and expectation regarding: (a) the ratio or spread between actual acquisition costs of retail pharmacies and published AWPs, or between WAC and published AWPs, and/or (b) changes in published AWPs or WAC-AWP spreads or ratios, including discussions with Clients, Third Party Payors, drug manufacturers, retail pharmacies, benefit consultants, or Publishers regarding such changes, including any changes in First DataBank's WAC-AWP spreads or ratios observed in or around 2002 or 2003.

2.      Your negotiations and contracts with Clients, retail pharmacies, or drug manufacturers concerning reimbursements or rebates based upon AWP for brand prescription drugs.

3.      Your search for and production of documents in response to the document requests set forth in Exhibit B of this subpoena.

7

## EXHIBIT B

## DOCUMENTS TO BE PRODUCED

1.      All documents, including in the files of Caremark's finance department, concerning any analyses, reports, or communications of any changes occurring in or around 2002 or 2003 to First DataBank's published WAC-AWP spreads or ratios on branded drugs.

2.      All documents reflecting any communications with any Client or with any retail pharmacy concerning any changes occurring in or around 2002 or 2003 to First DataBank's published WAC-AWP spreads or ratios on branded drugs.

3.      All documents reflecting any changes or amendments you considered or implemented in the reimbursement terms in your contracts with any retail pharmacy or any Client as a result of (in whole or in part) any changes occurring in or around 2002 or 2003 to First DataBank's published WAC-AWP spreads or ratios on branded drugs.

4.      All documents concerning any actions taken or considered by You as a result of (in whole or in part) any changes occurring in or around 2002 or 2003 to First DataBank's published WAC-AWP spreads on branded drugs.

sf-2221717

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, ET. AL, V. FIRST DATABANK, INC., AND MCKESSON CORPORATION | **SUBPOENA IN A CIVIL CASE** Case Number:[1] 1:05-CV-11148-PBS DISTRICT OF MASSACHUSETTS |

TO: Gregory Madsen
Caremark, Inc.
2211 Sanders Road, Northbrook, IL 60062

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Victoria Court Reporting Service, 29 S. LaSalle Street, Suite 200, Chicago, IL 60603 | DATE AND TIME November 17, 2006, 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Exhibit A.

| PLACE Victoria Court Reporting Service, 29 S. LaSalle Street, Suite 200, Chicago, IL 60603 | DATE AND TIME November 16, 2006, 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendant McKesson Corporation | DATE November 6, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Tiffany Cheung, Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105; 415-268-7000 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN | Civil Action: 1:05-CV-11148-PBS |
| Plaintiffs, | Judge Patti B. Saris |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 45, and the subpoena attached hereto, McKesson Corporation, by its attorneys, will take the deposition of Gregory Madsen. Such deposition will be taken on November 17, 2006, beginning at 9:30 a.m., at Victoria Court Reporting Service, 29 S. LaSalle Street, Suite 200, Chicago, IL 60603. The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

1

PLEASE TAKE FURTHER NOTICE THAT Caremark, Inc. is also requested to produce the documents set forth in Exhibit A on November 16, 2006.

Dated November 6, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: _____
      Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION

sf-2221759

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on November 6, 2006 as follows:

**Via Hand Delivery**

Gregory Madsen
Caremark Inc.
2211 Sanders Road
Northbrook, IL 60062

**Via E-mail**

| | | |
|---|---|---|
| Steve W. Berman<br>Elizabeth Fegan<br>Thomas M. Sobol<br>Barbara Mahoney<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>Tom@hbsslaw.com<br>barbaram@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>Sheila Birnbaum<br>Thomas E. Fox<br>Matthew Matule<br>mredman@hearst.com<br>sbirnbau@skadden.com<br>tfox@skadden.com<br>mmatule@skadden.com<br><br>*Counsel for First DataBank* | | |

Tiffany Cheung

sf-2221759

## EXHIBIT A

## DEFINITIONS

The terms used in the request, whether or not capitalized, are defined as follows:

1.      "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-Span"). The term "AWP" includes the "Blue Book AWP" published by First DataBank.

2.      "Caremark Inc." or "Caremark" shall include any predecessors, divisions, subsidiaries, trustees, officers, directors, managers, employees, or agents, including but not limited to, attorneys and accountants.

3.      "Clients" means union benefit funds, employers, health plans, Third Party Payors, or other entities to which Caremark Inc. provides pharmaceutical benefit services for self-administered prescription drugs for a fee or other remuneration.

4.      "Communication" as defined in Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.      "Concerning" as defined in Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting. A request for all documents "concerning" a subject extends to each document making a statement about, mentioning, referring to, discussing, analyzing, describing, reflecting, evidencing, identifying, relating to, regarding, summarizing, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

6.     "Document" as defined in Massachusetts Local Rule 26.5(c)(2) is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

7.     "WAC" or "Wholesale Acquisition Cost" means the selling price that a drug company charges to a Wholesaler, before discounts.

8.     "WAC-AWP spread or ratio" means the difference between WAC and AWP reflected as a percentage mark-up from WAC to AWP or a percentage spread between AWP and WAC.

9.     "You" or "Your" shall include any employees or others acting on your behalf or under your supervision.

## INSTRUCTIONS

1.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.     Provide the following information for each document withheld on the grounds of privilege:

        (a)     its date;

        (b)     its title;

        (c)     its author(s);

        (d)     its recipient(s);

        (e)     the specific privilege under which it is withheld;

        (f)     its general subject matter; and

sf-2221759

      (g)     a description of it that You contend is adequate to support Your contention

that it is privileged.

Notwithstanding the assertion of any objection to production, if a document contains non-

objectionable or non-privileged matter, please produce that document, redacting that portion for

which the objection is asserted.

     3.     To the extent that You consider any of the following requests for production of

documents objectionable, please respond to the remainder of the production request, and

separately state that part of each request to which You object and each ground for each objection.

If there is any question as to the meaning of any part of these Requests, or an issue as to whether

production of any documents requested herein would impose an undue burden on You, counsel

for McKesson should be contacted promptly to discuss these matters, and You should respond to

the remainder of these Requests as written.

     4.     You may produce legible, complete, and exact copies of original documents

responsive to these Requests, provided that the originals shall be made available for inspection

upon request by counsel for McKesson.

     5.     These Requests cover all documents in Your possession, custody, and control,

including documents in the possession of Your employees, agents, servants, representatives,

attorneys, consultants, or other persons employed or retained by You, or anyone else acting on

Your behalf or otherwise subject to Your supervision.

sf-2221759

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

1.    All documents concerning any analyses, reports, or communications of any changes occurring in or around 2002 or 2003 to First DataBank's published WAC-AWP spreads or ratios on branded drugs.

2.    All documents reflecting any communications with any Client or with any retail pharmacy concerning any changes occurring in or around 2002 or 2003 to First DataBank's published WAC-AWP spreads or ratios on branded drugs.

3.    All documents reflecting any changes or amendments considered or implemented concerning the reimbursement terms in Caremark's contracts with any retail pharmacy or any Client as a result of (in whole or in part) any changes occurring in or around 2002 or 2003 to First DataBank's published WAC-AWP spreads or ratios on branded drugs.

4.    All documents concerning any actions taken or considered by Caremark as a result of (in whole or in part) any changes occurring in or around 2002 or 2003 to First DataBank's published WAC-AWP spreads or ratios on branded drugs.

sf-2221759

# EXHIBIT G

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN, | Civil Action:  1:05-CV-11148-PBS |
| Plaintiffs, | Judge Patti B. Saris |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

## <u>McKESSON CORPORATION'S AMENDED NOTICE OF DEPOSITION OF TOWERS PERRIN</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena served on August 1, 2006 ("Subpoena"), McKesson Corporation, by its attorneys, will take the deposition of Towers Perrin by the person or persons who are knowledgeable concerning the matters set forth in the Subpoena.  Such deposition will now be taken on October 20, 2006, beginning at 9:30 a.m., at the offices of Varallo, 1835 Market Street, Suite 600, Philadelphia, Pennsylvania, 19103.  The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may

provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays

excepted, until completed.

McKesson reserves the right to take subsequent depositions, not just on all material

issues, but also on those issues raised by any documents produced after the date of this Notice.

Dated October 5, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP


By: /s/ Tiffany Cheung
    Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION


## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on October 5, 2006 as follows:

**Via E-mail**

| Steve W. Berman<br>Elizabeth Fegan<br>Thomas M. Sobol<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>Tom@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
|---|---|---|
| Mark Redman<br>mredman@hearst.com<br><br><br>*Counsel for First DataBank* | | |

/s/ Tiffany Cheung
Tiffany Cheung

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>                Plaintiffs,<br><br>     v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>                Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

## <u>MCKESSON CORPORATION'S SECOND AMENDED NOTICE OF DEPOSITION OF TOWERS PERRIN</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena served on August 1, 2006 ("Subpoena"), McKesson Corporation, by its attorneys, will take the deposition of Towers Perrin by the person or persons who are knowledgeable concerning the matters set forth in the Subpoena.  Such deposition will now be taken on November 1, 2006, beginning at 9:30 a.m., at the offices of Varallo, 1835 Market Street, Suite 600, Philadelphia, Pennsylvania, 19103.  The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped,

and may provide for LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

Dated October 18, 2006
       MELVIN R. GOLDMAN
       LORI A. SCHECHTER
       PAUL FLUM
       TIFFANY CHEUNG
       MORRISON & FOERSTER LLP


       By:  /s/ Tiffany Cheung_____
         Tiffany Cheung

       Attorneys for Defendant
       MCKESSON CORPORATION


## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on October 18, 2006 as follows:

**Via E-mail**

| Steve W. Berman<br>Elizabeth Fegan<br>Barbara Mahoney<br>Thomas M. Sobol<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>barbaram@hbsslaw.com<br>Tom@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>mredman@hearst.com<br><br><br>*Counsel for First DataBank* | | |

       /s/ Tiffany Cheung
       Tiffany Cheung

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>                 Plaintiffs,<br><br>   v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>                 Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

## MCKESSON CORPORATION'S THIRD AMENDED NOTICE OF DEPOSITION OF TOWERS PERRIN

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, and the subpoena served on August 1, 2006 ("Subpoena"), McKesson Corporation, by its attorneys, will take the deposition of Towers Perrin by the person or persons who are knowledgeable concerning the matters set forth in the Subpoena.  Such deposition will be taken on November 1, 2006, beginning at 9:30 a.m., at The Fairmont Chicago, 200 North Columbus Drive, Chicago, Illinois 60601.  The deposition will be taken before an officer authorized to administer oaths, be recorded by a stenographer, and may be videotaped, and may provide for

LiveNote access, and will continue from day to day, Saturday, Sundays and holidays excepted, until completed.

McKesson reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by any documents produced after the date of this Notice.

Dated October 20, 2006

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP


By:  /s/ Tiffany Cheung
      Tiffany Cheung

Attorneys for Defendant
MCKESSON CORPORATION


## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on October 20, 2006 as follows:

**Via E-mail**

| Steve W. Berman<br>Elizabeth Fegan<br>Barbara Mahoney<br>Thomas M. Sobol<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>barbaram@hbsslaw.com<br>Tom@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br>*Counsel for Plaintiffs* |
| Mark Redman<br>mredman@hearst.com<br><br><br>*Counsel for First DataBank* | | |

/s/ Tiffany Cheung
Tiffany Cheung