IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>      Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>      Defendants. | Case No. 1:05-CV-11148-PBS |

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFFS'
EMERGENCY MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER**

I.   **MCKESSON SUPPORTS PLAINTIFFS' SUGGESTED DEPOSITION PROTOCOL IF THE CLASS SCHEDULE IS MODIFIED TO MAKE INCREASED NOTICE POSSIBLE.**

Like plaintiffs, McKesson Corporation ("McKesson") supports the idea of a deposition protocol that would give all parties 21-days notice. In fact, McKesson informed plaintiffs that they could be more flexible in scheduling depositions if plaintiffs would agree to modify the class briefing schedule, as McKesson requested, which was in part necessitated by the uncertainties and delays attendant with third party discovery. Plaintiffs refused McKesson's request, however, and McKesson was forced to seek modification of the class briefing schedule in an emergency motion filed yesterday. (*See* McKesson's Emergency Motion to Modify Class Cert. Schedule [Docket Nos. 159 and 160, filed Nov. 6, 2006]). Without the briefing modification McKesson requests, McKesson's class opposition will be due next Friday, November 17, and McKesson may have no choice but to take on less than 21-days' notice, multiple third party depositions on multiple tracks to obtain the evidence it intends to rely upon for its opposition. Entry of McKesson's proposed modification to the briefing schedule will enable McKesson to comply with plaintiffs' requested deposition protocol. Thus, the Court can resolve both parties' issues by making a modest change in the class briefing schedule, as McKesson requested, *and* by implementing a deposition protocol, as plaintiffs requested.

II.  **PLAINTIFFS' PROPOSED ORDER FAILS TO ACCOUNT FOR THE CONSTRAINTS OF THIRD PARTY DISCOVERY.**

The third party depositions about which plaintiffs complain have been rescheduled or postponed largely because of circumstances originating with the third parties. Plaintiffs' motion, however, omits these key facts, as shown by a few examples:

1. The start time for the scheduled November 3 deposition of Blue Cross & Blue Shield of Montana ("Blue Cross") was changed to accommodate the third party's request; the day before this deposition, Blue Cross informed McKesson that its witness had a family emergency; McKesson promptly conveyed the emergency to plaintiffs; and although the third party indicated that it might still be able to go forward on November 3 if the parties awaited

1

further word on the family emergency, plaintiffs' counsel requested, and McKesson agreed, to cancel this deposition to avoid uncertainty.  *See* Declaration of Tiffany Cheung in Support of McKesson's Response to Plaintiffs' Emergency Motion ¶ 2.

2. The deposition of third party Segal Company ("Segal") was postponed because of delays in Segal's production of documents caused in part because Segal acquiesced to plaintiffs' request to review Segal's documents before their production to McKesson.  *See id*. ¶ 3.

3. Third party Towers Perrin's deposition was rescheduled because Towers Perrin did not complete its document production.  Similarly, the location of Towers Perrin's deposition was changed because the witness was not in the same city where the corporate headquarters were located, causing confusion regarding the location.  *See id*. ¶ 4.

While deposition protocols may work well among parties, it is often difficult to apply them to discovery against third parties, and efforts to accommodate the schedules and burdens placed on third parties has unfortunately resulted in postponements and shorter notice than what all would prefer.  Flexibility in responding to these difficulties should come from both parties.

### III.   PLAINTIFFS' PROPOSED PROTOCOL REQUIRES SOME MODIFICATION BEFORE IT CAN BE ADOPTED.

McKesson proposes 3 minor changes to plaintiffs' proposed order.  *First,* the order mandates a one-week consultation period regarding the scheduling of depositions when less time may be sufficient.  McKesson's proposed order in response (Appendix A) gives the parties *up to* a week to consult on a mutually agreeable date.  *Second*, because it is more difficult to control the pace of third party productions and third party witnesses, if an originally noticed deposition of a third party must be postponed, the parties should provide at least five business days' notice of the rescheduled deposition of the third party (rather than another 21 days' notice).  *Third*, the case management order should not re-write the requirements of Federal Rule of Civil Procedure 34 with respect to notice for document productions.  There is no basis for paragraph 4 of plaintiffs' proposed order regarding minimum notice for *documents* (not depositions) requested

2

of *parties* (not third parties), and plaintiffs offer none from the AWP MDL case or elsewhere. Thus, paragraph 4 of plaintiffs' proposed order is omitted from Appendix A.

## CONCLUSION

Most of the recent issues that have arisen with respect to discovery in this case can be solved if the Court grants McKesson's motion to modify the class briefing schedule [Docket No. 159], and enters a modified version of plaintiffs' deposition protocol order (as proposed in Appendix A). A modified schedule will enable McKesson to adhere to expanded notice provisions that will benefit both parties.

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter_____
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
tel. 415-268-7000
fax 415-268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: November 8, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on November 8, 2006.

      /s/ Lori A. Schechter
      Lori A. Schechter

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>      Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>      Defendants. | Case No. 1:05-CV-11148-PBS |

### [PROPOSED] CASE MANAGEMENT ORDER NO. 1

November ___, 2006

Saris, U.S.D.J.

  IT IS HEREBY ORDERED as follows:

  1. Before any deposition notice is sent, the parties shall consult with each other in good faith to schedule the deposition on a mutually convenient date. This consultation process shall take no longer than one week.

  2. Exclusive of the consultation period, all parties shall provide at least 14 days notice of any scheduled deposition.

  3. The parties shall schedule no more than two depositions per day.

4.      If noticed depositions of third parties must be rescheduled, a party shall provide notice to all other parties at least five business days in advance of any rescheduled third party depositions.

SO ORDERED.

_____
Patti B. Saris
United States District Judge