IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 1:05-CV-11148-PBS |

### DECLARATION OF TIFFANY CHEUNG IN SUPPORT OF MCKESSON'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER

I, Tiffany Cheung, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP and one of the attorneys of record for McKesson Corporation ("McKesson") in this action. I submit this declaration in support of McKesson's Response to Plaintiffs' Emergency Motion for Entry of Case Management Order No. 1.

2. Third party Blue Cross & Blue Shield of Montana's ("Blue Cross") deposition was scheduled on November 3 at Blue Cross' request. The start time for this deposition was

changed from 9:30 a.m. to 8:00 a.m. to accommodate a scheduling request by Blue Cross' counsel. *See* attached Exhibit 1. On November 2, 2006, Blue Cross' counsel called me to inform me that its witness had a family emergency and may not be available on November 3, 2006 for the scheduled deposition. I then called plaintiffs' counsel, Barbara Mahoney, and advised her of this situation. Although Blue Cross had initially indicated that the deposition could possibly go forward on November 3, plaintiffs' counsel requested that McKesson cancel this deposition. *See* attached Exhibit 2. Blue Cross' November 3 deposition was postponed. In light of McKesson's upcoming November 17 deadline, McKesson attempted to reschedule Blue Cross' deposition as soon as possible after the cancellation, but Blue Cross' counsel later informed me that its witness would not be available until November 14, 2006.

3. Third party the Segal Company informed McKesson that plaintiffs' counsel had requested the opportunity to review any documents concerning plaintiffs that were being produced by the Segal Company before these documents could be produced to McKesson. *See* attached Exhibit 3.

4. Third party Towers Perrin's deposition was rescheduled because of delays in Towers Perrin's production of documents. To date, Towers Perrin has not completed its document production. McKesson originally noticed Towers Perrin's deposition at its corporate headquarters in New York. When McKesson's counsel discovered that the witness was not likely to be located at corporate headquarters, McKesson re-noticed the deposition for Philadelphia, near the location of Towers Perrin's in-house counsel. Once Towers Perrin's counsel informed McKesson that Towers Perrin would designate a Rule 30(b)(6) witness located in Chicago, McKesson re-noticed this deposition near the location of the witness.

5. Attached hereto are true and correct copies of the following correspondence:

| Exhibit 1 | E-mail string between T. Cheung and B. Mahoney, dated November 1-2, 2006. |
|---|---|
| Exhibit 2 | E-mail string between T. Cheung and B. Mahoney, dated November 2, 2006 |
| Exhibit 3 | Letter from T. Cheung to E. Notargiacomo, dated October 18, 2006. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of November, 2006, in San Francisco, California.

By: /s/ Tiffany Cheung
Tiffany Cheung


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on November 8, 2006.

/s/ Lori A. Schechter
Lori A. Schechter

# EXHIBIT 1

Case 1:05-cv-11148-PBS     Document 165-2     Filed 11/08/2006     Page 1 of 3

**From:** Cheung, Tiffany
**Sent:** Thursday, November 02, 2006 8:17 AM
**To:** Schechter, Lori A.
**Cc:** Bobovski, Kate M.; Franklin, Kay
**Subject:** FW: Blue Cross Dep

-----Original Message-----
**From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
**Sent:** Thursday, November 02, 2006 8:16 AM
**To:** Cheung, Tiffany
**Cc:** Nick Styant-Browne; Steve Berman
**Subject:** RE: Blue Cross Dep

Thanks, Tiffany, Nick will be there at 8 a.m.  Thank you for agreeing to the 5 day notice.

Barbara

---

**From:** Cheung, Tiffany [mailto:TCheung@mofo.com]
**Sent:** Wednesday, November 01, 2006 6:20 PM
**To:** Barbara Mahoney
**Subject:** RE: Blue Cross Dep

Barbara,

As I stated to you over the phone, Blue Cross & Blue Shield of Montana requested the accommodation in the change in schedule because of a break that will need to be taken by Blue Cross' counsel.  We intend to go forward with the deposition of Blue Cross on November 3.   The deposition will begin at 8:00 a.m. The earlier start time of this deposition is necessary to accommodate Blue Cross' request.   Additionally, we are fine with plaintiffs' proposal that all parties will give at least 5 days notice of a confirmed deposition in this case.

Tiffany

> -----Original Message-----
> **From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
> **Sent:** Wednesday, November 01, 2006 4:45 PM
> **To:** Cheung, Tiffany
> **Cc:** Nick Styant-Browne; Steve Berman
> **Subject:** Blue Cross Dep
>
> Tiffany,
> Please let us know today whether you plan to go ahead with the November 3 Blue Cross deposition. As you know, we are ready to attend the deposition on Friday in Montana in accordance with your Notice of Deposition dated October 18, 2006.  I confirm your advice just received this afternoon that you wish to change the date of this deposition.   If you reschedule, we expect that you will work with all the parties to arrange a mutually convenient date.  Nick is not available on the 6th or the 7th, nor do we believe that we are required to accept these dates.  Fed. R. Civ. P. 30(b)(1) requires "reasonable notice" of a deposition.  "What is 'reasonable' depends on the circumstances, but at least 10 days notice is customarily expected." *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (quoting William W. Schwarzer, *et al.*, California Practice Guide, Federal Civil Procedure Before Trial 11:360)
>
> Barbara

================================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any

attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
==============================================================================

# EXHIBIT 2

**From:** Cheung, Tiffany
**Sent:** Wednesday, November 08, 2006 8:01 AM
**To:** Bobovski, Kate M.
**Subject:** FW: Blue Cross

-----Original Message-----
**From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
**Sent:** Thursday, November 02, 2006 12:31 PM
**To:** Cheung, Tiffany
**Subject:** RE: Blue Cross

I think under the circumstances you should cancel, Nick won't be able to get there by tomorrow morning.

---

**From:** Cheung, Tiffany [mailto:TCheung@mofo.com]
**Sent:** Thursday, November 02, 2006 12:27 PM
**To:** Barbara Mahoney
**Subject:** RE: Blue Cross

Barbara,

Thanks for the update. I am still waiting to hear whether BCBS can confirm the attendance of its witness, but due to the witness's family emergency, BCBS' counsel could not give me an exact time for when he would be able to confirm whether the witness will be appearing or not. In any event, BCBS' counsel will give me an update by 4:00 p.m. (5:00 p.m. Mountain). I will let you know as soon as I hear anything.

Tiffany

> -----Original Message-----
> **From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
> **Sent:** Thursday, November 02, 2006 12:14 PM
> **To:** Cheung, Tiffany
> **Subject:** Blue Cross
>
> Tiffany,
> I was able to catch Nick at the airport, his flight had been delayed so he never left the airport.
>
> Barbara

===============================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

===============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information

contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
==============================================================================

# EXHIBIT 3

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

October 18, 2006

Writer's Direct Contact
415.268.6848
TCheung@mofo.com

*By Email*

Ed Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Re:   *New England Carpenters et al. v. First Databank, et al.*

Dear Ed:

We understand that plaintiffs have insisted on the opportunity to review documents produced by the Segal company ("Segal") before Segal may produce documents to McKesson in response to a subpoena served by McKesson. There is no justification for plaintiffs' pre-production review. You have acknowledged that Segal has documents concerning named plaintiff New England Carpenters Health Benefits Fund, whose deposition we are taking in two days. Plaintiffs are delaying the production of documents that we need to meaningfully prepare for the deposition of this named plaintiff. Given that you will not make these documents available to us until the day of the deposition, we reserve our right to hold the deposition open to follow up regarding these late-produced documents.

Sincerely,

*/s/ Tiffany Cheung*
Tiffany Cheung

sf-2212077