

ROPES & GRAY LLP
ONE INTERNATIONAL PLACE   BOSTON, MA 02110-2624   617-951-7000   F 617-951-7050
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

November 13, 2006

Brien T. O'Connor
617-951-7385
Brien.O'Connor@ropesgray.com

**BY CM/ECF E-FILING**

Honorable Patti B. Saris
U.S. District Court for the
 District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Courtroom 19, 7th Floor
Boston, MA  02210

  Re: *New England Carpenters Health Benefits Fund, et al v. First DataBank, Inc., et al*
     Civil Action No. 1: 05-CV-11148-PBS

Dear Judge Saris:

We write on behalf of Express Scripts, Inc. ("Express Scripts"), a pharmacy benefit manager, with regard to the proposed Settlement Agreement and Release (the "Settlement Agreement") filed in the above-referenced matter on October 4, 2006.

The Settlement Agreement asks, inter alia, that this Court approve, and order, an adjustment in the wholesale acquisition cost ("WAC") to average wholesale price ("AWP") markup reported by First DataBank, Inc. ("First DataBank").  This letter is not intended to address the substance of that provision, or any other provision, in the Settlement Agreement.  Rather, we write, as an observer, in order to note for the Court that there appears to be a discrepancy between the Settlement Agreement and Plaintiffs' briefs as to when that adjustment would take effect.  While Plaintiffs have represented to this Court that the markup adjustment will occur on the latter of 60 days after the Effective Date of the Agreement or 270 days after the entry of a Preliminary Approval Order, the Settlement Agreement itself clearly provides that the markup adjustment may occur at *any moment*.

Plaintiffs have represented that First DataBank's obligation to adjust the markup

> becomes triggered under the Settlement Agreement following Final Approval ***on the latter*** of (i) sixty (days) days [sic] following the Effective Date of the final judgment, or (ii) 270 days from entry of preliminary approval of the proposed settlement. (Emphasis added.)

10261110_1

Honorable Patti B. Saris — - 2 - — November 13, 2006

*See* Class Plaintiffs' Memorandum of Law In Support of Joint Motion for Preliminary Approval of Proposed First DataBank Class Settlement dated October 4, 2006, at p. 13; Memorandum of Law In Further Support of Joint Motion for Preliminary Approval of Proposed Settlement dated November 1, 2006, at p. 3 (stating that First DataBank will be required to adjust the markup factor "60 days after the Effective Date of the Settlement or 270 days after the Preliminary Approval of the Settlement by the Court, whichever date is later").

> However, Section 9(A)(1) of the Settlement Agreement actually provides that
>
> On a date which is ***no later than*** (1) sixty (60) days after the Effective Date of this Agreement or (2) 270 days from the entry by the Settlement Court of a Preliminary Approval Order . . . First Databank shall adjust, i.e., change, the WAC to AWP Markup. (Emphasis added.)

*See* Settlement Agreement at p. 19.

In light of this discrepancy, it would seem appropriate that, if the Court does grant preliminary approval of the Settlement Agreement, the Court clarify that, per Plaintiffs' repeated representation to the Court, the markup adjustment shall occur 60 days after the Effective Date of the Settlement Agreement or 270 days after the Preliminary Approval of the Settlement by the Court, whichever date is later. Indeed, it would seem unusual for one aspect of a proposed settlement to take effect before the review and final approval process is completed.

Respectfully yours,

/s/ Brien T. O'Connor
Brien T. O'Connor

cc (by CM/ECF E-filing):  All Attorneys of Record

10261110_1