```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


_____
                                   )
NEW ENGLAND CARPENTERS HEALTH      )
BENEFITS FUND, PIRELLI ARMSTRONG   )
RETIREE MEDICAL BENEFITS TRUST,    )
TEAMSTERS HEALTH & WELFARE FUND    )
OF PHILADELPHIA AND VICINITY,      )
PHILADELPHIA FEDERATION OF         )
TEACHERS HEALTH AND WELFARE        )
FUND, and DISTRICT 37 HEALTH AND   )
SECURITY FUND,                     )
          Plaintiffs,              )
                                   )
     v.                            )  CIVIL ACTION NO. 05-11148-PBS
                                   )
FIRST DATABANK, INC. and           )
McKESSON CORPORATION,              )
          Defendants.              )
_____)
```

**ORDER**

November 14, 2006

Saris, U.S.D.J.

Proposed class plaintiffs and defendant, First DataBank, Inc., have jointly requested that this Court: (a) grant preliminary approval of a settlement between the plaintiffs and First DataBank; (b) certify a class of consumer purchasers and a class of third-party payors for purposes of settlement under Fed. R. Civ. P. 23(a) and (b)(2) and (b)(3); (c) direct issuance of notice to the class; and (d) schedule a final fairness hearing on this settlement. Defendant McKesson has objected to the

settlement, mostly concerned that any class certification hearing should be dovetailed with a motion to certify a class against it.

The settlement brokered between the plaintiffs and First DataBank provides: (a) First DataBank shall make changes to its pharmaceutical database by rolling back the markup factor between wholesale acquisition cost ("WAC") and average wholesale price ("AWP") on 8,467 drug formulations of actively distributed prescriptive pharmaceuticals in the United States from a markup of about 1.25 to a markup of 1.20 (a decrease of AWP of about 4%); and (b) First DataBank shall cease the compilation and publication of AWP and BBAWP fields of data as the industry pricing standard within two years from the date of final court approval of the Settlement (subject to certain conditions). In exchange, if the settlement is approved, First DataBank will be released from liability to the proposed classes. Of significance, the third-party payors and consumers will receive no money damages under the settlement.

At the preliminary fairness hearing on October 24, 2006, plaintiffs' counsel described the settlement as "bold" and "unique." The parties assert that the settlement will prospectively save consumers and third-party payors $4 billion and that monetary damages (plaintiffs had been seeking $7 billion in past damages) are not feasible given First Databank's

finances.  First DataBank has reported about $19 million in annual pretax profit.  Plaintiffs contend that prospectively the rollback will save consumers $400 million in pharmaceutical costs, and that retrospective lump sum relief will lead to bankruptcy.  Essentially, plaintiffs seek to extinguish the rights of past class members in exchange for providing benefits to future class members, particularly the third-party payors.

At the preliminary fairness hearing, the Court ordered the parties to brief the fairness to consumers who had paid for drugs at inflated costs in the past.  Plaintiffs asked for leave to amend the complaint to add consumer claims, and to better explain why the settlement is fair with respect to consumers. On November 1, 2006 the pleadings were supplemented.  At this juncture, the parties again ask the Court to make a preliminary fairness assessment regarding this proposed class settlement and to certify a settlement class.

Actually, Fed. R. Civ. P. 23 does not address the standards for a preliminary certification of a settlement class or approval of a class settlement.  However, best practice suggests that the Court "make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)."  Manual for Complex Litigation (Fourth) § 21.632 (2004).  Moreover, the Court must "make a

preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." Id. As part of this preliminary analysis, this court must find that the "settlement proposal [is] 'within the range of possible approval.'" Armstrong v. Board of School Directors, 616 F.2d 305, 314 (7th Cir. 1980), overruled on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998) (citations omitted).

One vermillion flag is that the settlement provides no monetary damages, yet the parties to this settlement are seeking to certify a Rule 23(b)(3) class. Plaintiffs seek class certification under Rules 23(b)(2) and 23 (b)(3). Rule 23(b)(2) permits class actions for declaratory and injunctive relief with respect to the class as a whole "where the party opposing the class has acted or refused to act on grounds generally applicable to the class." This Court has found no case certifying a 23(b)(3) settlement class where class members do not seek monetary relief. My threshold question then is whether class certification under Rule 23(b)(3) is appropriate.

At the hearing the parties raised concerns about whether a Rule 23(b)(2) class could provide First DataBank with sufficient preclusive protection against future litigation. Rule 23(b)(2) and Rule 23(b)(3) provide comparable preclusive effect in subsequent suits by individual members of the class. See Wright,

4

Miller & Kane, Federal Practice and Procedure: Civil 3d § 1789 (2005) ("uniform treatment [will be] accorded to judgments in all class actions"; "anyone properly listed in the [class] judgment should be bound by it absent some special reason for not doing so."); see also Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 882 (6th Cir. 1997) (suggesting that members of a class sit in privity with the named plaintiffs, and as such, can be bound by a judgment). While the area of law is not clear, some cases seem to suggest that in some circumstances a judgment in a Rule 23(b)(2) class will not preclude a request for damages by individuals. See, e.g., Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 330 n.25 (4th Cir. 2006) ("By requiring that injunctive or declaratory relief predominate, therefore, Rule 23(b)(2) ensures that the benefits of the class inure to the class as a whole without running the risk of cutting off the rights of absent class members to recover monetary damages and class members who want individualized evaluation of their claim for monetary damages."). However, the parties have not briefed the effect of a settlement consent judgment in a class action in which defendant has denied liability on subsequent litigants and the class plaintiffs give a full release. The case law reveals no easy answers.

    I find that the proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(2) and that on a preliminary basis the settlement is fair. However, on this record, I am not

satisfied that Rule 23(b)(3) is applicable because the class members seek <u>no</u> monetary benefit, only declaratory and injunctive relief.

<u>S/PATTI B. SARIS</u>  
United States District Judge