UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>        Plaintiffs,<br><br>    v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>        Defendants. | C.A. No. 1:05-CV-11148-PBS |

## PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION

  1.  Plaintiffs previously filed their motion to certify the Class of Third-Party Payors on July 17, 2006. Plaintiffs subsequently amended their complaint to add a Consumer Class. Plaintiffs withdraw their previous motion, Docket No.75, and substitute it with the current motion.

  2.  Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiffs hereby move for certification of the following Classes:

**Consumer purchasers:**

All individual persons who paid, or incurred a debt enforceable at the time of judgment in this case to pay, a percentage co-payment for the Marked Up Drugs during the Class Period pursuant to a plan with a third-party payor whose pharmaceutical payments for the Marked Up Drugs were based on AWP during the Class Period. The Marked Up Drugs are all drugs identified in Exhibit A to the Second Amended Complaint and consist of certain brand-name drugs only.

**Third-party Payors:**

All third-party payors whose pharmaceutical payments for the Marked Up Drugs were based on AWP during the Class Period. The Marked Up Drugs are all drugs identified in Exhibit A and consist of brand-name drugs only.

3. The proposed Class Period is August 1, 2001 to March 15, 2005.

4. Excluded from the above-listed Classes are: (a) each Defendant and any entity in which any Defendant has a controlling interest, and their legal representatives, officers, directors, assignees and successors; (b) any co-conspirators; and (c) any governmental entities who purchased such drugs during the Class Period.

5. Plaintiffs seek certification of their claims under RICO for Count I (Violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ["RICO"]), and under Counts II-IV and VI-VII based upon California law. Count II asserts claims based on California's False Advertising Statute, California Business and Professional Code § 17500. Count III is based on California's Unfair Competition Law, California Business and Professional Code § 17200. Count III is based on the Consumers Legal Remedies Act, California Civil Code § 1750. Count VI is based on the common law of Civil Conspiracy and Count VII is based upon California Civil Code § 3345, which provides for enhanced relief for unfair practices directed to senior citizens.

6. In the alternative, should the Court rule that California law does not apply, Plaintiffs move for certification under the laws of the various states as set forth in alternate Counts VIII-IX.

In support of this Motion, Plaintiffs are filing the following: (1) Plaintiffs' Amended Memorandum in Support of Class Certification; (2) Plaintiffs' Proffer of Evidence Common to the Class in Support of Class Certification; (3) Declaration of Steve W. Berman in Support of Plaintiffs' Amended Memorandum in Support of Class Certification and Proffer of Evidence Common to the Class; (4) Updated Declaration of Raymond S. Hartman in Support of Plaintiffs' Motion for Class Certification; (5) Plaintiffs' Proposed Trial Plan for Trial of Class Claims Against McKesson Asserted in the Second Amended Complaint; and (6) [Proposed] Order Granting Plaintiffs' Amended Motion for Class Certification. In further support, Plaintiffs' rely on their previously filed Memorandum in Support of a Motion for a Determination of Applicable State Law (Dkt. No. 74) and the Declaration of Raymond S. Hartman: Impact and Cost Savings of The First Databank Settlement Agreement (Dkt No. 123).

DATED: December 20, 2006

By /s/ Steve W. Berman
   Steve W. Berman
   Sean R. Matt
   Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on December 20, 2006.

      /s/ Steve W. Berman_____
      Steve W. Berman

001821-13  142767 V1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>  Plaintiffs,<br><br>  v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>  Defendants. | C.A. No. 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23, 23(a) and 23(b)(3), for an order certifying a class in this action. Having considered the submissions of the parties and the record in this case, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' amended motion for class certification is GRANTED as to Counts I-IV and VI-VII as asserted in the Second Amended Complaint ("SAC").

- 1 -

2. The Court certifies the following Classes:

**Consumer purchasers:**

All individual persons who paid, or incurred a debt enforceable at the time of judgment in this case to pay, a percentage co-payment for the Marked Up Drugs during the Class Period pursuant to a plan with a third-party payor whose pharmaceutical payments for the Marked Up Drugs were based on AWP during the Class Period. The Marked Up Drugs are all drugs identified in Exhibit A to the Second Amended Complaint and consist of certain brand-name drugs only.

**Third-party Payors:**

All third-party payors whose pharmaceutical payments for the Marked Up Drugs were based on AWP during the Class Period. The Marked Up Drugs are all drugs identified in Exhibit A and consist of brand-name drugs only.

3. The Class Period is August 1, 2001 to March 15, 2005.

4. The exact identity of the drugs covered by this lawsuit is capable of being discovered from the records of First DataBank. The list of such drugs is attached as Exhibit A to the Second Amended Complaint.[1]

5. The Consumer Class consists of hundreds of thousands of consumers throughout the United States, making individual joinder impractical, in satisfaction of Rule 23(a)(1). The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

6. The Third-Party Payor Class consists of in excess of 10,000 Third-Party Payors throughout the United States, making individual joinder impractical, in satisfaction of Rule 23(a)(1). The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

---

[1] This list may change upon production of information by First DataBank.

7.     The claims of the representative plaintiffs are typical of the claims of the Class, as required by Rule 23(a)(3), in that the representative plaintiffs include persons and entities who, like all Class members, purchased drugs whose prices were inflated by the markup of the WAC-AWP spread.  If the allegations of the markup are true, such representative plaintiffs, like all Class members, have been damaged by Defendants' misconduct because, among other things, they paid prices for these drugs that were higher than they would have been but for Defendants' improper actions.

8.     The Class representatives for the Class are all of the Plaintiffs.

9.     There are many questions of law and fact common to Plaintiffs and the Class, and those questions predominate over any questions that may affect individual Class members, within the meaning of and fulfilling Rules 23(a)(2) and 23(b)(2) and (b)(3).  Common questions of law and fact include, but are not limited to, the following:

   a.    Whether AWPs published by First Data are used as a contractual benchmark for payments by Third-Party Payors for drugs;

   b.    Whether Defendants engaged in a course of conduct that improperly inflated the WAC-to-AWP markup and the ultimate AWPs used by Plaintiffs and Class members as the basis for reimbursement;

   c.    Whether Defendants agreed to artificially inflate the published AWPs for the drugs that are the subject of this complaint;

   d.    Whether Defendants engaged in a pattern and practice that caused Plaintiffs and Class members to make inflated payments for the AWPs;

   e.    Whether Defendants engaged in a pattern of deceptive and/or fraudulent activity intended to defraud Plaintiffs and the Class members;

    f.  Whether Defendants formed enterprises for the purpose of carrying out the 5% Scheme;

    g.  Whether Defendants used the U.S. mails and interstate wire facilities to carry out the 5% Scheme;

    h.  Whether Defendants' conduct violated RICO and various California statutes and common law;

    i.  Whether Defendants are liable to Plaintiffs and the Class members for damages.

  10.  Plaintiffs will fairly and adequately represent and protect the interests of the Class, as required by Rule 23(a)(4).  Plaintiffs have retained counsel with substantial experience in prosecuting nationwide consumer class actions.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interest adverse to those of the Class.

  11.  Excluded from the above-listed Classes are:  (a) each Defendant and any entity in which any Defendant has a controlling interest, and their legal representatives, officers, directors, assignees and successors; (b) any co-conspirators; and (c) any governmental entities who purchased such drugs during the Class Period.

  12.  The Court also certifies the Plaintiffs as Class Representatives.  Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following as co-lead counsel:  Steve W. Berman and Thomas M. Sobol of Hagens Berman Sobol Shapiro LLP, Jeffrey Kodroff of Spector Roseman & Kodroff P.C., Marc Edelson of Hoffman & Edelson, and Kenneth Wexler and Jennifer Fountain Connolly of Wexler Toriseva Wallace LLP.

- 5 -

13. Co-lead counsel for Plaintiffs shall prepare and submit within 30 days from the date of this Order a proposed form of notice to be sent to members of the Class. Defendants may file any comments to the notice within 15 days and Plaintiffs may reply 15 days thereafter.

DONE this _____ day of _____, 2007.

_____
HONORABLE PATTI B. SARIS
United States District Court

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on December 20, 2006.

                                                /s/ Steve W. Berman_____
                                                Steve W. Berman

001821-13 145297 V1