UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                                   Plaintiffs,<br><br>          v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                                   Defendants. | C.A. No. 1:05-CV-11148-PBS |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION COMPEL APPEARANCE OF MCKESSON'S 30(b)(6) WITNESS AND PRODUCE IMS DATA**

## I.     INTRODUCTION AND RELIEF SOUGHT

Plaintiffs made a very simple and reasonable request of McKesson.  Plaintiffs asked

McKesson to provide a witness knowledgeable about the custodians of record of the documents

it has produced in this litigation.  The size and complexity of the organization of the defendant –

the nation's 16th largest corporation as well as the sheer volume of its production in this litigation

– currently totaling roughly 30 boxes – make this information vital to Plaintiffs.  McKesson's

characterization of Plaintiffs' request as "discovery abuse" is unfounded.[1]  Plaintiffs engaged in a week-long consultation about available dates and provided McKesson the minimum 21 days notice, as required by the Court's CMO No. 1.   Prior to this request for McKesson's 30(b)(6) witness, Plaintiffs have not sought to depose any McKesson witnesses.

McKesson takes the untenable position that it should be allowed to set the terms of the disclosure of its custodians of record, and it will not provide a 30(b)(6) witness for that purpose. McKesson insists that in lieu of the scheduled deposition Plaintiffs should accept – at a later date – a written log from its attorneys listing the custodians of record and the Bates ranges associated with them.  Plaintiffs are entitled to an order compelling McKesson to make its witness available and for sanctions.[2]

In addition, Plaintiffs seek an order compelling McKesson to provide the IMS data they originally requested last July.  IMS Health provides comprehensive data on a drug by drug basis about the volume of drugs sold in the United States by retail channel.  This data is critical for Plaintiffs' damages calculations because it allows Plaintiffs to establish the volume of drugs affected by Defendants' illegal Scheme to fix brand drug prices.

Plaintiffs certify that they have met and conferred with McKesson regarding their request for the IMS data.[3]  Plaintiffs have also attempted in good faith to reach an agreement with

---

[1] *See* Declaration of Barbara Mahoney In Support of Plaintiffs' Motion to Compel McKesson to Make Its 30(b)(6) Witness Available ("Mahoney Decl."), Ex. H.
[2] Plaintiffs initially considered waiving their deposition request if McKesson *freely* provided the names of its custodians of record that is with conditions.  However, McKesson insisted on a condition which Plaintiffs did not find acceptable, *i.e.* that Plaintiffs provide logs of their document production and their custodians of record.  It is Plaintiffs' position that consumer plaintiffs and union welfare plans are not analogous in terms of size and complexity to Fortune 100 companies.  Moreover, McKesson has taken the depositions of each of the Plaintiffs and asked extensive questions about their document production.  McKesson foreclosed its option of avoiding a deposition when it issued an interrogatory on Plaintiffs, thereby imposing the precise condition that Plaintiffs sought to avoid.  Plaintiffs should minimally be entitled to the same discovery opportunities, in which McKesson has engaged.
[3] Mahoney Decl., ¶ 9, Ex. K.

McKesson about the availability of its 30(b)(6) witness, but parties have reached an irresolvable

impasse with McKesson refusing to provide its witness at **_any_** time.[4]

## II.    FACTUAL BACKGROUND

### A.    McKesson Has Consistently Refused to Make Available a 30(b)(6) Witness With Knowledge of McKesson's Own Document Production in This Litigation

McKesson is the largest pharmaceuticals distributor in the United States as well as one of

the nation's largest corporations.[5]  It currently ranks 16th on the list of Fortune 500 companies.[6]

McKesson currently employs over 26,000 people scattered throughout numerous divisions and

departments.[7]  In keeping with the size of the company, the number of documents it has

produced in response to Plaintiffs' Requests for Production is considerable, amounting to

roughly 30 boxes plus CDs.[8]  McKesson informed Plaintiffs that the documents it has produced

are organized by custodians of record,[9] but it refused to provide Plaintiffs with the names of its

custodians of record unless Plaintiffs also identified their custodians of record.  Because

Plaintiffs, who are individual consumers and union welfare benefit plans, are not analogous in

terms of size and complexity to Fortune 100 companies, Plaintiffs declined to accept

McKesson's offer.[10]

On January 5, Plaintiffs notified McKesson of their intent to depose the person at

McKesson knowledgeable about the custodians of record for the documents McKesson has

produced in this litigation.[11]  Consistent with the Court's CMO No. 1, Plaintiff allowed

McKesson one week to select from several (six) available dates.  As required by CMO No. 1, the

---

[4] _Id._, ¶¶ 1-8.
[5] http://www.mckesson.com/en_us/McKesson.com/About%2BUs/About%2BUs.html.
[6] http://www.mckesson.com/en_us/McKesson.com/About+Us/Media+Kit/Leadership+and+Awards.html.
[7] http://www.mckesson.com/en_us/McKesson.com/About%2BUs/About%2BUs.html.
[8] Mahoney Decl., ¶ 2.
[9] _Id._
[10] _Id._, Exs. C and D.
[11] _Id._, Ex. A.

proposed dates allowed McKesson a minimum 21 days notice.  January 26 was the earliest

proffered date.

On January 11, McKesson flatly refused to provide any available dates.[12]  At the same

time it served an interrogatory on Plaintiffs, thereby ensuring that McKesson obtained from each

Plaintiff a sworn statement in which they disclose the custodian of record for each document

produced.[13]  When McKesson declined to provide any available dates at the close of the week of

consultation, Plaintiffs served notice of their intent to depose McKesson's witness on January

26.[14]

Before bringing this motion Plaintiffs informed McKesson that they would seek the

Court's order compelling McKesson's witness to appear and that they would seek sanctions

unless McKesson reconsidered its position.[15]  When McKesson again refused, Plaintiffs filed this

motion.

**B.    McKesson Has Engaged in Bad Faith Delay And Failed to Respond to Plaintiffs'
Request for IMS Data, Originally Made Last August**

On July 28, 2006, Plaintiffs served McKesson with their Third Request for Production of

Documents, in which they requested IMS data, relevant to their calculation of damages.[16]

Initially McKesson objected, asserting that the data was subject to a confidentiality agreement

with IMS.  However, after the parties met and conferred at a discovery conference on September

22, McKesson agreed to seek permission of IMS and to promptly provide the data.[17]  On October

9, Plaintiffs wrote to McKesson to remind its counsel of their promise to provide the data.[18]

---

[12] *Id.*, Ex. E.
[13] *Id.*
[14] *Id.*, ¶ 6, Ex. G.
[15] *Id.*, Ex. I.
[16] *Id.*, Ex. J.
[17] *Id.*, ¶ 9, Ex. K.
[18] *Id.*, Ex. K.

McKesson responded on October 12 that it was "in the process" of obtaining IMS' permission.[19]

Plaintiffs renewed their request this month only to be told again that McKesson has "been

working on obtaining the necessary permission from IMS."[20]  Several days later, on January 15,

McKesson stated that it would take "a couple of days" to finalize the agreement.[21]  As of the date

of this motion McKesson has still not provided the data.[22]  Plaintiffs informed McKesson that if

the data was not forthcoming within a reasonable amount of time, Plaintiffs would move to

compel.[23]  Plaintiffs now move to compel in the hopes that by bringing this motion McKesson

will follow through on its promise.

## III.    ARGUMENT

### A.    McKesson's Refusal to Make Its Witness Available For a Deposition Was Unreasonable

Rule 30(b)(6) allows a party to serve notice of a deposition on a corporation.  Once the

deposition is served, it is the duty of the corporation to "designate one or more officers, directors,

or managing agents, or other persons who consent to testify on its behalf."  Fed. P. Civ. Rule

30(b)(6).  The purpose of the rule is to streamline the discovery process by allowing "an entire

corporation to speak through one agent."  *Barron v. Caterpillar, Inc*., 168 F.R.D. 175, 176 (D.

Pa. 1996).    It cannot be seriously doubted that parties have a right to depose corporations about

their responses to discovery.

Plaintiffs seek to conduct a Rule 30(b)(6) deposition of "the representative of McKesson

Corporation who is knowledgeable of the identity of the custodians of record of the documents

produced by McKesson in this litigation."  McKesson has indicated that it has organized its

response to Plaintiffs Requests for Production according to its custodians of record but it did not

---

[19] *Id.*, Ex. L.
[20] *Id.*
[21] *Id.*, Ex. M.
[22] *Id.*, ¶ 9.
[23] *Id.*, Ex. N.

disclose the identities of such custodians. This information is critical to Plaintiffs as it allows them to determine whom they would like to depose to obtain further information about documents that support Plaintiffs' claims. That Plaintiffs have declined McKesson's offer to provide information in another format at a later date in lieu of a deposition is of no matter.[24] Plaintiffs have a right to insist on a 30(b)(6) witness, who will be able to answer questions about McKesson's selection of the custodians of record and whether they are still employed by McKesson and whose responses to such questions may, if necessary, be admitted in court. McKesson's refusal to provide its witness is patently unreasonable. Further, Plaintiffs have complied with all the requirements of the Court's CMO No. 1 and should be entitled to depose their witness within the time frame authorized by the CMO.

McKesson's objection to the notice of deposition (*i.e* that the notice should have been served on January 12 instead of January 15) is both baseless and in bad faith. It cannot be disputed that Plaintiffs notified McKesson in writing on January 5 of its intention of deposing McKesson's witness on January 26 or the following week, that Plaintiffs engaged in a week-long consultation over McKesson's availability, that Plaintiffs' provided McKesson with multiple available dates (six), that Plaintiffs opted for the earliest date when McKesson refused to provide its available dates and that Plaintiffs noted the deposition 21 days after they began consultations about available dates, as required by the Court's CMO No. 1.

Moreover, although Plaintiffs' notice was served on the morning of Monday, January 15, McKesson did not serve its objections to the notice until the close of day on Friday, January 19. McKesson's objection is not based on McKesson's availability, nor on Plaintiffs' failure to

---

[24] McKesson's claim that its unilateral decision to provide Plaintiffs with a log in lieu of making a witness available is a classic example of a sharp practice. Plaintiffs were clear from the start that they did not believe that a reciprocal exchange of the names of the parties' custodians was a fair trade and that they would only waive the deposition if McKesson provided the names of its custodians freely, *i.e.* with no conditions. When McKesson served its interrogatory on Plaintiffs, it forced them to meet the very condition they sought to avoid.

- 6 -

provide a week long consultation or 21 days notices.  McKesson reads the CMO to require that

there be a minimum of 14 days between the date that the deposition notice is served and the date

of the scheduled deposition.  McKesson fails to take into account that on January 5 it had written

notice of Plaintiffs' intent to take its deposition on January 26 or the following week.[25]

Moreover, McKesson's objections were calculated to evade the deposition not to correct what

was at most a harmless, procedural error.  McKesson waited until the close of January 19

because under its interpretation of the CMO, any notice received after that date would have been

defective.

**B.      McKesson's Failure to Timely Produce Data Requested Last July is Unjustifiable**

McKesson has had more than enough time to obtain permission from IMS to produce the

data Plaintiffs requested last July.  McKesson's claims that it is "in the process of" obtaining

permission and reviewing data at this late date is simply not credible, especially in light of its

assurances last September and October that it was diligently moving forward on Plaintiffs'

request.   Plaintiffs are entitled to an order requiring McKesson to provide the data within 5 days

of the Court's order.

**C.      Plaintiffs are Entitled to Sanctions**

Under Fed. R. Civ. P. 37(d), "if a party … fails to appear before the officer who is to take

the deposition, after being served with a proper notice, … the court in which the action is

---

[25] *See Willming Reams Animation v. Regal Cinemas*, 2002 U.S. Dist. Lexis 25899, at 2-3 (W.D. Tex. April 22, 2002) (finding that in the totality of circumstances deposition notice sent six days before the scheduled deposition was reasonable; "It appears that there were attempts to identify mutually agreeable dates before the notices were sent. Perhaps plaintiff can be faulted for extending these negotiations so close to the expiration of the discovery period. However, the notices when finally received could not be said to be a surprise.  Further, defendant has not argued that because of the late notice the deponents are unavailable, or that the date and time are inconvenient for the deponents. Accordingly, I find that defendant has failed to show that the notice of the depositions given these facts was unreasonable.").

pending on motion may make such orders in regard to the failure as are just."  Rule 37(d) also provides that "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. Rule 37(d); *Moloney v. United States*, 204 F.R.D. 16, 21 (D. Mass. 2001).  McKesson is not justified in refusing to provide its witness, nor in failing to provide data Plaintiffs requested six months ago.  Plaintiffs are consumers and union welfare funds with limited funds.  McKesson is a vast, sophisticated corporation, which can be expected to understand its obligations under the federal discovery rules and held accountable when it defies them.  Plaintiffs should be entitled to an award of attorney's fees and costs associated with bringing this motion.

## IV.     CONCLUSION

    For the foregoing reasons, Plaintiffs request that the Court order McKesson to provide the requested IMS data within 5 days of the date of this Order and to make its 30(b)(6) witness available within 10 days.  Plaintiffs also request that the Court impose the costs and fees associated with bringing this motion as sanctions for McKesson's unreasonable refusal to comply with Plaintiffs' discovery requests.


DATED:  January 23, 2007                    By  /s/ **Steve W. Berman**
                                                Steve W. Berman
                                                Sean R. Matt
                                                Barbara A. Mahoney
                                            Hagens Berman Sobol Shapiro LLP
                                            1301 Fifth Avenue, Suite 2900
                                            Seattle, WA  98101
                                            Telephone: (206) 623-7292
                                            Facsimile: (206) 623-0594

Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003


Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

001821-13  149516 V1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on January 23, 2007.

/s/ Steve W. Berman_____
Steve W. Berman

001821-13  149516 V1