UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 1:05-CV-11148-PBS |

**DECLARATION OF BARBARA MAHONEY IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL MCKESSON TO
MAKE ITS 30(b)(6) WITNESS AVAILABLE AND PRODUCE IMS DATA**

I, Barbara Mahoney, hereby declare that:

1.      I am an attorney with Hagens Berman Sobol Shapiro LLP, resident in its Seattle,

Washington, office, and I am one of the counsel for Plaintiffs in the above-captioned matter.  I

submit this declaration in support of Plaintiffs' Motion to Compel McKesson to Make its

30(b)(6) Witness Available and Produce IMS Data.

2.      To date McKesson has produced approximately 30 boxes of materials.  McKesson

has informed us that it has organized its production according to the identity of its custodian of

001821-13  149685 V1

record but it has not disclosed the names of its custodians.  I advised McKesson counsel, Tiffany

Cheung, by e-mail on January 5 that Plaintiffs intended to depose a representative of McKesson

most knowledgeable of the identity of the custodians of record of the documents produced by

McKesson in this litigation.  I asked Ms. Cheung if McKesson could make its witness available

on January 26 or any day the week of January 29.  Attached as Exhibit A is a true and correct

copy of the e-mail I sent to Ms. Cheung on January 5.

3.      Ms. Cheung responded by e-mail.  She declined to provide me with dates of

availability.  Instead she renewed McKesson's offer to provide the identities of its custodians of

record on the condition that Plaintiff provide the names of each of its custodians of record for the

documents Plaintiffs have produced.  Attached as Exhibit B is a true and correct copy of the e-

mail Ms. Cheung sent on January 5.

4.      By e-mail I refused Ms. Cheung's offer on behalf of Plaintiffs, explaining that

Plaintiffs did not believe that it would be fair for McKesson to exact that condition, given that

McKesson had already had the opportunity to depose all of the Plaintiffs and to ask them

questions about their discovery responses.  I also offered to waive the deposition if McKesson

provided the information voluntarily, assuming that Plaintiffs would not be required to provide

the names of their custodians of record and McKesson would provide its response before the date

the deposition was to take place.  Attached as Exhibit C is a true and correct copy of the e-mail I

sent to Ms. Cheung.  Plaintiffs' counsel, Steve Berman, also wrote to Ms. Cheung, adding that

McKesson was in a different position than Plaintiffs, given the size and complexity of its

organization and it would be unfair to exact the same condition on Plaintiffs.   He advised Ms.

Cheung that Plaintiffs would move to compel if McKesson did not make its witness available.

Attached as Exhibit D is a true and correct copy of the e-mail Mr. Berman sent to Ms. Cheung, dated January 5.

5.       On January 11, McKesson served an interrogatory on Plaintiffs, requiring a sworn statement from each Plaintiff disclosing each custodian of record.  Ms. Cheung wrote to inform me that McKesson disagreed with Plaintiffs' position and that she was accepting "my offer" and would provide a log of its document production and the names of its custodians of record. Attached as Exhibit E is a true and correct copy of the letter I received from Ms. Cheung, dated January 11.

6.       On January 12, I informed Ms. Cheung by e-mail that she had misconstrued my earlier suggestion that we could forego the deposition if McKesson voluntarily provided us with the names of its custodians of record.  Given that McKesson had served its interrogatory on Plaintiffs and thus imposed the obligation that Plaintiffs expressly sought to avoid, our circumstances had changed.  Furthermore, McKesson did not provide us with the names of the custodians but merely stated that it would provide information at an indeterminate date.  I reiterated my request that McKesson provide us with available dates for the deposition. Attached as Exhibit F is a true and correct copy of the e-mail I sent to Ms. Cheung on January 12.  When McKesson failed to provide any available dates, we served them with our notice of deposition.  Attached as Exhibit G is a true and correct copy of our notice of deposition, dated January 15.

7.       Shortly before 5 p.m. on January 19, McKesson served us with its "Objections" to our deposition notice.  McKesson claimed that our notice was defective because we served it on January 15 instead of January 12.  McKesson did not deny that Plaintiffs engaged in a week-long consultation over available dates, nor did it deny that the scheduled date was 21 days after

- 3 -

Plaintiffs communicated in writing its intent to schedule the deposition on January 26 or the week of January 29. McKesson did not claim that it was unavailable on January 26 or provide alternative dates. Ms. Cheung also sent me a letter on the same date advising me that McKesson planned to provide a list of its custodians by January 31 and warning me that if Plaintiffs "attempt[ed] to proceed with a 30(b)(6) deposition on this topic [it] would constitute discovery abuse[.]" Attached as Exhibit H is a true and correct copy of the e-mail sent to me by Ms. Cheung's secretary attaching Ms. Cheung's letter dated January 19 and McKesson's objections to Plaintiffs' notice of deposition McKesson's 30(b)(6) witness.

8.      On January 22, I responded by letter via e-mail to Ms. Cheung regarding McKessson's proffered objections to Plaintiffs' deposition notice. I informed her that Plaintiffs intended to go forward with the deposition and that if McKesson did not agree by the close of day January 23 to make its witness available on the scheduled date of the deposition that we would move to compel and would seek sanctions. Attached as Exhibit I is a true and correct copy of my January 22 letter to Ms. Cheung. Ms. Cheung again refused to make McKesson's witness available.

9.      On a separate matter, I have also been in communication with Ms. Cheung regarding McKesson's unwarranted delay and failure to provide IMS data to Plaintiffs. Plaintiffs first requested this data last July. Attached as Exhibit J is a true and correct copy of Plaintiffs' Third Request for Production of Documents to McKesson. The Parties engaged in a discovery conference on September 22. At the conference McKesson agreed to produce the IMS data. On October 9, I wrote to McKesson counsel, Paul Flum reminding him of his promise to provide the data. Attached as Exhibit K is a true and correct copy of my October 9 letter to Mr. Flum. Ms. Cheung responded on behalf of Mr. Flum in a letter dated October 12 that "We have contacted

- 4 -

IMS and are in the process of attempting to secure IMS' consent to such a production." Attached as Exhibit L is a true and correct copy of Ms. Cheung's October 12 letter. Plaintiffs' renewed their request after the New Year only to be told that McKesson has "been working on obtaining the necessary permission from IMS and collecting and reviewing the IMS material in McKesson's possession." When I informed Ms. Cheung that we expected McKesson to provide the data within 5 days or we would be bringing a motion to compel, she responded on January 15, that she expected the agreement to be finalized within "a couple of days." We have not received any data to date. Attached as Exhibit M is a true and correct copy of the e-mail string containing my January 10 inquiry; Ms. Cheung's January 11 response and my January 11 reply-mail to her requesting the data within 5 day. Attached as Exhibit N is a true and correct copy of Ms. Cheung's January 15 e-mail. I advised Ms. Cheung the following day that Plaintiffs reserved the right to bring this motion if the data was not forthcoming. Attached as Exhibit O is a true and correct copy of my January 16 e-mail.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of January 2007.


_____
        **/s/ Barbara Mahoney**
        BARBARA MAHONEY

001821-13 149685 V1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on January 23, 2007.


/s/ Steve W. Berman_____
Steve W. Berman

001821-13  149685 V1

# Exhibit A

## Barbara Mahoney

**From:**     Barbara Mahoney

**Sent:**     Friday, January 05, 2007 11:40 AM

**To:**       'Cheung, Tiffany'

**Cc:**       Steve Berman

**Subject:** deposition notice

Tiffany,
We would like to depose McKesson's 30(b)(6) witness most knowledgeable of the identity of the custodians of record of the documents produced by McKesson in this litigation. We would like to take the deposition on January 26 or sometime the week of January 29th. Please provide us with available dates by next Friday.

thanks,
Barbara

# Exhibit B

**Barbara Mahoney**

| | |
|---|---|
| **From:** | Cheung, Tiffany [TCheung@mofo.com] |
| **Sent:** | Friday, January 05, 2007 2:22 PM |
| **To:** | Barbara Mahoney |
| **Subject:** | FW: McKesson document production |

Barbara,

I am writing in response to your request for a 30(b)(6) witness "most knowledgeable of the identity of the custodians of record of the documents produced by McKesson in this litigation." We have made multiple offers, like the one shown below, to provide a source log indicating the custodians for the documents produced by McKesson if plaintiffs would provide a source log for the documents produced by plaintiffs. In the interests of efficiency, we are renewing this offer.
Please let me know if plaintiffs will agree to this proposal.

Regards,
Tiffany

-----Original Message-----
From: Cheung, Tiffany
Sent: Monday, July 03, 2006 9:34 PM
To: 'barbaram@hbsslaw.com'
Subject: Re: McKesson document production

Ms. Mahoney:

McKesson will provide a source log for the documents it has produced and will produce if plaintiffs will agree to do the same. From previous correspondence with plaintiffs' counsel, it remains unclear whether plaintiffs will provide source logs for all the documents they have produced and will produce. We would appreciate clarification on this matter so that the parties can promptly exchange such logs.

Sincerely,

Tiffany Cheung

-----Original Message-----
From: Barbara Mahoney <barbaram@hbsslaw.com>
To: Cheung, Tiffany <TCheung@mofo.com>; Steve Berman <Steve@hbsslaw.com>; Carrie Flexer <Carrie@hbsslaw.com>
CC: FDB <FDB@hbsslaw.com>
Sent: Fri Jun 30 15:50:52 2006
Subject: McKesson document production

Please see attached letter.


=========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

==============================================================================

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
==============================================================================

# Exhibit C

.

**Barbara Mahoney**

| | |
|---|---|
| **From:** | Barbara Mahoney |
| **Sent:** | Friday, January 05, 2007 2:37 PM |
| **To:** | 'Cheung, Tiffany' |
| **Cc:** | Steve Berman |
| **Subject:** | RE: McKesson document production |

Tiffany,
The idea that you should withhold this information from plaintiffs until you receive the
names of plaintiffs' custodians is not well taken.  You've had an opportunity to depose
each of the plaintiffs about their production and yet from my review of the transcripts it
appears that you have not asked a single one of them about their custodians of record.  If
you are willing to provide this information freely, we will forego our deposition request.
Otherwise please provide us with available dates.

Barbara

-----Original Message-----
From: Cheung, Tiffany [mailto:TCheung@mofo.com]
Sent: Friday, January 05, 2007 2:22 PM
To: Barbara Mahoney
Subject: FW: McKesson document production

Barbara,

I am writing in response to your request for a 30(b)(6) witness "most knowledgeable of the
identity of the custodians of record of the documents produced by McKesson in this
litigation."  We have made multiple offers, like the one shown below, to provide a source
log indicating the custodians for the documents produced by McKesson if plaintiffs would
provide a source log for the documents produced by plaintiffs.  In the interests of
efficiency, we are renewing this offer.
Please let me know if plaintiffs will agree to this proposal.

Regards,
Tiffany

-----Original Message-----
From: Cheung, Tiffany
Sent: Monday, July 03, 2006 9:34 PM
To: 'barbaram@hbsslaw.com'
Subject: Re: McKesson document production


Ms. Mahoney:

McKesson will provide a source log for the documents it has produced and will produce if
plaintiffs will agree to do the same.  From previous correspondence with plaintiffs'
counsel, it remains unclear whether plaintiffs will provide source logs for all the
documents they have produced and will produce.  We would appreciate clarification on this
matter so that the parties can promptly exchange such logs.

Sincerely,

Tiffany Cheung

-----Original Message-----
From: Barbara Mahoney <barbaram@hbsslaw.com>
To: Cheung, Tiffany <TCheung@mofo.com>; Steve Berman <Steve@hbsslaw.com>; Carrie Flexer
<Carrie@hbsslaw.com>
CC: FDB <FDB@hbsslaw.com>
Sent: Fri Jun 30 15:50:52 2006
Subject: McKesson document production

Please see attached letter.


========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S. Federal tax issues is contained in
this communication (including any attachments), such advice is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

========================================================================

This message contains information which may be confidential and privileged.  Unless you
are the addressee (or authorized to receive for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have
received the message in error, please advise the sender by reply e-mail @mofo.com, and
delete the message.
========================================================================

2

# Exhibit D

## Barbara Mahoney

| | |
|---|---|
| **From:** | Steve Berman |
| **Sent:** | Friday, January 05, 2007 4:54 PM |
| **To:** | Barbara Mahoney; 'Cheung, Tiffany' |
| **Subject:** | RE: McKesson document production |

Bm: don't back down on this, their [position comparing a huge entity to our small entities is silly. If they don't give u a date note it and move if u have to

-----Original Message-----
From: Barbara Mahoney
Sent: Friday, January 05, 2007 2:37 PM
To: 'Cheung, Tiffany'
Cc: Steve Berman
Subject: RE: McKesson document production

Tiffany,
The idea that you should withhold this information from plaintiffs until you receive the names of plaintiffs' custodians is not well taken.  You've had an opportunity to depose each of the plaintiffs about their production and yet from my review of the transcripts it appears that you have not asked a single one of them about their custodians of record.  If you are willing to provide this information freely, we will forego our deposition request. Otherwise please provide us with available dates.

Barbara

-----Original Message-----
From: Cheung, Tiffany [mailto:TCheung@mofo.com]
Sent: Friday, January 05, 2007 2:22 PM
To: Barbara Mahoney
Subject: FW: McKesson document production

Barbara,

I am writing in response to your request for a 30(b)(6) witness "most knowledgeable of the identity of the custodians of record of the documents produced by McKesson in this litigation."  We have made multiple offers, like the one shown below, to provide a source log indicating the custodians for the documents produced by McKesson if plaintiffs would provide a source log for the documents produced by plaintiffs.  In the interests of efficiency, we are renewing this offer.
Please let me know if plaintiffs will agree to this proposal.

Regards,
Tiffany

-----Original Message-----
From: Cheung, Tiffany
Sent: Monday, July 03, 2006 9:34 PM
To: 'barbaram@hbsslaw.com'
Subject: Re: McKesson document production

Ms. Mahoney:

McKesson will provide a source log for the documents it has produced and will produce if plaintiffs will agree to do the same.  From previous correspondence with plaintiffs' counsel, it remains unclear whether plaintiffs will provide source logs for all the documents they have produced and will produce.  We would appreciate clarification on this matter so that the parties can promptly exchange such logs.

Sincerely,

Tiffany Cheung

```
-----Original Message-----
From: Barbara Mahoney <barbaram@hbsslaw.com>
To: Cheung, Tiffany <TCheung@mofo.com>; Steve Berman <Steve@hbsslaw.com>; Carrie Flexer
<Carrie@hbsslaw.com>
CC: FDB <FDB@hbsslaw.com>
Sent: Fri Jun 30 15:50:52 2006
Subject: McKesson document production
```

Please see attached letter.


================================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S. Federal tax issues is contained in
this communication (including any attachments), such advice is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230.html

================================================================================

This message contains information which may be confidential and privileged.  Unless you
are the addressee (or authorized to receive for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have
received the message in error, please advise the sender by reply e-mail @mofo.com, and
delete the message.
================================================================================

# Exhibit E

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 11, 2007

*By E-Mail*

Writer's Direct Contact
415/268-6848
TCheung@mofo.com

Barbara A. Mahoney
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Barbara:

I write in response to your e-mails regarding plaintiffs' request for a Rule 30(b)(6) witness "most knowledgeable of the identity of the custodians of record of the documents produced by McKesson in this litigation." Plaintiffs seek a deposition to identify McKesson's document custodians despite McKesson's multiple offers to exchange source logs with plaintiffs so that both parties would have this information. Instead, plaintiffs refuse to provide this information and other basic information about plaintiffs' document productions.

Plaintiffs' purported justification for refusing to a mutual exchange of source logs — that McKesson is a "huge entity" while each named plaintiff is "small" — is nonsensical. If anything, the fact that plaintiffs are smaller than McKesson and have produced substantially fewer documents demonstrates that the burden of providing a source log falls disproportionately on McKesson. But, unlike plaintiffs, that is a burden that McKesson has offered to assume.

Both sides need source logs for the same reason — to identify the files and custodians from which documents have been produced. McKesson has been unable to obtain this basic information at the depositions of the named plaintiffs. For example, when McKesson asked District Council 37's Rule 30(b)(6) witness about District Council 37's search for responsive documents, the witness testified that she did not know if District Council 37 had searched for the requested documents. When McKesson requested that District Council 37 produce a knowledgeable witness pursuant to the deposition notice, plaintiffs' counsel refused, claiming that it would not be appropriate for the only knowledgeable witness, an in-house attorney, to testify. Just this week, McKesson again attempted to obtain information regarding District Council 37's production and asked the Rule 30(b)(6) witness to identify the custodians of numerous documents produced by District Council 37. The witness could not identify a single custodian in response to these questions.

Plaintiffs' refusal to agree to a mutual exchange of source logs is illustrative of the lack of cooperation by plaintiffs throughout this litigation, beginning with plaintiffs' prolonged

**MORRISON | FOERSTER**

Barbara Mahoney
January 11, 2007
Page Two

refusal to provide full access to documents produced in the related MDL proceedings. Indeed, plaintiffs agreed to make these materials available only after McKesson moved to compel, and to date, you still have refused to confirm that plaintiffs have made all the MDL materials available to McKesson. (*See* Letter from T. Cheung to B. Mahoney, dated Nov. 15, 2006, and e-mail from T. Cheung to B. Mahoney, dated Nov. 21, 2006.)

Unlike plaintiffs, McKesson has no interest in making discovery unnecessarily expensive or complicated. We accordingly agree to produce a source log in response to your offer to forego a 30(b)(6) deposition if McKesson was willing to provide plaintiffs with a source log. Given your unwarranted refusal to reciprocate, we will be serving an interrogatory requesting document source information from your side and will move to compel if plaintiffs persist in withholding this basic discovery information.

Sincerely,

Tiffany Cheung

sf-2252035

# Exhibit F

**Barbara Mahoney**

| | |
|---|---|
| **From:** | Barbara Mahoney |
| **Sent:** | Friday, January 12, 2007 9:23 AM |
| **To:** | 'Cheung, Tiffany' |
| **Cc:** | Steve Berman |
| **Subject:** | McKesson deposition |

Tiffany,
You misconstrue our offer, we do not revoke our request for a 30(b)(6) witness. Please provide available dates as requested last Friday. Our offer to cancel the deposition is conditioned on receipt of the requested information, not on an indefinite promise to provide information on an indeterminate date.

Barbara

# Exhibit G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                          Plaintiffs,<br><br>              v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                          Defendants. | C.A. No. 1:05-CV-11148-PBS |

## **PLAINTIFFS' NOTICE OF DEPOSITION OF MCKESSON'S 30(b)(6) WITNESS**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), the

undersigned counsel will take the deposition of the representative of McKesson Corporation who

is knowledgeable of the identity of the custodians of record of the documents produced by

McKesson in this litigation. The deposition will be taken on January 26, 2007, beginning at 9:30

a.m. in San Francisco at a location to be determined. The deposition will be recorded by

stenographic and/or sound and visual means and will take place on dates and times and at

locations to be determined.

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 3 -

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on January 15, 2007.

/s/ Steve W. Berman_____
Steve W. Berman

# Exhibit H

## Barbara Mahoney

| | |
|---|---|
| **From:** | Sario, Lucia M. [LSario@mofo.com] |
| **Sent:** | Friday, January 19, 2007 4:46 PM |
| **To:** | Barbara Mahoney |
| **Cc:** | Cheung, Tiffany |
| **Subject:** | New England Carpenters Health Benefit Fund v. First DataBank |

**Attachments:** 20070119 Cheung to Mahoney Re Plaintiffs' deposition notice served on January 15, 2007.pdf

<<20070119 Cheung to Mahoney Re Plaintiffs' deposition notice served on January 15, 2007.pdf>>

**Lucia M. Sario**
*Assistant to Tiffany Cheung*
**Morrison | Foerster**
425 Market Street • San Francisco, CA • 94105.2482
**Telephone** • 415.268.6734 • **Facsimile** • 415.268.7522
**Email** • lsario@mofo.com

=================================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
=================================================================================

**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 19, 2007

Writer's Direct Contact
415/268-6848
TCheung@mofo.com

*By E-Mail*

Barbara A. Mahoney
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Barbara:

I write regarding the deposition notice plaintiffs served on January 15, 2007, requesting a
Rule 30(b)(6) witness on the custodians of the documents McKesson has produced in this
litigation. This notice is defective because it does not comply with the notice provisions of
Case Management Order No. 1, which plaintiffs requested the Court to enter. McKesson's
written objection to this deposition notice is enclosed with this letter.

In your January 5, 2007 e-mail to me, you stated: "If you are willing to provide this
[document custodian] information freely, we will forego our deposition request." In
response to this offer, McKesson agreed to provide the document custodian information
plaintiffs requested despite plaintiffs' unwarranted refusal to reciprocate, and we are working
on gathering the information for a source log. As you know, our opposition to plaintiffs'
class certification motion is due January 24. We will commit to providing you with the
source log within a week after that, i.e., by January 31. In the meantime, any further attempt
by plaintiffs to proceed with a 30(b)(6) deposition on this topic would constitute discovery
abuse, especially in light of the representations in your January 5 e-mail.

Sincerely,

Tiffany Cheung

Enclosure

sf-2257016

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

## McKESSON CORPORATION'S OBJECTION TO PLAINTIFFS' NOTICE OF DEPOSITION OF McKESSON'S 30(b)(6) WITNESS

Defendant McKesson Corporation ("McKesson") responds and objects to

Plaintiffs' Notice of Deposition of McKesson's 30(b)(6) Witness ("Deposition Notice"),

dated January 15, 2007, as follows:

Pursuant to Case Management Order No. 1, entered by the Court on November 9,

2006, "exclusive of the one-week consultation period, all parties shall provide at least 14

days notice of any scheduled deposition." Plaintiffs' Deposition Notice schedules a

January 26, 2007 deposition, but was not served until January 15, 2007. The Deposition

Notice does not comply with Case Management Order No. 1. The Deposition Notice is

therefore defective, and McKesson will not appear for this deposition.


Dated: January 19, 2007


                                    By:  /s/ Tiffany Cheung
                                         Tiffany Cheung

JOHN KIERNAN                             MELVIN R. GOLDMAN
NICOLE JOHNSON                           LORI A. SCHECHTER
BONNER KIERNAN TREBACH &                 PAUL FLUM
  CROCIATA                               TIFFANY CHEUNG
One Liberty Square                       MORRISON & FOERSTER LLP
Boston, MA 02109                         425 Market Street
Telephone:  (617) 426-3900               San Francisco, California  94105-2482
Facsimile:  (617) 426-0380               Telephone: 415.268.7000
                                         Facsimile: 415.268.7522

                                         *Attorneys for Defendant*
                                         *MCKESSON CORPORATION*

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on January 19, 2007 via e-mail to:

| | | |
|---|---|---|
| Steve W. Berman<br>Elizabeth Fegan<br>Barbara Mahoney<br>David Nalven<br>Ed Notargiacomo<br>Thomas M. Sobol<br>steve@hbsslaw.com<br>beth@hbsslaw.com<br>barbaram@hbsslaw.com<br>davidn@hbsslaw.com<br>ed@hbsslaw.com<br>Tom@hbsslaw.com<br><br>*Counsel for Plaintiffs* | George E. Barrett<br>Edmund L. Carey<br>Gerald E. Martin<br>Timothy L. Miles<br>gbarrett@barrettjohnston.com<br>tcarey@barrettjohnston.com<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br><br><br><br><br><br>*Counsel for Plaintiffs* | Kenneth A. Wexler<br>Jennifer Fountain Connolly<br>kaw@wtwlaw.us<br>jfc@wtwlaw.us<br>Jeffrey Kodroff<br>John Macoretta<br>jkodroff@srk-law.com<br>jmacoretta@srk-law.com<br><br><br><br><br><br>*Counsel for Plaintiffs* |
| Sheila Birnbaum<br>Thomas Fox<br>Matthew Matule<br>Mark Redman<br>sbirnbau@skadden.com<br>tfox@skadden.com<br>mmatule@skadden.com<br>mredman@hearst.com<br><br>*Counsel for First DataBank* | | |

/s/ Tiffany Cheung
Tiffany Cheung

# Exhibit I



BARBARA A. MAHONEY
BARBARAM@HBSSLAW.COM

HAGENS BERMAN
SOBOL SHAPIRO LLP

January 22, 2007

Ms. Tiffany Cheung
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

Re:    New England Carpenters Health Benefits Fund v. First DataBank

Dear Tiffany:

The purpose of the Court's Case Management Order No. 1 is to ensure that the parties provide each other with sufficient advance notice before scheduling or rescheduling depositions and to ensure that they consult each other in good faith to schedule the depositions on mutually convenient dates.  To that end the protocol adopted by the Court requires a minimum of 21 days notice, including a week-long consultation period.  Plaintiffs complied with these requirements.

Your letter of January 19 again asserts McKesson's refusal to provide the witness knowledgeable about McKesson's own document production in this litigation.  Your claim that the notice is "defective" is neither reasonable nor offered in good faith.  We engaged in a week-long consultation period beginning January 5.  We offered 6 available dates, January 26 or any day the week of January 29.  You refused to provide us *any* available dates and flatly refused to provide McKesson's 30(b)(6) witness.  You now claim that we breached the protocol because we served notice on January 15 instead of January 12.  However, you fail to take into account that on January 5 we communicated to you in writing our intent to schedule the deposition either January 26 or the following week.  The scheduling of the deposition date on January 26 cannot therefore come as a surprise to you, nor have you given any reason that your witness would not be available on that date.  The timing of your objection also demonstrates bad faith.  You did not object to the alleged defect until January 19, four days after you had received the notice.

Plaintiffs intend to proceed with the deposition as scheduled and will move to compel, if needed.  Be advised that Plaintiffs will seek sanctions if you do not appear at the scheduled deposition.  Please let us know by the close of tomorrow whether you will

ATTORNEYS AT LAW                    SEATTLE    LOS ANGELES    CAMBRIDGE    PHOENIX    CHICAGO
T 206.623.7292    F 206.623.0594
1301 FIFTH AVENUE  SUITE 2900  SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001821-13 149478 V1

Ms. Tiffany Cheung
January 22, 2007
Page 2


provide your witness this Friday or whether we will have to seek intervention of the
Court.

<div style="margin-left: 40%;">

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*[Sent via electronic mail]*


Barbara A. Mahoney
Attorney

</div>

BAM:BAM
cc:    Plaintiffs' Counsel

# Exhibit J

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND; PIRELLI ARMSTRONG
RETIREE MEDICAL BENEFITS TRUST;
TEAMSTERS HEALTH & WELFARE FUND
OF PHILADELPHIA AND VICINITY; and
PHILADELPHIA FEDERATION OF
TEACHERS HEALTH AND WELFARE
FUND,

C.A. No. 1:05-CV-11148-PBS

                                    Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri
corporation; and McKESSON
CORPORATION, a Delaware corporation,

                                    Defendants.

**PLAINTIFFS' THIRD REQUEST FOR
PRODUCTION OF DOCUMENTS TO MCKESSON**

Plaintiffs, by their attorneys and pursuant to Fed. R. Civ. P. 34, request that Defendant

McKesson Corporation ("McKesson") respond to the following Document Request within thirty

(30) days of service.

## I.     INTRODUCTION

1.      "Document(s)" is used in the broadest possible sense and means without

limitation, any written, printed, typed, photostated, photographed, recorded or otherwise

reproduced or stored communication or representation, whether comprised of letters, words,

numbers, data, pictures, sounds or symbols, or any combination thereof. This definition includes

copies or duplicates of documents contemporaneously or subsequently created which have any

non-conforming notes or other markings. Without limiting the generality of the foregoing,

"document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or of other communications of any type, including inter-office and intraoffice communications, electronic mail/messages and/or "e-mail," electronically stored telephone messages and/or "voice-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by you or anyone else.

2.    "All documents" means every document and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of Defendant, its merged or acquired predecessors, its former and present directors, officers, counsel, agents, employees and/or persons acting on its behalf.

3.    "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

4.      "Third-Party Data Products" means products provided by third-party data services to monitor prescription activity and/or track the movement of pharmaceutical products out of retail channels.

5.      "Third-Party Data Service" means a provider of pharmaceutical market research, including retail pharmacy sales data.

"You" or "Your" means McKesson Corp. and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

## II.      RULES OF CONSTRUCTION

1.      All/Each – The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.      And/Or – The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      The use of the singular form of any word shall include the plural and vice versa.

4.      The masculine gender includes the feminine.

## III.      INSTRUCTIONS

1.      In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.      In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of

any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

       3.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records. These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

       4.      Documents attached to each other should not be separated.

       5.      You have a duty to supplement your responses as required by Fed. R. Civ. P. 26(e).

       6.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

       7.      In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

          a.      the name of the author of the document;

          b.      the name of the recipient of the document;

          c.      the names of the persons to whom copies were sent;

          d.      the job title of every individual named in (a), (b), and (c) above;

          e.      the date the document was created, sent, and received;

f.    the location of the document;

g.    the custodian of the document;

h.    a brief description of the nature and subject matter of the document; and

i.    a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

8.    Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV.    RELEVANT TIME PERIOD

Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1998 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.

## V.    DOCUMENTS TO BE PRODUCED OR WILL BE PRODUCED

1.    Please provide all documents produced to McKesson in the course of this litigation in response a subpoena.  In the event that no documents have been produced to you at this time, please provide them as they come available. *See* Fed. Civ. Proc. R. 26(e).

2.    Please provide all data concerning the drugs, identified by NDC in Appendix A, from 2001 through the present, which has been compiled by McKesson Corp. and provided to IMS Health, Verispan or any other third-party data service.

3.    Please provide the following third-party data obtained by McKesson concerning the drugs, identified by NDC in Appendix A, from 2001 through the present:

     a.     IMS MSA Method of Payment Data

- Time Period: 2001-Present by month
- Variables: Dollars, TRx, NRx, Extended Units
- By Drug (see Appendix A), by Strength and by Package

     b.     IMS National Prescription Audit Data

- Time Period: 2001-Present by month
- Variables: Retail TRx Dollars, TRx, TRx Extended Units
- By Drug (see Appendix A), by Strength and by Package; by Channel

     c.     IMS National Sales Perspective Data (or Retail/Provider Perspective Data)

- Time Period: 2001-Present by month
- Variables: Dollars, TRx, Extended Units
- By Drug (see Appendix A), by Strength and by Package; by Channel

     d.     Verispan Vector One: National (NOVA) (or Scott-Levin Source Prescription Audit)

- Time Period: 2001-Present by month
- Variables: Dollars, TRx, Extended Units
- By Drug (see Appendix A), by Strength and by Package; by Channel

All data should be provided in electronic format and should include all variables described below, in addition to any other variables naturally occurring within the identified data products.

     4.     Please provide any and all other data from other third-party data products that McKesson has obtained which contain data analogous to that sought in RFP No. 3 (such as units, dollars and prices). All data should be provided in electronic format and include all relevant variables (such as units, dollars and prices), in addition to any other variables naturally occurring within the identified data products.

DATED:  July 28, 2006

By_____/s/ Steve W. Berman_____
    Steve W. Berman
    Sean R. Matt
    Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 7 -

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

## CERTIFICATE OF SERVICE

I, Steve W. Berman, an attorney, hereby certify that I caused a true and correct copy of the foregoing document to be served in the manner indicated upon all the parties listed below on this 28th day of July, 2006.

**Via Electronic Mail**

Mark Redman
Office of General Counsel
The Hearst Corporation
959 Eighth Avenue
New York, NY 10019-3737

*Counsel for First Databank, Inc.*

**Via Electronic Mail**

Lori A. Schechter
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

*Counsel for McKesson Corporation*

                                    /s/ Steve W. Berman
                                    Steve W. Berman

# Exhibit K



Barbara A. Mahoney
barbaram@hbsslaw.com

HAGENS BERMAN
SOBOL SHAPIRO LLP

October 9, 2006

Paul Flum
Morrison Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

    Re:    <u>New England Carpenters Health Benefit Fund v. First DataBank</u>

Dear Paul:

We are disturbed by your recent criticism of Plaintiffs' response to discovery, which is both unwarranted and patently unfair, given your ongoing failure to respond to numerous outstanding requests of the Plaintiffs:

1. Since June we have requested that you provide us with the names of the custodians of record for the documents produced by McKesson and the corresponding Bates ranges. Please provide them immediately along with confirmation that McKesson's response to Plaintiffs' First Set of Requests for Production is complete.

2. Please respond immediately to Plaintiffs' Second Set of Requests for Production, issued on July 17. At the August 31 discovery conference you agreed to begin production by mid-September. You are now nearly a month overdue.

3. Please respond immediately to Plaintiffs' Third Set of Requests for Production, issued on July 28. You promised to respond to our requests at the September 22 Discovery Conference. Two weeks have passed and we are still waiting.

4. Please respond immediately to Plaintiffs' Fourth Set of Requests for Production, issued on August 8. As stated in Steve Berman's September 19 letter to Tiffany Cheung, we understand that one or more U.S. attorneys and/or Attorneys General are investigating the same conduct we have placed at issue in this litigation. We are entitled to all documents McKesson makes available to the federal or state authorities pursuant to that investigation. To date we have received nothing.

Please provide your prompt attention to these matters.

ATTORNEYS AT LAW                          SEATTLE   LOS ANGELES   CAMBRIDGE   PHOENIX   CHICAGO
206.623.7292     206.623.0594
www.hbsslaw.com

001821-13 132976 V1

Paul Flum
October 9, 2006
Page 2


Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP


Barbara A. Mahoney
Attorney


BAM:BAM
cc:    Plaintiffs' Counsel

001821-13 132976 V1

# Exhibit L

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

October 12, 2006

Writer's Direct Contact
415.268.6848
TCheung@mofo.com

*Via E-mail*

Barbara A. Mahoney
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:     *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Barbara:

I write in response to your letter to Paul Flum dated October 9, 2006 regarding the status of McKesson's responses to plaintiffs' discovery.  We respond to each of your inquiries as follows:

        1.      When plaintiffs requested the names of the custodians for the documents produced by McKesson, we promptly responded that we would provide such information if plaintiffs would agree to do the same.  Plaintiffs did not agree to this proposal.  Will plaintiffs now agree to provide source logs to McKesson?

        2.      With respect to Plaintiffs'. Second Request for Production, we experienced unexpected delays during the process of collecting responsive documents.  We will make responsive documents available, subject to McKesson's responses and objections, early next week.

        3.      With respect to Plaintiffs' Third Request for Production, McKesson agreed to contact IMS to explore whether IMS would be willing to consent to the production to plaintiffs of certain IMS data provided to McKesson.  We have contacted IMS and are in the process of attempting to secure IMS's consent to such a production.

        4.      With respect to Plaintiffs' Fourth Request for Production, I responded to Steve Berman's September 19 letter that same day, informing him that McKesson has produced the documents responsive to Plaintiffs' Fourth Request for Production.

sf-2208637

**MORRISON** | **FOERSTER**

Barbara Mahoney
October 12, 2006
Page Two

Sincerely,

Tiffany Cheung

# Exhibit M

## Barbara Mahoney

| | |
|---|---|
| **From:** | Barbara Mahoney |
| **Sent:** | Thursday, January 11, 2007 4:28 PM |
| **To:** | Cheung, Tiffany |
| **Cc:** | Nick Styant-Browne; Steve Berman |

**Subject:** RE: IMS data

Tiffany,
We originally requested this data on July 28. You promised us at the discovery meeting and in response to my letter in October that you would provide it to us in a reasonable amount of time. Please provide us with the data by next Tuesday or we will move to compel.

Barbara

---

**From:** Cheung, Tiffany [mailto:TCheung@mofo.com]
**Sent:** Thu 1/11/2007 3:57 PM
**To:** Barbara Mahoney
**Cc:** Nick Styant-Browne
**Subject:** RE: IMS data

Barbara,

We have been working on obtaining the necessary permission from IMS and on collecting and reviewing the IMS material in McKesson's possession. We anticipate that we will have the IMS data that McKesson agreed to produce, subject to McKesson's objections and responses, by the end of this month.

Regards,
Tiffany

> -----Original Message-----
> **From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
> **Sent:** Wednesday, January 10, 2007 9:53 AM
> **To:** Cheung, Tiffany
> **Cc:** Nick Styant-Browne
> **Subject:** IMS data
>
> Tiffany,
> It has been more than two months since the discovery conference on November 1 when you and Paul agreed to provide us with the IMS and/or Verispan data we requested last July. This information was not part of McKesson's latest production and we have had no further word from you about it. Please let us know that you will be providing that information in very short order or we will have to take the matter up with the Court.
>
> Barbara

===========================================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or

recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=============================================================================

This message contains information which may be confidential and privileged. Unless you are the
addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the
message or any information contained in the message. If you have received the message in error, please
advise the sender by reply e-mail @mofo.com, and delete the message.

=============================================================================

# Exhibit N

## Barbara Mahoney

| | |
|---|---|
| **From:** | Cheung, Tiffany [TCheung@mofo.com] |
| **Sent:** | Monday, January 15, 2007 10:27 AM |
| **To:** | Barbara Mahoney |
| **Subject:** | IMS Data |

Barbara,

IMS has the information it requested in order to prepare the confidentiality agreement similar to the one I understand plaintiffs had signed in the MDL due to the contractual restrictions of producing IMS data. IMS informs us that it will take about "a couple of days" to finalize the agreement and send it to us for signature. Once we receive the agreement from IMS, we will forward it to you. Please let me know if we should request IMS to draft the agreement for your signature or if another plaintiffs' attorney will be signing on behalf of plaintiffs. We will be prepared to produce the IMS data McKesson agreed to produce, subject to our objections, as soon as we receive plaintiffs' executed confidentiality agreement and can forward it to IMS.

Regards,
Tiffany

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

# Exhibit O

## Barbara Mahoney

| | |
|---|---|
| **From:** | Barbara Mahoney |
| **Sent:** | Tuesday, January 16, 2007 6:59 AM |
| **To:** | Cheung, Tiffany |
| **Cc:** | Steve Berman |

**Subject:** RE: IMS Data

Tiffany,
Please prepare the agreement for Steve Berman's signature and keep us informed of any updates. Plaintiffs reserve the right to move to compel if the data is not forthcoming.

Barbara

---

**From:** Cheung, Tiffany [mailto:TCheung@mofo.com]
**Sent:** Mon 1/15/2007 10:27 AM
**To:** Barbara Mahoney
**Subject:** IMS Data

Barbara,

IMS has the information it requested in order to prepare the confidentiality agreement similar to the one I understand plaintiffs had signed in the MDL due to the contractual restrictions of producing IMS data. IMS informs us that it will take about "a couple of days" to finalize the agreement and send it to us for signature. Once we receive the agreement from IMS, we will forward it to you. Please let me know if we should request IMS to draft the agreement for your signature or if another plaintiffs' attorney will be signing on behalf of plaintiffs. We will be prepared to produce the IMS data McKesson agreed to produce, subject to our objections, as soon as we receive plaintiffs' executed confidentiality agreement and can forward it to IMS.

Regards,
Tiffany

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

==================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.