UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**MCKESSON CORPORATION'S MOTION FOR LEAVE TO
FILE UNDER SEAL**

Defendant McKesson Corporation ("McKesson") hereby respectfully moves this Court

for leave to file the following submissions under seal: (a) McKesson Corporation's

Memorandum in Opposition to Class Certification; (b) Declaration of Lori A. Schechter

in Support of McKesson Corporation's Memorandum in Opposition to Class Certification

and exhibits thereto; (c) Expert Report of Robert D. Willig; (d) Defendant McKesson

Corporation's Response to Plaintiffs' Proffer of Evidence and Counter-Proffer Regarding Evidence on Individual Issues.

Pursuant to the Protective Order entered by this Court on April 11, 2006 (the "Protective Order") plaintiffs and non-party witnesses have designated documents and testimony in this litigation as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The submissions listed above incorporate – either directly or indirectly – information that has been so designated by plaintiffs and non-party witnesses. Pursuant to Paragraph 14 of the Protective Order, "[a]ny documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be filed under seal." Any document or pleading containing quotes from or otherwise referencing such information should also be filed under seal.

Although there is a common law presumption of access to judicial records, "the right of access is not absolute." *Gitto v. Worcester Telegram & Gazette Corp.* (*In re Gitto Gloval Corp.*), 422 F.3d 1, 6 (1st Cir. 2005). Access to judicial records may be denied where records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As the court in *Encyclopedia Brown Productions, Ltd.. v. Home Box Office,* Inc., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) noted, "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit." These materials contain the type of sensitive business information that courts have protected by permitting filing of documents under seal. *See Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000) ("Most of the sealed materials contain . . .

consumer research studies, strategic plans, potential advertising and marketing campaigns or financial information. The federal courts have consistently held that this type of sensitive commercial information is entitled to confidential protection.") (internal citation omitted).

The documents and deposition excerpts McKesson seeks leave to file under seal were designated confidential by plaintiffs and non-party witnesses purportedly because they contain highly sensitive business information produced. This includes information about pricing and strategic decisionmaking, deposition testimony about negotiating strategies in contracting, internal analyses of market trends and pricing, and contracts containing confidential pricing terms. McKesson takes no position as to whether these materials merit confidential treatment, but these were designated by the producing and testifying parties as Confidential or Highly Confidential pursuant to the Protective Order entered by this Court.

Plaintiffs can provide this Court with justification for their confidential designations. As for non-parties, disclosure of confidential information designated by non-party witnesses would injure such parties who have cooperated with such productions and testimony in the discovery process. The third parties who have cooperated with but did not initiate this litigation have a justifiable expectation of the privacy of the information they have shared under the protective order. *See In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 477 (6th Cir. 1983).

WHEREFORE, McKesson respectfully requests that this Court grant them leave to file the submissions listed above under seal. Redacted copies which excise confidential material will be filed in the public record.

Respectfully submitted,

Dated: January 24, 2007

JOHN KIERNAN
NICOLE JOHNSON
BONNER KIERNAN TREBACH &
 CROCIATA
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415)268-7000
Facsimile: (415) 268-7522

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Lori Schechter, counsel of record for defendant McKesson Corporation, hereby certify that McKesson's counsel conferred with counsel for plaintiffs in an effort to resolve the issue referred to in this motion, and that plaintiffs' counsel indicated that plaintiffs will oppose the motion.

/s/ Lori A. Schechter
Lori A. Schechter

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on January 24, 2007.

                                          /s/ Lori A. Schechter
                                          Lori A. Schechter

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　　Defendants. | Civil Action: 1:05-CV-11148-PBS |

**[PROPOSED] ORDER GRANTING MCKESSON CORPORATION'S MOTION FOR LEAVE TO FILE UNDER SEAL**

On January 24, 2007, McKesson Corporation filed a Motion for Leave to File under Seal with this Court certain documentation designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Court's Protective Order of April 11, 2006. The Court, having considered all pleadings in support and opposition thereto, hereby GRANTS McKesson Corporation's Motion for Leave to File under Seal the following items:

1. McKesson Corporation's Memorandum in Opposition to Class Certification

2. Declaration of Lori A. Schechter in Support of McKesson Corporation's Memorandum in Opposition to Class Certification and exhibits thereto

3. Declaration of Dr. Robert D. Willig, Professor of Economics, Princeton University

4. Defendant McKesson Corporation's Response to Plaintiffs' Proffer of Evidence and Counter-Proffer Regarding Evidence of Individual Issues

IT IS SO ORDERED.


DATED: _____      _____
                                     Hon. Patti B. Saris
                                     United States District Court Judge