IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; MAUREEN COWIE; JUNE SWAN; and BERNARD GORTER,<br><br>              Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>              Defendants. | Case No. 1:05-CV-11148-PBS<br><br><br>Judge Patti B. Saris |

**DECLARATION OF TIFFANY CHEUNG IN SUPPORT OF DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL MCKESSON TO MAKE ITS 30(b)(6) WITNESS AVAILABLE AND PRODUCE IMS DATA**

I, Tiffany Cheung, declare as follows:

1.      I am an attorney at the law firm of Morrison & Foerster LLP and one of the attorneys of record for McKesson Corporation ("McKesson") in this action. I submit this declaration in support of McKesson Corporation's Response to Plaintiffs' Motion to Compel McKesson to Make Its 30(b)(6) Witness Available and Produce IMS Data.

1

**Plaintiffs' Refusal to Provide Document Source Information**

2.      On June 22, 2006 and on multiple occasions thereafter, McKesson offered to provide plaintiffs with a log identifying the sources of the documents it has produced in this case, if plaintiffs would reciprocate by providing a source log of their own.  A true and correct copy of my June 22, 2006 letter to plaintiffs' counsel, Steve Berman, is attached as Exhibit 1.  Plaintiffs refused to exchange source logs.

3.      McKesson thereafter asked questions about documents, as well as the merits of plaintiffs' claims, during the depositions of plaintiffs' Rule 30(b)(6) witnesses.  Specifically, McKesson's Rule 30(b)(6) notice to each plaintiff included a request that it designate the person knowledgeable about "Your filing and recordkeeping systems, policies, and procedures relating to prescription drug benefits, including (a) Your use and storage of documents, including paper records, electronic data, and email, relating to prescription drug benefits; (b) the location and organization of the systems or media that store Your electronic information, the format of such information, and how to access such information; (c) the location and organization of documents relating to Your prescription drug benefits or Your reimbursement payments for drugs; and (d) Your document retention and destruction policies."

4.      At their depositions, plaintiffs' Rule 30(b)(6) designees were often unable to identify where particular documents had come from.  For example, when McKesson asked District Council 37's Rule 30(b)(6) witness to identify the custodians of numerous documents produced by District Council 37, its witness could not identify a single custodian.  When advised of its designee's inability to identify the source of documents it had produced or the search that led to them, District Council 37 refused to produce a knowledgeable witness, claiming that it would not be appropriate for the only knowledgeable witness, an in-house attorney, to testify.

**Plaintiffs' Deposition Request for McKesson's Document Source Information**

5.      On January 5, 2007, plaintiffs' counsel, Barbara Mahoney, sent me an e-mail requesting a Rule 30(b)(6) witness "most knowledgeable of the identity of the custodians of record of the documents produced by McKesson in this litigation."  (Mahoney Decl. Ex. A.) That same day, I renewed McKesson's offer to provide a source log for this custodian information, if plaintiffs would agree to do the same.  (*Id*. Ex. B.)  In response, Ms. Mahoney refused to provide source information for plaintiffs' documents, but stated: "If you are willing to provide this information freely, we will forego our deposition request."  (*Id*. Ex. C.)  On January 11, 2007, McKesson accepted plaintiffs' offer and agreed to provide plaintiffs with a source log. (*Id*. Ex. E.)  On January 12, 2007, Ms. Mahoney advised that plaintiffs would not withdraw their request for a Rule 30(b)(6) witness, stating for the first time that "[o]ur offer to cancel the deposition is conditioned on receipt of the requested information . . . ."  (*Id*. Ex. F.)

6.      On January 15, 2007, Martin Luther King Day, plaintiffs e-mailed McKesson's counsel a notice for a deposition on January 26, 2007 of a witness "who is knowledgeable of the identity of the custodians of record of the documents produced by McKesson in this litigation." (*Id*. Ex. G.)  On January 19, 2007, McKesson objected to this notice because the notice failed to comply with the 14-day notice requirement under Case Management Order No. 1.  (*Id*. Ex. H.) On this date, I also committed to providing McKesson's source log to plaintiffs by January 31, 2007.  (*Id*.)

7.      On January 22, 2007, Ms. Mahoney wrote that "[p]laintiffs intend to proceed with the deposition as scheduled . . . ."  (*Id*. Ex. I.)  On January 23, 2007, I reiterated that the deposition notice was defective and that the deposition was unnecessary in light of McKesson's agreement to provide plaintiffs with a source log.  A true and correct copy of this letter is

3

attached as Exhibit 2.  That same day, plaintiffs filed their motion to compel testimony from a

Rule 30(b)(6) witness knowledgeable about McKesson's document custodians.

<u>**McKesson's Production of Its Source Log**</u>

8.        On January 31, 2007, I sent Ms. Mahoney a letter, enclosing McKesson's source

log.  That log identifies, in table form, the Bates ranges of all McKesson documents that have

been produced thus far, and gives the corresponding name of the individual or other source from

whom the documents were obtained.  A true and correct copy of that letter and source log is

attached to this declaration as Exhibit 3.

<u>**McKesson's Efforts to Obtain Permission to Produce IMS's Proprietary Data**</u>

9.        McKesson is contractually bound to obtain IMS Health, Inc.'s ("IMS")

permission before producing any of IMS's proprietary information in McKesson's possession to

third parties.  I understand from plaintiffs' counsel that they requested similar information from

the manufacturer defendants in the AWP MDL, a related suit before this Court by the same

plaintiffs and plaintiffs' counsel against drug manufacturers, and that plaintiffs executed IMS's

confidentiality agreements before the MDL defendants produced IMS data to plaintiffs.

Similarly, in this case, IMS requested that plaintiffs and McKesson sign confidentiality

agreements prepared by IMS before the production of any IMS data.

10.        The parties participated in a discovery conference regarding plaintiffs' request for

IMS data on September 22, 2006, during which McKesson agreed to request IMS's consent to

the production of IMS data.  On September 26, 2006, I contacted Kristen Furtak, in-house

counsel at IMS, to request permission to produce IMS's proprietary data to plaintiffs in this case.

In the weeks following, before McKesson received IMS's confidentiality agreement, McKesson

reviewed and prepared IMS data for production to the plaintiffs.

11.    On January 10, 2007, I received an email from Ms. Mahoney stating that McKesson must produce the IMS data in "very short order or we will have to take the matter up with the Court." (Mahoney Decl. Ex. M.)

12.    On January 11, 2007, I informed Ms. Mahoney that IMS had not yet given its permission to produce the data, but that McKesson anticipated producing the information "by the end of this month." (*Id*.)

13.    The following day I emailed Ms. Furtak of IMS, reminding her of McKesson's request to obtain permission to produce the IMS data. A true and correct copy of that email is attached as Exhibit 4 to this declaration.

14.    On January 12, 2007, I spoke with Ms. Furtak by telephone and was informed that it would take about "a couple of days" after January 15, 2007 to prepare the confidentiality agreement.

15.    The following Monday, on January 15, 2007, I relayed that information to Ms. Mahoney, and informed her that McKesson's production of the data would begin immediately following plaintiffs' execution of the IMS confidentiality agreement. (*Id*. Ex. N.)

16.    The next day, on January 16, 2007, Ms. Mahoney replied, asking to be kept "informed of any updates." (*Id*. Ex. O.) On January 23, 2007, although they had not yet signed the necessary confidentiality agreement, plaintiffs moved to compel McKesson's production of the IMS data.

17.    On January 25, 2007, I contacted Ms. Furtak by telephone to follow up on the confidentiality agreements that IMS was preparing because I had not yet received these agreements from IMS.

18.     On January 30, 2007, Ms. Furtak sent me a copy of the confidentiality agreement prepared by IMS for plaintiffs' counsel's signature.  That same day I emailed this agreement to plaintiffs' counsel.  A true and correct copy of that email is attached as Exhibit 5.

## McKesson's Production of IMS Data

19.     On January 31, 2007 plaintiffs' counsel returned an executed copy of the IMS confidentiality agreement.  That same day, I forwarded the executed agreement to IMS, and on February 1, 2007, received permission from Ms. Furtak to produce the IMS data.  A true and correct copy of that email exchange is attached as Exhibit 6.  Later that same day, I sent plaintiffs a CD containing IMS data by overnight mail, informing them that additional IMS data would be produced on a rolling basis.  A true and correct copy of the cover letter accompanying that production is attached to this declaration as Exhibit 7.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of February, 2007, in San Francisco, California.

By: /s/ Tiffany Cheung
Tiffany Cheung


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on February 6, 2007.

/s/ Lori A. Schechter
Lori A. Schechter

# Exhibit 1

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 22, 2006

By E-Mail

Steve W. Berman
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Writer's Direct Contact
415/268-6848
TCheung@mofo.com

      Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Steve:

I write in response to your letter of today, which requests a list of custodians.  We will provide plaintiffs with a log reflecting the sources of the documents produced by McKesson if plaintiffs will provide McKesson with a source log for their productions.  Please confirm that plaintiffs will agree to this.

Sincerely,

Tiffany Cheung

cc:  *Via E-mail*

| | | |
|---|---|---|
| Melvin R. Goldman | Thomas M. Sobol | Timothy L. Miles |
| Lori A. Schechter | George E. Barrett | Jeffrey Kodroff |
| Paul Flum | Edmund L. Carey | John Macoretta |
| Joan Griffin | Gerald E. Martin | Kenneth A. Wexler |
| Elizabeth Fegan | | |

sf-2151669

# Exhibit 2

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 23, 2007

*By E-Mail*

Barbara A. Mahoney
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Writer's Direct Contact
415/268-6848
TCheung@mofo.com

Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Barbara:

This letter responds to your letter of January 22 regarding the Rule 30(b)(6) deposition plaintiffs seek.

First, we do not intend to produce a witness for this deposition on January 26. As we previously stated, your deposition notice violated the 14-day notice period that plaintiffs asked the Court to impose. Your letter offers no basis for plaintiffs to exempt themselves from this requirement. Surely plaintiffs should have to comply with what they asked for.

Second, plaintiffs agreed to forgo the deposition if they were given a source log. (Your January 5, 2007 e-mail: "If you are willing to provide this [document custodian] information freely, we will forego our deposition request.") McKesson agreed to comply with the deal plaintiffs offered (despite plaintiffs' refusal to reciprocate in kind), and agreed to a date certain. Plaintiffs have now reneged.

Third, plaintiffs have no basis for insisting on production of McKesson's source log on an earlier date since (a) plaintiffs refused to voluntarily produce their own source log; (b) McKesson's class opposition is due January 24, and we are understandably busy; and (c) plaintiffs have offered no basis for any urgency.

Finally, a deposition is not the appropriate means to obtain source log information and is unnecessary in light of McKesson's agreement to provide a written source log. If you nonetheless move to compel, we will seek sanctions for this discovery abuse.

Sincerely,

Tiffany Cheung

sf-2258427

# Exhibit 3

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 31, 2007

*By E-Mail*

Barbara A. Mahoney
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Writer's Direct Contact
415/268-6848
TCheung@mofo.com

Re:     *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Barbara:

In response to plaintiffs' offer to withdraw their request for a Rule 30(b)(6) witness regarding the custodians of the documents produced by McKesson, McKesson agreed to voluntarily provide plaintiffs with a source log.  On January 19, we committed to getting that log to you on January 31.  Despite the fact that plaintiffs have reneged on their offer, enclosed is a log identifying the sources of the documents produced by McKesson in this case.

Sincerely,

Tiffany Cheung

Enclosure

sf-2263126

*New England Carpenters Benefits Fund v. McKesson*

## MCKESSON'S SOURCE LOG

| Production Bates Range | Source |
|---|---|
| MCKAWP 0000001 - 0007474 | Legal Department |
| MCKAWP 0007475 - 0029962 | Bates Range Nullified, Electronic Error |
| MCKAWP 0029963 - 0035159 | Pia Castillo |
| MCKAWP 0035160 - 0035415 | Eric Cullenward |
| MCKAWP 0035416 - 0049363 | Erlinda Thomas |
| MCKAWP 0049364 - 0052135 | Ron Castaldo |
| MCKAWP 0052136 - 0052179 | Eric Cullenward |
| MCKAWP 0052180 - 0052181 | Pia Castillo |
| MCKAWP 0052182 - 0052183 | Bob James |
| MCKAWP 0052184 - 0052192 | Galina Mayorchuk |
| MCKAWP 0052193 - 0052194 | Bob James |
| MCKAWP 0052195 - 0052198 | Pia Castillo |
| MCKAWP 0052199 - 0052210 | Eric Cullenward |
| MCKAWP 0052211 - 0052260 | Erlinda Thomas |
| MCKAWP 0052261 - 0052264 | Jeff Herzfeld |
| MCKAWP 0052265 - 0052266 | Ron Castaldo |
| MCKAWP 0052267 - 0052290 | Greg Yonko |
| MCKAWP 0052291 - 0052340 | Boyd Phillips |
| MCKAWP 0052341 - 0052347 | Anthony Dolan |
| MCKAWP 0052348 - 0052350 | Robert Alfaro |
| MCKAWP 0052351 | Ed Bissler |

*New England Carpenters Benefits Fund v. McKesson*

## MCKESSON'S SOURCE LOG

| Production Bates Range | Source |
|---|---|
| MCKAWP 0052352 | Robert Alfaro |
| MCKAWP 0052353 - 0052361 | Ed Bissler |
| MCKAWP 0052362 - 0052364 | Becca Norris |
| MCKAWP 0052365 | Ed Bissler |
| MCKAWP 0052366 - 0052368 | June Fallon |
| MCKAWP 0052369 - 0052377 | Mike Eckel |
| MCKAWP 0052378 | Tony Rosa |
| MCKAWP 0052379 - 0052380 | Sam Thompson |
| MCKAWP 0052381 - 0052386 | Laura Perez |
| MCKAWP 0052387 | Legal Department |
| MCKAWP 0052388 - 0052391 | Tony Rosa |
| MCKAWP 0052392 - 0052394 | Legal Department |
| MCKAWP 0052395 | Ryan Gamlin |
| MCKAWP 0052396 | Rose Gabaeff |
| MCKAWP 0052397 - 0052398 | Tony Rosa |
| MCKAWP 0052399 | Brian McAndrews |
| MCKAWP 0052400 - 0052405 | Mike Eckel |
| MCKAWP 0052406 | Martha Torres-Morgan |
| MCKAWP 0052407 - 0052409 | Lilbeth Valiao |
| MCKAWP 0052410 | June Fallon |
| MCKAWP 0052411 - 0052413 | Lilbeth Valiao |

## MCKESSON'S SOURCE LOG

| Production Bates Range | Source |
| --- | --- |
| MCKAWP 0052414 - 0052419 | Maribel Mallari |
| MCKAWP 0052420 - 0052428 | Tyler Jones |
| MCKAWP 0052429 - 0052434 | Ricky Terrell |
| MCKAWP 0052435 | Tyler Jones |
| MCKAWP 0052436 | Michael Bishop |
| MCKAWP 0052437 - 0052438 | Telisca Lyndsay |
| MCKAWP 0052439 | Tyler Jones |
| MCKAWP 0052440 - 0052442 | Karen Martindale |
| MCKAWP 0052443 - 0052444 | Dolores Amerine |
| MCKAWP 0052445 - 0052448 | Dan Jeffries |
| MCKAWP 0052449 - 0052450 | Sheri Harbour |
| MCKAWP 0052451 - 0056575 | Ed Bissler |
| MCKAWP 0056576 - 0057217 | Anthony Dolan |
| MCKAWP 0057218 - 0062270 | Galina Mayorchuk |
| MCKAWP 0062271 - 0071594 | Bob James |
| MCKAWP 0071595 - 0072065 | Martha Torres-Morgan |
| MCKAWP 0072066 - 0073836 | Jeff Herzfeld |
| MCKAWP 0073837 - 0074076 | Pricilla DeLaCruz |
| MCKAWP 0074077 - 0075597 | Darlene Ray |
| MCKAWP 0075598 - 0075718 | Karen Martindale |
| MCKAWP 0075719 - 0075765 | Rex Catton |

*New England Carpenters Benefits Fund v. McKesson*

### MCKESSON'S SOURCE LOG

| Production Bates Range | Source |
|---|---|
| MCKAWP 0075766 - 0075936 | Stacy Harber |
| MCKAWP 0075937 - 0075973 | Business Information Services Department |
| MCKAWP 0075974 - 0076953 | John Bonner |
| MCKAWP 0076954 - 0076980 | Ron Castaldo |
| MCKAWP 0076981 - 0079483 | Mike Eckel |
| MCKAWP 0079484 - 0080597 | June Fallon |
| MCKAWP 0080598 - 0080626 | Jack Fragie |
| MCKAWP 0080627 - 0080701 | Bob James |
| MCKAWP 0080702 - 0080972 | Galina Mayorchuk |
| MCKAWP 0080973 - 0081079 | Ned McKenna |
| MCKAWP 0081080 - 0081097 | Leonard Moore |
| MCKAWP 0081098 - 0081133 | Erlinda Thomas |
| MCKAWP 0081134 - 0081165 | Sam Thompson |
| MCKAWP 0081166 - 0083440 | Leslie Friedman |
| MCKAWP 0083441 - 0084289 | Tyler Jones |
| MCKAWP 0084290 - 0084694 | Greg Yonko |
| MCKAWP 0084695 - 0085200 | John Figueroa |
| MCKAWP 0085201 - 0085227 | Martha Torres-Morgan |
| MCKAWP 0085228 - 0085340 | Pia Castillo |
| MCKAWP 0085341 - 0085760 | Wai Pang |
| MCKAWP 0085761 - 0092035 | Business Information Services Department |

4

## MCKESSON'S SOURCE LOG

| Production Bates Range | Source |
|---|---|
| MCKAWP 0092036 - 0093733 | Ron Castaldo |
| MCKAWP 0093734 - 0093870 | Leslie Friedman |
| MCKAWP 0093871 - 0093920 | Jeff Herzfeld |
| MCKAWP 0093921 - 0093942 | Bob James |
| MCKAWP 0093943 - 0093949 | Tyler Jones |
| MCKAWP 0093950 - 0094022 | Darlene Ray |
| MCKAWP 0094023 - 0094099 | Erlinda Thomas |
| MCKAWP 0094100 - 0095284 | Galina Mayorchuk |

# Exhibit 4

| | |
|---|---|
| **From:** | Cheung, Tiffany |
| **Sent:** | Friday, January 12, 2007 8:20 AM |
| **To:** | 'Kristen Furtak (kfurtak@us.imshealth.com)' |
| **Subject:** | McKesson |

Kristin:

I am hoping to speak with you about the IMS data that has been requested from McKesson in litigation and that we have previously discussed.  Are you available for a call today?  Please name a time, and I'd be happy to give you a call.

Regards,
Tiffany

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

# Exhibit 5

**From:**        Cheung, Tiffany
**Sent:**        Tuesday, January 30, 2007 3:28 PM
**To:**          Steve Berman; 'Barbara Mahoney'
**Subject:**     New England Carpenters v. First DataBank


Document.pdf (512
KB)

We just received the attached confidentiality agreement prepared by IMS. Please sign the agreement and forward the executed agreement to me so that we may provide it to IMS in obtaining its permission to produce IMS data in this case.

Regards,

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

# Exhibit 6

-----Original Message-----
**From:** KFurtak@us.imshealth.com [mailto:KFurtak@us.imshealth.com]
**Sent:** Thursday, February 01, 2007 11:20 AM
**To:** Cheung, Tiffany
**Subject:** RE: New England Carpenters: Executed Confidentiality Agreements

Yes, McKesson may now produce the data.

Thanks,

Kristen J. Furtak, M.A.
Corporate Attorney
IMS Health Incorporated
660 West Germantown Pike
Plymouth Meeting, PA  19462
(p) 610-260-6645
(f) 610-260-6640

---

**From:** Cheung, Tiffany [mailto:TCheung@mofo.com]
**Sent:** Wednesday, January 31, 2007 6:05 PM
**To:** Furtak, Kristen (Plymouth Meeting)
**Subject:** New England Carpenters: Executed Confidentiality Agreements

<<Document.pdf>> <<SFX1BC.pdf>>
Kristen,

I have attached executed copies of the confidentiality agreements you prepared for McKesson and for plaintiffs' counsel in the matter entitled, *New England Carpenters, et al. v. First DataBank, et al.*  Please let me know if McKesson now has IMS' permission to produce the data in McKesson's possession that is covered by the attached confidentiality agreements.

Regards,

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

===========================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding

penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

# Exhibit 7

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

February 1, 2007

Writer's Direct Contact
415/268-6848
TCheung@mofo.com

*By E-Mail and Overnight Mail*

Barbara A. Mahoney
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:    *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Barbara:

We received yesterday a copy of the confidentiality agreement signed by plaintiffs that governs certain IMS data to be produced in this case. Today, IMS granted McKesson permission to produce the data governed by this confidentiality agreement. Thus, please find enclosed a CD, bates-labeled MCK AWP 0095285, containing IMS data produced by McKesson. As we previously discussed, McKesson does not have IMS data with all the fields and in the format plaintiffs requested, and it is not clear to us that plaintiffs are interested in the limited IMS data in McKesson's possession. McKesson, nevertheless, is beginning its rolling production of IMS data with the enclosed representative examples of reports that McKesson has received from IMS. Please let us know if, as we suspect, the enclosed reports do not contain the data fields that plaintiffs are seeking.

Sincerely,

Tiffany Cheung

Enclosure (via overnight mail)

sf-2263013