UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                      Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                      Defendants. | C.A. No. 1:05-CV-11148-PBS |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR THREE-WEEK EXTENSION TO FILE THEIR REPLY BRIEF IN SUPPORT OF <u>THEIR AMENDED MOTION FOR CLASS CERTIFICATION</u>**

I, Steve W. Berman, hereby declare that:

1. I am a partner of Hagens Berman Sobol Shapiro LLP ("HBSS"), resident in its Seattle, Washington, office, and I am one of counsel for the plaintiffs in the above-captioned matter. I submit this declaration in support of Plaintiffs' Motion for a Three-Week Extension to File their Reply Brief in Support of their Amended Motion for Class Certification. I have consulted with McKesson's attorney, Lori Schechter, regarding the extension, but have not received a clear response whether McKesson assents to or opposes Plaintiffs' motion.

2. Plaintiffs have asked their expert, Raymond S. Hartman to prepare a declaration to rebut the testimony of McKesson's expert, Robert D. Willig. Dr. Willig has submitted a 78-page report. It will require a substantial amount of time to review the record and analyze his findings in light of the available evidence. Plaintiffs would have been spared much of this effort had McKesson responded to interrogatories Plaintiffs served on McKesson in September, requesting that it state the basis for its opposition to class certification. Although McKesson essentially had over six-months to respond to Plaintiffs' motion, it refused to disclose the basis for its opposition prior to the filing of its brief. Had McKesson outlined its opposition, as requested last fall, Plaintiffs could have prepared accordingly. By refusing to respond, McKesson unnecessarily obscured the issues in dispute.

3. I have consulted with Dr. Hartman and he has been unable to devote much time to this reply. Dr. Hartman is involved in numerous litigation matters. In addition to preparing his rebuttal declaration in this case, Dr. Hartman has several other concurrent commitments in *UFCW Local 1776, et al. v. Eli Lilly & Co.*, No. 05-cv-4115-JBW (E.D.N.Y.) ("Zyprexa"); *In re Neurontin Mktg., Sales Practices & Prods. Liab. Litig.*, No. 04-cv-10981-PBS, MDL No. 1629 (D. Mass.) ("Neurontin"); *Sheet Metal Workers Local 441 Health & Welfare Plan v. GSK*, No. 04-cv-5898-BWK (E.D. Pa.) ("Wellbutrin"); as well as a case involving Premarin ("Premarin"); and a case brought by the U.S. Department of Energy ("Yucca Mountain"). Hagens Berman Sobol Shapiro is one of the law firms representing the plaintiffs in the Zyprexa, Neurontin and Wellbutrin lawsuits.

4. Dr. Hartman is a consulting expert in the Zyprexa off-label promotion case. Plaintiffs' report in support of class certification is due on February 12. Dr. Hartman is assisting plaintiffs' named expert, Dr. Rosenthal, with the econometrics that form the basis of the showing

of impact, liability and the calculation of damages. Dr. Hartman has informed me that he sees this effort as involving much of his time through filing.

5.  Dr. Hartman has informed me that he is scheduled to testify in Philadelphia one day the end of this week or early next week in a personal injury case involving Premarin.

6.  Dr. Hartman is the plaintiffs' named expert in the Neurontin off-label promotional case. Defendants in that lawsuit submitted the declarations of three experts opposing class certification. Dr. Hartman needs to file a rebuttal declaration to all three on February 21.

7.  Further, Dr. Hartman is scheduled to appear before the U.S. Court of Federal Claims in Yucca Mountain, a matter relating to a breach of contract by the U.S. Department of Energy regarding storage of nuclear waste at Yucca Mountain. The appearance is scheduled for one to two days over the period of February 22 through 26. Prior to that appearance he will need to prepare demonstrations and do trial runs.

8.  Finally, Dr. Harman is a consulting expert in the Wellbutrin case. Plaintiffs' expert declaration, for which Dr. Hartman is providing assistance, is due in late March.

9.  Given Dr. Hartman's commitments to other litigation in the next six weeks Plaintiffs have grave concerns whether they can adequately address the issues raised by McKesson's expert within the time currently allotted. A modest three-week extension will offset these concerns.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of February 2007.

                                          **/s/ Steve W. Berman**
                                          STEVE W. BERMAN

- 4 -

## CERTIFICATE OF SERVICE

I, Steve W. Berman, hereby certify that a true and correct copy of the above document was served on the attorney of record for each party via the Court's electronic filing system this 7th day of February, 2007.

By   /s/ Steve W. Berman
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292