IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; MAUREEN COWIE; JUNE SWAN; and BERNARD GORTER,<br><br>          Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>          Defendants. | Case No. 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION FOR THREE-WEEK EXTENSION TO FILE THEIR REPLY BRIEF IN SUPPORT OF THEIR AMENDED MOTION FOR CLASS CERTIFICATION**

I.  **INTRODUCTION**

That Dr. Hartman is a very busy expert is well known. Indeed, to meet Dr. Hartman's very active schedule, on numerous occasions since plaintiffs first filed their class motion, McKesson has agreed at plaintiffs' request to delay the taking of Dr. Hartman's deposition, and to changes in the motion schedule, all in the interest of accommodating Dr. Hartman.[1] In fact, as plaintiffs know, McKesson is again prepared to do so now in response to plaintiffs' latest request regarding Dr. Hartman. All that McKesson seeks in a new schedule is one that addresses both sides' legitimate needs, not just the one-sided approach being insisted upon here.

A.  **McKesson's Concerns, Not Just Plaintiffs, Should Be Addressed In Any New Schedule.**

McKesson's economic expert is Dr. Robert Willig, a Professor of Economics at Princeton University. Like Dr. Hartman, he too has a busy schedule. After the filing of Dr. Willig's declaration on January 24, plaintiffs advised McKesson that they were not sure whether they will depose Dr. Willig at all prior to the class hearing and have refused even to discuss dates for Dr. Willig's deposition, if it is to be taken. As part of any revised schedule, McKesson is entitled to know if plaintiffs will depose Dr. Willig, and if so, when. There is no reason why Dr. Willig's deposition cannot be scheduled now, subject to reasonable notice of cancellation if plaintiffs decide not to proceed. Dr. Willig's schedule is surely entitled to as much deference in this litigation as is Dr. Hartman's, and plaintiffs should be required to meet and confer with McKesson over this issue as part of any new schedule.[2]

---

[1] *See* Declaration of Lori A. Schechter in Support of Defendant McKesson Corporation's Opposition to Plaintiffs' Motion for Three-Week Extension to File Their Reply Brief in Support of Their Amended Motion for Class Certification ("Schechter Decl.") ¶¶ 2-3.

[2] To buttress their request for more time to reply, plaintiffs cite to the length of Dr. Willig's declaration. (Plaintiffs' Motion for Three-Week Extension to File Their Reply Brief in Support of Their Amended Motion for Class Certification at 2.) Yet the Willig declaration merely responded to Dr. Hartman's deposition testimony, and to his two declarations in this case which also rely upon his two declarations on class issues in the MDL. Nor can plaintiffs base their need for more time on McKesson's refusal to answer contention interrogatories seeking the basis for McKesson's class opposition before the opposition had even been filed. (*See id.* at 3.) Indeed, in November, after McKesson cited plaintiffs to a case directly on point that confirmed plaintiffs' interrogatories were improper, *McCarthy v. Paine Webber Group*, 168 F.R.D. 448, 450 (D. Conn. 1996), plaintiffs abandoned their request for this information. (Schechter Decl. ¶ 6.)

1

In similar vein, plaintiffs seek a revised schedule to allow Dr. Hartman to file another declaration, but refused to respond to McKesson's inquiry regarding Dr. Hartman's availability for a deposition on his supplemental report.[3] As a result, McKesson could not fairly evaluate plaintiffs' proposed revision to the schedule, or propose an acceptable date for its surreply. Any revised schedule should take into account the setting of Dr. Hartman's deposition as well.

### B. A Comprehensive Schedule Should Be Formulated Now to Protect Against Further Schedule Delays.

Plaintiffs requested an extension of time for their reply brief and a new hearing schedule on February 5. (Schechter Decl. ¶ 4.) This request followed on the heels of numerous other schedule changes since plaintiffs' class motion was first filed in July 2006.[4] Given this prior history, in response to plaintiffs' request, McKesson sought to arrive at a comprehensive schedule that would take into account plaintiffs' discovery plan prior to the class hearing, the availability of plaintiffs' expert, and other case scheduling issues pertinent to plaintiffs' request. (*Id.*) McKesson sought this information with the hopes of making this the last scheduling change on plaintiffs' class motion. However, all of McKesson's efforts to meet and confer with plaintiffs on these issues have been rebuffed. (*Id.* Ex. 1.)

All potential modifications to the case schedule should be considered at once, to the extent possible, to minimize the burden on the Court, and on the parties and experts who have set other commitments around the schedule. Accordingly, a revised class schedule should be approved only after (a) a mutually agreeable date in advance of the reply brief deadline is set for Dr. Willig's deposition (if a deposition is desired at all); (b) a mutually agreeable date in advance of McKesson's surreply deadline is set for Dr. Hartman's deposition; and (c) any remaining impact of the schedule change on other proceedings and discovery in this case is taken into

---

[3] Plaintiffs previously agreed that they would make Dr. Hartman available to be deposed on any supplemental declarations. (*See* Schechter Decl. ¶ 5, Ex. 2.)

[4] Plaintiffs' class motion and expert declarations were first filed in July of last year. The schedule was changed to accommodate Dr. Hartman's busy schedule, then to allow plaintiffs time to amend their motion to include a consumer class, and then to accommodate plaintiffs' counsel's MDL schedule. On December 20, 2006, plaintiffs submitted an amended class motion, a completely re-written brief, and for the first time, a proffer of evidence and a trial plan. McKesson met the Court-ordered deadline for the class opposition, filing it on January 24, 2007.

account.  The comprehensive schedule contemplated by McKesson is in keeping with case management techniques recommended in situations of this kind.  *See* Manual for Complex Litigation (Fourth), § 21.11 (2004) (advocating case management orders that make appropriate plans for the most cost-effective means of conducting pre-certification class discovery).

## II.  CONCLUSION

In sum, McKesson is agreeable to another delay to accommodate Dr. Hartman's conflicts, but not on a one-sided basis.  If plaintiffs would meet and confer with McKesson in good faith to discuss *both* sides' needs, no court time or intervention would be required.


Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter

Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415)268-7000
Facsimile:  (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated:  February 8, 2007

3

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on February 8, 2007.

/s/ Lori A. Schechter
Lori A. Schechter