UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; MAUREEN COWIE; JUNE SWAN; and BERNARD GORTER,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　Defendants. | Case No. 1:05-CV-11148-PBS |

**DECLARATION OF LORI A. SCHECHTER IN SUPPORT OF DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION FOR THREE-WEEK EXTENSION TO FILE THEIR REPLY BRIEF IN SUPPORT OF THEIR AMENDED MOTION FOR CLASS CERTIFICATION**

I, Lori A. Schechter, declare as follows:

1.　I am a partner at the law firm of Morrison & Foerster LLP and one of the attorneys of record for McKesson Corporation ("McKesson") in this action. I submit this declaration in support of McKesson's Response to Plaintiffs' Motion for Three-Week Extension to File Their Reply Brief in Support of Their Amended Motion for Class Certification.

**McKesson's Assent to Plaintiffs' Requests for Scheduling Accommodations**

2.　McKesson consented to all of plaintiffs' previous requests for a revision to the class motion schedule to accommodate Dr. Hartman's or the plaintiffs' AWP MDL commitments.

3.      McKesson consented to all of plaintiffs' requests to change Dr. Hartman's deposition by weeks, and then by over a month, to accommodate Dr. Hartman's schedule.

### Plaintiffs' Refusal to Confer on a Revised Schedule

4.      On February 5, 2007, plaintiffs' counsel requested an expansion of their time to file a class reply to nearly 8 weeks, and a delay of the April 12 class hearing to the week of May 27.  On February 6, McKesson indicated its willingness to accommodate plaintiffs' request if plaintiffs would provide clarity on what discovery and other case proceedings would occur during the extended briefing and class schedule so that McKesson could determine what revised schedule would make sense for its expert and its own briefing.  For example, McKesson asked whether plaintiffs intended to depose its expert, Dr. Robert Willig, and if so, when; and asked whether Dr. Hartman would be available for deposition on his new declaration before McKesson's surreply was due.  McKesson proposed that the parties meet and confer to create a mutually agreeable schedule that takes into account the answers to these questions.  On February 6, plaintiffs refused to answer these questions or even to engage in a meet and confer on an appropriate schedule revision.  Plaintiffs indicated they would file this motion instead.  (*See* attached Exhibit 1.)

### Plaintiffs' Agreement to Offer Dr. Hartman for Deposition on His Supplemental Report

5.      On September 8, 2006, plaintiffs agreed, in connection with one of their requests to modify the class schedule, that all declarants submitting reply declarations would be made available for deposition prior to McKesson's surreply deadline.  (*See* attached Exhibit 2.)  Although plaintiffs' counsel intends to submit a third declaration of Dr. Hartman in support of their class motion, plaintiffs have refused to discuss dates on which Dr. Hartman will be available for deposition.

### Plaintiffs' Abandonment of Their Improper Class Certification Interrogatories

6.      On August 28, 2006, plaintiffs served interrogatories on McKesson seeking the bases for McKesson's class opposition that had yet to be filed.  During the November 1, 2006, discovery conference plaintiffs requested on the interrogatories, McKesson's counsel cited plaintiffs' counsel to a case directly on point which holds that such class contention interrogatories are improper.  *See McCarthy v. Paine Webber Group*, 168 F.R.D. 448, 450 (D. Conn. 1996) (denying motion to compel

responses on class certification contention interrogatories). After this discovery conference, plaintiffs did not pursue this request any further.

7. True and correct copies of correspondence exchanged between the parties are attached as exhibits to this declaration as follows:

| Exhibit 1 | E-mail correspondence between L. Schechter and S. Berman dated February 6, 2007, regarding a revised schedule. |
| Exhibit 2 | Correspondence between L. Schechter and S. Berman, dated September 6, 2006 through September 8, 2006, regarding depositions on reply declarations. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of February, 2007, in San Francisco, California.

By:

/s/ Lori A. Schechter
Lori A. Schechter

3

**CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on February 8, 2006.

              /s/ Lori A. Schechter
              Lori A. Schechter

# Exhibit 1

-----Original Message-----
**From:** Steve Berman [mailto:Steve@hbsslaw.com]
**Sent:** Tuesday, February 06, 2007 4:05 PM
**To:** Schechter, Lori A.
**Subject:** RE: fdb

**all we have done is take three weeks for us to be able to work with Hartman**

**if you think you need the same time we have for your sureply, a limited filing, we don't care**

**in our view this request shd not be related to what depositions we may decide to take or to the settlement**

**we have said all we will and intend to move tomorrow unless you consent to the schedule or propose something else**

---

**From:** Schechter, Lori A. [mailto:LSchechter@mofo.com]
**Sent:** Tuesday, February 06, 2007 3:35 PM
**To:** Steve Berman
**Subject:** RE: fdb

Steve,

Our request for more information will enable the parties to agree on a discovery plan and briefing schedule for the class reply and surreply that makes sense for both parties. Your proposed extension gives plaintiffs nearly 8 weeks to file a reply brief, but assumes that it is reasonable to leave McKesson with 4 weeks to file its surreply. Recall that Judge Saris' initial schedule gave both sides just 2 weeks for these briefs. We are entitled to know whether plaintiffs are planning 5 depositions or none during the intervals proposed. We are entitled to know whether or not our expert will be deposed, and when so we can accommodate his schedule too. We are entitled to know how a deposition of Dr. Hartman on his new declaration will fit into his busy schedule so as not to prejudice McKesson. We are entitled to know whether the FDB settlement will provide yet another distraction that necessitates another schedule change.

Plaintiffs waited almost two weeks after McKesson filed its class opposition to raise this request and should not now be demanding that we respond overnight. As we have done now in every instance plaintiffs have requested, we are amenable to giving plaintiffs an extension, but we see no reason why the schedule should be changed withoutclarity regarding deposition scheduling and mutual consideration for McKesson's deadlines. Let's discuss as soon as you are able an appropriate stipulation after you have determined whether you need Dr. Willig's deposition and any others before filing the reply brief, what Dr. Hartman's availability is for a deposition, and whether plaintiffs plan to schedule the FDB settlement hearing before June.

Lori

# Exhibit 2

-----Original Message-----
**From:** Steve Berman [mailto:Steve@hbsslaw.com]
**Sent:** Friday, September 08, 2006 2:13 PM
**To:** Schechter, Lori A.
**Cc:** Cheung, Tiffany
**Subject:** RE: New England Carpenters v. First DataBank

your proposal looks fine

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle WA 98101
206-224-9320

---

**From:** Schechter, Lori A. [mailto:LSchechter@mofo.com]
**Sent:** Friday, September 08, 2006 2:12 PM
**To:** Steve Berman
**Cc:** Cheung, Tiffany
**Subject:** FW: New England Carpenters v. First DataBank

So where are we on the schedule? Inquiring minds want to know.

-----Original Message-----
**From:** Cheung, Tiffany
**Sent:** Wednesday, September 06, 2006 5:29 PM
**To:** 'Steve Berman'
**Cc:** Schechter, Lori A.; 'jkiernan@bktc.net'
**Subject:** New England Carpenters v. First DataBank

<<Document.pdf>>
Please see the attached letter.

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

==================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any

advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

================================================================================

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

September 6, 2006

Writer's Direct Contact
415/268-6355
LSchechter@mofo.com

*By E-Mail*

Steve W. Berman
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:   *New England Carpenters Health Benefit Fund, et al. v. First DataBank, et al.*,
      No. 1:05-CV-11148-PBS

Dear Steve:

Your unfounded accusations notwithstanding, we agree to your request for 60 days to file plaintiffs' reply brief, if you will agree that:

1. McKesson's opposition to plaintiffs' class papers will be due November 17. We added one week because plaintiffs still have not completed their production of documents in response to our document request of six months ago. As a result, we have had to postpone the plaintiffs' depositions necessary for the class motion. Plaintiffs' reply brief will be due January 16, which is 60 days after the opposition.

2. Plaintiffs will take the deposition of McKesson's economic expert before December 22 because our expert is scheduled to be out of the country after that date, as we previously advised. This seems only fair given our efforts to bend over backwards to accommodate Dr. Hartman's deposition conflicts;

3. To the extent plaintiffs are permitted to file reply declarations with their reply brief, McKesson is permitted to depose each declarant prior to the submission of its surreply brief; and

sf-2187382

MORRISON | FOERSTER

Steve W. Berman
September 6, 2006
Page Two

4. McKesson's surreply shall be due March 19, which is a comparable length of time to your reply brief, and consistent with our agreement of August 25.

Sincerely,

Lori A. Schechter

sf-2187382