UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**DECLARATION OF PAUL FLUM
IN SUPPORT OF MCKESSON CORPORATION'S
MOTION TO COMPEL INTERROGATORY RESPONSES**

I, Paul Flum, declare as follows:

1.        I am a partner of the law firm of Morrison & Foerster and one of the attorneys of

record for McKesson Corporation in this action.  I am familiar with the discovery in this case.  I



1

submit this declaration in support of McKesson Corporation's Motion to Compel Interrogatory Responses.

2.      On November 30, 2006, McKesson served plaintiffs with a First Set of Interrogatories consisting of seven questions.  Interrogatories Nos. 1-4 and Nos. 6-7 asked plaintiffs to state the basis for six specific factual allegations in the Second Amended Complaint, while Interrogatory No. 5 asked plaintiffs whether they alleged that AWPs published by publishers other than First Databank were included within the class definition.  A true and correct copy of McKesson's First Set of Interrogatories to Plaintiffs is attached to this declaration as Exhibit A.

3.      Plaintiffs' initial responses to the First Set of Interrogatories, served on January 2, 2007, listed fifteen "General Objections" to the interrogatories and a series of identical "Specific Objections" to each individual interrogatory.  Following the recital of those objections, plaintiffs agreed to identify the documents and witnesses on which they rely "at an appropriate time."  A true and correct copy of Plaintiffs' Responses and Objections to McKesson's First Set of Interrogatories is attached to this declaration as Exhibit B.

4.      On February 2, 2007 I wrote a letter to plaintiffs' counsel Barbara Mahoney to request a discovery conference regarding plaintiffs' responses to McKesson's First Set of Interrogatories.  A true and correct copy of that letter is attached as Exhibit C.

5.      The discovery conference was held by telephone on February 15, 2007 at 12:30 p.m. and lasted for approximately 30 minutes.  My associate Mark Poe and I represented McKesson, while Barbara Mahoney and Nick Styant-Browne participated on behalf of plaintiffs. I began the conference by asking plaintiffs' counsel what they believed "an appropriate time" was to identify their witnesses.  Ms. Mahoney said that the appropriate time would be after the close of discovery.  I informed plaintiffs' counsel that in order for McKesson to have the opportunity to take discovery from plaintiffs' witnesses, McKesson would need to learn their identities before that time.  Plaintiffs' counsel agreed to consider the request.  Plaintiffs' counsel

also agreed to consider whether to amend their response to Interrogatory No. 5, which sought clarification of the class definition.

6.       On February 20, 2007, I received an email from Ms. Mahoney stating that while plaintiffs would amend their response to Interrogatory No. 5, they would not amend their responses to the other interrogatories.  A true and correct copy of that document is attached as Exhibit D.

7.       On February 22, 2007, plaintiffs served their Amended Responses and Objections to McKesson's First Set of Interrogatories, in which plaintiffs amended their response to Interrogatory No. 5 to clarify the class definition, but did not amend their responses and objections to any of the interrogatories seeking the identities of plaintiffs' witnesses.  A true and correct copy of that document is attached as Exhibit E.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of March, 2007, in San Francisco, California.

By:  /s/ Paul Flum
       Paul Flum

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on March 5, 2007.

/s/ Paul Flum
Paul Flum

# Exhibit A

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; and DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN, AFSCME-HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FIRSTDATABANK, INC., a Missouri Corporation, and MCKESSON CORPORATION, a Delaware Corporation,<br><br>                    Defendants. | Civil Action No. 05-CV-11148-PBS |

## MCKESSON'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, McKesson Corporation ("McKesson") hereby requests that all Plaintiffs named in the Second Amended Class Action Complaint answer the following interrogatories fully and separately under oath within thirty (30) days of service upon Plaintiffs.

## DEFINITIONS

The terms used in these requests, whether or not capitalized, are defined as follows:

1.        "AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals

1

("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's

Master Drug Database ("Medi-span").

     2.     "Document" means Electronic Data and all written, typed, printed, photocopied,

photographed, or recorded matter of any kind, including, but not limited to, all originals,

masters, drafts, and non-identical copies of any labels, packaging, invoices, advertisements,

catalogs, letters, envelopes, forms, affidavits, correspondence, telegraphs, telecopies, telefaxes,

paper communications, resolutions, minutes of meetings, signed statements, tabulations, charts,

memoranda, checks, appointment books, records, proposals, memoranda or other transcripts (by

mechanical device, by longhand or shorthand recording, tape recording, or by electronic or any

other means), computer-generated information, computer software, information stored or

recorded by electronic means (including by a computer, server, hard drive, compact disk, floppy

disk, diskette, tape, record, cassette, video, electronic mail, and any other electronic recording or

data compilation from which information can be obtained or translated), interoffice

communications, all summaries of oral communications (telephonic or otherwise), microfiche,

microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements,

journals, diaries, contracts, invoices, balance sheets, telephone messages or other messages,

magazines, pamphlets, articles, notices, newspapers, studies, summaries, worksheets, telexes,

cables, any matters defined in Federal Rule of Evidence 1001, and all other graphic materials,

writings, and instruments, however produced or reproduced. A document includes all documents

appended thereto.

     3.     "Fund" or "Funds" means any and/or all of the plaintiff health and welfare funds

and trusts identified in the Second Amended Class Action Complaint, including, without

limitation, New England Carpenters Health Benefits Fund; Pirelli Armstrong Retiree Benefits

Trust; Teamsters Health & Welfare Fund of Philadelphia and Vicinity; Philadelphia Federation

of Teachers Health and Welfare Fund; and District Council 37 Health & Security Plan, and any

of their past or present trustees, officials, officers, fiduciaries, third-party administrators,

representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all

other persons or entities acting or purporting to act on its behalf or under its control.

      4.      "Identify" is used as the term is defined Local Rule 26.5(c)(3) and (4).

      5.      "Publisher" or "Publishers" refers to any pharmaceutical price publishing service,

including but not limited to the First DataBank, Red Book, Blue Book and Medi-Span publishing

services.

      6.      "SAC" means the Second Amended Class Action Complaint filed in connection

with Civil Action No. 05-CV-11148-PBS in the United States District Court for the District of

Massachusetts.

      7.      "State the Basis" is used as the term is defined in Local Rule 26.5(c)(8).

      8.      "Third Party Payor" means any non-government entity or program, including but

not limited to, Funds, or health insurance companies, health maintenance organizations,

preferred provider organizations, self insurance plans, health plans, unions, and welfare and

benefit plans, that provides prescription drug benefits to participants and beneficiaries and

reimburses or compensates retailers for prescription drugs dispensed to participants and

beneficiaries.

      9.      "WAC" or "Wholesale Acquisition Cost" means the actual selling price that a

drug manufacturer charges to a wholesaler, before discounts.

10.    "You" or "Your" shall refer to any of the Plaintiffs named in the SAC, and any of their divisions, subsidiaries, trustees, officers, directors, managers, employees, or agents, including, but not limited to, attorneys and accountants.

## INSTRUCTIONS

1.    Unless otherwise specifically stated, the interrogatories below refer to the period from January 1, 1997, to the present date, inclusive.

2.    The interrogatories below request all information forming the basis of a particular allegation at the time of Your response to each interrogatory.

3.    As directed by District of Massachusetts Local Rule 26.5(c)(8), "[w]hen an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

    a.    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    b.    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    c.    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

    d.    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

4.    You must serve a written response to each Interrogatory, and such response must be signed by the serving party. In answering the Interrogatories, furnish all information available to you, including information in the possession of your attorneys and all persons acting on your behalf.

5.    Answer all Interrogatories separately and fully. An incomplete or evasive answer shall be considered a failure to answer. If you cannot answer the Interrogatories in full after exercising due diligence, so state in the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions and the efforts undertaken to secure the information sought.

6.    If you contend that any information sought by an Interrogatory is privileged, identify the Interrogatory, describe the nature of the privileged information, identify the person in possession of the information, and identify the ground of the asserted privilege.

7.    If you object to any portion of an Interrogatory, provide all information requested by any portion of the Interrogatory to which you do not object.

8.    These Interrogatories shall be deemed continuing so as to require further and supplemental answers in accordance with the Federal Rules of Civil Procedure and Evidence and the Civil Local Rules of the District of Massachusetts.

## INTERROGATORIES

1.    State the basis for your allegation in paragraph 92 of the SAC that "beginning in or around 1998 and thereafter, virtually every participant in the pharmaceutical distribution chain who used electronic database systems used and relied upon the accuracy of data from First Data's NDDF and MDDF, including the published WAC and AWP price fields in undertaking reimbursement transactions for billions of dollars of pharmaceutical products."

2.    State the basis for your allegation in paragraph 111 of the SAC that "McKesson knew . . . many of the AWPs, and the timing of the reported AWPs, provided by First Data's electronic files were often, albeit marginally, higher than other publications."

3.    State the basis for your allegation in paragraph 112 of the SAC that "[i]n and around 1999, national chains and retailers requested increased AWP spread for branded products, and some of them engaged in practices in order to ensure that the increased markups would occur."

4.    State the basis for your allegation in paragraph 138 of the SAC that "at some point in 2002-2003, certain manufacturers and wholesalers who were angry at the bump in the WAC–to–AWP spread, refused to provide First Data with pricing information."

5.    If You allege that the class definition set forth in paragraph 153 of the SAC includes consumers and TPPs who paid for brand-name pharmaceutical drugs based on AWPs disseminated by publishers other than First DataBank, identify all such publishers.

6.    State the basis for your allegation in paragraph 186 of the SAC that "[t]he Enterprise had a hierarchical decision-making structure headed by McKesson."

7.    State the basis for your allegation in paragraph 199 of the SAC that "McKesson was aware of . . .[alleged false] representations" by "First Data . . . as to the meaning of AWP and how it was derived . . . ."

Dated: November 30, 2006

By: _Lori A. Schechter_ (signature)

Lori A. Schechter

JOHN KIERNAN
NICOLE JOHNSON
BONNER KIERNAN TREBACH &
  CROCIATA
One Liberty Square
Boston, MA 02109
Telephone:  (617) 426-3900
Facsimile:  (617) 426-0380

MELVIN R. GOLDMAN
LORI A. SCHECHTER
PAUL FLUM
TIFFANY CHEUNG
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*
*MCKESSON CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party on November 30, 2006 by e-mail.

_Lori A. Schechter_ (signature)

Lori A. Schechter

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
MCKESSON'S FIRST SET OF INTERROGATORIES**

Plaintiffs through their undersigned counsel, hereby respond pursuant to Fed. R. Civ. P.

33 to McKesson Corporation's First Set of Interrogatories.

**GENERAL OBJECTIONS**

1.      Plaintiffs object to the instructions and definitions purportedly made a part of the

Interrogatories to the extent they are vague, indefinite, ambiguous, or to the extent they seek to

impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the District of

Massachusetts.

- 1 -

2.     Plaintiffs object to the definition of "document" to the extent that it exceeds the meaning and scope of that term is it is defined by Local Rule 26.5(c)(2).

3.     Plaintiffs object to the definition of "Funds" to the extent it purports to require the furnishing of documents or information in the possession, custody, or control of persons or entities other than Plaintiffs.

4.     Plaintiffs object to the definition of "You" and "Yours" to the extent they purport to require the furnishing of documents or information in the possession, custody, or control of persons or entities other than Plaintiffs.

5.     Plaintiffs object to Instruction No. 6 to the extent that it imposes an obligation that exceeds the obligation imposed by Local Rule 33.1(e).

6.     Plaintiffs object to the Interrogatories to the extent that they seek information that is not within Plaintiffs' possession, custody or control.

7.     Plaintiffs object to the Interrogatories to the extent that they seek information that is publicly available or readily available to Defendant.

8.     Plaintiffs object to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  If any information subject to a privilege, immunity or protection is inadvertently disclosed by Plaintiffs, such disclosure does not constitute a waiver of any privilege, immunity or protection.

9.     Plaintiffs object to the Interrogatories to the extent they are premature in that defendant seeks factual bases for assertions that go to the merits of Plaintiffs' claims and merits discovery is ongoing.

- 2 -

10.     Plaintiffs object to the Interrogatories to the extent that they seek to impose unilaterally an obligation on Plaintiffs, which McKesson declined to recognize when it refused to respond to Plaintiffs' interrogatories about the basis for its opposition to class certification. Although Plaintiffs believe that they were entitled to McKesson's responses prior to the submission of its opposition brief, Plaintiffs are under no obligation to respond while fact discovery is ongoing.

11.     Plaintiffs object to the Interrogatories to the extent that they are overbroad in that they require Plaintiffs to identify each and every document and each and every witness supporting their claims and allegations.

12.     Plaintiffs object to the Interrogatories in that they place an undue burden on Plaintiffs at this time to collect the information sought while discovery is ongoing, especially in that Defendant seeks to impose a recurring obligation to amend and supplement Plaintiffs' response as additional evidence surfaces.

13.     Plaintiffs reserve the right to supplement or amend these responses and objections as further investigation and discovery occur.

14.     Plaintiffs reserve all objections regarding the competency, materiality, relevance and admissibility of any documents or information provided.

15.     The preceding general objections are incorporated in response to each specific Interrogatory and any specific objection made below.

**SPECIFIC OBJECTIONS**

**Interrogatory No. 1**

State the basis for your allegation in paragraph 92 of the SAC that "beginning in or around 1998 and thereafter, virtually every participant in the pharmaceutical distribution chain

- 3 -

who used electronic database systems used and relied upon the accuracy of data from First Data's NDDF and MDDF, including the published WAC and AWP price fields in undertaking reimbursement transactions for billions of dollars of pharmaceutical products."

**Response No. 1**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting Plaintiffs' allegation, particularly at this stage of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiver of the foregoing general and specific objections, Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

**Interrogatory No. 2**

State the basis for your allegation in paragraph 111 of the SAC that "McKesson knew . . . many of the AWPs, and the timing of the reported AWPs, provided by First Data's electronic files were often, albeit marginally higher than other publications."

**Response No. 2**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiver of the foregoing general and specific objections,

- 4 -

Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

**Interrogatory No. 3**

State the basis for your allegation in paragraph 112 of the SAC that "[i]n and around 1999, national chains and retailers requested increased AWP spread for branded products and some of them engaged in practices in order to ensure that the increased markups would occur."

**Response No. 3**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage of the litigation when discovery is ongoing. Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Subject to and without waiver of the foregoing general and specific objections, Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

**Interrogatory No. 4**

State the basis for your allegation in paragraph 138 of the SAC that "at some point in 2002-2003, certain manufacturers and wholesalers who were angry at the bump in the WAC-to-AWP spread, refused to provide First Data with pricing information."

**Response No. 4**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage

of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiver of the foregoing general and specific objections, Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

**Interrogatory No. 5**

If You allege that the class definition set forth in paragraph 153 of the SAC includes consumers and TPPs who paid for brand-name pharmaceutical drugs based on AWPs disseminated by publishers other than First DataBank, identify all such publishers.

**Response No. 5**

Plaintiffs object to this interrogatory as it is unduly burdensome, including to the extent that it seeks information readily apparent from the allegations of Plaintiffs' Second Amended Complaint.

**Interrogatory No. 6**

State the basis for your allegation in paragraph 186 of the SAC that "[t]he Enterprise had a hierarchical decision-making structure headed by McKesson."

**Response No. 6**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiver of the foregoing general and specific objections,

- 6 -

Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

**Interrogatory No. 7**

State the basis for your allegation in paragraph 199 of the SAC that "McKesson was aware of . . . [alleged false] representations by "First Data . . . as to the meaning of AWP and how it was derived . . . ."

**Response No. 7**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage of the litigation when discovery is ongoing. Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Subject to and without waiver of the foregoing general and specific objections, Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

DATED: January 2, 2007                    By  **/s/ Steve W. Berman**
                                              Steve W. Berman
                                              Sean R. Matt
                                              Barbara A. Mahoney
                                          Hagens Berman Sobol Shapiro LLP
                                          1301 Fifth Avenue, Suite 2900
                                          Seattle, WA  98101
                                          Telephone: (206) 623-7292
                                          Facsimile: (206) 623-0594

Thomas M. Sobol (BBO #471770)
Ed Notargiacomo (BBO #567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above-referenced document was served upon the attorney of record listed below by electronic mail on January 2, 2007.

Mark Redmond
Eve Burton
Office of General Counsel
The Hearst Corporation
959 Eighth Avenue
New York, NY 10019-3737

*Counsel for First Databank, Inc.*

Lori A. Schechter
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

*Counsel for McKesson Corporation*

                          **/s/ Steve W. Berman**
                          Steve W. Berman

# Exhibit C

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS


February 2, 2007

Writer's Direct Contact
415.268.7335
PaulFlum@mofo.com

*By Email*

Barbara Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:    *New England Carpenters v. First DataBank*

Dear Barbara:

I am writing to request a discovery conference regarding plaintiffs' responses to McKesson's
First Set of Interrogatories and various Segal documents identified on the District Council 37
privilege log as having been withheld from production on the ground that they contain
"highly sensitive proprietary business information" (DC37 01588-99, 02977-79, 02980-82,
02983-85, 02986-88, 02989) or are subject to attorney-client privilege.  (DC37 08941-51.)

Please advise me before the close of business on February 9, 2007, regarding your
availability for a conference call.  I suggest we schedule a call Monday afternoon,
February 12 or anytime Tuesday, February 13.  If those times and dates don't work for you,
please provide alternate times later that week or next week if you'd prefer.

Sincerely,

Paul Flum

Paul Flum

# Exhibit D

-----Original Message-----
**From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
**Sent:** February 20, 2007 12:57 PM
**To:** Flum, Paul
**Cc:** FDB
**Subject:** RE: New England Carpenters v. FDB - follow up to February 15 discovery conference

Paul,
Plaintiffs do not intend to amend their responses and objections with the exception of No. 5, as discussed.

Barbara

---

**From:** Flum, Paul [mailto:PaulFlum@mofo.com]
**Sent:** Tuesday, February 20, 2007 12:35 PM
**To:** Barbara Mahoney
**Subject:** New England Carpenters v. FDB - follow up to February 15 discovery conference

Barbara,

During our February 15 discovery conference, you agreed to let us know by this morning, February 20, whether plaintiffs would amend their interrogatory responses to identify the witnesses that they rely on to support the assertions that are the subject of Interrogatory Nos. 1-4 and 6-7. We haven't heard from you. Please let me know this afternoon whether plaintiffs will agree to amend their responses to identify witnesses. Assuming plaintiffs are willing to amend, please confirm that you will provide the amended responses not later than one week from today. Also, please let me know whether plaintiffs will amend their response to Interrogatory No. 5 to state, as you confirmed during our phone call, that the class definition includes AWPs published by FDB and Medispan, but not Red Book.

Paul

=========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information

contained in the message. If you have received the message in error, please advise the sender by reply email @mofo.com, and delete the message.

================================================================================

# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO
MCKESSON'S FIRST SET OF INTERROGATORIES**

Plaintiffs through their undersigned counsel, hereby respond pursuant to Fed. R. Civ. P.

33 to McKesson Corporation's First Set of Interrogatories.

**GENERAL OBJECTIONS**

1.      Plaintiffs object to the instructions and definitions purportedly made a part of the

Interrogatories to the extent they are vague, indefinite, ambiguous, or to the extent they seek to

impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the District of

Massachusetts.

154616

2.      Plaintiffs object to the definition of "document" to the extent that it exceeds the meaning and scope of that term is it is defined by Local Rule 26.5(c)(2).

3.      Plaintiffs object to the definition of "Funds" to the extent it purports to require the furnishing of documents or information in the possession, custody, or control of persons or entities other than Plaintiffs.

4.      Plaintiffs object to the definition of "You" and "Yours" to the extent they purport to require the furnishing of documents or information in the possession, custody, or control of persons or entities other than Plaintiffs.

5.      Plaintiffs object to Instruction No. 6 to the extent that it imposes an obligation that exceeds the obligation imposed by Local Rule 33.1(e).

6.      Plaintiffs object to the Interrogatories to the extent that they seek information that is not within Plaintiffs' possession, custody or control.

7.      Plaintiffs object to the Interrogatories to the extent that they seek information that is publicly available or readily available to Defendant.

8.      Plaintiffs object to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  If any information subject to a privilege, immunity or protection is inadvertently disclosed by Plaintiffs, such disclosure does not constitute a waiver of any privilege, immunity or protection.

9.      Plaintiffs object to the Interrogatories to the extent they are premature in that defendant seeks factual bases for assertions that go to the merits of Plaintiffs' claims and merits discovery is ongoing.

10. Plaintiffs object to the Interrogatories to the extent that they seek to impose unilaterally an obligation on Plaintiffs, which McKesson declined to recognize when it refused to respond to Plaintiffs' interrogatories about the basis for its opposition to class certification. Although Plaintiffs believe that they were entitled to McKesson's responses prior to the submission of its opposition brief, Plaintiffs are under no obligation to respond while fact discovery is ongoing.

11. Plaintiffs object to the Interrogatories to the extent that they are overbroad in that they require Plaintiffs to identify each and every document and each and every witness supporting their claims and allegations.

12. Plaintiffs object to the Interrogatories in that they place an undue burden on Plaintiffs at this time to collect the information sought while discovery is ongoing, especially in that Defendant seeks to impose a recurring obligation to amend and supplement Plaintiffs' response as additional evidence surfaces.

13. Plaintiffs reserve the right to supplement or amend these responses and objections as further investigation and discovery occur.

14. Plaintiffs reserve all objections regarding the competency, materiality, relevance and admissibility of any documents or information provided.

15. The preceding general objections are incorporated in response to each specific Interrogatory and any specific objection made below.

## SPECIFIC OBJECTIONS

### Interrogatory No. 1

State the basis for your allegation in paragraph 92 of the SAC that "beginning in or around 1998 and thereafter, virtually every participant in the pharmaceutical distribution chain

- 3 -

154616

who used electronic database systems used and relied upon the accuracy of data from First

Data's NDDF and MDDF, including the published WAC and AWP price fields in undertaking

reimbursement transactions for billions of dollars of pharmaceutical products."

**Response No. 1**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly

burdensome, including to the extent that it seeks identification of each and every document and

witness supporting Plaintiffs' allegation, particularly at this stage of the litigation when

discovery is ongoing.  Plaintiffs further object to this interrogatory to the extent it seeks

information protected by the attorney-client privilege or the work product doctrine.  Subject to

and without waiver of the foregoing general and specific objections, Plaintiffs will identify the

documents and witnesses on which they rely to support their assertion at an appropriate time.

**Interrogatory No. 2**

State the basis for your allegation in paragraph 111 of the SAC that "McKesson knew . . .

many of the AWPs, and the timing of the reported AWPs, provided by First Data's electronic

files were often, albeit marginally higher than other publications."

**Response No. 2**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly

burdensome, including to the extent that it seeks identification of each and every document and

witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage

of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the

extent it seeks information protected by the attorney-client privilege or the work product

doctrine.  Subject to and without waiver of the foregoing general and specific objections,

154616

Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

**<u>Interrogatory No. 3</u>**

State the basis for your allegation in paragraph 112 of the SAC that "[i]n and around 1999, national chains and retailers requested increased AWP spread for branded products and some of them engaged in practices in order to ensure that the increased markups would occur."

**<u>Response No. 3</u>**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiver of the foregoing general and specific objections, Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

**<u>Interrogatory No. 4</u>**

State the basis for your allegation in paragraph 138 of the SAC that "at some point in 2002-2003, certain manufacturers and wholesalers who were angry at the bump in the WAC-to-AWP spread, refused to provide First Data with pricing information."

**<u>Response No. 4</u>**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage

of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiver of the foregoing general and specific objections, Plaintiffs will identify the documents and witnesses on which they rely to support their assertion at an appropriate time.

**Interrogatory No. 5**

If You allege that the class definition set forth in paragraph 153 of the SAC includes consumers and TPPs who paid for brand-name pharmaceutical drugs based on AWPs disseminated by publishers other than First DataBank, identify all such publishers.

**Response No. 5**

Plaintiffs object to this interrogatory as it is unduly burdensome, including to the extent that it seeks information readily apparent from the allegations of Plaintiffs' Second Amended Complaint.  Without waiving their objections, Plaintiffs respond as follows:

Medi-Span.

**Interrogatory No. 6**

State the basis for your allegation in paragraph 186 of the SAC that "[t]he Enterprise had a hierarchical decision-making structure headed by McKesson."

**Response No. 6**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of each and every document and witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product

154616

doctrine.  Subject to and without waiver of the foregoing general and specific objections,
Plaintiffs will identify the documents and witnesses on which they rely to support their assertion
at an appropriate time.

**Interrogatory No. 7**

State the basis for your allegation in paragraph 199 of the SAC that "McKesson was
aware of . . . [alleged false] representations by "First Data . . . as to the meaning of AWP and
how it was derived . . . ."

**Response No. 7**

Plaintiffs object to this interrogatory as it is premature, overly broad and unduly
burdensome, including to the extent that it seeks identification of each and every document and
witness supporting each and every fact underlying Plaintiffs' allegation, particularly at this stage
of the litigation when discovery is ongoing.  Plaintiffs further object to this interrogatory to the
extent it seeks information protected by the attorney-client privilege or the work product
doctrine.  Subject to and without waiver of the foregoing general and specific objections,
Plaintiffs will identify the documents and witnesses on which they rely to support their assertion
at an appropriate time.


DATED:  February 22, 2007                    By  /s/ Steve W. Berman
                                                 Steve W. Berman
                                                 Sean R. Matt
                                                 Barbara A. Mahoney
                                             Hagens Berman Sobol Shapiro LLP
                                             1301 Fifth Avenue, Suite 2900
                                             Seattle, WA  98101
                                             Telephone: (206) 623-7292
                                             Facsimile: (206) 623-0594

154616

Thomas M. Sobol (BBO #471770)
Ed Notargiacomo (BBO #567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

**VERIFICATION**

I, Audrey Browne, am the Director of Regulatory Compliance and Contract Procurement for Plaintiff District Council 37 Health & Security Plan in the above-entitled action and have read the interrogatories served upon Plaintiffs by the defendant, and the foregoing answer to the interrogatories is true according to the best of my knowledge, information, and belief.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 20, 2007.


_____
Audrey Browne

154616

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above-referenced document was served upon the attorney of record listed below by electronic mail on February 22, 2007:

Mark Redmond
Office of General Counsel
The Hearst Corporation
959 Eighth Avenue
New York, NY 10019-3737

*Counsel for First Databank, Inc.*

Lori A. Schechter
Tiffany Cheung
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

*Counsel for McKesson Corporation*

                                        **/s/ Steve W. Berman**
                                        Steve W. Berman

154616