IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; MAUREEN COWIE; JUNE SWAN; and BERNARD GORTER,<br><br>                          Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>                          Defendants. | Case No. 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

## DEFENDANT MCKESSON CORPORATION'S
## MOTION FOR LEAVE TO FILE A SURREPLY IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL

Defendant McKesson Corporation ("McKesson") requests leave to file a short surreply in response to Plaintiffs' Reply Brief in Support of Their Motion to Compel. A copy of the proposed surreply is submitted herewith.

This Court previously directed plaintiffs to file a reply addressing McKesson's showing in opposition to plaintiffs' motion to compel that:

> (1) the information sought from the 30(b)(6) deponent is the "exact" information contained in the document source log which has already been produced, (2) the proprietary prescription drug sales data is being produced, and (3) the motion was filed solely for harassment purposes.

(February 25, 2007 Order.)

Plaintiffs' reply, which was filed March 16, 2007, mischaracterizes the discovery that is the subject of their motion and McKesson's responses to that discovery.

- Plaintiffs falsely state that their 30(b)(6) deposition notice requested testimony on subjects in addition to the names of the document custodians already identified in McKesson's source log. It does not.

- Plaintiffs falsely state that McKesson has produced only "a single CD" of IMS data since their motion was filed. To the contrary, plaintiffs' copy vendor took delivery of over 30,000 pages of additional IMS data *before* plaintiffs filed their reply brief.

McKesson respectively requests leave pursuant to Local Rule 7.1(b)(3) to file a surreply to set the record straight on both of these matters.


McKesson Corporation
By its attorneys:

/s/ Paul Flum

Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380


Dated: March 19, 2007

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

      I, Paul Flum, counsel of record for defendant McKesson Corporation, hereby certify that I conferred with counsel for plaintiffs in an effort to resolve the dispute referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.


/s/ Paul Flum
Paul Flum


## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on March 19, 2007.

/s/ Paul Flum
Paul Flum

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; MAUREEN COWIE; JUNE SWAN; and BERNARD GORTER, | |
| | Case No. 1:05-CV-11148-PBS |
| Plaintiffs, | |
| | Judge Patti B. Saris |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**DEFENDANT MCKESSON CORPORATION'S SURREPLY IN RESPONSE TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL**

Plaintiffs' reply brief blatantly mischaracterizes McKesson's responses to the discovery that is the subject of this motion, necessitating this short surreply.

**First,** plaintiffs disingenuously claim that they are justified in moving to compel a deposition of a corporate representative under Rule 30(b)(6) because McKesson's source log does not disclose the job titles, departments, and addresses of McKesson's document custodians. (Plaintiffs' Reply in Support of Their Motion to Compel ("Reply") 5.)  But plaintiffs' deposition notice did not ask for that information.  The notice asked only for "the identity of the custodians of record of the documents produced by McKesson in this litigation" — precisely the information that appears in the source log McKesson provided to plaintiffs on January 31, 2007.

Plaintiffs' reply concedes as much when it attempts to justify this motion by claiming that

the definitions set forth Local Rule 26.5 apply to their deposition notice.  (Reply 5.)  On its face, however, Local Rule 26.5 applies to "discovery requests," not deposition notices.[1]  Indeed, in response to McKesson's interrogatory request to "identify" the custodians of the documents produced by plaintiffs, plaintiffs themselves failed to provide all the information they currently seek.  (Cheung Surreply Decl. Ex. 1.)

**Second,** plaintiffs falsely assert that McKesson has produced only "a single CD" of IMS data since this motion was filed and that they "still await further installments of that production." (Reply 2, 6.)  In fact, McKesson informed plaintiffs' counsel on March 15, 2007 that over 30,000 pages of IMS data were available for copying *the very next day*.  (*See* Cheung Surreply Decl. Ex. 2).[2]  Plaintiffs' copy vendor took delivery of that additional IMS data the morning of March 16 (*id.* ¶ 4) — well before plaintiffs filed their surreply falsely accusing McKesson of engaging in "stalling tactics."  (Reply 2, 6.)

McKesson Corporation
By its attorneys:

/s/ Paul Flum

| | |
|---|---|
| Melvin R. Goldman (*pro hac vice*) | John Kiernan |
| Lori A. Schechter (*pro hac vice*) | Nicole Johnson |
| Paul Flum (*pro hac vice*) | Bonner Kiernan Trebach & Crociata |
| Tiffany Cheung (*pro hac vice*) | One Liberty Square |
| Morrison & Foerster LLP | Boston, MA 02109 |
| 425 Market Street | Telephone: (617) 426-3900 |
| San Francisco, CA 94105-2482 | Facsimile: (617) 426-0380 |
| Telephone:  (415) 268-7000 | |
| Facsimile:  (415) 268-7522 | |

Dated:  March 19, 2007

---

[1] Even if it somehow applied, which it does not, Local Rule 26.5 does not require disclosure of job titles or departments in response to a request to "identify" witnesses.  Nor is there a basis in the Local Rules or otherwise to compel production of a witness to explain "*why* McKesson limited its search to these people" (Reply 5; emphasis added)  — a topic that is absolutely protected by the attorney work product doctrine.

[2] The production referenced in McKesson March 15 letter was in addition to the 20,000 pages previously produced on CD.  Plaintiffs also conveniently omit any reference to McKesson's commitment to produce another installment of IMS data — on top of the 50,000+ pages produced to date — the week of March 19th.  (Cheung Surreply Decl. Ex. 2.)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on March 19, 2007.

/s/ Paul Flum
Paul Flum

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME – HEALTH & SECURITY PLAN; MAUREEN COWIE; JUNE SWAN; and BERNARD GORTER, | Case No. 1:05-CV-11148-PBS |
| Plaintiffs, | Judge Patti B. Saris |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**DECLARATION OF TIFFANY CHEUNG IN SUPPORT OF DEFENDANT MCKESSON CORPORATION'S SURREPLY IN RESPONSE TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL**

I, Tiffany Cheung, declare as follows:

1.      I am an attorney at the law firm of Morrison & Foerster LLP and one of the attorneys of record for McKesson Corporation ("McKesson") in this action.  I submit this declaration in support of McKesson Corporation's Surreply in Response to Plaintiffs' Reply Brief in Support of Their Motion to Compel.

2.      A true and correct copy of Plaintiffs' Responses and Objections to McKesson's Second Set of Interrogatories, dated February 12, 2007, is attached hereto as Exhibit 1.

3.      A true and correct copy of the letter from me to plaintiffs' counsel, Barbara

Mahoney, dated March 15, 2007, is attached hereto as Exhibit 2.

4.      McKesson provided plaintiffs' copy vendor with over 30,000 pages of IMS data

during the morning of March 16, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Executed this 19th day of March, 2007, in San Francisco, California.

By: /s/ Tiffany Cheung_____
       Tiffany Cheung

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of
record for each other party through the Court's electronic filing service on March 19, 2007.

/s/ Paul Flum_____
Paul Flum

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 1:05-CV-11148-PBS |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO MCKESSON'S SECOND SET OF INTERROGATORIES

Plaintiffs, through their undersigned counsel, hereby respond pursuant to Fed. R. Civ. P.

33 to McKesson Corporation's Second Set of Interrogatories.

## GENERAL OBJECTIONS

1.      Plaintiffs object to the instructions and definitions purportedly made a part of the

Interrogatories to the extent they are vague, indefinite, ambiguous, or to the extent they seek to

impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the District of

Massachusetts.

2.      Plaintiffs object to the definition of "You" and "Yours" to the extent they purport to require the furnishing of documents or information in the possession, custody, or control of persons or entities other than Plaintiffs.

3.      Plaintiffs object to Instruction No. 2 to the extent that it imposes an obligation that exceeds the obligation imposed by Local Rule 33.1(e).

4.      Plaintiffs object to the Interrogatory to the extent that it seeks information that is readily available to Defendant.

5.      Plaintiffs objection to the Interrogatory to the extent that it is redundant and harassing in that McKesson has in some instances already received the information requested through the depositions of Plaintiffs' 30(b)(6) and individual witnesses and to the extent that the Interrogatory places an undue burden on Plaintiffs, who are individual consumers and union welfare funds and have limited staff and resources to respond to such Interrogatory.

6.      Plaintiffs reserve the right to supplement or amend these responses and objections as further investigation and discovery occur.

7.      The preceding general objections are incorporated in response to each specific Interrogatory and any specific objection made below.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Interrogatory No. 1**

Please identify each source for each document produced by You in response to any Document Requests, including in your response the Bates number of the document and the name of the person from whose file the document was produced.

**<u>Response No. 1</u>**

Plaintiffs object to this interrogatory as it is unduly burdensome, redundant and harassing in that it seeks identification of the custodian of record for each and every document Plaintiffs have produced, when in many instances Plaintiffs have already provided that information or the identity of the custodian of record is immediately apparent from the document.

Subject to and without waiver of the foregoing general and specific objections, Plaintiffs respond as follows:

A. <u>New England Carpenters Health Benefits Fund:</u>

All documents produced by Carpenters were obtained from the Plan Administrator, James Buckley.

B. <u>Pirelli Armstrong Retiree Medical Benefits Trust:</u>

PIRELLI-FDB 0000001 -PIRELLI-FDB 0000059; PIRELLI-FDB 0000189 - PIRELLI-FDB 0000801 originated from Pirelli outside counsel; PIRELLI-FDB 0000060 - PIRELLI-FDB 0000188; PIRELLI-FDB 0000802 - PIRELLI-FDB 0001298 came from Southern Benefit Administrators.

C. <u>Teamsters Health & Welfare Fund of Philadelphia and Vicinity:</u>

All documents produced by the Teamsters were obtained from the Plan Administrator, William Einhorn.

D. <u>Philadelphia Federation of Teachers Health And Welfare Fund:</u>

All documents produced by Teachers were obtained from the office of the Plan Administrator, Arthur Steinberg.

E. <u>District Council 37, AFSCME - Health & Security Plan:</u>

D37-0001-0769; D37-0773-869; DC 37 08069-08074; DC37 00869AA-1383; and DC37 2321-6070 were obtained by searching the administrative files of the District Council 37 Health & Security Plan.  The administrative files are kept by or at the direction of the Plan's Executive Secretary, Mickey Toledo.

D37 0770-0772, Plaintiff's agreement with counsel, was obtained from HBSS.

DC37 1384-02319 were obtained by searching the combined personal files of Rosalyn Yasser and Rosa Esperon.  There is a gap from DC37 06071-06115.

DC37 06116-08068; DC 37 08075-08226 were obtained by searching the personal files of Ernestine Walker.

DC37 08227-10463 are e-mails with attachments.  They were obtained by searching the e-mail files of Rosalyn Yasser, Ernestine Walker, Rosa Esperon and William Chang.  The custodian of records is identified on each of the documents as the sender or recipient of the message.

DC37-ESI001-03 are CDs containing claims data.  They were obtained from the files of the Controller of the DC 37 Health & Security Plan Accounting Department, Laura Albergo.

F.    June Swan:

SWAN 000001-26 were obtained from Ms. Swan's personal files or at her request from her pharmacist.

SWAN 000027-29, Plaintiff's agreement with counsel, was obtained from HBSS.

G.    Bernard Gorter:

- 4 -

GORT 000001-03, Plaintiff's agreement with counsel, was obtained from

HBSS.

GORT 000004-11 were obtained from PharmaCare at Mr. Gorter's

request.

DATED:  February 12, 2007                 By  /s/ **Steve W. Berman**
                                           Steve W. Berman
                                           Sean R. Matt
                                           Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO #471770)
Ed Notargiacomo (BBO #567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson, Esq.
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

001821-13  148734 V1

## VERIFICATION

I, James Buckley, am the Plan Administrator for Plaintiff New England Carpenters

Health Benefits Fund [Carpenters] in the above-entitled action and have read the interrogatory

served upon Carpenters by the defendant, and the foregoing answer to the interrogatory, as it

applies to Carpenters, is true according to the best of my knowledge, information, and belief.

I swear under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on ___2/12___, 2007.

_James Buckley_

001821-13 148734 V1

## VERIFICATION

I, Donny Dowlen, am a vice president at Southern Benefit, the third-party administrator for Plaintiff Pirelli Armstrong Retiree Medical Benefits Trust [Pirelli] in the above-entitled action and have read the interrogatory served upon Pirelli by the defendant, and the foregoing answer to the interrogatory, as it applies to Pirelli, is true according to the best of my knowledge, information, and belief.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _February 9_ , 2007.


_____
[name]

**VERIFICATION**

I, William Einhorn, am the Plan Administrator for Plaintiff Teamsters Health & Welfare Fund of Philadelphia and Vicinity [Teamsters] in the above-entitled action and have read the interrogatory served upon the Teamsters by the defendant, and the foregoing answer to the interrogatory, as it applies to the Teamsters, is true according to the best of my knowledge, information, and belief.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 9, 2007.

_____
William Einhorn

001821-13 148734 V1

## VERIFICATION

I, Arthur Steinberg, am the Plan Administrator for Plaintiff Philadelphia Federation of Teachers Health & Welfare Fund [Teachers] in the above-entitled action and have read the interrogatory served upon Teachers by the defendant, and the foregoing answer to the interrogatory, as it applies to Teachers, is true according to the best of my knowledge, information, and belief.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ⟨2|6|⟩          , 2007.


_Arthur Steinberg_
Arthur Steinberg

- 10 -

001821-13  148734 V1

**VERIFICATION**

I, Audrey Browne, am the Director of Regulatory Compliance & Contract Procurement for Plaintiff District Council 37 Health & Security Plan [DC 37] in the above-entitled action and have read the interrogatory served upon DC 37 by the defendant, and the foregoing answer to the interrogatory, as it applies to DC 37, is true according to the best of my knowledge, information, and belief.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 7, 2007.

_____
Audrey A. Browne

## VERIFICATION

I, June Swan, am a plaintiff in the above-entitled action and have read the interrogatory served upon me by the defendant, and the foregoing answer to the interrogatory is true, as it applies to me, according to the best of my knowledge, information, and belief.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _February 7_, 2007.

_June Swan_
June Swan

- 12 -

**VERIFICATION**

I, Barnard Gorter, am a plaintiff in the above-entitled action and have read the

interrogatory served upon me by the defendant, and the foregoing answer to the interrogatory is

true, as it applies to me, according to the best of my knowledge, information, and belief.

I swear under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on _____, 2007.


_____
Barnard Gorter

001821-13  148734 V1

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above-referenced document was served upon the attorney of record listed below by electronic mail on February 12, 2007.

Mark Redman
Office of General Counsel
The Hearst Corporation
959 Eighth Avenue
New York, NY 10019-3737

*Counsel for First Databank, Inc.*

Lori A. Schechter
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

*Counsel for McKesson Corporation*

 /s/ **Steve W. Berman**
Steve W. Berman

- 14 -

# Exhibit 2

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 15, 2007

Writer's Direct Contact
415/268-6848
TCheung@mofo.com

*By E-Mail*

Barbara A. Mahoney
Hagens Berman Sobol & Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:   *New England Carpenters Health Benefit Fund v. First DataBank*

Dear Barbara:

Additional IMS documents, bates-labeled MCKAWP 0095515 - 0126104, will be available tomorrow morning for inspection or copying. Please let us know if you would like to inspect or copy these documents. We are continuing our rolling production and anticipate that we will have additional IMS documents available next week.

Sincerely,

Tiffany Cheung

sf-2284842