UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                            Plaintiffs,<br><br>                v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                            Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' OPPOSITION TO MCKESSON'S MOTION TO COMPEL
<u>INTERROGATORY RESPONSES</u>**

### I.    INTRODUCTION

The Court should deny McKesson's motion to compel. The deadline for discovery is still months away. The Federal Rules contemplate, and courts generally hold, that parties need not respond to contention interrogatories until after the close of discovery. Moreover, McKesson previously relied on this rule in response to Plaintiffs' interrogatories requesting the disclosure of some of McKesson's witnesses. McKesson should be bound by the same rules it invokes.

001821-13 158793 V1

## II.   FACTS

Last summer Plaintiffs served contention interrogatories on McKesson, narrowly requesting that it state the basis for its objections to Plaintiffs' motion for class certification. For example, Plaintiffs' Interrogatories Nos. 1 and 2 requested:

> INTERROGATORY NO. 1:
>
> List in detail all facts upon which You base Your claim, if any, that Plaintiffs are not able to satisfy the prerequisites to a class action pursuant to Federal Civil Procedure Rule 23(a).
>
> INTERROGATORY NO. 2:
>
> With respect to Your response to Interrogatory No. 1, identify all documents and witnesses supporting such facts, if any.[1]

McKesson's initial disclosures were minimal and did not pertain to its opposition to class certification. By the time McKesson was due to respond, it would have had nearly three months to review Plaintiffs' class certification motion and more than a month to respond. Plaintiffs served their interrogatories to avoid being surprised by the plethora of evidence that McKesson would likely have gathered over the lengthy period it had to respond to Plaintiffs' brief. McKesson declined to respond, providing essentially the same objections to each of Plaintiffs' six interrogatories:

> RESPONSE:
>
> McKesson objects to this interrogatory [Interrogatory No. 1] on the grounds that it is premature, overly broad and unduly burdensome, including to the extent that it seeks identification of every document and witness supporting every fact underlying any "claim" that Plaintiffs cannot satisfy the requirements to certify a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, particularly at this stage of litigation when discovery on class issues is ongoing. McKesson further objects to this interrogatory to the extent it seeks information protected by the

---

[1] Declaration of Steve W. Berman in Support of Plaintiffs' Opposition to McKesson's Motion to Compel Interrogatory Responses ("Berman Decl."), Ex. 1.

attorney-client or work product doctrine.  Subject to and without waiver of the foregoing general and specific objections, to the extent McKesson opposes plaintiffs' motion for class certification, McKesson's submissions filed in support of its opposition will identify the documents and witnesses on which McKesson relies.[2]

When, in turn, McKesson served the contention interrogatories that are the subject of this motion, Plaintiffs raised the same objections that McKesson had previously asserted.  McKesson now objects to those objections as applied to its own contention interrogatories.

### III. LEGAL ANALYSIS

**A. Generally, No Response is Required to Contention Interrogatories Until After the Close of Discovery**

Plaintiffs did not refuse to respond to McKesson's contention interrogatories but rather declined to respond until an appropriate time, which, the Federal Rules suggest would be no earlier than the close of discovery:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

Federal Rule of Civil Procedure 33(c); *see also Bonilla v. Trebol Motors Corp.*, 1997 U.S. Dist. Lexis 4370, at 214-15 (D.P.R. Mar. 27, 1997) ("Courts normally order that an answer to a contention interrogatory need not be given until after other discovery is taken, a pretrial conference is held, or until a later date.").  To do otherwise forces the responding party to amend its responses with each advance in discovery:

> Efficiency prescribes that the parties should not be obliged to answer contention interrogatories repeatedly. Further, because one of the chief purposes of contention interrogatories is to narrow the issues for trial, fairness dictates that parties not be forced to

---

[2] *Id.*

- 3 -

>prematurely take a position, which would produce an artificial narrowing of the issues, instead of an informed paring down.

*Ziemack v. Centel Corp.*, 1995 U.S. Dist. Lexis 18192, at *5 n.3 (N.D. Ill. Dec. 6, 1995).

Plaintiffs' response and objections were in keeping with this rule.

**B.    The Interrogatories That are the Subject of This Motion are Clearly Contention Interrogatories**

Given the Federal Rules' strong preference for deferring responses to contention interrogatories until after discovery is complete, courts routinely require "a moving party to present 'specific, plausible grounds' as to why the party requires early answers[.]" *In re H & R Block Mortg. Corp.*, 2007 U.S. Dist. Lexis 7104, at 23-25 (D. Ind. Jan. 30, 2007) (quoting *In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)).

McKesson has not met this burden. Instead it argues that its request that Plaintiffs "identify the witnesses ***able to support***" Plaintiffs' allegations are not properly characterized as contention interrogatories. McKesson's Motion to Compel Interrogatory Responses at 4 (emphasis added).

McKesson's position is untenable. It is well established that contention interrogatories include questions requiring an opposing party to "to state all the evidence on which it bases its contentions." *McCarthy v. Paine Webber Group*, 168 F.R.D. 448, 450 (D. Conn. 1996). Each of the interrogatories that are the subject of this motion fit this definition, as evident by McKesson's repeated request that Plaintiffs "state the basis" for each of the specific allegations that McKesson addresses. Local Rule 26.5(8), which McKesson's interrogatories incorporate by reference, requires that "[w]hen an interrogatory calls upon a party to 'state the basis' of or for a particular claim, assertion, allegation, or contention, the party shall identify each and every" document, communication, act or omission and "any other fact which forms any part of the

- 4 -

source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory."

### 1. Requests for the identity of persons knowledgeable about the principle allegations of the complaint are not contention interrogatories

Contention interrogatories are distinguishable from information requests which merely duplicate Rule 26 initial disclosures; the latter may be sought at anytime. *Cornell Research Found. v. Hewlett Packard Co.*, 223 F.R.D. 55, 67 (N.D.N.Y. 2003); *In re Grand Casinos, Inc., Sec. Litig.*, 181 F.R.D. 615, 618 (D. Minn. 1998); *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995); *see also In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 332-33 (N.D. Cal. 1985) ("The court does not intend this framework [for handling contention interrogatories] to apply to questions in which a party asks another to identify the names of witnesses or other people with ***knowledge about*** the alleged events that give rise to the litigation." (Emphasis added)).

Thus, a party may be required during the discovery period to disclose "the identities of knowledgeable persons and supporting documents for the 'principal' or 'material' facts supporting an allegation or defense," but it should not be required to prematurely identify all witnesses capable of supporting each allegation of a complaint. *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006); *Lawrence v. First Kan. Bank & Trust Co.*, 169 F.R.D. 657, 663 (D. Kan. 1996) (questioning whether parties are even required to respond to such "evidentiary minutia"); *cf. B. Braun Med. v. Abbott Lab.*, 155 F.R.D. 525, 527 (D. Pa. 1994) (requiring a response to an interrogatory requesting the identity of "all persons with information to support" a particular contention).

> **2.  McKesson improperly requests that Plaintiffs identify at this time the witnesses they intend to rely on at trial to prove the allegations of the complaint.**

McKesson seeks discovery beyond the identity of persons knowledgeable about material allegations of the complaint. McKesson would require that Plaintiffs identify specific witnesses to support various allegations of the complaint. To the extent that McKesson seeks the disclosure of witnesses outside the class of disclosures contemplated by Rule 26's initial disclosures, its request is clearly premature. *Cf. Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (denying motion to compel disclosure of trial witnesses prior to the close of discovery).

For example, McKesson's Interrogatory No. 1 asks Plaintiffs to state the basis for their allegation that

> beginning in or around 1998 and thereafter, virtually every participant in the pharmaceutical distribution chain who used electronic database systems used and relied upon the accuracy of data from First Data's NDDF and MDDF, including the published WAC and AWP price fields in undertaking reimbursement transactions for billions of dollars of pharmaceutical products.

McKesson is not asking Plaintiffs to clarify an obscure allegation of the complaint. *Cf. Cornell Research Found.*, 223 F.R.D. at 66 (requiring early response to contention interrogatory in patent dispute to require defendant to "flesh out" its affirmative defense). McKesson's own documents identify First Databank is the premier source of drug pricing information. *See, e.g.*, MCKAWP 0057415.[3] The same holds true for Interrogatory No. 2, regarding Plaintiffs' allegation that McKesson knew that First Databank's prices were often marginally higher than other drug pricing publishers. *See, e.g.*, MCKAWP 0057171.[4]

---

[3] Berman Decl., Ex. 4.
[4] *Id.*, Ex. 5.

- 6 -

With respect to the remaining interrogatories,[5] Plaintiffs have hardly been tight-lipped about the evidence supporting these allegations. Plaintiffs' initial disclosures, which included eight pages identifying persons likely to have knowledge of the facts of the case.[6] Additionally, the Second Amended Complaint identifies numerous individuals believed to be involved in the underlying events and several dozen supporting documents and communications identified by Bates number, which in turn disclose the names of additional people likely to have knowledge of these events.[7]

This is not a situation where McKesson is left in the dark about the allegations of the complaint or the identity of persons likely to have knowledge of the underlying facts. Plaintiffs have provided McKesson ample information to conduct its own discovery and to prepare defenses to their claims. McKesson is not entitled to an advance notice of Plaintiffs' trial plan.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny McKesson's motion to compel Plaintiffs' response to McKesson's First Set of Interrogatories.

---

[5] Interrogatory Nos. 3, 4, 6 and 7 relate respectively to Plaintiffs' assertions that national chains and retailers requested increased AWP spread for branded products; that certain manufacturers and wholesalers who were angry at the bump in the WAC-to-AWP spread, refused to provide First Data with pricing information; that McKesson was the driving force behind the conspiracy and that it knew or ought to have known that First Databank misrepresented the manner in which it calculated AWPs. McKesson's Interrogatory No. 5, to which Plaintiffs have already responded, is not the subject of this motion.

[6] Berman Decl., Ex. 2. By comparison McKesson devoted little more than a page to identify potential witnesses, many of whom they listed in generic terms, *e.g.* "pharmacy benefit managers." *Id.*, Ex. 3.

[7] Berman Decl., Ex. 6.