UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                                  Plaintiffs,<br><br>            v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                                  Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' MOTION TO SUBSTITUTE AMENDED REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL 30(B)(6) WITNESS**

Plaintiffs filed their requests for production of IMS data on McKesson on July 28, 2006. At the time Plaintiffs brought this motion to compel, on January 23, 2007, McKesson had not produced any data. When Plaintiffs drafted their reply brief, McKesson had only produced a single CD with a "sampling" of available data. The day before Plaintiffs were to file their reply brief, McKesson notified them that additional IMS data was available. McKesson is correct that Plaintiffs failed to update their brief with this new development before filing. Plaintiffs now ask leave of Court to amend the final paragraph of their brief to address the newly available data.

- 1 -

Plaintiffs attach as Exhibit 1 a redline of the paragraph in question. Attached as Exhibit 2 is a copy of the proposed brief with the amendment to the final paragraph.

DATED:  March 23, 2007    By    /s/ Steve W. Berman
    Steve W. Berman
    Sean R. Matt
    Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
60 W. Randolph Street, Suite 200
Chicago, IL  60601
Telephone: (312) 762-9235
Facsimile: (312) 762-9286

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 3 -

        Kenneth A. Wexler
        Jennifer Fountain Connolly
        Wexler Toriseva Wallace LLP
        One North LaSalle Street, Suite 2000
        Chicago, IL  60602
        Telephone: (312) 346-2222
        Facsimile: (312) 346-0022

        George E. Barrett
        Edmund L. Carey, Jr.
        Barret, Johnston & Parsley
        217 Second Avenue, North
        Nashville, TN  37201
        Telephone: (615) 244-2202
        Facsimile: (615) 252-3798

001821-13 160066 V1

- 4 -

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

      Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendant who do not oppose Plaintiffs' motion.

                                    /s/ Steve W. Berman
                                    Steve W. Berman

001821-13 160066 V1

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on March 23, 2007.

                                      /s/ Steve W. Berman
                                      Steve W. Berman

001821-13 160066 V1

# Exhibit 1

### III. WHETHER THE IMS DATA HAS BEEN PRODUCED

In response to requests Plaintiffs originally made last July, McKesson provided a single CD on February 1, which it represented as a "representative sample" of what it called "a rolling production of IMS data."[16] The day before this brief was due to the Court, McKesson ~~has responded at a glacial pace to requests Plaintiffs originally made last July. Should McKesson engage in further stalling tactics,~~ informed Plaintiffs ~~reserve their right to renew this motion~~ that it would make substantial, additional data available. Plaintiffs have not yet received or reviewed the new material, but it appears that McKesson is taking Plaintiffs' request seriously and the Court's intervention is not needed at this time.

DATED: March ~~16~~19, 2007        By /s/ Steve W. Berman
  Steve W. Berman
  Sean R. Matt
  Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO #471770)
Edward Notargiacomo (BBO #567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

---

[16] Cheung Declaration, Ex. 7.

- 6 -

# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                              Plaintiffs,<br><br>                 v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                              Defendants. | C.A. No. 1:05-CV-11148-PBS |

## PLAINTIFFS' AMENDED REPLY BRIEF IN SUPPORT
## OF THEIR MOTION TO COMPEL

Plaintiffs file this brief in compliance with the Court's February 25, 2007 order requiring Plaintiffs' response to McKesson's allegations that "(1) the information sought from the 30(b)(6) deponent is the 'exact' information contained in the document source log which has already been produced, (2) the proprietary prescription drug sales data is being produced, and (3) the motion was filed solely for harassment purposes."

Plaintiffs filed this motion for the legitimate purpose of obtaining testimony on the identities of each of the sources of the documents McKesson has produced to date and not for the purpose of "harassing" McKesson. Plaintiffs need to know the identities of McKesson's custodians of record because McKesson represents that it has organized its production based on

- 1 -

its custodians.  While McKesson's source log provides names of custodians, it does not provide the titles of these individuals, the department and divisions to which they are affiliated, whether they are still employed by McKesson and, if not, their last known address or why McKesson limited its search to these individuals.  Nor does it explain why a production allegedly organized by custodian, has assigned multiple, wide-ranging Bates ranges to each source.[1]  Further, given that McKesson has established a record of Plaintiffs' responses to its discovery requests through depositions and interrogatory requests of each of the Plaintiffs, it is fitting that McKesson appear on the record to respond to like inquiries.  Because McKesson's source log does not provide all the information that Plaintiffs seek and because it is not admissible evidence of McKesson's response to Plaintiffs' discovery requests, it is not an adequate substitution for Plaintiffs' deposition request.

With respect to the IMS data, McKesson represents that the data it made available on February 1 is part of a "rolling production."[2]  Plaintiffs still await further installments of that production.  In the event that McKesson engages in stalling tactics, Plaintiffs reserve the right to renew their motion.

---

[1] A quick glance at the source log suggests there is no intelligible order to McKesson's document production.  Had the production in fact been organized by custodian, one would expect to find each source identified with a single Bates range, with minute variations attributable to responses to later requests for documents.  Instead, even within the range of documents believed to be produced in response to Plaintiffs' first set of RFPs one finds multiple, wide-ranging Bates ranges associated with each source.  For example, taking the first few names of custodians, Erlinda Thomas is identified as the source of documents in the ranges of MCKAWP 0035416-49363, MCKAWP 0052211-60, MCKAWP 0081098-81133, and MCKAWP 0094023-99; Pia Castillo as the source of MCKAWP 0029963-35159, MCKAWP 0052180-81, MCKAWP 0052195-98, and MCKAWP 0085228-760; and Eric Cullenward as the source of MCKAWP 0035160-415, MCKAWP 0052136-79, and MCKAWP 0052199-210.  Looking at it from another angle, within the range of a mere thousand pages (MCKAWP 0052000-53000) there are **49 entries**, identifying a few dozen, randomly-ordered custodians (including multiple repeat entries).

[2] Declaration of Tiffany Cheung, Ex. 7.

## I.   PLAINTIFFS DID NOT FILE THIS MOTION FOR THE PURPOSE OF "HARASSING" MCKESSON

Plaintiffs' motion was not harassing because they sought information of a narrow scope for a proper purpose, and because they allowed McKesson to determine when and where the deposition would take place. As detailed in the declaration of Steve Berman, Plaintiffs sought the identity of McKesson's custodians of record because McKesson's initial production of documents was produced in random order and not as kept in the ordinary course of business and McKesson represented that its "corrected" production had been arranged by order of its custodians of record.[3] Plaintiffs requested that McKesson designate a 30(b)(6) witness to identify its custodians. When McKesson refused to make its witness available, Plaintiffs moved to compel.

Plaintiffs served their first set of Requests for Production on March 3, 2006.[4] McKesson represented to Plaintiffs that it had over a dozen attorneys working on its response to Plaintiffs' requests.[5] After months of delay, McKesson produced its first installment, which appeared to be generated at random and consisted entirely of litigation materials from the related *AWP* case.[6] To advert further, meaningless delay, Plaintiffs wrote to McKesson on June 2, requesting that it provide them with a specific plan for a timely and meaningful production of McKesson documents, including "(1) which custodians are producing, (2) what types of documents are being produced, and (3) when."[7] When McKesson failed to respond, Plaintiffs reiterated their request for the identity of the custodians of record the following day.[8] McKesson ignored both

---

[3] Declaration of Steve W. Berman in Support of Plaintiffs' Motion to Compel, ¶¶ 2-4.
[4] *Id.*, Ex. 1
[5] *See id.*, Ex. 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*, Ex. 3.

requests.[9]  On June 5, McKesson produced two CDs containing additional documents, which it later acknowledged were not produced as kept in the ordinary course of business.[10]  Plaintiffs then requested that McKesson make its documents available for inspection in hard copy.[11]  McKesson represented that it would correct its production prior to Plaintiffs' inspection by re-sorting the documents according to their custodians of record.[12]  However, when Plaintiffs' attorneys arrived to review the documents, McKesson had simply renumbered the documents without any further description.  As detailed in Plaintiffs' opening brief, McKesson is the 16th largest corporation in the United States with numerous departments and divisions and over 24,000 employees.   Plaintiffs were left to sort through roughly twenty boxes of documents without having any idea of the kinds of documents they were or from whence they came.[13]  Upon their return to their respective offices, Plaintiffs wrote to McKesson for a fifth time on June 22 to request the identities of its custodians of record.[14]  McKesson finally acknowledged Plaintiffs' request but refused to identify its custodians unless Plaintiffs provided a source log for their productions.[15]  Plaintiffs declined.  Eventually, McKesson would force the issue by serving interrogatories on Plaintiffs, requesting that Plaintiffs identify the source of each of their documents by Bates number.

It is disingenuous of McKesson to claim that Plaintiffs' deposition request was "harassing."  In the months that followed Plaintiffs' initial request for information about McKesson's production, McKesson deposed each of the Plaintiffs and inquired at length about

---

[9] *Id.*, Ex. 6.
[10] *Id.*, Ex. 5.
[11] *Id.*, Ex. 4.
[12] *Id.*, Ex. 5.
[13] *Id.*, ¶ 5.
[14] *Id.*
[15] Declaration of Tiffany Cheung, Ex. 1.

their responses to production.  By serving notice of its intent to depose McKesson on the subject of its production, Plaintiffs attempted to engage in the same discovery as had McKesson. Moreover, Plaintiffs' request for a 30(b)(6) witness was the first deposition request that Plaintiffs have made in this litigation.  Nor is it appropriate for McKesson to complain of the timing of the proposed deposition, when it refused to provide alternative dates, nor of the allegedly defective notice of deposition when it waited an entire week to serve its "objections."

### II.  MCKESSON'S SOURCE LOG DOES NOT PROVIDE ALL THE INFORMATION THAT PLAINTIFFS WOULD HAVE OBTAINED FROM A 30(B)(6) DEPOSITION

McKesson represents that its production is organized by custodians of record.  To determine whether McKesson has fully complied with its discovery obligations, Plaintiffs need to know the names and titles of these custodians, which departments or divisions they are affiliated with and why McKesson limited its search to these people.  Plaintiffs also need to know whether any of these individuals are currently employed by McKesson and, if not, their last known address.  *See* Massachusetts District Court Local Rule 26.5(5).  By noting McKesson's deposition of the "representative of McKesson Corporation … knowledgeable of the identity of the custodians of record of the documents produced by McKesson in this litigation," Plaintiffs sought inquiry into all these matters.  By contrast, McKesson's source log merely provides names.

Additionally, an order compelling McKesson to appear for a deposition would require it to state on the record how it has complied with Plaintiffs' discovery requests.  McKesson has required Plaintiffs to make such a record through depositions and interrogatories.  It should not be allowed to shirk its reciprocal obligation.

- 5 -

### III.    WHETHER THE IMS DATA HAS BEEN PRODUCED

In response to requests Plaintiffs originally made last July, McKesson provided a single CD on February 1, which it represented as a "representative sample" of what it called "a rolling production of IMS data."[16]  The day before this brief was due to the Court, McKesson informed Plaintiffs that it would make substantial, additional data available.  Plaintiffs have not yet received or reviewed the new material, but it appears that McKesson is taking Plaintiffs' request seriously and the Court's intervention is not needed at this time.

DATED:  March 19, 2007             By  /s/ Steve W. Berman
                                       Steve W. Berman
                                       Sean R. Matt
                                       Barbara A. Mahoney
                                   Hagens Berman Sobol Shapiro LLP
                                   1301 Fifth Avenue, Suite 2900
                                   Seattle, WA  98101
                                   Telephone: (206) 623-7292
                                   Facsimile: (206) 623-0594

                                   Thomas M. Sobol (BBO #471770)
                                   Edward Notargiacomo (BBO #567636)
                                   Hagens Berman Sobol Shapiro LLP
                                   One Main Street, 4th Floor
                                   Cambridge, MA  02142
                                   Telephone: (617) 482-3700
                                   Facsimile: (617) 482-3003

                                   Elizabeth Fegan
                                   Hagens Berman Sobol Shapiro LLP
                                   60 W. Randolph Street, Suite 200
                                   Chicago, IL  60601
                                   Telephone: (312) 762-9235
                                   Facsimile: (312) 762-9286

---

[16] Cheung Declaration, Ex. 7.

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 7 -

- 8 -

## CERTIFICATE OF SERVICE

      I, Steve W. Berman, hereby certify that a true and correct copy of the above document was served on the attorney of record for each party via the Court's electronic filing system this 16th day of March, 2007.

      By      **/s/ Steve W. Berman**
      Steve W. Berman
      **HAGENS BERMAN SOBOL SHAPIRO LLP**
      1301 Fifth Avenue, Suite 2900
      Seattle, WA 98101
      (206) 623-7292

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                        Plaintiffs,<br><br>                v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                        Defendants. | C.A. No. 1:05-CV-11148-PBS |

**[PROPOSED] ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Substitute Amended Reply Brief in Support of Plaintiffs' Motion to Compel 30(b)(6) Witness. The Court, having considered all pleadings in support and in opposition thereto, and being fully advised in the premises, hereby

GRANTS plaintiffs' motion to substitute. Plaintiffs' Amended Reply Brief in Support of Their Motion to Compel (Ex. 2 to their motion to substitute) is hereby deemed filed.

IT IS SO ORDERED.

- 1 -

- 2 -

DATED: _____    _____

                                                          Hon. Patti B. Saris
                                                          United States District Court Judge

- 3 -

## CERTIFICATE OF SERVICE

  I, Steve W. Berman, hereby certify that a true and correct copy of the above document was served on the attorney of record for each party via the Court's electronic filing system this 19th day of March, 2007.

            By   **/s/ Steve W. Berman**
              Steve W. Berman
              **HAGENS BERMAN SOBOL SHAPIRO LLP**
              1301 Fifth Avenue, Suite 2900
              Seattle, WA 98101
              (206) 623-7292