IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; MAUREEN COWIE; JUNE SWAN; and BERNARD GORTER,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

### DEFENDANT MCKESSON CORPORATION'S SURREPLY IN RESPONSE TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL LEAVE TO FILE GRANTED ON APRIL 3, 2007

Plaintiffs' reply brief blatantly mischaracterizes McKesson's responses to the discovery that is the subject of this motion, necessitating this short surreply.

**First,** plaintiffs disingenuously claim that they are justified in moving to compel a deposition of a corporate representative under Rule 30(b)(6) because McKesson's source log does not disclose the job titles, departments, and addresses of McKesson's document custodians. (Plaintiffs' Reply in Support of Their Motion to Compel ("Reply") 5.)  But plaintiffs' deposition notice did not ask for that information.  The notice asked only for "the identity of the custodians of record of the documents produced by McKesson in this litigation" — precisely the information that appears in the source log McKesson provided to plaintiffs on January 31, 2007.

1

Plaintiffs' reply concedes as much when it attempts to justify this motion by claiming that the definitions set forth Local Rule 26.5 apply to their deposition notice. (Reply 5.) On its face, however, Local Rule 26.5 applies to "discovery requests," not deposition notices.[1] Indeed, in response to McKesson's interrogatory request to "identify" the custodians of the documents produced by plaintiffs, plaintiffs themselves failed to provide all the information they currently seek. (Cheung Surreply Decl. Ex. 1.)

**Second,** plaintiffs falsely assert that McKesson has produced only "a single CD" of IMS data since this motion was filed and that they "still await further installments of that production." (Reply 2, 6.) In fact, McKesson informed plaintiffs' counsel on March 15, 2007 that over 30,000 pages of IMS data were available for copying *the very next day*. (*See* Cheung Surreply Decl. Ex. 2).[2] Plaintiffs' copy vendor took delivery of that additional IMS data the morning of March 16 (*id.* ¶ 4) — well before plaintiffs filed their surreply falsely accusing McKesson of engaging in "stalling tactics." (Reply 2, 6.)

---

[1] Even if it somehow applied, which it does not, Local Rule 26.5 does not require disclosure of job titles or departments in response to a request to "identify" witnesses. Nor is there a basis in the Local Rules or otherwise to compel production of a witness to explain "*why* McKesson limited its search to these people" (Reply 5; emphasis added) — a topic that is absolutely protected by the attorney work product doctrine.

[2] The production referenced in McKesson March 15 letter was in addition to the 20,000 pages previously produced on CD. Plaintiffs also conveniently omit any reference to McKesson's commitment to produce another installment of IMS data — on top of the 50,000+ pages produced to date — the week of March 19th. (Cheung Surreply Decl. Ex. 2.)

2

McKesson Corporation
By its attorneys:

/s/ Paul Flum

Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Dated:  March 19, 2007

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on April 3, 2007.

                              /s/ Paul Flum
                              Paul Flum