# United States District Court
# District of Massachusetts

NEW ENGLAND CARPENTERS
  HEALTH BENEFITS FUND, ET AL.,
  Plaintiffs,

  v.          CIVIL ACTION NO. 05-11148-PBS

FIRST DATABANK, INC., ETC.,
McKESSON CORPORATION, ETC.,
  Defendants.

## *MEMORANDUM AND ORDER ON MOTION TO COMPEL DEFENDANT McKESSON TO MAKE ITS 30(b)(6) WITNESS AVAILABLE AND PRODUCE IMS DATA (#185)*

COLLINGS, U.S.M.J.

  The duly-noticed hearing on the plaintiffs' Motion to Compel McKesson

[Corporation][1] to Make its 30(b)(6) Witness Available and Produce IMS Data (#185) was scheduled to occur at 11:30 A.M. on April 6, 2007 in Boston before the undersigned.  Counsel for McKesson appeared, having traveled from San Francisco.  No counsel appeared for plaintiffs at the appointed hour.  The Clerk was able to contact local counsel who, in turn, contacted counsel in Seattle.  The explanation for not appearing was a communication mix-up among the various lawyers representing plaintiffs.  Finally, the Clerk was able to reach Barbara Mahoney, Esquire, one of plaintiffs' attorneys, in Seattle who asked to argue the motion telephonically.  McKesson's counsel graciously agreed.

The only contested issues regarding the motion which remain outstanding is whether McKesson should be required to produce a 30(b)(6) deponent[2] and whether costs, including reasonable attorney's fees, should be awarded to either the plaintiffs or McKesson.  McKesson argues that it has provided the information sought by the 30(b)(6) deposition notice in the form of documents and would produce in response to interrogatories information which plaintiffs now assert they need which McKesson claims was not set forth in the notice.

---

[1] Hereinafter, "McKesson".

[2] The IMS data was produced after the motion was filed.

Plaintiffs' counsel presses the need for a 30(b)(6) deposition.

Without saying so explicitly, McKesson is seeking a protective order preventing the 30(b)(6) deposition from taking place on the ground that "...the discovery is unreasonably cumulative or duplicative, [and] is obtainable from some other source which is more convenient, less burdensome or less expensive." Rule 26(b)(2)(C), Fed. R. Civ. P.  Be that as it may, it is totally improper for a party to decide on its own not to permit discovery on these grounds.  The Rule is explicit, *viz.,* "***the court***" may "limit" the "frequency or extent of use of...discovery methods permitted under [the] rules...".  There is nothing which permits a party to do so unilaterally.

With respect to depositions, there is no question but that one party may take a 30(b)(6) deposition of a corporation or other entity which is the opposing party in a case.  Rule 30(b)(6), Fed. R. Civ. P.[3]  If the party receiving the notice believes that the notice is improper for some reason, that party does not have the right to refuse to obey the deposition notice on any ground.

Unlike the procedure with respect to interrogatories, requests for

---

[3] Rule 30(a)(1) provides that "[a] party may take the deposition of any person, including a party, without leave of court..." except for very limited circumstances listed in Rule 30(a)(2), Fed. R. Civ. P., which are inapplicable to the instant motion.

3

production of documents and requests for admissions,[4] there is no provision in the rules which provides for a party whose deposition is noticed to serve objections[5] so as to be able to avoid providing the requested discovery until an order compelling discovery is issued. While it is indeed good practice to discuss any issues respecting a 30(b)(6) deposition notice with the party which noticed the deposition in an attempt to work out an agreement, in the absence of an agreement, a party cannot decide on its own to ignore the notice. Rather, if counsel for McKesson was of the view that the plaintiff's 30(b)(6) deposition notice was defective or improper in some way or that the information sought was "...obtainable from some other source..." such as interrogatories "...which would be more convenient, less burdensome or less expensive" (Rule 26(b)(2)(C)), it was McKesson's burden to seek a protection pursuant to Rule 26(c), Fed. R. Civ. P., seeking an order that "...the...discovery may be had only on specified terms and conditions, including a designation of the time[6] or

---

[4] *See* Rules 33(a), 34(b), and 36(a), Fed. R. Civ. P.

[5] Rule 30(d), Fed. R. Civ. P., allows for a motion to be filed to terminate or limit an examination during a deposition, but that rule deals with matters arising during the deposition as opposed to objections to the notice. Also, the burden is on the party seeking to terminate or limit a deposition to file the motion; the burden is not on the party taking the deposition.

[6] There was disagreement after the notice was issued whether it complied with a Case Management Order issued by the Court dealing with advance notice of depositions.

place..." (Rule 26c)(2)) or that "...the discovery...be had only by a method of discovery other than that selected by the party seeking discovery." (Rule 26(c)(3)).[7]

What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel. Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order. This counsel for McKesson failed to do.

Thus, McKesson shall be required to make its 30(b)(6) witness available. However, since a lot of water has gone under the bridge since the motion to compel was first filed, the Court directs that the plaintiffs re-serve a 30(b)(6) notice upon McKesson more specifically setting forth the areas of inquiry in which information is sought in light of what has been produced to date. The notice shall set forth a date for the deposition which is no less than twenty-one working days after the date of the notice. Unless there is an agreement to alter the date, or the Court upon motion orders otherwise, the 30(b)(6) deposition

---

[7] If the deposition was sought from a non-party by subpoena, the motion would be properly designated a motion to quash or modify on one or more of the grounds stated in Rule 45(c)(3)(A), Fed. R. Civ. P.

shall take place on the date which plaintiffs' counsel selects.  The Court finds the motion moot to the extent that IMS data is sought.  Lastly, as stated, *supra,* counsel for McKesson traveled to Boston for the hearing on the motion. Plaintiffs' counsel did not appear thereby saving the expenses which would have been incurred if Attorney Mahoney had come to Boston from Seattle.  In these circumstances, the Court considers the fact that McKesson had to bear the expenses, including attorney's fees, of having its counsel come to Boston to argue the motion while plaintiffs' counsel did not have to bear the same expense a sufficient sanction upon McKesson.  No further sanctions pursuant to Rule 30(b)(4), Fed. R. Civ. P., shall be assessed.

Accordingly, it is ORDERED that Motion to Compel McKesson [Corporation] to Make its 30(b)(6) Witness Available and Produce IMS Data (#185) be, and the same hereby is, ALLOWED to the extent that McKesson shall make its 30(b)(6) witness available under the terms and conditions set forth, *supra.*  IT IS FURTHER ORDERED that the Motion, Etc. (#185), to the extent that IMS data is sought, be and the same hereby is, DENIED as moot.  IT IS FURTHER ORDERED the Motion, Etc. (#185), to the extent that it seeks an award of sanctions, be DENIED.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date: April 9, 2007.