UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>            Plaintiffs,<br><br>   v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>            Defendants. | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT MCKESSON CORPORATION'S REQUEST FOR A CASE MANAGEMENT CONFERENCE TO ADDRESS THE CASE SCHEDULE AND REMAINING NON-EXPERT DISCOVERY**

McKesson respectfully requests a case management conference to discuss the case schedule and the remaining discovery to be taken in this case. The Court has not held a case management conference regarding the case schedule since February 9, 2006. Since then, portions of the case schedule have been modified in a piecemeal fashion. The current schedule does not reflect an overarching consideration of how the fact discovery, expert disclosure, and summary judgment proceedings should be scheduled to ensure the efficient resolution of this

action.[1]  In particular, extensions of the class certification schedule without corresponding extensions of the fact discovery deadline have truncated the time originally contemplated for post-class merits discovery.  A case management conference would provide an opportunity to develop a case schedule that accounts for the current status of discovery and the events that have occurred since February of last year.  In addition to discussing scheduling issues, other issues that impact pending discovery should be addressed, including the number of depositions that may be required, as well as the time necessary to complete depositions of key witnesses in an efficient manner.

Because it is uncertain when the Court may be able to hold a case management conference, to alleviate the immediate scheduling challenges posed by the upcoming June 1, 2007 discovery cutoff, McKesson is filing concurrently a Motion for a 60-Day Extension of Time to Complete Non-Expert Discovery, which is attached hereto as Exhibit A.

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter

Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated:  April 19, 2007

---

[1] For example, in the AWP MDL, rather than set dates for summary judgment deadlines before class certification was resolved, the Court set deadlines for summary judgment that were triggered only after a decision on any First Circuit appeal of the Court's class certification order.  *See* AWP MDL Case Management Order No. 13.

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on April 19, 2007.

                    /s/ Lori A. Schechter
                    Lori A. Schechter

# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>          Plaintiffs,<br><br>  v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>          Defendants. | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT MCKESSON CORPORATION'S MOTION FOR A 60-DAY EXTENSION OF TIME TO COMPLETE NON-EXPERT DISCOVERY**

McKesson hereby moves for a modest 60-day extension of the cutoff for non-expert discovery — from June 1 to July 31 — to permit the completion of vital discovery in this complex class action.

Plaintiffs' complaint asserts nine causes of action on behalf of two purported classes of 11,000 TPPs and hundreds of thousands of consumers who allegedly overpaid billions of dollars in their reimbursements for over 1400 brand name, self-administered drugs over a four-year period. The reimbursement system for self-administered drugs is hugely complex, involving

1

thousands of participants, including TPPs, benefits consultants, PBMs, and pharmaceutical manufacturers. Since discovery began just over a year ago, both McKesson and plaintiffs have actively pursued and are continuing to pursue discovery from companies at all levels of the reimbursement system. Indeed, between both sides, nineteen depositions have been taken so far, most of them by McKesson, and dozens of document subpoenas have been served on third parties. Twenty more depositions have been noticed by the parties to take place in the remaining 31 business days before the June 1 discovery cutoff.

Notwithstanding its own diligence, McKesson believes that the discovery needed to adequately address the complex issues in this case cannot be completed in the short interval before the current June 1, 2007 discovery cutoff. McKesson therefore requests a modest, 60-day extension to ensure sufficient time to complete this vital discovery.[1] Plaintiffs will not be prejudiced by this short continuance and have previously requested and received several continuances from the Court.

## MCKESSON HAS DILIGENTLY PROPOUNDED AND RESPONDED TO DISCOVERY, BUT HAS FACED UNEXPECTED DELAYS

Since March 2006, McKesson has diligently propounded discovery on plaintiffs, defendant First DataBank, and third parties. McKesson has inspected or reviewed many hundreds of boxes of documents, over one hundred CDs, and several hard drives full of electronic data from the MDL. Because plaintiffs initially refused to produce these relevant MDL materials, McKesson did not obtain full access to them until last October, and only after McKesson successfully moved to compel. Thus, McKesson has had only a few months to digest the MDL materials that plaintiffs have had years to review and analyze. Indeed, plaintiffs have continued to produce MDL discovery to McKesson as recently as last month.

In addition, in July 2006, McKesson began discovery of third parties and has now served 38 third-party document subpoenas. Since September, McKesson has taken fourteen depositions

---

[1] McKesson has concurrently submitted a request for a case management conference to address other outstanding scheduling and discovery issues in the case.

(including depositions of plaintiffs' two class certification experts) and has noticed an additional six depositions to take place between now and June 1. McKesson expects that it will be noticing additional depositions as more witnesses are identified in response to outstanding document subpoenas and interrogatories, and during the depositions that are currently underway.

At the same time, McKesson has expended a considerable effort responding to seven sets of document requests and three sets of interrogatories propounded by plaintiffs. McKesson has invested thousands of attorney hours reviewing hundreds of thousands of documents and has produced to plaintiffs over 100,000 pages of documents from over 40 custodians' files. McKesson has also produced or will be producing twelve witnesses in response to plaintiffs' deposition notices. With only three exceptions, McKesson has offered all of these witnesses on dates proposed by plaintiffs.

Plaintiffs have also actively pursued discovery. Plaintiffs have issued nine third-party document subpoenas and have noticed seven third-party depositions in addition to the dozen McKesson witnesses already discussed. Between both sides, twenty depositions are currently noticed to occur between now and the June 1 cutoff. More are expected.

Through no fault of either side, discovery has taken longer than originally anticipated. McKesson has experienced delays of several months in obtaining third-party documents and depositions due to various factors, including contractual provisions that required notice and consent before production, third parties' legitimate concerns about confidentiality, and scheduling issues presented by third parties in every case. Plaintiffs have encountered similar difficulties. Indeed, plaintiffs have had to reschedule three third-party depositions in the last month alone.

In addition, there have been several disputes regarding the proper scope of discovery. Most of these were resolved informally, but some required motion practice, further expanding the timeframe to obtain important discovery. As noted, McKesson filed a motion to compel plaintiffs to produce discovery from the MDL (to which McKesson is not a party). That motion was granted in October 2006, and plaintiffs have continued to produce responsive MDL

3

documents as recently as last month. McKesson also filed a motion to compel plaintiffs to respond to interrogatories served last November asking plaintiffs to identify witnesses supporting key allegations in their complaint. On the eve of the hearing on that motion, plaintiffs agreed to provide responses, but not until April 24, 2007. Plaintiffs' belated responses will leave only thirteen business days to depose witnesses identified in the interrogatories before the current June 1 cutoff, given the three-week notice provisions of CMO No. 1.[2]

Changes in the hearing schedule for plaintiffs' motion for class certification also warrant a modest extension of the discovery cutoff. The Court's original scheduling order provided 134 days after the class certification hearing to complete non-expert discovery. The class hearing has since been rescheduled twice due to plaintiffs' requests for extensions, but the schedule for non-expert discovery has not been adjusted correspondingly.[3] Plaintiffs' motion for class certification is currently set for hearing on May 22, 2007. Given the current June 1 discovery cutoff, only ten days will remain thereafter to complete fact discovery. That is insufficient time, given the competing demands of completing class briefing and the substantial amount of discovery that is already underway. In addition, the modest continuance sought by this motion may provide the parties with the opportunity to tailor remaining discovery in light of the Court's ruling on class certification issues. *See* Manual for Complex Litigation § 11.213 (4th ed. 2004) ("[c]lass certification or its denial will have a substantial impact on further proceedings, including the scope of discovery . . .").

---

[2] The court recently granted plaintiffs' motion to compel appearance of a Rule 30(b)(6) witness to address questions regarding the document source log that McKesson voluntarily produced. That deposition has been noticed for May 8.

[3] Plaintiffs asked McKesson in September 2006 to join a motion to modify the class briefing and hearing schedule to accommodate their expert, Dr. Raymond Hartman. *See* Joint Motion to Modify the Case Schedule [Docket No. 109]. In February 2007, plaintiffs requested an extension to file their class reply, which also caused the hearing date to be moved. By contrast, McKesson has made two requests to adjust the class briefing schedule, neither of which sought or required any change to the class hearing schedule.

In light of all these concerns, McKesson asked plaintiffs to agree to a modest, 60-day extension of the fact discovery cutoff. Plaintiffs refused. Plaintiffs have previously requested (and McKesson has agreed to) several extensions to the class hearing schedule, which required extensions to the rest of the case schedule. Plaintiffs will incur no prejudice by the additional 60-day extension sought by this motion.

## CONCLUSION

For the foregoing reasons, McKesson respectfully requests that the Court issue an order extending the fact discovery deadline to July 31, 2007.


McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter

Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated:  April 19, 2007

5

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Lori Schechter, counsel of record for defendant McKesson Corporation, hereby certify that McKesson's counsel conferred with counsel for plaintiffs in an effort to resolve the issue referred to in this motion, and that the parties have not been able to reach agreement with respect thereto.

/s/ Lori A. Schechter
Lori A. Schechter

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on April 19, 2007.

/s/ Lori A. Schechter
Lori A. Schechter

Case 1:05-cv-11148-PBS   Document 242-2   Filed 04/19/2007   Page 6 of 6

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　　　Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**[PROPOSED] ORDER GRANTING DEFENDANT MCKESSON CORPORATION'S REQUEST FOR A CASE MANAGEMENT CONFERENCE TO ADDRESS THE CASE SCHEDULE AND REMAINING NON-EXPERT DISCOVERY**

　　　　THIS MATTER is before the Court on the request of Defendant McKesson Corporation for a case management conference to address the case schedule and remaining non-expert discovery. The Court, having considered all submissions regarding this request, and being fully advised in the premises, hereby

　　　　GRANTS the request of Defendant McKesson Corporation for a case management conference and hereby sets a case management conference to be held on _____, 2007.

IT IS SO ORDERED.

DATED: _____   _____
Hon. Patti B. Saris
United States District Court Judge