UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, | Civil Action: 1:05-CV-11148-PBS

Judge Patti B. Saris |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**DEFENDANT MCKESSON CORPORATION'S MOTION FOR LEAVE TO FILE UNDER SEAL**

On February 27, 2007, the Court granted Defendant McKesson Corporation's

("McKesson") request to seal a discrete number of third party documents cited in

McKesson's Opposition to Class Certification. Certain of these documents contained or

reflected highly sensitive contracting terms, including pricing and financial terms, the

disclosure of which would risk competitive injury to the third parties that negotiated or

agreed to these terms. Others revealed the identities of a PBM's clients or constituted

internal documents reflecting business analyses or strategies for responding to drug pricing trends and market forces.  For the same reasons, McKesson submits this motion to ensure that similar third party documents, cited in McKesson's Surreply in Opposition to Class Certification, receive the same protection.  These third party documents, like the previous documents the Court sealed, contain or reflect highly sensitive contracting terms, client identities, or business strategies, the disclosure of which poses competitive injury to non-parties to this case.

McKesson hereby respectfully moves this Court for leave to file the following submissions that include such confidential information under seal (with redacted versions filed in the public record):

(a) Exhibits 23, 25A, 25B, 25D, 25E, and 30 attached to the Declaration of Lori A. Schechter in Support of McKesson Corporation's Surreply in Opposition to Class Certification;

(b) McKesson Corporation's Surreply in Opposition to Class Certification; and

(c) Rebuttal Expert Declaration of Robert D. Willig.

Redacted versions that excise only the limited confidential material contained in these submissions were filed in the public record at Docket Nos. 247, 248, and 249.

In support of this motion, McKesson states as follows:

1.    McKesson submits this motion solely on behalf of the third parties that produced the confidential information contained in the documents described below.  Such confidential information of third parties is entitled to heightened protection.  *See Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) ("When the sensitive information pertains to non-parties who are not public figures, the balancing of interests in favor of protecting the privacy of the non-parties and against uninhibited access to the records is strengthened."); *see also United States v. Snyder*, 187 F. Supp. 2d 52, 63 (N.D.N.Y. 2002) ("The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citation omitted).

2

2.      Exhibits 23 and 30 to the Schechter Surreply Declaration contain or reflect highly sensitive contracting terms, including pricing and financial terms, the disclosure of which would risk competitive injury to the third parties that negotiated or agreed to these terms.  McKesson seeks leave to file these documents under seal and to publicly file versions that redact only the discrete, confidential terms of these contracts:

   a.  Exhibit 23 to the Schechter Surreply Declaration is an analysis of the impact of the Spread Increase on AstraZeneca's rebate contracts, which discloses the terms of AstraZeneca's highly confidential rebate contracts with various entities.

   b.  Exhibit 30 to the Schechter Surreply Declaration discloses the terms of a highly confidential contract governing rebates paid by Ortho-McNeil Pharmaceutical, Inc.

3.      Exhibits 25A, 25B, 25D, and 25E to the Schechter Surreply Declaration reveal the identities of Express Scripts's ("ESI") clients or constitute internal documents reflecting business analyses or strategies for responding to drug pricing trends and market forces on behalf of ESI's clients, information which ESI keeps confidential and protects from public disclosure.  These Exhibits contain information that reflects ESI's internal business analyses and competitive strategies related to the services it offers to its clients. McKesson seeks leave to redact only this highly sensitive information from any public filings in this case in order to avoid commercial injury to a third party in these proceedings.

4.      Paragraph 14 of the Protective Order mandates that any document or pleading containing the type of confidential material referenced above be filed under seal. McKesson hereby seeks to comply with the terms of the Protective Order upon which third parties relied when they produced documents in response to subpoenas served in this action.

WHEREFORE, McKesson respectfully requests that this Court grant it leave to file the submissions listed above under seal.  McKesson has filed in the public record redacted copies of these submissions, which excise only the confidential information from the previously sealed exhibits to the Schechter Class Opposition Declaration and the confidential information from Exhibits 23, 25A, 25B, 25D, 25E, and 30 to the Schechter Surreply Declaration.

Respectfully submitted,
Dated: May 7, 2007

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415)268-7000
Facsimile:  (415) 268-7522

JOHN KIERNAN
NICOLE JOHNSON
BONNER KIERNAN TREBACH &
 CROCIATA
One Liberty Square
Boston, MA 02109
Telephone:  (617) 426-3900
Facsimile:  (617) 426-0380

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Lori Schechter, counsel of record for defendant McKesson Corporation, hereby certify that McKesson's counsel conferred with counsel for plaintiffs in an effort to resolve the issue referred to in this motion, and that the parties were unable to reach agreement with respect to this motion.

/s/ Lori A. Schechter
Lori A. Schechter

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on May 7, 2007.

/s/ Lori A. Schechter
Lori A. Schechter

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND; PIRELLI ARMSTRONG
RETIREE MEDICAL BENEFITS TRUST;
TEAMSTERS HEALTH & WELFARE FUND
OF PHILADELPHIA AND VICINITY;
PHILADELPHIA FEDERATION OF
TEACHERS HEALTH AND WELFARE FUND;
DISTRICT COUNCIL 37, AFSCME - HEALTH
& SECURITY PLAN; JUNE SWAN;
MAUREEN COWIE and BERNARD GORTER,

                Plaintiffs,

      v.

FIRST DATABANK, INC., a Missouri
corporation, and McKESSON CORPORATION,
a Delaware corporation,

                Defendants.

Civil Action:  1:05-CV-11148-PBS

**[PROPOSED] ORDER GRANTING MCKESSON CORPORATION'S
MOTION FOR LEAVE TO FILE UNDER SEAL**

      McKesson seeks leave to file under seal its class surreply submissions that contain

confidential information from a discrete set of third party documents and to publicly file

redacted versions that excise only this confidential information.  For the same reasons

underlying the Court's February 27, 2007 order granting McKesson leave to file under

seal documents containing confidential information of third parties, the Court, having

considered all documents in support and opposition thereto, hereby GRANTS

McKesson's Motion for Leave to File Under Seal the following documents:

1.      Exhibits 23, 25A, 25B, 25D, 25E, and 30 attached to the Declaration of

Lori A. Schechter in Support of McKesson Corporation's Surreply in Opposition to Class

Certification;

2.      McKesson Corporation's Surreply in Opposition to Class Certification;

and

3.      Rebuttal Expert Declaration of Robert D. Willig.


IT IS SO ORDERED.


DATED: _____          _____
                                        Hon. Patti B. Saris
                                        United States District Court Judge