

STEVE W. BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW.COM

May 11, 2007

Patti B. Saris
United States District Court Judge
United States District Court
Donahue Federal Building and U.S. Courthouse
595 Main Street
Worcester, MA 01608

    Re:   *New England Carpenters Health Benefit Fund, et al. v. First Databank, et al.*
           No. 1:05-cv-11148-PBS

Dear Judge Saris:

    This letter is in response to your order entered May 9, stating:

> I allow the extension of the discovery period to finish depositions that have already been noticed. No new document requests, notices of deposition, or any other discovery request shall be filed.

    The parties have a disagreement about how to interpret the order, and are writing jointly to seek the Court's guidance.

    <u>Plaintiffs' Position</u>. Plaintiffs interpret the Court's order to bar any depositions not noticed before the Court entered its order and believe that McKesson violated the Court's order when it served four new deposition subpoenas after the Court entered its order.

    <u>McKesson's Position</u>. McKesson believes that it is proceeding consistently with the Court's order. As of May 9, McKesson had taken twelve merits depositions — and had noticed an additional six for the month of May — out of the total allotment of twenty per side stipulated to by the parties. McKesson had purposely reserved the balance — to be noticed for dates on or before June 1 — to explore matters revealed during the final phases of discovery.

ATTORNEYS AT LAW    SEATTLE  LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO
T 206.623.7292    F 206.623.0594
1301 FIFTH AVENUE • SUITE 2900 • SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001821-13 171362 V1

sf-2320281

Judge Saris
May 11, 2007
Page 2

On May 9, McKesson withdrew two of the depositions noticed for May and noticed four new depositions to take place on or before the June 1 cutoff, selected based on its review of recently produced documents and other discovery. McKesson had every reason to believe that these new notices were proper. The depositions that McKesson noticed on May 9 are all set to occur on or before the June 1 cutoff, comply with the three-week notice provisions of Case Management Order No. 1, and bring the total number of depositions noticed by McKesson to twenty. McKesson was in the process of preparing the subpoenas for this final round of deponents at the time of the Court's May 9 order.

McKesson does not understand that the Court, by entering its order granting a short extension of the discovery cutoff, intended to abridge the parties' rights to pursue discovery that would have been permissible without the need for an extension. Instead, McKesson reads the order as addressing what discovery will be permitted after the current June 1 cutoff. Because the depositions that McKesson recently noticed are all set for dates on or before June 1 and within its original allotment of 20 depositions, McKesson respectfully submits that the notices comply with the intent of the Court's order.

Sincerely yours,

| MORRISON & FOERSTER LLP | HAGENS BERMAN SOBOL SHAPIRO LLP |
|---|---|
| /s/ Lori A. Schechter | /s/ Steve W. Berman |
| Lori A. Schechter | Steve W. Berman |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

171362-1