UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri Corporation; and McKESSON CORPORATION, a Delaware Corporation,<br><br>Defendants | Civil Action No. 1:05-CV-11148-PBS |

## AMENDMENTS TO SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Plaintiffs on behalf of themselves and the Private Payor Class (the "Plaintiffs") and Defendant First databank, Inc. ("FDB") entered into a proposed class settlement agreement dated as of August 3, 2006 (the "Agreement");

WHEREAS, the Court entered an electronic order dated November 22, 2006 that stated: "I allow the joint motion for preliminary approval of the proposed class, certify a settlement class pursuant to Fed. R. Civ. P. 23(b)(2); order notice pursuant to Fed. R. Civ. P. 23(d)(2) which gives an opportunity for an opt-out; and order the parties submit a revised final order with appropriate dates."

WHEREAS, during the period of time since November 22, 2006 that the parties have been endeavoring to prepare an appropriate notice program and dates, certain issues

with respect to the Agreement that need clarification have come to the attention of the parties,

WHEREAS, the parties wish to clarify certain provisions of the Agreement and to amend the Agreement in certain respects,

NOW THEREFORE, the Plaintiffs and Defendant FDB, subject to the approval of the Settlement Court, agrees to the following clarifying amendments and additions to the Agreement by interlineation, which taken together with the Agreement, now comprise the Agreement dated as of August 3, 2006 and amended as of May 22, 2007.

1. In Section 1 of the Agreement, the Private Payor Class Definition is amended to read as follows:

Private Payor Class Definition. Subject to the Settlement Court's approval, and the conditions of Paragraph 15, the undersigned agree and consent to the certification pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(2) with notice and opt-out rights of the following settlement class (the "Private Payor Class") in the Class Action:

> All individual persons or entities who, during the Class Period, made purchases and/or paid, whether directly, indirectly, or by reimbursement, for all or part of the purchase price of prescription pharmaceuticals, including, but not limited to, those pharmaceuticals listed on the attached Exhibit A, where any or all of the purchase price, reimbursement or payment amount was based in any part on the Average Wholesale Price, Blue Book Average Wholesale Price, or similar data published or disseminated by First DataBank, Inc., electronically or otherwise, and which such Average Wholesale Price, Blue Book Average Wholesale Price, or similar data published or disseminated by First DataBank, Inc., electronically or otherwise, in whole or part, was based on a FDB wholesale survey. Excluded from the class are Defendants, their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates; the United States government, its officers, agents, agencies and departments; the States of the United States and their respective officers, agents, agencies and departments; and all other local governments and their officers, agents, agencies and departments.

This is to clarify further that those entities that own or operate businesses referred to commonly as pharmacy benefit managers ("PBMs") and who as part of their business operation contract with ultimate Third Party Payors of a prescription pharmaceutical benefit to perform certain services in the administration and management of that prescription pharmaceutical benefit for those ultimate Third-Party Payors are not class members under the Private Payor Class definition of this settlement. The class includes the ultimate Third Party Payors providing the prescription pharmaceutical benefit and not the PBMs with which those Third Party Payors contract with to administer or manage that prescription benefit on behalf of the class members, unless such PBMs are the fiduciary of the Third Party Payors or by contract assumed, in whole or in part, the insurance risk of that prescription pharmaceutical benefit during the Class Period.

2. In Section 1 of the Agreement, the definition of "Releasors" is amended to read as follows:

"Releasors" means any and all Class Members, as well as their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates, their respective present and former stockholders, officers, directors, employees, managers, agents, attorneys and any of their legal representatives, any future operating entities created and controlled by a Class Member (not including any successor of an Opt-Out), and any predecessors, successors, heirs, executors, trustees, administrators and assigns of each of the foregoing, all in their capacities as such, and any entities or persons on whose behalf the Class Member is authorized to act. All Released Claims are forever discharged, and such claims cannot be asserted by any of Releasors' future, direct and indirect, parents, subsidiaries, divisions, partners and affiliates, their respective future stockholders, officers, directors, employees, managers, agents, attorneys and any of their legal representatives, or any successors, heirs, executors, trustees, administrators, or assigns of each of the foregoing. As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

3. In Section 1 of the Agreement, the definition of "Third-Party Payor" or "TPP" is amended to read as follows:

"Third-Party Payor" or "TPP" means any person or entity that paid or was at risk by contract to pay all or part of the cost of Pharmaceutical Purchases for individual or group beneficiaries of the TPP's prescription drug or health coverage including, but not limited to, self-insured

3

employers, health and welfare plans, private health insurers. Excluded are Defendants, their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates; the United States government, its officers, agents, agencies and departments, the States of the United States and their respective officers, agents, agencies and departments; and all other local governments and their officers, agents, agencies and departments.

4. The term "States of the United States" refers to the fifty States of the United States, the District of Columbia, and the territories, possessions, and commonwealths of the United States.

5. The first sentence of Paragraph 9(A)(1) is amended to read as follows: "On a date which is no later than sixty (60) days after the Effective Date of this Agreement, First DataBank shall adjust, i.e., change, the WAC to AWP Markup it utilizes for all pharmaceuticals listed on Exhibit A to 1.20."

6. In Section 10 of the Agreement entitled "<u>Attorneys' Expenses and Fees and Fee Disputes</u>", the following provision is added:

> The parties also agree that, subject to Court approval, FDB will enter into with Class Counsel or with a designated consultant to Class Counsel, one standard licensing agreement for access to FDB's NDDF database for the period of three (3) years following the Effective Date of this Agreement for compliance review purposes, subject to the following conditions: (i) both Class Counsel and the designated consultant, if any, will execute and be bound by the terms of FDB's standard licensing agreements used in connection with the subject database, (ii) only one license for access to the subject database will be provided, and (iii) Class Counsel and/or the designated consultant, if any, will be responsible for any and all hardware, software, system construction and maintenance, technical support and any and all costs associated with the above necessary to access and use the subject database, FDB is only providing a licensing agreement and is not responsible for any other costs or support.

7. Except as expressly amended hereby, all other provisions of the Agreement shall remain in full force and effect. All references to "this Agreement" in the Agreement shall mean the Agreement as amended hereby.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Amendment to the Agreement dated as of August 3, 2006.

Dated: May 22, 2007

| PLAINTIFFS | FIRST DATABANK, INC. |
|---|---|
| By: _____ | By: _____ |
| Thomas M. Sobol, Esq. | Mark Redman, Esq., its counsel |
| Hagens Berman Sobol Shapiro LLP. | |