UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>        Plaintiffs,<br><br>  v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>        Defendants. | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**McKESSON'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL McKESSON'S 30(b)(6) WITNESS AND TO PROVIDE MORE SPECIFIC RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES**

## INTRODUCTION

On May 8, 2007, McKesson produced its Human Resources Manager, Michelle Glasco, in response to plaintiffs' Rule 30(b)(6) deposition notice specifying six discrete topics for examination, all relating to the custodians of record of the documents produced by McKesson in this case. Plaintiffs' notice sought testimony regarding:

(1) the job **"titles"** of the individuals whose documents were produced,

(2) what **"department(s)** or **division(s)"** they worked in,

(3) whether the individuals are currently working for McKesson and, if not, their **"last known address,"**

(4) how McKesson **"organized"** its production of their documents,

(5) which files of the individuals named on the source log were **"searched,"** and

(6) how McKesson's document source log **"reflected"** that organization.

(Amended Dep. Notice, Berman Decl. Ex. 1.)[1] Ms. Glasco was prepared to address all of these topics based on her personal knowledge, research that she conducted, and information that McKesson provided to her before the deposition.

Instead of confining their examination to the six topics set forth in their notice, plaintiffs embarked on a fishing expedition. Among the topics not specified in the notice, counsel's examination included questions about McKesson's document retention and storage policies in general, McKesson's email policies, McKesson's procedures for backing-up emails, what cities various McKesson employees worked in, the job responsibilities of each document custodian, and the business functions of the departments in which the custodians worked. (Pls.' Mem. 3-4, 8-9; Glasco Dep. 8-10, 18-19, 23-36, Berman Decl. Ex. 3.)

---

[1] Plaintiffs deposition notice requested that McKesson produce a witness "who is knowledgeable about the custodians of record of documents You have produced or were requested to produce in this litigation, including **[1]** their titles and **[2]** what department(s) or division(s) they belonged to from 2000 through the present; **[3]** whether they are still employed by McKesson and if not, their last known address; **[4]** how the production of their records is organized, including **[5]** which of their files were searched to ensure that all responsive, non-privileged documents were produced; and **[6]** how, if at all, the organization of Your production by custodian is reflected in the source log You have provided in this litigation." *Id.* (bracketed numbers added).

On May 10, 2007, two days after plaintiffs' counsel concluded the deposition stating, "[t]hat's all I have," counsel sent a letter to McKesson demanding production of another witness. (Berman Decl. Ex. 3 at 36; *id.* at Ex. 4.)  Without waiting for a response or holding a discovery conference about the deposition, plaintiffs filed this motion on May 15.

Plaintiffs' motion to compel an additional Rule 30(b)(6) deponent should be denied. First, plaintiffs filed this motion in violation of Local Rule 37.1(a), which provides that counsel for the moving party must arrange a discovery conference *before* filing any discovery motion. Plaintiffs not only failed to comply with that requirement, but plaintiffs also misrepresented their lack of compliance in the certificate attached to their notice of motion.  Second, plaintiffs' motion is based on an incorrect view of McKesson's obligation in responding to their Rule 30(b)(6) notice.  There is no requirement that the person designated to testify have personal knowledge of the matters specified in the deposition notice, so long as she has taken appropriate steps to inform herself about the corporation's knowledge regarding the topics designated in the notice.  Nor is there any requirement that the witness provide testimony about matters not specified in the notice.  Ms. Glasco took appropriate steps before the deposition to educate herself about the matters plaintiffs designated for examination.  No more was required.

Plaintiffs also seek an order compelling further responses to interrogatories asking McKesson to "state the basis" for its affirmative defenses.  Plaintiffs' moving papers include neither the interrogatories nor McKesson's responses, as required by Local Rule 37.1(b)(4). Without that basic information, the Court cannot assess the adequacy of McKesson's responses, and the motion should be denied for that reason alone.  Moreover, as discussed below, McKesson's responses fully conform to this Court's rules governing contention interrogatories. Under Local Rule 26.5(c)(8), where an interrogatory asks a party to "state the basis" for its claims, the response must identify "*each and every* document" and "*each and every* communication" that forms "*any part of the source* of the party's information" regarding the interrogatory — exactly what McKesson did here.

2

# ARGUMENT

## I. PLAINTIFFS' MOTION FOR AN ADDITIONAL 30(b)(6) WITNESS SHOULD BE DENIED.

### A. Plaintiffs Violated Local Rules 37.1 by Filing this Motion Without Requesting or Conducting a Discovery Conference.

Local Rule 37.1(a) requires that "[b]efore filing any discovery motion," counsel for the moving party must make "a request for a discovery conference . . . ." Opposing counsel has seven days to respond, excluding Saturdays, Sundays, and holidays under Fed. R. Civ. P. 6(a), and the conference must be held within fourteen days of the initial request. Local Rule 37.1(a)-(b).[2]

Plaintiffs filed this motion in direct of violation of these requirements. Plaintiffs deposed McKesson's Rule 30(b)(6) witness on May 8. The only evidence of purported compliance with Local Rule 37.1 is counsel's May 10 letter, attached as Exhibit 4 to the Berman Declaration. As this Court's review will confirm, that letter delivered an ultimatum — produce another witness within ten days or else — and makes no mention of a discovery conference. (Berman Decl. Ex. 4.) Even construing plaintiffs' May 10 letter as a request for a discovery conference,

---

[2] Local Rule 37.1 provides in pertinent part:

(a) *Before filing any discovery motion*, including a motion for sanctions or for a protective order, counsel for each of the parties *shall confer* in good faith to narrow the areas of disagreement to the greatest possible extent. *It shall be the responsibility of counsel for the moving party to arrange for the conference*. Conferences may be conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

(b) If (i) opposing counsel has *failed to respond to a request for a discovery conference within the seven period* set forth in subdivision (a), (ii) opposing counsel has failed to attend a discovery conference within fourteen (14) calendar days of the request, or (iii) if disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and supporting memorandum. *The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with.* The memorandum shall *state with particularity* the following:

(1) *If a discovery conference was not held, the reasons why it was not*;

(2) *If a discovery conference was held, the time, date, location and duration of the conference; who was present for each party;* the matters on which the parties reached agreement; and the issues remaining to be decided by the court . . . . (emphasis added).

3

McKesson had until May 21 to respond under Local Rule 37.1 and Fed. R. Civ. P. 6(a). McKesson was in the process of drafting a response to counsel's letter when plaintiffs jumped the gun and filed this motion on May 15.  (Flum Decl. ¶ 6.)  Plaintiffs' moving papers offer no explanation for their failure to hold a discovery conference before filing this motion.

Plaintiffs also violated the provisions of Local Rule 37.1(b) requiring that they "certif[y] . . . that the provisions of this rule have been complied with."  Plaintiffs' brief states only that they asked McKesson to produce another witness on May 10, and that "[w]hen McKesson *did not respond/refused*, Plaintiffs brought this motion."  (Pls.' Mem. 5; emphasis added.)  While plaintiffs' motion includes a boilerplate certification that "counsel for Plaintiffs conferred with counsel for Defendant and were not able to agree on the issues addressed by this motion" (Pls.' Mot. 4), that statement is false.  No discovery conference was ever requested or held regarding the adequacy of McKesson's Rule 30(b)(6) witness.  (Flum Decl. ¶ 6.)  This Court should disregard counsel's conclusory statement to the contrary.[3]

*Syrjala v. Total Healthcare Solutions, Inc.*, 186 F.R.D. 251 (D. Mass. 1999), is directly on point.  In *Syrjala,* Chief Magistrate Judge Collings addressed the consequences of counsel's failure to meet and confer before filing a discovery motion under circumstances that are strikingly similar to those presented by plaintiffs' motion.  In *Syrjala*, defendants' counsel wrote a letter threatening to move for a protective order unless plaintiff withdrew certain deposition notices within four days.  Before plaintiff could respond, defendants' counsel filed a protective order motion, even though the date to respond to a request for a discovery conference under Local Rule 37.1 had not passed.[4]  As in this case, the motion for protective order included a conclusory certification that counsel "conferred on the subject matter of this motion and were

---

[3] Tellingly, plaintiffs' moving papers provide no particulars regarding that purported conference, as required by Local Rule 37.1(b)(2).  While counsel did meet and confer by telephone about the *interrogatory responses* that are addressed separately in plaintiffs' motion, those phone calls were on April 30 and May 4, and did not address any issues relating to the Rule 30(b)(6) deposition, which did not even take place until May 8.  (Flum Decl. ¶ 7.)

[4] The court further noted, without deciding, that it was doubtful whether counsel was even "requesting a discovery conference pursuant to Local Rule 37.1" when he wrote demanding that plaintiffs withdraw their deposition notice or face a motion for a protective order.  186 F.R.D. at 253-54 & n.3.

4

unable to resolve the issue." As in this case, counsel's certification was false. *Syrjala* declined even to reach the merits of defendants' motion, holding instead that counsel's actions "violated both the letter and the spirit" of Local Rule 37.1. 186 F.R.D. at 253-54 & n.5. *Accord Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 101-102 (D. Mass. 1996) (denying motion to compel for failure to comply with Local Rule 37.1).

Plaintiffs here are guilty of the same tactics as the moving parties in *Syrjala* and *Hasbro*. Plaintiffs have failed to comply with the meet and confer requirements of Local Rule 37.1 and have failed to offer any explanation why a discovery conference could not have been held. Plaintiffs' motion should be denied for that reason alone.[5]

### B.  McKesson's Witness Was Adequately Prepared To Address All Topics Specified in the Deposition Notice.

Plaintiffs' motion should also be denied because Ms. Glasco was adequately prepared to respond to questions about the six topics specified in plaintiffs' Rule 30(b)(6) notice.

Plaintiffs incorrectly assert that that they are entitled to a deponent with personal knowledge regarding the matters specified in the notice. There is no such requirement. "Rule 30(b)(6) permits designated persons without personal knowledge to testify on behalf of a corporation on matters within the corporation's knowledge." *McLellan Highway Corp. v. United States*, 95 F. Supp. 2d 1, 10 (D. Mass. 2000). A corporation complies with Rule 30(b)(6) by providing its designated witness with the information necessary to address the topics set forth in the deposition notice. *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000); *Bank of N.Y. v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997). Indeed, even plaintiffs recognize that McKesson's obligation was "*to prepare* its Rule 30(b)(6) designee 'to the extent the matters are reasonably available, whether *from documents, past employees, or other sources*.'" (Pls.' Mem. 7-8; citation omitted, emphasis added.)

---

[5] Plaintiffs' failure to meet and confer before filing this motion likewise is fatal to their request for sanctions against McKesson. *See Gouin v. Gouin*, 230 F.R.D. 246, 247 (D. Mass. 2005) (denying fee award where moving party failed to make a good faith effort to resolve the dispute informally). Indeed, in *Syrjala,* the court sanctioned the moving party for counsel's violation of Local Rule 37.1. 186 F.R.D. at 255. McKesson is not requesting sanctions here.

Plaintiffs' deposition notice sought specific information about job titles, departmental affiliations, last known addresses, and organizational details about McKesson's production of the documents from files maintained by over 50 current and former employees located around the country. No single witness possesses all the information sought by notice. (Flum Decl. ¶ 3.) McKesson thus had the option to produce multiple witnesses, or to prepare a single witness by providing her with the responsive information available to the company. *Bank of N.Y.*, 171 F.R.D. at 151. McKesson opted for the latter, and prepared Ms. Glasco to testify based on her personal knowledge, on research she conducted, and on information gathered by McKesson for purposes of the deposition. Plaintiffs cite no authority that Ms. Glasco's lack of direct knowledge regarding every aspect of every matter specified in the notice makes her an inadequate witness. *Cf., e.g.*, *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 36 (D. Mass. 2001) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.") (citation omitted).

None of plaintiffs' other arguments are sufficient grounds for finding Ms. Glasco to be an inadequate witness.

First, plaintiffs assert that Ms. Glasco was unable to testify about several additional topics that plaintiffs claim that McKesson's witness should have been prepared to address. But these additional topics are nowhere specified in the deposition notice. For instance, plaintiffs complain that Ms. Glasco was unable to answer questions about "what McKesson's document retention and storage policies and practices were," "whether McKesson backs up its e-mails or how long they are stored," "which city" each document custodian was located in, "what corporate functions the various divisions or departments . . . served," and who was involved "in obtaining the documents referred to in the source log" and "in the compilation of the source log." (Pls.' Mem. 3-4.) As this Court's review will confirm, none of these topics is specified in plaintiffs' notice. Courts in this district have long recognized that "if a party opts to employ the

6

procedures of Rule 30(b)(6), F.R.Civ.P., to depose the representative of a corporation, that party must confine the examination to the matters stated 'with reasonable particularity' which are contained in the Notice of Deposition." *Paparelli v. Prudential Ins. Co. of Am.*, 108 F.R.D. 727, 730 (D. Mass. 1985).[6]

Second, plaintiffs claim that McKesson improperly sought to substitute a chart prepared by counsel for live deposition testimony. (Pls.' Mem. 3, 9-10.) McKesson did nothing of the kind. Rule 30(b)(6) "is not designed to be a memory contest." *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, No. 94 Civ. 1942(DC), 1995 WL 686715, at *4 (S.D.N.Y. Nov. 17, 1995); *see also United States ex rel. Fago v. M & T Mortgage Corp.*, 235 F.R.D. 11, 24-25 (D.D.C. 2006) (holding that witness could not reasonably be expected to testify from memory about the details of 63 different loans). Plaintiffs' notice sought highly factual information about over 50 document custodians, including their current and former titles, departments, last known addresses, and where the documents listed on McKesson's source log came from. Because no witness could reasonably be expected to testify from memory about those matters, McKesson provided Ms. Glasco with a chart detailing the information specified in plaintiffs' deposition notice. Ms. Glasco reviewed the chart in preparation for the deposition, brought the chart with her when she testified, and consulted it in answering plaintiffs' questions. (Flum Decl. ¶¶ 3-4; Glasco Dep. 15-16, Berman Decl. Ex. 3.) McKesson did not seek to substitute the chart for Ms. Glasco's testimony, and gave plaintiffs' counsel a copy only in response to counsel's request during the deposition. (Glasco Dep. 14, Berman Decl. Ex. 3.) Plaintiffs cite no authority holding that a witness's use of documents to facilitate her testimony during a deposition is improper. To the contrary, courts have reprimanded deponents for failing to bring records that they needed to testify competently. *See, e.g.*, *Arctic Cat, Inc. v. Injection Research Specialists, Inc.*, 210 F.R.D. 680, 685-86 (D. Minn. 2002).

---

[6] Even in circuits that allow questioning beyond the scope of the matters specified in the notice, "if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem." *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995).

Finally, plaintiffs assert that Ms. Glasco was an inadequate witness because "she was not personally involved in the search for the production of documents and compilation of McKesson's source log. . . ." (Pls.' Mem. 3.) As noted, Ms. Glasco need not have personal knowledge of these matters where, as here, she was prepared to testify based on information otherwise available to McKesson. Moreover, contrary to plaintiffs' suggestion, Ms. Glasco answered plaintiffs' questions about how the source log was organized (Glasco Dep. 13-14, 37-38, Berman Decl. Ex. 3) and which files were searched. (*Id.* at 21-22.)

Plaintiffs' real complaint is that Ms. Glasco was not prepared to testify about "how McKesson arrived at its determination of which departments or divisions and which individuals would be most likely [to] have responsive documents. . . ." (Pls.' Mem. 3.) But the deposition notice does not call for such testimony, nor would plaintiffs be entitled to it even it did. Consistent with ordinary litigation practice, McKesson's legal counsel conducted the search for documents responsive to plaintiffs' requests. (Flum Decl. ¶ 16.) While plaintiffs are entitled to the documents located in that process, which were produced months ago, counsel's thought processes in determining which documents were responsive to plaintiffs' requests is protected by the work product. *See, e.g.*, *In re JDS Uniphase Sec. Litig.*, No. C-02-1486 CW (EDL), 2007 WL 219857, at *2 (N.D. Cal. Jan. 29, 2007); *SEC v. Buntrock*, 217 F.R.D. 441, 443-45 (N.D. Ill. 2003).[7] Indeed, in response to McKesson's deposition notice of plaintiff District Council 37 under Rule 30(b)(6) last fall, plaintiffs' counsel refused to produce the in-house attorney who conducted the document search, arguing that McKesson was improperly seeking protected work product. (Flum Decl. ¶ 15.) Plaintiffs offer no explanation why a different standard should apply to McKesson's document search than to their own.

---

[7] *See also Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992) (work product doctrine protected attorney's document selection process); *Jaroslawics v. Engelhard Corp.*, 115 F.R.D. 515, 517-18 (D.N.J. 1987) (work product doctrine applied to documents collected, reviewed and produced by counsel responding to SEC investigation).

## II. PLAINTIFFS' MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES SHOULD BE DENIED.

Plaintiffs' further motion to compel additional interrogatory responses should also be denied. McKesson's responses to plaintiffs' interrogatories asking McKesson to "state the basis" for its affirmative defenses comply in all respects with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs cite no authority supporting their argument that McKesson's responses are too comprehensive, insufficiently specific, or otherwise in contravention of those rules.

### A. Plaintiffs' Failure To Submit the Interrogatory Responses That They Claim To Be Inadequate Requires Denial of this Motion.

As with their motion to compel additional deposition testimony, plaintiffs have failed to comply with this Court's Local Rules governing discovery motion practice. Local Rule 37.1(b)(4)-(5) requires that a party moving to compel interrogatory responses set forth "[e]ach interrogatory," "the response thereto," and a "statement . . . with supporting legal authority" as to why a further response should be compelled. While plaintiffs make the conclusory assertion that McKesson's responses are "non-responsive" (Pls.' Mem. 5), plaintiffs have not submitted the responses themselves, as required by Local Rule 37.1. Without the benefit of McKesson's actual responses, this Court is not in a position to assess their adequacy. Plaintiffs' motion should be denied for that reason alone. *See, e.g.*, *Leotta v. Firestone Tire and Rubber*, No. 88-3989, 1989 U.S. Dist. LEXIS 2863, at *1-*2 (E.D. Pa. March 22,1989) (denying motion to compel where plaintiff failed to comply with local rule requiring inclusion of the relevant parts of the interrogatory and response); *Bell v. City of Topeka*, No. 06-4026-JAR, 2007 WL 852635, at *1 (D. Kan. March 20, 2007) (same).

### B. McKesson's Interrogatory Responses Comply with this Court's Rules Governing Responses to Contention Interrogatories.

Even if the Court overlooks these procedural defects and reaches the merits, plaintiffs' motion to compel further interrogatory responses should be denied because McKesson's responses fully and fairly set forth the basis for its affirmative defenses. Local Rule 26.5

9

provides that in responding to a contention interrogatory asking a party to "state the basis" for a claim or defense, the responding party shall:

> "(a)  *identify each and every document* . . . which forms *any part of the source of the party's information* regarding the alleged facts or legal conclusions referred to by the interrogatory;"
>
> "(b)  *identify each and every communication* . . . which forms *any part of the source of the party's information* regarding the alleged facts or legal conclusions referred to by the interrogatory;"
>
> "(c)  state separately the acts or omissions to act," including "*identifying the persons involved*," which form "any part of the source of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory;" and
>
> "(d)  state separately any other fact which forms the basis of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory."

Local Rule 26.5(c)(8) (emphasis added).

Plaintiffs' interrogatories asked McKesson to "state the basis" for its affirmative defenses. Although conspicuously absent from plaintiffs' moving papers, McKesson has submitted its interrogatory responses with its opposition. (Flum Decl. Ex. 1.) As the Court will see, McKesson responded separately for each affirmative defense. Each response begins with a narrative statement setting forth the factual basis for the affirmative defense. Plaintiffs do not contest the adequacy of that portion of the response. The responses then go on to list the witnesses by name (and affiliation where known) and list the documents by Bates number that form "any part of the source" of McKesson's information about the defense. McKesson's responses fully comply with Local Rule 26.5(c)(8). Indeed, it is unclear what plaintiffs contend McKesson should have done differently.

Plaintiffs argue that the "large number of witnesses and documents" identified in McKesson's responses "render them meaningless." (Pls.' Mem. 2.) The number of documents and witnesses listed in McKesson's responses reflects McKesson's good faith effort to comply with Local Rule 26.5. This case involves literally millions of discrete reimbursements for over 1400 brand name prescription drugs, paid by 11,000 third party payors and hundreds of thousands of individual consumers over a 3-1/2 year period. Discovery in this case and the

10

related AWP MDL has involved millions of pages of documents and hundreds of depositions. (Flum Decl. ¶ 8.) To comply with plaintiffs' interrogatories seeking identification of "each and every witness" and "each and every document" that forms "any part of the source" of its defenses, McKesson reviewed that voluminous record and designated the specific information listed in its responses. As plaintiffs acknowledge (Pls.' Mem. 6), each of the responses lists different sets of witnesses and documents supporting each affirmative defense. (Flum Decl. ¶ 9.) That is exactly what the Local Rules require.[8] *Compare Sabel v. Mead Johnson and Co.*, 112 F.R.D. 211, 212 (D. Mass. 1986) (interrogatory responses accompanied by "eleven neatly bound volumes" of over 6,000 documents inadequate where it was unclear which documents were responsive to the individual interrogatories). Plaintiffs cite no authority to the contrary.[9]

Plaintiffs also contend that McKesson's responses are somehow deficient because McKesson failed to specify which documents and which witnesses relate to the individual elements of its defenses. Once again, plaintiffs cite no authority supporting that argument. Local Rule 26.5 imposes no such requirement. Under the rule, McKesson is required to list all documents, communications, acts or omissions, witnesses, and facts which "form any part of the source" of its information regarding the defenses. The rule does not require McKesson to explain the relevance of the listed witnesses or documents. *See, e.g.*, *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 42-43 (D. Md. 2000) (denying motion to compel response to an interrogatory seeking summaries of expected testimony of witnesses). Indeed, plaintiffs themselves failed to explain the relevance of each of the witnesses and documents listed in their

---

[8] While plaintiffs also accuse McKesson of "burying the names of the witnesses McKesson intends to call at trial" (Pls.' Mem. 10), a party is not obligated to disclose its trial witnesses before the deadline for pretrial disclosures. *See, e.g.*, *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C. 1998); *Hottenstein v. Burlington N. R.R. Co.*, No. 96 C 8616, 1998 U.S. Dist. LEXIS 10192, at *12-*13 (N.D. Ill. July 1, 1998).

[9] The cases cited by plaintiffs are readily distinguishable. In both cases, the court rejected interrogatory responses where a party did not identify responsive documents by Bates number and referred generally to its entire production. *See Pacific Lumber Co, v. National Union Fire Insurance Co.*, No. C 02-4799, 2005 U.S. Dist. LEXIS 1773, at *14-*18 (N.D. Cal. Jan. 5, 2005); *Bercut-Vandervoot & Co. v. Maison Tarride Ledroit & Cie*, No. C 05-5122 JF (RS), 2006 U.S. Dist. LEXIS 93663, at *9-*10 (N.D. Cal. Dec. 13, 2006).

responses to McKesson's interrogatories asking them to "state the basis" for key allegations in their complaint. (Flum Decl. Ex. 2.)[10]

McKesson's responses provide the factual bases for its responses, identify witnesses by name (and affiliation where known), and identify relevant documents by Bates number. This Court should not hold that McKesson's responses are inadequate simply because of their thoroughness.

## CONCLUSION

For all the foregoing reasons, plaintiffs' motion to compel an additional Rule 30(b)(6) witness and further interrogatory responses should be denied.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Paul Flum
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
tel. 415-268-7000
fax 415-268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: May 29, 2007

---

[10] Plaintiffs also object that many of the witnesses' addresses or business affiliation are not identified (Pls.' Mem. 6.) McKesson advised plaintiffs during the discovery conference that it had identified the affiliation of all witnesses where it was known. (Flum Decl. ¶ 10.) No more is required by Local Rule 26.5.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on May 29, 2007.

                                            /s/ Paul Flum  
                                            Paul Flum