UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 1:05-CV-11148-PBS |

**[▓▓▓▓▓▓, UPDATED] ORDER GRANTING PRELIMINARY APPROVAL OF THE FIRST DATABANK, INC. SETTLEMENT, CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT ONLY, DIRECTING NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING**

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Preliminary Approval of Proposed Settlement, Certification of Class for Purposes of Settlement Only, and Approval of Form and Manner of Notice filed November 1, 2006 (the "Joint Motion"); and

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the parties for purposes of settlement pursuant and that venue is proper in this district; and

WHEREAS, this Court has issued prior orders dated November 14, 2006 and November 22, 2006 relating to Joint Motion wherein it preliminarily approved the settlement, certified a settlement class pursuant to Fed. R. Civ. P. 23(b)(2); approved

Case 1:05-cv-11148-PBS    Document 270    Filed 05/29/2007    Page 2 of 6

notice pursuant to Fed. R. Civ. P. 23(d)(2) which gives an opportunity for an opt-out; and order the parties submit a revised final order with appropriate dates;

WHEREAS, the parties have filed Amendments to the Settlement Agreement and Release clarifying the definition of the Class, Third-Party Payors and Releasors as well as providing Class Counsel access to FDB's database to confirm conformance with the proposed settlement:

**IT IS HEREBY ORDERED THAT:**

### I. Preliminary Approval of the Settlement Agreement and Certification of Settlement Classes

1. The terms of the Settlement Agreement and Release between plaintiffs and defendant First DataBank, Inc. ("FDB"), dated August 3, 2006 with Amendments dated May 22, 2007, including all exhibits thereto as filed on November 1, 2006 (the "Proposed Settlement Agreement" or "Proposed Settlement") are approved, subject to further consideration thereof at the Fairness Hearing provided for below.

2. The Court finds, on a preliminary basis for settlement purposes only, that the Rule 23 factors are present and that certification of the Class, as defined and set forth below, with notice and opt-out rights is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(2):

> "Class" or "Private Payor Class" is defined as follows:
>
>> All individual persons or entities who, during the Class Period, made purchases and/or paid, whether directly, indirectly, or by reimbursement, for all or part of the purchase price of prescription pharmaceuticals, including, but not limited to, those pharmaceuticals listed on the attached Exhibit A, where any or all of the purchase price, reimbursement or payment amount was based in any part on the Average Wholesale Price, Blue Book Average Wholesale Price, or similar data published or disseminated by First DataBank, Inc., electronically or otherwise, and which such Average Wholesale Price, Blue Book Average Wholesale Price, or similar data published or

disseminated by First DataBank, Inc., electronically or otherwise, in whole or part, was based on a FDB wholesale survey. Excluded from the class are Defendants, their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates; the United States government, its officers, agents, agencies and departments; the States of the United States and their respective officers, agents, agencies and departments; and all other local governments and their officers, agents, agencies, and departments.

This is to clarify further that those entities that own or operate businesses referred to commonly as pharmacy benefit managers ("PBMs") and who as part of their business operation contract with ultimate Third Party Payors of a prescription pharmaceutical benefit to perform certain services in the administration and management of that prescription pharmaceutical benefit for those ultimate Third-Party Payors are not class members under the Private Payor Class definition of this settlement. The class includes the ultimate Third Party Payors providing the prescription pharmaceutical benefit and not the PBMs with which those Third Party Payors contract with to administer or manage that prescription benefit on behalf of the class members, unless such PBMs are the fiduciary of the Third Party Payors or by contract assumed, in whole or in part, the insurance risk of that prescription pharmaceutical benefit during the Class Period.

The Class Period is from January 1, 2000 through the date the Settlement Court enters a Final Order and Judgment in the Class Action.

### II    Class Representatives

The Court preliminarily appoints the following as class representatives: New England Carpenters Health Benefits Fund, Pirelli Armstrong Retiree Medical Benefits Trust, Teamsters Health & Welfare Fund of Philadelphia and Vicinity; and Philadelphia Federation of Teachers Health and Welfare Fund.

### III.    Approval of Notice

The Court finds that direct Notice to the members of the class that are consumers is not feasible given the number, lack of available lists, and the costs of such notice in relation

to the nature and estimated range of amounts of the claims of class members who are consumers. Therefore, the Court directs that Notice be provided to the Class in accord with Rule 23(d)(2) and 23(d)(5) and the requirements of due process. Therefore, the Court approves the form and content of the Notice for mailing and the abbreviated Notice for publication, substantially in the forms attached as Exhibits 1 and 4 to the Joint FDB/Medi-Span Settlement Notice Program attached hereto as Exhibit A, as satisfying the requirements of Rule 23 and due process for the entire putative class.

### IV.    Approval of Notice Plan

The Court directs that Kinsella Communications be confirmed to act as the Notice Agent (as defined in the Settlement Agreement and Release) and directs the Notice Agent to disseminate the Notice as set forth in the Joint FDB/Medi-Span Settlement Notice Program attached as Exhibit A, which is designed to achieve a reasonable reach and frequency commensurate with the reach and frequency sought in other pharmaceutical pricing litigation and which satisfies the requirements of Rule 23 and due process:

- (a) Publication of the Form of Notice for Publication on dates and in publications substantially as set forth in Exhibit C to the Settlement Agreement and Release as modified in the attached "Notice Schedule Based on Court Approval By [NEW DATES] attached hereto as Exhibit A;

- (b) Distribution by direct mail of the Form of Notice for Mailing (Exhibit B of the PSA) to all TPP Class Members that can be identified by reasonable means or who have requested a copy, which mailing shall be placed in the mail no later than July 20, 2007;

- (c) Distribution by direct mail of the Form of Notice for Mailing to the Attorney General of each State of the United States;

- (d) Development and management of a toll free number with an automated system providing information about the Proposed Settlement, with the

Do... 1218   Filed   ...ge 5 of 6

ability to request copies of the Notice or the PSA, during the period from July 19, 2007 until the Final Approval; and

(e) Development and management of a website to provide information and permit the review and downloading of the Notice, PSA and exhibits, during the period from July 19, 2007 until Final Approval.

## V. Appointment of Class Counsel

The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the putative Class and hereby appoints the following law firms as Class Counsel pursuant to Rule 23(g): Hagens Berman Sobol Shapiro LLP; Spector Roseman & Kodroff; Wexler Toriseva Wallace LLP; and Edelson & Associates, LLC as Class Counsel for the putative Class.

## VI. Fairness Hearing

The Court directs that a hearing be scheduled for November 14, 2007 on final settlement approval (the "Fairness Hearing") before this Court, at the, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider, *inter alia*, the following (a) whether the Class should be certified, for settlement purposes only; and (b) the fairness, reasonableness and adequacy of the settlement. Objectors to the Proposed Settlement may be heard at the Fairness Hearing, however, no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless on or before October 22, 2007, any such objector (1) has filed with the Clerk of the Court in writing a notice of any such objector's intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance, (2) such objector personally or by counsel, to any of the applications before the Court, submits a written statement describing in full the basis for such objector's opposition, and attaches any supporting documentation and a list of any and all witnesses

or experts whom such objector shall present to the Court, and (3) has served, on or before October 22, 2007, copies of such notice(s), statement(s), documentation, and list(s) together with copies of any other papers or brief(s) that objector files with the Court or wishes the Court to consider at the Fairness Hearing, upon: (i) Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP, One Main St., 4th Floor, Cambridge, MA 02142, Class Counsel, (ii) Steve W. Berman, Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, WA 98101, Class Counsel, (iii) Jeffrey Kodroff, Spector, Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, PA 19103, Class Counsel, and (iv) Sheila L. Birnbaum, Skadden, Arps, Slate, Meagher, & Flom LLP, 4 Times Square, New York, NY 10036, Counsel for First DataBank, Inc.

### VII.  Request For Exclusion From the Class

The Court further directs that any putative Class member wishing to exclude himself, herself or itself from the proposed Class, must sign a written request to be excluded containing the information set forth in the Notice, and any such exclusion request must be mailed to the Notice Agent at the following address FDB Litigation Administrator c/o Complete Claims Solutions LLC, West Palm Beach, Florida 33416 and postmarked (no metered postmarks) on or before October 22, 2007.

**SO ORDERED.**

DATED: Boston, Massachusetts
This 6 day of June, 2007

Patti B. Saris, Judge
United States District Court