UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, and DISTRICT 37 HEALTH AND SECURITY FUND,<br><br>                                   Plaintiffs,<br><br>     v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                                   Defendants. | C.A. No. 05-11148-PBS |

**PLAINTIFFS' MOTION TO FILE A REPLY BRIEF IN SUPPORT
OF THEIR MOTION TO COMPEL MCKESSON'S 30(B)(6) WITNESS
AND TO PROVIDE MORE SPECIFIC RESPONSES TO
PLAINTIFFS' THIRD SET OF INTERROGATORIES[1]**

Plaintiffs respectfully ask leave to file a reply brief to address McKesson's argument that Plaintiffs failed to hold a discovery conference over the enforcement of the Court's April 9 order, requiring that McKesson make a witness available who is knowledgeable about the subject matter of Plaintiffs' 30(b)(6) notice.[2] While it is not clear that Fed. R. Civ. P. 37(b) requires Plaintiffs to meet and confer before seeking enforcement of a pre-existing order,[3] and while it

---

[1] Plaintiffs conferred with Counsel for Defendant, who object to the filing of this motion.

[2] That the parties met and conferred regarding Plaintiffs' request for more specific responses to their interrogatories is not in dispute.

[3] Fed. R. Civ. P. 37(b) addresses the failure to comply with discovery orders and does not contain an explicit certification requirement. A party's clear failure to comply with a pre-existing Court order generally obviates the requirement that the moving party confer with its adversary prior to moving for contempt or sanctions. *See, e.g., Royal Maccabees Life Ins. Co. v. Malachinski*, 2001 U.S. Dist. Lexis 3362, at *28 (N.D. Ill. Mar. 19, 2001) ("[T]here is no requirement that a party try to secure the discovery through negotiations before filing a motion for sanctions for Rule 37(b). Clearly, the prior issuance of a court order obviates the need to meet and confer as

was evident from McKesson's opposition brief that a conference was unlikely to resolve the dispute,[4] Plaintiffs did offer to withdraw their motion until the parties had had an opportunity to meet and confer.[5]  McKesson objected to a withdrawal of the motion but agreed to engage in a discovery conference before the hearing.  The parties met and conferred on June 7, but remained poles apart:  Plaintiffs requested that McKesson provide them a witness with knowledge independent of what he or she had been told by counsel; McKesson declined.

Plaintiffs respectfully request that the Court allow them to file the attached brief and declaration, addressing procedural requirements so that the Court may adjudge their motion on the merits.

DATED:  June 8, 2007

By       /s/ Steve W. Berman
Steve W. Berman
Nick Styant-Browne
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

---

required under Rule 37(a).  *See* MOORE'S FED. PRACT. § 37.40, at 37-59.  Furthermore, any effort to secure defendant's voluntary compliance in the case at bar would clearly be futile."); *accord Get-A-Grip, II, Inc. v. Hornell Brewing Co.*, 2000 U.S. Dist. Lexis 11961, at *9-10 & n.5 (E.D. Pa. Aug. 8, 2000).

[4] "The doctrine of futility is as applicable in the context of Rule 37 and Local Rule 37.2 as it is in any other." *Murata Mfg. Co. v. Bel Fuse, Inc.*, 2007 U.S. Dist. Lexis 33077, at *12-13 (D. Ill. May 2, 2007); *cf. Gouin v. Gouin*, 230 F.R.D. 246, 247 (D. Mass. 2005).

[5] The Declaration of Barbara Mahoney in Support of Plaintiffs' Reply to their Motion to Compel sets forth Plaintiffs' request and the parties' June 7 discovery conference.

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

      Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendant, who does not agree to the filing of this motion.

                                                      /s/ Steve W. Berman  
                                                      Steve W. Berman

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on June 8, 2007.

                                                      /s/ Steve W. Berman  
                                                      Steve W. Berman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND, PIRELLI ARMSTRONG
RETIREE MEDICAL BENEFITS TRUST;
TEAMSTERS HEALTH & WELFARE FUND
OF PHILADELPHIA AND VICINITY;
PHILADELPHIA FEDERATION OF
TEACHERS HEALTH AND WELFARE
FUND, and DISTRICT 37 HEALTH AND
SECURITY FUND,

                      Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri
corporation; and McKESSON
CORPORATION, a Delaware corporation,

                      Defendants.

C.A. No. 05-11148-PBS

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL
MCKESSON'S 30(B)(6) WITNESS AND TO PROVIDE MORE SPECIFIC RESPONSES
TO PLAINTIFFS' THIRD SET OF INTERROGATORIES[1]**

## I.    INTRODUCTION

McKesson argues that in moving to compel the appearance of a witness knowledgeable about the topics outlined in their 30(b)(6) notice, Plaintiffs failed to comply with Local Rule 37.1(a) requiring that parties engage in a discovery conference before filing a discovery motion.[2] However, it is not apparent that this provision applies to motions brought under Fed. R. Civ. P. 37(b) to enforce the Court's April 9 order, requiring McKesson to provide a witness knowledgeable about the subjects of their deposition request.  7-37 MOORE'S FEDERAL PRACTICE

---

[1] Plaintiffs conferred with Counsel for Defendant, who object to the filing of this motion.
[2] That the parties met and conferred regarding Plaintiffs' request for more specific responses to their Third Set of Interrogatories is not in dispute.  Declaration of Paul Flum, ¶ 7.

- CIVIL § 37.40 ("Moreover, there is no requirement in Rule 37(b) that a party try to secure the discovery through negotiations before filing a motion for sanctions."). And even if the Court finds that the local rules confer an obligation not present under the Federal Rules, Plaintiffs made a good-faith effort to cure any procedural deficiencies by offering to withdraw their motion until the parties had had an opportunity to engage in a discovery conference and, when McKesson declined the offer, by engaging in a discovery conference before the matter came to a hearing.

## II.     ARGUMENT

**A.     The Federal Rules do not require parties to engage in further negotiations before moving to enforce a pre-existing order**

Plaintiffs seek to enforce the Court's April 9 order, requiring McKesson to provide a witness knowledgeable about the subjects identified in Plaintiffs' deposition notice. When McKesson provided a witness who so obviously failed to meet the Court's requirements, Fed. R. Civ. P. 37(b) did not require Plaintiffs to engage in further negotiations before seeking enforcement of the Court's order.

Rule 37(b) addresses failure to comply with discovery orders. Unlike Rule 37(a), it does not contain an explicit certification requirement. Whether the meet and confer obligation of subsection (a) applies in the context of a motion to enforce a pre-existing order was addressed in *Royal Maccabees Life Ins. Co. v. Malachinski*, 2001 U.S. Dist. Lexis 3362 (N.D. Ill. Mar. 19, 2001) and *Get-A-Grip, II, Inc. v. Hornell Brewing Co.*, 2000 U.S. Dist. Lexis 11961 (E.D. Pa. Aug. 8, 2000). Both courts concluded that it was not required.

In *Royal Maccabees*, the plaintiff was awarded sanctions against the defendant for failing to respond to certain document requests and for failing to respond to questions at a deposition. 2001 U.S. Dist. Lexis 3362, at *4. When the defendant did not comply with the court's order, the plaintiff moved for additional sanctions. Like McKesson, the defendant argued that

plaintiff's motion was improper because the parties did not first meet and confer before bringing the motion for additional sanctions. The Court disagreed:

> [C]ontrary to defendant's assertions, there is no requirement that a party try to secure the discovery through negotiations before filing a motion for sanctions for Rule 37(b). ***Clearly, the prior issuance of a court order obviates the need to meet and confer as required under Rule 37(a).*** *See* MOORE'S FED. PRACT. § 37.40, at 37-59. Furthermore, any effort to secure defendant's voluntary compliance in the case at bar would clearly be futile.

*Id.* at *28 (emphasis added).

Similarly, in *Get-A-Grip,* the defendant successfully moved to compel production of certain documents. The dispute centered on the scope of the defendant's request. 2000 U.S. Dist. Lexis 11961, at *4. Although the Court concluded that the plaintiff's narrower interpretation was unreasonable, it declined to impose sanctions and found that the plaintiff had not waived privilege with respect to the responsive documents because its failure to assert privilege was consistent with its narrow interpretation of the request. *Id.* at *4-5. However, the court ordered the plaintiff to produce the documents and, to the extent necessary, a privilege log within 10 days. When the plaintiff missed the deadline, the defendant moved to compel and for sanctions. It was not until after the defendant filed its motion that the plaintiff produced some of the requested documents and provided a privilege log, which identified most of the other responsive documents as privileged. *Id.* at *5. In its opposition brief, the plaintiff argued that the defendant was not entitled to sanctions because it failed to meet and confer with the plaintiff before bringing the motion. The court disagreed:

> Plaintiff complains that defendant did not call him after he failed to produce the privilege log required by this court in its May 10, 2000 order but instead filed the renewed motion for sanctions. At that time, plaintiff was under order of this court to provide the log, it was not defendant's obligation to remind plaintiff to do so.

*Id.* at *9 n.5.

On April 9, the Court ordered McKesson to provide a witness knowledgeable about the subjects identified in Plaintiffs' 30(b)(6) notice. Because Plaintiffs sought relief pursuant to a pre-existing order, Rule 37(b) did not require them to meet and confer about McKesson's obligation to provide a knowledgeable witness before filing their motion.

**B.    Plaintiffs' certification was not misleading**

For the same reason, McKesson's objection to Plaintiffs' certification is also misplaced. Although Plaintiffs concede that the certification could have been more artfully drafted to parse out the relief sought pursuant to a pre-existing order, Plaintiffs' certification that they had met and conferred about the issues was not intended to mislead the Court. Plaintiffs' motion made it abundantly clear that they were seeking both the enforcement of the Court's April 9 order as well as a new order, requiring McKesson to provide more specific responses to their interrogatories. Further, Plaintiffs' supporting declaration stated only that the parties had met and conferred over the interrogatory requests and did not suggest that the parties engaged in further negotiations about McKesson's obligation to provide a witness.

*Syrjala v. Total Healthcare Solutions, Inc.*, 186 F.R.D. 251 (D. Mass. 1999), cited by McKesson, is distinguishable because the attorneys in that case did not have any basis for asserting that they had engaged in prior negotiations before bringing a motion for a protective order. Instead the local counsel merely assumed, without investigating, that his out-of-state co-counsel had engaged in prior discussions with the plaintiff, when in fact co-counsel merely sent a demand letter at a time when he knew that the plaintiff's attorney would be out of the office for a week. *Id.* at 252, 254.

Here the circumstances are entirely different. Rule 37(b) does not specifically require Plaintiffs to engage in a discovery conference before seeking to enforce a pre-existing order.

Plaintiffs reasonably believed that they were only required to certify as to their discussions about the interrogatories, and it is undisputed that the parties did meet and confer about the issues pertaining to that request.

## C.  Plaintiffs engaged in a good-faith effort to cure any procedural deficiencies

Although Plaintiffs do not believe the Rules require that they engage in any further negotiations with McKesson over a matter that has already been decided by the Court, Plaintiffs did write to McKesson five days before bringing their motion to request a more knowledgeable witness and to seek costs and fees associated with taking Ms. Glasco's deposition.  Further, even though it was apparent from McKesson's opposition that the parties had a fundamental disagreement about McKesson's obligation to provide a witness with knowledge independent of what his or her attorneys had told the witness about McKesson's production,[3] Plaintiffs offered to cure any perceived procedural defects of their motion by withdrawing their motion until the parties had an opportunity to engage in a discovery conference.[4]  McKesson agreed to a discovery conference but objected to a withdrawal of the motion.[5]  The parties engaged in a brief conference on June 7, but could not reach a resolution.[6]

## III.  CONCLUSION

Even if the Court concludes that the local rules create an obligation, not present under Federal Rules, to meet and confer regarding the enforcement of the Court's April 9 order,

---

[3] "The doctrine of futility is as applicable in the context of Rule 37 and Local Rule 37.2 as it is in any other." *Murata Mfg. Co. v. Bel Fuse, Inc.*, 2007 U.S. Dist. Lexis 33077, *12-13 (D. Ill. May 2, 2007); *cf. Gouin v. Gouin*, 230 F.R.D. 246, 247 (D. Mass. 2005) ("Defendant's third reason [for opposing sanctions] is a variant of the first—that if a 37.1 conference been held, no motion to compel would have been filed because complete agreement would have been reached. Based on my knowledge of the relationship between plaintiff's counsel and the defendant, this statement is of dubious accuracy.").
[4] Declaration of Barbara Mahoney in support of Plaintiffs' Reply to their Motion to Compel, Ex. 1.
[5] *Id.*, Ex. 2.
[6] *Id.*, ¶ 3.

Plaintiffs made a good-faith effort to cure any procedural deficiency of their motion.  Plaintiffs request that the Court decide their motion on the merits.


DATED:  June 8, 2007                            By     /s/ Steve W. Berman
                                                    Steve W. Berman
                                                    Nick Styant-Browne
                                                    Barbara A. Mahoney
                                                Hagens Berman Sobol Shapiro LLP
                                                1301 Fifth Avenue, Suite 2900
                                                Seattle, WA  98101
                                                Telephone: (206) 623-7292
                                                Facsimile: (206) 623-0594

                                                Thomas M. Sobol (BBO#471770)
                                                Hagens Berman Sobol Shapiro LLP
                                                One Main Street, 4th Floor
                                                Cambridge, MA  02142
                                                Telephone: (617) 482-3700
                                                Facsimile: (617) 482-3003

                                                Jeffrey Kodroff
                                                John Macoretta
                                                Spector, Roseman & Kodroff, P.C.
                                                1818 Market Street, Suite 2500
                                                Philadelphia, PA  19103
                                                Telephone: (215) 496-0300
                                                Facsimile: (215) 496-6611

                                                Marc H. Edelson
                                                Hoffman & Associates
                                                45 West Court Street
                                                Doylestown, PA  18901
                                                Telephone: (215) 230-8043
                                                Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 8 -

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

  Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendant, who does not agree to the filing of this motion.

                /s/ Steve W. Berman
                Steve W. Berman

**CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on June 8, 2007.

                /s/ Steve W. Berman
                Steve W. Berman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 1:05-CV-11148-PBS |

**DECLARATION OF BARBARA MAHONEY IN SUPPORT OF PLAINTIFFS'
REPLY TO THEIR MOTION TO COMPEL MCKESSON'S 30(B)(6) WITNESS
AND TO PROVIDE MORE SPECIFIC RESPONSES
TO PLAINTIFFS' THIRD SET OF INTERROGATORIES**

I, Barbara Mahoney, hereby declare that:

1.   I am an attorney at Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington, office, and I am one of counsel for the plaintiffs in the above-captioned matter. I submit this declaration in support of Plaintiffs' reply to their motion to compel.

2.   On the morning of June 4, I e-mailed counsel for McKesson, Tiffany Cheung and Paul Flum, informing them that Plaintiffs intended to move to withdraw their motion to address McKesson's concerns that the motion was brought before the parties had had an opportunity to meet and confer. Attached to my declaration as Exhibit 1 is a copy of the e-mail to Ms. Cheung

and Mr. Flum, dated June 4, asking them whether McKesson objected to our motion to withdraw. Ms. Cheung responded that McKesson would agree to a discovery conference but objected to a withdrawal of our motion because McKesson did not want to incur the expense of responding twice to the same motion. Ms. Cheung's response, dated June 5, is attached as Exhibit 2.

    3.    The afternoon of June 7, my co-counsel, Nick Styant-Browne, also of Hagens Berman Sobol Shapiro LLP, and I engaged in a telephone conference with counsel for McKesson about our request for an additional witness. The meeting lasted approximately 10 minutes. Mr. Flum asked whether Plaintiffs had any special area of interest for a witness. Mr. Styant-Browne reiterated Plaintiffs' position that the notice related to McKesson's response to Plaintiffs' production requests and Plaintiffs were entitled to a witness with knowledge, whether direct or received, about McKesson's production, that was independent of what counsel had informed the witness. McKesson disagreed and the meeting was adjourned.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of June 2007.

                                                                 **/s/ Barbara Mahoney**
                                                                 BARBARA MAHONEY

## CERTIFICATE OF SERVICE

     I, Steve W. Berman, hereby certify that a true and correct copy of the above document was served on the attorney of record for each party via the Court's electronic filing system this 8th day of June, 2007.

                                           By      **/s/ Steve W. Berman**
                                                 Steve W. Berman
                                                 **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                                 1301 Fifth Avenue, Suite 2900
                                                 Seattle, WA  98101
                                                 (206) 623-7292

## Barbara Mahoney

| | |
|---|---|
| **From:** | Barbara Mahoney |
| **Sent:** | Monday, June 04, 2007 8:08 AM |
| **To:** | 'Flum, Paul'; 'Cheung, Tiffany' |
| **Cc:** | Nick Styant-Browne |
| **Subject:** | motion to compel |

Paul, Tiffany,
We would like to move to withdraw our motion to compel and to engage in a discovery conference re your 30(b)(6) witness.

Do you object to our motion?

When would you be available for a discovery conference?

Barbara

**EXHIBIT 1**

6/7/2007

**Barbara Mahoney**

**From:** Cheung, Tiffany [TCheung@mofo.com]
**Sent:** Tuesday, June 05, 2007 10:25 AM
**To:** Barbara Mahoney; Flum, Paul
**Cc:** Nick Styant-Browne
**Subject:** RE: motion to compel

Barbara:

We are willing to meet and confer regarding plaintiffs' Rule 30(b)(6) notice, but we believe plaintiffs' current motion and the scheduled hearing should remain on calendar because if the parties cannot resolve the motion, McKesson does not want to incur the expense of opposing the same motion twice. Paul is traveling this week, but we are available after 3:00 p.m. this Thursday or Friday for a discovery conference. Please let us know what time works for you.

Tiffany

**From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
**Sent:** Tuesday, June 05, 2007 8:33 AM
**To:** Flum, Paul; Cheung, Tiffany
**Cc:** Nick Styant-Browne
**Subject:** RE: motion to compel

Please let us know by this afternoon whether you object to our motion to withdraw.

**From:** Barbara Mahoney
**Sent:** Monday, June 04, 2007 8:08 AM
**To:** 'Flum, Paul'; 'Cheung, Tiffany'
**Cc:** Nick Styant-Browne
**Subject:** motion to compel

Paul, Tiffany,
We would like to move to withdraw our motion to compel and to engage in a discovery conference re your 30(b)(6) witness.

Do you object to our motion?

When would you be available for a discovery conference?

Barbara

===============================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**EXHIBIT 2**

6/7/2007

For information about this legend, go to
http://www.mofo.com/Circular230.html

===============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
===============================================================================

6/7/2007