UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br>Plaintiffs, <br><br>v. <br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, <br><br>Defendants. | Civil Action: 1:05-CV-11148-PBS <br><br> Hearing Date:  June 11, 2007 <br>Hearing Time:  3:30 p.m. <br>Magistrate Judge Robert B. Collings |

**DEFENDANT MCKESSON CORPORATION'S
OPPOSITION TO PLAINTIFFS' MOTION TO FILE A REPLY BRIEF IN
SUPPORT OF THEIR MOTION TO COMPEL**

Defendant McKesson Corporation ("McKesson") opposes plaintiffs' motion to file a reply brief in support of their motion to compel. Plaintiffs' proposed reply brief is an after-the-fact attempt – unsupported by the law or the facts – to justify their failure to hold a discovery conference before filing their motion to compel McKesson to produce an additional witness in

response to their Rule 30(b)(6) notice.  There is nothing raised in plaintiffs' proposed reply that could not and should not have been addressed in plaintiffs' original moving papers.  Plaintiffs' belated motion to file a reply brief should be denied.

## ARGUMENT

### I. PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY SHOULD BE DENIED AS UNTIMELY AND UNNECESSARY.

Given the plain language of Local Rule 37.1, which requires the moving party to hold a discovery conference before bringing *any* discovery motion, plaintiffs' moving papers should have explained why those provisions do not apply to them.  McKesson's arguments in opposition to plaintiffs' original motion were entirely predictable and could have been addressed in plaintiffs' moving papers.  Even if plaintiffs were surprised by McKesson's opposition, they should have raised their intention to file a reply promptly.  Instead, they waited ten days, and then filed a proposed reply after 5 p.m. on the last court day before the hearing on this motion.  Plaintiffs' motion for leave to file a reply should be denied as untimely and unnecessary.

### II. PLAINTIFFS ARE NOT EXEMPT FROM THE REQUIREMENTS OF LOCAL RULE 37.1 AND FEDERAL RULE 37(a).

Plaintiffs' proposed reply also mischaracterizes the relief sought by their motion to compel.  Plaintiffs argue that their motion is an effort to enforce Magistrate Collings's April 9 Order, rather than an attempt to compel additional discovery that would bring them within the meet and confer requirements of Local Rule 37.1 and Federal Rule 37(a).  (Reply at 2.) Plaintiffs are wrong.

To begin with, this Court previously ordered that McKesson produce a witness to testify as to topics specified in plaintiffs' revised deposition notice.  McKesson produced a witness for deposition on May 8 in compliance with that order.  Plaintiffs have acknowledged that the bulk

2

of their motion addresses topics that were not specified in the Rule 30(b)(6) deposition notice. (Flum Supp. Decl. ¶ 3.) Because they are moving to compel testimony concerning topics that are beyond the scope of their Rule 30(b)(6) notice, plaintiffs cannot be seeking "enforcement" of this Court's April 9 Order. Thus, the principal justification for their failure to comply with Local Rule 37.1 and Federal Rule 37 is inapplicable.

In any event, the Third Circuit has squarely rejected the argument that a discovery conference is unnecessary when bringing a motion pursuant to Federal Rule 37(b) and distinguished the cases plaintiffs cite in support of their argument to the contrary. *See Naviant Mktg. Solutions, Inc. v. Jeffrey Tucker, Inc.*, 339 F. 3d 180, 187 (3rd Cir. 2003), *citing Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96 C 6135, 2001 U.S. Dist. LEXIS 33262, at *28 (N.D. Ill. March 20, 2001); *Get-a-Grip II*, *Inc. v. Hornell Brewing Co.*, No. 99-1332, 2000 U.S. Dist. LEXIS 11961, at *9-*10, n.5 (E.D. Pa. Aug. 8, 2000). In *Naviant*, the defendant timely responded to interrogatories pursuant to a discovery order. Plaintiff, asserting that the responses were incomplete, moved to enforce the order without first seeking to meet and confer. *Naviant*, 339 F. 3d at 186. The court of appeal stated that a discovery conference might be excused where a party has failed to comply with a court order to turn over a specific item by a previously specified date. *Id.* at 187. But, unlike those situations, plaintiff in *Naviant* had timely responded and the question of whether the court's order had been complied with was "open to interpretation." The court therefore held that plaintiff was required to confer with defendant in good faith before filing its motion to enforce the discovery order. *Id.*

As in *Naviant*, McKesson timely produced a witness pursuant to the April 9 order. Accordingly, under Local Rule 37.1 and Federal Rule 37, plaintiffs were required to hold a

discovery conference before moving to compel an additional witness in response to that discovery order.

Plaintiffs' additional excuses for their failure to meet and confer should be rejected. First, plaintiffs point to their belated offer to withdraw their motion as a good faith attempt to "cure any perceived procedural defects." (Reply at 5.) But McKesson had already been put to the expense of responding to plaintiffs' motion when that offer was made. Allowing plaintiffs to withdraw a fully briefed motion would have resulted in further expense in the event that plaintiffs chose to refile. To the contrary, plaintiffs' proposed reply does not explain why this motion cannot and should not be decided on the record currently before the court.

Finally, plaintiffs claim that they should be excused from the meet-and-confer requirement on the basis of "futility." (*Id.*) However, compliance is excused on that ground only under exceptional circumstances not present here, for example, where the party resisting discovery has a history of non-compliance with court orders. *Prescient Partners, L.P. v. Fieldcrest Cannon*, No. 96 Civ. 7590, 1998 U.S. Dist. LEXIS 1826, at *8 (S.D.N.Y., Feb. 18, 1998); *see also Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 101 (D. Mass. 1996) (that counsel may have considered the matter to be at an impasse does not excuse the failure to provide the necessary certification); *Care Envtl. Corp. v. M2 Techs., Inc.,* No. CV-05-1600, 2006 U.S. Dist. LEXIS 35396 (E.D.N.Y. May 30, 2006) (the fact that the parties exchanged e-mails attempting to arrange a meet and confer argues against futility). Plaintiffs' proposed reply does not explain why they believed that holding a discovery conference would be futile. To the contrary, the parties have successfully resolved several prior discovery disputes through the meet and confer process. (Flum Supp. Decl. ¶ 4.)

## CONCLUSION

McKesson respectively requests that the Court deny plaintiffs' motion to file a reply in support of their motion to compel.

McKesson Corporation
By its attorneys:

/s/ Paul Flum

| | |
|---|---|
| Melvin R. Goldman (*pro hac vice*) | John Kiernan |
| Lori A. Schechter (*pro hac vice*) | Nicole Johnson |
| Paul Flum (*pro hac vice*) | Bonner Kiernan Trebach & Crociata |
| Tiffany Cheung (*pro hac vice*) | One Liberty Square |
| Morrison & Foerster LLP | Boston, MA 02109 |
| 425 Market Street | Telephone: (617) 426-3900 |
| San Francisco, CA 94105-2482 | Facsimile: (617) 426-0380 |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Dated: June 10, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on June 10, 2007.

                                    /s/ Paul Flum
                                    Paul Flum