**NCPA**
NATIONAL COMMUNITY
PHARMACISTS ASSOCIATION

WWW.NCPANET.ORG

June 19, 2007

Via Federal Express

The Honorable Patti B. Saris
United States District Court
 for the District of Massachusetts
Courtroom 19, 7th Floor
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: *New England Carpenters Health Benefits Fund, et al. v. FirstData Bank, Inc., et al.*
    Civic Action No. 1:05-CV-11148-PBS

Dear Judge Saris:

The National Community Pharmacists Association (NCPA), founded in 1898 as the National Association of Retail Druggists, represents the nation's non-publicly held or "independent" pharmacies and the 60,000 pharmacists that practice in these 24,000 pharmacies. The nation's independent pharmacies, independent pharmacy franchises, and independent chains dispense half of the nation's retail prescription medicines. The NCPA pharmacies and pharmacists have repeatedly been found to be the preferred choice of American consumers.

We are aware that during the recent hearing on the amended FirstData Bank (FDB) proposed settlement that your Honor expressed an interest as to how others assessed the FDB and now the Medi-Span proposed settlement.

NCPA opposes approval of the proposed settlements for a variety of reasons including the failure to properly compensate the settlement class; the unsubstantiated and unjust burden imposed on non-party NCPA pharmacies, pharmacists and the consumers they serve; and the flawed economic analysis.

The Settlement Agreements and the Memoranda offered in support of approval of the Settlement Agreements present the flawed premise that Average Wholesale Price ("AWP") and Wholesale Acquisition Cost ("WAC") are the only factors that determine pricing of pharmaceuticals in the marketplace. To the contrary, when pharmacies enter into contracts, for the major of prescriptions, with insurance companies, plan sponsors and PBMs, pharmacies are "reimbursed" at a fixed rate of AWP <u>minus a substantial discount</u>.

The Honorable Patti B. Saris
June 19, 2007
Page 2

Since FDB increased the markup factor between AWP and WAC, plan sponsors have increased the discounts from the AWP and thus decreased the reimbursements made to our pharmacies. The result was that the potential increase in profit margins of NCPA pharmacies was eviscerated by the contemporaneous and subsequent reductions in payments to our pharmacies by plan sponsors.

We will oppose the proposed FDB settlement in conjunction with the hearing scheduled for November 14, 2007 and we will also oppose the Medi-Span proposed settlement. We intend to file timely briefs and possibly related consumer and pharmacy affidavits.

If the proposed settlements are approved without corresponding reductions in the "discounts" set by health plans for our pharmacies payment, their already narrow profit margins will be radically reduced or eliminated with catastrophic consequences for the pharmacies, pharmacists and the consumers that they serve.

NCPA does not intend to intervene formally in this matter but requests to be heard on the important issues raised by these proposed settlements as a friend of the court and as an affected, interested party.

Because I am not counsel of record, I respectfully request that this letter be docketed, filed of record and distributed to counsel of record.

Thank you for your time concerning this matter and please do not hesitate to contact me should I be able to assist the court further.

Respectfully,

/John M Rector/

John M. Rector, Esq.
General Counsel
National Community Pharmacists Association