UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, <br><br> Defendants. | Civil Action:  1:05-CV-11148-PBS <br><br> Judge Patti B. Saris |

**DEFENDANT MCKESSON CORPORATION'S MOTION FOR LEAVE TO FILE UNDER SEAL**

McKesson Corporation hereby moves for leave to file its First Supplement of the Class Certification Record, and Exhibits A-B, D-F, and H-I thereto under seal, and to file redacted versions in the public record. The documents in these exhibits were produced by third parties to this litigation, and contain sensitive financial and proprietary information which, if disclosed, would risk competitive injury to the producing parties.

On two prior occasions, the Court has granted McKesson leave to file certain third-party documents under seal, with redacted copies filed electronically in the public

record.  (*See* May 9, 2007 Order entered granting 253 Motion for Leave to File under Seal; February 27, 2007 Order entered granting 202 Motion for Partial Reconsideration re Order on Motion for Leave to File under Seal.)  Documents subject to this motion have been similarly redacted to excise only the confidential information of the producing third parties.

In support of this motion, McKesson states as follows:

1. McKesson submits this motion solely on behalf of the third parties who produced the documents described below.  Such confidential information of third parties is entitled to heightened protection. *See Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) ("When the sensitive information pertains to non-parties who are not public figures, the balancing of interests in favor of protecting the privacy of the non-parties and against uninhibited access to the records is strengthened."); *see also United States v. Snyder*, 187 F. Supp. 2d 52, 63 (N.D.N.Y. 2002) ("The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citation omitted).

2. Exhibit A to McKesson's First Supplement of the Class Certification Record is an email and attachment produced by third party, Blue Cross and Blue Shield of Massachusetts.  The document was marked "Highly Confidential" and contains Blue Cross and Blue Shield's internal analyses of the effects of First Databank's WAC-AWP spread increases.  Blue Cross and Blue Shield has requested that the entire document be filed under seal.

3. Exhibit B is an email and attachment that Blue Shield of California received from its PBM.  This document reveals Blue Shield's internal assessments and analyses relating to the price terms in its various contracts with members of its retail pharmacy network.  As described in a letter McKesson received from Blue Shield of California, public disclosure of those pricing terms and analyses would put Blue Shield's contractual relationships with its pharmacy network in jeopardy, as well as provide an

2

unfair advantage to pharmacies that Blue Shield may wish to contract with in the future. (*See* Letter from Mary C. St. John, Blue Shield of California Associate General Counsel, to Tiffany Cheung, counsel for McKesson, July 3, 2007.) (attached hereto as Exhibit 1.) In addition to the risk presented by disclosure of the pricing terms to Blue Shield's contractual counterparties, disclosure of these terms to other TPPs would injure Blue Shield from a competitive standpoint. (*Id.*)

4. Exhibit D is a Blue Shield of California email that discusses the success of Blue Shield's strategies for responding to the WAC-AWP spread increases. The dollar amounts at issue and the details of Blue Shield's analysis and strategies have been redacted from the publicly filed version. As with Exhibit B, it is critical to Blue Shield's bargaining position vis-à-vis its retail network and its competitors that such analyses remain confidential. (*See* Exhibit 1 attached hereto.)

5. Exhibit E is a spreadsheet produced by Health Net, Inc. that tabulates the financial effects of different drug prices to the organization. The portions of that document that state Health Net's actual drug utilizations and the corresponding dollar amounts have been redacted. If those terms were made public, Health Net's competitors and Health Net's contractual counterparties could deduce the terms of Health Net's reimbursement contracts, which could result in competitive harm on Health Net.

6. Exhibit F is an agenda for a meeting held by Health Net Pharmaceutical Services. This document contains one line that reflects contemplated legal action against a different third party, which was never taken. Public disclosure of that internal consideration could jeopardize Health Net's relationship with that third party, and with other parties that Health Net contracts with.

7. Exhibit H is a Health Net, Inc. analysis that calculates the financial impact of the organization's strategies to avoid the effects of the WAC-AWP spread increases. This document contains the details of those strategies and the resulting dollar amounts, which could be used to deduce Health Net's contractual reimbursement terms.

3

8.      Exhibit I is a Health Net, Inc. email discussing certain contractual terms between Health Net and individual pharmacies in its retail network.  Public disclosure of Health Net's contract terms with specific pharmacies would risk Health Net's relationships with members of its pharmacy network, and would provide Health Net's competitors with information that is competitively valuable.

9.      The publicly filed version of McKesson's First Supplement of the Class Certification Record has been redacted only insofar as it contains descriptions of the confidential information contained in its exhibits, as that information is described above.

10.     Paragraph 14 of the Protective Order mandates that any document or pleading containing the type of confidential material referenced above be filed under seal. McKesson hereby seeks to comply with the terms of the Protective Order upon which third parties relied when they produced documents in response to subpoenas served in this action.

WHEREFORE, McKesson respectfully requests that this Court grant it leave to file the documents listed above under seal.  McKesson has publicly filed redacted copies of Exhibits B, D-F, and H-I of its First Supplement of the Class Certification Record, which excise only the confidential information contained in these exhibits.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Paul Flum
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated:  July 6, 2007


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Paul Flum, counsel of record for defendant McKesson Corporation, hereby certify that McKesson's counsel conferred with counsel for plaintiffs in an effort to resolve the issue referred to in this motion, and that the parties were unable to reach agreement with respect to this motion.

/s/ Paul Flum
Paul Flum

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 6, 2007.

/s/ Paul Flum
Paul Flum

# Exhibit 1

# blue 🛡 of california

**Mary C. St. John**
Associate General Counsel

July 3, 2007

<u>VIA E-MAIL</u>

Tiffany Cheung, Esq.
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

> Re:   New England Carpenters Health Benefits
>       <u>Fund et al. v. First Databank, Inc. and McKesson Corp.</u>
>
>       HIGHLY CONFIDENTIAL documents
>       <u>Produced by Blue Shield of California</u>

Dear Ms. Cheung:

Thank you for your e-mail of this morning advising me that your client, McKesson Corporation, needs to present certain documents produced by Blue Shield of California ("Blue Shield") pursuant to subpoena. The documents McKesson wishes to present have been identified as BSC 00119, BSC 00120, BSC 00122 and BSC 00122-A (the "Documents").

Blue Shield strongly objects to the public release of these Documents through a court filing and hereby advises McKesson that the unredacted documents must be filed under seal, and remain under seal as Highly Confidential, in accordance with the protective order in the above-referenced case. If unredacted Documents are to become public, please advise me immediately so that Blue Shield may seek appropriate relief from the Court to prevent release of the Documents.

**Blue Shield does not object to the public filing of the Documents in a redacted form, so long as the redacted form is consistent with the attachments to your e-mail to me of July 3, 2007 at 2:55 p.m. Blue Shield does not object to the unredacted Documents being filed under Seal as Highly Confidential in accordance with the protective order.**

The basis for Blue Shield's position is as follows: Blue Shield is a nonprofit health care service plan with over 3.2 million enrollees. Blue Shield provides an outpatient drug benefit to most of its enrollees, and contracts directly with retail pharmacy chains and independent pharmacies (collectively "Pharmacies") in order to provide that benefit. The key term in those contracts is the price Blue Shield will pay the Pharmacies for the drugs prescribed to its enrollees.

The Documents McKesson seeks to present to the Court contain information revealing Blue Shield's internal assessment and analysis relating to the price term in its pharmacy contracts. Specifically, the Documents contain information relating to Blue Shield's (1) interpretation of

Tiffany Cheung, Esq., Morrison & Foerster, LLP
July 3, 2007
Page 2

certain provisions of its pharmacy contracts; (2) methodology for calculating the costs of its pharmacy contracts; and (3) methodology for determining the impact of various pricing methodologies. The information would be valuable to Pharmacies with which Blue Shield currently contracts, as well as pharmacies with which Blue Shield may wish to contract with in the future. It could give a pharmacy an advantage in contracting, or could lead a pharmacy to terminate its contract with Blue Shield, which could lead to significant disruption to Blue Shield's pharmacy network and ability to provide Blue Shield's enrollees with a cost-effective pharmacy benefit.

The information is protected by Blue Shield and is kept confidential. It is not made public, nor is it shared with the Pharmacies. Its distribution within Blue Shield is limited to those who work in pharmacy contracting or have a need to know the information. Should a motion be necessary to protect the release of these or other Documents produced as Highly Confidential, Blue Shield reserves its right to present other information and evidence in support of its objections to the release of these Documents.

Please let me know whether the Documents will be filed under Seal or whether Blue Shield will need to seek relief from the Court.

Very truly yours,

Mary C. St. John, Esq.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>        Plaintiffs,<br><br>    v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>        Defendants. | Civil Action:  1:05-CV-11148-PBS |

**[PROPOSED] ORDER GRANTING MCKESSON CORPORATION'S MOTION FOR LEAVE TO FILE UNDER SEAL**

McKesson Corporation seeks leave to file under seal its First Supplement of the

Class Certification Record, and certain exhibits thereto, which were produced by third

parties, and which contain information that is confidential to those parties.  McKesson

has publicly filed redacted versions that excise only this confidential information.  For the

same reasons underlying the Court's February 27, 2007, and May 9, 2007 orders granting

McKesson leave to file certain third party documents under seal, the Court, having

2

considered all documents in support and opposition hereto, hereby GRANTS McKesson's Motion for Leave to File Under Seal the following documents:

    1.    McKesson Corporation's First Supplement of the Class Certification Record [Redacted version publicly filed];

    2.    Exhibits A-B, D-F, and H-I attached to McKesson Corporation's First Supplement of the Class Certification Record [Redacted version publicly filed].

IT IS SO ORDERED.

DATED: _____    _____
                                                                       Hon. Patti B. Saris
                                                                       United States District Court Judge