UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, <br><br> Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' RESPONSE TO MCKESSON'S FIRST SUPPLEMENT
<u>OF THE CLASS CERTIFICATION RECORD</u>**

At the May 22 hearing on Plaintiffs' motion to certify the class the Court ruled that it would reach its decision based on the record before it.[1] However, in recognition that the discovery period had not yet closed, the Court authorized each of the parties to file a motion to supplement the record, as needed, to provide the Court with new evidence that bears on class certification. The Court clearly limited each party to a single supplement of no more than three pages to be filed before July 31:

---

[1] Transcript of May 22, 2007 Motion/Status Hearing at 63:25 – 64:1, attached for the Court's convenience as Exhibit A.

- 1 -

> THE COURT: And if some new information came in that bears on this, I suppose what you should do is a motion to supplement the class certification record. It may be like a three-page brief on why it matters.
>
> * * *
>
> MS. SCHECHTER: Your Honor, does that mean we should look at the end of July as our cutoff for sending you information?
> THE COURT: I think, realistically.
> MS. SCHECHTER: Okay.[2]

With the filing of its First Supplement of the Class Certification Record, McKesson announced its intent to file "a second supplement" between now and the close of discovery.[3] Because McKesson is only entitled to a single supplement, Plaintiffs object to any further attempts by McKesson to supplement the record and will move to strike any further supplements, as necessary.

DATED: July 9, 2007

By  /s/ Steve W. Berman
   Steve W. Berman
   Nick Styant-Browne
   Barbara A. Mahoney
   Hagens Berman Sobol Shapiro LLP
   1301 Fifth Avenue, Suite 2900
   Seattle, WA  98101
   Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

   Thomas M. Sobol (BBO#471770)
   Hagens Berman Sobol Shapiro LLP
   One Main Street, 4th Floor
   Cambridge, MA  02142
   Telephone: (617) 482-3700
   Facsimile: (617) 482-3003

---

[2] *Id.* at 64:2 – 65:8.
[3] McKesson Corporation's First Supplement of the Class Certification Record at 1.

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 3 -

- 4 -

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 9, 2007.

                                          /s/ Steve W. Berman
                                          Steve W. Berman

001821-13 183170 V1

# Exhibit A

Page 63

1  Going all through the fall, is that it?
2          MS. SCHECHTER:  Right now the plaintiffs' expert
3  report is due July 1, although discovery closes July 31.
4          THE COURT:  And just responding to what you had
5  said, it sounds like you are about to depose two more PBMs.
6  So how should we handle new information that may come in on
7  this precise point?
8          MS. SCHECHTER:  We would be happy to put in a
9  supplemental filing if your Honor --
10         THE COURT:  I don't want to see you all again, just
11 because I don't want to have the expense of having you all
12 fly in here, but you both might get information that you
13 might want.
14         MS. SCHECHTER:  Well, in the last two weeks we've
15 received many documents from third-party payors, some of
16 which I put in the slide presentation that we received after
17 our surreply --
18         THE COURT:  When's your last deposition?
19         MS. SCHECHTER:  They haven't been scheduled because
20 Express-Scripts --
21         THE COURT:  What did we say the cutoff was?
22         MS. SCHECHTER:  July 31, so it would probably make
23 sense to then put the experts after that, and then --
24         THE COURT:  I'm just simply saying any new
25 information that came in.  Well, we're going to go based on

1   this record, so if we issue a decision beforehand, we do.
2   And if some new information came in that bears on this, I
3   suppose what you should do is a motion to supplement the
4   class certification record.  It may be like a three-page
5   brief on why it matters.
6           MS. SCHECHTER:  Okay, and at a minimum, we'd like
7   to put in the slides that we put in today, so we'll do that.
8           THE COURT:  Yes, just not another brief.
9           MS. SCHECHTER:  I understand.  Just the documents.
10          THE COURT:  Just the documents and what issue it
11  goes to, three pages, not like a whole new thing.  I'd give
12  you the chance to do it too if you -- do you have more
13  depositions?
14          MR. BERMAN:  Yes, we do, your Honor.  I mean, we're
15  attending the same depositions, and we're going to be trying
16  to get the evidence in our favor just like they are.
17          THE COURT:  So I'm just trying to figure out.  As a
18  logistical matter, it's a very serious motion for class cert,
19  and it takes me a while, and I have a few other things I need
20  to write.  So I think it makes sense that at least until I've
21  written it, you should be supplementing if something is
22  relevant, but not with a slew of new briefs, okay?  What I'm
23  hoping to do is get this out by the end of the summer.
24  That's sort of my ideal time period.
25          MR. BERMAN:  You think so?

Page 65

1    THE COURT:  Huh?
2    MR. BERMAN:  You think so?
3    THE COURT:  It sure is.
4    MS. SCHECHTER:  Your Honor, does that mean we
5  should look at the end of July as our cutoff for sending you
6  information?
7    THE COURT:  I think, realistically.
8    MS. SCHECHTER:  Okay.
9    THE COURT:  I think, realistically, that's right.
10  Okay?  So to the extent that -- I don't want you to have to
11  spend the money for expedited deposition transcripts, so I
12  would just try and schedule around that.
13    MS. SCHECHTER:  We appreciate that, your Honor.
14    THE COURT:  Okay.  All right, that's it.  Great.
15    THE CLERK:  Court is in recess.
16    (Adjourned, 3:25 p.m.)
17
18
19
20
21
22
23
24
25