# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>       Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., and McKESSON CORPORATION,<br><br>       Defendants. | CIVIL ACTION: 0:07-mc-00038-RHK-JSM<br>Assigned to: Judge Richard H. Kyle<br>Referred to: Magistrate Judge Janie S. Mayeron |

## PLAINTIFFS' OPPOSITION TO NON-PARTIES AMERISOURCEBERGEN CORPORATION AND DENNIS LINDELL'S MOTION TO QUASH THE SUBPOENA ISSUED BY PLAINTIFFS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

  Plaintiffs regret the burdens experienced by third parties AmerisourceBergen Corporation ("ABC") and Mr. Lindell in this lawsuit. However, contrary to the arguments set forth in their Motion to Quash the Subpoena Issued by Plaintiffs or, in the Alternative, for a Protective Order ("Motion to Quash"), Plaintiffs have not disregarded these burdens or sought unnecessary discovery from a third party. Instead, Plaintiffs are seeking necessary and important testimony from Mr. Lindell that goes straight to the heart of this case: testimony that, unlike McKesson, ABC did not participate in purported "wholesaler surveys" that contributed to the WAC-AWP mark-up alleged in this case.

  While it is true that Plaintiffs seek to elicit precisely the same testimony from Mr.

Lindell as they obtained in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 145, Master File No. 01-cv-12257-PBS (the "MDL litigation"), they are seeking this testimony because McKesson – not Plaintiffs – has refused to stipulate to the admissibility of this prior testimony.[1] While Plaintiffs recognize that this is an unfortunate situation for ABC and Mr. Lindell, Plaintiffs did try to minimize their burdens, but McKesson has thwarted those efforts. Accordingly, Plaintiffs respectfully request that the Court deny ABC's Motion to Quash, and decline to order Plaintiffs to pay ABC's costs and attorneys' fees.

## ARGUMENT

This Court should not quash Plaintiffs' subpoena or order Plaintiffs to pay ABC's costs. Plaintiffs have made clear to ABC's counsel that they are willing to use Mr. Lindell's deposition testimony given in the MDL litigation in lieu of deposing him in this action. However, McKesson has refused to stipulate to the admissibility of Mr. Lindell's MDL testimony in this case, purportedly because McKesson did not have an opportunity to cross-examine Mr. Lindell at the MDL deposition.

Plaintiffs have always contended that McKesson's position was disingenuous because McKesson has clearly been monitoring the progress of the AWP Litigation for some time and therefore could have sought to appear at Mr. Lindell's MDL deposition.

---

[1] Plaintiffs request that the Court exercise its discretion and remit this matter to the District of Massachusetts for resolution, given the District of Massachusetts' familiarity with both the underlying litigation and the MDL Litigation. *See* Fed. R. Civ. P. 26(c) advisory committee's note ("The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.").

7820                                      2

However, it was not until ABC and Mr. Lindell filed their Motion to Quash that Plaintiffs learned that McKesson's position had no merit whatsoever because McKesson had ***specifically foregone*** the opportunity to attend Mr. Lindell's deposition. As set forth in Exhibit B to the Motion to Quash, McKesson *specifically* discussed cross noticing the earlier deposition with ABC but McKesson decided not to do so.

Plaintiffs should not be penalized for McKesson's gamesmanship when they have, in contrast, been nothing but forthcoming and reasonable with ABC, Mr. Lindell and their counsel. This is particularly true because the MDL Litigation is an entirely separate case that, contrary to representations in the Motion to Quash, has never been officially designated as related or coordinated with this action. While there is significant overlap amongst the facts and counsel, the underlying claims, classes, parties and allegations are independent and have always been litigated by Plaintiffs as separate cases. Plaintiffs had no obligation to coordinate discovery.

Finally, Rules 45 and 26 do not support ABC's request that Plaintiffs pay its costs and attorneys' fees relating to this deposition. Rule 45(c)(1) only gives the Court discretion to award appropriate sanctions (such as attorneys' fees) when the subpoena imposes an undue burden or expense. According to the 1991 Advisory Committee Notes, Rule 45(c)(1) was intended primarily to protect "a non-party witness as a result of a misuse of the subpoena." *Molefi v. Oppenheimer Trust*, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, *6 (E.D.N.Y. Feb. 15, 2007). Courts must determine whether the subpoena imposes an undue burden on the subpoenaed party, and, if so, what, if any "reasonable steps" the subpoenaing party took to avoid imposing such a burden. *Id.* at

*7.  Under this test it is clear that Plaintiffs have not *misused* the subpoena; indeed, there is nothing that Plaintiffs can do now to minimize the burden imposed on ABC or Mr. Lindell.  McKesson is the only party that can eliminate the burden by acknowledging the inevitable result of its refusal to attend Mr. Lindell's MDL deposition in the first instance.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Motion to Quash and all other relief that this Court deems just and proper.

DATED:  June 8, 2007  
s/ Daniel C. Hedlund  
Daniel E. Gustafson (#202241)  
Daniel C. Hedlund (#0258337)  
**Gustafson Gluek PLLC**  
650 Northstar East  
608 Second Avenue South  
Minneapolis, MN 55402  
(612) 333-8844  
dgustafson@gustafsongluek.com  
dhedlund@gustafsongluek.com  

Steve W. Berman  
Barbara Mahoney  
**Hagens Berman Sobol Shapiro LLP**  
1301 Fifth Avenue, Suite 2900  
Seattle, WA  98101  
(206) 623-7292  

Thomas M. Sobol  
**Hagens Berman Sobol Shapiro LLP**  
One Main Street, 4th Floor  
Cambridge, MA  02142  
(617) 482-3700  

Jeffrey Kodroff  
John Macoretta  
**Spector, Roseman & Kodroff, P.C.**  
1818 Market Street, Suite 2500  
Philadelphia, PA  19103  
(215) 496-0300  

7820                                                                   4

Marc H. Edelson
**Hoffman & Associates**
45 West Court Street
Doylestown, PA 18901
(215) 230-8043

Kenneth A. Wexler
Jennifer Fountain Connolly
**Wexler Toriseva Wallace LLP**
One North LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 346-2222

George E. Barrett
Edmund L. Carey, Jr.
**Barrett, Johnston & Parsley**
217 Second Avenue, North
Nashville, TN 37201
(615) 244-2202

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>        Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., and McKESSON CORPORATION,<br><br>        Defendants. | CIVIL ACTION: 0:07-mc-00038-RHK-JSM<br>Assigned to: Judge Richard H. Kyle<br>Referred to: Magistrate Judge Janie S. Mayeron<br><br>**WORD COUNT COMPLIANCE** |

  I, Daniel C. Hedlund, hereby certify that Plaintiffs' Opposition to Non-Parties AmerisourceBergen Corporation and Dennis Lindell's Motion to Quash the Subpoena Issued by Plaintiffs or, in the Alternative, for a Protective Order complies with Local Rule 7.1(C).

  I further certify that, in preparation of this Memorandum, we used Microsoft Word XP, and that this word processing program has been applied specifically to include all text, including headings, footnotes and quotations, in the following word count.

7838

1

I further certify that the above-referenced brief contains 929 words.

Dated: June 8, 2007   s/Daniel C. Hedlund
Daniel C. Hedlund (#0258337)
**Gustafson Gluek PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844

*Attorneys for Plaintiffs*

7838                              2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri Corporation; and McKESSON CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. 05-cv -11148<br><br>Judge Patti B. Saris |

**AMENDED CERTIFICATE OF SERVICE**

    I hereby certify that on July 9, 2007, I caused Plaintiffs' Opposition to Non-Parties AmerisourceBergen Corporation and Dennis Lindell's Motion to Quash the Subpoena Issued by Plaintiffs or, in the Alternative, for a Protective Order, to be filed electronically with the Clerk of Court through ECF and served by facsimile upon those parties noted below.  Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

Elizabeth Fegan (beth@hbsslaw.com)
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL 60302

Steven E. Bizar
(steven.bizar@bipc.com)
Buchanan Ingersoll & Rooney PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103

Lori A. Schechter (lschechter@mofo.com)
Christopher E. Babbitt
(cbabbitt@mofo.com)
Tiffany Cheung (tcheung@mofo.com)
Melvin R. Goldman
(mgoldman@mofo.com)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

*Served via facsimile*

Sara H Cotton (cotton@fr.com)
Fish & Richardson PC
60 S. 6th Street, Suite 3300
Minneapolis, MN 55402

George E. Barrett
Edmund L. Carey
Gerald E. Martin
Timothy L. Miles
Barrett Johnson & Parsley
217 Second Avenue, N.
Nashville, TN 37201-1601

John P. Kern
Manatt, Phelps & Phillips
1001 Page Mill Road
Building 2
Palo Alto, CA 94304

Joan M. Griffin
McDermott, Will & Emery LLP
28 State Street
Boston, MA 02109

Michael K. Sugrue
Michael P. Twohig
Burns & Levinson
125 Summer Street
Boston, MA 02205

Steve W. Berman
(steve@hbsslaw.com)
Barbara Mahoney
(barbaram@hbsslaw.com)
Nicholas Styant-Browne
(nick@hbsslaw.com)
Hagens Berman Sobol Shapiro LLP
1301 5th Avenue, Suite 2900
Seattle, WA 98101-1090

Jeffrey L. Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

John A. Kiernan
Nicole L. Johnson
Bonner, Kiernan, Trebach & Crociata
One Liberty Square
Boston, MA 02109

Matthew J. Matule
Skadden Arps Slate Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

Edward Notargiacomo
Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Sheila L. Birnbaum
Thomas E. Fox
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

| | |
|---|---|
| Dated: July 9, 2007 | /s/ Jennifer Fountain Connolly |
| | Kenneth A. Wexler |
| | Jennifer Fountain Connolly |
| | **WEXLER TORISEVA WALLACE** <sup>LLP</sup> |
| | 55 West Monroe Street |
| | Suite 3300 |
| | Chicago, IL 60603 |
| | Tel: (312) 346-2222 |

3