UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>                Plaintiffs,<br><br>   v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>                Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**MCKESSON CORPORATION'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' OPPOSITION TO AMERISOURCEBERGEN'S MOTION TO QUASH THE SUBPOENA ISSUED BY PLAINTIFFS, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

AmerisourceBergen's ("ABC") Motion to Quash the Subpoena Issued by Plaintiffs was transferred to this Court by the Minnesota District Court pursuant to an order dated July 10. McKesson respectfully submits this supplemental memorandum to respond to Plaintiffs' Opposition to ABC's Motion to Quash.[1]

Plaintiffs argue that it is McKesson's fault that Plaintiffs need to depose ABC's witness, Mr. Lindell, for a second time. (Plaintiffs' Opposition to ABC's Motion to Quash ("Opp'n Br.") at 2.) Plaintiffs are wrong, for the following reasons.

*First*, Plaintiffs decided to notice Mr. Lindell's first deposition in July of 2006 only in the MDL Litigation, and not in this case which was also pending at the time. As Plaintiffs know, McKesson is not a party in the MDL Litigation, and did not receive notice of the deposition as required by federal rule. *See* Fed. R. Civ. P. 30(b)(1) (requiring party taking deposition to "give reasonable notice in writing to every other party to the action"). McKesson had no right to attend Mr. Lindell's deposition, even if it had wanted to.[2] Consequently, the testimony is inadmissible against McKesson under Rule 32, which "prohibits the use of a deposition against any party who was not present or represented at the taking of such deposition or who had reasonable notice thereof." *Hewitt v. Hutter*, 432 F. Supp. 795, 799 (W.D. Va. 1977); *see also FDIC v. Whitlock*, 785 F.2d 1335, 1341 (5th Cir. 1986) (approving trial court's ruling that testimony given in deposition in another case inadmissible because party against whom

---

[1] On July 9, Plaintiffs acknowledged that they did not serve McKesson with their Opposition, and as a result, Plaintiffs have no objection to McKesson filing this response. [*See* Docket No. 285.]

[2] *See Times Newspapers Ltd. (of Great Britain) v. McDonnell Douglas Corp.*, 387 F. Supp. 189, 196 (C.D. Cal. 1974) (federal rules of procedure "limit[] the attendance at depositions to only the principals"); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("depositions . . . are not public components of a civil trial" and are "not open to the public . . . they are conducted in private").

testimony sought to be used "did not have notice of said deposition and did not have the right to participate in said deposition . . . and to cross-examine the witness"); *Gavco, Inc. v. Chem-Trend, Inc.*, 81 F. Supp. 2d 633, 638 (W.D.N.C. 1999) ("threshold criterion for admissibility" not met where parties against whom deposition sought to be used were "neither present nor represented at these depositions").[3]

Had Plaintiffs chosen to cross-notice the deposition of Mr. Lindell in *this* case, as they were free to do, and as they had done in other circumstances in the MDL, then there would be no second deposition of Mr. Lindell. For whatever reason, Plaintiffs made a calculated decision not to do so. In short, the problem is of Plaintiffs' own doing.

*Second*, Plaintiffs attempt to shift responsibility to McKesson, arguing McKesson is at fault for not cross-noticing Mr. Lindell's deposition in this case when Plaintiffs noticed his deposition in the MDL. (Opp'n Br. at 3.) This argument is nonsensical. It is the Plaintiffs who are seeking to re-depose Mr. Lindell, not McKesson. McKesson had no obligation to cross-notice Mr. Lindell's deposition in July of 2006. *See Gavco, Inc.*, 81 F. Supp. 2d at 638 (non-party does not have "any obligation to be present" at deposition in other case).

Moreover, it would not have been practical for McKesson to cross-notice Mr. Lindell's deposition, because it would have been premature. At the time Plaintiffs noticed Mr. Lindell's deposition in the MDL, no party in this case had noticed a single deposition. The parties in this

---

[3] The only exception to this rule is the hearsay exception for "former testimony" under Federal Rule of Evidence 804(b)(1), and is clearly inapplicable here. As Plaintiffs point out, the MDL case is "entirely separate," and the "underlying claims, classes, parties and allegations are independent," from the instant case. (Opp'n Br. at 3); *see Whitten, Jr., Inc. v. State Univ. Constr. Fund*, 359 F. Supp. 1037, 1039 (D. Mass. 1973) (Rule 804 requirements not met where "plaintiff has neither made nor attempted to make a showing" of close identity of issues and parties); *Alamo v. Pueblo Int'l Inc.*, 58 F.R.D. 193, 195 (D.P.R. 1972) ("Different parties and different issues are crucial circumstances that inevitably must alter the substance of the deposition.").

2

case were engaged in initial document discovery at the time. (*See* Declaration of Lori Schechter in Support of McKesson's Supplemental Memorandum ("Schechter Decl."), ¶ 2.) By the date of the deposition, Plaintiffs had only recently agreed to make the ABC documents produced in the MDL case available to McKesson, and only then after McKesson had filed a motion to compel. (*Id.*) McKesson did not receive all of the ABC documents from Plaintiffs until May 2007. (*Id.*) There would have been no reason for McKesson to consider cross-noticing Mr. Lindell's deposition.[4]

*Third*, Plaintiffs criticize McKesson for invoking its right under federal law to refuse to stipulate to the admissibility of testimony taken without McKesson's attendance and participation. (Opp'n Br. at 2.) Plaintiffs' criticism is both unfair and unfounded. The right to notice of and participation in cross-examination of witnesses whose testimony may be used against a party has great meaning. Rule 32 "implies a principle of fairness requiring that the opposing party have the right or opportunity to be present at the deposition." *Bobb v. Modern Prods., Inc.*, 648 F.2d 1051, 1055 (5th Cir. 1981), *overruled on other grounds*, 107 F.3d 331 (5th Cir. 1997). "The rule is based on an elementary principle of justice towards the party against whom the deposition is offered." *Hewitt*, 432 F. Supp. at 799. Because Plaintiffs decided not to provide notice to McKesson, McKesson had no right to attend the deposition, no right to object to Plaintiffs' questions, and no right to cross-examine Mr. Lindell.

---

[4] McKesson's counsel did consider cross-noticing Mr. Lindell's deposition but ultimately decided not to because it was premature. McKesson's counsel contacted counsel for ABC, and suggested the cross-noticing of Mr. Lindell's deposition, solely to avoid inconveniencing the witness should his deposition be sought by McKesson later on. (Schechter Decl., ¶ 2.) Counsel for ABC advised McKesson that ABC would prefer that McKesson not cross-notice the deposition, and as a result McKesson did not do so. (*Id.*)

Plaintiffs insist that they had "no obligation" to provide McKesson with notice of Mr. Lindell's deposition, because the MDL case is "entirely separate," the "underlying claims, classes, parties and allegations are independent," and have "always been litigated by Plaintiffs as separate cases." (Opp'n Br. at 3.) While that may be true, Plaintiffs cannot then turn around and demand that McKesson stipulate to the admissibility of the testimony. In fact, Plaintiffs' argument supports McKesson's position that it had no reason to cross-notice Mr. Lindell's deposition in the MDL.

In sum, had Plaintiffs simply noticed the deposition in this case, Plaintiffs would have no need to re-depose Mr. Lindell. They made a tactical decision not to do so. The situation presented here is entirely of the Plaintiffs' own doing.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: July 12, 2007

## CERTIFICATE OF SERVICE

       I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 12, 2007. I further certify that a paper copy will be sent to the below-listed non-registered participant on July 12, 2007:

*Counsel for AmerisourceBergen Corp.*
Steven E. Bizar, Esq.
Buchanan Ingersoll, PC
11 Penn Center - 14th Floor
1835 Market Street
Philadelphia, PA 19103

                                          /s/ Lori A. Schechter
                                          Lori A. Schechter