UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br>                    Plaintiffs, <br><br>     v. <br><br> FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, <br><br>                    Defendants. | Civil Action:  1:05-CV-11148-PBS <br><br> Judge Patti B. Saris |

**DECLARATION OF LORI A. SCHECHTER IN SUPPORT OF MCKESSON CORPORATION'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' OPPOSITION TO AMERISOURCEBERGEN'S MOTION TO QUASH THE SUBPOENA ISSUED BY PLAINTIFFS, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

I, Lori A. Schechter, hereby declare:

1.      I am an attorney admitted to practice before the courts of California, and am a partner with Morrison & Foerster LLP, attorneys of record for Defendant McKesson Corporation ("McKesson").  I make this declaration in support of McKesson Corporation's Supplemental Memorandum in Response to Plaintiffs' Opposition to AmerisourceBergen's Motion to Quash the Subpoena Issued by Plaintiffs, or, in the Alternative, for a Protective Order.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently to them.

2.      Plaintiffs did not provide McKesson with notice, written or otherwise, of the deposition of ABC witness Mr. Lindell in the MDL Litigation.  I learned about the deposition from other counsel in the MDL Litigation.  McKesson had no reason to cross-notice Mr. Lindell's deposition at that time.  The parties were engaged in written discovery and no depositions had taken place.  Plaintiffs had only recently agreed to make the ABC documents produced in the MDL case available to McKesson, and only then after McKesson had filed a motion to compel.  McKesson did not receive all of the ABC documents until May 2007.  However, solely to avoid inconveniencing Mr. Lindell, I did contact counsel for ABC, Mr. Steve Bizar, and suggested that McKesson cross-notice Mr. Lindell's deposition for the same date that the Plaintiffs had noticed his deposition in the MDL Litigation.  Mr. Bizar advised me that he would prefer that McKesson not cross-notice Mr. Lindell's deposition.  McKesson thereafter did not cross-notice the deposition.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of July, 2007, in San Francisco, California.

/s/ Lori A. Schechter
Lori A. Schechter

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 12, 2007. I further certify that a paper copy will be sent to the below-listed non-registered participant on July 12, 2007:

*Counsel for AmerisourceBergen Corp.*
Steven E. Bizar, Esq.
Buchanan Ingersoll, PC
11 Penn Center - 14th Floor
1835 Market Street
Philadelphia, PA 19103

/s/ Lori A. Schechter
Lori A. Schechter