UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, | MISC. NO. 07-38 (RHK/JSM) |
| Plaintiff, | |
| v. | ORDER |
| FIRST DATABANK, INC., et al., | |
| Defendants. | |

The above matter came on before the undersigned upon Movants Dennis Lindell and AmerisourceBergen Corporation's Motion to Quash Subpoena, or in the Alternative For Protective Order [Docket No. 1].

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Movants Dennis Lindell and AmerisourceBergen Corporation's Motion to Quash Subpoena, or in the Alternative For Protective Order [Docket No. 1] is respectfully referred to United States District Judge Patti B. Saris, Massachusetts District Court. The Clerk is directed to send the entire motion file electronically and in hard copy[1] to Judge Saris and Robert Alba, Judge Saris' Courtroom Deputy at 8110 John Joseph Moakley United States Courthouse, One Courthouse Way, Boston, MA, 02210.

Dated: July 10, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[1] The Clerk is reminded to include the proposed Order submitted by the Movants to this Court, and Docket No. 24, which is a letter sent to this Court on July 9, 2007.

MEMORANDUM

Pursuant to Fed. R. Civ. P. 26(c) and 45(c)(1), this matter is before this Court pursuant to non-parties AmerisourceBergen Corporation's ("ABC") and Denny Lindell's ("Lindell") Motion to Quash Subpoena, or in the alternative for a Protective Order. [Docket No. 1]. Plaintiffs seek to take the deposition of ABC witness Lindell in the above-captioned case which is pending in the United States District Court, District of Massachusetts. ABC and Lindell have objected to this deposition going forward, contending that (1) it is duplicative because plaintiffs have already deposed Lindell in a related proceeding pending in the United States District Court, District of Massachusetts, In Re Pharmaceutical Industry Average Wholesale Price Litigation, MDL NO. 1456, Master File No. 01-CV-12257-PBS (the "MDL Litigation"); (2) plaintiffs made no effort to cross-notice the deposition of Lindell in the MDL Litigation; and (3) McKesson, which was aware of the Lindell deposition in the MDL Litigation, made no effort to attend the deposition. In light of plaintiffs' failure to "take reasonable steps to avoid imposing undue burden or expense" on ABC as required by Fed. R. Civ. P. 45(c)(1), ABC and Lindell have asked this Court to quash the deposition and award attorneys fees and costs associated with bringing the motion, or alternatively, either grant a protective order requiring plaintiffs to reimburse ABC for all of the costs and fees it will incur in complying with the subpoena and for bringing the motion, or remit the motion to the Massachusetts District Court, where the underlying suit is pending. See proposed Order.

Both plaintiffs and defendant McKesson opposed the motion, but for different reasons.[2] Plaintiffs argued that they have not disregarded the burdens that were being

---

[2] Defendant First Databank, Inc. did not respond to this motion, presumably because it did not have a dog in this fight.

imposed on Lindell or ABC by their subpoena or sought unnecessary discovery from a third party. While admitting that they were seeking to elicit the same testimony from Lindell that they had already obtained in the MDL Litigation, plaintiffs stated they were seeking Lindell's testimony again because McKesson has refused to stipulate to the admissibility of his prior testimony. In essence, plaintiffs appear to be arguing that they have no choice but to take this duplicative deposition, and accordingly, not only should the deposition not be quashed, but they should not have to pay for the costs and attorneys' fees incurred by ABC in complying with the subpoena. Plaintiffs also requested that this Court remit this motion to the Court presiding over the instant suit.

McKesson opposed ABC's and Lindell's motion on grounds that because plaintiffs had made a strategic decision to not give McKesson written notice of the earlier deposition of Lindell in the MDL Litigation[3], the testimony cannot be used against McKesson at trial. McKesson took no position with respect to the alternative request of ABC and Lindell that this dispute be remitted to the District Court of Massachusetts.

Having reviewed the submissions of the parties to this motion, including the comments by the presiding Magistrate Judge and District Judge in the MDL Litigation and instant case, this Court has determined that the court best equipped to address the motion is the District Court of Massachusetts, where the underlying case is pending. "A judge who is fully familiar with the underlying litigation is in a better position to resolve such issues than a judge in a different district with no knowledge of the case." Stanziale v. Pepper Hamilton LLP, 2007 WL 473703 at *5 (S.D.N.Y. 2007). Therefore, this Court is transferring the dispute to the district possessing the underlying action. See In re Digital Equipment Corp. 949 F.2d 228, 231 (8th Cir. 1991) (stating that court that issued deposition subpoenas

---

[3] McKesson is not part of the MDL Litigation.

3

pursuant to Rule 45 may remit consideration of the objections to court where underlying case is pending pursuant to Rule 26(c)); Stanziale, 2007 WL 473703 at *3-4 (discussing various cases in which courts have transferred disputes concerning nonparty subpoenas to court possessing underlying action); Fed. R. Civ. P. 26(c) advisory committee's note, 1970 amendments ("The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.").

AmerisourceBergen Corporation's and Denny Lindell's Motion to Quash Subpoena, or in the alternative for a Protective Order [Docket No. 1] is respectfully referred to United States District Judge Patti B. Saris.