# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| | : | |
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, ET AL. | : | |
| | : | CASE NO.: 1:05-CV-11148-PBS |
| V. | : | Pending in the USDC |
| | : | District of Massachusetts |
| FIRST DATABANK, INC. AND MCKESSON CORPORATION | : | |
| | : | |

## NON-PARTY AMERISOURCEBERGEN CORPORATION'S MOTION TO QUASH THE SUBPOENA ISSUED BY PLAINTIFFS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Non-parties AmerisourceBergen Corporation ("ABC") and Dennis Lindell ("Mr. Lindell") (collectively "Non-parties"), by their undersigned counsel and pursuant to Federal Rules of Civil Procedure 26(c) and 45(c), respectfully move this Court for an order quashing the subpoena directed to Mr. Lindell, issued out of this Court by Plaintiffs on May 4, 2007. In the alternative, Non-parties move for a protective order conditioning the deposition on the payment by Plaintiffs of all reasonable costs incurred in preparing for and attending the deposition, including reasonable attorneys' fees. In addition, Non-Parties ask this Court to award AmerisourceBergen Corporation the reasonable costs of bringing this motion, as well as whatever additional relief this Court deems just, equitable, and proper under the circumstances.

The grounds for this motion are set forth in the accompanying Memorandum, which is incorporated herein by reference.

Non-parties respectfully request oral argument on this motion.

Dated: May 25, 2007

FAEGRE & BENSON LLP

James L. Volling , # 113128
Elizabeth Shields Keating , # 345532
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

Attorneys for Non-Parties AmerisourceBergen
Corp. and Dennis Lindell


Steven E. Bizar
Christopher M. Hapka
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103

Of counsel to Non-Parties AmerisourceBergen
Corp. and Dennis Lindell

fb.us.2072813.01

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, ET AL. | : : : : | CASE NO.: 1:05-CV-11148-PBS |
| V. | : : | Pending in the USDC District of Massachusetts |
| FIRST DATABANK, INC. AND MCKESSON CORPORATION | : : : | |

## MEMORANDUM IN SUPPORT OF THE MOTION OF NON-PARTIES AMERISOURCEBERGEN CORPORATION AND DENNIS LINDELL TO QUASH THE SUBPOENA ISSUED BY PLAINTIFFS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

## I.    INTRODUCTION

Non-parties AmerisourceBergen Corporation ("ABC") and Dennis Lindell ("Mr. Lindell" or "Lindell") (collectively "Non-parties"), by their undersigned counsel and pursuant to Federal Rules of Civil Procedure 26(c) and 45(c), respectfully submit this memorandum in support of their motion to quash a deposition subpoena that Plaintiffs served on Mr. Lindell in this district.  In the alternative, Non-parties seek a protective order requiring Plaintiffs to pay all costs, including attorneys' fees, of this duplicative and unnecessary deposition — the second deposition they seek to take of Mr. Lindell on precisely the same subject matter.

Plaintiffs have already deposed ABC employee Lindell, as well as two other ABC witnesses, in a related proceeding in the United States District Court for the District of

Massachusetts, *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No. 1456, Master File No. 01-CV-12257-PBS (the "MDL litigation").[1] At that time, despite the pendency of this related litigation, Plaintiffs made a strategic decision not to provide defendant McKesson Corporation ("McKesson") with a cross-notice of the deposition in this case. In essence, it appears that Plaintiffs elected to take Mr. Lindell's deposition in one case to test how it played out before deciding whether to subsequently notice it in the other. McKesson, which was also aware of Mr. Lindell's deposition at the time, similarly made a strategic decision not to attend the deposition. Now both parties are trying to impose the costs of those decisions on the Non-parties — Plaintiffs by seeking to take another deposition of Mr. Lindell and McKesson by insisting that plaintiffs cannot use the prior Lindell deposition transcript in this case — even though ABC has already spent tens of thousands of dollars on third party discovery costs in the MDL litigation.

ABC respectfully asks this Court, in consideration of Plaintiffs' failure to "take reasonable steps to avoid imposing undue burden or expense" on ABC as required by Fed. R. Civ. P. 45(c)(1), to quash the subpoena, or, in the alternative, to require Plaintiffs to reimburse ABC for the entirety of the costs it will incur in complying with the subpoena, including costs for its counsel to prepare for, attend, and defend the second Lindell deposition.

---

[1] Although the instant lawsuit is not part of the MDL litigation, it involves the same subject matter. In addition, both cases are assigned to the same judge, the Honorable Patti B. Saris, in the United States District Court for the District of Massachusetts.

## II.   THE GOVERNING LEGAL STANDARD

The applicable legal standards governing this motion are familiar and need not detain the Court long.  Under the Federal Rules of Civil Procedure, a party seeking to subpoena a non-party for deposition testimony must "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."  Fed. R. Civ. P. 45(c)(1).  The Rule explicitly assigns the duty of enforcing this requirement to "[t]he court on behalf of which the subpoena was issued."  *Id;*[2] *see also* Fed. R. Civ. P. 45(c)(3)(A).

Rule 45(c)(1) "vests the district court with discretion to limit discovery if it determines, *inter alia*, [that] the burden or expense of the proposed discovery outweighs its likely benefit."  *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).

## III.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The current litigation is one of a series of related litigations brought by the same Plaintiffs concerning alleged antitrust law violations related to the Average Wholesale Price, or AWP, of certain pharmaceuticals.  In a previous MDL litigation in the United States District Court for the District of Massachusetts, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, Plaintiffs took extensive discovery of ABC, including three Rule 30(b)(6) depositions and substantial document discovery.  Plaintiffs'

---

[2] Under the Federal Rules and Eighth Circuit precedent, any action to enforce a subpoena <u>must</u> be brought initially in the District Court from which the subpoena issued, not in the District Court in which the underlying action is pending.  *In re Digital Equipment Corp.*, 949 F.2d 228, 321 (8th Cir. 1991).  However, the Court may then "in its discretion remit the matter to the court in which the action is pending," in this case the District of Massachusetts. *Id.; but see In re Sealed Case,* 141 F.3d 337, 341-43 (D.C. Cir. 1998).

only purpose in taking this discovery, as they admitted before the Court, was to show that ABC had done nothing improper and had no information at all relevant to the litigation. In a hearing in the previous litigation, Plaintiffs' counsel stated that:

> "We don't think that there's anything that they had, that they're hiding anything necessarily. All we want . . . [is] sworn testimony that they were not surveyed and that they had no part in the increase in the markup."

Transcript of Motion Hearing dated May 9, 2006, at I-6:13-16 (attached as Exhibit A). In other words, Plaintiffs are seeking this additional, duplicative discovery simply to establish that ABC has done nothing wrong and is completely irrelevant to this litigation, as it was to the previous litigation. Yet, overall, non-party ABC has spent more than $60,000.00 complying with the various discovery demands of the parties to the MDL litigation — not to mention the costs being incurred in dealing with other similarly duplicative document discovery in the McKesson litigation. The Massachusetts District Court recognized the burden of the discovery ABC has already provided, telling Plaintiffs that they would "have to pay" for additional discovery. *Id.* at I-13:10 (attached as Exhibit A). Furthermore, given the current litigation, there is no guarantee that ABC will not be asked to bear additional discovery burdens in other related lawsuits involving other parties in the future.

Mr. Lindell was the last of the three Rule 30(b)(6) witnesses provided by ABC. At the time of his subpoena and deposition, this action involving McKesson had already been filed. Had Plaintiffs chosen to do so, they could have cross-noticed the deposition in both cases and arranged for Mr. Lindell's testimony to be available in both proceedings. Furthermore, Defendants in this litigation had actual notice of the

approaching deposition — albeit apparently through happenstance and <u>not</u> from the Plaintiffs — and made a strategic decision not to attend or participate in the deposition. *See* e-mail from Lori Schechter, Counsel for McKesson, dated July 11, 2006 (attached as Exhibit B).

## IV.    ARGUMENT

Plaintiffs' counsel has the duty under Rule 45 to protect non-parties, such as ABC and Mr. Lindell, from undue burden or expense.  Plaintiffs have repeatedly failed in this duty with respect to ABC, and in fact made strategic decisions that they knew or should have known would likely impose additional burdens on these Non-parties.  ABC should not be required to subsidize the costs of the Plaintiffs' decision to pursue what the Massachusetts District Court recently has characterized as the parties' "runaway discovery."  Electronic Endorsement of Judge Patti B. Saris, dated May 14, 2007 (attached as Exhibit C).  The second Lindell deposition subpoena should be quashed or the deposition conditioned on the payment of costs.

1.    **Plaintiffs failed to protect ABC at the time of the first Lindell deposition.**

Plaintiff had a clear opportunity to minimize expenses at the time of Mr. Lindell's initial deposition by simply cross-noticing Lindell's deposition in both their case against McKesson and the MDL litigation rather than in the MDL litigation alone.  Had both Plaintiffs and McKesson's counsel attended and been given the opportunity to examine Lindell at that time, no additional burden would have been placed on Non-parties in preparing for, defending, or handling the deposition.

The McKesson litigation was filed on June 2, 2005. At the time Mr. Lindell's deposition took place on July 27, 2006, Plaintiffs in the McKesson litigation were aware that they were conducting the deposition in the MDL litigation and that the issues involved were largely identical to the issues involved in the McKesson litigation. Plaintiffs could have taken action to include McKesson's counsel in the deposition notice; they elected not to do so. By making the strategic decision to notice this deposition in only one litigation, Plaintiffs failed in their duty under Rule 45 to protect Non-parties from duplicative and burdensome discovery. Instead, Plaintiffs intentionally shifted some of the costs of their litigation strategy onto ABC. Now not only do plaintiffs seek to redepose a senior executive, and take him away from his important duties, but ABC and the witness must prepare for and defend that deposition — again. Non-party ABC should not be expected to bear those foreseeable, avoidable costs, since it has no interest whatever in this litigation and has already been made to bear significant costs.

 2. **Plaintiffs failed to protect ABC at the time this deposition was noticed.**

Even given Plaintiffs' failure to give McKesson notice of Mr. Lindell's deposition in the MDL litigation, it is by no means clear that Lindell's initial deposition is inadmissible in the McKesson litigation as well. To the best of ABC's knowledge and belief, considering that some of the filings in the underlying litigation are under seal, Plaintiff does not appear even to have explored the question of the admissibility of the first deposition with the Massachusetts District Court prior to noticing this duplicative,

unnecessary deposition. Yet plaintiffs may be able to use the prior transcript and avoid a duplicative deposition, if they pursue it with the Court.

A deposition taken in another proceeding is admissible under the prior testimony exception to the hearsay rule if (1) the witness is unavailable, and (2) "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). It is undisputed that Lindell, who resides in Minnesota, cannot be compelled to testify because he resides outside of the subpoena power of the Massachusetts District Court and is therefore unavailable.

While McKesson did not in fact cross-examine the witness during the deposition in the MDL litigation, or even attend it, this is not required under Rule 804. The Rule requires only that the objecting party have an "opportunity" and "similar motive" to examine the witness. The federal courts have consistently held that "[a] party who makes the tactical decision during a deposition to refrain from examining a witness who is beyond the subpoena power of the court, takes the risk that the testimony could be admitted at trial if the witness will not or cannot appear voluntarily." *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991). As long as there was an opportunity given to cross-examine, relevant testimony should not be excluded because a party's "failure to avail itself of an ample opportunity to cross-examine [a witness] turns out, in retrospect, to have been a tactical error." *In re Related Asbestos Cases*, 543 F.Supp. 1142, 1148 (N.D. Calif. 1982); *accord Hendrix v Raybestos-Manhattan, Inc.*, 776 F2d 1492 (11th Cir. 1985) ("as a general rule, a party's decision to limit cross-

examination in a discovery deposition is a strategic choice and does not preclude his adversary's use of the deposition at a subsequent proceeding").

In this case, at the time of Mr. Lindell's first deposition, McKesson had learned of his deposition — albeit apparently not from Plaintiffs. Nonetheless, as noted previously, McKesson was aware of his deposition and declined to attend and examine him.

This Court, of course, cannot rule on the ultimate admissibility of this deposition in a case pending before another District Court. But what is clear is that, given these facts, Plaintiffs had a second opportunity to protect ABC from "undue burden and expense" by at a minimum first raising this issue before the District Court in Massachusetts by motion, instead of proceeding directly to this duplicative deposition. By failing to do so, Plaintiffs have demonstrated again their complete disregard for their obligations under Rule 45(c)(1) to protect Non-parties against unnecessary discovery burdens.

## V.    CONCLUSION

Plaintiffs have failed to meet their obligation under Rule 45 to protect Non-parties AmerisourceBergen Corporation and Dennis Lindell from the burden of a second deposition on the very same subject matter as the first, either by ensuring that the first deposition was admissible in the first place or by attempting to obtain the Massachusetts District Court's permission to use the first deposition in the McKesson case. Instead, Plaintiffs have served this duplicative subpoena in an attempt to force Non-parties to pay the price for Plaintiffs' poor strategic choices. ABC and Lindell therefore ask this Court

to quash the subpoena in its entirety, or, in the alternative, to condition any deposition on Plaintiffs' payment of all costs of compliance, including reasonable attorneys' fees.

Respectfully submitted,

Dated: May 25, 2007                    FAEGRE & BENSON LLP

James L. Volling , # 113128
Elizabeth Shields Keating , # 345532
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000

Attorneys for Non-Parties AmerisourceBergen
Corp. and Dennis Lindell

Steven E. Bizar
Christopher M. Hapka
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, PA  19103

Of counsel to Non-Parties AmerisourceBergen
Corp. and Dennis Lindell

fb.us.2072789.01

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.  01-12257-PBS

CITIZENS FOR CONSUME, et al     .
   Plaintiffs   .
          . BOSTON, MASSACHUSETTS
   v.     . MAY 9, 2006
          .
ABBOTT LABORATORIES, et al     .
   Defendants  .
          .

. . . . . . . . . . . . . . .

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Class Plaintiffs:  Edward Notargiacomo, Esquire, Hagens
Berman Sobol Shapiro, LLP, One Main Street, 4th Floor, Cambridge,
MA  02142, (617) 482-3700.

For AmeriSource Bergen Corp.:  Paul Weiner, Esquire, Buchanan,
PC, 1835 Market Street, 14th Floor, Philadelphia, PA  19103.

For Aventis Pharmaceuticals:  Michael DeMarco, Esquire, Foley &
Lardner, LLP, 3000 K Street, N.W., Suite 500, Washington, DC
20007, (617) 951-9111; Attorney Aimee Bierman, Nick Mizell,
Esquire, Shook, Hardy and Bacon (DC), 600 14th Street, NW,
Hamilton Square, Suite 800, Washington, DC  20005-2004.

For NHIC:  Benjamin Wattenmaker, Esquire, Shipman & Goodwin LLP
One Constitution Plaza, Hartford, CT 06103, 860-251-5786.

For J&J:  Adeel Mangi, Esquire, Patterson, Belknap, Webb &
Tyler, 1133 Avenue of the Americas, New York, NY 10036, (212)
336-2546.

---

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

1        Let me speak a little bit about what the

2   disagreement with AmeriSource Bergen is.  AmeriSource insists

3   that the, the corporation and its employees, and at least the

4   employees it's been able to identify know nothing of the

5   surveys, that a review of their files have found no evidence of

6   their employees ever having been surveyed by First Data Bank

7   and nothing to do, and they had that, they had nothing to do

8   with providing information to First Data Bank that would

9   account for the sudden increase in the markup between AWP and

10  WAC or WAC and AWP in '01, '02.  The irony is we believe that

11  to be the case, Your Honor.  We don't think that there's

12  anything that they had, that they're hiding anything

13  necessarily.  All we want and all we've ever wanted from

14  AmeriSource Bergen is someone to answer our questions so we

15  have sworn testimony that they were not surveyed and that they

16  had no part in the increase in the markup in '01 and '02.  In

17  order to accomplish this we first tried to subpoena the four

18  individual employees, only one of which is a current employee

19  of ABC, unable to locate the other three.  At that time we,

20  ABC,  in conversations with ABC, they told us they really

21  didn't know what we were looking for.  They needed guidance.

22  It was at their, discussions with them that we decided to issue

23  the 30(b)(6) to help them understand what it was we were

24  looking for, and we gave them months to get up to speed on

25  that.  They told us they were undertaking their own

1-13

1    and he is speaking on behalf of the corporation.  He doesn't

2    speak to the time periods of those, of that.  He doesn't speak

3    to other employees that may or may have not been canvassed in

4    order to gain this information.  There's a whole host of things

5    that are missing from--

6           THE COURT:  All right.  So the--

7           MR. NOTARGIACOMO:  --the affidavit.

8           THE COURT:  --bottom line is, you want him?

9           MR. NOTARGIACOMO:  Yes, Your Honor.

10          THE COURT:  Then you'll have to pay.

11          MR. NOTARGIACOMO:  Could I speak to that just

12   briefly?

13          THE COURT:  I'll hear you.

14          MR. NOTARGIACOMO:  My brother in the papers indicates

15   that, you know, they have incurred $60,000 worth of costs.  I'd

16   point out that if they had produced someone earlier, they

17   wouldn't have incurred such costs.  And by way of example, Your

18   Honor, when they submitted their opposition to our papers, they

19   claimed that they had incurred $45,000 worth of costs.  Two

20   months later, after I don't see any movement at all, except for

21   the fact that I was here once and through no fault of their

22   own, there was some scheduling difficulties and there was some

23   phone calls, it's gone up $15,000.  So, and I'm not sure that

24   extra $15,000--

25          THE COURT:  All right.

*YOUNG TRANSCRIPTION SERVICES*
**(508) 384-2003**

# Exhibit B

**From:** Schechter, Lori A. [mailto:LSchechter@mofo.com]
**Sent:** Tuesday, July 11, 2006 12:43 AM
**To:** Bizar, Steven
**Subject:** McKesson

Steve,
AmeriSource's proposal is not going to work for us   We are thinking that maybe the best solution would be for us to notice the deposition for the same day that it is already scheduled in the MDL (and thus attend the same depo) to put the least burden on your client   We would be prepared to tell your client in advance what we would be asking, so long as you could tell us what the answers would be   Let's discuss tomorrow

Lori

=========================================================================
=======

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=========================================================================
=======

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
=========================================================================
=======

# Exhibit C

ADR

**United States District Court**
**District of Massachusetts (Boston)**
**CIVIL DOCKET FOR CASE #: 1:05-cv-11148-PBS**

New England Carpenters Health Benefits Fund et al v. First Databank, Inc., et al
Assigned to: Judge Patti B. Saris
Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 06/02/2005
Jury Demand: None
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**New England Carpenters Health Benefits Fund**

represented by **Edmund L. Carey**
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201
615-244-2202
Email: tcarey@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George E. Barrett**
Barret Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201-1601
615-244-2202
Email: gbarrett@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald E. Martin**
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201
615-244-2202
Email: jmartin@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Kodroff**
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Fountain Connolly**

The Wexler Firm LLC
2000
One LaSalle Street
Chicago, IL 60602
312-346-2222
Fax: 312-346-0022
Email: jfc@wtwlaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Macoretta**
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
Wexler Toriseva Wallace LL
Suite 2000
One North LaSalle Street
Chicago, IL 60602
312-346-2222
Fax: 312-346-0022
Email: kaw@wtwlaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
Hagens Berman Sobol Shapiro LLP
26th Floor
One Main Street
4th Floor
Cambridge, MA 02142
617-482-3700
Fax: 617-482-3003
Email: Tom@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy L. Miles**
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201
615-244-2202
Fax: 615-252-3798
Email: tmiles@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pirelli Armstrong Retiree Medical Benefits Trust**

represented by **Edmund L. Carey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George E. Barrett**
Barret Johnston & Parsley
217 Second Avenue N
Nashville, TN 37201-1601
615-244-2202
Email: gbarrett@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald E. Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Kodroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Fountain Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Macoretta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy L. Miles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Teamsters Health & Welfare Fund of
Philadelphia and Vicinity**

represented by **Edmund L. Carey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George E. Barrett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald E. Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Kodroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Fountain Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Macoretta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy L. Miles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Philadelphia Federation of Teachers
Health and Welfare Fund**

represented by **Edmund L. Carey**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George E. Barrett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald E. Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Kodroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Fountain Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Macoretta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy L. Miles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**District Council 37 Health and Security Plan**

represented by **Barbara Mahoney**
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
206-623-7292

Fax: 206-623-0594
Email: barbaram@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Notargiacomo**
Hagens Berman Sobol Shapiro LLP
One Main Street
4th Floor
Cambridge, MA 02142
617-374-3738
Fax: 617-374-3003
Email: ed@hagens-berman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 5th Avenue
Suite 2900
Seattle, WA 98101-1090
206-623-7292
Fax: 206-623-0594
Email: steve@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
Hagens Berman Sobol Shapiro LLP
One Main Street
4th Floor
Cambridge, MA 02142
617-482-3700
Fax: 617-482-3003
Email: Tom@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First Databank, Inc.,**
*a Missouri Corporation*

represented by **John P. Kern**
Manatt, Phelps, & Phillips
1001 Page Mill Road
Building 2
Palo Alto, CA 94304
650-812-1317
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Matthew J. Matule
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108
617-573-4887
Fax: 617-573-4822
Email: mmatule@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Sheila L. Birnbaum
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522
212-735-3000
Fax: 212-735-2000
Email: sbirnbau@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Thomas E. Fox
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036
212-735-3000
Fax: 212-735-2000
Email: tfox@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**McKesson Corporation**
*a Delaware Corporation*

represented by

**Christopher E. Babbitt**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: CBabbitt@mofo com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James P. Bennett**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94107-2406
415-268-7000
Fax: 415-268-7522
Email: jbennett@mofo com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joan M. Griffin**
McDermott, Will & Emery LLP
28 State Street
Boston, MA 02109
617-345-3000
Fax: 617-345-3299
Email: jmgriffin@mwe.com
*TERMINATED: 08/10/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori A. Schechter**
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: lschechter@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melvin R. Goldman**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: MGoldman@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Twohig**
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
617-345-3233
Fax: 617-345-3299
Email: mtwohig@burnslev.com
*TERMINATED: 08/11/2006*
*LEAD ATTORNEY*

**Paul Flum**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-7000
Fax: 415-268-7522
Email: paulflum@mofo.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Tiffany Cheung**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: tcheung@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A. Kiernan**
Bonner, Kiernan, Trebach & Crociata
One Liberty Square
Boston, MA 02109
617-426-3900
Fax: 617-426-0380
Email: jkiernan@bktc.net
*ATTORNEY TO BE NOTICED*

**Michael K Sugrue**
Burns & Levinson
125 Summer Street
Boston, MA 02205
617-345-3232
Fax: 617-345-3299
Email: msugrue@burnslev.com
*TERMINATED: 08/14/2006*
*ATTORNEY TO BE NOTICED*

**Nicole L. Johnson**
Bonner, Kiernan, Trebach & Crociata
One Liberty Square
Boston, MA 02109
617-426-3900
Fax: 617-426-0380
Email: njohnson@bktc.net
*ATTORNEY TO BE NOTICED*

e₁

| 05/08/2007 | 255 | NOTICE of Documents Filed Under Seal by McKesson Corporation (Patch, Christine) (Entered: 05/09/2007) |
|---|---|---|
| 05/09/2007 | 254 | MOTION for Hearing *Class Plaintiffs and Settling Defendant First Databank, Inc's Request for a Status Conference* by All Plaintiffs.(Sobol, Thomas) (Entered: 05/09/2007) |
| 05/09/2007 | 256 | Assented to MOTION for Leave to File *Surreply in Opposition to Defendant's Motion for a 60-Day Extension of Discovery Deadline* by All Plaintiffs. (Attachments: # 1 Exhibit 1 (Plaintiffs' Surreply)# 2 Exhibit 2 (Declaration of Steve Berman))(Berman, Steve) (Entered: 05/09/2007) |
| 05/10/2007 | | Judge Patti B. Saris: Electronic ORDER entered allowing 254 MOTION for Hearing Class Plaintiffs and Settling Defendant First Databank, Inc's Request for a Status Conference by All Plaintiffs. "Allowed. A Status Conference will be held on 5/22/07 at 2:00 p.m." (Alba, Robert) (Entered: 05/10/2007) |
| 05/10/2007 | | Judge Patti B. Saris : Electronic ORDER entered finding as moot 256 Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion for a 60-Day Extension of Discovery Deadline. (Patch, Christine) (Entered: 05/10/2007) |
| 05/10/2007 | 257 | MOTION for Leave to Appear Pro Hac Vice for admission of Nicholas Styant-Browne by All Plaintiffs. (Attachments: # 1 Certificate of Good Standing)(Sobol, Thomas) (Entered: 05/10/2007) |
| 05/11/2007 | 258 | Letter/request (non-motion) from Steve Berman and Lori Schechter to Judge Saris re: May 9, 2007 Order. (Berman, Steve) (Entered: 05/11/2007) |
| 05/11/2007 | | Filing fee: $ 100.00, receipt number 80051 for 257 MOTION for Leave to Appear Pro Hac Vice for admission of Nicholas Styant-Browne, 245 MOTION for Leave to Appear Pro Hac Vice for admission of John P. Kern (Diskes, Sheila) (Entered: 05/16/2007) |
| 05/14/2007 | | Judge Patti B. Saris: Electronic ORDER entered allowing 242 Request for a Case Management Conference to Address the Case Schedule and Remaining Non-Expert Discovery. "Allowed. A Conference will be held on May 22, 2007, at 2:00 p.m." (Alba, Robert) (Entered: 05/14/2007) |
| 05/14/2007 | 259 | Joint MOTION *to Reschedule Mediation Conference Before Magistrate Judge Hillman* by All Plaintiffs.(Berman, Steve) (Entered: 05/14/2007) |
| 05/14/2007 | | Judge Patti B. Saris : ELECTRONIC ENDORSEMENT re 258 Letter/request (non-motion). "In McKesson's motion, it argued "twenty more depositions have been noticed by the parties to take place in the remaining 31 business days before the June 1 discovery cutoff." I never permitted as many as 20 depositions a side as McKesson and plaintiffs have stipulated to. From my vantage, this looks like runaway discovery. McKesson may substitute depositions but may not go over the number already noticed at the time of my order. Each deposition shall be limited to 7 hours a side. This discovery schedule has already been extended. It is time to end." (Patch, Christine) (Entered: 05/15/2007) |
| 05/15/2007 | 260 | MOTION to Compel *McKesson's 30(b)(6) Witness and to Provide More Specific Responses to Plaintiffs' Third Set of Interrogatories* by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Berman, Steve) (Entered: 05/15/2007) |

# Exhibit D

ADR

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:05-cv-11148-PBS

New England Carpenters Health Benefits Fund et al v. First
Databank, Inc., et al
Assigned to: Judge Patti B. Saris
Cause: 18:1962 Racketeering (RICO) Act

Date Filed: 06/02/2005
Jury Demand: None
Nature of Suit: 470 Racketeer/Corrupt
Organization
Jurisdiction: Federal Question

### Plaintiff
**New England Carpenters Health Benefits
Fund**

represented by **Edmund L. Carey**
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201
615-244-2202
Email: tcarey@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George E. Barrett**
Barret Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201-1601
615-244-2202
Email: gbarrett@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald E. Martin**
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201
615-244-2202
Email: jmartin@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Kodroff**
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Fountain Connolly**

The Wexler Firm LLC
2000
One LaSalle Street
Chicago, IL 60602
312-346-2222
Fax: 312-346-0022
Email: jfc@wtwlaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Macoretta**
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
Wexler Toriseva Wallace LL
Suite 2000
One North LaSalle Street
Chicago, IL 60602
312-346-2222
Fax: 312-346-0022
Email: kaw@wtwlaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
Hagens Berman Sobol Shapiro LLP
26th Floor
One Main Street
4th Floor
Cambridge, MA 02142
617-482-3700
Fax: 617-482-3003
Email: Tom@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy L. Miles**
Barrett, Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201
615-244-2202
Fax: 615-252-3798
Email: tmiles@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pirelli Armstrong Retiree Medical Benefits
Trust**

represented by **Edmund L. Carey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George E. Barrett**
Barret Johnston & Parsley
217 Second Avenue N
Nashville, TN 37201-1601
615-244-2202
Email: gbarrett@barrettjohnston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald E. Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Kodroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Fountain Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Macoretta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy L. Miles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Teamsters Health & Welfare Fund of Philadelphia and Vicinity**

represented by **Edmund L. Carey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George E. Barrett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald E. Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Kodroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Fountain Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Macoretta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy L. Miles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Philadelphia Federation of Teachers Health and Welfare Fund**

represented by **Edmund L. Carey**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George E. Barrett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald E. Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey L. Kodroff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Fountain Connolly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Macoretta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth A. Wexler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy L. Miles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**District Council 37 Health and Security Plan**

represented by **Barbara Mahoney**
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
206-623-7292

Fax: 206-623-0594
Email: barbaram@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Notargiacomo**
Hagens Berman Sobol Shapiro LLP
One Main Street
4th Floor
Cambridge, MA 02142
617-374-3738
Fax: 617-374-3003
Email: ed@hagens-berman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 5th Avenue
Suite 2900
Seattle, WA 98101-1090
206-623-7292
Fax: 206-623-0594
Email: steve@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas M. Sobol**
Hagens Berman Sobol Shapiro LLP
One Main Street
4th Floor
Cambridge, MA 02142
617-482-3700
Fax: 617-482-3003
Email: Tom@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First Databank, Inc.,**
*a Missouri Corporation*

represented by **John P. Kern**
Manatt, Phelps, & Phillips
1001 Page Mill Road
Building 2
Palo Alto, CA 94304
650-812-1317
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew J. Matule**
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108
617-573-4887
Fax: 617-573-4822
Email: mmatule@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sheila L. Birnbaum**
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522
212-735-3000
Fax: 212-735-2000
Email: sbirnbau@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas E. Fox**
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036
212-735-3000
Fax: 212-735-2000
Email: tfox@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**McKesson Corporation**
*a Delaware Corporation*

represented by **Christopher E. Babbitt**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: CBabbitt@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James P. Bennett**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94107-2406
415-268-7000
Fax: 415-268-7522
Email: jbennett@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joan M. Griffin**
McDermott, Will & Emery LLP
28 State Street
Boston, MA 02109
617-345-3000
Fax: 617-345-3299
Email: jmgriffin@mwe.com
*TERMINATED: 08/10/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori A. Schechter**
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: lschechter@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melvin R. Goldman**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: MGoldman@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Twohig**
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
617-345-3233
Fax: 617-345-3299
Email: mtwohig@burnslev.com
*TERMINATED: 08/11/2006*
*LEAD ATTORNEY*

**Paul Flum**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-7000
Fax: 415-268-7522
Email: paulflum@mofo.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Tiffany Cheung**
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: tcheung@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A. Kiernan**
Bonner, Kiernan, Trebach & Crociata
One Liberty Square
Boston, MA 02109
617-426-3900
Fax: 617-426-0380
Email: jkiernan@bktc.net
*ATTORNEY TO BE NOTICED*

**Michael K Sugrue**
Burns & Levinson
125 Summer Street
Boston, MA 02205
617-345-3232
Fax: 617-345-3299
Email: msugrue@burnslev.com
*TERMINATED: 08/14/2006*
*ATTORNEY TO BE NOTICED*

**Nicole L. Johnson**
Bonner, Kiernan, Trebach & Crociata
One Liberty Square
Boston, MA 02109
617-426-3900
Fax: 617-426-0380
Email: njohnson@bktc.net
*ATTORNEY TO BE NOTICED*

| | | *MOTION FOR CLASS CERTIFICATION [Redacted Version]* filed by McKesson Corporation. (Attachments: # 1 Appendix A# 2 Appendix B)(Schechter, Lori) (Entered: 05/07/2007) |
|---|---|---|
| 05/07/2007 | 248 | DECLARATION re 247 Sur-Reply to Motion *of Lori Schechter [Redacted Version]* by McKesson Corporation. (Attachments: # 1 Exhibit 23# 2 Exhibit 24A# 3 Exhibit 24B# 4 Exhibit 24C# 5 Exhibit 24D# 6 Exhibit 24E# 7 Exhibit 24F# 8 Exhibit 25# 9 Exhibit 26# 10 Exhibit 27# 11 Exhibit 28# 12 Exhibit 29)(Schechter, Lori) (Entered: 05/07/2007) |
| 05/07/2007 | 249 | DECLARATION re 247 Sur-Reply to Motion - *Rebuttal Expert Declaration of Robert D. Willig [Redacted Version]* by McKesson Corporation. (Attachments: # 1 Willig Rebuttal Decl - Part 2# 2 Willig Rebuttal Decl - Part 3# 3 Willig Rebuttal Decl - Part 4# 4 Willig Rebuttal Decl - Part 5# 5 Willig Rebuttal Decl - Part 6)(Schechter, Lori) (Entered: 05/07/2007) |
| 05/07/2007 | 250 | MOTION for Leave to File *Under Seal* by McKesson Corporation. (Attachments: # 1 Text of Proposed Order)(Schechter, Lori) (Entered: 05/07/2007) |
| 05/07/2007 | 251 | SUR-REPLY to Motion re 178 MOTION to Certify Class *PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION [Corrected Redacted Version]* filed by McKesson Corporation. (Attachments: # 1 Appendix A# 2 Appendix B)(Schechter, Lori) (Entered: 05/07/2007) |
| 05/07/2007 | 252 | DECLARATION re 251 Sur-Reply to Motion *[Corrected Redacted Version]* by McKesson Corporation. (Attachments: # 1 Exhibit 23# 2 Exhibit 24A# 3 Exhibit 24B# 4 Exhibit 24C# 5 Exhibit 24D# 6 Exhibit 24E# 7 Exhibit 24F# 8 Exhibit 25# 9 Exhibit 26# 10 Exhibit 27# 11 Exhibit 28# 12 Exhibit 29# 13 Exhibit 30)(Schechter, Lori) (Entered: 05/07/2007) |
| 05/07/2007 | 253 | MOTION for Leave to File *Under Seal [Corrected]* by McKesson Corporation. (Attachments: # 1 Text of Proposed Order)(Schechter, Lori) (Entered: 05/07/2007) |
| 05/07/2007 | | Judge Patti B. Saris : Electronic ORDER entered granting 253 Motion for Leave to File under Seal. (Patch, Christine) (Entered: 05/09/2007) |
| 05/07/2007 | ✳ | Judge Patti B. Saris : Electronic ORDER entered granting 241 Motion for Extension of Time to Complete Non-Expert Discovery. Discovery to be completed by 7/31/2007. "I allow the extension of the discovery period to finish depositions that have already been noticed. No new document requests, notices of deposition, or any other discovery request shall be filed." (Patch, Christine) (Entered: 05/09/2007) |
| 05/07/2007 | | Judge Patti B. Saris : Electronic ORDER entered denying 246 Motion for Leave to Reply to Plaintiffs' Opposition to McKesson's Motion for a 60-Day Extension of the Non-Expert Discovery Deadline. (Patch, Christine) (Entered: 05/10/2007) |
| 05/08/2007 | | Documents terminated: 248 Declaration, filed by McKesson Corporation., 250 MOTION for Leave to File *Under Seal* filed by McKesson Corporation., 247 Sur-Reply to Motion filed by McKesson Corporation,. (Patch, Christine) (Entered: 05/08/2007) |
| 05/08/2007 | | Notice of correction to docket made by Court staff. Correction: Documents 247, 248, and 250 terminated because: they have been re-filed by attorney as Documents No. 251, 252, and 253 (Patch, Christine) (Entered: 05/08/2007) |
| | | |

# Exhibit E



STEVE W BERMAN
DIRECT • (206) 224-9320
STEVE@HBSSLAW COM

May 11, 2007

Patti B. Saris
United States District Court Judge
United States District Court
Donahue Federal Building and U.S. Courthouse
595 Main Street
Worcester, MA 01608

  Re: *New England Carpenters Health Benefit Fund, et al. v. First Databank, et al*
    No. 1:05-cv-11148-PBS

Dear Judge Saris:

    This letter is in response to your order entered May 9, stating:

> I allow the extension of the discovery period to finish
> depositions that have already been noticed. No new
> document requests, notices of deposition, or any other
> discovery request shall be filed.

    The parties have a disagreement about how to interpret the order, and are writing jointly to seek the Court's guidance.

    <u>Plaintiffs' Position</u>. Plaintiffs interpret the Court's order to bar any depositions not noticed before the Court entered its order and believe that McKesson violated the Court's order when it served four new deposition subpoenas after the Court entered its order.

    <u>McKesson's Position</u>. McKesson believes that it is proceeding consistently with the Court's order. As of May 9, McKesson had taken twelve merits depositions — and had noticed an additional six for the month of May — out of the total allotment of twenty per side stipulated to by the parties. McKesson had purposely reserved the balance — to be noticed for dates on or before June 1 — to explore matters revealed during the final phases of discovery.

ATTORNEYS AT LAW      SEATTLE  LOS ANGELES  CAMBRIDGE  PHOENIX  CHICAGO

T 206.623.7292 F 206.623.0594
1301 FIFTH AVENUE · SUITE 2900 · SEATTLE, WASHINGTON 98101
www.hagens-berman.com

001821-13 171362 V1
sf-2320281

Judge Saris
May 11, 2007
Page 2

On May 9, McKesson withdrew two of the depositions noticed for May and noticed four new depositions to take place on or before the June 1 cutoff, selected based on its review of recently produced documents and other discovery. McKesson had every reason to believe that these new notices were proper. The depositions that McKesson noticed on May 9 are all set to occur on or before the June 1 cutoff, comply with the three-week notice provisions of Case Management Order No. 1, and bring the total number of depositions noticed by McKesson to twenty. McKesson was in the process of preparing the subpoenas for this final round of deponents at the time of the Court's May 9 order.

McKesson does not understand that the Court, by entering its order granting a short extension of the discovery cutoff, intended to abridge the parties' rights to pursue discovery that would have been permissible without the need for an extension. Instead, McKesson reads the order as addressing what discovery will be permitted after the current June 1 cutoff. Because the depositions that McKesson recently noticed are all set for dates on or before June 1 and within its original allotment of 20 depositions, McKesson respectfully submits that the notices comply with the intent of the Court's order.

Sincerely yours,

MORRISON & FOERSTER LLP          HAGENS BERMAN SOBOL SHAPIRO LLP


_____/s/ Lori A. Schechter_____          _____/s/ Steve W. Berman_____
Lori A. Schechter                        Steve W. Berman
*Attorneys for Defendants*               *Attorneys for Plaintiffs*

171362-1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, | CIVIL ACTION: 0:07-mc-00038-RHK-JSM<br>Assigned to: Judge Richard H. Kyle<br>Referred to: Magistrate Judge Janie S. Mayeron |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., and McKESSON CORPORATION, | |
| Defendants. | |

## PLAINTIFFS' OPPOSITION TO NON-PARTIES AMERISOURCEBERGEN CORPORATION AND DENNIS LINDELL'S MOTION TO QUASH THE SUBPOENA ISSUED BY PLAINTIFFS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Plaintiffs regret the burdens experienced by third parties AmerisourceBergen Corporation ("ABC") and Mr. Lindell in this lawsuit. However, contrary to the arguments set forth in their Motion to Quash the Subpoena Issued by Plaintiffs or, in the Alternative, for a Protective Order ("Motion to Quash"), Plaintiffs have not disregarded these burdens or sought unnecessary discovery from a third party. Instead, Plaintiffs are seeking necessary and important testimony from Mr. Lindell that goes straight to the heart of this case: testimony that, unlike McKesson, ABC did not participate in purported "wholesaler surveys" that contributed to the WAC-AWP mark-up alleged in this case.

While it is true that Plaintiffs seek to elicit precisely the same testimony from Mr.

Lindell as they obtained in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 145, Master File No. 01-cv-12257-PBS (the "MDL litigation"), they are seeking this testimony because McKesson – not Plaintiffs – has refused to stipulate to the admissibility of this prior testimony.[1]  While Plaintiffs recognize that this is an unfortunate situation for ABC and Mr. Lindell, Plaintiffs did try to minimize their burdens, but McKesson has thwarted those efforts.  Accordingly, Plaintiffs respectfully request that the Court deny ABC's Motion to Quash, and decline to order Plaintiffs to pay ABC's costs and attorneys' fees.

## ARGUMENT

This Court should not quash Plaintiffs' subpoena or order Plaintiffs to pay ABC's costs.  Plaintiffs have made clear to ABC's counsel that they are willing to use Mr. Lindell's deposition testimony given in the MDL litigation in lieu of deposing him in this action.  However, McKesson has refused to stipulate to the admissibility of Mr. Lindell's MDL testimony in this case, purportedly because McKesson did not have an opportunity to cross-examine Mr. Lindell at the MDL deposition.

Plaintiffs have always contended that McKesson's position was disingenuous because McKesson has clearly been monitoring the progress of the AWP Litigation for some time and therefore could have sought to appear at Mr. Lindell's MDL deposition.

---

[1] Plaintiffs request that the Court exercise its discretion and remit this matter to the District of Massachusetts for resolution, given the District of Massachusetts' familiarity with both the underlying litigation and the MDL Litigation.  *See* Fed. R. Civ. P. 26(c) advisory committee's note ("The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.").

However, it was not until ABC and Mr. Lindell filed their Motion to Quash that Plaintiffs learned that McKesson's position had no merit whatsoever because McKesson had **specifically foregone** the opportunity to attend Mr. Lindell's deposition. As set forth in Exhibit B to the Motion to Quash, McKesson *specifically* discussed cross noticing the earlier deposition with ABC but McKesson decided not to do so.

Plaintiffs should not be penalized for McKesson's gamesmanship when they have, in contrast, been nothing but forthcoming and reasonable with ABC, Mr. Lindell and their counsel. This is particularly true because the MDL Litigation is an entirely separate case that, contrary to representations in the Motion to Quash, has never been officially designated as related or coordinated with this action. While there is significant overlap amongst the facts and counsel, the underlying claims, classes, parties and allegations are independent and have always been litigated by Plaintiffs as separate cases. Plaintiffs had no obligation to coordinate discovery.

Finally, Rules 45 and 26 do not support ABC's request that Plaintiffs pay its costs and attorneys' fees relating to this deposition. Rule 45(c)(1) only gives the Court discretion to award appropriate sanctions (such as attorneys' fees) when the subpoena imposes an undue burden or expense. According to the 1991 Advisory Committee Notes, Rule 45(c)(1) was intended primarily to protect "a non-party witness as a result of a misuse of the subpoena." *Molefi v. Oppenheimer Trust*, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, *6 (E.D.N.Y. Feb. 15, 2007). Courts must determine whether the subpoena imposes an undue burden on the subpoenaed party, and, if so, what, if any "reasonable steps" the subpoenaing party took to avoid imposing such a burden. *Id.* at

*7.  Under this test it is clear that Plaintiffs have not *misused* the subpoena; indeed, there is nothing that Plaintiffs can do now to minimize the burden imposed on ABC or Mr. Lindell.  McKesson is the only party that can eliminate the burden by acknowledging the inevitable result of its refusal to attend Mr. Lindell's MDL deposition in the first instance.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Motion to Quash and all other relief that this Court deems just and proper.

DATED:  June 8, 2007

s/ Daniel C. Hedlund
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#0258337)
**Gustafson Gluek PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

Steve W. Berman
Barbara Mahoney
**Hagens Berman Sobol Shapiro LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292

Thomas M. Sobol
**Hagens Berman Sobol Shapiro LLP**
One Main Street, 4th Floor
Cambridge, MA  02142
(617) 482-3700

Jeffrey Kodroff
John Macoretta
**Spector, Roseman & Kodroff, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300

7820

4

Marc H. Edelson
**Hoffman & Associates**
45 West Court Street
Doylestown, PA  18901
(215) 230-8043

Kenneth A. Wexler
Jennifer Fountain Connolly
**Wexler Toriseva Wallace LLP**
One North LaSalle Street, Suite 2000
Chicago, IL  60602
(312) 346-2222

George E. Barrett
Edmund L. Carey, Jr.
**Barrett, Johnston & Parsley**
217 Second Avenue, North
Nashville, TN  37201
(615) 244-2202

***Attorneys for Plaintiffs***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, ET AL.<br><br>V.<br><br>FIRST DATABANK, INC. AND MCKESSON CORPORATION | MN Court File No: 07-MC-0038 (RHK/JSM)<br><br>CASE NO.: 1:05-CV-1148-PBS Pending in the USDC District of Massachusetts |

### DEFENDANT MCKESSON CORPORATION'S RESPONSE TO NON-PARTY AMERISOURCEBERGEN CORPORATION'S MOTION TO QUASH THE SUBPOENA ISSUED BY PLAINTIFFS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

McKesson Corporation ("McKesson") respectfully submits the following response to AmerisourceBergen Corporation's ("ABC") and Denny Lindell's Motion to Quash Subpoena, or in the alternative for a Protective Order. McKesson is a defendant in the underlying lawsuit, pending in the United States District Court for the District of Massachusetts. Plaintiffs in that case seek to take the deposition of ABC witness Denny Lindell. ABC contends the deposition is duplicative because plaintiffs have already deposed Mr. Lindell in an earlier proceeding, involving similar issues.

McKesson files this response to address a discrete issue raised by ABC's motion: Because plaintiffs made a strategic decision to not give McKesson written notice of the earlier deposition, the testimony cannot be used against McKesson at trial.

### A. Lindell's Previous Deposition Testimony is Inadmissible Because Plaintiffs Failed to Provide McKesson with Written Notice.

Plaintiffs deposed ABC witness Denny Lindell on July 27, 2006, in an earlier lawsuit. McKesson was not a party to that earlier lawsuit. McKesson did not receive notice of, and did not attend, the earlier Lindell deposition. Moreover, plaintiffs did not cross-notice Mr. Lindell's deposition in its separate lawsuit against McKesson. As ABC points out, "Plaintiffs could have taken action to include McKesson's counsel in the deposition notice; they elected not to do so." (Doc. No. 2 at 6.)

Therefore, McKesson will object should plaintiffs try to use the earlier deposition testimony of Mr. Lindell against McKesson at trial. *See, e.g., Mid-West Nat'l Life Ins. Co. of Tenn. v. Breton*, 199 F.R.D. 369, 371 (N.D. Fla. 2001) (under Rule 32(a) "depositions ordinarily are admissible only against a party 'who was present or represented at the taking of the deposition or had reasonable notice thereof'"); *Gavco, Inc. v. Chem-Trend Inc.*, 81 F. Supp. 2d 633, 638 (W.D.N.C. 1999) (depositions taken in a separate lawsuit, where moving party was not a party in separate lawsuit and was "neither present nor represented" at the depositions, are inadmissible against moving party).

ABC suggests that because McKesson was "aware" of the earlier deposition, then Mr. Lindell's testimony is possibly admissible against McKesson at trial. (Doc. No. 2 at 7-8.) This suggestion ignores the fact that plaintiffs made a conscious choice to avoid providing McKesson with notice of the deposition. The fact that counsel for McKesson happened to find out through circumstance that a deposition in the earlier lawsuit was

taking place is not "reasonable notice" within the meaning of Rule 32(a). Fed. R. Civ. P. 32(a) (transcript "may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof"); *Lauson v. Stop-N-Go Foods, Inc.*, 133 F.R.D. 92, 94 (W.D.N.Y. 1990) (despite fact that counsel learned deposition was taking place and did not attend, the testimony was not admissible against his client because of failure to provide "reasonable notice ***in writing***" of the deposition under Rule 32(a)) (emphasis in original).

The cases cited by ABC for the proposition that Mr. Lindell's earlier deposition testimony is potentially admissible against McKesson are inapposite. They all involve situations where a party was given written notice of the deposition, attended the deposition, and then made the decision not to cross-examine the deponent. (*See* Doc. No. 2 at 7-8.) The rule stated in those cases, "a party's decision to limit cross-examination in a discovery deposition is a strategic choice and does not preclude his adversary's use of the deposition at a subsequent proceeding," *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1506 (11th Cir. 1985), has no application here.

Plaintiffs here made a calculated decision to avoid giving McKesson notice of Mr. Lindell's deposition, and they therefore cannot use his earlier deposition testimony against McKesson at trial.

Dated: July 3, 2007

FISH & RICHARDSON P.C.

By: s/Sara Cotton
    Michael E. Florey (#214322)
    Sara Cotton (#386426)
    3300 Dain Rauscher Plaza
    60 South Sixth Street
    Minneapolis, MN 55402
    Telephone: (612) 335-5070
    Facsimile: (612) 288-9696

    Melvin R. Goldman
    Lori A. Schechter
    Paul Flum
    Tiffany Cheung
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105-2482

Attorneys for Defendant McKesson Corp.

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

July 9, 2007

Writer's Direct Contact
415.268.6355
LSchechter@mofo.com

The Honorable Janie S. Mayeron
United States District Court
610 Federal Building
316 N. Robert Street
St. Paul, MN 55101

Re:    *New England Carpenters Health Benefits Fund v. First Databank, Inc. et al*, Case
       No. 0:07-MC-00038-RHK-JSM

Dear Judge Mayeron:

I write to inform the Court that it has just come to McKesson's attention that plaintiffs in the
underlying action failed to serve McKesson with their Opposition to AmerisourceBergen's
(ABC) Motion to Quash, filed on June 8, 2007. There is no excuse for this deliberate
omission given that McKesson is a defendant in the underlying lawsuit, and McKesson was
served with, and listed on the proof of service of, ABC's Motion to Quash.

Plaintiffs' failure to provide McKesson with notice of their opposition is consistent with
plaintiffs' deliberate decision to avoid giving McKesson notice of and an opportunity to
appear at the deposition of Mr. Lindell in the MDL Litigation.

Very truly yours,

Lori A. Schechter (*Pro Hac Vice application pending*)

wc-131870

PHV

# U.S. District Court
## District of Minnesota (DMN)
### CIVIL DOCKET FOR CASE #: 0:07-mc-00038-RHK-JSM

New England Carpenters Health Benefits Fund v. First　　　　　Date Filed: 05/25/2007
Databank, Inc. et al
Assigned to: Judge Richard H. Kyle
Referred to: Magistrate Judge Janie S. Mayeron

**Plaintiff**

**New England Carpenters Health**　　　represented by　**Jennifer Fountain Connolly**
**Benefits Fund**　　　　　　　　　　　　　　　　　　Wexler Toriseva Wallace LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　55 W Monroe St Ste 3300
　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　　　　　　　　　312-589-6274
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: jfc@wtwlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　　　**Daniel E Gustafson**
　　　　　　　　　　　　　　　　　　　　　　　　　　Gustafson Gluek PLLC
　　　　　　　　　　　　　　　　　　　　　　　　　　608 2nd Ave S Ste 650
　　　　　　　　　　　　　　　　　　　　　　　　　　Mpls, MN 55402
　　　　　　　　　　　　　　　　　　　　　　　　　　612-333-8844
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 612-339-6622
　　　　　　　　　　　　　　　　　　　　　　　　　　Email:
　　　　　　　　　　　　　　　　　　　　　　　　　　dgustafson@gustafsongluek.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　　　**Daniel C Hedlund**
　　　　　　　　　　　　　　　　　　　　　　　　　　Gustafson Gluek PLLC
　　　　　　　　　　　　　　　　　　　　　　　　　　608 2nd Ave S Ste 650
　　　　　　　　　　　　　　　　　　　　　　　　　　Mpls, MN 55402
　　　　　　　　　　　　　　　　　　　　　　　　　　612-333-8844
　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 612-339-6622
　　　　　　　　　　　　　　　　　　　　　　　　　　Email: dhedlund@gustafsongluek.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First Databank, Inc.**

**Defendant**

**McKesson Corporation**　　　　　represented by　**Lori A Schechter**
　　　　　　　　　　　　　　　　　　　　　　　　　　Morrison & Foerster LLP

425 Market St
San Francisco, CA 94105
415-268-6355
Email: lschechter@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara H Cotton**
Fish & Richardson PC
60 S 6th St Ste 3300
Minneapolis, MN 55402
612-766-2005
Fax: 612-288-9696
Email: cotton@fr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tiffany Cheung**
Morrison & Foerster LLP
425 Market St
San Francisco, CA 94105-2482
415-268-6848
Email: tcheung@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**AmerisourceBergen Corporation**          represented by **Christopher-NA M Hapka**
Not Admitted
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Shields Keating**
Faegre & Benson LLP
90 S 7th St Ste 2200
Minneapolis, MN 55402-3901
612-766-8005
Fax: 612-766-1600
Email: lshieldskeating@faegre.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James L Volling**
Faegre & Benson LLP
90 S 7th St Ste 2200
Mpls, MN 55402
612-766-7758
Fax: 612-766-1600
Email: jvolling@faegre.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Steven E Bizar**
Buchanan Ingersoll & Rooney PC
1835 Market St 14th Fl
Philadelphia, PA 19103
215-665-3826
Email: steven.bizar@bipc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Dennis Lindell**                    represented by    **Christopher-NA M Hapka**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Shields Keating**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James L Volling**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven E Bizar**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/25/2007 | 1 | MOTION to Quash Subpoena issued by Plaintiffs or, in the Alternative MOTION for Protective Order, by Dennis Lindell, and AmerisourceBergen Corporation. (GJS) Modified on 6/8/2007 (MMC). (Entered: 05/29/2007) |
| 05/25/2007 | 2 | MEMORANDUM in Support re 1 MOTION to Quash the Subpoena issued by Plaintiffs, or in the alternative MOTION for Protective Order filed by Dennis Lindell, and AmerisourceBergen Corporation. (Attachments: # 1 LR7.1 Word Count Compliance Certificate)(GJS) Modified on 6/8/2007 (MMC). (Entered: 05/29/2007) |
| 05/25/2007 | 3 | AFFIDAVIT of Service by Dennis Lindell, and AmerisourceBergen Corporation re 1 MOTION to Quash MOTION Subpoena or in the alternative Motion for Protective Order, 2 Memorandum in Support of Motion to Quash and Motion for Protective order with LR7.1 Word Count Compliance Certificate. (GJS) Modified on 6/8/2007 (MMC). |

| | | |
|---|---|---|
| | | (Entered: 05/29/2007) |
| 05/29/2007 | 🔵4 | NOTICE OF HEARING ON MOTION 1 MOTION to Quash MOTION for Protective Order: Motion Hearing set for 6/19/2007 09:00 AM in Minneapolis - Courtroom 8E before Magistrate Judge Janie S. Mayeron. (Volling, James) Modified on 5/29/2007 (gjs). (Entered: 05/29/2007) |
| 05/29/2007 | 🔵5 | CERTIFICATE OF SERVICE by Dennis Lindell, AmerisourceBergen Corporation re 4 Notice of Hearing on Motion (Volling, James) Modified on 6/8/2007 (MMC). (Entered: 05/29/2007) |
| 05/29/2007 | 🔵6 | AMENDED NOTICE of Hearing on Motion 1 MOTION to Quash MOTION for Protective Order: Motion Hearing set for 6/19/2007 09:00 AM in Minneapolis - Courtroom 8E before Magistrate Judge Janie S. Mayeron. (Volling, James) (Entered: 05/29/2007) |
| 05/29/2007 | 🔵7 | CERTIFICATE OF SERVICE by Dennis Lindell, AmerisourceBergen Corporation re 6 Amended Notice of Hearing on Motion (Volling, James) Modified on 6/8/2007 (MMC). (Entered: 05/29/2007) |
| 05/31/2007 | 🔵8 | RULE 7.1 DISCLOSURE STATEMENT by AmerisourceBergen Corporation that there is no such parent or publicly held corporation to report. (Volling, James) Modified on 6/8/2007 (MMC). (Entered: 05/31/2007) |
| 05/31/2007 | 🔵9 | Declaration of Steven E. Bizar in Support of 2 Memorandum in Support of Motion, filed by Dennis Lindell, AmerisourceBergen Corporation. (Volling, James) Modified on 6/8/2007 (MMC). (Entered: 05/31/2007) |
| 05/31/2007 | 🔵10 | CERTIFICATE OF SERVICE by Dennis Lindell, AmerisourceBergen Corporation re 8 Rule 7.1 - Disclosure Statement, 9 Declaration in Support *of Memorandum in Support of Motion* (Volling, James) Modified on 6/8/2007 (MMC). (Entered: 05/31/2007) |
| 06/07/2007 | 🔵11 | MOTION for Admission Pro Hac Vice for Steven E. Bizar by Dennis Lindell, AmerisourceBergen Corporation. (Attachments: # 1 Certificate of Service)(Keating, Elizabeth) Modified on 6/8/2007 (MMC). (Entered: 06/07/2007) |
| 06/07/2007 | 🔵 | TEXT ONLY ENTRY - ORDER granting 11 Motion for Admission Pro Hac Vice of Attorney Steven E Bizar for Dennis Lindell and AmerisourceBergen Corporation. Fee paid; receipt number 3-002821. Approved by Clerk Richard D Sletten on 6/7/07. (MMC) (Entered: 06/08/2007) |
| 06/08/2007 | 🔵12 | NOTICE of Appearance by Daniel C Hedlund on behalf of all plaintiffs (Hedlund, Daniel) (Entered: 06/08/2007) |
| 06/08/2007 | 🔵13 | NOTICE of Appearance by Daniel E Gustafson on behalf of all plaintiffs (Gustafson, Daniel) (Entered: 06/08/2007) |
| 06/08/2007 | 🔵14 | CERTIFICATE OF SERVICE by New England Carpenters Health Benefits Fund re 12 Notice of Appearance, 13 Notice of Appearance (Gustafson, Daniel) (Entered: 06/08/2007) |

| | | |
|---|---|---|
| 06/08/2007 | 15 | MEMORANDUM in Opposition re 1 MOTION to Quash MOTION for Protective Order filed by all plaintiffs. (Attachments: # 1 LR7.1 Word Count Compliance Certificate # 2 Certificate of Service)(Hedlund, Daniel) (Entered: 06/08/2007) |
| 06/11/2007 | 16 | AMENDED NOTICE of Hearing on Motion 1 MOTION to Quash MOTION for Protective Order: Motion Hearing set for 7/10/2007 11:00 AM in St Paul - Courtroom 5 before Magistrate Judge Janie S. Mayeron. (Volling, James) (Entered: 06/11/2007) |
| 06/11/2007 | 17 | CERTIFICATE OF SERVICE by AmerisourceBergen Corporation, AmerisourceBergen Corporation re 16 Amended Notice of Hearing on Motion *to Quash the Subpoena Issued by Plaintiffs or, in the Alternative, for a Protective Order* (Volling, James) (Entered: 06/11/2007) |
| 07/03/2007 | 18 | RESPONSE re 1 MOTION to Quash MOTION for Protective Order filed by McKesson Corporation. (Attachments: # 1 LR7.1 Word Count Compliance Certificate # 2 Certificate of Service)(Cotton, Sara) (Entered: 07/03/2007) |
| 07/03/2007 | 19 | DOCUMENT FILED IN ERROR - replaced by doc. #20. MOTION for Admission Pro Hac Vice for Tiffany Cheung by McKesson Corporation. (Attachments: # 1 Certificate of Service)(Cotton, Sara) Modified on 7/3/2007 (MMC). (Entered: 07/03/2007) |
| 07/03/2007 | 20 | Amended MOTION for Admission Pro Hac Vice for Tiffany Cheung by McKesson Corporation. (Attachments: # 1 Certificate of Service)(Cotton, Sara) (Entered: 07/03/2007) |
| 07/03/2007 | | TEXT ONLY ENTRY - ORDER granting 20 Amended Motion for Admission Pro Hac Vice of Attorney Tiffany Cheung for McKesson Corporation. Fee paid; receipt number 3-002941. Approved by Clerk Richard D Sletten on 7/3/07. (MMC) (Entered: 07/03/2007) |
| 07/06/2007 | 21 | MOTION for Admission Pro Hac Vice for Lori A. Schechter by McKesson Corporation. (Attachments: # 1 Certificate of Service)(Cotton, Sara) (Entered: 07/06/2007) |
| 07/06/2007 | | TEXT ONLY ENTRY - ORDER granting 21 Motion for Admission Pro Hac Vice of Attorney Lori A Schechter for McKesson Corporation. Fee paid; receipt number 3-002959. Approved by Clerk Richard D Sletten on 7/6/07. (MMC) (Entered: 07/11/2007) |
| 07/09/2007 | 22 | MOTION for Admission Pro Hac Vice for Jennifer Fountain Connolly by New England Carpenters Health Benefits Fund. (Hedlund, Daniel) (Entered: 07/09/2007) |
| 07/09/2007 | 23 | CERTIFICATE OF SERVICE by New England Carpenters Health Benefits Fund re 22 MOTION for Admission Pro Hac Vice for Jennifer Fountain Connolly (Hedlund, Daniel) (Entered: 07/09/2007) |
| 07/09/2007 | 24 | LETTER TO MAGISTRATE JUDGE by McKesson Corporation *Re Plaintiff's Failure to Serve McKesson*. (Attachments: # 1 Certificate of Service)(Cotton, Sara) (Entered: 07/09/2007) |

| 07/09/2007 | ● | TEXT ONLY ENTRY - ORDER granting 22 Motion for Admission Pro Hac Vice of Attorney Jennifer Fountain Connolly for New England Carpenters Health Benefits Fund. Fee paid; receipt number 4-014616. Approved by Clerk Richard D Sletten on 7/9/07. (MMC) (Entered: 07/11/2007) |
| 07/10/2007 | ●25 | ORDER Referring Motion 1 Motion to Quash, Referring Motion 1 Motion for Protective Order . Signed by Magistrate Judge Janie S. Mayeron on 7/10/07. (kt) (Entered: 07/10/2007) |