UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37; AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' RESPONSE TO MCKESSON'S "EMERGENCY" MOTION TO STRIKE PLAINTIFFS' SUPPLEMENT TO THE CLASS CERTIFICATION RECORD, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A RESPONSIVE BRIEF**

**A.     There is no Emergency**

At 5:50 p.m. on July 26, 2007 McKesson's counsel sent an email stating: "McKesson intends to file a motion to strike plaintiffs' unauthorized supplement to the class certification record. Please let us know if plaintiffs will oppose the motion."[1] Without waiting until the next morning, and without the consultation required by L.R. 7.2, McKesson filed its "Emergency" motion.

First there is no emergency. No evidence is being spoiled, no witness is inconvienced, no assets are about to be depleted and no one is in danger of injury.

**B.     Plaintiffs' Supplement is Proper**

Second, plaintiffs' supplemental filing is proper. Yes, it took more than three pages. But the comments by the Court went more to the nature of the filing and not a precise page limit. Plaintiffs believe the Court's main instruction was not to rebrief the class certification issue but instead to file a pleading commenting on the application of new facts. Plaintiffs' supplement is not a new legal brief or argument on the elements of Rule 23 class certification. The supplement simply highlights new facts and explains why they fit into the issues before the Court.

The reasons the filing is more than three pages are the following: One, McKesson filed a supplement containing numerous exhibits and some of the exhibits and comments are in response to that filing.

Second, some of the filing relates to the absence of evidence for which an explanation is needed. A lynchpin of McKesson's class certification argument was the assertion by McKesson that Dr. Berndt's analysis in AWP concerning the impact of competition among PBMs applied to

---

[1] Attached as Exhibit A.

this case.[2] The Court then inquired if any PBMs had been deposed because the Court did not "remember that being discussed in the record."[3]

At the conclusion of the class certification hearing, the Court indicated "it sounds like you are about to depose two more PBMs. So how should we handle new information that may come in on this precise point."[4] The precise point referred to was the Court's inquiry of McKesson on the subject of if it had deposed PBMs to see if they knew of the McKesson-FDB scheme[5] and had acted to mitigate the impact of the scheme on class members.[6]

At the time of the class certification argument, McKesson had not taken even one deposition of a PBM to support its major theme as to why a class is not appropriate.

McKesson then filed a "First Supplement" to the record. The Supplement was devoid of any deposition testimony from a PBM and contained no documents produced by a PBM. The Supplement did not respond in any fashion to the Court's inquiry about PBMs. Since the class certification hearing, McKesson has *withdrawn* deposition notices to two of the three largest PBMs; Medco and Caremark. For good reason, as shown in the plaintiffs' supplement, documents produced by these PBMs demonstrate that (1) they were unaware of the scheme and (2) they did not take actions to recover either the damage already caused or action that would eliminate future damages.

---

[2] Transcript of 5/22/07 Hearing at 25:21-26:2 (counsel stating that impact on TPPs does not follow "because of competition among PBMs ... is exactly what you have here").

[3] *Id.* at 26:3-6.

[4] *Id.* at 63.

[5] *Id.* at 26.

[6] *Id.* at 26.

In the supplement plaintiffs needed to explain the relevance of the absence of testimony from all but one of 40 PBMs in the country, and McKesson's failure to obtain evidence from Medco and Caremark. This took a bit to set the stage.

An examination of the supplemental filing reveals it is confined to succinctly explaining new evidence resulting from McKesson, not plaintiffs', recent discovery. It is proper in format and tone and will aid the Court's decision.

C.  **McKesson Had Years to Obtain Relevant Discovery and Its Delay in Doing so Should Not Entitled It to Yet Another Filing**

McKesson should not be allowed to file a new 15 page brief. McKesson has already had the advantage of the last filing. It filed a surreply memorandum an expert surreply of 85 pages and 85 paragraphs to which plaintiffs did not have leave to respond.

But more importantly the supplement is necessitated by McKesson's dilatory tactics. McKesson waited until the last two weeks of discovery to depose any PBM even though the PBMs were critical to its opposition to class certification. If McKesson wished to make this evidence part of the class certification record it had years to do so. Plaintiffs' class certification motion was filed in December 2006, so McKesson could have obtained the evidence in the five-month period prior to the certification hearing. With McKesson already having filed a supplement and due to its own action of delay in obtaining the evidence it now wants to submit and file a second comment on, McKesson should not be permitted yet another brief.

## CONCLUSION

Plaintiffs did not ask to supplement the record, McKesson did and has done so-. Having opened the door plaintiffs properly responded. Plaintiffs respectfully submit that the pleadings on this motion should be deemed finished with plaintiffs' supplemental filing.

- 3 -

DATED: July 27, 2007                    By /s/ Steve W. Berman
                                                                              Steve W. Berman
                                                                              Nicholas Styant-Browne
                                                                              Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO #471770)
Ed Notargiacomo (BBO #567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
820 N. Boulevard, Suite B
Oak Park, IL 60302
Telephone: (708) 776-5600
Facsimile: (708) 776-5601

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson, Esq.
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 5 -

Kenneth A. Wexler
Jennifer Fountain Connolly
The Wexler Firm LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

- 5 -

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 27, 2007.

                                        /s/ Steve W. Berman
                                        Steve W. Berman

# Exhibit A

## Steve Berman

| | |
|---|---|
| **From:** | Cheung, Tiffany [TCheung@mofo.com] |
| **Sent:** | Thursday, July 26, 2007 5:50 PM |
| **To:** | Steve Berman |
| **Cc:** | Schechter, Lori A.; Flum, Paul |
| **Subject:** | Motion to Strike |

Steve,

McKesson intends to file a motion to strike plaintiffs' unauthorized supplement to the class certification record. Please let us know if plaintiffs will oppose this motion.

Regards,

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

===============================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

===============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
===============================================================================