UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br>                Plaintiffs, <br><br>   v. <br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, <br><br>                Defendants. | Civil Action: 1:05-CV-11148-PBS <br><br> Judge Patti B. Saris |

**STATUS CONFERENCE STATEMENT FOR SEPTEMBER 20, 2007 CONFERENCE**

Defendant McKesson Corporation ("McKesson") suggests the following topics to be discussed at the September 20, 2007 status conference, in order to (1) address the issue left open by this Court's August 27 class certification order, and (2) set an appropriate schedule for the remainder of the case, consistent with a trial by August 2008, as the Court requested.

**1) The Proposed Process for Resolving The Single Remaining Issue Regarding the Class Certification Order.**

In the Court's August 27, 2007, order regarding class certification, the Court certified two classes for claims under RICO. Class 1, consisting of consumers who paid a percentage co-payment for the subject drugs based on AWP, was certified for liability and damages. Class 2,

consisting of TPPs who made reimbursements for the subject drugs based on AWP, was certified only for liability and equitable relief. (August 27, 2007 Memorandum and Order ("Class Order"), at 2.) The Court did not certify Class 2 for damages because it was "not persuaded that the aggregate methodology works with respect to the proposed class of TPPs," given that plaintiffs' proposed methodology "includes contracts that were renegotiated after the large bump-up in early 2002." (*Id.* at 25.) The Court left open for subsequent resolution whether or not Class 2 could be certified for damages regarding TPP contracts in existence when the alleged scheme commenced. (*Id.*) To this end, the Court permitted plaintiffs' expert, Dr. Hartman, to submit "an aggregate damage methodology which includes only those contracts in effect when the scheme took place and excludes reimbursements under contracts renegotiated in response to the increase." (*Id.*)

Dr. Hartman has now submitted this proffer to McKesson in conjunction with his expert report on liability, causation and damages, dated September 14, 2007. McKesson proposes that, at the September 20 status conference, the Court address the process by which it will resolve the only remaining issue with respect to what classes will be certified. McKesson proposes (and previously proposed to plaintiffs) that plaintiffs file any brief regarding what the Court asked of Dr. Hartman, along with Dr. Hartman's September 14, 2007 report, by October 10, 2007.[1] McKesson will respond to the submission by October 31, 2007. Neither party should submit a brief in excess of 7 pages.

Plaintiffs disagree and propose instead that the Court defer until trial its decision on whether the TPP class can be certified for damages. McKesson opposes plaintiffs' proposal on several grounds. First, plaintiffs' motion for class certification has been pending for over a year; it was exhaustively briefed and argued; and it is time to reach resolution. Second, Dr. Hartman has already responded to the Court's invitation, and the final issue can be wrapped up in short order. Third, as a matter of law, notice to class members with the right to opt out cannot await

---

[1] Alternatively, plaintiffs can submit the *portions* of Dr. Hartman's over 300-page report that are relevant to the methodology permitted by the Court.

trial, but should be done before the summary judgment stage, as this Court has previously acknowledged. *(See AWP MDL* H'rg Tr. at 58:13-16, May 23, 2006.)

**2) The Effect of McKesson's Rule 23(f) Petition.**

On September 12, 2007, McKesson filed a Rule 23(f) petition seeking review solely on the legal issue of whether reliance is a required element under RICO.[2] The petition notes the split between the First Circuit and other Circuits on this issue, and the Supreme Court's interest in resolving that split. Plaintiffs requested and McKesson agreed to a one-week extension, until October 1, for plaintiffs to file their response to McKesson's petition. While the Rule 23(f) petition is pending, the Manual for Complex Litigation advises that courts should stay dissemination of class notice to avoid the "confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." Manual for Complex Litig. § 21.28 (4th ed. 2004).

**3) The Schedule for Liability Experts.**

Plaintiffs served two expert reports last Friday (one from Dr. Hartman and one from Dr. Kimberly McDonough) on the topics of liability, causation and damages. Dr. Hartman's report alone consisted of 153 pages of single-spaced text, 160 pages of charts, data and calculations, and his incorporation of 2 of his other declarations, adding another 32 pages of reports. McKesson's experts will offer expert reports on these topics in response. Because of the breadth of Dr. Hartman's report, and the extensive new analyses based upon different data, McKesson will need until November 16, 2007, to adequately respond. Plaintiffs rejected this proposal because they seek the right to file a rebuttal report from Dr. Hartman and desire more than 3 weeks for that report. McKesson does not object to this rebuttal report, but does not believe McKesson's experts should be given less time in order to accommodate plaintiffs' desire for a rebuttal and Dr. Hartman's apparent unavailability after December 10. McKesson proposes (and proposed to plaintiffs previously) the following schedule for expert reports:

---

[2] This issue was preserved in McKesson's class certification opposition briefing. *See* McKesson's Memorandum in Opposition to Class Certification at 2-3, n.1.

| Plaintiffs' expert reports submitted | Sept. 14, 2007 |
|---|---|
| McKesson's expert reports due | Nov. 16, 2007 |
| Dr. Hartman's rebuttal report due[3] | December 7, 2007 |

.

**4)  The Schedule for Summary Judgment.**

McKesson intends to file a summary judgment motion addressing significant legal issues regarding plaintiffs' RICO claim.  As the Court is likely aware, relatively few civil RICO claims survive the pleading stage and even fewer have ever been tried, doubtless because of the burdens plaintiffs face in proving the unique and particular elements of the RICO statute.  Because of these unique and complex elements, courts in civil and criminal RICO cases have relied upon expert testimony to address RICO's elements of proof.[4]  The Court has not addressed any RICO claims at the liability stage in any of the AWP cases pending in the MDL, and thus the legal issues raised at summary judgment will be issues of first impression for the Court in the AWP context.

Consistent with the Court's desire to set trial for next summer, McKesson proposes (and previously proposed to plaintiffs) the following schedule for summary judgment proceedings, eliminating surreplies at plaintiffs' request, and maintaining the currently set summary judgment hearing date:

---

[3] Consistent with Dr. Hartman's unavailability after December 10, 2007, McKesson proposed to plaintiffs that Dr. McDonough be deposed in December and Dr. Hartman in early January, and that McKesson's experts be deposed in the latter half of January, prior to briefing on summary judgment.  This would be consistent with the Court original sequencing of expert discovery and summary judgment and will thus ensure that all discovery is complete before the Court addresses dispositive motions.

[4] *See, e.g.*, *Sec. Investor Prot. Corp. v. Vigman*, 908 F.2d 1461, 1469 (9th Cir. 1990), *rev'd on other grounds by Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258 (1992) (allowing expert testimony on the issue of whether the alleged civil RICO conspiracy made sense); *Wolk v. Cohen*, No. 94-5096, 1997 U.S. Dist. LEXIS 5322, at **9-10 (E.D. Pa. April 21, 1997) (finding that expert testimony may assist in assessing plaintiffs' conspiracy and civil RICO allegations); *see also United States v. Barone*, 114 F.3d 1284, 1288 (1st Cir. 1997) (criminal RICO); *United States v. Tocco*, 200 F.3d 401, 418 (6th Cir. 2000) (criminal RICO).

| Motions for summary judgment | Jan. 25, 2008 |
| --- | --- |
| Oppositions to summary judgment | Feb. 15, 2008 |
| Replies in support of summary judgment | Feb. 29, 2008 |
| Summary judgment hearing on the currently set date | Mar. 13, 2008 |

Plaintiffs oppose McKesson's schedule and instead propose that summary judgment motions be filed on December 20, 2007, before expert discovery is complete.  All of the Court's previous scheduling orders, however, contemplated that summary judgment motions would be filed after the completion of expert discovery.  This sequence permits the parties to consider and submit all relevant expert opinions in connection with summary judgment.

**5) Class 1 (Co-pay Consumers) and Class 2 (TPPs) Should be Tried Together.**

If this case proceeds to trial, it will be a court trial.  Plaintiffs waived their right to a jury trial at the pleading stage, and McKesson chose not to demand a jury.  Both the consumer and TPP classes are certified only under plaintiffs' RICO claim.  The RICO liability issues that will be addressed will be identical for both classes.  Except for the plaintiffs, the witnesses and experts will be the same.  The Court should not have to address these claims and issues twice. *See* Manual for Complex Litig. § 11.632 (4th ed. 2004) (courts should not separate issues into separate trials when there is significant "potential for increased cost, delay, . . . and inconvenience, particularly if the same witnesses may be needed to testify at both trials").  The Court's desire to try this case by August 2008 can be accomplished consistent with the schedules proposed herein and with a single trial covering both classes.

**6) The Schedule for Mediation.**

On August 21, 2007, the parties attended a mediation session, where there was an extensive exchange of viewpoints before the Honorable Edward A. Infante (Ret.) in San Francisco.  At this first session, two additional mediation sessions were scheduled for October 11 and October 30, 2007.

5

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: September 19, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on September 19, 2007.

/s/ Lori A. Schechter
Lori A. Schechter