UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN, JUNE SWAN, MAUREEN COWIE and BERNARD GORTER,<br><br>                Plaintiffs,<br><br>   v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>                Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY**

      Defendant McKesson Corporation ("McKesson") does not oppose plaintiffs' request to file a reply brief in support of their motion for leave to amend their complaint for a third time, so long as McKesson has a fair opportunity to respond with a surreply brief of equal length by November 16, 2007.  In the meet and confer process, plaintiffs refused to consent to a surreply of equal length, insisting instead that McKesson's page length should be half of plaintiffs' page length, and thereby necessitating this response.  In support of McKesson's response, McKesson states the following:

1.  When plaintiffs contacted McKesson on Wednesday, October 31, to request McKesson's consent to their filing of a reply brief, McKesson informed plaintiffs that it would consent if plaintiffs likewise agreed to consent to McKesson's filing of a surreply. Plaintiffs agreed that McKesson could file a surreply, but only if it were half the length of plaintiffs' reply brief — a brief which plaintiffs represented would be 12 pages in length, and which McKesson had not yet seen. Plaintiffs defended their page-length penalization of McKesson by stating that surreply briefs of half the length of reply briefs are the practice in this Court. (A copy of the parties' correspondence on this issue is attached hereto as Exhibit 1.)

2.  Plaintiffs' assertion of the practice in this Court is contradicted by the practice in this case. In this case, surreplies of equal length have always been allowed by the Court when replies have been permitted. For example, when McKesson sought plaintiffs' consent to file a reply brief on its Motion to Dismiss the Complaint, plaintiffs consented so long as McKesson consented to a surreply of equal length. (A copy of the parties' correspondence on this issue is attached hereto as Exhibit 2; *see also* McKesson's Corrected Motion for Leave to File a Reply in Support of its Motion to Dismiss, November 10, 2005.) [Docket No. 23.] McKesson did consent, and the Court permitted McKesson to file a reply and plaintiffs to file a surreply of equal length. (Order dated November 10, 2005.) When this Court set the briefing schedule on plaintiffs' motion for class certification, the Court gave plaintiffs and McKesson the right to file reply and surreply briefs of 10 pages each. (Status Conf. Hr'g Tr. 14:20, Feb. 9, 2006.) When plaintiffs ignored the Court's page limit and filed a brief more than double the allotted page length, the Court allowed plaintiffs and McKesson to file reply and surreply briefs of 25 pages each. (Order dated March 26, 2007.)

3.  Plaintiffs now seek leave to file a reply brief of 15 pages, contending that they did not know (and apparently could not anticipate) what McKesson would say in response to their motion to add an entirely new class, a new class time period, antitrust claims that had never been alleged, new plaintiffs, and a new RICO theory. Although citing no authority on plaintiffs' right to amend at this late date, plaintiffs' proposed reply brief does cite new legal authority regarding

the applicability of antitrust doctrines that have not been the subject of any other motion practice in this case; it mischaracterizes documents where testimony is to the contrary; and it challenges McKesson's contention that additional discovery will be necessary to address plaintiffs' extensive proposed amendments.  A surreply of equal length (15 pages) is warranted to adequately respond to plaintiffs' new arguments and misleading record cites.

4. In conjunction with the November 13 hearing set by the Court, McKesson is currently preparing its surreply to Dr. Hartman's September 14, 2007 Submission Regarding the Court's Class Certification Order.  This surreply will respond to plaintiffs' October 29 reply submission on this issue, which consisted of a brief; a declaration with 26 exhibits; single-spaced reply reports from plaintiffs' experts Hartman and McDonough, with multiple attachments; and two DVD Tutorials – a submission totaling in excess of 600 pages.  McKesson's surreply is due November 8 per the stipulation of the parties in which McKesson gave plaintiffs extra time to prepare their reply submission, with no reciprocal extra time being given to McKesson.  (*See* Stipulation to Modify the Court's Briefing Schedule Regarding the Court's Hearing on Plaintiffs' Method of Calculating Aggregate Damages for the TPP Class, Oct. 16, 2007, [Docket No. 332]; *see also* Order dated October 18, 2007.)  Because significant resources are involved in preparing the surreply and for the hearing on November 13, and in light of the extensive arguments in plaintiffs' 15-page proposed reply brief on their motion to amend, McKesson will need until November 16 to submit a surreply on plaintiffs' motion to amend.

Accordingly, McKesson respectfully requests that if plaintiffs are granted leave to file their proposed, 15-page reply brief on their motion to file a third amended complaint, McKesson be permitted the opportunity to file a surreply of no more than 15 pages by November 16, 2007.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
200 Portland Street
Suite 400
Boston, MA 02114
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: November 2, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on November 2, 2007.

/s/ Lori A. Schechter
Lori A. Schechter

# Exhibit 1

```
-----Original Message-----
From: Steve Berman <Steve@hbsslaw.com>
To: Schechter, Lori A.
Sent: Thu Nov 01 05:48:13 2007
Subject: RE: will you consent to our filing a reply on the motion to amend

we do not

Steve Berman
Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com
```

_____

```
From: Schechter, Lori A. [mailto:LSchechter@mofo.com]
Sent: Wednesday, October 31, 2007 3:29 PM
To: Steve Berman
Subject: RE: will you consent to our filing a reply on the motion to amend


so do we have an agreement?  If so, can you send me a draft of the motion I am consenting
to before it is filed?  thanks.
```

_____

```
From: Steve Berman [mailto:Steve@hbsslaw.com]
Sent: Wednesday, October 31, 2007 12:00 PM
To: Schechter, Lori A.
Subject: RE: will you consent to our filing a reply on the motion to amend


12 pages

Steve Berman
Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com
```

_____

```
From: Schechter, Lori A. [mailto:LSchechter@mofo.com]
Sent: Wednesday, October 31, 2007 11:56 AM
To: Steve Berman
Subject: RE: will you consent to our filing a reply on the motion to amend
```

In this case, there have been no replies without surreplies.  In this case, the page limit for replies and surreplies have always been the same.  There were replies and surreplies on the motion to dismiss and all rounds of the class briefing.  How long a reply brief were you planning?

---

From: Steve Berman [mailto:Steve@hbsslaw.com]
Sent: Wednesday, October 31, 2007 11:53 AM
To: Schechter, Lori A.
Subject: RE: will you consent to our filing a reply on the motion to amend


her practice as i have sene it is half on sur replies and i have not seen su relpies on motionts that are not big ones   like mtd and sj and class cert    in maybe 1`500 motion sin awp

Steve Berman
Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com




---

From: Schechter, Lori A. [mailto:LSchechter@mofo.com]
Sent: Wednesday, October 31, 2007 11:51 AM
To: Steve Berman
Subject: RE: will you consent to our filing a reply on the motion to amend


what rule are you referring to?  my recollection is that every page limit Judge Saris has set was the same for opening and opposition briefs, and then less, but the same, for reply and surreplies.

---

From: Steve Berman [mailto:Steve@hbsslaw.com]
Sent: Wednesday, October 31, 2007 11:50 AM
To: Schechter, Lori A.
Subject: RE: will you consent to our filing a reply on the motion to amend


we wont agree to that   typ;ical rule is you get half   you already have has more pages

Steve Berman
Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com




---

From: Schechter, Lori A. [mailto:LSchechter@mofo.com]
Sent: Wednesday, October 31, 2007 11:46 AM
To: Steve Berman
Subject: RE: will you consent to our filing a reply on the motion to amend

2

Plaintiffs avoided simultaneous briefing of their class reply and their amendment reply and McKesson seeks the same opportunity.  I don't see why McKesson should then be penalized in page length as a result.  We will agree to the same page limit for the reply and surreply.  How many pages do you need?

---

From: Steve Berman [mailto:Steve@hbsslaw.com]
Sent: Wednesday, October 31, 2007 11:27 AM
To: Schechter, Lori A.
Subject: RE: will you consent to our filing a reply on the motion to amend

with proviso you get half the pages in our reply

Steve Berman
Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com

---

From: Schechter, Lori A. [mailto:LSchechter@mofo.com]
Sent: Wednesday, October 31, 2007 10:55 AM
To: Steve Berman
Subject: RE: will you consent to our filing a reply on the motion to amend

Given the voluminous filing plaintiffs made on Monday on the class issues, our attentions are on our surreply filing on the class, which is due next Thursday.  We will therefore need until the following Wednesday, Nov 14, to file our surreply on the amendment motion.

---

From: Steve Berman [mailto:Steve@hbsslaw.com]
Sent: Wednesday, October 31, 2007 10:29 AM
To: Schechter, Lori A.
Subject: RE: will you consent to our filing a reply on the motion to amend

tomorrow maybe today

Steve Berman
Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com

---

From: Schechter, Lori A. [mailto:LSchechter@mofo.com]
Sent: Wednesday, October 31, 2007 10:25 AM
To: Steve Berman
Subject: RE: will you consent to our filing a reply on the motion to amend

3

so what date do you anticipate filing a reply?

_____

From: Steve Berman [mailto:Steve@hbsslaw.com]
Sent: Wednesday, October 31, 2007 10:24 AM
To: Schechter, Lori A.
Subject: RE: will you consent to our filing a reply on the motion to amend


sure

Steve Berman
Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com




_____

From: Schechter, Lori A. [mailto:LSchechter@mofo.com]
Sent: Wednesday, October 31, 2007 10:19 AM
To: Steve Berman
Subject: RE: will you consent to our filing a reply on the motion to amend


if you file a reply, we would like a surreply.   What timing are you thinking of?

_____

From: Steve Berman [mailto:Steve@hbsslaw.com]
Sent: Wednesday, October 31, 2007 9:30 AM
To: Schechter, Lori A.
Subject: will you consent to our filing a reply on the motion to amend



Steve Berman
Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com




==========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S. Federal tax issues is contained in
this communication (including any attachments), such advice is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction
or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

```
===========================================================================
This message contains information which may be confidential and privileged. Unless you are
the addressee (or authorized to receive for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have
received the message in error, please advise the sender by reply e-mail @mofo.com, and
delete the message.
===========================================================================
```

# Exhibit 2

| | |
|---|---|
| From: | Steve Berman [Steve@hbsslaw.com] |
| Sent: | Friday, November 04, 2005 11:57 AM |
| To: | Cheung, Tiffany |
| Subject: | RE: New England Carpenters Health Benefits Fund, et al. v. First DataBank, Inc., et al. |

**i just got this as i was traveling and did not pick up voice mail: sorry for the delay**

**in our experience judge Saris has always allowed a sureply if there is a reply. see numerous awp orders in that regard and that seems to be her practice, which of course is different than the west coast federal practice.**

**so our position is we will assent to ten pages if we get ten on surreply**

---

**From:** Cheung, Tiffany [mailto:TCheung@mofo.com]
**Sent:** Friday, November 04, 2005 7:34 AM
**To:** Steve Berman
**Subject:** New England Carpenters Health Benefits Fund, et al. v. First DataBank, Inc., et al.

Steve:

I am writing to follow up on the voice message I left for you yesterday. As you know, we represent McKesson in the above-referenced action. We received plaintiffs' opposition to McKesson's motion to dismiss and intend to move for leave to file a reply to plaintiffs' opposition. Please let me know whether plaintiffs will assent to this motion. I would appreciate a response as soon as possible as we plan to file this motion early next week. Thanks for your attention to this matter.

Regards,

Tiffany Cheung
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105
(415) 268-6848
tcheung@mofo.com
www.mofo.com

---

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html