UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN, JUNE SWAN, MAUREEN COWIE and BERNARD GORTER,<br><br>    Plaintiffs,<br><br>    v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>    Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT MCKESSON CORPORATION'S MOTION FOR LEAVE TO FILE UNDER SEAL**

On several prior occasions, the Court has granted McKesson's requests to seal certain third party documents that McKesson has filed in connection with its submissions regarding class certification.  (*See, e.g.*, Orders of February 23, 2007; May 7, 2007; August 3, 2007.)  This motion seeks similar treatment for similar third party information referenced in documents filed with McKesson's Surreply in Response to Dr. Hartman's September 14, 2007 Submission Regarding the Court's Class Certification Order ("Surreply").  These documents reveal or constitute internal documents reflecting business analyses or strategies for responding to drug

pricing trends and market forces. McKesson therefore submits this motion to in accordance with the designations made by third parties.

McKesson respectfully moves this Court for leave to file the following submissions under seal (with redacted versions filed in the public record): (a) McKesson Corporation's Surreply in Response to Dr. Hartman's September 14, 2007 Submission Regarding the Court's Class Certification Order; (b) Declaration of Paul Flum in Support of this Surreply, and Exhibits 4, 6, 21, 22, 23, and 25 thereto; (c) Rebuttal Expert Declaration of Robert D. Willig; and (d) McKesson's Response to Plaintiffs' Proffer of Evidence in Support of Dr. Hartman's Damages Model.

In support of this motion, McKesson states as follows:

**Confidential Third Party Information**

1. Third parties to these proceedings have produced confidential information in the documents described below. Such confidential information of third parties is entitled to heightened protection. *See Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) ("When the sensitive information pertains to non-parties who are not public figures, the balancing of interests in favor of protecting the privacy of the non-parties and against uninhibited access to the records is strengthened."); *see also United States v. Snyder*, 187 F. Supp. 2d 52, 63 (N.D.N.Y. 2002) ("The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citation omitted). The disclosure of the third party information discussed below would risk competitive injury to third parties in these proceedings. McKesson therefore seeks leave to file the following third party documents under seal:

2. Exhibit 21 to the Flum Declaration is an email produced by a third party, Cardinal Health, which was designated "highly confidential" by that third party. This exhibit reflects information regarding that third party's internal business practices with respect to drug pricing.

3. Exhibit 23 to the Flum Declaration contains excerpts from the deposition of a third party, Blue Shield of California, which was designated "highly confidential" by that third

party.  This exhibit reflects information regarding that third party's internal business practices and communications.  The Court has previously sealed other excerpts of this same deposition.

4. Exhibit 25 to the Flum Declaration contains excerpts from the deposition of a third party, Cardinal Health, which was designated "highly confidential" by that third party. This exhibit reflects information regarding that third party's internal business practices with respect to drug pricing information.

5. Exhibits 6 and 22 to the Flum Declaration contain excerpts from the 2006 and 2007 depositions of a third party, AmerisourceBergen Corporation, which were designated "highly confidential" by that third party.  These exhibits reflect information regarding that third party's internal business practices with respect to drug pricing information.

6. Exhibit 4 to the Flum Declaration contains excerpts from the deposition of a third party, Express Scripts, Inc., which was designated "highly confidential" by that third party.  This exhibit reflects information regarding that third party's internal business practices with respect to drug pricing information.

**Rebuttal Expert Declaration of Robert D. Willig**

7. The Rebuttal Expert Declaration of Robert D. Willig, dated November 8, 2007, discusses or references similar confidential information of third parties, including analysis of a third party payor's claims data.  McKesson therefore seeks leave to publicly file a version of Dr. Willig's declaration that redacts the highly sensitive information of those third parties, and to file an unredacted version of this declaration under seal.

**McKesson's Surreply and Response to Plaintiff's Proffer**

8.  McKesson Corporation's Surreply in Response to Dr. Hartman's September 14, 2007 Submission Regarding the Court's Class Certification Order and McKesson's Response to Plaintiffs' Proffer of Evidence in Support of Dr. Hartman's Damages Model, discusses the third-party documents or deposition testimony described above.  McKesson therefore seeks leave to publicly file a version of these submissions that redacts the confidential information of third parties, and to file unredacted versions of these submissions under seal.

9.  Paragraph 14 of the Protective Order mandates that any document or pleading containing the type of confidential material referenced above be filed under seal.  McKesson hereby seeks to comply with the terms of the Protective Order upon which third parties relied when they produced documents in response to subpoenas served in this action.

WHEREFORE, McKesson respectfully requests that this Court grant it leave to file under seal (a) McKesson Corporation's Surreply in Response to Dr. Hartman's September 14, 2007 Submission Regarding the Court's Class Certification Order; (b) Declaration of Paul Flum in Support of this Surreply, and Exhibits 4, 6, 21, 22, 23, and 25 thereto; (c) Rebuttal Expert Declaration of Robert D. Willig; and (d) McKesson's Response to Plaintiffs' Proffer of Evidence in Support of Dr. Hartman's Damages Model.  McKesson has filed in the public record redacted copies of these submissions, which excise only the confidential information contained in these submissions.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
200 Portland Street
Suite 400
Boston, MA 02114
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: November 8, 2007

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on November 8, 2007.

              /s/ Lori A. Schechter
              Lori A. Schechter

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY, PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN, JUNE SWAN, MAUREEN COWIE and BERNARD GORTER,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**[PROPOSED] ORDER GRANTING MCKESSON CORPORATION'S
MOTION FOR LEAVE TO FILE UNDER SEAL**

McKesson Corporation seeks leave to file under seal documents filed in connection with its Surreply in Response to Dr. Hartman's September 14, 2007 Submission Regarding the Court's Class Certification Order.  These documents contain information produced by other parties in this case that is confidential to those parties.  McKesson has publicly filed redacted copies that excise only the confidential information of these other parties.  The Court, having considered all documents in support and opposition hereto, hereby GRANTS McKesson's Motion for Leave to File Under Seal the following documents:

2

      1.      McKesson Corporation's Surreply in Response to Dr. Hartman's September 14, 2007 Submission Regarding the Court's Class Certification Order;

      2.      Declaration of Paul Flum in Support of this Surreply, and Exhibits 4, 6, 21, 22, 23, and 25 thereto;

      3.      Rebuttal Expert Report of Robert D. Willig; and

      4.      McKesson's Response to Plaintiffs' Proffer of Evidence in Support of Dr. Hartman's Damages Model.

IT IS SO ORDERED.

DATED: _____      _____
                                            Hon. Patti B. Saris
                                            United States District Court Judge