UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 1:05-CV-11148-PBS |

**CLASS PLAINTIFFS' REPLY TO McKESSON'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY**

Class Plaintiffs moved for leave to file a reply to McKesson's submission relating to the November 13, 2007, hearing on aggregate damages (*see* Dkt. No. 381). Plaintiffs' request was based on McKesson's submission of new and erroneous arguments, its shift in position regarding the pivotal correlation issue, and the receipt of new evidence further impeaching McKesson's "recoupment" defense. For example, among the new issues raised was McKesson's suggestion as to limited discovery, a proposal not previously raised or proposed to Plaintiffs' to which the reply filing responds.

In response to that motion, McKesson has indicated that it does not oppose the filing of Plaintiffs' reply brief provided that McKesson is *also* permitted an opportunity to file a reply. *See* Dkt. No. 383.  Plaintiffs believe that McKesson should not be permitted to file a reply. McKesson offers no reason for why it should have another brief, it doesn't claim that Plaintiffs raise new material; it just assumes that it is entitled to the last word on any motion filed in this case.  Second, Plaintiffs do not believe that any reply that McKesson submits would assist the Court or otherwise help elucidate the issues.  Each time McKesson makes a filing, it contains errors of both fact and law and, usually, new positions which, in fairness, require Plaintiffs to respond.  For these reasons, and because Plaintiffs have the burden on the motion for class certification, Plaintiffs respectfully submit that they should be provided the final briefing opportunity on this motion.  Accordingly, McKesson's request to file yet another brief should be denied.

DATED:  December 6, 2007

By /s/ **Steve W. Berman**
Steve W. Berman
Sean R. Matt
Nicholas Styant-Browne
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO#471770)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Elizabeth Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, IL  60302
Telephone: (708) 776-5600
Facsimile:  (708) 776-5601

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Assocsiates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

001821-13 212204 V1

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on December 6, 2007.

      /s/ Steve W. Berman
      Steve W. Berman