UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, <br><br> Defendants. | Civil Action: 1:05-CV-11148-PBS <br><br> Judge Patti B. Saris |

**DEFENDANT MCKESSON CORPORATION'S OPPOSITION TO PLAINTIFFS'
MOTION FOR THE SETTING OF A SCHEDULE FOR THE U&C CLAIMS**

**INTRODUCTION**

McKesson submits this opposition to plaintiffs' motion asking the Court to adopt their proposed schedule for the Usual & Customary Class ("U&C Class") claims. McKesson is in general agreement with plaintiffs' proposal with respect to the U&C Class schedule, with one major exception. If the U&C Class were to be certified, McKesson objects to plaintiffs' proposal that the trial of U&C Class claims come *after* the Court has adjudicated liability for Classes 1 and 2. The claims of all three classes rest on the same core allegations of liability, including an alleged McKesson-FDB conspiracy, and should therefore be tried together. Trying Class 3 after Classes 1 and 2, as plaintiffs propose, would amount to one-way intervention in violation of Fed. R. Civ. P. 23(c)(3).

**ARGUMENT**

**I.     MCKESSON AGREES THAT THE U&C CLASS SHOULD BE READY FOR TRIAL BY DECEMBER 2008.**

Plaintiffs' proposal recognizes the need for additional discovery on the U&C Class. While the schedule proposed is a tight one, with cooperation, the parties should be able to complete fact and class discovery, class certification briefing, and expert discovery, within the year. The U&C claims do raise new questions concerning how retailers and other distributors set the cash prices that are the basis for usual and customary charges, and whether or not those prices are "tied to" AWPs, as plaintiffs allege. (*See* Third Amended Complaint ("TAC") ¶ 81.) Therefore, the parties will need discovery from retailers and other third-parties to prove these new allegations.

McKesson agrees with plaintiffs that discovery should be limited to the new issues raised by the U&C Class claims. However, McKesson does not agree that there should be a categorical bar on the use of newly-discovered evidence in "the non-U&C part of the case," as plaintiffs propose. (Plaintiffs' Motion for the Setting of a Schedule for the U&C Class 2 [Docket No. 387].) It is far too soon to ask the Court to determine the extent to which evidence unearthed

during U&C discovery is or is not relevant in any trial. The Court should make evidentiary rulings at the appropriate time and not before.

McKesson also disagrees with several other specifics of plaintiffs' proposal.

- Plaintiffs' proposal makes no allowance for expert depositions. The federal rules afford a party the right to depose any expert the opposing side intends to offer at trial. *See* Fed. R. Civ. Proc. 26(b)(4)(A). Therefore, some time needs to be built into the schedule to allow for expert depositions.

- On class certification, plaintiffs' proposal reserves for themselves the right to file a reply brief, but does not grant McKesson a surreply. The Court has consistently allowed both sides to file a surreply on important motions. There is no reason to deviate from that practice now.

- Plaintiffs' proposed schedule does not allow any time for summary judgment motions. Summary judgment could well obviate the need for a trial and should be included in the schedule.

McKesson raised all these points during the meet-and-confer discussions preceding this motion, but plaintiffs did not include them in their proposed schedule. A proposed scheduling order that incorporates these additional matters is submitted herewith.

## II. A LIABILITY TRIAL MUST INCLUDE ALL THREE CLASSES TO AVOID A FUNDAMENTALLY UNFAIR PROCEDURE.

While McKesson agrees that it is realistic to schedule Class 3 for trial in December 2008, McKesson objects to plaintiffs' proposal that Class 3 be tried separately from Classes 1 and 2. All three classes allege claims resting on the same substantive legal theories and factual contentions. Indeed, the Third Amended Complaint asserts *identical allegations on behalf of all three classes* with respect to the underlying scheme to raise AWP mark-ups. Yet plaintiffs are pushing for a trial on liability for Classes 1 and 2 in May or June of 2008, but Class 3 would not be tried until later. (Plaintiffs' Motion 2.)

2

This raises a very real and serious problem: the preclusive effect of a liability determination in the first trial. Should McKesson prevail in a liability trial for Classes 1 and 2, Class 3 members will argue that they are not bound by that decision. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."); *Hansberry v. Lee*, 311 U.S. 32 (1940) (same). Members of Class 3 would argue that because they are not bound by the result in the first trial, they are entitled to retry liability.

On the other hand, should McKesson lose on liability in the first trial, Class 3 members will argue that McKesson is bound by that decision. The Supreme Court has sanctioned the use of so-called offensive, non-mutual issue preclusion under certain circumstances, and federal courts have broad discretion to apply it. *See Parklane Hosiery Co.*, 439 U.S. at 327. Because the alleged underlying scheme is the same for all three classes, Class 3 will argue that a judgment in favor of Classes 1 and 2 precludes McKesson from retrying liability as to Class 3.

The asymmetric application of preclusion rules would therefore result in a fundamentally unfair procedure to McKesson if Classes 1 and 2 proceed to trial on liability before Class 3. Under plaintiffs' plan, McKesson could either be forced to retry a liability case it has already won, or alternatively be bound by an adverse decision if it loses in the first trial. Class 3 members could "benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974). Plaintiffs should not get two bites at the apple, particularly since it was their initial decision not to include U&C payors in this case that has given rise to the potential problem. (Mem. in Supp. of Am. Motion for Leave to File TAC 6 [Docket No. 324].)[1]

---

[1] This unfairness is compounded by the overlapping membership between Classes 1 and 3. For instance, consumers covered by a percentage co-pay plan that did not provide benefits for birth control medication — a common exclusion — would be in Class 3 for purchases of branded birth control products like Ovcon or Ortho Novum for which they paid cash. These same consumers would be in Class 1 for other purchases of brand name pharmaceuticals on Appendix A covered by their insurance.

3

Plaintiffs' "heads-I-win, tails-you-lose" proposal amounts to one-way intervention, which is expressly prohibited by Rule 23. Under early versions of Rule 23, merits determinations in a class action for damages did not bind the class as a whole. *Am. Pipe & Const. Co.*, 414 U.S. at 545-46. If the plaintiff lost, the decision bound only the named plaintiff and not the other class members. Class members could sit on the fence and wait to intervene if the decision went against the defendant. Class members were therefore free to ignore an adverse decision and proceed to trial. *See id.*

Rule 23(c) was amended in 1966 to prohibit such "one-way intervention." *See* Advisory Committee Notes to Rule 23(c) ("Under proposed subdivision (c)(3), one-way intervention is excluded."). Current Rule 23 bars one-way intervention, and excludes the asymmetric application of preclusion rules in class actions, by requiring class members to decide whether or not to opt out of the class action "well ***before*** the merits of the case are adjudicated." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis in original). Because "one-way intervention" has been prohibited, courts have refused to authorize case management plans, like the one proposed here, that would in effect sanction "one-way intervention." *See Rodriguez v. Banco Central*, 790 F.2d 172, 175 (1st Cir. 1986) (criticizing trial court's proposed use of "test case" on liability prior to sending notice to Rule 23(b)(3) class because "class members will not be bound by an adverse judgment");[2] *Isaacs v. Sprint Corp.*, 261 F.3d 679, 681-82 (7th Cir. 2001) (reversing trial court's decision to certify two classes and proceed to trial on liability prior to notifying class because "one-way intervention is forbidden").

If the Court were to proceed with a liability trial on Classes 1 and 2 in the summer, and put the Class 3 liability trial on a separate track, it would sanction the use of one-way

---

[2] In *Rodriguez,* appellants argued that the trial court's decision to defer ruling on class certification was "fundamentally unfair," because "if notice only issues ***after*** a decision on the merits in a test case, the absent class members will not be bound by an adverse judgment, for they can request exclusion from the class…." *Id.* at 175 (emphasis in original). While dismissing the appeal on procedural grounds (the trial court's scheduling order was not final), the First Circuit went out of its way to note that defendants' arguments were "potent," and to admonish the trial court "to reconsider its proposed actions in light of them." *Id.*

4

intervention by Class 3, contrary to Rule 23. The result would be a fundamentally unfair procedure. *See Rodriguez*, 790 F.2d at 175.

## CONCLUSION

McKesson respectfully submits that the only fair and efficient way for the Court to conduct a liability phase trial is to hold it for all three classes in December 2008. This way, all three classes will be bound by the liability determination, whether or not it is favorable to them. Holding the trial on liability for all three classes in December 2008 would promote efficient judicial administration and would avoid what would otherwise be a "fundamentally unfair procedure" to McKesson, *Rodriguez*, 790 F.2d at 175, while at the same time affording Class 3 members notice and an opportunity to opt out of the class prior to the Court's determination on liability, in accordance with Rule 23(c). It would also provide the parties with an adequate opportunity for discovery regarding the U&C Class claims prior to the trial. McKesson accordingly submits that the Court should, at its convenience, schedule a status conference to determine how best to coordinate notice and trial for all three classes.

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Nicole Johnson
Bonner Kiernan Trebach & Crociata
One Liberty Square
Boston, MA 02109
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: December 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on December 26, 2007.

/s/ Lori A. Schechter
Lori A. Schechter

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>       Plaintiffs,<br><br>    v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>       Defendants. | C.A. No. 1:05-CV-11148-PBS |

### [PROPOSED] SCHEDULING ORDER

January _____, 2007

Saris, U.S.D.J.

  IT IS HEREBY ORDERED as follows:

  A. <u>Non-expert Discovery</u>:  Non-expert discovery on the Usual & Customary Class claims shall be completed by June 15, 2008.  Except as otherwise ordered by the Court, discovery is allowed only as to new issues raised by the Usual & Customary Class in the Third Amended Complaint.

  B. <u>Class Cert. Briefing</u>:  Class Certification Briefing on the Usual & Customary Class shall proceed as follows:

    1. Plaintiffs' Motion is due on April 13, 2008.

    2. McKesson's Opposition is due on May 14, 2008.

    3. Plaintiffs' Reply is due on May 28, 2008.

    4. McKesson's Surreply is due on June 11, 2008.

  C. <u>Expert Discovery</u>:  Expert Discovery for the Usual & Customary Class shall proceed as follows:

    1. Plaintiffs' expert designations and reports are due on June 11, 2008.

    2. Defendants' expert designations and reports are due on July 11, 2008.

   3. Any rebuttal reports pursuant to FRCP 26(a)(2)(C) are due on July 25, 2008.

   4. Expert depositions shall be completed by August 22, 2008.

 D. <u>Summary Judgment:</u> Summary Judgment Schedule shall proceed as follows:

   1. Motions are due on September 8, 2008.

   2. Oppositions are due on September 29, 2008.

   3. Replies are due on October 13, 2008.

   4. Surreplies are due on October 27, 2008.

   5. Hearing on Summary Judgment will be held in November, at the Court's convenience.

 E. <u>Trial:</u> Liability trial for Usual &Customary Class shall begin on Monday, December 15, 2008.

_____
Patti B. Saris
United States District Judge