UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SURREPLY
RE: MCKESSON'S MOTION FOR A PROTECTIVE ORDER**

Plaintiffs seek leave to file the attached surreply in response to McKesson's proposed reply memorandum in support of its motion for a protective order to bar Plaintiffs from obtaining transactional data that would allow them to demonstrate a correlation between AWP and U&C prices. McKesson falsely claims that Plaintiffs "concede" that their request for transactional data falls outside the scope of the Court's Order authorizing limited discovery pertaining to the correlation between the U&C and the AWP. McKesson is not only in error, but its position is disingenuous, given that its own pricing service, Auto-Rx-Net, correlates U&C prices to third-party AWP-based reimbursement rates. Further, McKesson misses the point regarding Plaintiffs' discussion of its RelayHealth subsidiary and Auto-Rx program. McKesson occupies a

- 1 -

001821-13 224717 V1

unique position in the pharmacy industry that allows it to follow price trends and draw correlations between U&C and AWP. And while McKesson has consistently taken the position in this litigation that there is no correlation between U&C prices and AWP, Auto-Rx demonstrates how McKesson profited by exploiting this precise correlation. The requested transactional data would allow Plaintiffs to examine for themselves the effect of AWP on U&C prices *vis à vis* third-party reimbursement. Plaintiffs ask leave of Court to file the attached surreply brief to address these issues.

Dated:  February 22, 2008

By      /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO# 567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson  
Edelson & Associates  
45 West Court Street  
Doylestown, PA  18901  
Telephone: (215) 230-8043  
Facsimile: (215) 230-8735  

Kenneth A. Wexler  
Jennifer Fountain Connolly  
Wexler Toriseva Wallace LLP  
55 West Monroe, Suite 3300  
Chicago, IL  60603  
Telephone: (312) 346-2222  
Facsimile: (312) 346-0022  

George E. Barrett  
Edmund L. Carey, Jr.  
Barret, Johnston & Parsley  
217 Second Avenue, North  
Nashville, TN  37201  
Telephone: (615) 244-2202  
Facsimile: (615) 252-3798  

- 3 -

- 4 -

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

      Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Plaintiffs have conferred with counsel for McKesson who advises that McKesson does not object to Plaintiffs' motion for leave to file a surreply provided that Plaintiffs withdraw their objection to McKesson's motion for leave to file a reply brief and that Plaintiffs limit their proposed surreply to two pages. Plaintiffs herewith advise the Court that they withdraw their objections to McKesson's motion.

                                                                          /s/ Steve W. Berman
                                                                           Steve W. Berman

001821-13 224717 V1

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on February 22, 2008.

                                                /s/ **Steve W. Berman**
                                                    Steve W. Berman

001821-13 224717 V1

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN<br><br>                  Plaintiffs,<br><br>                  v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                  Defendants. | C.A. No. 1:05-CV-11148-PBS |

**PLAINTIFFS' SURREPLY IN RESPONSE TO MCKESSON'S PROPOSED REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

McKesson falsely claims that Plaintiffs "concede" that they are seeking data regarding drugs purchased by insured consumers. Plaintiffs make no such concession. The information sought demonstrates the relationship between AWP and U&C prices and therefore falls within the discovery authorized by the Court's scheduling order. McKesson's position is furthermore disingenuous as its own pricing service, Auto-Rx-Net, directs pharmacies to set their U&C prices in accordance with AWP-based third-party reimbursement rates.

Further, McKesson misses the point regarding Plaintiffs' discussion of its RelayHealth subsidiary and Auto-Rx program. McKesson does not, nor can it deny that through its subsidiary

- 1 -

RelayHealth (processing claims from "90% of US pharmacies") it is uniquely placed in the industry to follow price trends and to draw correlations between U&C and AWP. In direct contrast to McKesson's own representations to the Court that there is no correlation between the U&C and AWP, Auto-Rx demonstrates how McKesson has profited from RelayHealth's transactional information by selling a program to set U&C prices based on AWP by means of third-party reimbursement rates.

McKesson's attempt to disassociate its U&C pricing program from AWP falls on its face, as McKesson is forced to concede that regardless of whether the 101% feature is utilized, the Auto-Rx program raises U&C prices above the average AWP-based third-party reimbursement, demonstrating a direct correlation between those price figures. Reply at 4. And while the Auto-Rx program may only have been introduced in 2005 and may have only reached a small "niche" market, that is not to say that the underlying premise of the product (setting U&C prices above AWP-based third-party reimbursement rates so as to maximize third-party reimbursement) is not in wide use throughout the market or that other variations of this principle were not in play in the 2001-2005 period.

Contrary to McKesson's representation, Plaintiffs' request for transactional data from third-party pharmacies to track and analyze the changes to their third-party reimbursement prices relative to their U&C prices is distinct from and not already encompassed by Plaintiffs' other U&C discovery requests. The requested data will allow Plaintiffs to examine the effect of the AWP on U&C pricing *vis à vis* third-party reimbursement. This request reasonably falls within the Court's order authorizing limited, additional discovery to uncover the correlation between AWP and the U&C.

Dated: February 22, 2008

By    **/s/ Steve W. Berman**
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO# 567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

- 4 -

        George E. Barrett
        Edmund L. Carey, Jr.
        Barret, Johnston & Parsley
        217 Second Avenue, North
        Nashville, TN  37201
        Telephone: (615) 244-2202
        Facsimile: (615) 252-3798

Case 1:05-cv-11148-PBS   Document 458   Filed 02/22/2008   Page 10 of 11

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on February 22, 2008.

                                                              /s/ **Steve W. Berman**
                                                                 Steve W. Berman