UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:05-CV-11148-PBS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION OR SUGGESTION FOR THE
SETTING OF A STATUS CONFERENCE**

Class Plaintiffs respectfully suggest that the Court may find it useful to schedule a status

conference regarding the trial of Classes 1 and 2.  The Court previously held a status hearing on

September 20, 2007 to address such issues after it denied the parties' joint motion to modify its

prior scheduling order because the proposed schedule would have prevented the Court from

"try[ing] the consumer trial this clerkship year."[1]  The Court expressed a preference for a trial by

July 2008 but no trial date has been set.  At the status hearing certain matters were raised which

---

[1] Order, dated September 9, 2007.

precluded the Court from issuing a final scheduling order for Classes 1 and 2.  First, McKesson's appeal of the Court's class certification order was still pending before the First Circuit. Additionally, the Court's certification order left unresolved whether Plaintiffs had proposed an adequate damages methodology to measure the damages of the TPP Class.  Further, Plaintiffs advised the Court that they intended to seek leave to amend their complaint.

Much has happened since the last status hearing:

- The First Circuit denied McKesson's appeal.

- The Court held a hearing on Plaintiffs' damages methodology on November 13 but has not yet ruled whether it will certify the TPP Class for damages.  The Court's decision on this matter has implications for class notification; additionally, it also triggers the deadline for McKesson's expert report on damages which has not been submitted.[2]

- The Court's January 2, 2008 scheduling order sets deadlines for the U&C Class but left open the trial date for Classes 1 and 2 as well as the deadline for Plaintiffs' rebuttal expert reports.[3]

- On January 22, the Court denied without prejudice Plaintiffs' proposed settlement with First DataBank and Medispan for reasons articulated at the final approval

---

[2] *See* transcript of November 13, 2007 hearing, at 52:13-20, granting McKesson 45 days to serve its expert report on damages from the entry of the Court's order on Plaintiffs' damages methodology.

[3] The Court granted Plaintiffs' motion to set the trial schedule for the U&C class in part but denied Plaintiffs' request to bar use of evidence obtained through discovery in the U&C case. The Court also rejected McKesson's argument that allowing Classes 1 and 2 to go to trial before the U&C Class would be tantamount to a one-way intervention in violation of Fed. R. Civ. P. 23(c)(3).  The Court ruled that it did not "agree with plaintiffs' position on the 'bar' or defendants' position on the so-called 'one way intervention.'"

- 2 -

hearing.  Subsequently, parties to the proposed settlement filed a status report to

advise the Court that counsel for the affected parties had reached an agreement in

principle regarding appropriate modifications to the proposed settlement, subject

to review by the parties.

In light of these developments Plaintiffs suggest that a status conference might be useful

to address remaining scheduling issues.


Dated:  March 5, 2008                              By_____/s/ Steve W. Berman_____
                 Thomas M. Sobol (BBO#471770)
                 Edward Notargiacomo (BBO# 567636)
                Hagens Berman Sobol Shapiro LLP
                One Main Street, 4th Floor
                Cambridge, MA  02142
                Telephone: (617) 482-3700
                Facsimile: (617) 482-3003

                Steve W. Berman
                Sean R. Matt
                Barbara A. Mahoney
                Hagens Berman Sobol Shapiro LLP
                1301 Fifth Avenue, Suite 2900
                Seattle, WA  98101
                Telephone: (206) 623-7292
                Facsimile: (206) 623-0594

                Jeffrey Kodroff
                John Macoretta
                Spector, Roseman & Kodroff, P.C.
                1818 Market Street, Suite 2500
                Philadelphia, PA  19103
                Telephone: (215) 496-0300
                Facsimile: (215) 496-6611

                Marc H. Edelson
                Edelson & Associates
                45 West Court Street
                Doylestown, PA  18901
                Telephone: (215) 230-8043
                Facsimile: (215) 230-8735

001821-13  226312 V1

- 4 -

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

001821-13  226312 V1

- 5 -

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Plaintiffs conferred with McKesson regarding the filing of this motion for a status hearing and counsel for McKesson advised that McKesson does not object to a status hearing.


                                            /s/ Steve W. Berman
                                            Steve W. Berman

001821-13 226312 V1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on March 5, 2008.

/s/ Steve W. Berman
Steve W. Berman

001821-13  226312 V1