UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>      Plaintiffs,<br><br> v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>      Defendants. | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT MCKESSON CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION OR SUGGESTION FOR THE SETTING OF A STATUS CONFERENCE**

McKesson agrees with plaintiffs that a status conference in this case is appropriate at this juncture. It files this response to make just two points for the Court to consider in setting the conference.

First, it makes sense for the Court to schedule a status conference in conjunction with a hearing on McKesson's motion to dismiss regarding plaintiffs' Third Amended Complaint, and the related motion for judgment on the pleadings. Those motions are fully-briefed and pending before the Court, and McKesson has requested oral argument. The motions affect all 3 alleged Classes and raise a dispositive issue with respect to plaintiffs' claims under RICO. A hearing on these motions, as well as a status conference at the same time, is particularly appropriate because the motions address an issue under RICO which is currently pending before the Supreme Court, and will shortly be resolved. Specifically, the Supreme Court granted certiorari on the question whether reliance by the plaintiff is required in RICO claims predicated on mail and wire fraud. *See Bridge v. Phoenix Bond & Indemnity Co.*, 169 L. Ed. 2d 625 (Jan. 4, 2008). Addressing both the motions, and what additional briefing and scheduling may be required in this case when the Supreme Court rules on this issue (no later than June), makes good sense. Holding a status conference on the same day as a motions hearing would, moreover, be most efficient since the parties and the Court will be focused on the issues in the case, and travel by the parties can be minimized.

Second, it may be helpful to the Court for the parties to file status conference statements in advance of the conference itself to address all of the issues impacting the schedule of this case (*e.g.*, whether FDB will settle or proceed toward trial; whether Classes 1 and 2 will be certified for liability only or also for damages; whether any further Rule 23(f) petitions may be filed; the scheduling of expert reports and depositions; notice to any certified class, and trial setting of Classes 1 and 2 in relation to the January 26, 2009 trial date previously set for Class 3 on the same claims). To minimize excessive briefing, McKesson suggests that each party file a single status conference statement (and no responses thereto) three Court days in advance of any conference, to apprise the Court of their respective positions on outstanding scheduling issues.

1

Finally, counsel for McKesson is unavailable to travel to Boston on March 26-28, due to a mediation. McKesson respectfully asks the Court to avoid scheduling the conference and hearing on those dates, or to allow the parties to meet and confer regarding a mutually agreeable date for the hearing and status conference available on the Court's schedule.

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
LSchechter@mofo.com

John Kiernan
Stephen E. Hughes
Bonner Kiernan Trebach & Crociata
200 Portland Street
Suite 400
Boston, MA 02114
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: March 6, 2008

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on March 6, 2008.

/s/ Lori A. Schechter
Lori A. Schechter