UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN, | Civil Action:  1:05-CV-11148-PBS  Judge Patti B. Saris |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**MCKESSON CORPORATION'S STATUS CONFERENCE STATEMENT FOR MARCH 19, 2008 CONFERENCE**

Defendant McKesson Corporation ("McKesson") respectfully suggests that the following topics regarding this RICO case and the related antitrust case be addressed at the March 19, 2008, status conference.

## I.     THE RICO CASE.

### A.     Scheduling a Hearing on McKesson's Pleading Motions to the Third Amended Complaint.

Since the last status conference on September 20, 2007, the Court granted plaintiffs leave to file a Third Amended Complaint adding a new purported class of drug purchasers who pay the "usual and customary" (U&C) cash price set by retail pharmacists (Class 3).  McKesson subsequently filed a motion to dismiss the Third Amended Complaint and a related motion for judgment on the pleadings.  [Docket Nos. 390-392.]  These fully briefed motions address two legal questions at the heart of plaintiffs' U&C RICO claim, as well as the RICO claims of the consumer co-pay class (Class 1) and the TPP class (Class 2):  (1) whether plaintiffs adequately plead that the alleged RICO violation — the conspiracy to raise the markups on published AWPs — was the "proximate" and "but for" cause of the claimed injury to consumers who paid U&C prices; and (2) whether plaintiffs adequately plead a RICO violation on behalf of any of the members of Classes 1, 2 and 3 in light of plaintiffs' failure to allege that any class member relied on the alleged misrepresentations regarding the manner in which First DataBank ("FDB") determined its AWPs.  ***McKesson has requested oral argument on these motions and suggests that a motions hearing date be set at the March 19 conference.***[1]

After McKesson filed its pleading motions, the Supreme Court in January granted a petition for writ of certiorari on the question "[w]hether reliance is a required element of a RICO claim predicated on mail fraud and, if it is, whether that reliance must be by the plaintiff." *Bridge v. Phoenix Bond & Indemnity Co.*, 128 S. Ct. 829 (Jan. 4, 2008).  RICO reliance is the only issue on which the Supreme Court granted certiorari.  Oral argument in *Phoenix Bond* is set

---

[1] For ease of reference, McKesson highlights in italicized bold the Action Items it proposes for the March 19 status conference.

for April 14, and the Supreme Court will issue a decision by June 2008 — the end of the current term.  The Supreme Court's decision in *Phoenix Bond* will affect not only the pleading requirements in this case, but also, as described below, whether class certification is appropriate for plaintiffs' RICO claims.

**B.    Resolution of First DataBank's Position in the Case.**

Since the last status conference, the Court rejected the proposed settlement between plaintiffs and defendant FDB.  Plaintiffs recently advised the Court that they have reached a new agreement "in principle" to settle the claims of all classes against FDB.  These new settlement terms have not been disclosed at this juncture, and the settling parties have not responded to the Court's request for the names of potential experts to address the issues the Court outlined at the January 22, 2008 settlement hearing.  It thus remains uncertain whether FDB will be a defendant along with McKesson at any trial that may take place in this case.

**C.    Resolution of Pending Class Certification Issues on Classes 1 and 2.**

The Court has under submission the issue of whether to certify Classes 1 and 2 for damages, or whether to proceed solely with liability classes.  The Court previously heard argument on this issue on November 13, and permitted post-hearing briefs.  Depending on the outcome of the Court's class certification decision, either party may file a Rule 23(f) petition regarding certification.  Moreover, whatever the Court may decide with respect to damages, the Supreme Court's decision on the RICO reliance question in *Phoenix Bond* will potentially cause new class certification issues to be briefed.  Specifically, should the Supreme Court decide that reliance is required, additional briefing will be necessary to address whether the individual proof necessary to show reliance precludes certification of the liability classes.  ***Further scheduling in this case should take into account the unresolved class issues, the imminent Supreme Court RICO reliance decision, and any Rule 23(f) proceedings.***

**D.    Timing of Notice to Classes 1 and 2.**

Assuming there will be a class after the class certification issues for Classes 1 and 2 are resolved, including any class issues that arise in light of the Supreme Court's RICO reliance

ruling, notice and an opportunity to opt out must be provided.  Plaintiffs have suggested that the opt-out period should be 60 days.  [Docket No. 376 at 19.]  As this Court has previously noted, the notice and the opt-out period must be completed in advance of trial.  ***Further scheduling in this case should take the timing of the notice and opt-out period into account.***

### E. Timing of Liability and Damages Expert Reports and Discovery for Classes 1 and 2.

The parties have yet to complete the exchange of expert reports or expert discovery.  McKesson submitted the liability expert report of Professor Joseph Kalt, PhD, of Harvard's Kennedy School of Government, on January 28, 2008.  Plaintiffs have not submitted a rebuttal report pursuant to Fed. R. Civ. P. 26(a)(2)(C), but say they intend to do so.  ***The Court should set a deadline for plaintiffs' rebuttal to Professor Kalt.***

Further expert reports are also anticipated on the issue of damages.  At the November 13 hearing on class certification, the Court deferred the date by which McKesson would serve its expert report on damages until after the Court issues its decision regarding whether damage classes would be certified.  Plaintiffs' expert Dr. Hartman, however, recommended in his post-November 13 hearing submission that he refine his damages calculation using new IMS data.  [Docket No. 378 at ¶¶ 6, 22.]  If plaintiffs intend to revise their damages calculation, ***deadlines should be set for plaintiffs' revised damages report, McKesson's responsive damages report, and any damages rebuttal report pursuant to Fed. R. Civ. P. 26(a)(2)(C).***  The parties and the Court previously agreed that expert depositions first of plaintiffs' experts and then of defendant's would take place after all reports were completed.  [Docket No. 274.]

### F. The Schedule Ordered for Class 3, the U&C Class.

On January 2, 2008, the Court entered a scheduling order for the claims of the U&C plaintiffs, Docket 427, attached as Exhibit A.  The parties are proceeding with non-expert discovery in accordance with the Court's order.  Class certification briefing on this class is scheduled to conclude in mid-June, and expert reports and discovery are to follow in the months after that.  ***McKesson proposes that a hearing date for the U&C class motion be set.***

### G.    Trial Dates.

Under the schedule for Class 3 ordered by the Court, the U&C plaintiffs are set for trial on January 26, 2009.  No trial has been set for Classes 1 and 2, and plaintiffs have requested that this trial be set at the March 19 status conference.  McKesson agrees.  ***Taking into account what is necessary to complete before trial, McKesson proposes that Classes 1 and 2 be set for trial along with Class 3 on January 26, 2009.***

At this juncture, it makes little sense to bifurcate Classes 1 and 2 from Class 3 for purposes of trial.[2]  All three classes allege the same RICO violation against the same defendants, based on the same alleged scheme.  Conducting two separate trials within a couple of months of each other that involve the identical alleged fraud to raise AWPs through a misrepresented survey process, the same alleged RICO enterprise and conspiracy, the same lawyers, and overlapping evidence and witnesses, is both impractical and unnecessary.  Instead, setting a single trial for all three classes in January 2009 is the most efficient option.

A January 2009 trial date for all three classes would, in addition, allow the Court and the parties time to resolve for Classes 1 and 2 the outstanding class certification issues, the manner and timing of notice, the provision of a sufficient opt-out process, the exchange of expert reports on both liability and damages and expert discovery, while at the same time completing the class certification, expert and other pre-trial proceedings already set for Class 3.

Setting all three classes for trial in January would, moreover, allow time for the Court and the parties to respond and adjust when the Supreme Court issues its decision in *Phoenix Bond*.  If the Supreme Court holds that reliance is necessary to prove a civil RICO claim based on mail and wire fraud, a January 2009 trial should provide sufficient time for re-briefing on class certification, as well as notice to any classes that may be certified consistent with the Supreme Court's ruling.

_____

[2] In its November 5 order granting plaintiffs' leave to file a Third Amended Complaint, the Court simply said that trial for the U&C plaintiffs "will not necessarily be tried" along with Classes 1 and 2.  (Electronic Order, Nov. 5, 2007.)

Finally, and respectfully, a single, unified trial for all three classes in January 2009 would avoid any potential unfairness in holding a trial on Classes 1 and 2, and deciding merits questions, prior to the time that the U&C class is called upon to opt out of any class that may be certified. That is because Rule 23 requires class members to make their opt out decision "well *before* the merits of the case are adjudicated." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis in original). *See also, Rodriguez v. Banco Central*, 790 F.2d 172, 175 (1st Cir. 1986) (criticizing trial court's decision to hold test case trial on liability prior to deadline for making opt out decision because "class members will not be bound by an adverse judgment"). Trying all classes together has the advantage of eliminating the one-way intervention issue noted in the First Circuit's *Rodriguez* decision.

## II.    THE ANTITRUST CASE.

### A.    Scheduling of a Hearing on McKesson's Motion to Dismiss.

Since the last status conference, plaintiffs filed a separate antitrust case on December 10, 2007, and related the antitrust case to this action. The antitrust case is based on the same alleged conduct as the RICO case, and it includes the same purported classes of co-pay consumers, TPPs and U&C consumers. McKesson moved to dismiss the antitrust case on January 31, and that motion is fully briefed. [Case No. 1:07-CV-12277-PBS, Docket Nos. 12, 13 and 15.] McKesson requested oral argument on its motion to dismiss, and plaintiffs did not oppose that request. ***McKesson suggests that the Court set a motion hearing date at the March 19 conference, which could be the same hearing date set for the pleading motions in the RICO case***.

## III.    MEDIATION.

The parties have attended two mediation sessions in San Francisco with Judge Edward Infante (Ret.). No further session is scheduled. McKesson notes that the mediator appointed by the Court in the MDL, Professor Eric Green, successfully mediated the settlement between the plaintiffs and the Track 2 Defendants. In light of Professor Green's familiarity with AWP issues, McKesson suggests that the Court appoint Professor Green as a mediator for this case.

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
James P. Bennett (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco,  CA 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
LSchechter@mofo.com

Dated: March 16, 2008

John Kiernan
Stephen E. Hughes
Bonner Kiernan Trebach & Crociata
200 Portland Street
Suite 400
Boston, MA 02114
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on March 16, 2008.

/s/ Lori A. Schechter
Lori A. Schechter

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | C.A. No. 1:05-CV-11148-PBS |

## [PROPOSED] SCHEDULING ORDER

January __2__, 2008

Saris, U.S.D.J.

IT IS HEREBY ORDERED as follows:

A. Non-expert Discovery: Non-expert discovery on the Usual & Customary Class claims shall be completed by June 15, 2008. Except as otherwise ordered by the Court, discovery is allowed only as to new issues raised by the Usual & Customary Class in the Third Amended Complaint.

B. Class Cert. Briefing: Class Certification Briefing on the Usual & Customary Class shall proceed as follows:

1. Plaintiffs' Motion is due on April 13, 2008.

2. McKesson's Opposition is due on May 14, 2008.

3. Plaintiffs' Reply is due on May 28, 2008.

4. McKesson's Surreply is due on June 11, 2008.

C. Expert Discovery: Expert Discovery for the Usual & Customary Class shall proceed as follows:

1. Plaintiffs' expert designations and reports are due on June 11, 2008.

2. Defendants' expert designations and reports are due on July 11, 2008.

3.    Any rebuttal reports pursuant to FRCP 26(a)(2)(C) are due on July 25, 2008.

4.    Expert depositions shall be completed by August 22, 2008.

D.    Summary Judgment: Summary Judgment Schedule shall proceed as follows:

1.    Motions are due on September 8, 2008.

2.    Oppositions are due on September 29, 2008.

3.    Replies are due on October 13, 2008.

4.    Surreplies are due on October 27, 2008.

5.    Hearing on Summary Judgment will be held in November, ~~at the~~ 18, 2008, AT 2:00 PM.
~~Court's convenience.~~

E.    Trial: Liability trial for Usual &Customary Class shall begin on Monday, ~~December 15, 2008.~~ JANUARY 26, 2009, AT 9:00 A.M.

Patti B. Saris
United States District Judge

2