UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　　　Defendants. | C.A. No. 1:05-CV-11148-PBS |

## PLAINTIFFS' MOTION FOR CERTIFICATION OF THE U&C CLASS

1.  Pursuant to FED. R. CIV. P. 23(a) and (b)(3), Plaintiffs hereby move for certification of the following Class:

> All uninsured or underinsured individual persons who paid, or incurred a debt enforceable at the time of judgment in this case, cash for any of the drugs identified in Exhibit A to the Third Amended Complaint.[1]

---

[1] Plaintiffs reserve the right to modify the Class Definition based on continuing class related discovery and/or merits discovery.

- 1 -

2. The proposed Class Period is August 1, 2001 to the present.

3. Excluded from the Class are (a) the defendants herein and any entity in which any defendant has a controlling interest, and their legal representatives, officers, directors, assignees and successors; (b) any co-conspirators; and (c) any governmental entities who purchased such drugs during the Class Period.

4. Plaintiffs seek certification of their claims under RICO for Count I (Violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ["RICO"]), and under Counts II-IV and Count VI based upon California law.

5. In the alternative, should the Court rule that California law does not apply, Plaintiffs move for certification under the laws of the various states as set forth in alternate Counts VIII-IX.

This motion is supported by Plaintiffs' Memorandum In Support of Class Certification of the U&C Class; Plaintiffs' Proposed Trial Plan for Trial of U&C Class Claims Against McKesson Asserted in the Third Amended Complaint; the Declaration of Raymond S. Hartman in Support of Certification of the Class of Uninsured Cash Payers Paying U&C; and the Declaration of Steve W. Berman in Support of Certification of the U&C Class and Plaintiffs' Proffer of Evidence Common to the U&C Class. In addition, the motion incorporates the declaration and evidence in the prior submissions supporting certification of the co-pay and TPP classes.

DATED:  April 21, 2008                    By       /s/ Steve W. Berman
                                                                Steve W. Berman
                                                                Nicholas Styant-Browne
                                                                Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Thomas M. Sobol (BBO #471770)
Edward Notargiacomo (BBO #567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

- 3 -

- 4 -

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on April 21, 2008.

                                                /s/ **Steve W. Berman**
                                                Steve W. Berman

001821-13 234414 V1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:05-CV-11148-PBS |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, | ) ) ) ) |  |
| Defendants. | ) |  |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION OF THE U&C CLASS**

Plaintiffs have moved, pursuant to FED. R. CIV. P. 23, 23(a) and 23(b)(3), for an order certifying a class in this action. Having considered the submissions of the parties and the record in this case, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' amended motion for class certification is GRANTED as to Counts I-IV and VIII-IX as asserted in the Third Amended Complaint.

2. The Court certifies the following Class:

**U&C Payor Class or Cash Pay Class:**

All uninsured or underinsured individual persons who paid, or incurred a debt enforceable at the time of judgment in this case, cash for any of the drugs identified in Exhibit A to the Third Amended Complaint.

3. The Class Period is August 1, 2001 to the present.

4. The exact identity of the drugs covered by this lawsuit is capable of being discovered from the records of First DataBank. The list of such drugs is attached as Exhibit A to the Third Amended Complaint.[1]

5. The U&C Class consists of millions of consumers throughout the United States, making individual joinder impractical, in satisfaction of Rule 23(a)(1). The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

6. The claims of the representative plaintiffs are typical of the claims of the Class, as required by Rule 23(a)(3), in that the representative plaintiffs include persons who, like all Class members, purchased drugs whose prices were inflated by the markup of the WAC-AWP spread. If the allegations of the markup are true, such representative plaintiffs, like all Class members, have been damaged by McKesson's misconduct because, among other things, they paid prices for these drugs that were higher than they would have been but for McKesson's improper actions.

7. The representatives for the U&C Class are Plaintiffs Shelly Campbell and Constance Jordan.

---

[1] This list may change upon production of information by First DataBank.

8.      There are many questions of law and fact common to the U&C Class Representatives and the U&C Class, and those questions predominate over any questions that may affect individual Class members, within the meaning of and fulfilling Rules 23(a)(2) and 23(b)(3). Common questions of law and fact include, but are not limited to, the following:

a.      Whether McKesson and First DataBank engaged in a course of conduct that improperly inflated the WAC-to-AWP markup;

b.      Whether McKesson and First DataBank agreed to artificially inflate the published AWPs for the drugs that are the subject of the complaint;

c.      Whether McKesson and First DataBank engaged in a pattern and practice that caused Plaintiffs and Class members to make inflated payments for the AWPs;

d.      Whether McKesson and First DataBank engaged in a pattern of deceptive and/or fraudulent activity intended to defraud Plaintiffs and the Class members;

e.      Whether McKesson and First DataBank formed enterprises for the purpose of carrying out the 5% Scheme;

f.      Whether McKesson and First DataBank used the U.S. mails and interstate wire facilities to carry out the 5% Scheme;

g.      Whether McKesson's conduct violated RICO and various California statutes and common law;

h.      Whether McKesson is liable to Plaintiffs and the Class members for damages.

9.      Plaintiffs will fairly and adequately represent and protect the interests of the Class, as required by Rule 23(a)(4). Plaintiffs have retained counsel with substantial experience in prosecuting nationwide consumer class actions. Plaintiffs and their counsel are committed to

vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the Class.

10. Excluded from the above-listed Classes are: (a) McKesson and First DataBank and any entity in which McKesson or First DataBank has a controlling interest, and their legal representatives, officers, directors, assignees and successors; (b) any co-conspirators; and (c) any governmental entities who purchased such drugs during the Class Period.

11. The Court also certifies the Plaintiffs as Class Representatives. Pursuant to FED. R. CIV. P. 23(g), the Court appoints the following as co-lead counsel: Steve W. Berman and Thomas M. Sobol of Hagens Berman Sobol Shapiro LLP, Jeffrey Kodroff of Spector Roseman & Kodroff P.C., Marc Edelson of Hoffman & Edelson, and Kenneth Wexler and Jennifer Fountain Connolly of Wexler Toriseva Wallace LLP.

12. Co-lead counsel for Plaintiffs shall prepare and submit within 30 days from the date of this Order a proposed form of notice to be sent to members of the Class. McKesson may file any comments to the notice within 15 days and Plaintiffs may reply 15 days thereafter.

DONE this _____ day of _____, 2008.

————————————————————
HONORABLE PATTI B. SARIS
United States District Court

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on April 21, 2008.

                                                /s/ **Steve W. Berman**
                                                  Steve W. Berman