UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN, | Civil Action: 1:05-CV-11148-PBS

Judge Patti B. Saris |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**DECLARATION OF PAUL FLUM**

I, Paul Flum, declare as follows:

1.      I am a partner in the law firm of Morrison & Foerster and one of the counsel of record for McKesson Corporation in this case.  I have been actively involved in and am familiar with the discovery in this case.  I am offering this declaration in opposition to plaintiffs' Motion to Compel Production of McKesson's RelayHealth Data.

**Plaintiffs Obtained Leave to Amend Based on a Representation that Their New U&C Claims Would Require Only "Limited" Discovery**

2.      By order dated November 5, 2007, the Court granted plaintiffs' motion for leave to amend the complaint in this action to add a class (Class 3) of uninsured consumers who paid usual and customary ("U&C") prices for the brand name prescription drugs at issue in this case. At that time, fact discovery had already closed. In seeking leave to amend, plaintiffs represented to the Court that the new U&C class would require "only limited discovery," which could "be completed rapidly."

3.      On January 2, 2008, the Court entered a Scheduling Order for the new U&C class. The January 2 Scheduling Order permitted the parties to reopen fact discovery "only as to new issues raised by the Usual & Customary Class in the Third Amended Complaint," and established a June 15, 2008 cut-off for such discovery.

**Plaintiffs First Requested Claims Data from McKesson in January 2008**

4.      On January 22, 2008, plaintiffs served a request for production of documents under Rule 34 (the "U&C Requests"). Among other things, the U&C Requests sought "All documents concerning pharmacy U&C prices for brand drugs, including without limitation, the RelayHealth database."

5.      RelayHealth is a pharmacy "switch" that McKesson acquired from Per-Se, Inc. The acquisition closed in January 2007. In response to plaintiffs' document request, and after consultation with McKesson, I determined that compliance with plaintiffs' requests for production of the RelayHealth database would require McKesson to produce raw claims data for billions of transactions submitted to RelayHealth over an eight year period.

6.      Plaintiffs had not sought production of any form of claims-level transaction data from McKesson or RelayHealth prior to the July 2007 fact discovery cutoff for Classes 1 and 2. Plaintiffs' January 22, 2008 request was the first time that plaintiffs sought production of any data from the RelayHealth database.

**Plaintiffs Subpoenaed Claims Data from Third Party Retailers at the Same Time
They Were Pursuing Claims Data from McKesson and RelayHealth**

7.       Between January 30, 2008 and February 13, 2008, plaintiffs served subpoenas on ten national retailers.  These subpoenas demanded production of the same transaction-level claims data that plaintiffs had demanded from RelayHealth.  Copies of these subpoenas, which were served on K-Mart, Longs Drugs, Safeway, Wal-Mart, Walgreens, SuperValu, Target, Kroger, Rite Aid, and CVS, are attached to this declaration as Exhibit A.

8.       Request Numbers 1-3 of these subpoenas sought documents regarding how these retailers set their U&C prices and data showing cash prices charged to uninsured customers.  Request Number 4 of these subpoenas sought transaction level data for all insured prescriptions filled by these retailers.  I understand that these retailers have objected to plaintiffs' demand for production of insured claims data on various grounds, including burden, confidentiality, and privacy.

9.       On February 8, 2008, McKesson filed a motion for a protective order directed to Request No. 4 of plaintiffs' subpoenas, on the grounds that the request for claims data regarding insured reimbursements exceeded the scope of discovery permitted by the January 2 Scheduling Order.

**McKesson's Offer to Produce U&C Pricing Data from the RelayHealth Database**

10.      On February 21, 2008, McKesson served timely responses and objections to plaintiffs' U&C Requests.  McKesson objected to Request No. 2, which sought production of the entire RelayHealth database, on the grounds that the request (i) was overbroad and unduly burdensome, (ii) sought information protected by HIPAA and other privacy rights, (iii) exceeded the scope of the Court's January 2 Scheduling Order, and (iv) sought confidential and proprietary information supplied by third parties that was governed by contracts restricting the use and disclosure of the data.

11.      McKesson offered to produce mutually agreed upon U&C pricing data from the RelayHealth database, subject to several conditions, including agreement on the fields to be

produced, resolution of objections interposed by the third parties that supplied the data, and agreement to share the cost of data extraction, processing, and certification for HIPAA compliance.  A copy of McKesson's response and objections is attached as Exhibit B to this declaration.

12.     I thereafter participated in a telephone call with plaintiffs' counsel on March 3, 2008, regarding the U&C Requests.  During the call, I reiterated that McKesson considered plaintiffs' request for production of the entire RelayHealth database to be outside the scope of the January 2 Scheduling Order.  I also reiterated McKesson's offer to produce mutually agreed upon fields of U&C data (subject to the conditions noted in McKesson's formal written response).

13.     In particular, as confirmed by the email exchange following the phone call, we discussed production of fields identifying particular NDCs, pharmacies, date and quantity dispensed, and reported U&C price.  I advised plaintiffs that claims data was reported to RelayHealth using industry standard fields promulgated by the NCPDP.  I proposed that plaintiffs consult with their expert as to which NCPDP fields related to U&C pricing, and then let us know which fields they believed were relevant to their U&C claims and subject to discovery.  A copy of my March 4, 2008 email exchange with plaintiffs' counsel is attached as Exhibit C.

14.     We did not discuss the production of insured claims data during the March 3 call, nor did plaintiffs state that they needed insured claims data to evaluate the alleged relationship between U&C prices and AWP.

15.     On March 10, 2008, plaintiffs' counsel sent me a follow-up email requesting a list of available NCPDP fields and field definitions.  I responded on March 13, transmitting a copy of the NCPDP Data Dictionary, which contains over 100 pages of detailed explanations of each of the data fields reported through the RelayHealth switch.  My March 13 email goes on to list six NCPDP fields that McKesson had identified that "will permit calculation of reported U&C prices at the individual prescription level."  My email offered to extract and produce these fields,

subject to agreement on the list of NDCs to be included in the data pull and how the costs would be allocated. I closed by asking plaintiffs' counsel to "let me know how you'd like to proceed."

16.     A copy of this exchange is attached as Exhibit D to this declaration. A copy of the NCPDP Data Dictionary, which was included with my March 13 email, is attached this declaration as Exhibit E.

### McKesson's Efforts to Obtain Retailer Consent to Produce U&C Pricing Data

17.     When I initially spoke with plaintiffs' counsel about the production of U&C pricing data from the RelayHealth database on March 3, I understood that RelayHealth's ability to disclose its subscribers' claims data in response to plaintiffs' U&C Request was subject to contractual limitations, which among other things required RelayHealth to give prior notice to the retailers that subscribe to the switch service. While we did not explicitly discuss the need for retailer consent during the meet and confer call, the need for consent was implicit in our conversation, as well as in McKesson's written response, which expressly conditioned production of RelayHealth data on notice to subscribers and resolution of any objections interposed in response.

18.     During our March 3 meet and confer discussion, I also mentioned that there was a subset of RelayHealth subscribers whose contracts permitted RelayHealth to use their data without prior notice and consent. Following that discussion, I learned that the data usage permitted under these agreements did not extend to production of transaction level claims data to third parties. Even under these contracts, RelayHealth would need to obtain consent before producing claims data in response to plaintiffs' request.

19.     Beginning on March 14, 2008, and continuing for many weeks thereafter, I and others at my firm began contacting counsel for the large retailers whose data was transmitted through the RelayHealth switch to notify them of the U&C Request and to seek their consent to produce their de-identified claims data relating to U&C prices. This was a time-consuming process which was still ongoing when plaintiffs filed their motion to compel.

20.    None of the retailers we contacted would consent to wholesale production of their raw claims data, even on a de-identified basis.  All the retailers we contacted conditioned their willingness to consent to production of transaction level claims data on identification of the fields to be produced.

21.    Plaintiffs' motion to compel states that McKesson "has specifically asked third parties to limit their 'consent' solely to U&C prices and not to include third-party reimbursement rates and AWP-related fields," citing the declaration of Hy-Vee's general counsel, Steve Meyer. A copy of Mr. Meyer's declaration, which plaintiffs apparently drafted but did not submit with their brief, is attached hereto as Exhibit F.

22.    Mr. Meyer's declaration does not state that McKesson asked him to limit the scope of Hy-Vee's consent.  Rather, Mr. Meyer states that "Hy-Vee gave RelayHealth consent to produce 1) the U&C price, 2) the date of service, NDC, and quantity dispensed [sic] for the associated prescription, and 3) the NABP number and zip code of the dispensing pharmacy," so that Hy-Vee "does not have to go through the undue burden of producing data that RelayHealth already has…."  Mr. Meyer's declaration goes on to state that "I have not otherwise intended to authorize RelayHealth to produce Hy-Vee's transactional data."

**Plaintiffs Reject McKesson's Offer To Produce U&C Pricing Data**

23.    By letter dated April 2, 2008, plaintiffs' counsel rejected McKesson' offer to produce de-identified U&C pricing data from the RelayHealth database at the transaction level. Plaintiffs did not identify any additional fields or categories of claims data not noted in my March 13 email that they or their experts had identified as being necessary to their U&C pricing analysis.  Instead, plaintiffs demanded production of "all subject fields" for all prescriptions of Lipitor 10 mg tablets for a five year period running from 2001 to 2005.  Counsel's letter stated that this large sample was necessary because the NCPDP Data Dictionary we had previously produced was "generic," and their expert needed to analyze the Lipitor claims data to "be in a

position to identify each of the fields necessary to our analysis of the correlation between the subject drugs and AWP." A copy of this letter is attached as Exhibit G to this declaration.

24.  On April 8, 2008, I emailed plaintiffs' counsel stating that the "correlation between the subject drugs and AWP" noted in her letter is not a new issue raised by the Usual & Customary Class in the Third Amended Complaint. My April 8 email renewed McKesson's offer to produce U&C pricing data at the transaction level data for the six fields identified in my March 13 email, and attached a sample of that data to permit plaintiffs' expert to confirm that these fields are sufficient to conduct a transactional analysis of reported U&C prices. A copy of this email is attached as Exhibit H to this declaration.

### Plaintiffs Filed This Motion Without Identifying Any Additional Data Fields They Are Seeking from RelayHealth

25.  Plaintiffs' counsel responded on April 10. Plaintiffs did not identify any additional NCPDP fields that plaintiffs wanted extracted from the RelayHealth database, and instead renewed their demand for production of "all the available fields" for all Lipitor prescriptions dispensed throughout the United States during a five-year period. A copy of this letter is attached as Exhibit I to this declaration.

26.  On April 15, 2008, I wrote plaintiffs' counsel to renew McKesson's offer to produce the specific U&C-related fields identified in my March 13 email. As stated in that letter:

> we believe that the fields that we've identified and included in the sample we provided last week are sufficient for you and your expert to calculate U&C prices, as reported to RelayHealth, at the transaction level. I've also given you a list of the NCPDP data fields, along with detailed definitions, that pharmacies use to submit insured claims through the RelayHealth switch. You have not identified any other NCPDP fields that you need to analyze the U&C prices reported to RelayHealth.

A copy of my letter is attached as Exhibit J to this declaration. Plaintiffs have not responded to this letter.

27.    By Order dated April 18, 2008, the Court denied McKesson's motion for a protective order with respect to plaintiffs' attempt to subpoena insured claims data directly from retailers.

28.    Following the Court's April 18 discovery order, plaintiffs have not moved to enforce Request No. 4 of their retailer subpoenas and have not advised McKesson of the NCPDP codes for any additional data fields they are seeking from RelayHealth.  Instead, on April 29, 2008, plaintiffs moved to compel production of the entire RelayHealth database.

**McKesson Has Already Produced U&C Pricing Data from the RelayHealth Database**

29.    As noted, on March 14, 2008, McKesson began soliciting retailer consent to production of the specific fields of de-identified U&C pricing data that we previously offered to produce.  As of May 2, 2008, twenty-one of RelayHealth's largest subscribers had consented to production on behalf of themselves and their affiliates of the U&C pricing data identified in my March 13 email.

30.    I advised plaintiffs on May 6, 2008, that this data was available and asked counsel to provide a public encryption key so the data could be securely delivered.  Plaintiffs provided me with a their public encryption key on May 8.  A hard drive containing over 2.8 billion individual transactions and over 117 gigabytes of uncompressed data was sent to plaintiffs' counsel on May 9, for delivery on Saturday, May 10.  Copies of my email exchange with plaintiffs' counsel regarding this production and the transmittal letter accompanying the hard drive are attached to this declaration as Exhibits K and L, respectively.

31.    On May 12, 2008, I sent an optical disk for delivery to plaintiffs' counsel, containing a sample of data fields for Lipitor 10 mg tablets.  The sample represents all fields for all prescriptions for Lipitor 10 mg tablets submitted through RelayHealth by a representative group of retailers during the month of April 2008.  The disk contains 1/2 gigabyte of uncompressed data reflecting 1.1 million individual prescriptions.  Due to confidentiality requirements, patient, payer, and provider identifying data were blanked out prior to production,

but the fields containing that data are included.  A copy of the transmittal letter accompanying this data is attached as Exhibit M to this declaration.

### RelayHealth Subscribers Have Advised Us That
### They Object to Production of the Claims Data Sought by Plaintiffs' Motion

32.     Paragraph 8 of the Mahoney Declaration submitted in support of plaintiffs' motion to compel states in relevant part: "The pharmacies Plaintiffs have dealt with have all stated that their data is available through RelayHealth and except in rare instances have declined to produce the data because it is available directly from McKesson."

33.     Because none of these pharmacies are identified in Ms. Mahoney's declaration, I emailed Ms. Mahoney on April 30, 2008, asking whether any of the pharmacies referred to in her declaration have consented to production of their claims data, and if so, to provide the name of the person plaintiffs had been dealing with so that we can confirm that RelayHealth is authorized to produce the data sought by plaintiffs' motion.  Ms. Mahoney responded by letter dated May 5, 2008.  Her letter states in relevant part:  "Plaintiffs have not sought the pharmacies' consent to McKesson's production.  If consent (as opposed to notification) is even necessary, it is McKesson's obligation to obtain it." Copies of my April 30 email and Ms. Mahoney's response are attached to this declaration as Exhibits N and O, respectively.

34.     Following receipt of plaintiffs' motion to compel, I and others in my office contacted the 21 retailers who had consented to production of the specific U&C pricing fields we produced to plaintiffs to advise them of plaintiffs' motion and to ask whether they objected.  To date, Walgreens, Target, Albertsons, CVS, Kmart, Wal-Mart, Safeway, Rite Aid, Hannaford, Hy-Vee, Costco, and Giant Eagle have all advised us that they object to production of their data, even with the protective order in place.  Some of these objections were oral; others were in writing.  Copies of the written objections are attached to this declaration as Exhibit P.  Only one retailer, Stop & Shop, has stated that it does not object to the production of claims data sought by plaintiffs' motion, so long as the data is produced as "highly confidential" under the terms of the protective order.  The other retailers have not yet responded to our inquiry.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of May 2008, in San Francisco, CA.

/s/ Paul Flum
Paul Flum

# Exhibit A
# Part 1

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

### SUBPOENA IN A CIVIL CASE

New England Carpenter
Health Benefits Fund, et
al. v. First Databank, Inc.
and McKesson Corp.

CASE NUMBER: No. 05-CV-11148-PBS
Pending in USDC District of Massachusetts
Judge Patti B. Saris

TO:  Safeway, Inc.
     5918 Stoneridge Mall Rd.
     Pleasanton, CA 94588-3229

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date and time specified below (list documents or objects): *See* attached Exhibit A.

| PLACE<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Fifth Ave., Suite 2900, Seattle, WA  98101 | DATE AND TIME<br>February 13, 2008 |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or
more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for
each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiffs | DATE<br><br>1-30-08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steve W. Berman, Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, WA 98101,
(206) 623-7292

(See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

153336-1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend a trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected materials and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specified events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance and production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## EXHIBIT A

## I    DEFINITIONS AND INSTRUCTIONS

1.    The following requests for documents refer to the period of January 1, 1998 through the date of production.

2.    "You" and "Your" shall refer to Safeway's and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

3.    "All documents and electronically stored information" means every document and all electronically stored information, in Your "possession or control," including but not limited to, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, from which information can be obtained – translated, if necessary by the respondent into reasonably useable form," as provided by Fed. R. Civ. P. 34(a). .

4.    "Communications," as defined by Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.    "Concerning," as defined by Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.

6.    "AWP" means average wholesale price.

7.    "Usual and customary" or "U&C" price means the price individuals without health insurance or other coverage pay retail pharmacies to purchase prescription drugs, a price otherwise known in the prescription drug industry as the "retail" or "cash" price.

8.    "Institutional payors" means any non-government entity or program that reimburses Providers for drugs or health care services, including but not limited to, Prescription Benefit Managers; health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans.

9.    "Third-party reimbursement" means reimbursement of the pharmacy providers by institutional payors or government entity or program for the delivery of pharmaceuticals to patients.

## II    RULES OF CONSTRUCTION

1.    All/Each – The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.    And/Or – The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.    The use of the singular form of any word shall include the plural and vice versa.

4.    The masculine gender includes the feminine.

## III    INSTRUCTIONS

1.    In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.    In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

3.    Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of

such records. These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

4.      Electronically stored data, including databases and/or electronic compilations of data, shall be produced in electronic format.

5.      Documents attached to each other should not be separated.

6.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

7.      In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

a.      the name of the author of the document;

b.      the name of the recipient of the document;

c.      the names of the persons to whom copies were sent;

d.      the job title of every individual named in (a), (b), and (c) above;

e.      the date the document was created, sent, and received;

f.      the location of the document;

g.      the custodian of the document;

h.      a brief description of the nature and subject matter of the document; and

i.      a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

8.    Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV    DOCUMENTS TO BE PRODUCED

1.    All documents and electronically stored information concerning Your store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

2.    All documents and electronically stored information concerning the relation between Your U&C prices and the AWP; wholesaler list prices and/or Third-party reimbursement amounts for drugs.

3.    All documents and electronically stored information concerning your U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the time period.

      a.    data should be provided in electronic format;

      b.    data should include the following information:

      i.    date of sale;

      ii.    drug name;

      iii.    drug NDC;

      iv.    number of pills dispensed;

      v.    pharmacy name and location;

      vii.    unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    U&C amount charged;

      viii.    AWP in place for that NDC on that date;

ix.  any other reference data used in determining U&C on that date; and

x.  any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc.).

4.  All documents or electronically stored information concerning payments by Institutional Payors for prescriptions for the brand drugs attached in Appendix A sold to individuals with private insurance coverage:

a.  data should be provided in electronic format;

b.  data should include the following information:

i.  date of sale;

ii.  drug name;

iii.  drug NDC;

iv.  number of pills dispensed;

v.  pharmacy name and location;

vi.  unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

vii.  total amount requested and total amount received;

viii.  ingredient cost;

ix.  dispensing fee received;

x..  coinsurance amount received;

xi.  any other amount received or paid (as applicable, for example tax);

xii.  AWP in place for that NDC on that date; and

xiii.  name of Institutional Payor.

# United States District Court

## NORTHERN DISTRICT OF ILLINOIS

### SUBPOENA IN A CIVIL CASE

New England Carpenter
Health Benefits Fund, et
al. v. First Databank, Inc.
and McKesson Corp.

CASE NUMBER: No. 05-CV-11148-PBS
Pending in USDC District of Massachusetts
Judge Patti B. Saris

TO:   Kmart
      Sears Holdings Corporation
      3333 Beverly Road
      Hoffman Estates, IL 60179

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): *See* attached Exhibit A.

| PLACE<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Fifth Ave., Suite 2900, Seattle, WA 98101 | DATE AND TIME<br>February 13, 2008 |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiffs | DATE<br><br>1-30-08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steve W. Berman, Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, WA 98101, (206) 623-7292

(See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

153336-1

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| _____ SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend a trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected materials and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specified events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance and production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# EXHIBIT A

## I     DEFINITIONS AND INSTRUCTIONS

1.     The following requests for documents refer to the period of January 1, 1998 through the date of production.

2.     "You" and "Your" shall refer to Kmart's and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

3.     "All documents and electronically stored information" means every document and all electronically stored information, in Your "possession or control," including but not limited to, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, from which information can be obtained – translated, if necessary by the respondent into reasonably useable form," as provided by Fed. R. Civ. P. 34(a). .

4.     "Communications," as defined by Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.     "Concerning," as defined by Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.

6.     "AWP" means average wholesale price.

7.     "Usual and customary" or "U&C" price means the price individuals without health insurance or other coverage pay retail pharmacies to purchase prescription drugs, a price otherwise known in the prescription drug industry as the "retail" or "cash" price.

8.     "Institutional payors" means any non-government entity or program that reimburses Providers for drugs or health care services, including but not limited to, Prescription Benefit Managers; health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans.

9.    "Third-party reimbursement" means reimbursement of the pharmacy providers by institutional payors or government entity or program for the delivery of pharmaceuticals to patients.

## II    RULES OF CONSTRUCTION

1.    All/Each – The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.    And/Or – The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.    The use of the singular form of any word shall include the plural and vice versa.

4.    The masculine gender includes the feminine.

## III    INSTRUCTIONS

1.    In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.    In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

3.    Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records. These requests include Plaintiffs' request to physically inspect any file drawer,

filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

4.    Electronically stored data, including databases and/or electronic compilations of data, shall be produced in electronic format.

5.    Documents attached to each other should not be separated.

6.    If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

7.    In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

      a.    the name of the author of the document;

      b.    the name of the recipient of the document;

      c.    the names of the persons to whom copies were sent;

      d.    the job title of every individual named in (a), (b), and (c) above;

      e.    the date the document was created, sent, and received;

      f.    the location of the document;

      g.    the custodian of the document;

      h.    a brief description of the nature and subject matter of the document; and

      i.    a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

8.    Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting

that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV    DOCUMENTS TO BE PRODUCED

1.    All documents and electronically stored information concerning Your store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

2.    All documents and electronically stored information concerning the relation between Your U&C prices and the AWP; wholesaler list prices and/or Third-party reimbursement amounts for drugs.

3.    All documents and electronically stored information concerning your U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the time period.

     a.    data should be provided in electronic format;

     b.    data should include the following information:

          i.     date of sale;

          ii.    drug name;

          iii.   drug NDC;

          iv.    number of pills dispensed;

          v.     pharmacy name and location;

          vii.   unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

          vii.   U&C amount charged;

          viii.  AWP in place for that NDC on that date;

          ix.    any other reference data used in determining U&C on that date; and

          x.     any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc.).

4.     All documents or electronically stored information concerning payments by

Institutional Payors for prescriptions for the brand drugs attached in Appendix A sold to

individuals with private insurance coverage:

     a.     data should be provided in electronic format;

     b.     data should include the following information:

         i.     date of sale;

         ii.     drug name;

         iii.     drug NDC;

         iv.     number of pills dispensed;

         v.     pharmacy name and location;

         vi.     unique pharmacy number (National Council of Prescription Drug

               Programs (NDPCP) or National Association of Boards of

               Pharmacy (NABP));

         vii.     total amount requested and total amount received;

         viii.     ingredient cost;

         ix.     dispensing fee received;

         x..     coinsurance amount received;

         xi.     any other amount received or paid (as applicable, for example tax);

         xii.     AWP  in place for that NDC on that date; and

         xiii.     name of Institutional Payor.

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

### SUBPOENA IN A CIVIL CASE

New England Carpenter
Health Benefits Fund, et
al. v. First Databank, Inc.
and McKesson Corp.

CASE NUMBER: No. 05-CV-11148-PBS
Pending in USDC District of Massachusetts
Judge Patti B. Saris

TO:   Longs Drugs
141 N. Civic Drive
Walnut Creek, CA 94596

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

**X**   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date and time specified below (list documents or objects): *See* attached Exhibit A.

| PLACE<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Fifth Ave., Suite 2900, Seattle, WA 98101 | DATE AND TIME<br>February 13, 2008 |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

> Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or
more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for
each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiffs | DATE<br><br>1-30-08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steve W. Berman, Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, WA 98101,
(206) 623-7292

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

153336-1

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

### SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

                                                    SIGNATURE OF SERVER


                                                    ADDRESS OF SERVER


Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend a trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected materials and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specified events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance and production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## EXHIBIT A

## EXHIBIT A

### I    DEFINITIONS AND INSTRUCTIONS

1.    The following requests for documents refer to the period of January 1, 1998 through the date of production.

2.    "You" and "Your" shall refer to Longs Drug's and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

3.    "All documents and electronically stored information" means every document and all electronically stored information, in Your "possession or control," including but not limited to, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, from which information can be obtained – translated, if necessary by the respondent into reasonably useable form," as provided by Fed. R. Civ. P. 34(a). .

4.    "Communications," as defined by Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.    "Concerning," as defined by Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.

6.    "AWP" means average wholesale price.

7.    "Usual and customary" or "U&C" price means the price individuals without health insurance or other coverage pay retail pharmacies to purchase prescription drugs, a price otherwise known in the prescription drug industry as the "retail" or "cash" price.

8.    "Institutional payors" means any non-government entity or program that reimburses Providers for drugs or health care services, including but not limited to, Prescription

Benefit Managers; health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans.

9.    "Third-party reimbursement" means reimbursement of the pharmacy providers by institutional payors or government entity or program for the delivery of pharmaceuticals to patients.

## II    RULES OF CONSTRUCTION

1.    All/Each – The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.    And/Or – The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.    The use of the singular form of any word shall include the plural and vice versa.

4.    The masculine gender includes the feminine.

## III    INSTRUCTIONS

1.    In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.    In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

      3.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records. These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

      4.      Electronically stored data, including databases and/or electronic compilations of data, shall be produced in electronic format.

      5.      Documents attached to each other should not be separated.

      6.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

      7.      In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

      a.      the name of the author of the document;

      b.      the name of the recipient of the document;

      c.      the names of the persons to whom copies were sent;

      d.      the job title of every individual named in (a), (b), and (c) above;

      e.      the date the document was created, sent, and received;

      f.      the location of the document;

      g.      the custodian of the document;

      h.      a brief description of the nature and subject matter of the document; and

i.      a statement of the privilege asserted and each and every fact or basis upon

which a privilege is claimed or on which the document is otherwise

withheld.

8.      Notwithstanding the assertion of any objection to production, if a

document contains non-objectionable or non-privileged matter, please produce that document,

redacting that portion for which the objection is asserted, provided that the identification

requested in paragraphs (h) and (i) above are furnished.

## IV    DOCUMENTS TO BE PRODUCED

1.      All documents and electronically stored information concerning Your

store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

2.      All documents and electronically stored information concerning the

relation between Your U&C prices and the AWP; wholesaler list prices and/or Third-party

reimbursement amounts for drugs.

3.      All documents and electronically stored information concerning your

U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the

time period.

a.      data should be provided in electronic format;

b.      data should include the following information:

i.      date of sale;

ii.     drug name;

iii.    drug NDC;

iv.     number of pills dispensed;

v.      pharmacy name and location;

vii.    unique pharmacy number (National Council of Prescription Drug

Programs (NDPCP) or National Association of Boards of

Pharmacy (NABP));

      vii.     U&C amount charged;

      viii.    AWP in place for that NDC on that date;

      ix.      any other reference data used in determining U&C on that date; and

      x.      any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc.).

4.     All documents or electronically stored information concerning payments by Institutional Payors for prescriptions for the brand drugs attached in Appendix A sold to individuals with private insurance coverage:

      a.     data should be provided in electronic format;

      b.     data should include the following information:

      i.      date of sale;

      ii.     drug name;

      iii.    drug NDC;

      iv.    number of pills dispensed;

      v.      pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    total amount requested and total amount received;

      viii.   ingredient cost;

      ix.     dispensing fee received;

      x..     coinsurance amount received;

      xi.     any other amount received or paid (as applicable, for example tax);

      xii.    AWP in place for that NDC on that date; and

      xiii.   name of Institutional Payor.

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>WESTERN</u>    DISTRICT OF    <u>ARKANSAS</u>

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, et al. | **SUBPOENA IN A CIVIL CASE** |
| v. | |
| FIRST DATABANK, et al. | Case Number:[1]  05-cv-11148 |

TO:  Wal-Mart Stores, Inc.
    702 SW 8th Street
    Bentonville, AR  72716

Pending in the USDC District of Massachusetts
Judge Patti B. Saris

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | **DATE AND TIME** |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Rider attached as Exhibit A.

| PLACE  PostNet Bentonville<br>    1401 S. Walton Boulevard, Suite 9, Bentonville, AR  72712 | DATE AND TIME<br>February 14, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_     Attorney for Plaintiffs | January 31, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer Fountain Connolly, Wexler Toriseva Wallace LLP, 55 W. Monroe Street, Suite 3300, Chicago, IL 60603, (312) 346-2222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                                    DATE                                                                  SIGNATURE OF SERVER

                                                                                         _____
                                                                                                    ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## I.     DEFINITIONS AND INSTRUCTIONS

1.      The following requests for documents refer to the period of January 1, 1998 through the date of production.

2.      "You" and "Your" shall refer to Wal-Mart Stores, Inc. and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

3.      "All documents and electronically stored information" means every document and all electronically stored information, in Your "possession or control," including but not limited to "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, from which information can be obtained – translated, if necessary by the respondent into reasonably useable form," as provided by Fed. R. Civ. P. 34(a).

4.      "Communications," as defined by Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.      "Concerning," as defined by Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.

6.      "AWP" means average wholesale price.

7.      "Usual and customary" or "U&C" price means the price individuals without health insurance or other coverage pay retail pharmacies to purchase prescription drugs, a price otherwise known in the prescription drug industry as the "retail" or "cash" price.

8.      "Institutional payors" means any non-government entity or program that reimburses Providers for drugs or health care services, including but not limited to, Prescription

Benefit Managers; health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans.

9.    "Third party reimbursement" means reimbursement of the pharmacy providers by institutional payors or government entity or program for the delivery of pharmaceuticals to patients.

## II.    RULES OF CONSTRUCTION

1.    All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.    And/Or – The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.    The use of the singular form of any word shall include the plural and vice versa.

4.    The masculine gender includes the feminine.

## III.    INSTRUCTIONS

1.    In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.    In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

3.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

4.      Electronically stored data, including databases and/or electronic compilations of data, shall be produced in electronic format.

5.      Documents attached to each other should not be separated.

6.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

7.      In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

     a.      the name of the author of the document;

     b.      the name of the recipient of the document;

     c.      the names of the persons to whom copies were sent;

     d.      the job title of every individual named in (a), (b), and (c) above;

     e.      the date the document was created, sent, and received;

     f.      the location of the document;

     g.      the custodian of the document;

      h.     a brief description of the nature and subject matter of the document; and

      i.     a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

8.     Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV.    DOCUMENTS TO BE PRODUCED

1.     All documents and electronically stored information concerning Your store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

2.     All documents and electronically stored information concerning the relationship between Your U&C prices and the AWP; wholesaler list prices and/or third party reimbursement amounts for drugs.

3.     All documents and electronically stored information concerning your U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the time period.

      a.     data should be provided in electronic format

      b.     data should include the following information

            i.     date of sale;

            ii.     drug name;

            iii.     drug NDC;

            iv.     number of pills dispensed;

            v.     pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    U&C amount charged;

      viii.   AWP in place for that NDC on that date;

      ix.     any other reference data used in determining U&C on that date; and

      x.      any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc.).

4.     All documents or electronically stored information concerning payments by Institutional Payors for prescriptions for the brand drugs attached in Appendix A sold to individuals with private insurance coverage:

      a.     data should be provided in electronic format

      b.     data should include the following information

      i.      date of sale;

      ii.     drug name;

      iii.    drug NDC;

      iv.    number of pills dispensed;

      v.     pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    total amount requested and total amount received;

 viii.  ingredient cost;

 ix.  dispensing fee received;

 x.  coinsurance amount received;

 xi.  any other amount received or paid (as applicable, for example tax);

 xii.  AWP in place for that NDC on that date; and

 xiii.  name of Institutional Payor.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     MINNESOTA

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND, et al.

v.

FIRST DATABANK, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-cv-11148
Pending in the USDC District of Massachusetts
Judge Patti B. Saris

TO:  Supervalu
11840 Valley View Road
Eden Prairie, MN  55344

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Rider attached as Exhibit A.

| PLACE Renae D. Steiner, Gustafson Gluek PLLC | DATE AND TIME |
|---|---|
| 650 Northstar East, 608 Second Avenue S., Minneapolis, MN 55402 | February 14, 2008 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_  Attorney for Plaintiffs | January 31, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer Fountain Connolly, Wexler Toriseva Wallace LLP, 55 W. Monroe Street, Suite 3300,
Chicago, IL 60603, (312) 346-2222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## I.     DEFINITIONS AND INSTRUCTIONS

1.     The following requests for documents refer to the period of January 1, 1998 through the date of production.

2.     "You" and "Your" shall refer to Supervalu and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

3.     "All documents and electronically stored information" means every document and all electronically stored information, in Your "possession or control," including but not limited to "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, from which information can be obtained – translated, if necessary by the respondent into reasonably useable form," as provided by Fed. R. Civ. P. 34(a).

4.     "Communications," as defined by Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.     "Concerning," as defined by Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.

6.     "AWP" means average wholesale price.

7.     "Usual and customary" or "U&C" price means the price individuals without health insurance or other coverage pay retail pharmacies to purchase prescription drugs, a price otherwise known in the prescription drug industry as the "retail" or "cash" price.

8.     "Institutional payors" means any non-government entity or program that reimburses Providers for drugs or health care services, including but not limited to, Prescription

Benefit Managers; health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans.

9.      "Third party reimbursement" means reimbursement of the pharmacy providers by institutional payors or government entity or program for the delivery of pharmaceuticals to patients.

## II.      RULES OF CONSTRUCTION

1.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.      And/Or – The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      The use of the singular form of any word shall include the plural and vice versa.

4.      The masculine gender includes the feminine.

## III.      INSTRUCTIONS

1.      In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.      In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

3.     Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

4.     Electronically stored data, including databases and/or electronic compilations of data, shall be produced in electronic format.

5.     Documents attached to each other should not be separated.

6.     If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

7.     In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

a.     the name of the author of the document;

b.     the name of the recipient of the document;

c.     the names of the persons to whom copies were sent;

d.     the job title of every individual named in (a), (b), and (c) above;

e.     the date the document was created, sent, and received;

f.     the location of the document;

g.     the custodian of the document;

      h.     a brief description of the nature and subject matter of the document; and

      i.     a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

8.     Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV.    DOCUMENTS TO BE PRODUCED

1.     All documents and electronically stored information concerning Your store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

2.     All documents and electronically stored information concerning the relationship between Your U&C prices and the AWP; wholesaler list prices and/or third party reimbursement amounts for drugs.

3.     All documents and electronically stored information concerning your U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the time period.

      a.     data should be provided in electronic format

      b.     data should include the following information

            i.     date of sale;

            ii.     drug name;

            iii.     drug NDC;

            iv.     number of pills dispensed;

            v.     pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    U&C amount charged;

      viii.   AWP in place for that NDC on that date;

      ix.     any other reference data used in determining U&C on that date; and

      x.      any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc.).

4.     All documents or electronically stored information concerning payments by Institutional Payors for prescriptions for the brand drugs attached in Appendix A sold to individuals with private insurance coverage:

      a.     data should be provided in electronic format

      b.     data should include the following information

      i.      date of sale;

      ii.     drug name;

      iii.    drug NDC;

      iv.     number of pills dispensed;

      v.      pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    total amount requested and total amount received;

viii.    ingredient cost;

ix.    dispensing fee received;

x.    coinsurance amount received;

xi.    any other amount received or paid (as applicable, for example tax);

xii.    AWP in place for that NDC on that date; and

xiii.    name of Institutional Payor.

# Exhibit A
# Part 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF    <u>MINNESOTA</u>

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, et al. | **SUBPOENA IN A CIVIL CASE** |
| v. | |
| FIRST DATABANK, et al. | Case Number:[1]  05-cv-11148 |

Pending in the USDC District of Massachusetts
Judge Patti B. Saris

TO:  Target Corporation
     1000 Nicollet Mall
     Minneapolis, MN 55403

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Rider attached as Exhibit A.

| PLACE Renae D. Steiner, Gustafson Gluek PLLC | DATE AND TIME |
|---|---|
| 650 Northstar East, 608 Second Avenue S., Minneapolis, MN 55402 | February 14, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for Plaintiffs | January 31, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer Fountain Connolly, Wexler Toriseva Wallace LLP, 55 W. Monroe Street, Suite 3300, Chicago, IL 60603, (312) 346-2222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____　　　_____
　　　　　　　　　　DATE　　　　　　　　　　　　　　SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## I.     DEFINITIONS AND INSTRUCTIONS

1.     The following requests for documents refer to the period of January 1, 1998 through the date of production.

2.     "You" and "Your" shall refer to Target Corporation and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

3.     "All documents and electronically stored information" means every document and all electronically stored information, in Your "possession or control," including but not limited to "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, from which information can be obtained – translated, if necessary by the respondent into reasonably useable form," as provided by Fed. R. Civ. P. 34(a).

4.     "Communications," as defined by Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.     "Concerning," as defined by Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.

6.     "AWP" means average wholesale price.

7.     "Usual and customary" or "U&C" price means the price individuals without health insurance or other coverage pay retail pharmacies to purchase prescription drugs, a price otherwise known in the prescription drug industry as the "retail" or "cash" price.

8.     "Institutional payors" means any non-government entity or program that reimburses Providers for drugs or health care services, including but not limited to, Prescription

Benefit Managers; health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans.

9.      "Third party reimbursement" means reimbursement of the pharmacy providers by institutional payors or government entity or program for the delivery of pharmaceuticals to patients.

## II.      RULES OF CONSTRUCTION

1.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.      And/Or – The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      The use of the singular form of any word shall include the plural and vice versa.

4.      The masculine gender includes the feminine.

## III.      INSTRUCTIONS

1.      In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.      In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

3.     Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

4.     Electronically stored data, including databases and/or electronic compilations of data, shall be produced in electronic format.

5.     Documents attached to each other should not be separated.

6.     If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

7.     In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

    a.     the name of the author of the document;

    b.     the name of the recipient of the document;

    c.     the names of the persons to whom copies were sent;

    d.     the job title of every individual named in (a), (b), and (c) above;

    e.     the date the document was created, sent, and received;

    f.     the location of the document;

    g.     the custodian of the document;

h.    a brief description of the nature and subject matter of the document; and

i.    a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

8.    Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All documents and electronically stored information concerning Your store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

2.    All documents and electronically stored information concerning the relationship between Your U&C prices and the AWP; wholesaler list prices and/or third party reimbursement amounts for drugs.

3.    All documents and electronically stored information concerning your U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the time period.

a.    data should be provided in electronic format

b.    data should include the following information

i.    date of sale;

ii.    drug name;

iii.    drug NDC;

iv.    number of pills dispensed;

v.    pharmacy name and location;

4

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    U&C amount charged;

      viii.   AWP in place for that NDC on that date;

      ix.     any other reference data used in determining U&C on that date; and

      x.      any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc.).

4.    All documents or electronically stored information concerning payments by Institutional Payors for prescriptions for the brand drugs attached in Appendix A sold to individuals with private insurance coverage:

      a.     data should be provided in electronic format

      b.     data should include the following information

      i.      date of sale;

      ii.     drug name;

      iii.    drug NDC;

      iv.     number of pills dispensed;

      v.      pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    total amount requested and total amount received;

viii.     ingredient cost;

ix.     dispensing fee received;

x.     coinsurance amount received;

xi.     any other amount received or paid (as applicable, for example tax);

xii.     AWP in place for that NDC on that date; and

xiii.     name of Institutional Payor.

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>NORTHERN</u> DISTRICT OF <u>ILLINOIS</u>

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND, et al.

v.

FIRST DATABANK, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-cv-11148
Pending in the USDC District of Massachusetts
Judge Patti B. Saris

TO: Walgreen Co.
200 Wilmot Road
Deerfield, IL  60015

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Rider attached as Exhibit A.

| PLACE  Wexler Toriseva Wallace LLP | DATE AND TIME |
|---|---|
| 55 W. Monroe Street, Suite 3300, Chicago, IL  60603 | February 14, 2008 at 9:00 a.m. |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_  Attorney for Plaintiffs | January 31, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer Fountain Connolly, Wexler Toriseva Wallace LLP, 55 W. Monroe Street, Suite 3300, Chicago, IL 60603, (312) 346-2222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                              SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## I.    DEFINITIONS AND INSTRUCTIONS

1.    The following requests for documents refer to the period of January 1, 1998 through the date of production.

2.    "You" and "Your" shall refer to Walgreen Co. and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

3.    "All documents and electronically stored information" means every document and all electronically stored information, in Your "possession or control," including but not limited to "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, from which information can be obtained – translated, if necessary by the respondent into reasonably useable form," as provided by Fed. R. Civ. P. 34(a).

4.    "Communications," as defined by Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.    "Concerning," as defined by Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.

6.    "AWP" means average wholesale price.

7.    "Usual and customary" or "U&C" price means the price individuals without health insurance or other coverage pay retail pharmacies to purchase prescription drugs, a price otherwise known in the prescription drug industry as the "retail" or "cash" price.

8.    "Institutional payors" means any non-government entity or program that reimburses Providers for drugs or health care services, including but not limited to, Prescription

Benefit Managers; health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans.

9.      "Third party reimbursement" means reimbursement of the pharmacy providers by institutional payors or government entity or program for the delivery of pharmaceuticals to patients.

## II.      RULES OF CONSTRUCTION

1.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.      And/Or – The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.      The use of the singular form of any word shall include the plural and vice versa.

4.      The masculine gender includes the feminine.

## III.      INSTRUCTIONS

1.      In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.      In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

3.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

4.      Electronically stored data, including databases and/or electronic compilations of data, shall be produced in electronic format.

5.      Documents attached to each other should not be separated.

6.      If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

7.      In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

     a.      the name of the author of the document;

     b.      the name of the recipient of the document;

     c.      the names of the persons to whom copies were sent;

     d.      the job title of every individual named in (a), (b), and (c) above;

     e.      the date the document was created, sent, and received;

     f.      the location of the document;

     g.      the custodian of the document;

h.    a brief description of the nature and subject matter of the document; and

i.    a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

8.    Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All documents and electronically stored information concerning Your store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

2.    All documents and electronically stored information concerning the relationship between Your U&C prices and the AWP; wholesaler list prices and/or third party reimbursement amounts for drugs.

3.    All documents and electronically stored information concerning your U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the time period.

a.    data should be provided in electronic format

b.    data should include the following information

i.    date of sale;

ii.    drug name;

iii.    drug NDC;

iv.    number of pills dispensed;

v.    pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    U&C amount charged;

      viii.   AWP in place for that NDC on that date;

      ix.     any other reference data used in determining U&C on that date; and

      x.     any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc.).

4.    All documents or electronically stored information concerning payments by Institutional Payors for prescriptions for the brand drugs attached in Appendix A sold to individuals with private insurance coverage:

      a.    data should be provided in electronic format

      b.    data should include the following information

      i.     date of sale;

      ii.    drug name;

      iii.   drug NDC;

      iv.    number of pills dispensed;

      v.     pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.    total amount requested and total amount received;

viii.    ingredient cost;

ix.    dispensing fee received;

x.    coinsurance amount received;

xi.    any other amount received or paid (as applicable, for example tax);

xii.    AWP in place for that NDC on that date; and

xiii.    name of Institutional Payor.

AO88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Southern District of Ohio

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, et al.,     Plaintiffs<br>v.<br><br>FIRST DATABANK, INC., et al., Defendants. | **SUBPOENA IN A CIVIL CASE**<br>Pending in:<br><br>UNITED STATES DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS<br><br>C.A. No. 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

TO:   The Kroger Co.
      1014 Vine St.
      Cincinnati, OH 45202-1100

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE    Edelson & Associates, 45 West Court Street, Doylestown, PA 18901 | DATE AND TIME<br>2/29/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>        Attorney for Plaintiffs | DATE<br>2/1/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Marc H. Edelson, Esquire, Edelson & Assoc.,
45 West Court Street, Doylestown, PA 18901   ph. 215-230-8043, fax 215-230-8735

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## I.    DEFINITIONS AND INSTRUCTIONS

1.    The following requests for documents refer to the period of January 1, 1998 through the date of production.

2.    "You" and "Your" shall refer to the Kroger Co. and any of its subsidiaries, divisions, affiliates, officers, directors, employees or agents, including, but not limited to, attorneys and accountants.

3.    "All documents and electronically stored information" means every document and all electronically stored information, in Your "possession or control," including but not limited to "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium, from which information can be obtained – translated, if necessary by the respondent into reasonably useable form," as provided by Fed. R. Civ. P. 34(a). .

4.    "Communications," as defined by Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.    "Concerning," as defined by Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting.

6.    "AWP" means average wholesale price.

7.    "Usual and customary" or "U&C" price means the price individuals without health insurance or other coverage pay retail pharmacies to purchase prescription drugs, a price otherwise known in the prescription drug industry as the "retail" or "cash" price.

8.    "Institutional payors" means any non-government entity or program that reimburses Providers for drugs or health care services, including but not limited to, Prescription

Benefit Managers; health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans.

9.    "Third party reimbursement" means reimbursement of the pharmacy providers by institutional payors or government entity or program for the delivery of pharmaceuticals to patients.

## II.    RULES OF CONSTRUCTION

1.    All/Each – The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2.    And/Or – The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

3.    The use of the singular form of any word shall include the plural and vice versa.

4.    The masculine gender includes the feminine.

## III.    INSTRUCTIONS

1.    In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.    In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

3.    Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

4.    Electronically stored data, including databases and/or electronic compilations of data, shall be produced in electronic format.

5.    Documents attached to each other should not be separated.

6.    If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

7.    In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

    a.    the name of the author of the document;

    b.    the name of the recipient of the document;

    c.    the names of the persons to whom copies were sent;

    d.    the job title of every individual named in (a), (b), and (c) above;

    e.    the date the document was created, sent, and received;

    f.    the location of the document;

    g.    the custodian of the document;

h.      a brief description of the nature and subject matter of the document; and

i.      a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

8.      Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.

## IV.    DOCUMENTS TO BE PRODUCED

1.      All documents and electronically stored information concerning Your store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

2.      All documents and electronically stored information concerning the relation between Your U&C prices and the AWP; wholesaler list prices and/or third party reimbursement amounts for drugs.

3.      All documents and electronically stored information concerning your U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the time period.

a.      data should be provided in electronic format

b.      data should include the following information

i.      date of sale;

ii.     drug name;

iii.    drug NDC;

iv.     number of pills dispensed;

v.      pharmacy name and location;

      vii.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.     U&C amount charged;

      viii.     AWP in place for that NDC on that date;

      ix.     any other reference data used in determining U&C on that date; and

      x.     any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc.).

4.     All documents or electronically stored information concerning payments by Institutional Payors for prescriptions for the brand drugs attached in Appendix A sold to individuals with private insurance coverage:

    a.     data should be provided in electronic format

    b.     data should include the following information

      i.     date of sale;

      ii.     drug name;

      iii.     drug NDC;

      iv.     number of pills dispensed;

      v.     pharmacy name and location;

      vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

      vii.     total amount requested and total amount received;

      viii.     ingredient cost;

      ix.     dispensing fee received;

      x..     coinsurance amount received;

xi.    any other amount received or paid (as applicable, for example tax);

xii.    AWP  in place for that NDC on that date; and

xiii.    name of Institutional Payor

✎AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
### DISTRICT OF RHODE ISLAND

New England Carpenter Health Benefits Fund, et al.
V.

First DataBank, Inc. and McKesson Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   05-CV-11148-PBS
Pending in USDC District of
Massachusetts
Judge Patti B. Saris

TO:  CVS Corporation
One CVS Drive
Woonsocket, RI  02895

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   See attached Exhibit A
(In lieu of personally appearing, you may mail copies of the documents requested)

| PLACE  Spector, Roseman & Kodroff, P.C.<br>1818 Market St., Ste. 2500, Phila., PA  19103 | DATE AND TIME<br>Mar. 14, 2008; 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiffs | DATE<br><br>Feb. 13, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John A. Macoretta, Esq., Spector, Roseman & Kodroff, P.C., 1818 Market St., Ste. 2500, Phila., PA  19103
215.496.0300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

✎AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE _____   DISTRICT OF _____   PENNSYLVANIA

New England Carpenter Health Benefits Fund, et al.

V.

First Databank, Inc. and McKesson Corp.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   05-CV-11148-PBS
Pending in USDC District of
Massachusetts
Judge Patti B. Saris

TO:   Rite-Aid
      30 Hunter Lane
      Camp Hill, PA  17011

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   See attached Exhibit A

   (In lieu of personally appearing, you may mail copies of the documents requested)

| PLACE   Spector, Roseman & Kodroff, P.C. 1818 Market St., Ste. 2500, Phila., PA  19103 | DATE AND TIME Mar. 14, 2008; 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiffs | DATE Feb. 13, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
   John A. Macoretta, Esq., Spector, Roseman & Kodroff, P.C., 1818 Market St., Ste. 2500, Phila. PA  19103
   215.496.0300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                                DATE                                              SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Exhibit B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN, | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**MCKESSON CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS DATED JANUARY 22, 2008**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

McKesson Corporation ("McKesson"), by its attorneys, Morrison & Foerster LLP, objects to and

responds to Plaintiffs' Request for Production of Documents to McKesson, dated January 22,

2008 (the "Eighth Request for Production" or the "Requests"), as follows:

**GENERAL OBJECTIONS**

McKesson asserts the following general objections and responses to the Eighth Request

for Production, which objections and responses are applicable to each document request and

incorporated therein.  Any information provided in response to a request is made without waiver of, and subject to, these objections.

1.     McKesson objects to each request to the extent it seeks documents that are outside the scope of discovery permitted under the Court's scheduling order regarding U&C claims, filed January 2, 2008 (the "Scheduling Order").  That Order explicitly states:  "Except as otherwise ordered by the Court, discovery is allowed only as to new issues raised by the Usual & Customary Class in the Third Amended Complaint."

2.     McKesson objects to the Definitions and Instructions to the extent they purport to broaden the definitions set forth in Local Rule 26.5(c), and to the extent they seek to create an obligation to provide information or documents in a manner not required by the Federal Rules of Civil Procedure, the Local Rules for the District of Massachusetts, or other applicable law.

3.     McKesson objects to the definition of "Relevant Time Period" as overly broad and unduly burdensome to the extent it seeks information or documents for the time period prior to January 1, 2000.

4.     McKesson objects to each request to the extent it requires the disclosure of information that would infringe upon the legitimate privacy rights and expectations of individuals who purchased prescription drugs, including rights arising under the Health Insurance Portability and Accountability Act ("HIPAA").

5.     McKesson objects to each request to the extent it seeks the production of the proprietary information of third parties or of information that is subject to confidentiality or other contractual obligations to third parties that prohibit or restrict McKesson's disclosure of such information.  McKesson further objects to each request to the extent it seeks proprietary, private business or personal information, or other confidential information, including information constituting or pertaining to trade secrets, personnel information, and/or competitively sensitive information.  McKesson further objects to the production of any information or documents to the extent such production would be inconsistent with a confidentiality agreement, a protective order in another action or proceeding, or some other restriction on production.

6.     McKesson objects to each request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, or by any constitutional, statutory, or regulatory proscription against disclosure.  If any documents or information subject to a privilege, immunity, protection, or proscription are inadvertently disclosed by McKesson, such disclosure does not constitute a waiver of any privilege, immunity, protection, or proscription.

7.     McKesson objects to each request to the extent it seeks information and/or documents that are publicly available or readily available to Plaintiffs.  McKesson further objects to each request to the extent it seeks information and/or documents already produced to Plaintiffs in the case, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL-1456.

8.     McKesson objects to the definition of "Third-Party Payor" as overly broad and vague and ambiguous in its use of the terms "Provider" and "program."

9.     In accordance with Fed. R. Civ. P. 26, McKesson is undertaking a reasonable search of its files where responsive information and documents, if any exist, are likely to be found.  A response by McKesson that it will produce information and/or documents in response to a particular request is not a representation that any information or documents responsive to that request exist, but only that such information and/or documents will be produced if they are located after McKesson conducts a reasonable search of those files that are likely to contain responsive information and/or documents.  Further, a response that McKesson will produce responsive information and/or documents (or the production of any information and/or documents in response to a particular request) is not a representation that McKesson adopts, accepts, affirms, or admits the assertions, contentions, or definitions used or made in connection with the definitions, instructions, or requests.  McKesson's investigation is continuing, and it reserves the right to amend, modify, or supplement its responses.  By responding and providing documents, McKesson does not concede the relevance or materiality of the request or of the subject to which such request refers.  McKesson's response is made expressly subject to, and without in any way waiving or intending to waive, any objections as to the competence,

relevance, materiality, privilege or admissibility as evidence or for any other purpose, of any of the information referred to or produced or of the responses given herein, or of the subject matter thereof.

## RESPONSES

### DOCUMENT REQUEST NO. 1:

All documents concerning the business of RelayHealth or any other division or department of McKesson or McKesson entity that processes or otherwise facilitates pharmacy claims for Third-Party Reimbursement for prescription drugs, including documents to explain McKesson's ProviderPay and AWP resubmission services and its ProPBM application.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

McKesson's general objections are incorporated by this reference. In addition, McKesson objects to this request as seeking discovery outside the scope of the Court's Scheduling Order, since it is not directed to "new issues raised by the Usual & Customary Class in the Third Amended Complaint." McKesson further objects to this request as overly broad and unduly burdensome to the extent it seeks the production of documents neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.

### DOCUMENT REQUEST NO. 2:

All documents concerning pharmacy U&C prices for brand drugs, including without limitation, the RelayHealth database. This includes any documents analyzing or discussing how cash prices are set and/or the relationship between cash prices and U&C.

### RESPONSE TO DOCUMENT REQUEST NO. 2:

McKesson's general objections are incorporated by this reference. In addition, McKesson objects to this request to the extent that it purports to demand production of the "RelayHealth database," on the grounds that the request seeks discovery outside the scope of the Court's Scheduling Order, seeks information protected by HIPAA and other privacy rights, is overbroad and unduly burdensome, and seeks confidential and proprietary information that is governed by contracts between RelayHealth and the third parties that supplied the data that

restrict the use and disclosure of such data.  Subject to and without waiving these objections,

McKesson states that it will produce mutually agreed upon U&C pricing data from the

RelayHealth database, following contractually-required notice to the third parties that supplied

the data and resolution of any objections interjected by those third parties.  Any such production

will be further subject to and conditioned on an agreement with plaintiffs to share the expense of

data extraction, processing, and certification for HIPAA compliance.

**DOCUMENT REQUEST NO. 3:**

All documents concerning the business of Your Auto-Rx-Net service or any other
McKesson affiliated service, program or application that assists pharmacies in setting their U&C
prices.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

McKesson's general objections are incorporated by this reference.  In addition,

McKesson objects to this request as argumentative to the extent that it erroneously assumes that

McKesson owns the Auto-Rx-Net service.  McKesson further objects to this request as overly

broad and unduly burdensome to the extent that it seeks the production of documents neither

relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery

of admissible evidence.  McKesson further objects to this request as vague and ambiguous.

Subject to and without waiving these objections, McKesson states that it will produce non-

privileged documents that it identifies after a reasonably diligent search concerning the

functionality of the Auto-Rx-Net product sold by Rx-Net or the functionality of any software

product sold by McKesson to the extent that such product can be used by pharmacies in setting

U&C prices.

**DOCUMENT REQUEST NO. 4:**

All documents concerning the design; [sic] implementation or maintenance of Your
Auto-Rx-Net service, including all communications with Your partner Rx-Net, Inc. regarding the
same.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

McKesson's general objections are incorporated by this reference.  In addition, McKesson objects to this request as argumentative to the extent that it erroneously assumes that McKesson owns the Auto-Rx-Net service.  McKesson further objects to this request as overly broad and unduly burdensome to the extent that it seeks the production of documents neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, McKesson states that it will produce non-privileged documents that it identifies after a reasonably diligent search concerning communications with Rx-Net regarding the Auto-Rx-Net product.

**DOCUMENT REQUEST NO. 5:**

All documents concerning the correlation between U&C prices and AWP; [sic] wholesaler list prices and/or Third-Party Reimbursement amounts for brand drugs, including all communications with Your partner Rx-Net, Inc. regarding the same.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

McKesson's general objections are incorporated by this reference.  In addition, McKesson objects to this request as vague, ambiguous, and unintelligible as written.  McKesson further objects to this request as vague and ambiguous in its use of the word "correlation." McKesson further objects to this request as overly broad and unduly burdensome to the extent that it seeks the production of documents neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, McKesson states that it will produce non-privileged documents that it identifies after a reasonably diligent search concerning communications with Rx-Net regarding any relationship between U&C prices and AWP, wholesaler list prices, and/or Third-Party Reimbursements for brand name prescription drugs.

**DOCUMENT REQUEST NO. 6:**

All communications between McKesson and/or Morrison and Foerster regarding this litigation, and any third party or trade association.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

McKesson's general objections are incorporated by this reference. In addition, McKesson objects to this request as unintelligible as written. McKesson further objects to this request as seeking discovery outside the scope of the Court's Scheduling Order, since it is not directed to "new issues raised by the Usual & Customary Class in the Third Amended Complaint." McKesson further objects to this request to the extent it seeks the production of communications between McKesson and its legal counsel that are protected by the attorney-client privilege and the work product doctrine.


McKesson Corporation
By its attorneys:

/s/ Paul Flum
Paul Flum

Melvin R. Goldman (*pro hac vice*)            John Kiernan
Lori A. Schechter (*pro hac vice*)            Stephen E. Hughes
Paul Flum (*pro hac vice*)                    Bonner Kiernan Trebach & Crociata
Tiffany Cheung (*pro hac vice*)               200 Portland Street
Morrison & Foerster LLP                       Suite 400
425 Market Street                             Boston, MA 02114
San Francisco, CA 94105-2482                  Telephone: (617) 426-3900
Telephone:  (415) 268-7000                    Facsimile: (617) 426-0380
Facsimile:  (415) 268-7522
PaulFlum@mofo.com

Dated:  February 21, 2008

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document was served on February 21, 2008 as follows:

**Via E-mail**

| | |
|---|---|
| Steve W. Berman<br>Barbara Mahoney<br>Carrie Flexer<br>steve@hbsslaw.com<br>barbaram@hbsslaw.com<br>Carrie@hbsslaw.com | Sheila Birnbaum<br>Thomas Fox<br>John Kern<br>Matthew Matule<br>Mark Redman<br>sbirnbau@skadden.com<br>tfox@skadden.com<br>jkern@manatt.com<br>mmatule@skadden.com<br>mredman@hearst.com |
| *Counsel for Plaintiffs* | *Counsel for First DataBank* |

/s/ Paul Flum
Paul Flum

# Exhibit C

**From:** Flum, Paul
**Sent:** Tuesday, March 04, 2008 6:11 PM
**To:** 'Barbara Mahoney'
**Cc:** Steve Berman; Nick Styant-Browne; Jon Soderlund; Calia, Kevin
**Subject:** RE: discovery conference

Barbara,

I have a few points of clarification regarding your summary of our call yesterday.

1.  (Request No. 2)  Although RelayHealth subscribers submit data using standard NCPDP fields, I advised you that not all of the fields in the RelayHealth database are populated.  That is because not all fields are included in subscribers' submissions.  As as result, the RelayHealth database does not have "all of" the NCPDP fields, as stated in your email.  I will let you know if any of the fields you identify in response to our call are not populated in the database.

2.  (Request No. 2)  Your email states that "McKesson is willing to negotiate" with the large retail pharmacies that are the source for approximately 90% of the pricing data in the RelayHealth database to allow McKesson to produce their data.  To be clear, I did not refer to a "negotiation."  What I said was that McKesson would provide the notice that is required by contract to these large retail pharmacies, which is a necessary condition before the data can be produced.

3.  (Request Nos. 3-5)  Your email states that I represented that I am not aware "of any part of McKesson's business that dealt with U&C pricing."  This is similar to what I said during our call, but, to avoid any ambiguity, I reiterate my comments from yesterday:  U&C pricing is not McKesson's business and I would not know where else to look for responsive documents beyond the documents that McKesson has agreed to produce (*i.e.*, communications with Rx-Net regarding the Auto-Rx-Net product and documents regarding the functionality of the Auto-Rx-Net product).  As your email correctly states, I told you that I am not aware of any other documents maintained by McKesson concerning a purported correlation between U&C prices and AWP, wholesaler list, or third party reimbursements.

As to your question about timing, we will be in a better position to provide a time estimate after we agree on which fields will be extracted from the RelayHealth database.

Paul

---

**From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
**Sent:** March 04, 2008 9:52 AM
**To:** Flum, Paul
**Cc:** Steve Berman; Nick Styant-Browne; Jon Soderlund
**Subject:** discovery conference

Paul,
As a result of our conference this afternoon we were able to resolve or at least clarify the concerns we had with your responses and objections to our discovery requests. The following summarizes our understanding of the discussion and the points on which we were able to reach agreement:

Regarding our Request No. 1, you agreed to produce documents describing the general nature of RelayHealth's switching business.  We also asked for documents that explain how RelayHelath has U&C data.  You represented that you did not believe that there such documents exist, but you would make a reasonable effort to verify this and produce them if they do exist.

With respect to Request No. 2, you represented that RelayHealth is the only switching business that McKesson owns and therefore your response would be limited to RelayHealth's database. You further represented that the RelayHealth database has all of the NCPDP fields and suggested that we confer with our expert to determine which fields would be most useful, e.g. NDC; pharmacy; date of dispensing; etc. You also advised us that the database is quite large and that the cost and the amount of time involved in producing this data would increase relative to the number of fields that we chose. You additionally stated that you would not be able to produce the RelayHealth database itself due to both the HIPPA requirements as well as the size of the database. Additionally, HIPPA requirements would also necessitate in some instances an aggregation of information, whenever it necessary to protect against disclosure of the identity of the patient based on the purchase information, e.g. in the case of a rarely dispensed NDC. In such cases it was your understanding that McKesson would protect the patient's identity by aggregating the data, for example, by the week or month or by zipcode, as needed. Additionally, you stated that the sources of 90% of RelayHealth's pricing data are from a few dozen of the top retail chains in the country. You represented that McKesson is willing to negotiate with these large chains to allow it to produce their data. However, the remaining 10% of the data comes from thousands of mostly independent pharmacies. In some instances RelayHealth's contract with these pharmacies does not require that it provide them with prior notice if it is producing their data. Where this is the case, you represented that McKesson would be able to provide this data. In other instances, where the pharmacies required prior notice, you represented that it would be too burdensome to negotiate with potentially hundreds or thousands of pharmacies and that you did not intend to include this data in your production.

With respect to Request Nos. 3-5, relating to the Auto-Rx service and documents correlating U&C prices to other prices. You represented that you will produce documents McKesson has pertaining to the Auto-Rx-servce, including communications with Rx-Net and documents pertaining to the function of the Auto-Rx service. You further represented that you were not aware of any part of McKesson's business that dealt with U&C pricing or that McKesson has any documents other than the above identified categories concerning the correlation between U&C prices and either AWP or wholesaler list prices or third-party reimbursement amounts.

With respect to Request No. 6, you objected that the request is not clearly stated and that to the extent that we requested communications with third parties or trade organizations about this litigation, it is outside the scope of the Court's order on U&C discovery.

Please let us know if your understanding of our discussion materially differs from this summary.

Finally, in light of the upcoming deadline to file our class cert brief, how soon would you be able to produce the documents?

Barbara

# Exhibit D

**From:**         Flum, Paul
**Sent:**         Thursday, March 13, 2008 3:58 PM
**To:**           Barbara Mahoney
**Cc:**           Nick Styant-Browne
**Subject:**      RE: New England Carpenters v. FDB

**Attachments:**  NCPDP Data Dictionary.pdf


NCPDP Data
Dictionary.pdf (9 M...

Barbara,

I look forward to receiving the U&C plaintiffs' documents that you are aiming to produce this week.  As I mentioned, we need to see the documents before our call on Monday, so that we can evaluate the adequacy of plaintiffs' responses to interrogatory no. 1.

On the RelayHealth front, I've attached a list of the NCPDP field definitions that you requested. Because the fields that RelayHealth receives vary depending on the reporting requirements of the contracts between the pharmacies and the PBMs responsible for each particular transaction, some NCPDP fields are not populated in the database at all, while others are not populated on a consistent basis.

Given that variability, I'd like to make the following proposal.  We have identified six fields that will give you reported U&C prices on a transaction level (and that do not appear to involve protected health information under HIPAA, such as patient name, address, date of birth, social security number, etc.).  I've also confirmed that these six fields are populated in the RelayHealth database more than 98% of the time.  The six fields are:

```
B1    D1_date_of_service            401-D1
B1    D7_product_service_id         407-D7
B1    DQ_usual_and_customary_charge 426-DQ
B1    E7_quantity_dispensed         442-E7
      Pharmacy ID (derived NABP)    Generated by RelayHealth
      Pharmacy ZIP                  Generated by RelayHealth
```

We propose extracting and producing these six fields, which will permit calculation of reported U&C prices at the individual prescription level.  While we expect that the vast majority of these data will be produced transaction by transaction, it is possible that individual transactions for infrequently prescribed drugs might need to be aggregated for HIPAA compliance purposes.

Assuming plaintiffs agree to this approach, we will also need to agree on the list of NDCs to be included in the data pull.  Once we've worked out these details, I will have RelayHealth generate a cost estimate for the data extraction.

Please let me know how you'd like to proceed.

Paul

_____

From: Barbara Mahoney [mailto:barbaram@hbsslaw.com]
Sent: March 10, 2008 2:45 PM
To: Flum, Paul
Cc: Nick Styant-Browne
Subject: RE: New England Carpenters v. FDB

Paul,
We are working diligently with our clients to obtain responsive documents and aim to produce them this week.

With respect to the RelayHealth data could you please send a list of available fields and if possible, field definitions?  Our expert is generally familiar with the NCPDP fields but would need to know more specifics before making an informed decision.

Barbara

_____

From: Flum, Paul [mailto:PaulFlum@mofo.com]
Sent: Monday, March 10, 2008 12:29 PM
To: Barbara Mahoney
Cc: Nick Styant-Browne
Subject: RE: New England Carpenters v. FDB

Let's do the call at 2 p.m., Monday, March 17.  We'll call you.

Also, since you are relying on FRCP 33(d) in your response to Interrogatory No. 1, we will need to see the documents that you assert contain the responsive information to be able to evaluate the adequacy of plaintiffs' response.  Please produce those documents this week.

Paul

_____

From: Barbara Mahoney [mailto:barbaram@hbsslaw.com]
Sent: March 10, 2008 9:49 AM
To: Flum, Paul
Cc: Nick Styant-Browne
Subject: RE: New England Carpenters v. FDB

Paul,
We are available anytime next Monday or Tuesday (3.17 or 3.18).

Barbara

_____

From: Flum, Paul [mailto:PaulFlum@mofo.com]
Sent: Friday, March 07, 2008 5:36 PM
To: Barbara Mahoney
Subject: New England Carpenters v. FDB

Barbara,

What days are you available next week to meet and confer about plaintiffs' interrogatory responses and responses to McKesson requests for production of documents?

Paul

=======================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=======================================================================

This message contains information which may be confidential and privileged. Unless you are
the addressee (or authorized to receive for the addressee), you may not use, copy or
disclose to anyone the message or any information contained in the message. If you have
received the message in error, please advise the sender by reply e-mail @mofo.com, and
delete the message.
=======================================================================

# Exhibit E
# Part 1

# DATA DICTIONARY

*This document provides the data element definitions that have been defined and approved by the Maintenance and Control Work Group. The definitions support the various file and telecommunications formats that have been approved by the NCPDP membership.*

September, 1999

National Council for Prescription Drug Programs
42Ø1 North 24th Street, Suite 365
Phoenix, AZ 85Ø16-6268

Phone: (6Ø2) 957-91Ø5
Fax:    (6Ø2) 955-Ø749
e-mail: ncpdp@ncpdp.org



# DATA DICTIONARY

**Published by:**
**National Council for Prescription Drug Programs**

**Copyright © 1999**
**June 1999**
**August 1999**
**September 1999**

**All rights reserved.**
**No part of this manual may be reproduced in any form**
**or by any means without permission in writing from:**

**National Council for Prescription Drug Programs**
**42Ø1 North 24th Street, Suite 365**
**Phoenix, AZ  85016-6268**
**(6Ø2) 957-91Ø5**
**(602) 955-0749 fax**
**ncpdp@ncpdp.org**

NCPDP recognizes the confidentiality of certain information exchanged electronically through the use of its standards. Users should be familiar with the federal, state, and local laws, regulations and codes requiring confidentiality of this information and should utilize the standards accordingly.

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | DATA ELEMENTS | 3 |
| III. | Appendix A - ALPHABETIC CROSS REFERENCE | 73 |
| IV. | Appendix B - NUMERIC CROSS REFERENCE | 81 |
| V. | Appendix C - OLD FIELD NAME CROSS REFERENCE | 89 |
| VI. | Appendix D - NEW FIELD NAME CROSS REFERENCE | 90 |
| VII. | Appendix E - DELETED DATA ELEMENTS NOT SUPPORTED IN VERSION 5.Ø | 91 |
| VIII. | Appendix F - VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD | 92 |
| IX. | Appendix G - VERSION 1.Ø REJECT CODES FOR PAYMENT TAPE | 98 |
| X. | Appendix H - VERSION 2.Ø REJECT CODES FOR PAYMENT TAPE | 99 |
| XI. | Appendix I - VERSION 3.Ø REJECT CODES FOR PAYMENT TAPE | 102 |
| XII. | Appendix J - TELECOMMUNICATION PHASES WITH FLOW CHARTS | 105 |
| XIII. | Appendix K - PRODUCT/SERVICE QUALIFIER | 107 |
| XIV. | Appendix L - UNITED STATES AND CANADIAN PROVINCE POSTAL SERVICE ABBREVIATIONS | 109 |
| XV. | Appendix M – VERSION MODIFICATIONS | 110 |
| A. | TELECOMMUNICATION STANDARD VERSION 5 RELEASE 1 – SEPTEMBER 1999 | 110 |

# I.  INTRODUCTION

Presented in this document are the data element definitions that have been defined and approved by the Maintenance and Control (MC) Work Group of the National Council for Prescription Drug Programs (NCPDP).  The definitions support the various file and telecommunication formats that have been approved by the NCPDP membership.

The data element definitions should be used by all persons who want to know when, where and how specific data elements are used in the approved file formats.  If you are unable to locate a data element refer to Appendix C - Old Field Name Cross Reference or Appendix D - New Field Name Cross Reference.  The Comments/Examples column provides the Segment(s) in which the data elements appear for the Telecommunication Standard Version 5.

Various appendices provide lists of reject (and adjustment) codes and standard abbreviations for state codes.  In addition, a cross reference for Field Name changes has been provided.

**NOTE:  APPENDIX M – VERSION MODIFICATIONS PROVIDES A LISTING OF ALL APPROVED CHANGES FOR ALL STANDARDS.  THE UPDATES INCLUDE ALL MODIFICATIONS MADE SINCE THE LAST QUARTERLY PUBLICATION OF THE DATA DICTIONARY AND APPEAR IN BOLD PRINT.**

Changes or additions to the NCPDP Data Dictionary Data Element Definitions should be submitted on a Data Element Request Form (DERF).  The process for submitting, reviewing, approving and implementing data element changes is described in this document.  For a copy of the most current DERF form please contact the Council office.  Refer to the DERF for instructions on completing and submitting the form.

The MC Maintenance and Control Work Group meets quarterly at the Joint Technical Work Group Meetings to consider requests for the addition and/or modification of data elements.  Additions and modifications that have been approved by the membership at large will be published quarterly.  NCPDP pledges its commitment to maintain, modify, enhance and disseminate information pertaining to the Data Dictionary consistent with the goals of the organization and its membership.

## STANDARD FORMATS KEY (THROUGHOUT DOCUMENT)

| | | | | | |
|---|---|---|---|---|---|
| B | = | Batch Standard | T | = | Telecommunication |
| C | = | Claims Billing Tape Format | M | = | Member Enrollment |
| D | = | Diskette Billing Format | R | = | Manufacturer Rebate |
| F | = | Prior Authorization | U | = | Universal Direct Reimbursement Claim Form |
| P | = | Claim Payment Tape Format | | | |

## FIELD FORMAT VALUES

The following field format values are supported.

"N" = Unsigned Numeric, always right justified, zero filled and when used for dollar fields, have default values of *zeros.*

    Example:        9(7)v999 represents 9999999999

"D" = Signed Numeric, sign is internal and trailing (see section ***Internal Representation of Overpunch Signs***), zero always positive, always right justified, zero filled dollar-cents amount with 2 positions to the right of the implied decimal point, all other positions to the left of the implied decimal point and when used for dollar fields, have default values of *zeros.*

Example:      "D" fields of length 8 represent $$$$$$cc

"A/N" = Alpha/Numeric, upper case when alpha, always left justified, space filled, upper case, printable characters and default values of *spaces*

Example:      x14 represents "1234ABC44*bbbbb*"

"NX" = Numeric Extended, are always right justified and zero filled, with the right most position reserved for the sign. The field must be blank when not reported. The symbol "b" indicates a "blank" or a "positive" value. The symbol "-" indicates a negative value. Zeros represent a valid numeric value and do not mean "null". All decimals are implied not explicit.

Example:      9999v99- represents a negative 9999.99
                     9999v99b represents a positive 9999.99

There are certain data fields that allow an explicit decimal point in the Alpha/Numeric representation. See ***Implementation Guide*** for decimal discussion for specific data elements.

INTERNAL REPRESENTATION OF OVERPUNCH SIGNS

| UNITS | | SIGNED POSITIVE | | | | SIGNED NEGATIVE | | | |
|---|---|---|---|---|---|---|---|---|---|
| Digit | Graphics | Oct | Dec | Hex | | Graphics | Oct | Dec | Hex |
| Ø | { | 173 | 123 | 7B | | } | 175 | 125 | 7D |
| 1 | A | 1Ø1 | 65 | 41 | | J | 112 | 74 | 4A |
| 2 | B | 1Ø2 | 66 | 42 | | K | 113 | 75 | 4B |
| 3 | C | 1Ø3 | 67 | 43 | | L | 114 | 76 | 4C |
| 4 | D | 1Ø4 | 68 | 44 | | M | 115 | 77 | 4D |
| 5 | E | 1Ø5 | 69 | 45 | | N | 116 | 78 | 4E |
| 6 | F | 1Ø6 | 7Ø | 46 | | O | 117 | 79 | 4F |
| 7 | G | 1Ø7 | 71 | 47 | | P | 12Ø | 8Ø | 5Ø |
| 8 | H | 11Ø | 72 | 48 | | Q | 121 | 81 | 51 |
| 9 | I | 111 | 73 | 49 | | R | 122 | 82 | 52 |

**NOTE: If you are not implementing Telecommunication Version 5.Ø or higher, please refer to the appropriate data dictionary version to ensure the appropriate field length and definitions are applied.**

Any questions regarding the content or the intent of the information presented herein should be addressed to the Council office:

National Council for Prescription Drug Programs
42Ø1 North 24th Street, Suite 365
Phoenix, AZ 85Ø16-6268
Phone      (6Ø2) 957-91Ø5
Fax        (6Ø2) 955-Ø749
Email     ncpdp@ncpdp.org

## II.    DATA ELEMENTS

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|--------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 512-FC | Accumulated Deductible Amount | Amount in dollars met by the patient/family in a deductible plan. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Examples: The deductible amount on the patient's plan is $1ØØ.ØØ. The patient purchases two prescriptions, one for $15.ØØ and another for $35.ØØ. The accumulated deductible at that point would be $5Ø.ØØ. This field would reflect: 5ØØ{.<br><br>RESPONSE PRICING SEGMENT. |
| 711 | Action Code | Processing action requested. | x(1) | M | 1 | A=Add<br>C=Change<br>R=Reinstate<br>T=Terminate<br>P=Purge<br><br>Add - Member is being added as new member to the group and/or processor control number. If the member was previously in a different group and changes to a new one, this would be an add with a new effective date.<br><br>Change - One or more data elements for the member within the group is changing. This does not include changes to eligibility dates which are reinstating or terminating the member.<br><br>Reinstate - The member, within the group, was previously terminated. This transaction makes the member eligible again.<br><br>Terminate - The last day of coverage for the member, within the group. If the member is changing groups, the records are provided:<br>(1) Terminate in previous group<br>(2) Add in new group with or without lapse in coverage<br><br>Purge - Record is erroneous, remove from file. Not to be used to terminate. Only to be used to remove incorrect records. | |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 526-FQ | Additional Message Information | Free text message. | x(1)-x(2ØØ) | T | 2ØØ | | <u>Comments:</u> The maximum length of field is 2ØØ characters. This field can be used as an extension of data field 5Ø4. <br><br>RESPONSE STATUS SEGMENT. |
| 726 | Address Line 1 | First line of address information. | x(3Ø) | M,R | 3Ø | | <u>Comments:</u> First line of street address of member. May be only line of address. |
| 727 | Address Line 2 | Second line of address information. | x(3Ø) | M,R | 3Ø | | <u>Comments:</u> Second line of street address of member. Used only if first line will not accommodate a complete address. |
| 6ØØ-57 | Adjudicator ID Code | Code identifying the adjudicator. | x(17) | R | 17 | | |
| 6ØØ-58 | Adjudicator ID Qualifier | Identifies the type of code being submitted in the Adjudicator ID Code field. | x(1) | R | 1 | C=Contracting Organization (PMO) assigned ID number <br> D=DEA Number <br> F=Federal Tax ID Number <br> H=HIBCC HIN <br> M=Manufacturer (PICO) assigned ID number <br> P=National Provider ID (NPI) <br> T=Telephone number <br> Z=Mutually agreed upon number | |
| 6ØØ-59 | Adjudicator Name | The name of the adjudicator. | x(3Ø) | R | 3Ø | | |
| 8Ø1-5A | Adjustment/Reject Code-1 | This code indicates the reason for adjustment or reject. | x(2) | P | 2 | <u>See Appendix G,H,I - Reject Code Listing</u> | |
| 8Ø2-1A | Adjustment/Reject Code-2 | This code indicates the reason for adjustment or reject. | x(2) | P | 2 | <u>See Appendix G,H,I - Reject Code Listing</u> | |
| 8Ø3-1B | Adjustment/Reject Code-3 | This code indicates the reason for adjustment or reject. | x(2) | P | 2 | <u>See Appendix G,H,I - Reject Code Listing</u> | |
| 33Ø-CW | Alternate ID | Person identifier to be used for controlled product reporting. Identifier may be that of the patient or the person picking up the prescription as required by the governing body. | x(2Ø) | T | 2Ø | | REQUEST CLAIM SEGMENT. |
| 723 | Alternate ID Code | Indicates type of alternate ID. | x(1) | M | 1 | S=Survivor <br> X=Cross Reference | <u>Comments:</u> Identifies surviving spouse/dependent, or cross references Cardholder ID Number. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 724 | Alternate ID Number | Alternate ID number assigned to the cardholder or family member. | x(18) | M | 18 | | <u>Comments:</u> Alternate ID number identifying member. |
| 725 | Alternate Person Code | Alternate person code assigned to family members. | x(3) | M | 3 | | |
| 872-3Z | Amount Adjusted | The new amount that has been attributed to a claim after an adjustment has been processed. | s9(4)v99 | P | 6 | | Format=s$$$$cc |
| 517-FH | Amount Applied To Periodic Deductible | Amount to be collected from a patient that is included in 'Patient Pay Amount' (5Ø5-F5) that is applied to a periodic deductible. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br><u>Examples:</u> A patient has a $5Ø.ØØ deductible to meet. The patient's first prescription costs $95.ØØ. The amount applied to the periodic deductible would reflect $50.ØØ. This field would reflect: 5ØØ{.<br><br>A patient has a $1ØØ.ØØ deductible to meet. The patient has previously met $8Ø.ØØ of the deductible. The next prescription purchased costs $42.ØØ The amount applied to the periodic deductible would reflect $2Ø.ØØ. This field would reflect: 2ØØ{.<br><br>RESPONSE PRICING SEGMENT. |
| 519-FJ | Amount Attributed To Product Selection | Amount to be collected from the patient that is included in 'Patient Pay Amount' (5Ø5-F5) that is due to the patient's selection of drug product. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br><u>Examples:</u> The patient chooses a brand drug instead of the generic. The plan design for the patient's benefit package requires that the patient must pay the difference between the prescribed drug price and the preferred drug price. If the difference is $17.54, this field would reflect: 175D.<br><br>RESPONSE PRICING SEGMENT. |
| 523-FN | Amount Attributed To Sales Tax | Amount to be collected from the patient that is included in 'Patient Pay Amount' (5Ø5-F5) that is due to sales tax paid. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br><u>Examples:</u> The patient may be required to pay some portion of the sales tax on a prescription. If the patient pays 1.5% of the sales tax on a $5Ø.ØØ prescription, this field would reflect: 7E.<br><br>RESPONSE PRICING SEGMENT. |

**DATA DICTIONARY**

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 8Ø4-5B | Amount Billed | The submitted amount billed for each prescription. | s9(4)v99 | C,D,P | 6 | | Format=s$$$$cc |
| 52Ø-FK | Amount Exceeding Periodic Benefit Maximum | Amount to be collected from the patient that is included in 'Patient Pay Amount' (5Ø5-F5) that is due to the patient exceeding a periodic benefit maximum. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Examples: The patient is allowed a specific benefit amount. When the maximum benefit amount is exceeded, the remainder of the prescription price is added to the amount the patient pays in field 5Ø5-F5. If the amount exceeded is $32.56, this field would reflect: 325F.<br><br>RESPONSE PRICING SEGMENT. |
| 518-FI | Amount Of Copay/ Coinsurance | Amount to be collected from the patient that is included in 'Patient Pay Amount' (5Ø5-F5) that is due to a per prescription copay/coinsurance. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Examples: If the patient's copay is $5.ØØ, but they have also met a deductible in the same transaction, this field may not be the same as the amount in field 5Ø5-F5. This field would reflect: 5Ø{.<br><br>RESPONSE PRICING SEGMENT. |
| 876-FB | Amount Paid | The amount paid on the claim. | s9(4)v99 | P | 6 | | Format=s$$$$cc |
| 8Ø5-1C | Amount Rejected | Amount rejected by processor for prescription. | s9(4)v99 | P | 6 | | Format=s$$$$cc |
| 548-6F | Approved Message Code | Message code, on an approved claim/service, communicating the need for an additional follow-up. | x(3) | T | 3 | Blank=Not Specified<br>ØØ1=Generic Available<br>ØØ2=Non-Formulary Drug<br>ØØ3=Maintenance Drug | RESPONSE STATUS SEGMENT. |
| 547-5F | Approved Message Code Count | Count of the 'Approved Message Code' (548-6F) occurrences. | 9(1) | T | 1 | | RESPONSE STATUS SEGMENT. |
| 457-EP | Associated Prescription/ Service Date | Date of the Associated Prescription/Service Reference Number. | 9(8) | T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>REQUEST CLAIM SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 456-EN | Associated Prescription/ Service Reference Number | Related 'Prescription/Service Reference Number' (4Ø2-D2) to which the service is associated. | 9(7) | T | 7 | | REQUEST CLAIM SEGMENT. |
| 5Ø3-F3 | Authorization Number | Number assigned by the processor to identify an authorized transaction. | x(2Ø) | F,T | 2Ø | | REQUEST PRIOR AUTHORIZATION SEGMENT. RESPONSE STATUS SEGMENT. |
| 498-PH | Authorized Representative City Address | Free-form text for city name. | x(2Ø) | F,T | 2Ø | | Comments: Required by some plans to capture this information, if applicable. REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 498-PE | Authorized Representative First Name | First name of the patient's authorized representative. | x(12) | F,T | 12 | | Comments: Required by some plans to capture this information, if applicable. REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 498-PF | Authorized Representative Last Name | Last name of the patient's authorized representative. | x(15) | F,T | 15 | | Comments: Required by some plans to capture this information, if applicable. REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 498-PJ | Authorized Representative State/Province Address | Standard State/Province code as defined by appropriate government agency. | x(2) | F,T | 2 | See Appendix L - United States and Canadian Province Postal Service Abbreviations | Comments: Required by some plans to capture this information, if applicable. REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 498-PG | Authorized Representative Street Address | Free-form text for address information. | x(3Ø) | F,T | 3Ø | | Comments: Required by some plans to capture this information, if applicable. REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 498-PK | Authorized Representative Zip/Postal Zone | Code defining international postal zone excluding punctuation and blanks (zip code for US). | x(15) | F,T | 15 | | Comments: Required by some plans to capture this information. This left-justified field contains the five-digit zip code, and may include the four-digit expanded zip code in which the patient's authorized representative is located. REQUEST PRIOR AUTHORIZATION SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 347-HJ | Basis Of Calculation-Copay | Code indicating how the reimbursement amount was calculated for 'Patient Pay Amount'(5Ø5-F5). | x(2) | T | 2 | Blank=Not Specified<br>ØØ=Not Specified<br>Ø1=Quantity Dispensed<br>Ø2=Quantity Intended To Be Dispensed<br>Ø3=Usual & Customary/Prorated<br>Ø4=Waived Due To Partial Fill<br>99=Other | RESPONSE PRICING SEGMENT. |
| 346-HH | Basis Of Calculation-Dispensing Fee | Code indicating how the reimbursement amount was calculated for 'Dispensing Fee Paid' (5Ø7-F7). | x(2) | T | 2 | Blank=Not Specified<br>ØØ=Not Specified<br>Ø1=Quantity Dispensed<br>Ø2=Quantity Intended To Be Dispensed<br>Ø3=Usual & Customary/Prorated<br>Ø4=Waived Due To Partial Fill<br>99=Other | RESPONSE PRICING SEGMENT. |
| 348-HK | Basis Of Calculation-Flat Sales Tax | Code indicating how the reimbursement amount was calculated for 'Flat Sales Tax Amount Paid' (558-AW). | x(2) | T | 2 | Blank=Not Specified<br>ØØ=Not Specified<br>Ø1=Quantity Dispensed<br>Ø2=Quantity Intended To Be Dispensed | RESPONSE PRICING SEGMENT. |
| 349-HM | Basis Of Calculation-Percentage Sales Tax | Code indicating how the reimbursement amount was calculated for 'Percentage Sales Tax Amount Paid' (559-AX). | x(2) | T | 2 | Blank=Not Specified<br>ØØ=Not Specified<br>Ø1=Quantity Dispensed<br>Ø2=Quantity Intended To Be Dispensed | RESPONSE PRICING SEGMENT. |
| 423-DN | Basis Of Cost Determination | Code indicating the method by which 'Ingredient Cost Submitted' (Field 4Ø9-D9) was calculated. | x(2) | C,T | 2 | Blank=Not Specified<br>ØØ=Not Specified<br>Ø1=AWP (Average Wholesale Price)<br>Ø2=Local Wholesaler<br>Ø3=Direct<br>Ø4=EAC (Estimated Acquisition Cost)<br>Ø5=Acquisition<br>Ø6=MAC (Maximum Allowable Cost)<br>Ø7=Usual & Customary<br>Ø9=Other | REQUEST PRICING SEGMENT. |
| 432-DW | Basis Of Days Supply Determination | Code indicating the method by which the days supply was determined. | 9(1) | C,D,P | 1 | Ø=Not specified<br>1=Explicit directions<br>2=PRN directions (take as needed pharmacist estimate)<br>3=As directed by physician | |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 522-FM | Basis Of Reimbursement Determination | Code identifying how the reimbursement amount was calculated for 'Ingredient Cost Paid' (5Ø6-F6). | 9(2) | T | 2 | Ø=Not Specified<br>1=Ingredient Cost Paid as Submitted<br>2=Ingredient Cost Reduced to AWP Pricing<br>3=Ingredient Cost Reduced to AWP Less X% Pricing<br>4=Usual & Customary Paid as Submitted<br>5=Paid Lower of Ingredient Cost Plus Fees Versus Usual & Customary<br>6=MAC Pricing Ingredient Cost Paid<br>7=MAC Pricing Ingredient Cost Reduced to MAC<br>8=Contract Pricing<br>9=Acquisition Pricing | RESPONSE PRICING SEGMENT. |
| 498-PD | Basis Of Request | Code describing the reason for prior authorization request. | x(2) | F,T | 2 | ME=Medical Exception<br>PR=Plan Requirement<br>PL=Increase Plan Limitation | <u>Comments:</u> Used by processor to determine appropriate modules and editing for the prior authorization transaction.<br><br>REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 8Ø6-5C | Batch Number | This number is assigned by the processor/sender. | 9(5) | B,C,D,P | 5 | | Format=YYDDD<br><br>YY=Year<br>DDD=Julian date<br><br><u>Examples:</u> 92252=Sept. 8, 1992 |
| 1Ø1-A1 | BIN Number | Card Issuer ID or Bank ID Number used for network routing. | 9(6) | T | 6 | | <u>Comments:</u> Each processor will need to have a BIN assigned by:<br><br>American National Standards Institute<br>11 West 42nd Street<br>New York, NY 1ØØ36<br>(212) 642-49ØØ<br><br>REQUEST REQUIRED TRANSACTION SEGMENT. |
| 6ØØ-6Ø | Branded Generic Co-Pay Confidential | Indicates whether or not the branded generic co-pay is confidential; does not imply that the branded or generic product co-pay amount fields are reported. | x(1) | R | 1 | N=No<br>Y=Yes | |
| 6ØØ-61 | Branded Product Co-Pay Amount | The amount of the co-pay for the branded product. | 9(3)v99*b*<br>or<br>9(3)v99- | R | 6 | | Format=999v99*b* or 999v99-<br><br>Note:<br>*b* = Space<br>- = Negative sign |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 6Ø0-62 | Calculation Multiplier | Represents an actuarial multiplier that a PMO may use to determine the contracting organization (PMO) total lives covered. | 9(3)v99*b* or 9(3)v99- | R | 6 | | Format=999v99*b* or 999v99-<br><br>Note:<br>*b* = Space<br>- = Negative sign |
| 741 | Cardholder Coverage Indicator | Identifying if the cardholder is covered for Rx benefit. | x(1) | M | 1 | N=No<br>Y=Yes | |
| 312-CC | Cardholder First Name | Individual first name. | x(12) | C,D,T | 12 | | Examples: John<br><br>REQUEST INSURANCE SEGMENT. |
| 3Ø2-C2 | Cardholder ID | Insurance ID assigned to the cardholder. | x(2Ø) | C,D,M,T | 2Ø | | REQUEST INSURANCE SEGMENT. |
| 313-CD | Cardholder Last Name | Individual last name. | x(15) | C,D,T | 15 | | Examples: Smith<br><br>REQUEST INSURANCE SEGMENT. |
| 8Ø7-1D | Carrier Address | Address of the carrier. | x(25) | P | 25 | | |
| 8Ø8-1E | Carrier Correction Notice Fields | On the payment tape format, this field represents items 45A-45E. | 9(3Ø) | P | 3Ø | | |
| 327-CR | Carrier ID | Carrier code assigned in Worker's Compensation Program. | x(1Ø) | T | 1Ø | | REQUEST WORKER'S COMPENSATION SEGMENT. |
| 8Ø9-1F | Carrier Location City | This field identifies the name of the city in which the carrier is located. | x(18) | P | 18 | | |
| 81Ø-1G | Carrier Location State | State of the carrier. | x(2) | P | 2 | See Appendix L - United States and Canadian Province Postal Service Abbreviations | |
| 811-1H | Carrier Name | Name of the carrier. | x(25) | P | 25 | | |
| 812-1I | Carrier Telephone Number | Telephone number of the carrier. | 9(1Ø) | P | 1Ø | | Format=AAAEEENNNN<br><br>AAA=Area Code<br>EEE=Exchange Code<br>NNNN=Number |
| 813-1J | Carrier Zip Code | Zip code of the carrier, expanded. | x(9) | P | 9 | | Comments: This left-justified field contains the five-digit zip code, and may include the four-digit expanded zip code in which the carrier is located. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 6ØØ-63 | Change Date | Identifies the date the change is effective. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 6ØØ-64 | Change Identifier | Identifies type of change being made. | x(1) | R | 1 | A=Addition<br>C=Change<br>D=Delete<br>R=Replace | |
| 728 | City | City in which member resides. | x(2Ø) | M,R | 2Ø | | |
| 814-5Ø | Claim Count | Total number of claims in the batch. | 9(5) | C,D,P | 5 | | Comments: This field is used for tape or diskette submission of claims. |
| 435-DZ | Claim/Reference ID | Identifies the claim number assigned by Worker's Compensation Program. | x(3Ø) | T | 3Ø | | REQUEST WORKER'S COMPENSATION SEGMENT. |
| 6ØØ-Ø1 | Client ID Code | Code identifying the client/location/unit of the contracting organization (PMO). | x(17) | R | 17 | | |
| 6ØØ-Ø2 | Client ID Code Qualifier | Code designating the system/method of code structure used for the Client ID Code. | x(2) | R | 2 | Refer to Manufacturer Rebate Standard Version 1.Ø and X12 Implementation Guide for values. | |
| 422-DM | Clinic ID Number | ID assigned to patient's clinic/host plan. | 9(5) | C,D,P | 5 | | Comments: Used by Blue Cross/Blue Shield. |
| 493-XE | Clinical Information Counter | Counter number of clinical information measurement set/logical grouping. | 9(1) | T | 1 | | Comments: Fields in the logical set/grouping may include:<br><br>'Measurement Date'(494-ZE)<br>'Measurement Time'(495-H1)<br>'Measurement Dimension' (496-H2)<br>'Measurement Unit'(497-H3)<br>'Measurement Value'(499-H4)<br><br>REQUEST CLINICAL SEGMENT. |
| 528-FS | Clinical Significance Code | Code identifying the significance or severity level of a clinical event as contained in the originating data base. | x(1) | T | 1 | Blank=Not Specified<br>1=Major<br>2=Moderate<br>3=Minor | RESPONSE DUR/PPS SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 815-1K | Comments-1 | Free format for instructions/ communications. | x(52) | P | 52 | | <u>Comments:</u> Used in pharmacy batch control record. |
| 816-1L | Comments-2 | Free format for instructions/ communications. | x(298) | C | 298 | | <u>Comments:</u> Used in tape batch control record. |
| 4Ø6-D6 | Compound Code | Code indicating whether or not the prescription is a compound. | 9(1) | C,D,P,T | 1 | Ø=Not Specified<br>1=Not a Compound<br>2=Compound | REQUEST CLAIM SEGMENT. |
| 451-EG | Compound Dispensing Unit Form Indicator | NCPDP standard product billing codes. | 9(1) | T | 1 | 1=Each<br>2=Grams<br>3=Milliliters | REQUEST COMPOUND SEGMENT. |
| 45Ø-EF | Compound Dosage Form Description Code | Dosage form of the complete compound mixture. | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Capsule<br>Ø2=Ointment<br>Ø3=Cream<br>Ø4=Suppository<br>Ø5=Powder<br>Ø6=Emulsion<br>Ø7=Liquid<br>1Ø=Tablet<br>11=Solution<br>12=Suspension<br>13=Lotion<br>14=Shampoo<br>15=Elixir<br>16=Syrup<br>17=Lozenge<br>18=Enema | REQUEST COMPOUND SEGMENT. |
| 49Ø-UE | Compound Ingredient Basis of Cost Determination | Code indicating the method by which the drug cost of an ingredient used in a compound was calculated. | x(2) | T | 2 | Blank=Not Specified<br>Ø1=AWP (Average Wholesale Price)<br>Ø2=Local Wholesaler<br>Ø3=Direct<br>Ø4=EAC (Estimated Acquisition Cost)<br>Ø5=Acquisition<br>Ø6=MAC (Maximum Allowable Cost)<br>Ø7=Usual & Customary<br>Ø9=Other | REQUEST COMPOUND SEGMENT. |
| 447-EC | Compound Ingredient Component Count | Count of compound product IDs (both active and inactive) in the compound mixture submitted. | 9(2) | T | 2 | | REQUEST COMPOUND SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 449-EE | Compound Ingredient Drug Cost | Ingredient cost for the metric decimal quantity of the product included in the compound mixture indicated in 'Compound Ingredient Quantity' (Field 448-ED). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>REQUEST COMPOUND SEGMENT. |
| 448-ED | Compound Ingredient Quantity | Amount expressed in metric decimal units of the product included in the compound mixture. | 9(7)v999 | T | 1Ø | | Format=9999999.999<br><br>REQUEST COMPOUND SEGMENT. |
| 489-TE | Compound Product ID | Product identification of an ingredient used in a compound. | x(19) | T | 19 | | Comments: Qualified by 'Compound Product ID Qualifier' (488-RE).<br><br>REQUEST COMPOUND SEGMENT. |
| 488-RE | Compound Product ID Qualifier | Code qualifying the type of product dispensed. | x(2) | T | 2 | See Appendix K - Product/Service Qualifier | Comments: Qualifies 'Compound Product ID' (489-TE).<br><br>REQUEST COMPOUND SEGMENT. |
| 452-EH | Compound Route of Administration | Code for the route of administration of the complete compound mixture. | 9(2) | T | 2 | Ø=Not Specified<br>1=Buccal<br>2=Dental<br>3=Inhalation<br>4=Injection<br>5=Intraperitoneal<br>6=Irrigation<br>7=Mouth/Throat<br>8=Mucous Membrane<br>9=Nasal<br>1Ø=Ophthalmic<br>11=Oral<br>12=Other/Miscellaneous<br>13=Otic<br>14=Perfusion<br>15=Rectal<br>16=Sublingual<br>17=Topical<br>18=Transdermal<br>19=Translingual<br>2Ø=Urethral<br>21=Vaginal<br>22=Enteral | REQUEST COMPOUND SEGMENT. |
| 6ØØ-65 | Contracting Organization (PMO) Contract Number | Contract number assigned by the contracting organization. | x(15) | R | 15 | | |

Confidential Material for Distribution but Pending of others

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 6Ø0-66 | Contracting Organization (PMO) ID Code | ID code assigned by the contracting organization. | x(17) | R | 17 | | |
| 6Ø0-43 | Contracting Organization (PMO) Name | The name of the contracting organization. | x(3Ø) | R | 3Ø | | |
| 6Ø0-67 | Contracting Organization (PMO) Total Lives Covered | The total number of lives (the sum of enrollees and dependents or the product of enrollees and calculation multiplier) covered by the contracting organization. | 9(9)b or 9(9)- | R | 1Ø | | Format=999999999b or 999999999-<br><br>Note<br>b = space<br>- = negative sign |
| 337-4C | Coordination of Benefits/Other Payments Count | Count of other payment occurrences. | 9(1) | T | 1 | | <u>Comments:</u> Fields included in the set/logical grouping are:<br><br>'Other Payer Coverage Type' (338-5C)<br>'Other Payer ID Qualifier' (339-6C)<br>'Other Payer ID' (34Ø-7C)<br>'Other Payer Date' (443-E8)<br>'Other Payer Amount Paid' (431-DV)<br>or if rejected<br>'Other Payer Reject Count' (471-5E) and<br>'Other Payer Reject Code' (472-6E)<br><br>REQUEST COORDINATION OF BENEFITS/OTHER PAYMENTS SEGMENT. |
| 817-5E | Co-Pay Amount | The co-pay amount represents the total amount to be collected from the patient (member) or customer at the time the prescription is filled. | s9(4)v99 | C,D,P | 6 | | Format=s$$$$cc |
| 6Ø1-12 | Cost Index Point High Value | Cost index point high value if range of cost index point values is used. | 9(4)v99b or 9(4)v99- | R | 7 | | Format=9999v99b or 9999v99-<br><br>Note<br>b = Space<br>- = Negative sign |
| 6Ø1-13 | Cost Index Point Low Value | Cost index point low value if range of cost index point values is used. | 9(4)v99b or 9(4)v99- | R | 7 | | Format=9999v99b or 9999v99-<br><br>Note<br>b = Space<br>- = Negative sign |
| 731 | Country Code | Government codes for foreign country. | x(4) | M | 4 | | |
| 486-ME | Coupon Number | Unique serial number assigned to the prescription coupons. | x(15) | T | 15 | | REQUEST COUPON SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 485-KE | Coupon Type | Code indicating the type of coupon being used. | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Price Discount<br>Ø2=Free Product<br>99=Other | REQUEST COUPON SEGMENT. |
| 487-NE | Coupon Value Amount | Value of the coupon. | s9(6)v99 | T | 8 | | Format=s$$$$$$vcc<br><br>Examples: If the coupon value amount is $1Ø.ØØ, this field would reflect: 1ØØ{.<br><br>REQUEST COUPON SEGMENT. |
| 88Ø-K2 | Creation Date | Date the file was created. | 9(8) | B | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 88Ø-K3 | Creation Time | Time the file was created. | 9(4) | B | 4 | | Format: HHMM<br><br>HH=Hour<br>MM=Minute |
| 7Ø3 | Data Category | Identifies which types of enrollment transactions follow. only one type is permitted per enrollment file. Currently only member enrollment is supported. | x(1) | M | 1 | M=Member | |
| 6Ø1-31 | Data Level | The level of data being submitted. | x(2) | R | 2 | CI=Contracting organization pharmacy ID level<br>CN=Contracting organization NDC level<br>CP=Contracting organization prescription level<br>CZ=Contracting organization pharmacy zip code level<br>PI=Plan pharmacy ID level<br>PN=Plan NDC level<br>PP=Plan prescription level<br>PZ=Plan pharmacy zip code level<br>ZZ=Mutually agreed upon level | |
| 6Ø1-32 | Data Provider ID Code | Code assigned to identify the data provider. | x(17) | R | 17 | | |
| 6Ø1-33 | Data Provider Name | Name of the data provider. | x(3Ø) | R | 3Ø | | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 532-FW | Database Indicator | Code identifying the source of drug information used for DUR processing. | x(1) | T | 1 | Blank=Not Specified<br>1=First Databank<br>2=Medi-Span<br>3=Redbook<br>4=Processor Developed<br>5=Other | RESPONSE DUR/PPS SEGMENT. |
| 3Ø4-C4 | Date Of Birth | Date of birth of patient. | 9(8) | C,D,M,T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Examples: If a patient was born on July 27, 197Ø, this field would reflect: 197ØØ727.<br><br>REQUEST PATIENT SEGMENT. |
| 434-DY | Date Of Injury | Date on which the injury occurred. | 9(8) | T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Comments: This field is used primarily for Worker's Compensation Claims.<br><br>Examples: If injury occurred on July 1, 1999, field would reflect: 1999Ø7Ø1.<br><br>REQUEST WORKER'S COMPENSATION SEGMENT. |
| 4Ø1-D1 | Date Of Service | Identifies date the prescription was filled or professional service rendered. | 9(8) | C,D,P,R,T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Examples: If the prescription was dispensed on April 22, 2ØØØ, this field would reflect 2ØØØØ422.<br><br>REQUEST TRANSACTION HEADER SEGMENT.<br><br>RESPONSE HEADER SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 414-DE | Date Prescription Written | Date prescription was written. | 9(8) | C,D,T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Examples: For a prescription written on August 1, 1999, field would reflect: 1999Ø8Ø1.<br><br>REQUEST CLAIM SEGMENT. |
| 4Ø5-D5 | Days Supply | Estimated number of days the prescription will last. | 9(3) | C,D,R,T | 3 | | Examples: The prescription is estimated to last 3Ø days. This field would reflect: 3Ø.<br><br>REQUEST CLAIM SEGMENT. |
| 345-HG | Days Supply Intended To Be Dispensed | Days supply for metric decimal quantity of medication that would be dispensed on original dispensing if inventory were available. Used in association with a 'P' or 'C' in 'Dispensing Status' (343-HD). | 9(3) | T | 3 | | Comments: If sending this field, an assumption is made that 'Quantity Intended To Be Dispensed' (344-HF) is also sent.<br><br>REQUEST CLAIM SEGMENT. |
| 877-A1 | Daytime Telephone Number | The daytime phone number of the patient. | 9(1Ø) | U | 1Ø | | Format=AAAEEENNNN<br><br>AAA=Area Code<br>EEE=Exchange Code<br>NNNN=Number |
| 749 | Dependent Adult Coverage Indicator | Identifying if dependent adults are covered for Rx benefit. | x(1) | M | 1 | N=No<br>Y=Yes | |
| 75Ø | Dependent Adult Covered Through Age | The age through which dependent adults are covered. | 9(3) | M | 3 | | Comments: Required if dependent adult coverage indicator = Y |
| 743 | Dependent Coverage Indicator | Identifying if dependents are covered for Rx benefit. | x(1) | M | 1 | N=No<br>Y=Yes | |
| 744 | Dependent Covered Through Age | The age through which dependents are covered. | 9(3) | M | 3 | | Comments: Required if dependents covered = Yes |
| 6ØØ-68 | Dependents | Number of dependents covered by the contracting organization. | 9(9)b or 9(9)- | R | 1Ø | | Format=999999999b or 999999999-<br><br>Note<br>b = Space<br>- = Negative sign |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 818-5F | Destination Name | The destination name to whom the file is being sent. | x(15) | C,D,P | 15 | | |
| 819-5G | Destination Processor Number | The NCPDP processor number where the file is being sent. | 9(1Ø) | C,D,P | 1Ø | | Comments: Number is assigned by NCPDP. |
| 424-DO | Diagnosis Code | Code identifying the diagnosis of the patient. | x(15) | C,D,R,T | 15 | | Comments: Qualified by a 'Diagnosis Code Qualifier' (492-WE). All decimal points are explicit.<br><br>Examples: E93Ø.ØØ, 493., 716.9<br><br>REQUEST CLINICAL SEGMENT. |
| 491-VE | Diagnosis Code Count | Count of diagnosis occurrences. | 9(1) | T | 1 | | Comments: Fields included in the set/logical grouping are:<br><br>'Diagnosis Code Qualifier' (492-WE)<br>'Diagnosis Code' (424-DO)<br><br>REQUEST CLINICAL SEGMENT. |
| 492-WE | Diagnosis Code Qualifier | Code qualifying the 'Diagnosis Code' (424-DO). | x(2) | T | 2 | Blank=Not Specified<br>ØØ=Not Specified<br>Ø1=International Classification of Diseases (ICD9)<br>Ø2=International Classification of Diseases (ICD1Ø)<br>Ø3=National Criteria Care Institute (NCCI)<br>Ø4=The Systematized Nomenclature of Human and Veterinary Medicine (SNOMED)<br>Ø5=Common Dental Terminology (CDT)<br>Ø6=Medi-Span Diagnosis Code<br>Ø7=American Psychiatric Association Diagnostic Statistical Manual of Mental Disorders(DSM IV)<br>99=Other | REQUEST CLINICAL SEGMENT. |
| 747 | Disabled Dependent Coverage Indicator | Identifying if disabled dependents are covered for Rx benefit. | x(1) | M | 1 | N=No<br>Y=Yes | |
| 748 | Disabled Dependent Covered Through Age | The age through which disabled dependents are covered. | 9(3) | M | 3 | | Comments: Required if disabled dependent coverage indicator = Y |
| 82Ø-9A | Diskette Record ID | Identifies diskette record. | 9(1) | D | 1 | 1=Record Number<br>2=Record Number<br>3=Record Number | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 4Ø8-D8 | Dispense As Written (DAW)/ Product Selection Code (Continued…) | Code indicating whether or not the prescriber's instructions regarding generic substitution were followed. | x(1) | C,D,R,T | 1 | Ø=No Product Selection Indicated-This is the field default value that is appropriately used for prescriptions where product selection is not an issue. Examples include prescriptions written for single source brand products and prescriptions written using the generic name and a generic product is dispensed. 1=Substitution Not Allowed by Prescriber-This value is used when the prescriber indicates, in a manner specified by prevailing law, that the product is to be Dispensed As Written. 2=Substitution Allowed-Patient Requested Product Dispensed-This value is used when the prescriber has indicated, in a manner specified by prevailing law, that generic substitution is permitted and the patient requests the brand product. This situation can occur when the prescriber writes the prescription using either the brand or generic name and the product is available from multiple sources. 3=Substitution Allowed-Pharmacist Selected Product Dispensed-This value is used when the prescriber has indicated, in a manner specified by prevailing law, that generic substitution is permitted and the pharmacist determines that the brand product should be dispensed. This can occur when the prescriber writes the prescription using either the brand or generic name and the product is available from multiple sources. 4=Substitution Allowed-Generic Drug Not in Stock-This value is used when the prescriber has indicated, in a manner specified by prevailing law, that generic substitution is permitted and the brand product is dispensed since a currently marketed generic is not stocked in the pharmacy. This situation exists due to the buying habits of the pharmacist, not because of the unavailability of the generic product in the marketplace. | REQUEST CLAIM SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 4Ø8-D8 | Dispense As Written (DAW)/ Product Selection Code (Continued from previous page)) | Code indicating whether or not the prescriber's instructions regarding generic substitution were followed. | x(1) | C,D,R,T | 1 | 5=Substitution Allowed-Brand Drug Dispensed as a Generic-This value is used when the prescriber has indicated, in a manner specified by prevailing law, that generic substitution is permitted and the pharmacist is utilizing the brand product as the generic entity. 6=Override-This value is used by various claims processors in very specific instances as defined by that claims processor and/or its client(s). 7=Substitution Not Allowed-Brand Drug Mandated by Law-This value is used when the prescriber has indicated, in a manner specified by prevailing law, that generic substitution is permitted but prevailing law or regulation prohibits the substitution of a brand product even though generic versions of the product may be available in the marketplace. 8=Substitution Allowed-Generic Drug Not Available in Marketplace-This value is used when the prescriber has indicated, in a manner specified by prevailing law, that generic substitution is permitted and the brand product is dispensed since the generic is not currently manufactured, distributed, or is temporarily unavailable. 9=Other-This value is reserved and currently not in use. NCPDP does not recommend use of this value at the present time. Please contact NCPDP if you intend to use this value and document how it will be utilized by your organization. | REQUEST CLAIM SEGMENT. |
| 5Ø7-F7 | Dispensing Fee Paid | Dispensing fee paid included in the 'Total Amount Paid' (5Ø9-F9). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc Comments: Included in the prescription response. Examples: If the dispensing fee paid is $3.5Ø, this field would reflect: 35{. RESPONSE PRICING SEGMENT. |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 412-DC | Dispensing Fee Submitted | Dispensing fee submitted by the pharmacy. This amount is included in the 'Gross Amount Due' (43Ø-DU). | s9(6)v99 | T | 8 | | Format:s$$$$$$cc<br><br>Comments: Included in prescription claim request.<br><br>Examples: If the pharmacy submitted a $5.62 dispensing fee, this field would reflect: 56B.<br><br>REQUEST PRICING SEGMENT. |
| 343-HD | Dispensing Status | Code indicating the quantity dispensed is a partial fill or the completion of a partial fill. Used only in situations where inventory shortages do not allow the full quantity to be dispensed. | x(1) | T | 1 | Blank=Not Specified<br>P=Partial Fill<br>C=Completion of Partial Fill | Comments: A full quantity dispensed is indicated by either not sending or not populating this field.<br><br>REQUEST CLAIM SEGMENT. |
| 6Ø1-14 | Dollar Sign Rating | Denotes the number of dollar signs assigned to a product within a formulary. | x(1Ø) | R | 1Ø | | Format=$$$$ |
| 821-1M | Dollars Adjusted | The sum of individual claim adjustment amounts (Field 872-3Z) in the batch. | s9(6)v99 | P | 8 | | Format=s$$$$$$cc |
| 822-5H | Dollars Billed | The sum of individual claim amount billed fields (Field 8Ø4-5B) in the batch. | s9(6)v99 | C,D,P | 8 | | Format=s$$$$$$cc |
| 873-4A | Dollars Paid | The sum of individual amount paid fields (Field 876-FB) in the batch. | s9(6)v99 | P | 8 | | Format=s$$$$$$cc |
| 824-1N | Dollars Rejected | The sum of individual claim reject fields (Field 8Ø5-1C) in the batch. | s9(6)v99 | P | 8 | | Format=s$$$$$$cc |
| 6Ø1-34 | Dosage Form ID Code | Dosage form of product being reported. | x(2) | R | 2 | | See Appendix B in the Manufacturer Rebates Utilization, Plan and Formulary Flat File Format Implementation Guide. For Medicaid/Government use only. |
| 516-FG | Drug Description | The name of the drug or compound dispensed when used in the Billing Format, or the name of the drug returned by the processor. | x(3Ø) | C,D,R | 3Ø | | |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|--------------------|
| 425-DP | Drug Type | Code to indicate the type of drug dispensed. | 9(1) | C,D,P | 1 | Ø=Not specified<br>1=Single source brand<br>2=Branded generic<br>3=Generic<br>4=O.T.C. (over the counter) | |
| 476-H6 | DUR Co-Agent ID | Identifies the co-existing agent contributing to the DUR event (drug or disease conflicting with the prescribed drug or prompting pharmacist professional service). | x(19) | T | 19 | | <u>Comments:</u> Qualified by 'DUR Co-Agent ID Qualifier' (475-9E).<br><br>REQUEST DUR/PPS SEGMENT. |
| 475-J9 | DUR Co-Agent ID Qualifier | Code qualifying the value in 'DUR Co-Agent ID' (476-H6). | x(2) | T | 2 | <u>See Appendix K</u> - Product/Service Qualifier | REQUEST DUR/PPS SEGMENT. |
| 544-FY | DUR Free Text Message | Text that provides additional detail regarding a DUR conflict. | x(3Ø) | T | 3Ø | | <u>Comments:</u> Response data may provide:<br>-drug names involved in an interaction<br>-reported disease contraindication<br>-other applicable DUR information<br><br>RESPONSE DUR/PPS SEGMENT. |
| 473-7E | DUR/PPS Code Counter | Counter number for each DUR/PPS set/logical grouping. | 9(1) | T | 1 | | <u>Comments:</u> Fields included in the set/logical grouping are:<br><br>'Reason of Service Code' (439-E4)<br>'Professional Service Code' (44Ø-E5)<br>'Result of Service Code' (441-E6)<br>'DUR/PPS Level of Effort' (474-8E)<br>'DUR Co-Agent ID Qualifier' (475-9E)<br>'DUR Co-Agent ID' (476-H6)<br><br>REQUEST DUR/PPS SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 474-8E | DUR/PPS Level Of Effort | Code indicating the level of effort as determined by the complexity of decision making or resources utilized by a pharmacist to perform a professional service. | 9(2) | T | 2 | Ø=Not Specified<br>11=Level 1 (Lowest)<br>12=Level 2<br>13=Level 3<br>14=Level 4<br>15=Level 5 (Highest) | Examples: Definitions for Levels 1 through 5 are left to the discretion of trading partners. The following is one example of how the field might be used.<br><br>Level 1  Straightforward: Service involved minimal diagnosis or treatment options, minimal amount or complexity of data considered, and minimal risk;<br>OR<br>Counseling or coordination of care dominated the encounter and required LESS THAN 5 MINUTES of the pharmacist's time<br>Level 2  Low Complexity: Service involved limited diagnosis or treatment options, limited amount or complexity of data considered, and low risk;<br>OR<br>Counseling or coordination of care dominated the encounter and required LESS THAN 15 MINUTES of the pharmacist's time.<br>Level 3  Moderate Complexity: Service involved moderate diagnosis or treatment options, moderate amount or complexity of data considered, and moderate risk;<br>OR<br>Counseling or coordination of care dominated the encounter and required LESS THAN 30 MINUTES of the pharmacist's time.<br>Level 4  High Complexity: Service involved multiple diagnosis or treatment options, extensive amount or complexity of data considered, and high risk;<br>OR<br>Counseling or coordination of care dominated the encounter and required LESS THAN 1 HOUR of the pharmacist's time.<br>Level 5  Comprehensive: Service involved extensive diagnosis or treatment options, exceptional amount or complexity of data considered, and very high risk;<br>OR<br>Counseling or coordination of care dominated the encounter and required GREATER THAN 1 HOUR of the pharmacist's time.<br><br>REQUEST DUR/PPS SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|--------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 567-J6 | DUR/PPS Response Code Counter | Counter number for each DUR/PPS response set/logical grouping. | 9(1) | T | 1 | | Comments: Fields included in the set/logical grouping are:<br><br>'Reason for Service Code' (439-E4)<br>'Clinical Significance Code' (528-FS)<br>'Other Pharmacy Indicator' (529-FT)<br>'Previous Date of Fill' (53Ø-FU)<br>'Quantity of Previous Fill' (531-FV)<br>'Database Indicator' (532-FW)<br>'Other Prescriber Indicator' (533-FX)<br>'DUR Free Text Message' (544-FY)<br><br>RESPONSE DUR/PPS SEGMENT. |
| 712 | Effective Date | Beginning date of current participation. | 9(8) | M | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Comments: The effective date of individual participation in the current group or the effective date of a change. The individual is represented by cardholder ID or by the cardholder/person code combination. |
| 3Ø9-C9 | Eligibility Clarification Code | Code indicating that the pharmacy is clarifying eligibility based on receiving a denial. | 9(1) | C,D,P,T | 1 | Ø=Not Specified<br>1=No Override<br>2=Override<br>3=Full Time Student<br>4=Disabled Dependent<br>5=Dependent Parent<br>6=Significant Other | Examples: The patient has become a student but eligibility has not yet been updated. The pharmacy can indicate "3" so that the carrier may override eligibility for this patient.<br><br>REQUEST INSURANCE SEGMENT. |
| 6ØØ-69 | Eligible Plan | Indicates whether or not the plan is eligible for rebates. | x(1) | R | 1 | N=No<br>Y=Yes | |
| 317-CH | Employer City Address | Free-form text for city name. | x(2Ø) | T | 2Ø | | Examples: Chicago<br><br>REQUEST WORKER'S COMPENSATION SEGMENT. |
| 321-CL | Employer Contact Name | Employer primary contact. | x(3Ø) | T | 3Ø | | Examples: John Smith<br><br>REQUEST WORKER'S COMPENSATION SEGMENT. |
| 333-CZ | Employer ID | ID assigned to employer. | x(15) | T | 15 | | REQUEST PATIENT SEGMENT. |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona<br>Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 315-CF | Employer Name | Complete name of employer. | x(3Ø) | T | 3Ø | | Examples: General Motors Corporation<br><br>REQUEST WORKER'S COMPENSATION SEGMENT. |
| 32Ø-CK | Employer Phone Number | Ten digit phone number of employer. | 9(1Ø) | T | 1Ø | | Format=AAAEEENNNN<br><br>AAA=Area Code<br>EEE=Exchange Code<br>NNNN=Number<br><br>Examples: A phone number of 212-555-1212 would reflect: 2125551212.<br><br>REQUEST WORKER'S COMPENSATION SEGMENT. |
| 318-CI | Employer State/ Province Address | Standard State/Province Code as defined by appropriate government agency. | x(2) | T | 2 | See Appendix L - United States and Canadian Province Postal Service Abbreviations | Comments: Standard United States and Canadian province two-letter postal service abbreviations should be used.<br><br>REQUEST WORKER'S COMPENSATION SEGMENT. |
| 316-CG | Employer Street Address | Free-form text for address information. | x(3Ø) | T | 3Ø | | Examples: 123 Main Street<br><br>REQUEST WORKER'S COMPENSATION SEGMENT. |
| 319-CJ | Employer Zip/ Postal Zone | Code defining international postal zone excluding punctuation and blanks (zip code for US). | x(15) | T | 15 | | Comments: This left-justified field contains the five-digit zip code and may include the four-digit expanded zip code in which the employer is located.<br><br>Examples: If the zip code is 98765-4321, this field would reflect: 987654321.<br><br>If the zip code is 98765, this field would reflect: 98765 left justified.<br><br>REQUEST WORKER'S COMPENSATION SEGMENT. |
| 6Ø1-35 | Encrypted Patient ID Code | Encrypted patient ID. | x(17) | R | 17 | | |
| 6ØØ-7Ø | Enrollees | Number of primary cardholders (excluding dependents) covered by the contracting organization. | 9(9)*b* or 9(9)- | R | 1Ø | | Format=999999999*b* or 999999999-<br><br>Note<br>*b* = Space<br>- = Negative sign |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 715 | Enrollment Relationship Code | ID of the relationship of the family member to the cardholder. | x(1) | M | 1 | Ø=Not Specified<br>1=Cardholder<br>2=Spouse<br>3=Child<br>4=Other<br>5=Student<br>6=Disabled Dependent<br>7=Adult Dependent<br>8=Significant Other | <u>Comments:</u> ID of family member's relationship to the cardholder. |
| 874-GD | Expansion Area | Reserved for future NCPDP contingencies. | x<br>Varies | C,P | Varies | | |
| 336-8C | Facility ID | ID assigned to the patient's clinic/host party. | x(1Ø) | T | 1Ø | | REQUEST INSURANCE SEGMENT. |
| 6Ø1-36 | FF Action Code | Indicates the action to perform on the submitted file. | x(2) | R | 2 | ØØ=Original submission of rebate batch<br>Ø2=Correction/adjustment to a previously submitted rebate batch<br>Ø3=Deletion of previously submitted rebate batch<br>Ø5=Replacement of previously submitted rebate batch | |
| 6ØØ-71 | FF Contracting Organization (PMO) ID Qualifier | Indicates the type of data being submitted in the FF Contracting Organization (PMO) ID field. | x(1) | R | 1 | C=Contracting organization (PMO) assigned ID number<br>D=DEA number<br>F=Federal Tax ID number<br>H=HIBCC HIN<br>M=Manufacturer (PICO) assigned ID number<br>P=National Provider ID (NPI)<br>T=Telephone number<br>Z=Mutually agreed upon ID number | |
| 6Ø1-37 | FF Data Provider ID Qualifier | Identifies the type of data being submitted in the Data Provider ID Code field. | x(1) | R | 1 | C=Contracting organization (PMO) assigned ID number<br>D=DEA number<br>F=Federal Tax ID number<br>H=HIBCC HIN<br>M=Manufacturer (PICO) assigned ID number<br>P=National Provider ID (NPI)<br>T=Telephone number<br>Z=Mutually agreed upon ID number | |

Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 6Ø0-72 | FF Manufacturer (PICO) ID Qualifier | Indicates the type of data being submitted in the FF Manufacturer (PICO) ID field. | x(1) | R | 1 | C=Contracting Organization (PMO) assigned ID number<br>D=DEA number<br>F=Federal Tax ID number<br>H=HIBCC HIN<br>L=NDC labeler code<br>M=Manufacturer (PICO) assigned ID number<br>T=Telephone number<br>Z=Mutually agreed upon ID number | |
| 6Ø1-57 | FF New/Refill Code | The code indicating whether the prescription is new or a refill. | x(2) | R | 2 | ØØ=New prescription<br>Ø1-99=Number of refill | |
| 6Ø1-38 | FF Prescriber ID Qualifier | Identifies the type of data being submitted in the Prescriber ID field. | x(1) | R | 1 | A=American Medical Association (AMA) Medical Education (ME) number<br>B=American Osteopathic Association (AOA) Doctor of Osteopathy (DO) number<br>C=Contracting Organization (PMO) assigned ID number<br>D=DEA number<br>H=HIBCC HIN<br>M=Manufacturer (PICO) assigned ID number<br>P=National Provider ID (NPI)<br>T=Telephone number<br>Z=Mutually agreed upon ID number | |
| 6Ø1-39 | FF Total Metric Decimal Quantity | Total quantity being submitted. | 9(11)v999*b*<br>or<br>9(11)v999- | R | 15 | | Format=99999999999v999*b* or 99999999999v999-<br><br>Note<br>*b* = Space<br>- = Negative Sign |
| 6Ø1-4Ø | FF Total Number Of Prescriptions | Value is total net number of prescriptions. | 9(7)*b*<br>or 9(7)- | R | 8 | | Format=9999999*b* or 9999999-<br><br>For summary-level records only<br><br>Note<br>*b* = Space<br>- = Negative Sign |
| 7Ø2 | File Type | Identifies that the data to be applied is a test or production file. | x(1) | B,M | 1 | T=Test<br>P=Production | |
| 4Ø3-D3 | Fill Number | The code indicating whether the prescription is an original or a refill. | 9(2) | T | 2 | Ø=Original dispensing<br>1 to 99 = Refill number | REQUEST CLAIM SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 717 | First Name | The first name of the member (optional). | x(15) | M | 15 | | |
| 558-AW | Flat Sales Tax Amount Paid | Flat sales tax paid which is included in the 'Total Amount Paid' (5Ø9-F9). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc <br><br> Comments: Included in Prescription and Service Response. <br><br> Examples: If the flat sales tax paid is $2.6Ø. this field would reflect: 26{. <br><br> RESPONSE PRICING SEGMENT. |
| 481-HA | Flat Sales Tax Amount Submitted | Flat sales tax submitted for prescription. This amount is included in the 'Gross Amount Due' (43Ø-DU). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc <br><br> Comments: Included in the Prescription Claim and Service Claim Request. <br><br> Examples: If the flat sales tax amount submitted is $3.Ø8, this field would reflect: 3ØH. <br><br> REQUEST PRICING SEGMENT. |
| 6ØØ-73 | Formulary Benefit Design Type | Identifies the type of formulary benefit design utilized by the plan. | x(4) | R | 4 | | See Appendix F in the Manufacturer Rebates Utilization, Plan and Formulary Flat file Format Implementation Guide. |
| 6ØØ-74 | Formulary Code | Code assigned by PMO to identify the formulary used. | x(17) | R | 17 | | |
| 6ØØ-75 | Formulary Description | Description of the formulary used by the PMO. | x(3Ø) | R | 3Ø | | |
| 6Ø1-15 | Formulary Manager Company Name | The name of the formulary management company. | x(3Ø) | R | 3Ø | | |
| 6Ø1-16 | Formulary Manager Person Name | The formulary management company's contact person. | x(3Ø) | R | 3Ø | | |
| 6ØØ-76 | Formulary Non-Formulary Co-Pay Confidential | Indicates whether or not the co-pay is confidential; does not imply that the formulary non-formulary co-pay amounts are reported. | x(1) | R | 1 | N=No <br> Y=Yes | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 6Ø0-77 | Formulary Product Co-Pay Amount | Co-pay amount for the formulary product. | 9(3)v99*b* or 9(3)v99- | R | 6 | | Format=999v99*b* or 999v99-<br><br>Note<br>*b* = Space<br>- = Negative Sign |
| 6Ø1-17 | Formulary Product Co-Pay Confidential | Indicates whether the co-pay is confidential or not; does not imply that the formulary product co-pay is reported. | x(1) | R | 1 | N=No<br>Y=Yes | |
| 721 | Gender Code | For eligibility, and identifying the gender of the individual member. | x(1) | M | 1 | M=Male<br>F=Female<br>U=Unknown | <u>Comments:</u> ID of the gender of the member. |
| 6Ø0-78 | Generic Product Co-Pay Amount | Co-pay amount for the generic product. | 9(3)v99*b* or 9(3)v99- | R | 6 | | Format=999v99*b* or 999v99-<br><br>Note<br>*b* = Space<br>- = Negative Sign |
| 6Ø1-41 | Grand Total Metric Decimal Quantity | The sum of the FF Total Metric Decimal Quantity fields submitted within the 'UD' record type. | 9(11)v999*b* or 9(11)v999- | R | 15 | | Format=99999999999v999*b* or 99999999999v999-<br><br>If detail records contain this field, the total is required on the trailer record.<br><br>Note<br>*b* = Space<br>- = Negative Sign |
| 6Ø1-42 | Grand Total Requested Rebate Amount | The sum of the Requested Rebate Amount fields submitted within the 'UD' record type | 9(9)v99*b* or 9(9)v99- | R | 12 | | Format=999999999v99*b* or 999999999v99-<br><br>If detail records contain this field, the total is required on the trailer record.<br><br>Note<br>*b* = Space<br>- = Negative Sign |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 43Ø-DU | Gross Amount Due | Total price claimed from all sources. For prescription claim request, field represents a sum of 'Ingredient Cost Submitted' (4Ø9-D9), 'Dispensing Fee Submitted' (412-DC), 'Flat Sales Tax Amount Submitted'(481-HA), 'Percentage Sales Tax Amount Submitted' (482-GE), 'Incentive Amount Submitted' (438-E3), 'Other Amount Claimed' (48Ø-H9). For service claim request, field represents a sum of 'Professional Services Fee Submitted' (477-BE), 'Flat Sales Tax Amount Submitted'(481-HA), 'Percentage Sales Tax Amount Submitted'(482-GE), 'Other Amount Claimed' (48Ø-H9). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Examples: If the gross amount due is $14.95, this field would reflect: 149E.<br><br>REQUEST PRICING SEGMENT. |
| 3Ø1-C1 | Group ID | ID assigned to the cardholder group or employer group. | x(15) | C,D,M,R,T | 15 | | REQUEST INSURANCE SEGMENT.<br><br>RESPONSE INSURANCE SEGMENT. |
| 5Ø1-F1 | Header Response Status | Code indicating the status of the transmission. | x(1) | T | 1 | A=Accepted<br>R=Rejected | RESPONSE HEADER SEGMENT. |
| 55Ø-8F | Help Desk Phone Number | Ten digit phone number of the help desk. | x(18) | T | 18 | | Format=AAAEEENNNNXXXXXXXX<br><br>AAA=Area Code<br>EEE=Exchange Code<br>NNNN=Number<br>XXXXXXXX=Extension<br><br>Comments: Qualified by 'Help Desk Qualifier' (549-7F).<br><br>Examples: A phone number of 212-555-1212 would reflect: 2125551212. With an extension of 123 the same number would reflect: 2125551212123 or 2125551212x123 or 2125551212ext123.<br><br>RESPONSE STATUS SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|--------------------|
| 549-7F | Help Desk Phone Number Qualifier | Code qualifying the phone number in the 'Help Desk Phone Number' (55Ø-8F). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Switch<br>Ø2=Intermediary<br>Ø3=Processor/PBM<br>99=Other | RESPONSE STATUS SEGMENT. |
| 6ØØ-79 | Hierarchical Level Terminology | Description of level in PMO hierarchy. | x(3Ø) | R | 3Ø | | |
| 314-CE | Home Plan | Code identifying the Blue Cross or Blue Shield plan ID which indicates where the member's coverage has been designated. Usually where the member lives or purchased their coverage. | x(3) | C,D,T | 3 | | Comments: Used for interstate processing between Blue Cross and Blue Shield plans. The Blue Cross codes are in the range less than 6ØØ and Blue Shield codes are greater than 599.<br><br>REQUEST INSURANCE SEGMENT. |
| 826-5K | Host Plan | The Blue Cross or Blue Shield number of the servicing or processing plan. | x(3) | C | 3 | | Comments: Used for interstate processing between Blue Cross and Blue Shield plans. The Blue Cross codes are in the range less than 6ØØ and Blue Shield codes are greater than 599. |
| 521-FL | Incentive Amount Paid | Amount represents the contractually agreed upon incentive fee paid for specific services rendered. Amount is included in the 'Total Amount Paid' (5Ø9-F9). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in the prescription response.<br><br>Examples: If the incentive amount paid is $4.55, this field would reflect: 45E.<br><br>RESPONSE PRICING SEGMENT. |
| 438-E3 | Incentive Amount Submitted | Amount represents a fee that is submitted by the pharmacy for contractually agreed upon services. This amount is included in the 'Gross Amount Due' (43Ø-DU). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in the Prescription Response.<br><br>Examples: If the incentive amount submitted is $4.5Ø, this field would reflect: 45{.<br><br>REQUEST PRICING SEGMENT. |
| 827-1Ø | Ingredient Cost Billed | Cost of the ingredient billed. | s9(6)v99 | P | 8 | | Format=s$$$$$$cc |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 5Ø6-F6 | Ingredient Cost Paid | Drug ingredient cost paid included in the 'Total Amount Paid' (5Ø9-F9). | s9(6)v99 | P,T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in the Prescription Response.<br><br>Examples: If the ingredient cost paid is $15Ø.ØØ, this field would reflect: 15ØØ{.<br><br>RESPONSE PRICING SEGMENT. |
| 4Ø9-D9 | Ingredient Cost Submitted | Submitted product component cost of the dispensed prescription. This amount is included in the 'Gross Amount Due' (43Ø-DU). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in the Prescription Request. This field can be further defined by using the Basis of Cost Determination Field 423-DN.<br><br>Examples: If the ingredient cost submitted is $65.ØØ, this field would reflect: 65Ø{.<br><br>REQUEST PRICING SEGMENT. |
| 464-EX | Intermediary Authorization ID | Value indicating intermediary authorization occurred. | x(11) | T | 11 | | REQUEST CLAIM SEGMENT. |
| 463-EW | Intermediary Authorization Type ID | Value indicating that authorization occurred for intermediary processing. | 9(2) | T | 2 | Ø=Not Specified<br>1=Intermediary Authorization<br>99=Other Override | REQUEST CLAIM SEGMENT. |
| 716 | Last Name | Last name of the member (required). | x(25) | M | 25 | | |
| 418-DI | Level Of Service | Coding indicating the type of service the provider rendered. | 9(2) | T | 2 | Ø=Not Specified<br>1=Patient consultation<br>2=Home delivery<br>3=Emergency<br>4=24 hour service<br>5=Patient consultation regarding generic product selection<br>6=In-Home Service | REQUEST CLAIM SEGMENT. |
| 6Ø1-43 | Line Number | Unique number that identifies the record. | x(11) | R | 11 | | |
| 6ØØ-8Ø | Mail Order ID Code | Code identifying the mail order vendor used by the plan | x(17) | R | 17 | | |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 6Ø0-81 | Mail Order ID Qualifier | Identifies the type of data being submitted in the Mail Order ID Code field. | x(1) | R | 1 | C=Contracting organization (PMO) assigned ID number<br>D=DEA number<br>F=Federal Tax ID number<br>H=HIBCC HIN<br>M=Manufacturer (PICO) assigned ID number<br>P=National Provider ID (NPI)<br>T=Telephone number<br>Z=Mutually agreed upon ID number | |
| 6Ø1-11 | Mail Order Name | The name of the mail order vendor for the plan. | x(3Ø) | R | 3Ø | | |
| 6Ø0-47 | Manufacturer (PICO) Contract Number | Contract number assigned by the manufacturer. | x(15) | R | 15 | | |
| 6Ø0-48 | Manufacturer (PICO) ID Code | Code assigned to identify the manufacturer. | x(17) | R | 17 | | |
| 6Ø0-5Ø | Manufacturer (PICO) Name | Name of the manufacturer. | x(3Ø) | R | 3Ø | | |
| 828-1P | Master Sequence Number | On an adjustment or reject, this code indicates the master sequence number (tape field number) of the data element associated with the reject or adjustment. | x(2) | P | 2 | See Appendix G,H,I - reject code listing | |
| 494-ZE | Measurement Date | Date clinical information was collected or measured. | 9(8) | T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>REQUEST CLINICAL SEGMENT. |

**DATA DICTIONARY**

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 496-H2 | Measurement Dimension | Code indicating the clinical domain of the observed value in 'Measurement Value' (499-H4). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Blood Pressure (BP)<br>Ø2=Blood Glucose Level<br>Ø3=Temperature<br>Ø4=Serum Creatinine (SCr)<br>Ø5=HbA1c<br>Ø6=Sodium (Na+)<br>Ø7=Potassium (K+)<br>Ø8=Calcium (Ca++)<br>Ø9=Serum Glutamic-Oxaloacetic Transaminase (SGOT)<br>1Ø=Serum Glutamic-Pyruvic Transaminase (SGPT)<br>11=Alkaline Phosphatase<br>12=Serum Theophyline Level<br>13=Serum Digoxin Level<br>14=Weight<br>15=Body Surface Area (BSA)<br>16=Height<br>17=Creatinine Clearance (CrCl)<br>99=Other | REQUEST CLINICAL SEGMENT. |
| 495-H1 | Measurement Time | Time clinical information was collected or measured. | 9(4) | T | 4 | | Format: HHMM<br><br>HH=Hour<br>MM=Minute<br><br>Examples: Reported in military time. Two o'clock P.M.=14ØØ.<br><br>REQUEST CLINICAL SEGMENT. |
| 497-H3 | Measurement Unit | Code indicating the metric or English units used with the clinical information. | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Inches (in)<br>Ø2=Centimeters (cm)<br>Ø3=Pounds (lb)<br>Ø4=Kilograms (kg)<br>Ø5=Celsius (C)<br>Ø6=Fahrenheit (F)<br>Ø7=Meters Squared (m2)<br>Ø8=Milligrams per Deciliter (mg/dl)<br>Ø9=Units per Milliliter (U/ml)<br>1Ø=Millimeters of Mercury (mmHg)<br>11=Centimeters Squared (cm2)<br>12=Millimeters per Minute (ml/min)<br>13=Percentage (%)<br>14=Milliequivalent (mEq/ml)<br>15=International Units per Liter (IU/L)<br>16=Micrograms per Milliliter (mcg/ml)<br>17=Nanograms per Milliliter (ng/ml)<br>18=Milligrams per Milliliter (mg/ml) | REQUEST CLINICAL SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 499-H4 | Measurement Value | Actual value of clinical information. | x(15) | T | 15 | | Comments: Blood pressure entered in XXX/YYY format in which XXX=systolic, /=divider, and YYY is diastolic. Temperature entered in XXX.X format always including decimal point.<br><br>REQUEST CLINICAL SEGMENT. |
| 6ØØ-82 | Membership Calculation Multiplier | Represents an actuarial multiplier that a PMO may use to determine the membership total count for a plan or sub-plan. | 9(3)v99b or 9(3v)99- | R | 6 | | Format=999v99b or 999v99-<br><br>Note<br>b = Space<br>- = Negative Sign |
| 6ØØ-83 | Membership Count Qualifier | Further specifies the membership period qualifier in order to calculate the data submitted in the Membership Total Count field. | x(1) | R | 1 | 1=Beginning of period<br>2=End of period<br>3=Average of period<br>4=Minimum count<br>5=Maximum count<br>6=Middle of period | |
| 6ØØ-84 | Membership Dependents | Number of covered dependents. | 9(9)b or 9(9)- | R | 1Ø | | Format=999999999b or 999999999-<br><br>Note<br>b = Space<br>- = Negative Sign |
| 6ØØ-85 | Membership Enrollees | Number of covered enrollees. | 9(9)b or 9(9)- | R | 1Ø | | Format=999999999b or 999999999-<br><br>Note<br>b = Space<br>- = Negative Sign |
| 6ØØ-86 | Membership Period Qualifier | Identifies the period of time for which the membership counts cover. | x(1) | R | 1 | A=Annually<br>M=Monthly<br>Q=Quarterly<br>S=Semi Annually | |
| 6ØØ-87 | Membership Reporting Period Start Date | The first day of the membership reporting period. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 6ØØ-88 | Membership Total Count | The total number of persons covered (the sum of enrollees and dependents or the product of enrollees and the calculation multiplier). | 9(9)b or 9(9)- | R | 1Ø | | Format=999999999b or 999999999-<br><br>Note<br>b = Space<br>- = Negative Sign |

# Exhibit E
# Part 2

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 6ØØ-89 | Membership Type Qualifier | Identifies the type of membership being reported. | x(1) | R | 1 | 1=Covered Lives<br>2=Beds<br>3=Retail Stores | |
| 5Ø4-F4 | Message | Free form message. | x(1)-x(2ØØ) | B,T | 1-2ØØ | | Comments: Variable length is from 1-2ØØ characters.<br><br>RESPONSE MESSAGE SEGMENT. |
| 4Ø4-D4 | Metric Quantity | Number of metric units of medication dispensed. | 9(5) | C,D | 5 | | |
| 718 | Middle Initial | The middle initial of the member. | x(1) | M | 1 | | |
| 72Ø | Multiple Birth Code | Number assigned to each family member with the same birth date. | 9(1) | M | 1 | 1=1st<br>2=2nd<br>3=3rd<br>4=4th<br>5=5th<br>6=6th<br>7=7th<br>8=8th<br>9=9th | |
| 719 | Name Extension | Identifies more about the member name. | x(6) | M | 6 | | Examples: Jr, Sr, III, MD, etc. |
| 545-2F | Network Reimbursement ID | Field defined by the processor. It identifies the network, for the covered member, used to calculate the reimbursement to the pharmacy. | x(1Ø) | T | 1Ø | | RESPONSE INSURANCE SEGMENT. |
| 6ØØ-9Ø | Non-Formulary Product Co-Pay Amount | Co-pay required for the non-formulary product. | 9(3)v99b or 9(3)v99- | R | 6 | | Format=999v99b or 999v99- |
| 415-DF | Number of Refills Authorized | Number of refills authorized by the prescriber. | 9(2) | C,D,P,T | 2 | Ø=Not Specified<br>1 through 99, with 99 being as needed, refills unlimited | REQUEST CLAIM SEGMENT. |
| 714 | Original Effective Date | Beginning date of original participation upon which the individual first became eligible for coverage as provided by the provider of the enrollment file. | 9(8) | M | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 445-EA | Originally Prescribed Product/Service Code | Code of the initially prescribed product or service. | x(19) | T | 19 | | Comments: Qualified by 'Originally Prescribed Product/Service Code Qualifier' (453-EJ).<br><br>Used to provide necessary data to calculate the exact difference in cost between the prescribed product and the dispensed product.<br><br>REQUEST CLAIM SEGMENT. |
| 453-EJ | Originally Prescribed Product/Service ID Qualifier | Code qualifying the value in 'Originally Prescribed Product/Service Code' (Field 445-EA). | x(2) | T | 2 | See Appendix K - Product/Service Qualifier | REQUEST CLAIM SEGMENT. |
| 446-EB | Originally Prescribed Quantity | Product initially prescribed amount expressed in metric decimal units. | 9(7)v999 | T | 1Ø | | Format=9999999.999<br><br>Comments: To provide data necessary to calculate the exact difference in cost between the prescribed product and the dispensed product. For use with therapeutic interchange only.<br><br>REQUEST CLAIM SEGMENT. |
| 7Ø6 | Originator Name | Source/provider of the eligibility transaction file. | x(2Ø) | M | 2Ø | | Comments: Identifies the source of the file. |
| 48Ø-H9 | Other Amount Claimed Submitted | Amount representing the additional incurred costs for a dispensed prescription or service. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Qualified by 'Other Amount Claimed Submitted Qualifier' (479-H8). Included in the Prescription Claim and Service Claim Request.<br><br>Amount is included in the 'Gross Amount Due' (43Ø-DU).<br><br>Examples: If the other amount claimed submitted is $12.55, this field would reflect: 125E.<br><br>REQUEST PRICING SEGMENT. |
| 478-H7 | Other Amount Claimed Submitted Count | Count of other amount claimed submitted occurrences. | 9(1) | T | 1 | | Comments: Fields included in the set/logical grouping are:<br><br>'Other Amount Claimed Submitted Qualifier' (479-H8)<br>'Other Amount Claim Submitted' (48Ø-H9)<br><br>REQUEST PRICING SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 479-H8 | Other Amount Claimed Submitted Qualifier | Code identifying the additional incurred cost claimed in 'Other Amount Claimed Submitted' (48Ø-H9). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Delivery Cost<br>Ø2=Shipping Cost<br>Ø3=Postage Cost<br>Ø4=Administrative Cost<br>99=Other | REQUEST PRICING SEGMENT. |
| 565-J4 | Other Amount Paid | Amount paid for additional costs claimed in 'Other Amount Claimed Submitted' (48Ø-H9). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Qualified by 'Other Amount Paid Qualifier' (564-J3). Included in Prescription and Service Response.<br><br>RESPONSE PRICING SEGMENT. |
| 563-J2 | Other Amount Paid Count | Count of the other amount paid occurrences. | 9(1) | T | 1 | | Comments: Fields included in the set/logical grouping are:<br><br>'Other Amount Paid Qualifier' (564-J3)<br>'Other Amount Paid' (565-J4)<br><br>RESPONSE PRICING SEGMENT. |
| 564-J3 | Other Amount Paid Qualifier | Code clarifying the value in the 'Other Amount Paid' (565-J4). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Delivery<br>Ø2=Shipping<br>Ø3=Postage<br>Ø4=Administrative<br>99=Other | RESPONSE PRICING SEGMENT. |
| 3Ø8-C8 | Other Coverage Code | Code indicating whether or not the patient has other insurance coverage. | 9(2) | T | 2 | Ø=Not Specified<br>1=No other coverage identified<br>2=Other coverage exists-payment collected<br>3=Other coverage exists-this claim not covered<br>4=Other coverage exists-payment not collected<br>5=Managed care plan denial<br>6=Other coverage denied-not a participating provider<br>7=Other coverage exists-not in effect at time of service<br>8=Claim is a billing for a copay | REQUEST CLAIM SEGMENT. |
| 735 | Other Coverage Effective Date | Date on which the other coverage code is effective and required if Other Coverage Code is submitted. | 9(8) | M | | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 431-DV | Other Payer Amount Paid | Amount of any payment known by the pharmacy from other sources (including coupons). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in the Prescription and Service Claim Request.<br><br>Examples: If the other payer amount paid is $32.56, this field would reflect: 325F.<br><br>REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |
| 341-HB | Other Payer Amount Paid Count | Count of the payer amount paid occurrences. | 9(1) | T | 1 | | REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |
| 342-HC | Other Payer Amount Paid Qualifier | Code qualifying the 'Other Payer Amount Paid' (431-DV). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Delivery<br>Ø2=Shipping<br>Ø3=Postage<br>Ø4=Administrative<br>Ø5=Incentive<br>Ø6=Cognitive Service<br>Ø7=Drug Benefit<br>Ø8=Sum of All Reimbursement<br>98=Coupon<br>99=Other | Comments: Value 'Ø8' should only be used when indicating the total reimbursement from the other payer and NOT when submitting line item details of reimbursement components.<br><br>REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |
| 566-J5 | Other Payer Amount Recognized | Total dollar amount of any payment from another source including coupons. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in Prescription and Service Response.<br><br>Examples: If the other payer amount recognized is $5.27. This field would reflect: 52G.<br><br>RESPONSE PRICING SEGMENT. |
| 338-5C | Other Payer Coverage Type | Code identifying the type of 'Other Payer ID' (34Ø-7C). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Primary<br>Ø2=Secondary<br>Ø3=Tertiary<br>98=Coupon<br>99=Composite | REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|--------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 443-E8 | Other Payer Date | Payment or denial date of the claim submitted to the other payer. Used for coordination of benefits. | 9(8) | T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Examples: If the primary payer denial date was August 1,1999, this field would reflect: 1999Ø8Ø1.<br><br>REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |
| 34Ø-7C | Other Payer ID | ID assigned to the payer. | x(1Ø) | T | 1Ø | | Comments: Qualified by 'Other Payer ID Qualifier' (339-6C).<br><br>REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |
| 339-6C | Other Payer ID Qualifier | Code qualifying the 'Other Payer ID' (34Ø-7C). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=National Payer ID<br>Ø2=Health Industry Number (HIN)<br>Ø3=Bank Information Number (BIN)<br>Ø4=National Association of Insurance Commissioners (NAIC)<br>Ø9=Coupon<br>99=Other | REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |
| 472-6E | Other Payer Reject Code | The error encountered by the previous "Other Payer" in 'Reject Code' (511-FB). | x(3) | T | 3 | | REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |
| 471-5E | Other Payer Reject Count | Count of 'Other Payer Reject Code' (472-6E) occurrences. | 9(2) | T | 2 | | Comments: Number of reject codes identified by the previous "Other Payer" in 'Reject Count' (51Ø-FA).<br><br>REQUEST COORDINATION OF BENEFITS/OTHER PAYMENT SEGMENT. |
| 529-FT | Other Pharmacy Indicator | Code indicating the pharmacy responsible for the previous event involved in the DUR conflict. | 9(1) | T | 1 | Ø=Not Specified<br>1=Your Pharmacy<br>2=Other Pharmacy in Same Chain<br>3=Other Pharmacy | RESPONSE DUR/PPS SEGMENT. |
| 533-FX | Other Prescriber Indicator | Code comparing the prescriber of the current prescription to the prescriber of the previously filled conflicting prescription. | 9(1) | T | 1 | Ø=Not Specified<br>1=Same Prescriber<br>2=Other Prescriber | RESPONSE DUR/PPS SEGMENT. |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona<br>Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 875-6E | P.A./M.C./S.C. Number | Prior authorization or medical certification number submitted by provider for claims payment. | x(7) | C,D | 7 | | |
| 323-CN | Patient City Address | Free-form text for city name. | x(2Ø) | T | 2Ø | | Examples: Chicago<br><br>REQUEST PATIENT SEGMENT. |
| 31Ø-CA | Patient First Name | Individual first name. | x(12) | C,D,T | 12 | | Examples: John<br><br>REQUEST PATIENT SEGMENT. |
| 3Ø5-C5 | Patient Gender Code | Code indicating the gender of the individual. | 9(1) | T | 1 | Ø=Not Specified<br>1=Male<br>2=Female | REQUEST PATIENT SEGMENT. |
| 332-CY | Patient ID | ID assigned to the patient. | x(2Ø) | T | 2Ø | | Comments: Qualified by 'Patient Id Qualifier' (331-CX).<br><br>This field is used to uniquely identify the patient for purposes other than billing.<br><br>REQUEST PATIENT SEGMENT. |
| 331-CX | Patient ID Qualifier | Code qualifying the 'Patient ID' (332-CY). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Social Security Number<br>Ø2=Driver's License Number<br>Ø3=U.S. Military ID<br>99=Other | REQUEST PATIENT SEGMENT. |
| 311-CB | Patient Last Name | Individual last name. | x(15) | C,D,T | 15 | | Examples: Smith<br><br>REQUEST PATIENT SEGMENT. |
| 6Ø1-44 | Patient Liability Amount | Amount of patient's out-of-pocket cost. | 9(11)b or 9(11)- | R | 12 | | Format=99999999999b or 99999999999-<br>Note<br>b = Space<br>- = Negative Sign |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 3Ø7-C7 | Patient Location | Code identifying the location of the patient when receiving pharmacy services. | 9(2) | T | 2 | Ø=Not specified<br>1=Home<br>2=Inter-Care<br>3=Nursing Home<br>4=Long Term/Extended Care<br>5=Rest Home<br>6=Boarding Home<br>7=Skilled Care Facility<br>8=Sub-Acute Care Facility<br>9=Acute Care Facility<br>1Ø=Outpatient<br>11=Hospice | Comments: Values Ø-11 are used to identify the location.<br><br>REQUEST PATIENT SEGMENT. |
| 433-DX | Patient Paid Amount Submitted | Amount the pharmacy received from the patient for the prescription dispensed. | s9(6)v99 | T | 8 | | Format:=s$$$$$$cc<br><br>Comments: Included in the Prescription and Service Claim Request.<br><br>Examples: If the patient paid amount submitted is $1Ø.5Ø, this field would reflect: 1Ø5{.<br><br>REQUEST PRICING SEGMENT. |
| 5Ø5-F5 | Patient Pay Amount | Amount that is calculated by the processor and returned to the pharmacy as the TOTAL amount to be paid by the patient to the pharmacy; the patient's total cost share, including copayments, amounts applied to deductible, over maximum amounts, penalties, etc. | s9(6)v99 | T | 8 | | Format:=s$$$$$$cc<br><br>Comments: Included in the Prescription Response.<br><br>Examples: If the patient pay amount is $56.96, this field would reflect: 569F.<br><br>RESPONSE PRICING SEGMENT. |
| 326-CQ | Patient Phone Number | Ten digit phone number of patient. | 9(1Ø) | T | 1Ø | | Format:=AAAEEENNNN<br><br>AAA=Area Code<br>EEE=Exchange<br>NNNN=Number<br><br>Examples: If the phone number is (313)555-1212, this field would reflect: 3135551212.<br><br>REQUEST PATIENT SEGMENT. |
| 3Ø6-C6 | Patient Relationship Code | Code indicating relationship of patient to cardholder. | 9(1) | T | 1 | Ø=Not Specified<br>1=Cardholder<br>2=Spouse<br>3=Child<br>4=Other | REQUEST INSURANCE SEGMENT. |

Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 324-CO | Patient State/Province Address | Standard State/Province Code as defined by appropriate government agency. | x(2) | T | 2 | See Appendix L - United States and Canadian Province Postal Service Abbreviations | Comments: Standard United States and Canadian province two-letter postal service abbreviations should be used.<br><br>REQUEST PATIENT SEGMENT. |
| 322-CM | Patient Street Address | Free-form text for address information. | x(3Ø) | T | 3Ø | | Examples: 123 Main Street<br><br>REQUEST PATIENT SEGMENT. |
| 325-CP | Patient Zip/Postal Zone | Code defining international postal zone excluding punctuation and blanks (zip code for US). | x(15) | T | 15 | | Comments: This left-justified field contains the five-digit zip code, and may include the four-digit expanded zip code in which the patient is located.<br><br>Examples: If the zip code is 98765-4321, this field would reflect: 987654321.<br><br>If the zip code is 98765, this field would reflect: 98765 left justified.<br><br>REQUEST PATIENT SEGMENT. |
| 569-J8 | Payer ID | ID of the payer. | x(1Ø) | T | 1Ø | | Comments: Qualified by 'Payer ID Qualifier' (568-J7).<br><br>RESPONSE INSURANCE SEGMENT. |
| 568-J7 | Payer ID Qualifier | Code indicating the type of payer ID. | x(2) | T | 2 | Blank=Not Specified<br>Ø1=National Payer ID<br>Ø2=Health Industry Number (HIN)<br>Ø3=Bank Information Number (BIN)<br>Ø4=National Association of Insurance Commissioners (NAIC)<br>99=Other | Comments: Qualifies 'Payer ID' (569-J8).<br><br>RESPONSE INSURANCE SEGMENT. |
| 559-AX | Percentage Sales Tax Amount Paid | Amount of percentage sales tax paid which is included in the 'Total Amount Paid' (5Ø9-F9). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in Prescription and Service Response.<br><br>Examples: If the percentage sales tax paid is $3.62, this field would reflect: 36B.<br><br>RESPONSE PRICING SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 482-GE | Percentage Sales Tax Amount Submitted | Percentage sales tax submitted. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in prescription claim and service claim request.<br><br>This amount is included in the 'Gross Amount Due' (43Ø-DU).<br><br>Examples: If the percentage sales tax amount submitted is $4.47, this field would reflect: 44G.<br><br>REQUEST PRICING SEGMENT. |
| 561-AZ | Percentage Sales Tax Basis Paid | Code indicating the percentage sales tax paid basis. | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Gross Amount Due<br>Ø2=Ingredient Cost<br>Ø3=Ingredient Cost + Dispensing Fee | RESPONSE PRICING SEGMENT. |
| 484-JE | Percentage Sales Tax Basis Submitted | Code indicating the basis for percentage sales tax. | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Gross Amount Due<br>Ø2=Ingredient Cost<br>Ø3=Ingredient Cost + Dispensing Fee | REQUEST PRICING SEGMENT. |
| 56Ø-AY | Percentage Sales Tax Rate Paid | Percentage sales tax rate used to calculate 'Percentage Sales Tax Amount Paid' (559-AX). | s9(3)v4 | T | 7 | | Format=s999.9999<br><br>RESPONSE PRICING SEGMENT. |
| 483-HE | Percentage Sales Tax Rate Submitted | Percentage sales tax rate used to calculate 'Percentage Sales Tax Amount Submitted' (482-GE). | s9(3)v4 | T | 7 | | Format=s999.9999<br><br>REQUEST PRICING SEGMENT. |
| 3Ø3-C3 | Person Code | Code assigned to a specific person within a family. | x(3) | C,D,P,M R,T | 3 | | Comments: Person Code is optionally used in conjunction with the Cardholder ID, Field 3Ø2-C2, to uniquely identify family members within the cardholder ID.<br><br>REQUEST INSURANCE SEGMENT. |
| 829-5L | Pharmacy Address | The street address for a pharmacy. | x(2Ø) | C,D | 2Ø | | |
| 83Ø-5M | Pharmacy Count | Total number of pharmacies on a tape or batch type file. | 9(4) | C,D,P | 4 | | |
| 6Ø1-45 | Pharmacy ID Code | Code assigned to identify the pharmacy. | x(17) | R | 17 | | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 6Ø1-46 | Pharmacy ID Qualifier | Identifies the type of data being submitted in the Pharmacy ID Code field. | x(1) | R | 1 | C=Contracting Organization (PMO) assigned ID number<br>D=DEA number<br>F=Federal Tax ID number<br>H=HIBCC HIN<br>M=Manufacturer (PICO) assigned ID number<br>N=NCPDP Provider Identification Number<br>P=National Provider ID (NPI)<br>T=Telephone number<br>Z=Mutually agreed upon ID number | |
| 831-5N | Pharmacy Location City | City of pharmacy. | x(18) | C,D | 18 | | |
| 832-6F | Pharmacy Location State | State abbreviation of pharmacy. | x(2) | C,D | 2 | See Appendix L - United States and Canadian Province Postal Service Abbreviations | |
| 833-5P | Pharmacy Name | Name of pharmacy. | x(2Ø) | C,D | 2Ø | | |
| 834-5Q | Pharmacy Telephone Number | Telephone number of pharmacy. | 9(1Ø) | C,D | 1Ø | | Format=AAAEEENNNN<br><br>AAA=Area Code<br>EEE-Exchange Code<br>NNNN=Number |
| 835-5R | Pharmacy Zip Code | This field identifies the expanded zip code of the pharmacy. | x(9) | C,D,R | 9 | | Comments: This left-justified field contains the five-digit zip code, and may include the four-digit expanded zip code in which the pharmacy is located. |
| 6ØØ-91 | Plan Affiliation Parent Plan ID | ID assigned to the parent plan. | x(17) | R | 17 | | |
| 6ØØ-92 | Plan Affiliation Parent Plan ID Qualifier | Identifies the type of data being submitted in the Plan Affiliation Parent Plan ID field. | x(1) | R | 1 | C=Contracting Organization (PMO) assigned ID number<br>D=DEA number<br>F=Federal Tax ID number<br>H=HIBCC HIN<br>M=Manufacturer (PICO) assigned ID number<br>P=National Provider ID (NPI)<br>T=Telephone number<br>Z=Mutually agreed upon ID number | |
| 6ØØ-93 | Plan Degree Managed | Identifies the level of formulary management. | x(4) | R | 4 | | See Appendix E in the Manufacturer Rebates Utilization, Plan and Formulary Flat File Format Implementation Guide. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 524-FO | Plan ID | Assigned by the processor to identify a set of parameters, benefit, or coverage criteria used to adjudicate a claim. | x(8) | M,T | 8 | | REQUEST INSURANCE SEGMENT.<br><br>RESPONSE INSURANCE SEGMENT. |
| 6ØØ-94 | Plan ID Code | ID assigned to identify the plan. | x(17) | R | 17 | | |
| 734 | Plan ID Effective Date | Date on which the specified plan goes into effect. The date is required if the Plan ID is submitted. | 9(8) | M | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 733 | Plan ID Extension | Additional information to describe the benefit plan. | x(8) | M | 8 | | |
| 6ØØ-95 | Plan ID Qualifier | Identifies the type of data being submitted in the Plan ID Code field. | x(1) | R | 1 | C=Contracting Organization (PMO) assigned ID number<br>D=DEA number<br>F=Federal Tax ID number<br>H=HIBCC HIN<br>M=Manufacturer (PICO) assigned ID number<br>P=National Provider ID (NPI)<br>T=Telephone number<br>Z=Mutually agreed upon ID number | |
| 6ØØ-96 | Plan Name | The name of the plan. | x(3Ø) | R | 3Ø | | |
| 6Ø1-47 | Plan Reimbursement Amount | The amount that the plan reimburses the pharmacy. | 9(11)b or 9(11)- | R | 12 | | Format=99999999999b or 99999999999-<br><br>Note<br>b = Space<br>- = Negative Sign |
| 6Ø1-48 | Plan Reimbursement Qualifier | Identifies the content of the data submitted in the Plan Reimbursement Amount field. | x(1) | R | 1 | 1=Includes dispensing fee<br>2=Excludes dispensing fee | |
| 6ØØ-97 | Plan Total Adjudicators Records | Total number of Adjudicators Records being submitted for the plan. | 9(4)b | R | 5 | | Format=9999b<br><br>Note<br>b = Space |
| 6ØØ-98 | Plan Total Formulary Benefit Design Records | Total number of Formulary Benefit Design Records being submitted for the plan. | 9(4)b | R | 5 | | Format=9999b<br><br>Note<br>b = Space |

Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 6ØØ-99 | Plan Total Mail Order Records | Total number of Mail Order Records being submitted for the plan. | 9(4)*b* | R | 5 | | Format=9999*b*<br><br>Note<br>*b* = space |
| 6Ø1-Ø1 | Plan Type | Identifies the type of plan. | x(4) | R | 4 | | <u>See Appendix C</u> in the Manufacturer Rebates Utilization, Plan and Formulary Flat File Format Implementation Guide. |
| 6Ø1-Ø2 | Plan Type Service | Indicates the type of service for the plan. | x(4) | R | 4 | | <u>See Appendix D</u> in the Manufacturer Rebates Utilization, Plan and Formulary Flat File Format Implementation Guide. |
| 428-DS | Postage Amount Claimed | Dollar amount of postage claimed. | s9(2)v99 | C,D,P | 4 | | Format=s$$cc |
| 555-AT | Preferred Product Copay Incentive | Amount of patient's copay/cost-share incentive for preferred product. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br><u>Examples:</u> If the preferred product copay is $6.ØØ this field would reflect: 6Ø{.<br><br>RESPONSE CLAIM SEGMENT. |
| 551-9F | Preferred Product Count | Count of preferred product occurrences. | 9(1) | T | 1 | | <u>Comments:</u> Fields included in the set/logical grouping are:<br><br>'Preferred Product ID Qualifier' (552-AP)<br>'Preferred Product ID' (553-AR)<br>'Preferred Product Incentive' (554-AS)<br>'Preferred Product Copay Incentive' (555-AT)<br>'Preferred Product Description' (556-AU)<br><br>RESPONSE CLAIM SEGMENT. |
| 556-AU | Preferred Product Description | Free text message. | x(4Ø) | T | 4Ø | | RESPONSE CLAIM SEGMENT. |
| 553-AR | Preferred Product ID | Alternate product recommended by the plan. | x(19) | T | 19 | | <u>Comments:</u> Qualified by 'Preferred Product ID Qualifier' (552-AP).<br><br>RESPONSE CLAIM SEGMENT. |
| 552-AP | Preferred Product ID Qualifier | Code qualifying the type of product ID submitted in 'Preferred Product ID' (553-AR). | x(2) | T | 2 | <u>See Appendix K</u> - Product/Service Qualifier | RESPONSE CLAIM SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 554-AS | Preferred Product Incentive | Amount of pharmacy incentive available for substitution of preferred product. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Examples: If the preferred product incentive is $2.5Ø, this field would reflect: 25(.<br><br>RESPONSE CLAIM SEGMENT. |
| 335-2C | Pregnancy Indicator | Code indicating the patient as pregnant or non-pregnant. | x(1) | T | 1 | Blank=Not Specified<br>1=Not pregnant<br>2=Pregnant | REQUEST PATIENT SEGMENT. |
| 411-DB | Prescriber ID | ID assigned to the prescriber. | x(15) | T | 15 | | Comments: Qualified by 'Prescriber ID Qualifier' (466-EZ).<br><br>REQUEST PRESCRIBER SEGMENT. |
| 466-EZ | Prescriber ID Qualifier | Code qualifying the 'Prescriber ID' (411-DB). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=National Provider Identifier (NPI)<br>Ø2=Blue Cross<br>Ø3=Blue Shield<br>Ø4=Medicare<br>Ø5=Medicaid<br>Ø6=UPIN<br>Ø7=NCPDP Provider ID<br>Ø8=State License<br>Ø9=Champus<br>1Ø=Health Industry Number (HIN)<br>11=Federal Tax ID<br>12=Drug Enforcement Administration (DEA)<br>13=State Issued<br>14=Plan Specific<br>99=Other | REQUEST PRESCRIBER SEGMENT. |
| 427-DR | Prescriber Last Name | Individual last name. | x(15) | F,C,D,P,T | 15 | | Comments: This field is used sometimes when a prescriber number is unknown or not available.<br><br>Examples: Brown<br><br>REQUEST PRESCRIBER SEGMENT. |
| 467-1E | Prescriber Location Code | Location address code assigned to the prescriber as identified in the National Provider System (NPS). | x(3) | T | 3 | | REQUEST PRESCRIBER SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 498-PM | Prescriber Phone Number | Ten digit phone number of the prescriber. | 9(1Ø) | F,T | 1Ø | | Format=AAAEEENNNN AAA=Area Code EEE=Exchange Code NNNN=Number <br> Examples: This field would reflect the telephone number of (414)555-1212 as 4145551212. <br> REQUEST PRESCRIBER SEGMENT. |
| 419-DJ | Prescription Origin Code | Code indicating the origin of the prescription. | 9(1) | T | 1 | Ø=Not Specified 1=Written 2=Telephone 3=Electronic 4=Facsimile | REQUEST CLAIM SEGMENT. |
| 6Ø1-49 | Prescription Type | Identifies the prescription as either a new/refill, an adjusted prescription or a reversal. | 9(1)b or 9(1)- | R | 2 | 1b =New/Refill Øb =Adjustment 1-=Reversal | |
| 4Ø2-D2 | Prescription/ Service Reference Number | Reference number assigned by the provider for the dispensed drug/product and/or service provided. | 9(7) | T | 7 | | Qualified by 'Prescription/Service Reference Number Qualifier' (455-EM). <br> REQUEST CLAIM SEGMENT. <br> RESPONSE CLAIM SEGMENT. |
| 455-EM | Prescription/ Service Reference Number Qualifier | Indicates the type of billing submitted. | x(1) | T | 1 | Blank=Not Specified 1=Rx Billing 2=Service Billing | Comments: Qualifies 'Prescription/Service Reference Number' (4Ø2-D2). <br> REQUEST CLAIM SEGMENT. <br> RESPONSE CLAIM SEGMENT. |
| 53Ø-FU | Previous Date of Fill | Date prescription was previously filled. | 9(8) | T | 8 | | Format=CCYYMMDD <br> CC=Century YY=Year MM=Month DD=Day <br> Examples: If the prescription was previously filled on August 1, 1999, this field would reflect: 1999Ø8Ø1. <br> RESPONSE DUR/PPS SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 737 | Primary Care Provider Effective Date | Date on which primary care provider is effective for member. Required if Primary Care Provider ID is submitted. | 9(8) | M | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 421-DL | Primary Care Provider ID | ID assigned to the primary care provider. Used when the patient is referred to a secondary care provider. | x(15) | T | 15 | | <u>Comments:</u> Qualified by 'Primary Care Provider ID Qualifier' (468-2E).<br><br>REQUEST PRESCRIBER SEGMENT. |
| 468-2E | Primary Care Provider ID Qualifier | Code qualifying the 'Primary Care Provider ID' (421-DL). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=National Provider Identifier (NPI)<br>Ø2=Blue Cross<br>Ø3=Blue Shield<br>Ø4=Medicare<br>Ø5=Medicaid<br>Ø6=UPIN<br>Ø7=NCPDP Provider ID<br>Ø8=State License<br>Ø9=Champus<br>1Ø=Health Industry Number (HIN)<br>11=Federal Tax ID<br>12=Drug Enforcement Administration (DEA)<br>13=State Issued<br>14=Plan Specific<br>99=Other | REQUEST PRESCRIBER SEGMENT. |
| 47Ø-4E | Primary Care Provider Last Name | Individual last name. | x(15) | T | 15 | | REQUEST PRESCRIBER SEGMENT. |
| 469-H5 | Primary Care Provider Location Code | Location address code assigned to the primary care provider as identified in the National Provider System (NPS). | x(3) | T | 3 | | REQUEST PRESCRIBER SEGMENT. |
| 739 | Primary Pharmacy Effective Date | Date on which primary pharmacy is effective for member. Required if primary pharmacy is submitted. | x(8) | M | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 738 | Primary Pharmacy ID | Identifies the pharmacy, chain, or Preferred Provider Organization (PPO) that the member must use in order to obtain benefits. | 9(12) | M | 12 | | |
| 498-RB | Prior Authorization Dollars Authorized | Amount authorized in the prior authorization. | s9(6)v99 | T | 8 | | Format= s$$$$$$cc<br><br>Examples: Provided to the pharmacy by the processor to be used by the pharmacy to bill the plan. If the prior authorization dollars authorized is $76.00 this field would reflect: 760{.<br><br>RESPONSE PRIOR AUTHORIZATION SEGMENT. |
| 498-PS | Prior Authorization Effective Date | Date the prior authorization became effective. | 9(8) | F,T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Comments: Provided by the processor to the pharmacy to indicate the date on which the prior authorization became effective.<br><br>RESPONSE PRIOR AUTHORIZATION SEGMENT. |
| 498-PT | Prior Authorization Expiration Date | Date the prior authorization ends. | 9(8) | F,T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Comments: Provided by the processor to the pharmacy to indicate the date on which the prior authorization approval expires.<br><br>RESPONSE PRIOR AUTHORIZATION SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 416-DG | Prior Authorization/ Medical Certification Code And Number | Value indicating prior authorization or medical certification occurred, and the number associated with the code in the left most position. | 9(12) | C,D | 12 | Ø=Not specified<br>1=Prior authorization<br>2=Medical certification<br>3=EPSDT<br>4=Exemption from co-pay<br>5=Exemption from prescription limits<br>6=Family planning indicator<br>7=AFDC<br>8=Payor defined exemption | Format=VNNNNNNNNNNN<br><br>Comments: V = Prior Authorization/Medical Certification Code And Number must be left justified in the full field. The remaining 11 digits must be right justified and zero filled for V. |
| 498-PW | Prior Authorization Number Of Refills Authorized | Number of refills authorized by the prior authorization. | 9(2) | T | 2 | | RESPONSE PRIOR AUTHORIZATION SEGMENT. |
| 462-EV | Prior Authorization Number Submitted | Number submitted by the provider to identify the prior authorization. | 9(11) | T | 11 | | REQUEST CLAIM SEGMENT. |
| 498-PY | Prior Authorization Number-Assigned | Unique number identifying the prior authorization assigned by the processor. | 9(11) | F,T | 11 | | Comments: Provided to the pharmacy by the processor to be used by the pharmacy for billing, and if applicable, reversal purposes.<br><br>REQUEST PRIOR AUTHORIZATION SEGMENT.<br><br>RESPONSE PRIOR AUTHORIZATION SEGMENT. |
| 498-PR | Prior Authorization Processed Date | Date the prior authorization request was processed. | 9(8) | F,T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br>Comments: Provided by the processor to the pharmacy to indicate the date on which the prior authorization transaction was processed.<br><br>RESPONSE PRIOR AUTHORIZATION SEGMENT. |
| 498-RA | Prior Authorization Quantity | Amount authorized expressed in metric decimal units. | 9(7)v999 | T | 1Ø | | Format=9999999.999<br><br>Comments: Provided to the pharmacy by the processor to allow the pharmacy to dispense the number of units authorized.<br><br>RESPONSE PRIOR AUTHORIZATION SEGMENT. |

Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 498-PX | Prior Authorization Quantity Accumulated | Accumulated authorized amount expressed in metric decimal units. | 9(7)v999 | T | 1Ø | | Format=9999999.999  Comments: Provided to the pharmacy by the processor to be used by the pharmacy for billing, and if applicable, reversal purposes.  RESPONSE PRIOR AUTHORIZATION SEGMENT. |
| 498-PP | Prior Authorization Supporting Documentation | Free text message. | x(1)-x(5ØØ) | T | 1-5ØØ | | Comments: Could be used, if applicable, to supply information not already included in NCPDP data fields that may be required to process a prior authorization transaction.  REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 461-EU | Prior Authorization Type Code | Code clarifying the 'Prior Authorization Number' (462-EV). | 9(2) | T | 2 | Ø=Not Specified  1=Prior Authorization  2=Medical Certification  3=EPSDT (Early Periodic Screening Diagnosis Treatment)  4=Exemption from Copay  5=Exemption from RX  6=Family Plan. Indic.  7=AFDC (Aid to Families with Dependent Children)  8=Payer Defined Exemption | REQUEST CLAIM SEGMENT. |
| 459-ER | Procedure Modifier Code | Identifies special circumstances related to the performance of the service. | x(2) | T | 2 | | Available from:  Health Care Financing Administration  7500 Security Blvd.  Baltimore, MD 21244  REQUEST CLAIM SEGMENT. |
| 458-SE | Procedure Modifier Code Count | Count of the 'Procedure Modifier Code' (459-ER) occurrences. | 9(1) | T | 1 | | REQUEST CLAIM SEGMENT. |
| 7Ø8 | Process Begin Date | Earliest process date contained between the data header and data trailer segments. | 9(8) | M | 8 | | Format=CCYYMMDD  CC=Century  YY=Year  MM=Month  DD=Day  Comments: Begin date of the period in which this record was processed by the submitter. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 7Ø4 | Process Date | Date on which file is created. | 9(8) | M | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 7Ø9 | Process End Date | Latest process date contained between the data header and data trailer segments. | 9(8) | M | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br><u>Comments:</u> End date of the period in which this record was processed by the submitter. |
| 7Ø5 | Process Time | The time file or record was created. | 9(6) | M | 6 | | Format=HHMMSS<br><br>HH=Hours<br>MM=Minutes<br>SS=Seconds |
| 836-5S | Processor Address | Address of the processor corresponding to field 84Ø-5W. | x(2Ø) | C,D | 2Ø | | |
| 1Ø4-A4 | Processor Control Number | Number assigned by the processor. | x(1Ø) | T,M | 1Ø | | REQUEST TRANSACTION HEADER SEGMENT. |
| 752 | Processor Defined Data | Contains data elements mutually defined by processor/ originator. | x(176) | M | 176 | | |
| 7Ø7 | Processor Indicator | Description of file contents and corresponding action to be taken by processor. | x(1) | M | 1 | A=Active only: will generate update transaction for maintenance processing<br>R=Replacement: for complete file replacement<br>C=Comparison: file compare only-no updates<br>F=Full file: actives and terms | |
| 837-5T | Processor Location City | The name of the city in which the processor is located, corresponding to field 84Ø-5W. | x(18) | C,D | 18 | | |
| 838-5U | Processor Location State | The name of the state in which the processor is located, corresponding to field 84Ø-5W. | x(2) | C,D | 2 | <u>See Appendix</u> L - United States and Canadian Province Postal Service Abbreviations | |

September, 1999<br>National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 839-5V | Processor Name | Name of the processor. | x(2Ø) | C,D,M | 2Ø | | |
| 84Ø-5W | Processor Number | Number assigned by NCPDP to identify the source of the claim billing file and the source of the payment file. | x(1Ø) | C,D,P | 1Ø | | |
| 841-5X | Processor Telephone Number | Telephone number of processor corresponding to field 84Ø-5W. | 9(1Ø) | C,D | 1Ø | | Format=AAAEEENNNN<br><br>AAA=Area Code<br>EEE=Exchange Code<br>NNNN=Number |
| 842-5Y | Processor Zip Code | This field identifies the expanded zip code of the processor, corresponding to field 84Ø-5W. | x(9) | C,D | 9 | | Comments: This left-justified field contains the five-digit zip code, and may include the four-digit expanded zip code in which the processor is located. |
| 6Ø1-18 | Product Code | Code identifying the product being reported. | x(17) | R | 17 | | |
| 6Ø1-19 | Product Code Qualifier | Identifies the type of data being submitted in the Product Code field. | x(1) | R | 1 | 1=First DataBank GCN<br>2=Medispan GPI<br>3=First DataBank GC3<br>4=Medispan DDID<br>9=Nine-digit NDC<br>A=American Hospital Formulary Service (AHFS)<br>C=Contracting organization (PMO) assigned code<br>M=Manufacturer (PICO) assigned code<br>N=Eleven-digit NDC<br>O=UPC (OTCS)<br>P=Product group (brand or generic name)<br>U=Universal System of Classification (USC)<br>Z=Mutually agreed upon code | |
| 6Ø1-2Ø | Product Description | Description of product being submitted. | x(3Ø) | R | 3Ø | | |
| 6Ø1-21 | Product Dosage Form | The dosage form of the reported product. | x(15) | R | 15 | | |
| 6Ø1-22 | Product Formulary Status Code | Identifies the formulary status of the product. | x(4) | R | 4 | | See Appendix G in the Manufacturer Rebates Utilization, Plan and Formulary Flat File Format Implementation Guide. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 6Ø1-23 | Product Generic Name | The generic name of the product identified in the Product Code field 6Ø1-18. | x(3Ø) | R | 3Ø | | |
| 6Ø1-24 | Product Strength | The strength of the product identified in the Product Code field 6Ø1-18. | x(15) | R | 15 | | |
| 4Ø7-D7 | Product/Service ID | ID of the product dispensed or service provided. | x(19) | T | 19 | | Format=MMMMMDDDDPP<br><br>MMMMM=Manufacturer's Assigned Number<br>DDDD=Drug ID<br>PP=Package Size<br><br>Comments: Qualified by 'Product/Service ID Qualifier' (436-E1) If 'Product Service ID Qualifier' (436-E1) is Ø1=NDC<br><br>REQUEST CLAIM SEGMENT. |
| 436-E1 | Product/Service ID Qualifier | Code qualifying the value in 'Product/Service ID' (4Ø7-D7). | x(2) | T | 2 | See Appendix K - Product/Service Qualifier | REQUEST CLAIM SEGMENT. |
| 44Ø-E5 | Professional Service Code | Code identifying pharmacist intervention when a conflict code has been identified or service has been rendered. | x(2) | T | 2 | ØØ=No intervention<br>AS=Patient assessment<br>CC=Coordination of care<br>DE=Dosing evaluation/determination<br>FE=Formulary enforcement<br>GP=Generic product selection<br>MA=Medication administration<br>MØ=Prescriber consulted<br>MR=Medication review<br>PE=Patient education/instruction<br>PH=Patient medication history<br>PM=Patient monitoring<br>PØ=Patient consulted<br>PT=Perform laboratory test<br>RØ=Pharmacist consulted other source<br>RT=Recommend laboratory test<br>SC=Self-care consultation<br>SW=Literature search/review<br>TC=Payer/processor consulted<br>TH=Therapeutic product interchange | Examples: If the pharmacist spoke with the patient as a result of a conflict code being transmitted on a prescription, the field would reflect PØ.<br><br>REQUEST DUR/PPS SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 562-J1 | Professional Service Fee Paid | Amount representing the contractually agreed upon fee for professional services rendered. This amount is included in the 'Total Amount Paid' (5Ø9-F9). | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in the Service Response.<br><br>Examples: If the professional service fee paid is $5.5Ø this field would reflect: 55{.<br><br>RESPONSE PRICING SEGMENT. |
| 477-BE | Professional Service Fee Submitted | Amount submitted by the provider for professional services rendered. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Comments: Included in the Service Request.<br><br>This amount is included in the 'Gross Amount Due' (43Ø-DU).<br><br>Examples: If the Professional Service Fee Submitted is $7.ØØ, this field would reflect: 7Ø{.<br><br>REQUEST PRICING SEGMENT. |
| 444-E9 | Provider ID | Unique ID assigned to the person responsible for the dispensing of the prescription or provision of the service. | x(15) | T | 15 | | Comments: Qualified by 'Provider ID Qualifier' (465-EY).<br><br>REQUEST PHARMACY PROVIDER SEGMENT. |
| 465-EY | Provider ID Qualifier | Code qualifying the 'Provider ID' (444-E9). | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Drug Enforcement Administration (DEA)<br>Ø2=State License<br>Ø3=Social Security Number (SSN)<br>Ø4=Name<br>Ø5=National Provider Identifier (NPI)<br>Ø6=Health Industry Number (HIN)<br>Ø7=State Issued<br>99=Other | REQUEST PHARMACY PROVIDER SEGMENT. |
| 442-E7 | Quantity Dispensed | Quantity dispensed expressed in metric decimal units. | 9(7)v999 | T | 1Ø | | Format=9999999.999<br><br>REQUEST CLAIM SEGMENT. |
| 344-HF | Quantity Intended To Be Dispensed | Metric decimal quantity of medication that would be dispensed on original filling if inventory were available. Used in association with a 'P' or 'C' in 'Dispensing Status' (343-HD). | 9(7)V999 | T | 1Ø | | Format=9999999.999<br><br>If sending this field, an assumption is made that 'Days Supply Intended To Be Dispensed' (345-HG) is also sent.<br><br>REQUEST CLAIM SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 531-FV | Quantity Of Previous Fill | Amount expressed in metric decimal units of the conflicting agent that was previously filled. | 9(7)v999 | T | 1Ø | | Format=9999999.999 RESPONSE DUR/PPS SEGMENT. |
| 46Ø-ET | Quantity Prescribed | Amount expressed in metric decimal units. | 9(7)v999 | T | 1Ø | | Format=9999999.999 REQUEST CLAIM SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 439-E4 | Reason For Service Code (Continued….) | Code identifying the type of utilization conflict detected or the reason for the pharmacist's professional service. | x(2) | T | 2 | AD=Additional Drug Needed<br>AN=Prescription Authentication<br>AR=Adverse Drug Reaction<br>AT=Additive Toxicity<br>**CD=Chronic Disease Management**<br>CH=Call Help Desk<br>CS=Patient Complaint/Symptom<br>DA=Drug-Allergy<br>DC=Drug-Disease (Inferred)<br>DD=Drug-Drug Interaction<br>DF=Drug-Food interaction<br>DI=Drug Incompatibility<br>DL=Drug-Lab Conflict<br>DM=Apparent Drug Misuse<br>DS=Tobacco Use<br>ED=Patient Education/Instruction<br>ER=Overuse<br>EX=Excessive Quantity<br>HD=High Dose<br>IC=Iatrogenic Condition<br>ID=Ingredient Duplication<br>LD=Low Dose<br>**LK=Lock In Recipient**<br>LR=Underuse<br>MC=Drug-Disease (Reported)<br>MN=Insufficeint Duration<br>MS=Missing Information/Clarification<br>MX=Excessive Duration<br>NA=Drug Not Available<br>NC=Non-covered Drug Purchase<br>ND=New Disease/Diagnosis<br>NF=Non-Formulary Drug<br>NN=Unnecessary Drug<br>NP=New Patient Processing<br>NR=Lactation/Nursing Interaction<br>NS=Insufficient Quantity<br>OH=Alcohol Conflict<br>PA=Drug-Age<br>PC=Patient Question/Concern<br>PG=Drug-Pregnancy<br>**PH=Preventive Health Care**<br>PN=Prescriber Consultation<br>PP=Plan Protocol<br>PR=Prior Adverse Reaction<br>PS=Product Selection Opportunity<br>**RE=Suspected Environmental Risk**<br>RF=Health Provider Referral | REQUEST DUR/PPS SEGMENT.<br><br>RESPONSE DUR/PPS SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 439-E4 | Reason for Service Code<br><br>(Continued from previous page) | Code identifying the type of utilization conflict detected or the reason for the pharmacist's professional service. | x(2) | T | 2 | **SC=Suboptimal Compliance**<br>SD=Suboptimal Drug/Indication<br>SE=Side Effect<br>SF=Suboptimal Dosage Form<br>SR=Suboptimal Regimen<br>SX=Drug-Gender<br>TD=Therapeutic<br>TN=Laboratory Test Needed<br>TP=Payer/Processor Question | REQUEST DUR/PPS SEGMENT.<br><br>RESPONSE DUR/PPS SEGMENT. |
| 6Ø1-5Ø | Rebate Batch Number | Unique number identifying the batch being submitted. | x(15) | R | 15 | | <u>Comments:</u> Can be invoice number. |
| 6Ø1-51 | Rebate Days Supply | Days supply of the product being reported. | 9(3)*b*<br>or 9(3)- | R | 4 | | Format=999*b* or 999-<br><br>Note<br>*b* = Space<br>- = Negative Sign |
| 6Ø1-52 | Rebate Per Unit Amount | Amount per unit being submitted. | 9(5)v99999<br>9*b*<br>or<br>9(5)v99999<br>9- | R | 12 | | Format=99999v999999*b* or 99999v999999-<br><br>Note<br>*b* = Space<br>- = Negative Sign |
| 6ØØ-39 | Rebate Period End Date | Last day of the rebate period. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 6ØØ-38 | Rebate Period Start Date | First day of the rebate period. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 6Ø1-Ø3 | Rebate Version Release Number | Version and release number of standard being submitted. | x(5) | R | 5 | | Format=VV.RR<br><br>VV=Version<br>RR=Release |
| 751 | Record Count | Record count within submitted enrollment batch files. This count will be a different value depending upon the enrollment segment in which this count is kept. | 9(1Ø) | B,M | 1Ø | | <u>Comments:</u> Data trailer segment record count = total number of enrollment segments in the processor set.<br><br>File trailer segment record count = total number of enrollment segments in the entire file. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|--------------------|
| 843-5Z | Record Identifier | Indicator at the beginning of the record that determines type of record. | 9(1) | C,D,P | 1 | Claims Billing Tape and Diskette Billing<br>Ø=Processor Record<br>2=Pharmacy Record<br>4=Claim Record<br>6=Batch Control Record<br>8=Diskette and Tape Batch Control Record<br>--------------------------------------<br>Payment Tape<br>1=Carrier Record<br>3=Pharmacy Record<br>5=Payment Record<br>7=Pharmacy Batch Control Record<br>9=Tape Batch Control Record | |
| 6Ø1-53 | Record Purpose Indicator | Identifies the purpose of the record being submitted. | x(1) | R | 1 | M=Submitted for market share calculation<br>O=Other reported utilization<br>R=Submitted for rebate utilization | |
| 6Ø1-Ø4 | Record Type | Type of record being submitted. | x(2) | R | 2 | AD=Adjudicator<br>FB=Formulary Benefit Design<br>FO=Formulary<br>FP=Formulary Product<br>HD=Header<br>MO=Mail Order<br>PD=Plan Detail<br>UD=Utilization Detail<br>TR=Trailer | |
| 6Ø1-54 | Reimbursement Date | Date provider was reimbursed for product being reported. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 511-FB | Reject Code | Code indicating the error encountered. | x(3) | T | 3 | See Appendix F - reject code listing | RESPONSE STATUS SEGMENT. |
| 51Ø-FA | Reject Count | Count of 'Reject Code' (511-FB) occurrences. | 9(2) | B,T | 2 | | RESPONSE STATUS SEGMENT. |
| 546-4F | Rejected Field Occurrence Indicator | Identifies the counter number or occurrence of the field that is being rejected. Used to indicate rejects for repeating fields. | 9(2) | T | 2 | | RESPONSE STATUS SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 74Ø | Relationship Coverage Effective Date | Used to determine the effective date of relationship coverage flags. | 9(8) | M | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br><u>Comments:</u> Required if relationship coverage flags are submitted. |
| 514-FE | Remaining Benefit Amount | Amount remaining in a patient/family plan with a periodic maximum benefit. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br>Note: ØØØØØØØE (No benefit remaining)<br><br><u>Examples:</u> Patient has $1ØØ.ØØ benefits. The patient pays $4Ø.ØØ for a prescription. The remaining benefit amount would be $6Ø.ØØ, and this field would reflect: 6ØØ{.<br><br>RESPONSE PRICING SEGMENT. |
| 513-FD | Remaining Deductible Amount | Amount not met by the patient/family in the deductible plan. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br><u>Examples:</u> The patient has $5Ø.ØØ deductible. The patient pays $2Ø.ØØ for a prescription. The remaining deductible is $3Ø.ØØ, and this field would reflect: 3ØØ{.<br><br>RESPONSE PRICING SEGMENT. |
| 6Ø1-Ø5 | Reporting Period End Date | The last day of the period being reported in the plan flat file. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 6Ø1-Ø6 | Reporting Period Start Date | The first day of the period being reported in the plan flat file. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 498-PB | Request Period Date-Begin | Beginning date for a prior authorization request. | 9(8) | F,T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br><u>Comments:</u> Used by processor to determine starting date of a prior authorization request.<br><br>REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 498-PC | Request Period Date-End | Ending date for a prior authorization request. | 9(8) | F,T | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day<br><br><u>Comments:</u> Used by processor to determine the ending date for a prior authorization request.<br><br>REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 498-PA | Request Type | Code identifying type of prior authorization request. | x(1) | F,T | 1 | 1=Initial<br>2=Reauthorization<br>3=Deferred | <u>Comments:</u> Used by processor to distinguish reason for prior authorization request.<br><br>REQUEST PRIOR AUTHORIZATION SEGMENT. |
| 6Ø1-55 | Requested Rebate Amount | The total rebate being requested for the reported product. | 9(9)v99*b* or (9)v99- | R | 12 | | Format=999999999v99*b* or 999999999v99-<br><br>Note<br>*b* = Space<br>- = Negative Sign |
| 844-6A | Resubmission Cycle Count | Number of times claims submitted. | 9(2) | C,D | 2 | Ø=Original Submission<br>1=First Re-submission<br>2=Second Re-submission | |

Confidential Material Subject for Protection under Protective Orders

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 441-E6 | Result of Service Code | Action taken by a pharmacist in response to a conflict or the result of a pharmacist's professional service. | x(2) | T | 2 | ØØ=Not Specified<br>1A=Filled As Is, False Positive<br>1B=Filled Prescription As Is<br>1C=Filled, With Different Dose<br>1D=Filled, With Different Directions<br>1E=Filled, With Different Drug<br>1F=Filled, With Different Quantity<br>1G=Filled, With Prescriber Approval<br>1H=Brand-to-Generic Change<br>1J=Rx-to-OTC Change<br>1K=Filled with Different Dosage Form<br>2A=Prescription Not Filled<br>2B=Not Filled, Directions Clarified<br>3A=Recommendation Accepted<br>3B=Recommendation Not Accepted<br>3C=Discontinued Drug<br>3D=Regimen Changed<br>3E=Therapy Changed<br>3F=Therapy Changed-cost increased acknowledged<br>3G=Drug Therapy Unchanged<br>3H=Follow-Up/Report<br>3J=Patient Referral<br>**3K=Instructions Understood**<br>3M=Compliance Aid Provided<br>**3N=Medication Administered** | REQUEST DUR/PPS SEGMENT. |
| 845-6B | Run Date | Date on which the file was generated by carrier. | 9(8) | C,D,P | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 454-EK | Scheduled Prescription ID Number | The serial number of the prescription blank/form. | x(12) | T | 12 | | REQUEST CLAIM SEGMENT. |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 111-AM | Segment Identification | Identifies the segment in the request and/or response. | x(2) | T | 2 | Blank=Not Specified<br>Ø1=Patient<br>Ø2=Pharmacy Provider<br>Ø3=Prescriber<br>Ø4=Insurance<br>Ø5=Coordination of Benefits/Other Payments<br>Ø6=Worker's Compensation<br>Ø7=Claim<br>Ø8=DUR/PPS<br>Ø9=Coupon<br>1Ø=Compound<br>11=Pricing<br>12=Prior Authorization<br>13=Clinical<br>2Ø=Response Message<br>21=Response Status<br>22=Response Claim<br>23=Response Pricing<br>24=Response DUR/PPS<br>25=Response Insurance<br>26=Response Prior Authorization | ALL SEGMENTS EXCEPT:<br><br>TRANSACTION HEADER SEGMENT AND RESPONSE HEADER SEGMENT. |
| 7Ø1 | Segment Identifier | Unique record type required on Enrollment/Batch Transaction Standard. | x(2) | B,M | 2 | ØØ=File Control<br>1Ø=Data Header<br>2Ø=Enrollment Core<br>3Ø=Demographic<br>4Ø=Member Coverage<br>8Ø=Processor Defined<br>9Ø=Data Trailer<br>99=File Trailer<br>G1=Detail Data Record | |
| 88Ø-K1 | Sender ID | An identification number assigned to the sender of the data by the processor/receiver of the data. | x(24) | B | 24 | | |
| 71Ø | Sequence Number | A unique number used to sequence multiple enrollee sets for a single enrollee. | 9(2) | M | 2 | Ø1-99 | See Section 1.6.5 of the Member Enrollment Standard Format. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 2Ø1-B1 | Service Provider ID | ID assigned to a pharmacy or provider. | x(15) | C,D,P,R,T | 15 | | Comments: If NCPDP Pharmacy Number or Dispensing Physician ID number assigned by NCPDP, this is the following format: Format: SSNNNNC SS=State code or if dispensing physician (71-76) NNNN =Number assigned to specific pharmacy within the state C=Check digit with the remaining positions blank. The check digit is calculated as follows: If the pharmacy number is "123456" 1+3+5 = 9 (sum the 1st, 3rd, & 5th digits) +(2+4+6)x2 = 24 (2 times the sum of 2nd, 4th, & 6th digits) 33 (the units digit is the check digit) The check digit is "3", giving the full pharmacy number "1234563". Qualified by 'Service Provider ID Qualifier' (2Ø2-B2). REQUEST TRANSACTION HEADER SEGMENT. RESPONSE HEADER SEGMENT. |
| 2Ø2-B2 | Service Provider ID Qualifier | Code qualifying the 'Service Provider ID' (2Ø1-B1). | x(2) | T | 2 | Blank=Not Specified Ø1=National Provider Identifier (NPI) Ø2=Blue Cross Ø3=Blue Shield Ø4=Medicare Ø5=Medicaid Ø6=UPIN Ø7=NCPDP Provider ID Ø8=State License Ø9=Champus 1Ø=Health Industry Number (HIN) 11=Federal Tax ID 12=Drug Enforcement Administration (DEA) 13=State Issued 14=Plan Specific 99=Other | TRANSACTION HEADER SEGMENT. RESPONSE HEADER SEGMENT. |

Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 334-1C | Smoker/Non-Smoker Code | Code indicating the patient as a smoker or non-smoker. | x(1) | T | 1 | Blank=Not Specified<br>1=Non-Smoker<br>2=Smoker | REQUEST PATIENT SEGMENT. |
| 722 | Social Security Number | The social security number of the individual member. | 9(9) | M | 9 | | If the Social security Number is 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, this field would reflect: 555667777. |
| 11Ø-AK | Software Vendor/ Certification ID | ID assigned by the switch or processor to identify the software source. | x(1Ø) | T | 1Ø | | TRANSACTION HEADER SEGMENT. |
| 742 | Spouse Coverage Indicator | Identifying if the spouse is covered for Rx benefit. | x(1) | M | 1 | N=No<br>Y=Yes | |
| 6Ø1-Ø7 | Start Date | The first day of eligibility. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 729 | State | Abbreviation of state in which member resides. | x(2) | M,R | 2 | See Appendix L - United States and Canadian Province Postal Service Abbreviations | |
| 745 | Student Coverage Indicator | Identifying if a student is eligible for Rx benefit. | x(1) | M | 1 | N=No<br>Y=Yes | |
| 746 | Student Covered Through Age | The age through which students are covered. | 9(3) | M | 3 | | Comments: Required if student coverage indicator = Y. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 42Ø-DK | Submission Clarification Code | Code indicating that the pharmacist is clarifying the submission. | 9(2) | T | 2 | Ø=Not Specified, Default<br>1=No Override<br>2=Other Override<br>3=Vacation Supply-The pharmacist is indicating that the cardholder has requested a vacation supply of the medicine.<br>4=Lost Prescription-The pharmacist is indicating that the cardholder has requested a replacement of medication that has been lost.<br>5=Therapy Change-The pharmacist is indicating that the physician has determined that a change in therapy was required; either that the medication was used faster than expected, or a different dosage form is needed, etc.<br>6=Starter Dose-The pharmacist is indicating that the previous medication was a starter dose and now additional medication is needed to continue treatment.<br>7=Medically Necessary-The pharmacist is indicating that this medication has been determined by the physician to be medically necessary<br>8=Process Compound For Approved Ingredients<br>9=Encounters<br>99=Other | Examples: Since the patient will be out of state for the next three months, they have requested a three month supply of their medication. This situation can cause the claim to reject, because it was refilled too soon. By indicating an Ø3, the processor is made aware of the situation, and can properly adjudicate the claim.<br><br>REQUEST CLAIM SEGMENT. |
| 557-AV | Tax Exempt Indicator | Code indicating the payer as exempt from taxes. | x(1) | T | 1 | Blank=Not Specified<br>1=Tax Exempt<br>2=Not Tax Exempt | RESPONSE PRICING SEGMENT. |
| 732 | Telephone Number | Telephone number of the member. | 9(1Ø) | M | 1Ø | | Format=AAAEEENNNN<br><br>AAA=Area Code<br>EEE=Exchange Code<br>NNNN=Number |
| 713 | Termination Date | Date of the member's participation in this group coverage will continue through midnight of the termination date. | 9(8) | M,R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 88Ø-K4 | Text Indicator | This field is used to identify the beginning and ending of the data record. | x(1) | B | 1 | | Comments: Start of text (STX)=x'Ø2'<br>End of text (ETX)=x'Ø3' |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona<br>Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|-------|---------------|---------------------|--------------|------------------|--------------|--------|---------------------|
| 6Ø1-25 | Therapeutic Class Code | Code assigned to product being reported. | x(17) | R | 17 | | |
| 6Ø1-26 | Therapeutic Class Code Qualifier | Identifies type of data being submitted in the Therapeutic Class Code field. | x(1) | R | 1 | 1=First DataBank GCN<br>2=Medispan GPI<br>3=First DataBank GC3<br>4=Medispan DDID<br>A=American Hospital Formulary Service (AHFS) Code<br>C=Contracting Organization (PMO) Assigned Code<br>M=Manufacturer (PICO) Assigned Code<br>U=Universal System of Classification Code (USC)<br>Z=Mutually Agreed Upon Code | |
| 6Ø1-27 | Therapeutic Class Description | A text description of the Therapeutic Class Code field 6Ø1-25. | x(3Ø) | R | 3Ø | | |
| 6Ø1-28 | Therapeutic Use Code | Code assigned by contracting organization to identify the therapeutic use of the product being reported. | x(17) | R | 17 | | |
| 6Ø1-29 | Therapeutic Use Description | A text description of the Therapeutic Use Code field 6Ø1-28. | x(3Ø) | R | 3Ø | | |
| 846-6C | Third Party Type | Type of claim. | x(1) | C,D | 1 | M=Government<br>P=Private | |
| 5Ø9-F9 | Total Amount Paid | Total amount to be paid by the claims processor (i.e. pharmacy receivable). Represents a sum of 'Ingredient Cost Paid' (5Ø6-F6), 'Dispensing Fee Paid' (5Ø7-F7), 'Flat Sales Tax Amount Paid' (558-AW), 'Percentage Sales Tax Amount Paid' (559-AX), 'Incentive Amount Paid' (521-FL), 'Professional Service Fee Paid' (562-J1), 'Other Amount Paid' (565-J4), less 'Patient Pay Amount' (5Ø5-F5) and 'Other Payer Amount Recognized' (566-J5). | s9(6)v99 | T | 8 | | Comments: Format=s$$$$$$cc<br><br>Examples:<br>Ingredient Cost Paid (5Ø6-F6)=$2Ø.ØØ+<br>Dispensing Fee Paid (5Ø7-F7)=2.ØØ+<br>Flat Sales Tax Amount Paid (558-AW)=1.ØØ+<br>Percentage Sales Tax Amount Paid (559-AX)=.ØØ+<br>Incentive Amount Paid (521-FL)=ØØ+<br>Other Amount Paid (565-J4)=.ØØ+<br>Professional Service Fee Paid (562-J1)=.ØØ-<br>Patient Pay Amount (5Ø5-F5)=5.ØØ-<br>Other Payer Amount Recognized (566-J5)=3.ØØ =<br>Total Amount Paid (5Ø9-F9) =$15.ØØ<br>This field would reflect: 15Ø{<br><br>RESPONSE PRICING SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 6Ø1-3Ø | Total Number of Formularies | Total number of "FO" records in the submission. | 9(9)*b* or 9(9)- | R | 1Ø | | Format=999999999*b* or 999999999- <br><br> Note <br> *b* = Space <br> - = Negative Sign |
| 6Ø1-Ø8 | Total Number Of Plans | Total number of "PD" records in the submission. | 9(9)*b* or 9(9)- | R | 1Ø | | Format=999999999*b* or 999999999- <br><br> Note <br> *b* = Space <br> - = Negative Sign |
| 6Ø1-Ø9 | Total Record Count | Total number of records being submitted, including header and trailer. | 9(1Ø)*b* or 9(1Ø)- | R | 11 | | Format=9999999999*b* or 9999999999- <br><br> Note <br> *b* = Space <br> - = Negative Sign |
| 1Ø3-A3 | Transaction Code | Code identifying the type of transaction. | x(2) | T | 2 | E1=Eligibility Verification <br> B1=Billing <br> B2=Reversal <br> B3=Rebill <br> P1=P.A. Request & Billing <br> P2=P.A. Reversal <br> P3=P.A. Inquiry <br> P4=P.A. Request Only <br> N1=Information Reporting <br> N2=Information Reporting Reversal <br> N3=Information Reporting Rebill <br> C1=Controlled Substance Reporting <br> C2=Controlled Substance Reporting Reversal <br> C3=Controlled Substance Reporting Rebill | REQUEST TRANSACTION HEADER SEGMENT. <br><br> RESPONSE HEADER SEGMENT. |
| 1Ø9-A9 | Transaction Count | Count of transactions in the transmission. | x(1) | T | 1 | Blank=Not Specified <br> 1=One Occurrence <br> 2=Two Occurrences <br> 3=Three Occurrences <br> 4=Four Occurrences | Field value defaults to '1'. A value >'1' applies to all transaction codes except 'E' and 'P' transactions. <br><br> TRANSACTION HEADER SEGMENT. <br><br> RESPONSE HEADER SEGMENT. |

September, 1999 <br> National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona <br> Confidential Material - Not for Distribution Without Permission of Authors

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 88Ø-K5 | Transaction Reference Number | A reference number assigned by the claim provider to each of the data records in the batch. The purpose of this number is to facilitate the process of matching the claim response to the claim. The transaction reference number assigned to the claim is to be returned with the claim's corresponding reference number. | x(1Ø) | B | 1Ø | | <u>Comments:</u> To be assigned by provider. |
| 112-AN | Transaction Response Status | Code indicating the status of the transaction. | x(1) | T | 1 | A=Approved<br>C=Captured<br>D=Duplicate of Paid<br>F=PA Deferred<br>P=Paid<br>Q=Duplicate of Capture<br>R=Rejected<br>S=Duplicate of Approved | <u>Comments:</u> Used in the response status segment.<br><br>RESPONSE STATUS SEGMENT. |
| 6Ø1-56 | Transmission Control Number | Unique number identifying the whole transmission. | x(9) | R | 9 | | |
| 6Ø1-1Ø | Transmission Date | Date the file was created. | 9(8) | R | 8 | | Format=CCYYMMDD<br><br>CC=Century<br>YY=Year<br>MM=Month<br>DD=Day |
| 88Ø-K6 | Transmission Type | A value to define the type of transmission being sent. | x(1) | B | 1 | T=Transaction<br>R=Response<br>E=Error | |
| 429-DT | Unit Dose Indicator | Code indicating the type of unit dose dispensing. | 9(1) | C,D,P,T | 1 | Ø=Not Specified<br>1=Not Unit Dose<br>2=Manufacturer Unit Dose<br>3=Pharmacy Unit Dose | REQUEST CLAIM SEGMENT. |
| 6ØØ-28 | Unit Of Measure | NCPDP standard product billing codes. | x(2) | R,T | 2 | EA=Each<br>GM=Grams<br>ML=Milliliters | REQUEST CLAIM SEGMENT. |
| 426-DQ | Usual and Customary Charge | Amount charged cash customers for the prescription exclusive of sales tax or other amounts claimed. | s9(6)v99 | T | 8 | | Format=s$$$$$$cc<br><br><u>Examples:</u> If the usual and customary charge is $32.56, this field would reflect: 325F.<br><br>REQUEST PRICING SEGMENT. |

| FIELD | NAME OF FIELD | DEFINITION OF FIELD | FIELD FORMAT | STANDARD FORMATS | FIELD LENGTH | VALUES | COMMENTS / EXAMPLES |
|---|---|---|---|---|---|---|---|
| 1Ø2-A2 | Version/Release Number | Code uniquely identifying the transmission syntax and corresponding Data Dictionary. | x(2) | B,C,D,F M,P,T | 2 | Ø1=Version 1.Ø<br>Ø3=Version 3.Ø<br>31=Version 3.1<br>32=Version 3.2<br>3A=Standard Claim/Reversal<br>3B=Workers Compensation<br>3C=Medicaid Claim/Reversal<br>33=Version 3.3<br>34=Version 3.4<br>35=Version 3.5<br>4Ø=Version 4.Ø<br>41=Version 4.1<br>42=Version 4.2<br>5Ø=Version 5.Ø<br><br>----------------------------------<br>1Ø=1981 Format, Tape and Diskette<br>2Ø=1991 Format, Claims Billing, Payment Tape, Claim Diskette | TRANSACTION HEADER SEGMENT.<br><br>RESPONSE HEADER SEGMENT. |
| 73Ø | Zip Code | Zip code for member's address. | x(9) | M,R | 9 | | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

## III.   Appendix A - ALPHABETIC CROSS REFERENCE

| ALPHABETIC CROSS REFERENCE | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Accumulated Deductible Amount | 512-FC | T |
| Action Code | 711 | M |
| Additional Message Information | 526-FQ | T |
| Address Line 1 | 726 | M,R |
| Address Line 2 | 727 | M,R |
| Adjudicator ID Code | 6ØØ-57 | R |
| Adjudicator ID Qualifier | 6ØØ-58 | R |
| Adjudicator Name | 6ØØ-59 | R |
| Adjustment/Reject Code-1 | 8Ø1-5A | P |
| Adjustment/Reject Code-2 | 8Ø2-1A | P |
| Adjustment/Reject Code-3 | 8Ø3-1B | P |
| Alternate ID | 33Ø-CW | T |
| Alternate ID Code | 723 | M |
| Alternate ID Number | 724 | M |
| Alternate Person Code | 725 | M |
| Amount Adjusted | 872-3Z | P |
| Amount Applied To Periodic Deductible | 517-FH | T |
| Amount Attributed To Product Selection | 519-FJ | T |
| Amount Attributed To Sales Tax | 523-FN | T |
| Amount Billed | 8Ø4-5B | C,D,P |
| Amount Exceeding Periodic Benefit Maximum | 52Ø-FK | T |
| Amount Of Copay/Coinsurance | 518-FI | T |
| Amount Paid | 876-FB | P |
| Amount Rejected | 8Ø5-1C | P |
| Approved Message Code | 548-6F | T |
| Approved Message Code Count | 547-5F | T |
| Associated Prescription/Service Date | 457-EP | T |
| Associated Prescription/Service Reference Number | 456-EN | T |

| ALPHABETIC CROSS REFERENCE | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Authorization Number | 5Ø3-F3 | F,T |
| Authorized Representative City Address | 498-PH | F,T |
| Authorized Representative First Name | 498-PE | F,T |
| Authorized Representative Last Name | 498-PF | F,T |
| Authorized Representative State/Province Address | 498-PJ | F,T |
| Authorized Representative Street Address | 498-PG | F,T |
| Authorized Representative Zip/Postal Zone | 498-PK | F,T |
| Basis Of Calculation-Copay | 347-HJ | T |
| Basis Of Calculation-Dispensing Fee | 346-HH | T |
| Basis Of Calculation-Flat Sales Tax | 348-HK | T |
| Basis Of Calculation-Percentage Sales Tax | 349-HM | T |
| Basis Of Cost Determination | 423-DN | T |
| Basis Of Days Supply Determination | 432-DW | C,D,P |
| Basis Of Reimbursement Determination | 522-FM | T |
| Basis Of Request | 498-PD | F,T |
| Batch Number | 8Ø6-5C | B,C,D,P |
| BIN Number | 1Ø1-A1 | T |
| Branded Generic Co-Pay Confidential | 6ØØ-6Ø | R |
| Branded Product Co-Pay Amount | 6ØØ-61 | R |
| Calculation Multiplier | 6ØØ-62 | R |
| Cardholder Coverage Indicator | 741 | M |
| Cardholder First Name | 312-CC | T,C,D |
| Cardholder ID | 3Ø2-C2 | T,C,D,M |
| Cardholder Last Name | 313-CD | T,C,D |
| Carrier Address | 8Ø7-1D | P |
| Carrier Correction Notice Fields | 8Ø8-1E | P |
| Carrier ID | 327-CR | T |
| Carrier Location City | 8Ø9-1F | P |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

# Exhibit E
# Part 3

| ALPHABETIC CROSS REFERENCE | | |
| --- | --- | --- |
| Name of Field | Field | Standard Formats |
| Carrier Location State | 81Ø-1G | P |
| Carrier Name | 811-1H | P |
| Carrier Telephone Number | 812-1I | P |
| Carrier Zip Code | 813-1J | P |
| Change Date | 6ØØ-63 | R |
| Change Identifier | 6ØØ-64 | R |
| City | 728 | M,R |
| Claim Count | 814-5Ø | C,D,P |
| Claim/Reference ID | 435-DZ | T |
| Client ID Code | 6ØØ-Ø1 | R |
| Client ID Code Qualifier | 6ØØ-Ø2 | R |
| Clinic ID Number | 422-DM | C,D,P |
| Clinical Information Counter | 493-XE | T |
| Clinical Significance Code | 528-FS | T |
| Comments-1 | 815-1K | P |
| Comments-2 | 816-1L | C |
| Compound Code | 4Ø6-D6 | T,C,D,P |
| Compound Dispensing Unit Form Indicator | 451-EG | T |
| Compound Dosage Form Description Code | 45Ø-EF | T |
| Compound Ingredient Basis Of Cost Determination | 49Ø-UE | T |
| Compound Ingredient Component Count | 447-EC | T |
| Compound Ingredient Drug Cost | 449-EE | T |
| Compound Ingredient Quantity | 448-ED | T |
| Compound Product ID | 489-TE | T |
| Compound Product ID Qualifier | 488-RE | T |
| Compound Route Of Administration | 452-EH | T |
| Contracting Organization (PMO) Contract Number | 6ØØ-65 | R |
| Contracting Organization (PMO) ID Code | 6ØØ-66 | R |
| Contracting Organization (PMO) Name | 6ØØ-43 | R |
| Contracting Organization (PMO) Total Lives Covered | 6ØØ-67 | R |
| Coordination Of Benefits/Other Payments Count | 337-4C | T |

| ALPHABETIC CROSS REFERENCE | | |
| --- | --- | --- |
| Name of Field | Field | Standard Formats |
| Co-Pay Amount | 817-5E | C,D,P |
| Cost Index Point High Value | 6Ø1-12 | R |
| Cost Index Point Low Value | 6Ø1-13 | R |
| Country Code | 731 | M |
| Coupon Number | 486-ME | T |
| Coupon Type | 485-KE | T |
| Coupon Value Amount | 487-NE | T |
| Creation Date | 88Ø-K2 | B |
| Creation Time | 88Ø-K3 | B |
| Data Category | 7Ø3 | M |
| Data Level | 6Ø1-31 | R |
| Data Provider ID Code | 6Ø1-32 | R |
| Data Provider Name | 6Ø1-33 | R |
| Database Indicator | 532-FW | T |
| Date Of Birth | 3Ø4-C4 | C,D,M,T |
| Date Of Injury | 434-DY | T |
| Date Of Service | 4Ø1-D1 | C,D,P,R,T |
| Date Prescription Written | 414-DE | C,D,T |
| Days Supply | 4Ø5-D5 | C,D,R,T |
| Days Supply Intended To Be Dispensed | 345-HG | T |
| Daytime Telephone Number | 877-A1 | U |
| Dependent Adult Coverage Indicator | 749 | M |
| Dependent Adult Covered Through Age | 75Ø | M |
| Dependent Coverage Indicator | 743 | M |
| Dependent Covered Through Age | 744 | M |
| Dependents | 6ØØ-68 | R |
| Destination Name | 818-5F | C,D,P |
| Destination Processor Number | 819-5G | C,D,P |
| Diagnosis Code | 424-DO | C,D,R,T |
| Diagnosis Code Count | 491-VE | T |
| Diagnosis Code Qualifier | 492-WE | T |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| ALPHABETIC CROSS REFERENCE | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Disabled Dependent Coverage Indicator | 747 | M |
| Disabled Dependent Covered Through Age | 748 | M |
| Diskette Record ID | 82Ø-9A | D |
| Dispense As Written (DAW)/Product Selection Code | 4Ø8-D8 | C,D,R,T |
| Dispensing Fee Paid | 5Ø7-F7 | T |
| Dispensing Fee Submitted | 412-DC | T |
| Dispensing Status | 343-HD | T |
| Dollar Sign Rating | 6Ø1-14 | R |
| Dollars Adjusted | 821-1M | P |
| Dollars Billed | 822-5H | C,D,P |
| Dollars Paid | 873-4A | P |
| Dollars Rejected | 824-1N | P |
| Dosage Form ID Code | 6Ø1-34 | R |
| Drug Description | 516-FG | C,D,R |
| Drug Type | 425-DP | C,D,P |
| DUR Co-Agent ID | 476-H6 | T |
| DUR Co-Agent ID Qualifier | 475-J9 | T |
| DUR Free Text Message | 544-FY | T |
| DUR/PPS Code Counter | 473-7E | T |
| DUR/PPS Level Of Effort | 474-8E | T |
| Effective Date | 712 | M |
| Eligibility Clarification Code | 3Ø9-C9 | C,D,P,T |
| Eligible Plan | 6ØØ-69 | R |
| Employer City Address | 317-CH | T |
| Employer Contact Name | 321-CL | T |
| Employer ID | 333-CZ | T |
| Employer Name | 315-CF | T |
| Employer Phone Number | 32Ø-CK | T |
| Employer State/Province Address | 318-CI | T |
| Employer Street Address | 316-CG | T |
| Employer Zip/Postal Zone | 319-CJ | T |

| ALPHABETIC CROSS REFERENCE | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Encrypted Patient ID Code | 6Ø1-35 | R |
| Enrollees | 6ØØ-7Ø | R |
| Enrollment Relationship Code | 715 | M |
| Expansion Area | 874-GD | C,P |
| Facility ID | 336-8C | T |
| FF Action Code | 6Ø1-36 | R |
| FF Contracting Organization (PMO) ID Qualifier | 6ØØ-71 | R |
| FF Data Provider ID Qualifier | 6Ø1-37 | R |
| FF Manufacturer (PICO) ID Qualifier | 6ØØ-72 | R |
| FF New/Refill Code | 6Ø1-57 | R |
| FF Prescriber ID Qualifier | 6Ø1-38 | R |
| FF Total Metric Decimal Quantity | 6Ø1-39 | R |
| FF Total Number Of Prescriptions | 6Ø1-4Ø | R |
| File Type | 7Ø2 | B,M |
| Fill Number | 4Ø3-D3 | T |
| First Name | 717 | M |
| Flat Sales Tax Amount Paid | 558-AW | T |
| Flat Sales Tax Amount Submitted | 481-HA | T |
| Formulary Benefit Design Type | 6ØØ-73 | R |
| Formulary Code | 6ØØ-74 | R |
| Formulary Description | 6ØØ-75 | R |
| Formulary Manager Company Name | 6Ø1-15 | R |
| Formulary Manager Person Name | 6Ø1-16 | R |
| Formulary Non-Formulary Co-Pay Confidential | 6ØØ-76 | R |
| Formulary Product Co-Pay Amount | 6ØØ-77 | R |
| Formulary Product Co-Pay Confidential | 6Ø1-17 | R |
| Gender Code | 721 | M |
| Generic Product Co-Pay Amount | 6ØØ-78 | R |
| Grand Total Metric Decimal Quantity | 6Ø1-41 | R |
| Grand Total Requested Rebate Amount | 6Ø1-42 | R |
| Gross Amount Due | 43Ø-DU | T |

| Alphabetic Cross Reference | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Group ID | 3Ø1-C1 | C,D,M,R,T |
| Header Response Status | 5Ø1-F1 | T |
| Help Desk Phone Number | 55Ø-8F | T |
| Help Desk Phone Number Qualifier | 549-7F | T |
| Hierarchical Level Terminology | 6ØØ-79 | R |
| Home Plan | 314-CE | C,D,T |
| Host Plan | 826-5K | C |
| Incentive Amount Paid | 521-FL | T |
| Incentive Amount Submitted | 438-E3 | T |
| Ingredient Cost Billed | 827-1Ø | P |
| Ingredient Cost Paid | 5Ø6-F6 | P,T |
| Ingredient Cost Submitted | 4Ø9-D9 | T |
| Intermediary Authorization ID | 464-EX | T |
| Intermediary Authorization Type ID | 463-EW | T |
| Last Name | 716 | M |
| Level Of Service | 418-DI | T |
| Line Number | 6Ø1-43 | R |
| Mail Order ID Code | 6ØØ-8Ø | R |
| Mail Order ID Qualifier | 6ØØ-81 | R |
| Mail Order Name | 6Ø1-11 | R |
| Manufacturer (PICO) Contract Number | 6ØØ-47 | R |
| Manufacturer (PICO) ID Code | 6ØØ-48 | R |
| Manufacturer (PICO) Name | 6ØØ-5Ø | R |
| Master Sequence Number | 828-1P | P |
| Measurement Date | 494-ZE | T |
| Measurement Dimension | 496-H2 | T |
| Measurement Time | 495-H1 | T |
| Measurement Unit | 497-H3 | T |
| Measurement Value | 499-H4 | T |
| Membership Calculation Multiplier | 6ØØ-82 | R |
| Membership Count Qualifier | 6ØØ-83 | R |

| Alphabetic Cross Reference | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Membership Dependents | 6ØØ-84 | R |
| Membership Enrollees | 6ØØ-85 | R |
| Membership Period Qualifier | 6ØØ-86 | R |
| Membership Reporting Period Start Date | 6ØØ-87 | R |
| Membership Total Count | 6ØØ-88 | R |
| Membership Type Qualifier | 6ØØ-89 | R |
| Message | 5Ø4-F4 | B,T |
| Metric Quantity | 4Ø4-D4 | C,D |
| Middle Initial | 718 | M |
| Multiple Birth Code | 72Ø | M |
| Name Extension | 719 | M |
| Network Reimbursement ID | 545-2F | T |
| Non-Formulary Product Co-Pay Amount | 6ØØ-9Ø | R |
| Number Of Refills Authorized | 415-DF | C,D,P,T |
| Original Effective Date | 714 | M |
| Originally Prescribed Product/Service Code | 445-EA | T |
| Originally Prescribed Product/Service ID Qualifier | 453-EJ | T |
| Originally Prescribed Quantity | 446-EB | T |
| Originator Name | 7Ø6 | M |
| Other Amount Claimed Submitted | 48Ø-H9 | T |
| Other Amount Claimed Submitted Count | 478-H7 | T |
| Other Amount Claimed Submitted Qualifier | 479-H8 | T |
| Other Amount Paid | 565-J4 | T |
| Other Amount Paid Count | 563-J2 | T |
| Other Amount Paid Qualifier | 564-J3 | T |
| Other Coverage Code | 3Ø8-C8 | T |
| Other Coverage Effective Date | 735 | M |
| Other Payer Amount Paid | 431-DV | T |
| Other Payer Amount Paid Count | 341-HB | T |
| Other Payer Amount Paid Qualifier | 342-HC | T |
| Other Payer Amount Recognized | 566-J5 | T |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

**ALPHABETIC CROSS REFERENCE**

| Name of Field | Field | Standard Formats |
|---|---|---|
| Other Payer Coverage Type | 338-5C | T |
| Other Payer Date | 443-E8 | T |
| Other Payer ID | 34Ø-7C | T |
| Other Payer ID Qualifier | 339-6C | T |
| Other Payer Reject Code | 472-6E | T |
| Other Payer Reject Count | 471-5E | T |
| Other Pharmacy Indicator | 529-FT | T |
| Other Prescriber Indicator | 533-FX | T |
| P.A./M.C./S.C. Number | 875-6E | C,D |
| Patient City Address | 323-CN | T |
| Patient First Name | 31Ø-CA | C,D,T |
| Patient Gender Code | 3Ø5-C5 | T |
| Patient ID | 332-CY | T |
| Patient ID Qualifier | 331-CX | T |
| Patient Last Name | 311-CB | C,D,T |
| Patient Liability Amount | 6Ø1-44 | R |
| Patient Location | 3Ø7-C7 | T |
| Patient Paid Amount Submitted | 433-DX | T |
| Patient Pay Amount | 5Ø5-F5 | T |
| Patient Phone Number | 326-CQ | T |
| Patient Relationship Code | 3Ø6-C6 | T |
| Patient State/Province Address | 324-CO | T |
| Patient Street Address | 322-CM | T |
| Patient Zip/Postal Zone | 325-CP | T |
| Payer ID | 569-J8 | T |
| Payer ID Qualifier | 568-J7 | T |
| Percentage Sales Tax Amount Paid | 559-AX | T |
| Percentage Sales Tax Amount Submitted | 482-GE | T |
| Percentage Sales Tax Basis Paid | 561-AZ | T |
| Percentage Sales Tax Basis Submitted | 484-JE | T |
| Percentage Sales Tax Rate Paid | 56Ø-AY | T |

**ALPHABETIC CROSS REFERENCE**

| Name of Field | Field | Standard Formats |
|---|---|---|
| Percentage Sales Tax Rate Submitted | 483-HE | T |
| Person Code | 3Ø3-C3 | C,D,M,P,R,T |
| Pharmacy Address | 829-5L | C,D |
| Pharmacy Count | 83Ø-5M | C,D,P |
| Pharmacy ID Code | 6Ø1-45 | R |
| Pharmacy ID Qualifier | 6Ø1-46 | R |
| Pharmacy Location City | 831-5N | C,D |
| Pharmacy Location State | 832-6F | C,D |
| Pharmacy Name | 833-5P | C,D |
| Pharmacy Telephone Number | 834-5Q | C,D |
| Pharmacy Zip Code | 835-5R | C,D,R |
| Plan Affiliation Parent Plan ID | 6ØØ-91 | R |
| Plan Affiliation Parent Plan ID Qualifier | 6ØØ-92 | R |
| Plan Degree Managed | 6ØØ-93 | R |
| Plan ID | 524-FO | M,T |
| Plan ID Code | 6ØØ-94 | R |
| Plan ID Effective Date | 734 | M |
| Plan ID Extension | 733 | M |
| Plan ID Qualifier | 6ØØ-95 | R |
| Plan Name | 6ØØ-96 | R |
| Plan Reimbursement Amount | 6Ø1-47 | R |
| Plan Reimbursement Qualifier | 6Ø1-48 | R |
| Plan Total Adjudicators Records | 6ØØ-97 | R |
| Plan Total Formulary Benefit Design Records | 6ØØ-98 | R |
| Plan Total Mail Order Records | 6ØØ-99 | R |
| Plan Type | 6Ø1-Ø1 | R |
| Plan Type Service | 6Ø1-Ø2 | R |
| Postage Amount Claimed | 428-DS | C,D,P |
| Preferred Product Copay Incentive | 555-AT | T |
| Preferred Product Count | 551-9F | T |
| Preferred Product Description | 556-AU | T |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| ALPHABETIC CROSS REFERENCE | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Preferred Product ID | 553-AR | T |
| Preferred Product ID Qualifier | 552-AP | T |
| Preferred Product Incentive | 554-AS | T |
| Pregnancy Indicator | 335-2C | T |
| Prescriber ID | 411-DB | T |
| Prescriber ID Qualifier | 466-EZ | T |
| Prescriber Last Name | 427-DR | C,D,F,P,T |
| Prescriber Location Code | 467-1E | T |
| Prescriber Phone Number | 498-PM | F,T |
| Prescription Origin Code | 419-DJ | T |
| Prescription Type | 6Ø1-49 | R |
| Prescription/Service Reference Number | 4Ø2-D2 | C,D,P,R,T |
| Prescription/Service Reference Number Qualifier | 455-EM | T |
| Previous Date Of Fill | 53Ø-FU | T |
| Primary Care Provider Effective Date | 737 | M |
| Primary Care Provider ID | 421-DL | T |
| Primary Care Provider ID Qualifier | 468-2E | T |
| Primary Care Provider Last Name | 47Ø-4E | T |
| Primary Care Provider Location Code | 469-H5 | T |
| Primary Pharmacy Effective Date | 739 | M |
| Primary Pharmacy ID | 738 | M |
| Prior Authorization Dollars Authorized | 498-RB | T |
| Prior Authorization Effective Date | 498-PS | F,T |
| Prior Authorization Expiration Date | 498-PT | F,T |
| Prior Authorization/Medical Certification Code And Number | 416-DG | C,D |
| Prior Authorization Number Of Refills Authorized | 498-PW | T |
| Prior Authorization Number Submitted | 462-EV | T |
| Prior Authorization Number-Assigned | 498-PY | F,T |
| Prior Authorization Processed Date | 498-PR | F,T |
| Prior Authorization Quantity | 498-RA | T |

| ALPHABETIC CROSS REFERENCE | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Prior Authorization Quantity Accumulated | 498-PX | T |
| Prior Authorization Supporting Documentation | 498-PP | T |
| Prior Authorization Type Code | 461-EU | T |
| Procedure Modifier Code | 459-ER | T |
| Procedure Modifier Code Count | 458-SE | T |
| Process Begin Date | 7Ø8 | M |
| Process Date | 7Ø4 | M |
| Process End Date | 7Ø9 | M |
| Process Time | 7Ø5 | M |
| Processor Address | 836-5S | C,D |
| Processor Control Number | 1Ø4-A4 | M,T |
| Processor Defined Data | 752 | M |
| Processor Indicator | 7Ø7 | M |
| Processor Location City | 837-5T | C,D |
| Processor Location State | 838-5U | C,D |
| Processor Name | 839-5V | C,D,M |
| Processor Number | 84Ø-5W | C,D,P |
| Processor Telephone Number | 841-5X | C,D |
| Processor Zip Code | 842-5Y | C,D |
| Product Code | 6Ø1-18 | R |
| Product Code Qualifier | 6Ø1-19 | R |
| Product Description | 6Ø1-2Ø | R |
| Product Dosage Form | 6Ø1-21 | R |
| Product Formulary Status Code | 6Ø1-22 | R |
| Product Generic Name | 6Ø1-23 | R |
| Product Strength | 6Ø1-24 | R |
| Product/Service ID | 4Ø7-D7 | T |
| Product/Service ID Qualifier | 436-E1 | T |
| Professional Service Code | 44Ø-E5 | T |
| Professional Service Fee Paid | 562-J1 | T |
| Professional Service Fee Submitted | 477-BE | T |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| ALPHABETIC CROSS REFERENCE | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Provider ID | 444-E9 | T |
| Provider ID Qualifier | 465-EY | T |
| Quantity Dispensed | 442-E7 | T |
| Quantity Intended To Be Dispensed | 344-HF | T |
| Quantity Of Previous Fill | 531-FV | T |
| Quantity Prescribed | 46Ø-ET | T |
| Reason For Service Code | 439-E4 | T |
| Rebate Batch Number | 6Ø1-5Ø | R |
| Rebate Days Supply | 6Ø1-51 | R |
| Rebate Per Unit Amount | 6Ø1-52 | R |
| Rebate Period End Date | 6ØØ-39 | R |
| Rebate Period Start Date | 6ØØ-38 | R |
| Rebate Version Release Number | 6Ø1-Ø3 | R |
| Record Count | 751 | B,M |
| Record Identifier | 843-5Z | C,D,P |
| Record Purpose Indicator | 6Ø1-53 | R |
| Record Type | 6Ø1-Ø4 | R |
| Reimbursement Date | 6Ø1-54 | R |
| Reject Code | 511-FB | T |
| Reject Count | 51Ø-FA | B,T |
| Reject Field Occurrence Indicator | 546-4F | T |
| Relationship Coverage Effective Date | 74Ø | M |
| Remaining Benefit Amount | 514-FE | T |
| Remaining Deductible Amount | 513-FD | T |
| Reporting Period End Date | 6Ø1-Ø5 | R |
| Reporting Period Start Date | 6Ø1-Ø6 | R |
| Request Period Date-Begin | 498-PB | F,T |
| Request Period Date-End | 498-PC | F,T |
| Request Type | 498-PA | F,T |
| Requested Rebate Amount | 6Ø1-55 | R |
| Resubmission Cycle Count | 844-6A | C,D |

| ALPHABETIC CROSS REFERENCE | | |
|---|---|---|
| Name of Field | Field | Standard Formats |
| Result Of Service Code | 441-E6 | T |
| Run Date | 845-6B | C,D,P |
| Scheduled Prescription ID Number | 454-EK | T |
| Segment Identification | 111-AM | T |
| Segment Identifier | 7Ø1 | B,M |
| Sender ID | 88Ø-K1 | B |
| Sequence Number | 71Ø | M |
| Service Provider ID | 2Ø1-B1 | T |
| Service Provider ID Qualifier | 2Ø2-B2 | T |
| Smoker/Non-Smoker Code | 334-1C | T |
| Social Security Number | 722 | M |
| Software Vendor/Certification ID | 11Ø-AK | T |
| Spouse Coverage Indicator | 742 | M |
| Start Date | 6Ø1-Ø7 | R |
| State | 729 | M,R |
| Student Coverage Indicator | 745 | M |
| Student Covered Through Age | 746 | M |
| Submission Clarification Code | 42Ø-DK | T |
| Tax Exempt Indicator | 557-AV | T |
| Telephone Number | 732 | M |
| Termination Date | 713 | M,R |
| Text Indicator | 88Ø-K4 | B |
| Therapeutic Class Code | 6Ø1-25 | R |
| Therapeutic Class Code Qualifier | 6Ø1-26 | R |
| Therapeutic Class Description | 6Ø1-27 | R |
| Therapeutic Use Code | 6Ø1-28 | R |
| Therapeutic Use Description | 6Ø1-29 | R |
| Third Party Type | 846-6C | C,D |
| Total Amount Paid | 5Ø9-F9 | T |
| Total Number Of Formularies | 6Ø1-3Ø | R |
| Total Number Of Plans | 6Ø1-Ø8 | R |

**ALPHABETIC CROSS REFERENCE**

| Name of Field | Field | Standard Formats |
|---|---|---|
| Total Record Count | 6Ø1-Ø9 | R |
| Transaction Code | 1Ø3-A3 | T |
| Transaction Count | 1Ø9-A9 | T |
| Transaction Reference Number | 88Ø-K5 | B |
| Transaction Response Status | 112-AN | T |
| Transmission Control Number | 6Ø1-56 | R |
| Transmission Date | 6Ø1-1Ø | R |
| Transmission Type | 88Ø-K6 | B |
| Unit Dose Indicator | 429-DT | C,D,P,T |
| Unit Of Measure | 6ØØ-28 | R,T |
| Usual And Customary Charge | 426-DQ | T |
| Version/Release Number | 1Ø2-A2 | B,C,D,F,M,P,T |
| Zip Code | 73Ø | M,R |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

## IV.    Appendix B - NUMERIC CROSS REFERENCE

### NUMERIC CROSS REFERENCE

| Field | Name Of Field | Standard Formats |
|---|---|---|
| 1Ø1-A1 | BIN Number | T |
| 1Ø2-A2 | Version/Release Number | B,C,D,F,M,P,T |
| 1Ø3-A3 | Transaction Code | T |
| 1Ø4-A4 | Processor Control Number | T,M |
| 1Ø9-A9 | Transaction Count | T |
| 11Ø-AK | Software Vendor/Certification ID | T |
| 111-AM | Segment Identification | T |
| 112-AN | Transaction Response Status | T |
| 2Ø1-B1 | Service Provider ID | T |
| 2Ø2-B2 | Service Provider ID Qualifier | T |
| 3Ø1-C1 | Group ID | C,D,M,R,T |
| 3Ø2-C2 | Cardholder ID | C,D,M,T |
| 3Ø3-C3 | Person Code | C,D,M,P,R,T |
| 3Ø4-C4 | Date Of Birth | C,D,M,T |
| 3Ø5-C5 | Patient Gender Code | T |
| 3Ø6-C6 | Patient Relationship Code | T |
| 3Ø7-C7 | Patient Location | T |
| 3Ø8-C8 | Other Coverage Code | T |
| 3Ø9-C9 | Eligibility Clarification Code | C,D,P,T |
| 31Ø-CA | Patient First Name | C,D,T |
| 311-CB | Patient Last Name | C,D,T |
| 312-CC | Cardholder First Name | C,D,T |
| 313-CD | Cardholder Last Name | C,D,T |
| 314-CE | Home Plan | C,D,T |
| 315-CF | Employer Name | T |
| 316-CG | Employer Street Address | T |
| 317-CH | Employer City Address | T |
| 318-CI | Employer State/Province Address | T |

### NUMERIC CROSS REFERENCE

| Field | Name Of Field | Standard Formats |
|---|---|---|
| 319-CJ | Employer Zip/Postal Zone | T |
| 32Ø-CK | Employer Phone Number | T |
| 321-CL | Employer Contact Name | T |
| 322-CM | Patient Street Address | T |
| 323-CN | Patient City Address | T |
| 324-CO | Patient State/Province Address | T |
| 325-CP | Patient Zip/Postal Zone | T |
| 326-CQ | Patient Phone Number | T |
| 327-CR | Carrier ID | T |
| 33Ø-CW | Alternate ID | T |
| 331-CX | Patient ID Qualifier | T |
| 332-CY | Patient ID | T |
| 333-CZ | Employer ID | T |
| 334-1C | Smoker/Non-Smoker Code | T |
| 335-2C | Pregnancy Indicator | T |
| 336-8C | Facility ID | T |
| 337-4C | Coordination Of Benefits/Other Payments Count | T |
| 338-5C | Other Payer Coverage Type | T |
| 339-6C | Other Payer ID Qualifier | T |
| 34Ø-7C | Other Payer ID | T |
| 341-HB | Other Payer Amount Paid Count | T |
| 342-HC | Other Payer Amount Paid Qualifier | T |
| 343-HD | Dispensing Status | T |
| 344-HF | Quantity Intended To Be Dispensed | T |
| 345-HG | Days Supply Intended To Be Dispensed | T |
| 346-HH | Basis of Calculation-Dispensing Fee | T |
| 347-HJ | Basis of Calculation-Copay | T |
| 348-HK | Basis of Calculation-Flat Sales Tax | T |

**NUMERIC CROSS REFERENCE**

| Field | Name Of Field | Standard Formats |
|---|---|---|
| 349-HM | Basis Of Calculation-Percentage Sales Tax | T |
| 4Ø1-D1 | Date Of Service | C,D,P,R,T |
| 4Ø2-D2 | Prescription/Service Reference Number | T |
| 4Ø3-D3 | Fill Number | T |
| 4Ø4-D4 | Metric Quantity | C,D |
| 4Ø5-D5 | Days Supply | C,D,R,T |
| 4Ø6-D6 | Compound Code | C,D,P,T |
| 4Ø7-D7 | Product/Service ID | T |
| 4Ø8-D8 | Dispense As Written (DAW)/Product Selection Code | C,D,R,T |
| 4Ø9-D9 | Ingredient Cost Submitted | T |
| 411-DB | Prescriber ID | T |
| 412-DC | Dispensing Fee Submitted | T |
| 414-DE | Date Prescription Written | C,D,T |
| 415-DF | Number Of Refills Authorized | C,D,P,T |
| 416-DG | Prior Authorization/Medical Certification Code And Number | C,D |
| 418-DI | Level Of Service | T |
| 419-DJ | Prescription Origin Code | T |
| 42Ø-DK | Submission Clarification Code | T |
| 421-DL | Primary Care Provider ID | T |
| 422-DM | Clinic ID Number | C,D,P |
| 423-DN | Basis Of Cost Determination | T |
| 424-DO | Diagnosis Code | C,D,R,T |
| 425-DP | Drug Type | C,D,P |
| 426-DQ | Usual And Customary Charge | T |
| 427-DR | Prescriber Last Name | C,D,F,P,T |
| 428-DS | Postage Amount Claimed | C,D,P |
| 429-DT | Unit Dose Indicator | C,D,P,T |
| 43Ø-DU | Gross Amount Due | T |
| 431-DV | Other Payer Amount Paid | T |
| 432-DW | Basis Of Days Supply Determination | C,D,P |

**NUMERIC CROSS REFERENCE**

| Field | Name Of Field | Standard Formats |
|---|---|---|
| 433-DX | Patient Paid Amount Submitted | T |
| 434-DY | Date Of Injury | T |
| 435-DZ | Claim/Reference ID | T |
| 436-E1 | Product/Service ID Qualifier | T |
| 438-E3 | Incentive Amount Submitted | T |
| 439-E4 | Reason For Service Code | T |
| 44Ø-E5 | Professional Service Code | T |
| 441-E6 | Result Of Service Code | T |
| 442-E7 | Quantity Dispensed | T |
| 443-E8 | Other Payer Date | T |
| 444-E9 | Provider ID | T |
| 445-EA | Originally Prescribed Product/Service Code | T |
| 446-EB | Originally Prescribed Quantity | T |
| 447-EC | Compound Ingredient Component Count | T |
| 448-ED | Compound Ingredient Quantity | T |
| 449-EE | Compound Ingredient Drug Cost | T |
| 45Ø-EF | Compound Dosage Form Description Code | T |
| 451-EG | Compound Dispensing Unit Form Indicator | T |
| 452-EH | Compound Route Of Administration | T |
| 453-EJ | Originally Prescribed Product/Service ID Qualifier | T |
| 454-EK | Scheduled Prescription ID Number | T |
| 455-EM | Prescription/Service Reference Number Qualifier | T |
| 456-EN | Associated Prescription/Service Reference Number | T |
| 457-EP | Associated Prescription/Service Date | T |
| 458-SE | Procedure Modifier Code Count | T |
| 459-ER | Procedure Modifier Code | T |
| 46Ø-ET | Quantity Prescribed | T |
| 461-EU | Prior Authorization Type Code | T |
| 462-EV | Prior Authorization Number Submitted | T |
| 463-EW | Intermediary Authorization Type ID | T |
| 464-EX | Intermediary Authorization ID | T |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| NUMERIC CROSS REFERENCE | | |
|---|---|---|
| Field | Name Of Field | Standard Formats |
| 465-EY | Provider ID Qualifier | T |
| 466-EZ | Prescriber ID Qualifier | T |
| 467-1E | Prescriber Location Code | T |
| 468-2E | Primary Care Provider ID Qualifier | T |
| 469-H5 | Primary Care Provider Location Code | T |
| 470-4E | Primary Care Provider Last Name | T |
| 471-5E | Other Payer Reject Count | T |
| 472-6E | Other Payer Reject Code | T |
| 473-7E | DUR/PPS Code Counter | T |
| 474-8E | DUR/PPS Level Of Effort | T |
| 475-J9 | DUR Co-Agent ID Qualifier | T |
| 476-H6 | DUR Co-Agent ID | T |
| 477-BE | Professional Service Fee Submitted | T |
| 478-H7 | Other Amount Claimed Submitted Count | T |
| 479-H8 | Other Amount Claimed Submitted Qualifier | T |
| 480-H9 | Other Amount Claimed Submitted | T |
| 481-HA | Flat Sales Tax Amount Submitted | T |
| 482-GE | Percentage Sales Tax Amount Submitted | T |
| 483-HE | Percentage Sales Tax Rate Submitted | T |
| 484-JE | Percentage Sales Tax Basis Submitted | T |
| 485-KE | Coupon Type | T |
| 486-ME | Coupon Number | T |
| 487-NE | Coupon Value Amount | T |
| 488-RE | Compound Product ID Qualifier | T |
| 489-TE | Compound Product ID | T |
| 490-UE | Compound Ingredient Basis Of Cost Determination | T |
| 491-VE | Diagnosis Code Count | T |
| 492-WE | Diagnosis Code Qualifier | T |
| 493-XE | Clinical Information Counter | T |
| 494-ZE | Measurement Date | T |
| 495-H1 | Measurement Time | T |

| NUMERIC CROSS REFERENCE | | |
|---|---|---|
| Field | Name Of Field | Standard Formats |
| 496-H2 | Measurement Dimension | T |
| 497-H3 | Measurement Unit | T |
| 498-PA | Request Type | F,T |
| 498-PB | Request Period Date-Begin | F,T |
| 498-PC | Request Period Date-End | F,T |
| 498-PD | Basis Of Request | F,T |
| 498-PE | Authorized Representative First Name | F,T |
| 498-PF | Authorized Representative Last Name | F,T |
| 498-PG | Authorized Representative Street Address | F,T |
| 498-PH | Authorized Representative City Address | F,T |
| 498-PJ | Authorized Representative State/Province Address | F,T |
| 498-PK | Authorized Representative Zip/Postal Zone | F,T |
| 498-PM | Prescriber Phone Number | F,T |
| 498-PP | Prior Authorization Supporting Documentation | T |
| 498-PR | Prior Authorization Processed Date | F,T |
| 498-PS | Prior Authorization Effective Date | F,T |
| 498-PT | Prior Authorization Expiration Date | F,T |
| 498-PW | Prior Authorization Number Of Refills Authorized | T |
| 498-PX | Prior Authorization Quantity Accumulated | T |
| 498-PY | Prior Authorization Number-Assigned | F,T |
| 498-RA | Prior Authorization Quantity | T |
| 498-RB | Prior Authorization Dollars Authorized | T |
| 499-H4 | Measurement Value | T |
| 501-F1 | Header Response Status | T |
| 503-F3 | Authorization Number | F,T |
| 504-F4 | Message | B,T |
| 505-F5 | Patient Pay Amount | T |
| 506-F6 | Ingredient Cost Paid | T,P |
| 507-F7 | Dispensing Fee Paid | T |
| 509-F9 | Total Amount Paid | T |
| 510-FA | Reject Count | B,T |

| NUMERIC CROSS REFERENCE | | |
|---|---|---|
| Field | Name Of Field | Standard Formats |
| 511-FB | Reject Code | T |
| 512-FC | Accumulated Deductible Amount | T |
| 513-FD | Remaining Deductible Amount | T |
| 514-FE | Remaining Benefit Amount | T |
| 516-FG | Drug Description | C,D,R |
| 517-FH | Amount Applied To Periodic Deductible | T |
| 518-FI | Amount Of Copay/Coinsurance | T |
| 519-FJ | Amount Attributed To Product Selection | T |
| 52Ø-FK | Amount Exceeding Periodic Benefit Maximum | T |
| 521-FL | Incentive Amount Paid | T |
| 522-FM | Basis Of Reimbursement Determination | T |
| 523-FN | Amount Attributed To Sales Tax | T |
| 524-FO | Plan ID | T,M |
| 525-FP | DUR Response Data | T |
| 526-FQ | Additional Message Information | T |
| 528-FS | Clinical Significance Code | T |
| 529-FT | Other Pharmacy Indicator | T |
| 53Ø-FU | Previous Date Of Fill | T |
| 531-FV | Quantity Of Previous Fill | T |
| 532-FW | Database Indicator | T |
| 533-FX | Other Prescriber Indicator | T |
| 535-FZ | DUR Overflow | T |
| 544-FY | DUR Free Text Message | T |
| 545-2F | Network Reimbursement ID | T |
| 546-4F | Reject Field Occurrence Indicator | T |
| 547-5F | Approved Message Code Count | T |
| 548-6F | Approved Message Code | T |
| 549-7F | Help Desk Phone Number Qualifier | T |
| 55Ø-8F | Help Desk Phone Number | T |
| 551-9F | Preferred Product Count | T |
| 552-AP | Preferred Product ID Qualifier | T |

| NUMERIC CROSS REFERENCE | | |
|---|---|---|
| Field | Name Of Field | Standard Formats |
| 553-AR | Preferred Product ID | T |
| 554-AS | Preferred Product Incentive | T |
| 555-AT | Preferred Product Copay Incentive | T |
| 556-AU | Preferred Product Description | T |
| 557-AV | Tax Exempt Indicator | T |
| 558-AW | Flat Sales Tax Amount Paid | T |
| 559-AX | Percentage Sales Tax Amount Paid | T |
| 560-AY | Percentage Sales Tax Rate Paid | T |
| 561-AZ | Percentage Sales Tax Basis Paid | T |
| 562-J1 | Professional Service Fee Paid | T |
| 563-J2 | Other Amount Paid Count | T |
| 564-J3 | Other Amount Paid Qualifier | T |
| 565-J4 | Other Amount Paid | T |
| 566-J5 | Other Payer Amount Recognized | T |
| 567-J6 | DUR/PPS Response Code Counter | T |
| 568-J7 | Payer ID Qualifier | T |
| 569-J8 | Payer ID | T |
| 6ØØ-Ø1 | Client ID Code | R |
| 6ØØ-Ø2 | Client ID Code Qualifier | R |
| 6ØØ-28 | Unit Of Measure | R,T |
| 6ØØ-38 | Rebate Period Start Date | R |
| 6ØØ-39 | Rebate Period End Date | R |
| 6ØØ-43 | Contracting Organization (PMO) Name | R |
| 6ØØ-47 | Manufacturer (PICO) Contract Number | R |
| 6ØØ-48 | Manufacturer (PICO) ID Code | R |
| 6ØØ-5Ø | Manufacturer (PICO) Name | R |
| 6ØØ-57 | Adjudicator ID Code | R |
| 6ØØ-58 | Adjudicator ID Qualifier | R |
| 6ØØ-59 | Adjudicator Name | R |
| 6ØØ-6Ø | Branded Generic Co-Pay Confidential | R |
| 6ØØ-61 | Branded Product Co-Pay Amount | R |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| NUMERIC CROSS REFERENCE | | |
|---|---|---|
| Field | Name Of Field | Standard Formats |
| 6ØØ-62 | Calculation Multiplier | R |
| 6ØØ-63 | Change Date | R |
| 6ØØ-64 | Change Identifier | R |
| 6ØØ-65 | Contracting Organization (PMO) Contract Number | R |
| 6ØØ-66 | Contracting Organization (PMO) ID Code | R |
| 6ØØ-67 | Contracting Organization (PMO) Total Lives Covered | R |
| 6ØØ-68 | Dependents | R |
| 6ØØ-69 | Eligible Plan | R |
| 6ØØ-7Ø | Enrollees | R |
| 6ØØ-71 | FF Contracting Organization (PMO) ID Qualifier | R |
| 6ØØ-72 | FF Manufacturer (PICO) ID Qualifier | R |
| 6ØØ-73 | Formulary Benefit Design Type | R |
| 6ØØ-74 | Formulary Code | R |
| 6ØØ-75 | Formulary Description | R |
| 6ØØ-76 | Formulary Non-Formulary Co-Pay Confidential | R |
| 6ØØ-77 | Formulary Product Co-Pay Amount | R |
| 6ØØ-78 | Generic Product Co-Pay Amount | R |
| 6ØØ-79 | Hierarchical Level Terminology | R |
| 6ØØ-8Ø | Mail Order ID Code | R |
| 6ØØ-81 | Mail Order ID Qualifier | R |
| 6ØØ-82 | Membership Calculation Multiplier | R |
| 6ØØ-83 | Membership Count Qualifier | R |
| 6ØØ-84 | Membership Dependents | R |
| 6ØØ-85 | Membership Enrollees | R |
| 6ØØ-86 | Membership Period Qualifier | R |
| 6ØØ-87 | Membership Reporting Period Start Date | R |
| 6ØØ-88 | Membership Total Count | R |
| 6ØØ-89 | Membership Type Qualifier | R |
| 6ØØ-9Ø | Non-Formulary Product Co-Pay Amount | R |
| 6ØØ-91 | Plan Affiliation Parent Plan ID | R |
| 6ØØ-92 | Plan Affiliation Parent Plan ID Qualifier | R |

| NUMERIC CROSS REFERENCE | | |
|---|---|---|
| Field | Name Of Field | Standard Formats |
| 6ØØ-93 | Plan Degree Managed | R |
| 6ØØ-94 | Plan ID Code | R |
| 6ØØ-95 | Plan ID Qualifier | R |
| 6ØØ-96 | Plan Name | R |
| 6ØØ-97 | Plan Total Adjudicators Records | R |
| 6ØØ-98 | Plan Total Formulary Benefit Design Records | R |
| 6ØØ-99 | Plan Total Mail Order Records | R |
| 6Ø1-Ø1 | Plan Type | R |
| 6Ø1-Ø2 | Plan Type Service | R |
| 6Ø1-Ø3 | Rebate Version Release Number | R |
| 6Ø1-Ø4 | Record Type | R |
| 6Ø1-Ø5 | Reporting Period End Date | R |
| 6Ø1-Ø6 | Reporting Period Start Date | R |
| 6Ø1-Ø7 | Start Date | R |
| 6Ø1-Ø8 | Total Number Of Plans | R |
| 6Ø1-Ø9 | Total Record Count | R |
| 6Ø1-1Ø | Transmission Date | R |
| 6Ø1-11 | Mail Order Name | R |
| 6Ø1-12 | Cost Index Point High Value | R |
| 6Ø1-13 | Cost Index Point Low Value | R |
| 6Ø1-14 | Dollar Sign Rating | R |
| 6Ø1-15 | Formulary Manager Company Name | R |
| 6Ø1-16 | Formulary Manager Person Name | R |
| 6Ø1-17 | Formulary Product Co-Pay Confidential | R |
| 6Ø1-18 | Product Code | R |
| 6Ø1-19 | Product Code Qualifier | R |
| 6Ø1-2Ø | Product Description | R |
| 6Ø1-21 | Product Dosage Form | R |
| 6Ø1-22 | Product Formulary Status Code | R |
| 6Ø1-23 | Product Generic Name | R |
| 6Ø1-24 | Product Strength | R |

| NUMERIC CROSS REFERENCE | | |
|---|---|---|
| Field | Name Of Field | Standard Formats |
| 6Ø1-25 | Therapeutic Class Code | R |
| 6Ø1-26 | Therapeutic Class Code Qualifier | R |
| 6Ø1-27 | Therapeutic Class Description | R |
| 6Ø1-28 | Therapeutic Use Code | R |
| 6Ø1-29 | Therapeutic Use Description | R |
| 6Ø1-3Ø | Total Number Of Formularies | R |
| 6Ø1-31 | Data Level | R |
| 6Ø1-32 | Data Provider ID Code | R |
| 6Ø1-33 | Data Provider Name | R |
| 6Ø1-34 | Dosage Form ID Code | R |
| 6Ø1-35 | Encrypted Patient ID Code | R |
| 6Ø1-36 | FF Action Code | R |
| 6Ø1-37 | FF Data Provider ID Qualifier | R |
| 6Ø1-38 | FF Prescriber ID Qualifier | R |
| 6Ø1-39 | FF Total Metric Decimal Quantity | R |
| 6Ø1-4Ø | FF Total Number Of Prescriptions | R |
| 6Ø1-41 | Grand Total Metric Decimal Quantity | R |
| 6Ø1-42 | Grand Total Requested Rebate Amount | R |
| 6Ø1-43 | Line Number | R |
| 6Ø1-44 | Patient Liability Amount | R |
| 6Ø1-45 | Pharmacy ID Code | R |
| 6Ø1-46 | Pharmacy ID Qualifier | R |
| 6Ø1-47 | Plan Reimbursement Amount | R |
| 6Ø1-48 | Plan Reimbursement Qualifier | R |
| 6Ø1-49 | Prescription Type | R |
| 6Ø1-5Ø | Rebate Batch Number | R |
| 6Ø1-51 | Rebate Days Supply | R |
| 6Ø1-52 | Rebate Per Unit Amount | R |
| 6Ø1-53 | Record Purpose Indicator | R |
| 6Ø1-54 | Reimbursement Date | R |
| 6Ø1-55 | Requested Rebate Amount | R |

| NUMERIC CROSS REFERENCE | | |
|---|---|---|
| Field | Name Of Field | Standard Formats |
| 6Ø1-56 | Transmission Control Number | R |
| 6Ø1-57 | FF New/Refill Code | R |
| 7Ø1 | Segment Identifier | B,M |
| 7Ø2 | File Type | B,M |
| 7Ø3 | Data Category | M |
| 7Ø4 | Process Date | M |
| 7Ø5 | Process Time | M |
| 7Ø6 | Originator Name | M |
| 7Ø7 | Processor Indicator | M |
| 7Ø8 | Process Begin Date | M |
| 7Ø9 | Process End Date | M |
| 71Ø | Sequence Number | M |
| 711 | Action Code | M |
| 712 | Effective Date | M |
| 713 | Termination Date | M,R |
| 714 | Original Effective Date | M |
| 715 | Enrollment Relationship Code | M |
| 716 | Last Name | M |
| 717 | First Name | M |
| 718 | Middle Initial | M |
| 719 | Name Extension | M |
| 72Ø | Multiple Birth Code | M |
| 721 | Gender Code | M |
| 722 | Social Security Number | M |
| 723 | Alternate ID Code | M |
| 724 | Alternate ID Number | M |
| 725 | Alternate Person Code | M |
| 726 | Address Line 1 | M,R |
| 727 | Address Line 2 | M,R |
| 728 | City | M,R |
| 729 | State | M,R |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

**NUMERIC CROSS REFERENCE**

| Field | Name Of Field | Standard Formats |
|-------|---------------|------------------|
| 73Ø | Zip Code | M,R |
| 731 | Country Code | M |
| 732 | Telephone Number | M |
| 733 | Plan ID Extension | M |
| 734 | Plan ID Effective Date | M |
| 735 | Other Coverage Effective Date | M |
| 737 | Primary Care Provider Effective Date | M |
| 738 | Primary Pharmacy ID | M |
| 739 | Primary Pharmacy Effective Date | M |
| 74Ø | Relationship Coverage Effective Date | M |
| 741 | Cardholder Coverage Indicator | M |
| 742 | Spouse Coverage Indicator | M |
| 743 | Dependent Coverage Indicator | M |
| 744 | Dependent Covered Through Age | M |
| 745 | Student Coverage Indicator | M |
| 746 | Student Covered Through Age | M |
| 747 | Disabled Dependent Coverage Indicator | M |
| 748 | Disabled Dependent Covered Through Age | M |
| 749 | Dependent Adult Coverage Indicator | M |
| 75Ø | Dependent Adult Covered Through Age | M |
| 751 | Record Count | B,M |
| 752 | Processor Defined Data | M |
| 8Ø1-5A | Adjustment/Reject Code-1 | P |
| 8Ø2-1A | Adjustment/Reject Code-2 | P |
| 8Ø3-1B | Adjustment/Reject Code-3 | P |
| 8Ø4-5B | Amount Billed | C,D,P |
| 8Ø5-1C | Amount Rejected | P |
| 8Ø6-5C | Batch Number | B,C,D,P |
| 8Ø7-1D | Carrier Address | P |
| 8Ø8-1E | Carrier Correction Notice Fields | P |
| 8Ø9-1F | Carrier Location City | P |

**NUMERIC CROSS REFERENCE**

| Field | Name Of Field | Standard Formats |
|-------|---------------|------------------|
| 81Ø-1G | Carrier Location State | P |
| 811-1H | Carrier Name | P |
| 812-1I | Carrier Telephone Number | P |
| 813-1J | Carrier Zip Code | P |
| 814-5Ø | Claim Count | C,D,P |
| 815-1K | Comments-1 | P |
| 816-1L | Comments-2 | C |
| 817-5E | Co-Pay Amount | C,D,P |
| 818-5F | Destination Name | C,D,P |
| 819-5G | Destination Processor Number | C,D,P |
| 82Ø-9A | Diskette Record ID | D |
| 821-1M | Dollars Adjusted | P |
| 822-5H | Dollars Billed | C,D,P |
| 824-1N | Dollars Rejected | P |
| 826-5K | Host Plan | C |
| 827-1Ø | Ingredient Cost Billed | P |
| 828-1P | Master Sequence Number | P |
| 829-5L | Pharmacy Address | C,D |
| 83Ø-5M | Pharmacy Count | C,D,P |
| 831-5N | Pharmacy Location City | C,D |
| 832-6F | Pharmacy Location State | C,D |
| 833-5P | Pharmacy Name | C,D |
| 834-5Q | Pharmacy Telephone Number | C,D |
| 835-5R | Pharmacy Zip Code | C,D,R |
| 836-5S | Processor Address | C,D |
| 837-5T | Processor Location City | C,D |
| 838-5U | Processor Location State | C,D |
| 839-5V | Processor Name | C,D,M |
| 84Ø-5W | Processor Number | C,D,P |
| 841-5X | Processor Telephone Number | C,D |
| 842-5Y | Processor Zip Code | C,D |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material not for Distribution without Permission of Authors

**NUMERIC CROSS REFERENCE**

| Field | Name Of Field | Standard Formats |
|-------|---------------|------------------|
| 843-5Z | Record Identifier | C,D,P |
| 844-6A | Resubmission Cycle Count | C,D |
| 845-6B | Run Date | C,D,P |
| 846-6C | Third Party Type | C,D |
| 872-3Z | Amount Adjusted | P |
| 873-4A | Dollars Paid | P |
| 874-GD | Expansion Area | C,P |
| 875-6E | P.A./M.C./S.C. Number | C,D |
| 876-FB | Amount Paid | P |
| 877-A1 | Daytime Telephone Number | U |
| 88Ø-K1 | Sender ID | B |
| 88Ø-K2 | Creation Date | B |
| 88Ø-K3 | Creation Time | B |
| 88Ø-K4 | Text Indicator | B |
| 88Ø-K5 | Transaction Reference Number | B |
| 88Ø-K6 | Transmission Type | B |

Confidential Material - Not for Distribution Without Permission of Authors

## V.     Appendix C - OLD FIELD NAME CROSS REFERENCE

| VERSION 3.2 FIELD NAME | NEW FIELD NAME |
|---|---|
| Alternate Identification | Alternate ID |
| Alternate Product Type | Product/Service ID Qualifier |
| Amount of Co-Pay/Co-Insurance | Amount Of Copay/Coinsurance |
| Authorized Representative Address | Authorized Representative Street Address |
| Authorized Representative City | Authorized Representative City Address |
| Authorized Representative State | Authorized Representative State/Province Address |
| Authorized Representative Zip | Authorized Representative Zip/Postal Zone |
| Cardholder ID Number | Cardholder ID |
| Carrier ID Number | Carrier ID |
| Claim/Reference ID Number | Claim/ Reference ID |
| Compound Ingredient Component Counter Number | Compound Ingredient Component Count |
| Compound Ingredient Metric Decimal Quantity | Compound Ingredient Quantity |
| Compound Route of Administration Code | Compound Route Of Administration |
| Contract Fee Paid | Dispensing Fee Paid |
| Customer Location | Patient Location |
| Date Filled/Date of Service | Date of Service |
| DUR Conflict/Reason for Service Code | Reason For Service Code |
| DUR Intervention/Professional Services Code | Professional Service Code |
| DUR Outcome Code/Result of Service Code | Result Of Service Code |
| Employer State Address | Employer State/Province Address |
| Employer Zip Code | Employer Zip/Postal Zone |
| Free Text | DUR Free Text Message |
| Group Number | Group ID |
| Incentive Amount Paid/ Professional Services Fee Paid | Incentive Amount Paid |
| Incentive Amount Submitted/ Professional Services Fee Submitted | Incentive Amount Submitted |

| VERSION 3.2 FIELD NAME | NEW FIELD NAME |
|---|---|
| Ingredient Cost | Ingredient Cost Submitted |
| Metric Decimal Quantity | Quantity Dispensed |
| NDC Number | Product/ Service ID |
| New/Refill Code | Fill Number |
| Originally Prescribed Metric Decimal Quantity | Originally Prescribed Quantity |
| Originally Prescribed Product Code | Originally Prescribed Product/Service Code |
| Originally Prescribed Product Type | Originally Prescribed Product/Service ID Qualifier |
| Other Payer Amount | Other Payer Amount Paid |
| Other Payer Date | Other Payer Date |
| Patient Paid Amount | Patient Paid Amount Submitted |
| Patient State Address | Patient State/Province Address |
| Patient Zip Code | Patient Zip/Postal Zone |
| Pharmacist ID | Provider ID |
| Prescriber Telephone Number | Prescriber Phone Number |
| Prescription Clarification Code | Submission Clarification Code |
| Prescription Number/Service Reference Number | Prescription/Service Reference Number |
| Primary Prescriber | Primary Care Provider ID |
| Prior Authorization Metric Quantity | Prior Authorization Quantity |
| Prior Authorization Metric Units Used | Prior Authorization Quantity Accumulated |
| Prior Authorization Number of Refills | Prior Authorization Number Of Refills Authorized |
| Processed Date | Prior Authorization Processed Date |
| Relationship Code | Patient Relationship Code |
| Response Status | Header Response Status |
| Scheduled Prescription Identification Number | Scheduled Prescription ID Number |
| Service Provider ID Number | Service Provider ID |
| Sex Code | Patient Gender Code |
| Supporting Documentation | Prior Authorization Supporting Documentation |

## VI. Appendix D - NEW FIELD NAME CROSS REFERENCE

| NEW FIELD NAME | VERSION 3.2 FIELD NAME |
|---|---|
| Alternate ID | Alternate Identification |
| Amount Of Copay/Coinsurance | Amount of Co-Pay/Co-Insurance |
| Authorized Representative City Address | Authorized Representative City |
| Authorized Representative State/Province Address | Authorized Representative State |
| Authorized Representative Street Address | Authorized Representative Address |
| Authorized Representative Zip/Postal Zone | Authorized Representative Zip |
| Cardholder ID | Cardholder ID Number |
| Carrier ID | Carrier ID Number |
| Claim/ Reference ID | Claim/Reference ID Number |
| Compound Ingredient Component Count | Compound Ingredient Component Counter Number |
| Compound Ingredient Quantity | Compound Ingredient Metric Decimal Quantity |
| Compound Route Of Administration | Compound Route of Administration Code |
| Date Of Service | Date Filled/Date of Service |
| Dispensing Fee Paid | Contract Fee Paid |
| DUR Free Text Message | Free Text |
| Employer State/Province Address | Employer State Address |
| Employer Zip/Postal Zone | Employer Zip Code |
| Fill Number | New/Refill Code |
| Group ID | Group Number |
| Header Response Status | Response Status |
| Incentive Amount Paid | Incentive Amount Paid/Professional Services Fee Paid |
| Incentive Amount Submitted | Incentive Amount Submitted/ Professional Services Fee Submitted |
| Ingredient Cost Submitted | Ingredient Cost |
| Originally Prescribed Product/Service Code | Originally Prescribed Product Code |
| Originally Prescribed Product/Service ID Qualifier | Originally Prescribed Product Type |

| NEW FIELD NAME | VERSION 3.2 FIELD NAME |
|---|---|
| Originally Prescribed Quantity | Originally Prescribed Metric Decimal Quantity |
| Other Payer Amount Paid | Other Payer Amount |
| Other Payer Date | Other Payer Date |
| Patient Gender Code | Sex Code |
| Patient Location | Customer Location |
| Patient Paid Amount Submitted | Patient Paid Amount |
| Patient Relationship Code | Relationship Code |
| Patient State/Province Address | Patient State Address |
| Patient Zip/Postal Zone | Patient Zip Code |
| Prescriber Phone Number | Prescriber Telephone Number |
| Prescription/Service Reference Number | Prescription Number/Service Reference Number |
| Primary Care Provider ID | Primary Prescriber |
| Prior Authorization Quantity Accumulated | Prior Authorization Metric Units Used |
| Prior Authorization Number Of Refills Authorized | Prior Authorization Number of Refills |
| Prior Authorization Processed Date | Processed Date |
| Prior Authorization Quantity | Prior Authorization Metric Quantity |
| Prior Authorization Supporting Documentation | Supporting Documentation |
| Product/Service ID | NDC Number |
| Product/Service ID Qualifier | Alternate Product Type |
| Professional Service Code | DUR Intervention/Professional Services Code |
| Provider ID | Pharmacist ID |
| Quantity Dispensed | Metric Decimal Quantity |
| Reason For Service Code | DUR Conflict/Reason for Service Code |
| Result Of Service Code | DUR Outcome Code/Result of Service Code |
| Service Provider ID | Service Provider ID Number |
| Scheduled Prescription ID Number | Scheduled Prescription Identification Number |
| Submission Clarification Code | Prescription Clarification Code |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

## VII.   Appendix E - DELETED DATA ELEMENTS NOT SUPPORTED IN VERSION 5.Ø

| FIELD NAME | FIELD # | FORMAT | DEFINITION |
|---|---|---|---|
| Alternate Product Code | 437-E2 | x(13) | This field identifies the actual product code for the item that was dispensed. The type of product is defined by field 436-E1. This field should only be used if the National Drug Code number is not available. The code number here is the UPC number or the HRI number. |
| Amount Billed | 8Ø4-5B | s9(4)v99 | The submitted amount billed for each prescription. |
| Basis Of Days Supply Determination | 432-DW | 9(1) | The code indicating method by which the days supply was determined. |
| Clinic ID Number | 422-DM | 9(5) | This field identifies the ID number assigned to the patient's clinic/host party. |
| Drug Description | 516-FG | x(3Ø) | The name of the drug or compound dispensed when used in the billing format, or the name of the drug returned by the processor. |
| Drug Type | 425-DP | 9(1) | The code to indicate the type of drug dispensed. |
| DUR Overflow | 535-FZ | 9(1) | An indication to the originator of the claim that additional DUR information is available from the processor. |
| DUR Response Data | 525-FP | x(16Ø) | This field is for informational use only. |
| Host Plan | 826-5K | x(3) | The Blue Cross or Blue Shield number of the servicing or processing plan. |
| Metric Quantity | 4Ø4-D4 | 9(5) | The number of metric units of medication dispensed. |
| Patient Social Security Number | 329-CT | 9(9) | The patient's (member's) social security number. |
| Patient Weight | 328-CS | 9(3) | The patient's weight in standard pounds. |
| Payment Processor ID | 1Ø5-A5 | 9(1Ø) | A number, assigned by NCPDP, to identify the recipient of the claims payment information. |

| FIELD NAME | FIELD # | FORMAT | DEFINITION |
|---|---|---|---|
| Pharmacy Address | 829-5L | x(2Ø) | The street address for a pharmacy. |
| Pharmacy Location City | 831-5N | x(18) | The city portion of the pharmacy's address. |
| Pharmacy Location State | 832-6F | x(2) | The state abbreviation portion of the pharmacy's address. |
| Pharmacy Name | 833-5P | x(2Ø) | The name of the pharmacy. |
| Pharmacy Telephone Number | 834-5Q | 9(1Ø) | The pharmacy's phone number, including area code. |
| Pharmacy Zip Code | 835-5R | x(9) | This field identifies the expanded zip code of the pharmacy. |
| Postage Amount Claimed | 428-DS | s9(2)v99 | The dollar amount of postage claimed. |
| Postage Amount Paid | 515-FF | s9(2)v99 | The dollar amount, calculated by the processor, that will be paid for postage cost. |
| Prior Authorization/ Medical Certification Code And Number | 416-DG | 9(12) | Value indicating prior authorization or medical certification occurred, and the number associated with the code in the left most position. |
| Response Data | 5Ø2-F2 | Varies | The generic data element used to link together specific data elements that relate to particular responses. (e.g. paid, captured, rejected, duplicate). |
| Sales Tax | 41Ø-DA | s9(4)v99 | The sales tax for the prescription dispensed. |
| Sales Tax Paid | 5Ø8-F8 | s9(4)v99 | The sales tax paid which is included in the total amount paid. |
| System ID | 1Ø7-A7 | x(7) | The ID number that identifies the system software vendor that is submitting the transaction. |
| Terminal ID | 1Ø6-A6 | x(7) | The ID number that identifies a specific point of sale device used at the pharmacy. |

# Exhibit E
# Part 4

## VIII.   Appendix F - VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD

| Reject Code | Explanation | Field Number Possibly In Error |
|---|---|---|
| ØØ | ("M/I" Means Missing/Invalid) | |
| Ø1 | M/I Bin | 1Ø1 |
| Ø2 | M/I Version Number | 1Ø2 |
| Ø3 | M/I Transaction Code | 1Ø3 |
| Ø4 | M/I Processor Control Number | 1Ø4 |
| Ø5 | M/I Pharmacy Number | 2Ø1 |
| Ø6 | M/I Group Number | 3Ø1 |
| Ø7 | M/I Cardholder ID Number | 3Ø2 |
| Ø8 | M/I Person Code | 3Ø3 |
| Ø9 | M/I Birth Date | 3Ø4 |
| 1C | M/I Smoker/Non-Smoker Code | 334 |
| 1E | M/I Prescriber Location Code | 467 |
| 1Ø | M/I Patient Gender Code | 3Ø5 |
| 11 | M/I Patient Relationship Code | 3Ø6 |
| 12 | M/I Patient Location | 3Ø7 |
| 13 | M/I Other Coverage Cod | 3Ø8 |
| 14 | M/I Eligibility Clarification Code | 3Ø9 |
| 15 | M/I Date of Service | 4Ø1 |
| 16 | M/I Prescription/Service Reference Number | 4Ø2 |
| 17 | M/I Fill Number | 4Ø3 |
| 19 | M/I Days Supply | 4Ø5 |
| 2C | M/I Pregnancy Indicator | 335 |
| 2E | M/I Primary Care Provider ID Qualifier | 468 |
| 2Ø | M/I Compound Code | 4Ø6 |
| 21 | M/I Product/Service ID | 4Ø7 |
| 22 | M/I Dispense As Written (DAW)/Product Selection Code | 4Ø8 |
| 23 | M/I Ingredient Cost Submitted | 4Ø9 |
| 25 | M/I Prescriber ID | 411 |

| Reject Code | Explanation | Field Number Possibly In Error |
|---|---|---|
| 26 | M/I Unit Of Measure | 6ØØ |
| 28 | M/I Date Prescription Written | 414 |
| 29 | M/I Number Refills Authorized | 415 |
| 3A | M/I Request Type | 498-PA |
| 3B | M/I Request Period Date-Begin | 498-PB |
| 3C | M/I Request Period Date-End | 498-PC |
| 3D | M/I Basis Of Request | 498-PD |
| 3E | M/I Authorized Representative First Name | 498-PE |
| 3F | M/I Authorized Representative Last Name | 498-PF |
| 3G | M/I Authorized Representative Street Address | 498-PG |
| 3H | M/I Authorized Representative City Address | 498-PH |
| 3J | M/I Authorized Representative State/Province Address | 498-PJ |
| 3K | M/I Authorized Representative Zip/Postal Zone | 498-PK |
| 3M | M/I Prescriber Phone Number | 498-PM |
| 3N | M/I Prior Authorized Number Assigned | 498-PY |
| 3P | M/I Authorization Number | 5Ø3 |
| 3R | Prior Authorization Not Required | 4Ø7 |
| 3S | M/I Prior Authorization Supporting Documentation | 498-PP |
| 3T | Active Prior Authorization Exists Resubmit At Expiration Of Prior Authorization | |
| 3W | Prior Authorization In Process | |
| 3X | Authorization Number Not Found | 5Ø3 |
| 3Y | Prior Authorization Denied | |
| 32 | M/I Level Of Service | 418 |
| 33 | M/I Prescription Origin Code | 419 |
| 34 | M/I Submission Clarification Code | 42Ø |
| 35 | M/I Primary Care Provider ID | 421 |
| 38 | M/I Basis Of Cost | 423 |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 39 | M/I Diagnosis Code | 424 |
| 4C | M/I Coordination Of Benefits/Other Payments Count | 337 |
| 4E | M/I Primary Care Provider Last Name | 57Ø |
| 4Ø | Pharmacy Not Contracted With Plan On Date Of Service | None |
| 41 | Submit Bill To Other Processor Or Primary Payer | None |
| 5C | M/I Other Payer Coverage Type | 338 |
| 5E | M/I Other Payer Reject Count | 471 |
| 5Ø | Non-Matched Pharmacy Number | 2Ø1 |
| 51 | Non-Matched Group ID | 3Ø1 |
| 52 | Non-Matched Cardholder ID | 3Ø2 |
| 53 | Non-Matched Person Code | 3Ø3 |
| 54 | Non-Matched Product/Service ID Number | 4Ø7 |
| 55 | Non-Matched Product Package Size | 4Ø7 |
| 56 | Non-Matched Prescriber ID | 411 |
| 58 | Non-Matched Primary Prescriber | 421 |
| 6C | M/I Other Payer ID Qualifier | 422 |
| 6E | M/I Other Payer Reject Code | 472 |
| 6Ø | Product/Service Not Covered For Patient Age | 3Ø2, 3Ø4, 4Ø1, 4Ø7 |
| 61 | Product/Service Not Covered For Patient Gender | 3Ø2, 3Ø5, 4Ø7 |
| 62 | Patient/Card Holder ID Name Mismatch | 31Ø, 311, 312, 313, 32Ø |
| 63 | Institutionalized Patient Product/Service ID Not Covered | |
| 64 | Claim Submitted Does Not Match Prior Authorization | 2Ø1, 4Ø1, 4Ø4, 4Ø7, 416 |
| 65 | Patient Is Not Covered | 3Ø3, 3Ø6 |
| 66 | Patient Age Exceeds Maximum Age | 3Ø3, 3Ø4, 3Ø6 |
| 67 | Filled Before Coverage Effective | 4Ø1 |
| 68 | Filled After Coverage Expired | 4Ø1 |
| 69 | Filled After Coverage Terminated | 4Ø1 |
| 7C | M/I Other Payer ID | 34Ø |

| VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 7E | M/I DUR/PPS Code Counter | 473 |
| 7Ø | Product/Service Not Covered | 4Ø7 |
| 71 | Prescriber Is Not Covered | 411 |
| 72 | Primary Prescriber Is Not Covered. | 421 |
| 73 | Refills Are Not Covered | 4Ø2, 4Ø3 |
| 74 | Other Carrier Payment Meets Or Exceeds Payable | 4Ø9, 41Ø, 442 |
| 75 | Prior Authorization Required | 462 |
| 76 | Plan Limitations Exceeded | 4Ø5, 442 |
| 77 | Discontinued Product/Service ID Number | 4Ø7 |
| 78 | Cost Exceeds Maximum | 4Ø7, 4Ø9, 41Ø, 442 |
| 79 | Refill Too Soon | 4Ø1, 4Ø3, 4Ø5 |
| 8C | M/I Facility ID | 336 |
| 8E | M/I DUR/PPS Level Of Effort | 474 |
| 8Ø | Drug-Diagnosis Mismatch | 4Ø7, 424 |
| 81 | Claim Too Old | 4Ø1 |
| 82 | Claim Is Post-Dated | 4Ø1 |
| 83 | Duplicate Paid/Captured Claim | 2Ø1, 4Ø1, 4Ø2, 4Ø3, 4Ø7 |
| 84 | Claim Has Not Been Paid/Captured | 2Ø1, 4Ø1, 4Ø2 |
| 85 | Claim Not Processed | None |
| 86 | Submit Manual Reversal | None |
| 87 | Reversal Not Processed | None |
| 88 | DUR Reject Error | |
| 89 | Rejected Claim Fees Paid | |
| 9Ø | Host Hung Up | Host Disconnected Before Session Completed |
| 91 | Host Response Error | Response Not In Appropriate Format To Be Displayed |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona

| Reject Code | Explanation | Field Number Possibly In Error |
|---|---|---|
| | **VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD** | |
| 92 | System Unavailable/Host Unavailable | Processing Host Did Not Accept Transaction/Did Not Respond Within Time Out Period |
| *95 | Time Out | |
| *96 | Scheduled Downtime | |
| *97 | Payer Unavailable | |
| *98 | Connection To Payer Is Down | |
| 99 | Host Processing Error | Do Not Retransmit Claim(s) |
| AA | Patient Spenddown Not Met | |
| AB | Date Written Is After Date Filled | |
| AC | Product Not Covered Non-Participating Manufacturer | |
| AD | Billing Provider Not Eligible To Bill This Claim Type | |
| AE | QMB (Qualified Medicare Beneficiary)-Bill Medicare | |
| AF | Patient Enrolled Under Managed Care | |
| AG | Days Supply Limitation For Product/Service | |
| AH | Unit Dose Packaging Only Payable For Nursing Home Recipients | |
| AJ | Generic Drug Required | |
| AK | M/I Software Vendor/Certification ID | 11Ø |
| AM | M/I Segment Identification | 111 |
| A9 | M/I Transaction Count | 1Ø9 |
| BE | M/I Professional Service Fee Submitted | 477 |
| B2 | M/I Service Provider ID Qualifier | 2Ø2 |
| CA | M/I Patient First Name | 31Ø |
| CB | M/I Patient Last Name | 311 |
| CC | M/I Cardholder First Name | 312 |
| CD | M/I Cardholder Last Name | 313 |
| CE | M/I Home Plan | 314 |
| CF | M/I Employer Name | 315 |
| CG | M/I Employer Street Address | 316 |

| Reject Code | Explanation | Field Number Possibly In Error |
|---|---|---|
| | **VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD** | |
| CH | M/I Employer City Address | 317 |
| CI | M/I Employer State/Province Address | 318 |
| CJ | M/I Employer Zip Postal Zone | 319 |
| CK | M/I Employer Phone Number | 32Ø |
| CL | M/I Employer Contact Name | 321 |
| CM | M/I Patient Street Address | 322 |
| CN | M/I Patient City Address | 323 |
| CO | M/I Patient State/Province Address | 324 |
| CP | M/I Patient Zip/Postal Zone | 325 |
| CQ | M/I Patient Phone Number | 326 |
| CR | M/I Carrier ID | 327 |
| CW | M/I Alternate ID | 33Ø |
| CX | M/I Patient ID Qualifier | 331 |
| CY | M/I Patient ID | 332 |
| CZ | M/I Employer ID | 333 |
| DC | M/I Dispensing Fee Submitted | 412 |
| DN | M/I Basis Of Cost Determination | 423 |
| DQ | M/I Usual And Customary Charge | 426 |
| DR | M/I Prescriber Last Name | 427 |
| DT | M/I Unit Dose Indicator | 429 |
| DU | M/I Gross Amount Due | 43Ø |
| DV | M/I Other Payer Amount Paid | 431 |
| DX | M/I Patient Paid Amount Submitted | 433 |
| DY | M/I Date Of Injury | 434 |
| DZ | M/I Claim/Reference ID | 435 |
| EA | M/I Originally Prescribed Product/Service Code | 445 |
| EB | M/I Originally Prescribed Quantity | 446 |
| EC | M/I Compound Ingredient Component Count | 447 |
| ED | M/I Compound Ingredient Quantity | 448 |
| EE | M/I Compound Ingredient Drug Cost | 449 |
| EF | M/I Compound Dosage Form Descriptin Code | 45Ø |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| EG | M/I Compound Dispensing Unit Form Indicator | 451 |
| EH | M/I Compound Route Of Administration | 452 |
| EJ | M/I Originally Prescribed Product/Service ID Qualifier | 453 |
| EK | M/I Scheduled Prescription ID Number | 454 |
| EM | M/I Prescription/Service Reference Number Qualifier | 445 |
| EN | M/I Associated Prescription/Service Reference Number | 456 |
| EP | M/I Associated Prescription/Service Date | 457 |
| ER | M/I Procedure Modifier Code | 459 |
| ET | M/I Quantity Prescribed | 46Ø |
| EU | M/I Prior Authorization Type Code | 461 |
| EV | M/I Prior Authorization Number Submitted | 462 |
| EW | M/I Intermediary Authorization Type ID | 463 |
| EX | M/I Intermediary Authorization ID | 464 |
| EY | M/I Provider ID Qualifier | 465 |
| EZ | M/I Prescriber ID Qualifier | 466 |
| E1 | M/I Product/Service ID Qualifier | 436 |
| E3 | M/I Incentive Amount Submitted | 438 |
| E4 | M/I Reason For Service Code | 439 |
| E5 | M/I Professional Service Code | 44Ø |
| E6 | M/I Result Of Service Code | 441 |
| E7 | M/I Quantity Dispensed | 442 |
| E8 | M/I Other Payer Date | 443 |
| E9 | M/I Provider ID | 444 |
| FO | M/I Plan ID | 524 |
| GE | M/I Percentage Sales Tax Amount Submitted | 482 |
| HA | M/I Flat Sales Tax Amount Submitted | 481 |
| HB | M/I Other Payer Amount Paid Count | 341 |
| HC | M/I Other Payer Amount Paid Qualifier | 342 |
| HD | M/I Dispensing Status | 343 |
| HE | M/I Percentage Sales Tax Rate Submitted | 483 |

| VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| HF | M/I Quantity Intended To Be Dispensed | 344 |
| HG | M/I Days Supply Intended To Be Dispensed | 345 |
| H1 | M/I Measurement Time | 495 |
| H2 | M/I Measurement Dimension | 496 |
| H3 | M/I Measurement Unit | 497 |
| H4 | M/I Measurement Value | 499 |
| H5 | M/I Primary Care Provider Location Code | 469 |
| H6 | M/I DUR Co-Agent ID | 476 |
| H7 | M/I Other Amount Claimed Submitted Count | 478 |
| H8 | M/I Other Amount Claimed Submitted Qualifier | 479 |
| H9 | M/I Other Amount Claimed Submitted | 48Ø |
| JE | M/I Percentage Sales Tax Basis Submitted | 484 |
| J9 | M/I DUR Co-Agent ID Qualifier | 475 |
| KE | M/I Coupon Type | 485 |
| M1 | Patient Not Covered In This Aid Category | |
| M2 | Recipient Locked In | |
| M3 | Host PA/MC Error | |
| M4 | Prescription/Service Reference Number/Time Limit Exceeded | |
| M5 | Requires Manual Claim | |
| M6 | Host Eligibility Error | |
| M7 | Host Drug File Error | |
| M8 | Host Provider File Error | |
| ME | M/I Coupon Number | 486 |
| MZ | Error Overflow | |
| NE | M/I Coupon Value Amount | 487 |
| NN | Transaction Rejected At Switch Or Intermediary | |
| PA | PA Exhausted/Not Renewable | |
| PB | Invalid Transaction Count For This Transaction Code | 1Ø3, 1Ø9 |
| PC | M/I Claim Segment | 111 |
| PD | M/I Clinical Segment | 111 |

| VERSION 5.0 REJECT CODES FOR TELECOMMUNICATION STANDARD | | |
| --- | --- | --- |
| Reject Code | Explanation | Field Number Possibly In Error |
| PE | M/I COB/Other Payments Segment | 111 |
| PF | M/I Compound Segment | 111 |
| PG | M/I Coupon Segment | 111 |
| PH | M/I DUR/PPS Segment | 111 |
| PJ | M/I Insurance Segment | 111 |
| PK | M/I Patient Segment | 111 |
| PM | M/I Pharmacy Provider Segment | 111 |
| PN | M/I Prescriber Segment | 111 |
| PP | M/I Pricing Segment | 111 |
| PR | M/I Prior Authorization Segment | 111 |
| PS | M/I Transaction Header Segment | 111 |
| PT | M/I Workers' Compensation Segment | 111 |
| PV | Non-Matched Associated Prescription/Service Date | 457 |
| PW | Non-Matched Employer ID | 333 |
| PX | Non-Matched Other Payer ID | 34Ø |
| PY | Non-Matched Unit Form/Route of Administration | 451, 452, 6ØØ |
| PZ | Non-Matched Unit Of Measure To Product/Service ID | 4Ø7, 6ØØ |
| P1 | Associated Prescription/Service Reference Number Not Found | 456 |
| P2 | Clinical Information Counter Out Of Sequence | 493 |
| P3 | Compound Ingredient Component Count Does Not Match Number Of Repetitions | 447 |
| P4 | Coordination Of Benefits/Other Payments Count Does Not Match Number Of Repetitions | 337 |
| P5 | Coupon Expired | 486 |
| P6 | Date Of Service Prior To Date Of Birth | 3Ø4, 4Ø1 |
| P7 | Diagnosis Code Count Does Not Match Number Of Repetitions | 491 |
| P8 | DUR/PPS Code Counter Out Of Sequence | 473 |
| P9 | Field Is Non-Repeatable | |
| RA | PA Reversal Out Of Order | |
| RB | Multiple Partials Not Allowed | |

| VERSION 5.0 REJECT CODES FOR TELECOMMUNICATION STANDARD | | |
| --- | --- | --- |
| Reject Code | Explanation | Field Number Possibly In Error |
| RC | Different Drug Entity Between Partial & Completion | |
| RD | Mismatched Cardholder/Group ID-Partial To Completion | 3Ø1, 3Ø2 |
| RE | M/I Compound Product ID Qualifier | 488 |
| RF | Improper Order Of 'Dispensing Status' Code On Partial Fill Transaction | |
| RG | M/I Associated Prescription/service Reference Number On Completion Transaction | 456 |
| RH | M/I Associated Prescription/Service Date On Completion Transaction | 457 |
| RJ | Associated Partial Fill Transaction Not On File | |
| RK | Partial Fill Transaction Not Supported | |
| RM | Completion Transaction Not Permitted With Same 'Date Of Service' As Partial Transaction | 4Ø1 |
| RN | Plan Limits Exceeded On Intended Partial Fill Values | 344, 345 |
| RP | Out Of Sequence 'P' Reversal On Partial Fill Transaction | |
| RS | M/I Associated Prescription/Service Date On Partial Transaction | 457 |
| RT | M/I Associated Prescription/Service Reference Number On Partial Transaction | 456 |
| RU | Mandatory Data Elements Must Occur Before Optional Data Elements In A Segment | |
| R1 | Other Amount Claimed Submitted Count Does Not Match Number Of Repetitions | 478, 48Ø |
| R2 | Other Payer Reject Count Does Not Match Number Of Repetitions | 471, 472 |
| R3 | Procedure Modifier Code Count Does Not Match Number Of Repetitions | 458, 459 |
| R4 | Procedure Modifier Code Invalid For Product/Service ID | 4Ø7, 436, 459 |
| R5 | Product/Service ID Must Be Zero When Product/Service ID Qualifier Equals Ø6 | 4Ø7, 436 |
| R6 | Product/Service Not Appropriate For This Location | 3Ø7, 4Ø7, 436 |
| R7 | Repeating Segment Not Allowed In Same Transaction | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

| VERSION 5.Ø REJECT CODES FOR TELECOMMUNICATION STANDARD | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| R8 | Syntax Error | |
| R9 | Value In Gross Amount Due Does Not Follow Pricing Formulae | 43Ø |
| SE | M/I Procedure Modifier Code Count | 458 |
| TE | M/I Compound Product ID | 489 |
| UE | M/I Compound Ingredient Basis Of Cost Determination | 49Ø |
| VE | M/I Diagnosis Code Count | 491 |
| WE | M/I Diagnosis Code Qualifier | 492 |
| XE | M/I Clinical Information Counter | 493 |
| ZE | M/I Measurement Date | 494 |

**DATA DICTIONARY**

## IX.    Appendix G - VERSION 1.Ø REJECT CODES FOR PAYMENT TAPE

| VERSION 1.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| ØØ | No Error Exists - Claim Paid As Submitted | |
| Ø1 | Missing Data | 1Ø1 |
| Ø2 | Inconsistent With Other Data | 1Ø2 |
| Ø3 | Exceeds Limits | 1Ø3 |
| Ø4 | Does Not Exist | 1Ø4 |
| Ø5 | Cancelled/Expired | 2Ø1 |
| Ø6 | Multiple Occurrence | 3Ø1 |
| Ø7 | Not On File | 3Ø2 |
| Ø8 | Ineligible | 3Ø3 |
| Ø9 | Non-Compensable Drug | 3Ø4 |
| 1Ø | Ineligible Dependent | 3Ø5 |
| 11 | Stale Date | 3Ø6 |
| 12 | Prior Authorization Required | 3Ø7 |
| 13-44 | Reserved For Future Use | |
| 45 | Good Faith-Payment | 3Ø9 |
| 46 | Good Faith-Non-Payment | 4Ø1 |
| 47 | Deductible Not Met | 4Ø2 |
| 48 | Duplicate Billing | 4Ø3 |
| 49 | Not Covered (No Reason) | 4Ø4 |
| 5Ø | Adjustment Down | 4Ø5 |
| 51 | Adjustment Up | 4Ø6 |
| 52-69 | Reserved For Future Use | |
| 7Ø | Supplement Payment | 4Ø9 |
| 71 | Supplement Denied | 41Ø |

| VERSION 1.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 72-97 | Reserved For Future Use | |
| 98 | Pended Claim | |
| 99 | Never To Be Used | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

**DATA DICTIONARY**

## X.    Appendix H - VERSION 2.Ø REJECT CODES FOR PAYMENT TAPE

| VERSION 2.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| ØØ | ("M/I" Means Missing/Invalid) | |
| Ø1 | (Future Use) | |
| Ø2 | M/I Version Number | 1Ø2 |
| Ø3 | (Future Use) | |
| Ø4 | (Future Use) | |
| Ø5 | M/I Pharmacy Number | 2Ø1 |
| Ø6 | M/I Group Number | 3Ø1 |
| Ø7 | M/I Cardholder ID Number | 3Ø2 |
| Ø8 | M/I Person Code | 3Ø3 |
| Ø9 | M/I Birthdate | 3Ø4 |
| 1Ø | M/I Sex Code | 3Ø5 |
| 11 | M/I Relationship Code | 3Ø6 |
| 12 | M/I Customer Location Code | 3Ø7 |
| 13 | M/I Other Coverage Code | 3Ø8 |
| 14 | M/I Eligibility Override Code | 3Ø9 |
| 15 | M/I Date Filled/Date Of Service | 4Ø1 |
| 16 | M/I Prescription Number | 4Ø2 |
| 17 | M/I New-Refill Code | 4Ø3 |
| 18 | M/I Metric Quantity | 4Ø4 |
| 19 | M/I Days Supply | 4Ø5 |
| 2Ø | M/I Compound Code | 4Ø6 |
| 21 | M/I NDC Number | 4Ø7 |
| 22 | M/I Dispense As Written Code | 4Ø8 |
| 23 | M/I Ingredient Cost | 4Ø9 |

| VERSION 2.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 24 | M/I Sales Tax | 41Ø |
| 25 | M/I Prescriber ID | 411 |
| 26 | (Future Use) | |
| 27 | (Future Use) | |
| 28 | M/I Date Prescription Written | 414 |
| 29 | M/I Number Refills Authorized | 415 |
| 3Ø | M/I P.A./M.C. Code And Number | 416 |
| 31 | (Future Use) | |
| 32 | M/I Level Of Service | 418 |
| 33 | M/I Prescription Origin Code | 419 |
| 34 | M/I Prescription Denial Override | 42Ø |
| 35 | M/I Primary Prescriber | 421 |
| 36 | M/I Clinic ID | 422 |
| 37 | (Future Use) | |
| 38 | M/I Basis Of Cost | 423 |
| 39 | M/I Diagnosis Code | 424 |
| 4Ø | Pharmacy Not Contracted With Plan On Date Of Service | None |
| 41 | Submit Bill To Other Processor Or Primary Payer | None |
| 42-49 | (Future Use) | |
| 5Ø | Non-Matched Pharmacy Number | 2Ø1 |
| 51 | Non-Matched Group Number | 3Ø1 |
| 52 | Non-Matched Cardholder ID | 3Ø2 |
| 53 | Non-Matched Person Code | 3Ø3 |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

## DATA DICTIONARY

| VERSION 2.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 54 | Non-Matched NDC Number | 4Ø7 |
| 55 | Non-Matched NDC Package Size | 4Ø7 |
| 56 | Non-Matched Prescriber ID | 411 |
| 57 | Non-Matched P.A./M.C. Number | 416 |
| 58 | Non-Matched Primary Prescriber | 421 |
| 59 | Non-Matched Clinic ID | 422 |
| 6Ø | Drug Not Covered For Patient Age | 3Ø2, 3Ø4, 4Ø1, 4Ø7 |
| 61 | Drug Not Covered For Patient Gender | 3Ø2, 3Ø5, 4Ø7 |
| 62 | Patient/Card Holder ID Name Mismatch | 31Ø, 311, 312, 313, 32Ø |
| 63 | Institutionalized Patient NDC Not Covered | |
| 64 | Claim Submitted Does Not Match Prior Authorization | 2Ø1, 4Ø1, 4Ø4, 4Ø7, 416 |
| 65 | Patient Is Not Covered | 3Ø3, 3Ø6 |
| 66 | Patient Age Exceeds Maximum Age | 3Ø3, 3Ø4, 3Ø6 |
| 67 | Filled Before Coverage Effective | 4Ø1 |
| 68 | Filled After Coverage Expired | 4Ø1 |
| 69 | Filled After Coverage Terminated | 4Ø1 |
| 7Ø | NDC Not Covered | 4Ø7 |
| 71 | Prescriber Is Not Covered | 411 |
| 72 | Primary Prescriber Is Not Covered | 421 |
| 73 | Refills Are Not Covered | 4Ø2, 4Ø3 |
| 74 | Other Carrier Payment Meets Or Exceeds Payable | 4Ø4, 4Ø9, 41Ø |
| 75 | Prior Authorization Required | 416 |
| 76 | Plan Limitations Exceeded | 4Ø4, 4Ø5 |
| 77 | Discontinued NDC Number | 4Ø7 |
| 78 | Cost Exceeds Maximum | 4Ø4, 4Ø7, 4Ø9, 41Ø |

| VERSION 2.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 79 | Refill Too Soon | 4Ø1, 4Ø3, 4Ø5 |
| 8Ø | Drug-Diagnosis Mismatch | 4Ø7, 424 |
| 81 | Claim Too Old | 4Ø1 |
| 82 | Claim Is Post-Dated | 4Ø1 |
| 83 | Duplicate Paid/Captured Claim | 2Ø1, 4Ø1, 4Ø2, 4Ø3, 4Ø7 |
| 84 | Claim Has Not Been Paid/Captured | 2Ø1, 4Ø1, 4Ø2 |
| 85 | Claim Not Processed | None |
| 86 | Submit Manual Reversal | None |
| 87 | Reversal Not Processed | None |
| 88 | DUR Reject Error | |
| 89 | Rejected Claim Fees Paid | |
| 9Ø-99 | For Future Use | |
| CA | M/I Patient First Name | 31Ø |
| CB | M/I Patient Last Name | 311 |
| CC | M/I Cardholder First Name | 312 |
| CD | M/I Cardholder Last Name | 313 |
| CE | M/I Home Plan | 314 |
| CF | M/I Employer Name | 315 |
| CG | M/I Employer Street Address | 316 |
| CH | M/I Employer City Address | 317 |
| CI | M/I Employer State Address | 318 |
| CJ | M/I Employer Zip Code | 319 |
| CK | M/I Employer Phone Number | 32Ø |
| CL | M/I Employer Contact Name | 321 |
| CM | M/I Patient Street Address | 322 |
| CN | M/I Patient City Address | 323 |

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

## DATA DICTIONARY

| VERSION 2.0 REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| CO | M/I Patient State Address | 324 |
| CP | M/I Patient Zip Code | 325 |
| CQ | M/I Patient Phone Number | 326 |
| CR | M/I Carrier ID Number | 327 |
| CT | M/I Patient Social Security Number | 328 |
| DP | M/I Drug Type Override | 425 |
| DQ | M/I Usual And Customary | 426 |
| DR | M/I Doctors Last Name | 427 |
| DS | M/I Postage Amount Claimed | 428 |
| DT | M/I Unit Dose Indicator | 429 |
| DU | M/I Gross Amount Due | 430 |
| DV | M/I Other Payer Amount | 431 |
| DW | M/I Basis Of Days Supply Determination | 432 |
| DX | M/I Patient Paid Amount | 433 |
| DY | M/I Injury Date | 434 |
| DZ | M/I Claim Reference ID Number | 435 |
| E1 | M/I Alternate Product Type | 436 |
| E2 | M/I Alternate Product Code | 437 |
| E3 | M/I Incentive Amount Submitted/Professional Services Fee Submitted | 438 |
| E4 | M/I DUR Conflict/Reason For Service Code | 439 |
| E5 | M/I DUR Intervention/Professional Services Code | 440 |
| E6 | M/I DUR Outcome/Result Of Service Code | 441 |
| E7 | M/I Metric Decimal Quantity | 442 |
| E8 | M/I Other Payer Date | 443 |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

# DATA DICTIONARY

## XI. Appendix I - VERSION 3.Ø REJECT CODES FOR PAYMENT TAPE

| VERSION 3.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| ØØ | ("M/I" Means Missing/Invalid) | |
| Ø1 | (Future Use) | |
| Ø2 | M/I Version Number | 1Ø2 |
| Ø3 | (Future Use) | |
| Ø4 | (Future Use) | |
| Ø5 | M/I Pharmacy Number | 2Ø1 |
| Ø6 | M/I Group Number | 3Ø1 |
| Ø7 | M/I Cardholder ID Number | 3Ø2 |
| Ø8 | M/I Person Code | 3Ø3 |
| Ø9 | M/I Birthdate | 3Ø4 |
| 1Ø | M/I Sex Code | 3Ø5 |
| 11 | M/I Relationship Code | 3Ø6 |
| 12 | M/I Customer Location Code | 3Ø7 |
| 13 | M/I Other Coverage Code | 3Ø8 |
| 14 | M/I Eligibility Override Code | 3Ø9 |
| 15 | M/I Date Filled/Date Of Service | 4Ø1 |
| 16 | M/I Prescription Number | 4Ø2 |
| 17 | M/I New-Refill Code | 4Ø3 |
| 18 | M/I Metric Quantity | 4Ø4 |
| 19 | M/I Days Supply | 4Ø5 |
| 2Ø | M/I Compound Code | 4Ø6 |
| 21 | M/I NDC Number | 4Ø7 |
| 22 | M/I Dispense As Written Code | 4Ø8 |
| 23 | M/I Ingredient Cost | 4Ø9 |
| 24 | M/I Sales Tax | 41Ø |
| 25 | M/I Prescriber ID | 411 |
| 26 | (Future Use) | |

| VERSION 3.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 27 | (Future Use) | |
| 28 | M/I Date Prescription Written | 414 |
| 29 | M/I Number Refills Authorized | 415 |
| 3Ø | M/I P.A./M.C. Code And Number | 416 |
| 31 | (Future Use) | |
| 32 | M/I Level Of Service | 418 |
| 33 | M/I Prescription Origin Code | 419 |
| 34 | M/I Prescription Denial Override | 42Ø |
| 35 | M/I Primary Prescriber | 421 |
| 36 | M/I Clinic ID | 422 |
| 37 | (Future Use) | |
| 38 | M/I Basis Of Cost | 423 |
| 39 | M/I Diagnosis Code | 424 |
| 4Ø | Pharmacy Not Contracted With Plan On Date Of Service | None |
| 41 | Submit Bill To Other Processor Or Primary Payer | None |
| 42-49 | (Future Use) | |
| 5Ø | Non-Matched Pharmacy Number | 2Ø1 |
| 51 | Non-Matched Group Number | 3Ø1 |
| 52 | Non-Matched Cardholder ID | 3Ø2 |
| 53 | Non-Matched Person Code | 3Ø3 |
| 54 | Non-Matched NDC Number | 4Ø7 |
| 55 | Non-Matched NDC Package Size | 4Ø7 |
| 56 | Non-Matched Prescriber ID | 411 |
| 57 | Non-Matched P.A./M.C. Number | 416 |
| 58 | Non-Matched Primary Prescriber | 421 |
| 59 | Non-Matched Clinic ID | 422 |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

## DATA DICTIONARY

| VERSION 3.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 6Ø | Drug Not Covered For Patient Age | 3Ø2, 3Ø4, 4Ø1, 4Ø7 |
| 61 | Drug Not Covered For Patient Gender | 3Ø2, 3Ø5, 4Ø7 |
| 62 | Patient/Card Holder ID Name Mismatch | 31Ø, 311, 312, 313, 32Ø |
| 63 | Institutionalized Patient. NDC Not Covered | |
| 64 | Claim Submitted Does Not Match Prior Authorization | 2Ø1, 4Ø1, 4Ø4, 4Ø7, 416 |
| 65 | Patient Is Not Covered | 3Ø3, 3Ø6 |
| 66 | Patient Age Exceeds Maximum Age | 3Ø3, 3Ø4, 3Ø6 |
| 67 | Filled Before Coverage Effective | 4Ø1 |
| 68 | Filled After Coverage Expired | 4Ø1 |
| 69 | Filled After Coverage Terminated | 4Ø1 |
| 7Ø | NDC Not Covered | 4Ø7 |
| 71 | Prescriber Is Not Covered | 411 |
| 72 | Primary Prescriber Is Not Covered | 421 |
| 73 | Refills Are Not Covered | 4Ø2, 4Ø3 |
| 74 | Other Carrier Payment Meets Or Exceeds Payable | 4Ø4, 4Ø9, 41Ø |
| 75 | Prior Authorization Required | 416 |
| 76 | Plan Limitations Exceeded | 4Ø4, 4Ø5 |
| 77 | Discontinued NDC Number | 4Ø7 |
| 78 | Cost Exceeds Maximum | 4Ø4, 4Ø7, 4Ø9, 41Ø |
| 79 | Refill Too Soon | 4Ø1, 4Ø3, 4Ø5 |
| 8Ø | Drug-Diagnosis Mismatch | 4Ø7, 424 |
| 81 | Claim Too Old | 4Ø1 |
| 82 | Claim Is Post-Dated | 4Ø1 |
| 83 | Duplicate Paid/Captured Claim | 2Ø1, 4Ø1, 4Ø2, 4Ø3, 4Ø7 |
| 84 | Claim Has Not Been Paid/Captured | 2Ø1, 4Ø1, 4Ø2 |
| 85 | Claim Not Processed | None |
| 86 | Submit Manual Reversal | None |

| VERSION 3.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| 87 | Reversal Not Processed | None |
| 88 | DUR Reject Error | |
| 89 | Rejected Claim Fees Paid | |
| 9Ø-99 | For Future Use | |
| CA | M/I Patient First Name | 31Ø |
| CB | M/I Patient Last Name | 311 |
| CC | M/I Cardholder First Name | 312 |
| CD | M/I Cardholder Last Name | 313 |
| CE | M/I Home Plan | |
| CF | M/I Employer Name | |
| CG | M/I Employer Street Address | |
| CH | M/I Employer City Address | |
| CI | M/I Employer State Address | |
| CJ | M/I Employer Zip Code | |
| CK | M/I Employer Phone Number | |
| CL | M/I Employer Contact Name | |
| CM | M/I Patient Street Address | |
| CN | M/I Patient City Address | |
| CO | M/I Patient State Address | |
| CP | M/I Patient Zip Code | |
| CQ | M/I Patient Phone Number | |
| CR | M/I Carrier ID Number | |
| CT | M/I Patient Social Security Number | |
| DP | M/I Drug Type Override | 425 |
| DQ | M/I Usual And Customary | 426 |
| DR | M/I Doctors Last Name | 427 |
| DS | M/I Postage Amount Claimed | 428 |
| DT | M/I Unit Dose Indicator | 429 |
| DU | M/I Gross Amount Due | 43Ø |
| DV | M/I Other Payer Amount | 431 |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

## DATA DICTIONARY

| VERSION 3.Ø REJECT CODES FOR PAYMENT TAPE | | |
|---|---|---|
| Reject Code | Explanation | Field Number Possibly In Error |
| DW | M/I Basis Of Days Supply Determination | 432 |
| DX | M/I Patient Paid Amount | 433 |
| DY | M/I Injury Date | |
| DZ | M/I Claim Reference ID Number | |
| E1 | M/I Alternate Product Type | |
| E2 | M/I Alternate Product Code | |
| E3 | M/I Incentive Amount Submitted/Professional Services Fee Submitted | |
| E4 | M/I DUR Conflict/Reason For Service Code | |
| E5 | M/I DUR Intervention/Professional Services Code | |
| E6 | M/I DUR Outcome/Result Of Service Code | |
| E7 | M/I Metric Decimal Quantity | |
| E8 | M/I Other Payer Date | |
| M1 | Patient Not Covered In This Aid Category | |
| M2 | Recipient Locked In | |
| M3 | Host PA/MC Error | |
| M4 | Prescription Number/Time Limit Exceeded | |
| M5 | Requires Manual Claim | |
| M6 | Host Eligibility Error | |
| M7 | Host Drug File Error | |
| M8 | Host Provider File Error | |
| MZ | Error Overflow | |
| P1 | Good Faith Payment | 3Ø9 |
| P2 | Good Faith Non-Payment | 4Ø1 |
| P3 | Deductible Not Met | 4Ø2 |
| P4 | Supplement Payment | 4Ø9 |
| P5 | Supplement Denied | 41Ø |
| P6 | Pended Claim | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

## XII:    Appendix J - TELECOMMUNICATION PHASES WITH FLOW CHARTS



| Err. | Description | Resp. Code |
|------|-------------|------------|
| 1 | No Dial Tone. Call Telephone Company | 91 |
| 2 | Ring No Answer, Check Phone Number, And Call Network | 92 |
| 3 | Busy, Try Again | 93 |
| 4 | No Carrier From Network. Try Again | 94 |
| 5 | Logon Unsuccessful. Try Again | 95 |
| 6 | No Enq. Try Again | 96 |
| 7 | No Response From Network. Call Network | 97 |
| 8 | Bad Response From Network. Try Again | 98 |
| 9 | NCPDP Standard Response | |

September, 1999
National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

# DATA DICTIONARY



**SEND DATA PROCESS**

The network host cannot return a message, therefore the terminal software should use the recommendations from flowchart 1

| | | |
|---|---|---|
| 1 | Time Out | 95 |
| 2 | Scheduled Downtime | 96 |
| 3 | Connection to payer is down | 98 |
| 4 | Payer Unavailable | 97 |

## XIII.   Appendix K - PRODUCT/SERVICE QUALIFIER

Key:
X       =     Value is applicable for use in field
Blank   =     Value may not be used in field

| | VALUE | PRODUCT/SERVICE ID QUALIFIER (436-E1) | COMPOUND PRODUCT ID QUALIFIER (488-RE) | DUR CO-AGENT ID QUALIFIER (475-J9) | ORIGINALLY PRESCRIBED PRODUCT/SERVICE ID QUALIFIER (453-EJ) | PREFERRED PRODUCT ID QUALIFIER (552-AP) |
|---|---|---|---|---|---|---|
| Not Specified | Blank | X | X | X | X | X |
| Not Specified | ØØ | X | | | X | |
| Universal Product Code (UPC) | Ø1 | X | X | X | X | X |
| Health Related Item (HRI) | Ø2 | X | X | X | X | X |
| National Drug Code (NDC) | Ø3 | X | X | X | X | X |
| Universal Product Number (UPN) | Ø4 | X | X | X | X | X |
| Department of Defense (DOD) | Ø5 | X | X | X | X | X |
| Drug Use Review/ Professional Pharmacy Service (DUR/PPS) | Ø6 | X | | | X | |
| Common Procedure Terminology (CPT4) | Ø7 | X | | X | X | |
| Common Procedure Terminology (CPT5) | Ø8 | X | | X | X | |
| Health Care Financing Administration Common Procedural Coding System (HCPCS) | Ø9 | X | | X | X | |
| Pharmacy Practice Activity Classification (PPAC) | 1Ø | X | | | X | |
| National Pharmaceutical Product Interface Code(NAPPI) | 11 | X | X | X | X | X |
| International Article Numbering System(EAN) | 12 | X | X | X | X | X |
| Drug Identification Number(DIN) | 13 | X | X | X | X | X |
| Medi-Span GPI | 14 | | | X | | X |
| First DataBank GCN | 15 | | | X | | X |
| Medical Economics GPO | 16 | | | X | | X |
| Medi-Span DDID | 17 | | | X | | X |
| First DataBank SmartKey | 18 | | | X | | X |
| Medical Economics GM | 19 | | | X | | X |
| International Classification of Diseases(ICD9) | 2Ø | | | X | | |
| International Classification of Diseases (ICD10) | 21 | | | X | | |
| Medi-Span Diagnosis Code | 22 | | | X | | |

| | Value | Product/Service ID Qualifier (436-E1) | Compound Product ID Qualifier (488-RE) | DUR Co-Agent ID Qualifier (475-J9) | Originally Prescribed Product/Service ID Qualifier (453-EJ) | Preferred Product ID Qualifier (552-AP) |
|---|---|---|---|---|---|---|
| National Criteria Care Institute(NCCI) | 23 | | | X | | |
| The Systematized Nomenclature of Human and Veterinary Medicine (SNOMED) | 24 | | | X | | |
| Common Dental Terminology (CDT) | 25 | | | X | | |
| American Psychiatric Association Diagnostic Statistical Manual of Mental Disorders (DSM IV) | 26 | | | X | | |
| Other | 99 | X | X | X | X | X |

Confidential Material - Not for Distribution Without Permission of Authors

## XIV.  Appendix L - UNITED STATES AND CANADIAN PROVINCE POSTAL SERVICE ABBREVIATIONS

### UNITED STATES

| State Code | State/Territory | NCPDP State Code |
|---|---|---|
| AL | Alabama | 01 |
| AK | Alaska | 02 |
| AZ | Arizona | 03 |
| AR | Arkansas | 04 |
| AS | American Samoa | |
| CA | California | 05 |
| CO | Colorado | 06 |
| CT | Connecticut | 07 |
| DE | Delaware | 08 |
| DC | District Of Columbia | 09 |
| FM | Federated States Of Micronesia | |
| FL | Florida | 10 |
| GA | Georgia | 11 |
| GU | Guam | 54 |
| HI | Hawaii | 12 |
| ID | Idaho | 13 |
| IL | Illinois | 14 |
| IN | Indiana | 15 |
| IA | Iowa | 16 |
| KS | Kansas | 17 |
| KY | Kentucky | 18 |
| LA | Louisiana | 19 |
| ME | Maine | 20 |
| MH | Marshall Islands | |
| MD | Maryland | 21 |
| MA | Massachusetts | 22 |
| MI | Michigan | 23 |
| MN | Minnesota | 24 |
| MS | Mississippi | 25 |
| MO | Missouri | 26 |
| MT | Montana | 27 |
| NE | Nebraska | 28 |
| NV | Nevada | 29 |
| NH | New Hampshire | 30 |
| NJ | New Jersey | 31 |
| NM | New Mexico | 32 |
| NY | New York | 33 |
| NC | North Carolina | 34 |
| ND | North Dakota | 35 |
| MP | Northern Mariana Islands | |
| OH | Ohio | 36 |
| OK | Oklahoma | 37 |
| OR | Oregon | 38 |
| PW | Palau | |
| PA | Pennsylvania | 39 |
| PR | Puerto Rico | 40 |
| RI | Rhode Island | 41 |
| SC | South Carolina | 42 |
| SD | South Dakota | 43 |
| TN | Tennessee | 44 |
| TX | Texas | 45 |
| UT | Utah | 46 |
| VT | Vermont | 47 |
| VA | Virginia | 48 |
| VI | Virgin Islands | 53 |
| WA | Washington | 49 |
| WV | West Virginia | 50 |
| WI | Wisconsin | 51 |
| WY | Wyoming | 52 |

### CANADA

| State Code | Province |
|---|---|
| AB | Alberta |
| BC | British Columbia |
| MB | Manitoba |
| NB | New Brunswick |
| NF | Newfoundland |
| NS | Nova Scotia |
| ON | Ontario |
| PE | Prince Edward Island |
| PQ | Quebec |
| SK | Saskatchewan |

## XV.    Appendix M – VERSION MODIFICATIONS

**A.    *TELECOMMUNICATION STANDARD VERSION 5 RELEASE 1 – SEPTEMBER 1999***

The following code values were approved for inclusion in the Data Dictionary.

Field 439-E4 – Reason for Service Code
        CD=Chronic Disease Management
        LK=Lock In Recipient
        PH=Preventive Health Care
        RE=Suspected Environmental Risk
        SC=Suboptimal Compliance


Field 441-E6 – Result of Service Code
        3K=Instructions Understood
        3N=Medication Administered

National Council for Prescription Drug Programs, Inc. - Phoenix, Arizona
Confidential Material - Not for Distribution Without Permission of Authors

# Exhibit F

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND,<br><br>        Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri Corporation; and McKESSON CORPORATION, a Delaware Corporation,<br><br>        Defendants. | Case No. 05-cv -11148<br><br>Judge Patti B. Saris |

## DECLARATION OF STEVE MEYER

I, Steve Meyer, hereby declare that:

1.    I am general counsel for Hy-Vee, Inc. ("Hy-Vee") and have been working with Plaintiffs and McKesson to respond to subpoenas served by both of them on Hy-Vee in the above-referenced matter.

2.    While negotiating the scope of Hy-Vee's production pursuant to the parties' subpoenas, McKesson informed me that McKesson did not need Hy-Vee to produce the U & C transactional data because that data was available from McKesson's subsidiary, Relay Health.

3.      In order to allow the production of Relay Health data so that Hy-Vee does not have to go through the undue burden of producing data that Relay Health already has, I obtained consent from Hy-Vee to produce certain fields of its Relay Health transactional data to McKesson and to Plaintiffs.  Specifically Hy-Vee gave Relay Health consent to produce 1) the U & C price, 2) the date of service, NDC, and quantity dispersed for the associated prescription, and 3) the NABP number and zip code of the dispensing pharmacy.  The only limitations placed on that consent were that (a) Relay Health not produce patient-identifying information and that (b) the data be produced as highly confidential under the protective order, c) that it applied to the list of drugs attached to the subpoena, and d) that it covered the period from April 2001 to the present.

4.      I have not otherwise intended to authorize Relay Health to produce Hy-Vee's transactional data.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April **29**, 2008

Steve Meyer

2

# Exhibit G



HAGENS BERMAN
SOBOL SHAPIRO LLP

BARBARA A. MAHONEY
BARBARAM@HBSSLAW.COM

April 2, 2008

Paul Flum
Morrison Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

      Re:   <u>RelayHealth</u>

Dear Paul:

      We have reviewed the NCPDP Data Dictionary you provided us with our experts and are not confident that the generic NCPDP field definitions give us sufficient information to accurately select RelayHealth fields for our analysis.  We propose instead that we be allowed to preview all of the subject fields (subject to elimination of patients' individually identifiable medical information) for a single NDC, i.e. 00071015523 (Lipitor 10 mg), for the 2001-2005 period.  Once we have had an opportunity to analyze this limited sample, we would then be in a position to identify each of the fields necessary to conduct our analysis of the correlation between the subject drugs and AWP.

      Please let us know your estimate of cost and when we can expect the data.

                 Sincerely,

                 HAGENS BERMAN SOBOL SHAPIRO LLP


                 *[sent via electronic mail]*

                 Barbara A. Mahoney
                 Attorney

BAM:BM

ATTORNEYS AT LAW      SEATTLE   LOS ANGELES   BOSTON   PHOENIX   CHICAGO   SAN FRANCISCO

T 206.623.7292    F 206.623.0594
1301 FIFTH AVENUE  •  SUITE 2900   SEATTLE, WASHINGTON 98101
www.hbsslaw.com

001821-13  231821 V1

# Exhibit H

**From:**          Flum, Paul
**Sent:**          Tuesday, April 08, 2008 5:25 PM
**To:**            Barbara Mahoney
**Subject:**       RelayHealth U&C Data

**Attachments:**   RelayHealth data sample - 1.XLS



RelayHealth data
sample - 1.XL...

Barbara,

This is in response to your April 2 letter regarding RelayHealth data.  Your letter asks that we produce a full data set that includes all fields for Lipitor 10 mg tabs for a five year period so that plaintiffs can "identify each of the fields necessary to conduct our analysis of the correlation between the subject drugs and AWP."  That is not what we agreed to do.

The Court's January 2, 2008 scheduling order specifically limits discovery "to new issues raised by the Usual & Customary Class in the Third Amended Complaint."  The "correlation between subject drugs and AWP" noted in your letter is not a new issue and goes well beyond the mutually agreed upon set of U&C pricing data that we agreed to produce (subject to certain conditions).

I wrote you on March 13 and identified the RelayHealth fields that will permit plaintiffs to analyze reported U&C prices on a transactional level.  Your April 2 letter does not explain why those fields are inadequate or identify any additional RelayHealth data fields that plaintiffs need to analyze "new" issues raised by the U&C class.

We continue to believe that we've identified the U&C data that responds to plaintiffs' document request.  I'm attaching a sample of that data.  This data is being produced pursuant to the Court's protective order and is designated as "Highly Confidential Attorneys' Eyes Only."

This sample should permit your expert to confirm that these fields are sufficient to conduct a transactional analysis of reported U&C prices.  Once you've done that, we can work through the remaining points noted in my March 13 email.

Paul

# Exhibit I



BARBARA A. MAHONEY
BARBARAM@HBSSLAW.COM

April 10, 2008

Paul Flum
Morrison Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

Re:    RelayHealth data

Dear Paul:

We are frankly astonished that you would consider "the correlation between the subject drugs and AWP" to be outside of the scope of discovery authorized by the Court "as to new issues raised by the Usual and Customary Class in the Third Amended Complaint."  In your own brief opposing our motion to amend the complaint, you acknowledge that "[t]he lynchpin of plaintiffs' proposed new U&C claim[s] is the allegation that prices charged by retailers to cash-paying customers are tied to the reported AWPs . . . .'"  We are entitled to all discovery that pertains to the correlation between AWP and U&C prices, including, any correlation between U&C prices and AWP-based third party reimbursement prices, as we argued in our opposition to your motion to dismiss the U&C claims, which the Court recently denied.  Your sample does not provide any fields from which we can determine third party reimbursement amounts.

Even aside from its failure to provide third party reimbursement amounts, your data sample is inadequate in the following respects:

      1.      Some records have a QUANTITY_DISPENSED value of 0 (*see, e.g.*, the 53rd row of data).  The data sample does not provide any fields that would illuminate why this field is zero.  A per-unit U&C cannot be determined for these records, and therefore these records cannot be compared to AWP.

      2.      Similarly, some records have a QUANTITY_DISPENSED value that is blank (*see, e.g.*, the 128th row of data).  The data sample does not provide any fields that would illuminate why this field is blank.  A per-

001821-13 233091 V1

Paul Flum
April 10, 2008
Page 2

unit U&C cannot be determined for these records, and therefore these records cannot be compared to AWP.

3.    For a given pharmacy ID for a given month, the per-unit U&C price appears to vary by quantity size. This suggests there are other numeric fields that are involved in the calculation of U&C, such as dispensing fees, administrative fees or other adjustments. The sample does not provide any fields to determine whether there are any such adjustments for any given transaction.

4.    The data sample does not provide any fields that explain the basis, methodology or inputs that were used to calculate the U&C amount.

5.    The data sample does not provide any fields that might identify whether the U&C amount includes a discount, such as from a senior discount card.

6.    The data sample does not provide any fields that could be used to determine whether any other payer paid for a portion of the transaction.

Our request for a limited sample of data that includes all the available fields (subject to elimination of patients' individually identifiable medical information) is reasonable. As stated in our April 2 letter, without being able to examine the database fields our expert is unable to determine which fields are appropriate for our analysis. We ask that you reconsider your position or we will take it up with the Court.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*[sent via electronic mail]*

Barbara A. Mahoney
Attorney

Paul Flum
April 10, 2008
Page 3


BAM:BM

# Exhibit J

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

April 15, 2008

*By Email*

Barbara Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Writer's Direct Contact

415.268.7335
PaulFlum@mofo.com

Re:    *New England Carpenters v. First DataBank*

Dear Barbara:

Your April 10 letter fundamentally misapprehends what RelayHealth does and what data it has.

RelayHealth is a data "switch," pure and simple.  As a switch, RelayHealth receives electronic claims data for insured claims from pharmacies that subscribe to its service and routes that data electronically, transaction by transaction, to the PBM or other payor that covers each particular claim.  RelayHealth forwards the information that the pharmacy reports exactly as submitted.

The typical insured claim submission includes a U&C price as reported by the pharmacy (so that the PBM or other payor can administer the U&C price cap in its network contract with the pharmacy).  That U&C data is included in the sample we provided last week.  RelayHealth does not survey pharmacies' cash prices, does not verify the U&C prices submitted with insured claims, and does not calculate the U&C prices transmitted through the switch.  RelayHealth simply records and transmits what the pharmacy reports.

The specific data issues raised in your letter either represent inherent limitations in the data itself or relate to insured claim reimbursements that have nothing to do with the U&C prices that pharmacies report to RelayHealth.

For instance, with respect to points 1 and 2 in your letter, if the field for the quantity dispensed is 0 or blank, it's because that's what the pharmacy submitted to RelayHealth. Additional data fields will not "illuminate why this field is zero," as your letter erroneously speculates.  In any event, only a small percentage of the transactions in the sample (under 4%) show a 0 or blank quantity.  You have everything you need to calculate per unit U&C prices for the other 96%.

Likewise, if the U&C price per unit in the sample varies by quantity size (your points 3 and 4), it's because that's what the pharmacy reported to RelayHealth.  There are no calculations

sf-2499550

MORRISON | FOERSTER

Barbara Mahoney
April 15, 2008
Page Two

of U&C prices by RelayHealth based on dispensing fees, administrative fees, or other adjustments, as your letter incorrectly states.

Finally, RelayHealth does not have any data about cash discount programs or potential third party sources of reimbursement for cash transactions at U&C prices (your points 5 and 6).

As I've told you several times, we believe that the fields that we've identified and included in the sample we provided last week are sufficient for you and your expert to calculate U&C prices, as reported to RelayHealth, at the transaction level. I've also given you a list of the NCPDP data fields, along with detailed definitions, that pharmacies use to submit insured claims through the RelayHealth switch. You have not identified any other NCPDP fields that you need to analyze the U&C prices reported to RelayHealth.

When plaintiffs moved last October for leave to amend to add the U&C class, they represented to the Court that "[o]nly limited discovery will be required and such discovery can be completed rapidly." (Memo i/s/o Motion to File 3d AC at 4.) Six months later, it appears that your insistence on obtaining access to the entire RelayHealth database is either a delaying tactic or an expensive and time-consuming fishing expedition that is expressly prohibited by the Court's January scheduling order. Either way, we stand on our objections.

We remain willing to produce the specific U&C-related fields identified in my March 13 email (and included in the sample I sent you last week), subject to the conditions we discussed during our initial meet and confer call. Once you let me know whether that's acceptable, we can work out the remaining details necessary to begin extracting the data.

Sincerely,

Paul Flum

# Exhibit K

**From:** Flum, Paul
**Sent:** Wednesday, May 07, 2008 5:18 PM
**To:** Barbara Mahoney
**Cc:** Steve Berman; Carrie Flexer
**Subject:** RE: New England Carpenters v. First DataBank

Barbara,

Encryption is a widely used and non-burdensome way to protect confidential data against the risk of loss or theft while in transit.  RelayHealth's and Morrison & Foerster's standard practice is to encrypt confidential data such as the claims data we are producing, before it is transmitted on physical media.

PGP is a commercially available encryption product used for these purposes.  Since it appears that you don't already have a copy, here's a link to the PGP online store. http://na.store.pgp.com/desktop_home.html  PGP sells the basic version of the software, called Desktop Home, for under $100.  There are also resellers in the Puget Sound area listed on the PGP website if you'd rather go that route.

Once you have the software, you'll be able to generate and email to me the public key that we will use to encrypt the RelayHealth data before transmission.  You'll use your private key (also generated with the PGP Desktop Home software) to unencrypt the RelayHealth data when you receive the hard drive.

Paul

---

**From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
**Sent:** May 07, 2008 4:18 PM
**To:** Flum, Paul
**Cc:** Steve Berman; Carrie Flexer
**Subject:** RE: New England Carpenters v. First DataBank

Paul,
We don't currently have an encryption key, and we would appreciate further clarification as to why one is necessary, given that the data are not being transmitted over the internet.  Also please bear in mind that Plaintiffs' acceptance of these data does not constitute a waiver of our right to seek additional data as detailed in our previous correspondence and our pending motion to compel.

Barbara

---

**From:** Flum, Paul [mailto:PaulFlum@mofo.com]
**Sent:** Tuesday, May 06, 2008 5:08 PM
**To:** Barbara Mahoney
**Subject:** New England Carpenters v. First DataBank

Barbara,

In my March 13 email, I offered to produce specific fields of U&C pricing data from the RelayHealth database that we believe are the proper subject of discovery in this case.  I repeated that offer in an April 8 email and an April 15 letter.

Shortly after my March 13 offer, we began contacting large retail chains that subscribe to the RelayHealth switch service to solicit their consent to produce the data fields that we identified.  This has been a time

consuming exercise that has involved a fair amount of back and forth and, in one case, a contractual amendment. As of today, 21 large retailers have consented to production of the data fields specified in my March 13 email on behalf of themselves and their affiliates.

This data is now available for production to plaintiffs. The data will be produced on a hard drive (which we request that you return), since it is too voluminous to fit on optical media.

In addition, because of its sensitive nature, the data will be encrypted using PGP encryption software. Please send me your PGP public encryption key so that we can create the encrypted file. The hard drive should be ready to deliver within 24 hours after we receive the public key.

Paul

================================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
================================================================================

# Exhibit L

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 9, 2008

Writer's Direct Contact
415.268.7335
PaulFlum@mofo.com

*By UPS Overnight Delivery — Saturday Delivery*

Barbara Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:    *New England Carpenters v. First DataBank*

Dear Barbara:

I've enclosed a hard drive containing the RelayHealth U&C data that we agreed to produce pursuant to plaintiffs' U&C document request. As I advised you earlier this week, this production consists of the data fields specified in my March 13 email as reported to RelayHealth by 21 large retailers that have consented to production of this data on behalf of themselves and their affiliates.

We are designating this data as Highly Confidential under the protective order. Given the sensitive nature of the data, we request that any copies that you forward to your co-counsel or experts be encrypted before transmission.

Please return the hard drive to me after you have made a copy.

Sincerely,

Paul Flum

Enclosure

# Exhibit M

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 12, 2008

Writer's Direct Contact
415.268.7335
PaulFlum@mofo.com

*By UPS Overnight Delivery*

Barbara Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Re:     *New England Carpenters v. First DataBank*

Dear Barbara:

I've enclosed a CD containing a sample of Lipitor 10 mg transactions from the RelayHealth database for the month of April 2008. Due to confidentiality requirements, patient, payer, and provider identifying data were blanked out prior to production, but the fields containing that data are included. While we continue to believe that the Data Dictionary that we produced on March 13, 2008 is the best source for the field definitions for the data reported to and recorded by RelayHealth, this sample will allow you and your expert to see how the raw data is laid out in the computer system.

As with the production of U&C pricing data that we made last week, we are designating this data as Highly Confidential under the protective order. Given the sensitive nature of the data, we request that any copies that you forward to your co-counsel or experts be encrypted before transmission.

Sincerely,

Paul Flum

Enclosure

# Exhibit N

**From:** Flum, Paul
**Sent:** Wednesday, April 30, 2008 6:50 PM
**To:** Barbara Mahoney
**Subject:** New England Carpenters v. First DataBank

Barbara,

Your declaration says that plaintiffs have "dealt with" unidentified pharmacies who "have all stated that their data is available through RelayHealth and except in rare instances have declined to produce the data because it is available directly from McKesson."

Have any of the pharmacies that you refer to consented to production their claims data?  If so, please provide the name of the pharmacy and the contact information for the person that plaintiffs have been dealing with, so that we can confirm which pharmacies have authorized RelayHealth to produce the data sought by plaintiffs' motion.

Paul

# Exhibit O



BARBARA A. MAHONEY
BARBARAM@HBSSLAW.COM

May 5, 2008

Paul Flum
Morrison Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

  Re: <u>Your e-mail, dated April 30, 2008</u>

Dear Paul:

  This letter responds to your April 30 e-mail requesting that we provide you the names of any pharmacies that have "consented" to production of their claims data. Plaintiffs have not sought the pharmacies' consent to McKesson's production.  If consent (as opposed to notification) is even necessary, it is McKesson's obligation to obtain it.

    Sincerely,

    HAGENS BERMAN SOBOL SHAPIRO LLP


    *[sent via electronic mail]*

    Barbara A. Mahoney
    Attorney

BAM:BM

ATTORNEYS AT LAW  SEATTLE LOS ANGELES BOSTON PHOENIX CHICAGO SAN FRANCISCO
T 206.623.7292 F 206.623.0594
1301 FIFTH AVENUE ■ SUITE 2900 SEATTLE, WASHINGTON 98101
www.hbsslaw.com

001821-13 237780 V1

# Exhibit P



May 8, 2008

**BY PDF AND U.S. MAIL**

Mr. Mark Poe
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

     **Re:**    **Relay Health/New England Carpenters Matter**

Dear Mark:

     We request that RelayHealth (as successor to National Data Corporation ("NDC")), adhere to section 7(b) of the NDC Service Agreement between Costco and NDC:

"NDC and Subscriber acknowledge that all proprietary information disclosed by either party to the other party for the purpose of work, or which comes to the attention of one of the parties, its employees, officers, and agents during the course of such work, constitutes a valuable asset.  Therefore, NDC and Subscriber agree to hold such information in confidence and shall not, except in the performance of the duties under this Agreement or with the express prior written consent of the other party, disclose or permit access to any such information to any person, firm or corporation other than persons, firms or corporations authorized by that party, and NDC and Subscriber shall cause their officers, employees, agents, and representatives to take such action as shall be necessary or advisable to preserve and protect the confidentiality of such information."

     Please contact me if you have any questions.

                Very truly yours,

                **COSTCO WHOLESALE**

                John Sullivan
                Associate General Counsel

LAW OFFICES OF

# DILLINGHAM & MURPHY, LLP

SIXTH FLOOR

225 BUSH STREET

SAN FRANCISCO, CALIFORNIA 94104-4207

TELEPHONE (415) 397-2700

FAX (415) 397-3300

CABLE ADDRESS
"PALADIN"

INTERNET dm@wirepaladin.com

May 12, 2008

***VIA EMAIL AND U.S. MAIL***

Mark Poe, Esq.
MORRISON AND FOERSTER
425 Market Street
San Francisco, CA 94105-2482

      Re:   *NEW ENGLAND CARPENTER HEALTH BENEFITS FUND, et al. v.*
           *FIRST DATABANK, INC. AND McKESSON CORP.*
           Case No.: 05-CV-11148-PBS

Dear Mr. Poe:

    We have reviewed Plaintiffs' Motion to Compel Production of McKesson's RelayHealth Data and have serious concerns. Plaintiffs seek information that, if released, will seriously undermine Safeway's pharmacy business.

    Plaintiffs' overly broad motion seeks to obtain third parties' AWP-based reimbursement formulas. These formulas relate to private, confidential, negotiated rates between Safeway and various PBMs/payers: rates that are, in virtually all cases, subject to contractual disclosure restrictions. This would also be inclusive of MAC lists. PBMs/payers consider all of this information competitively sensitive, and therefore highly confidential.

    Because the AWP-based reimbursement rates and formulas are privately negotiated between Safeway and PBMs/payers, releasing this information will invariably provide Plaintiffs, PBMs/payers, and other pharmacies a competitive advantage in the marketplace and a snapshot of Safeway's industry strategy.

    Safeway's prior consent for McKesson to release certain transactional data from April 2001 to the present remains limited to: (i) the U&C price (as reported to RelayHealth); (ii) the date of service, NDC, and quantity dispensed for the associated prescription; and (iii) the NABP number and zip code of the dispensing pharmacy. Safeway's prior consent is subject to McKesson's guarantee that the data must be produced pursuant to the protective order and designated Highly Confidential/Attorneys

Mark Poe, Esq.
May 12, 2008
Page 2


Eyes Only with the explicit directive that no HIPAA protected health information will be
included in any production.  Safeway vigorously opposes any release of AWP-based
reimbursement formulas and urges McKesson to do the same for the foregoing reasons.


                                        Very truly yours,

                                        Kumani L. Armstrong


KLA/slm

**KUTAK ROCK LLP**

THE OMAHA BUILDING
1650 FARNAM STREET
OMAHA, NEBRASKA 68102-2186

402-346-6000
FACSIMILE 402-346-1148

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
DES MOINES
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
OKLAHOMA CITY
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

May 13, 2008

**VIA ELECTRONIC MAIL AND FACSIMILE (415) 268-7522**

Mark Poe, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105

Re:    *New England Carpenters Health Benefits Fund, et al. vs. First DataBank, et al.*,
No 05 cv. 11148 (D. Mass.).

As you know, we represent Wal-Mart Stores, Inc. ("Wal-Mart") in connection with certain subpoenas dated January 31, 2008, February 6, 2008, and February 28, 2008 ("Subpoenas") issued by the parties in the above-referenced litigation.  Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B) Wal-Mart has served separate written objections on counsel for the parties concerning the information and data requested in the Subpoenas.  Included within Wal-Mart's objections were specific objections to the parties' request for certain transactional data, specifically Request No. 8 in  the February 6 and 28 subpoenas and Request No. 3 in the January 31 subpoena (hereinafter "U&C Data") and Request No. 4 in the January 31 subpoena ("Third-party Data").  Wal-Mart objected to these requests because, among other things, they seek disclosure of proprietary or confidential business information and/or trade secrets.

Wal-Mart has recently been made aware that Plaintiffs have moved to compel, from RelayHealth, Third-Party Data owned by Wal-Mart and held by RelayHealth.  Plaintiffs apparently now seek to acquire Wal-Mart's proprietary data through RelayHealth, and seek to thereby avoid addressing Wal-Mart's legitimate and well-founded objections to the Plaintiffs' subpoenas, which were issued by the United States District Court for the Western District of Arkansas (attached is Wal-Mart's written objections to Plaintiffs' Subpoenas).

Please be advised that Wal-Mart expects RelayHealth to comply fully and completely with its obligations to keep Wal-Mart's data confidential as provided for in the agreement between Wal-Mart and RelayHealth dated October 12, 1993 (as amended) ("Agreement").  Moreover, please be further advised that Wal-Mart maintains agreements with numerous third-party payors, and these agreements require that Wal-Mart maintain the agreements themselves, as well as their Third-Party Data, strictly confidential.

4850-7214-5410.1

**KUTAK ROCK LLP**

Mr. Mark Poe
May 13, 2008
Page 2

As you know, under the Agreement, Wal-Mart has a longstanding contractual relationship with RelayHealth pursuant to which RelayHealth acts as a "switch" and thus has limited access to certain of Wal-Mart's confidential pricing data for the sole purpose of processing Wal-Mart's claims.    Under the Agreement, RelayHealth received access to Wal-Mart's proprietary and confidential data on the condition that RelayHealth protect the confidentiality of such data and limit its use of the data solely to the uses specifically authorized by Wal-Mart.  In particular, the Agreement provides that "All information and data provided by WAL-MART to [RelayHealth] hereunder is considered private and confidential and is the property of WAL-MART.  Such information/data is to be used only in the process of switching claims to designated third-party carriers for processing or for third party processing at [RelayHealth].  **No rights are given to [RelayHealth] under this Agreement to use this information/data in any way, individually, collectively, nor in statistical summaries, nor to divulge or make public such information/data in any way without the express written consent of WAL-MART.**"  (emphasis added).

On May 7, 2008, in response to the Subpoenas, Wal-Mart and RelayHealth agreed to amend the Agreement to permit McKesson to produce—pursuant to the Protective Order in the litigation—certain U&C data.  As made clear in my e-mail to you dated May 9, 2008, and in the Amendment itself, Wal-Mart authorized production *only* of certain U&C Data and *only* under the circumstances set forth in the Amendment.  Wal-Mart did not and does not authorize production of Third Party Data (or any other data) beyond that agreed to in the Amendment.

Disclosure of Wal-Mart's confidential data would constitute a breach of the Agreement, and an unauthorized use of Wal-Mart's proprietary data.   Such disclosure would cause significant harm to Wal-Mart in the marketplace, among its competitors, and in other ways.

Please be advised that Wal-Mart demands that RelayHealth/McKesson comply with their obligations as set forth in the Agreement.

Sincerely,

*Thomas J. Kenny / cld*

Thomas J. Kenny

Enclosure

lml

cc:    Paul Gwilt, Esq.

4850-7214-5410.1

1   Michael R. Bond #2003114
    Kutak Rock LLP
2   The Three Sisters Building
    214 West Dickson Street
3   Fayetteville, AR  72701-5221
    Telephone:    (479) 973-4200
4   Facsimile:    (479) 973-0007

5   Attorney for Wal-Mart Stores, Inc.

6

7

8                   UNITED STATES DISTRICT COURT

9                 WESTERN DISTRICT OF ARKANSAS

10

11  NEW ENGLAND CARPENTERS            Case No.  05-cv-11148
    HEALTH BENEFITS FUND, et al,
12                                    NON-PARTY WAL-MART STORES,
            Plaintiff,                INC.'S RESPONSES AND OBJECTIONS
13                                    TO PLAINTIFF'S SUBPOENA
    v.
14
    FIRST DATABANK, et al,
15
            Defendant.
16

17

18          In response to New England Carpenters Health Benefits Fund, et al's ("Plaintiffs")

19  subpoena (the "Subpoena") to Wal-Mart Stores, Inc. ("WAL-MART"), and pursuant to Federal

20  Rule of Civil Procedure 45(c)(2)(B), WAL-MART, a non-party to the underlying litigation,

21  makes the following responses and objections:

22                          **GENERAL OBJECTIONS**

23          1.      WAL-MART objects to the Subpoena as overbroad, unduly burdensome and

24  oppressive in time and scope, particularly in light of Defendant McKesson Corporation's

25  ("McKesson") pending Motion for Protective Order regarding Subpoenas to Non-Party Retail

26  Pharmacies dated February 19, 2008 ("McKesson Motion"). As a non-party, WALMART also

27  should be spared from the burdens of discovery which could prove moot depending on the

28  outcome of the pending motion for protective order.

KUTAK ROCK LLP
ATTORNEYS AT LAW
OMAHA

4826-3969-7922.1                              RESPONSES AND OBJECTIONS TO
                                              SUBPOENA 05-CV-11148

2.     WAL-MART objects to the Subpoena to the extent it purports to impose any requirement or discovery obligation on WAL-MART other than those existing under applicable law.

3.     WAL-MART objects to the Subpoena to the extent it seeks documents that are protected by the attorney-client privilege, the work product privilege and/or any other applicable privilege.

4.     WAL-MART objects to the Subpoena to the extent it seeks the disclosure of proprietary or confidential business or financial information and/or trade secrets, or personal health information of Wal-Mart customers.

5.     WAL-MART objects to the Subpoena to the extent it seeks information that is not relevant to the litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.     WAL-MART objects to the Subpoena as unduly burdensome and oppressive to the extent it purports to require WAL-MART a non-party, to produce records for a period of nine years, with respect to hundreds of specific products as set forth in the 17-page Exhibit to the Subpoenas, and search facilities not reasonably likely to contain responsive documents and/or to inquire of WAL-MART's employees who would not reasonably be expected to possess responsive information.

7.     WAL-MART objects to the Subpoena to the extent it purports to require WAL-MART to produce documents in violation of any legal or contractual obligation of nondisclosure to a third party.

8.     WAL-MART objects to the Subpoena to the extent it is unclear, vague, ambiguous, overly broad or unintelligible.

9.     WAL-MART expressly reserves all of its rights, objections and remedies in connection with the Subpoena, including specifically its right to move or otherwise further respond and object to the Subpoena.

10.     WAL-MART objects to the Subpoena in that it fails to allow a reasonable time for compliance.

1    11.    WAL-MART objects to the Subpoena in that compliance would subject

2  WAL-MART, a non-party, to significant expense.

3    12.    WAL-MART objects to the Subpoena to the extent the documents do not exist in

4  the form requested, and to the extent the form requested in the Subpoena would subject

5  WAL-MART to undue burden or exposure.

6  **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

7    **REQUEST NO. 1.**    All documents and electronically stored information concerning

8  Your store policies and/or formulas to generate or determine Your U&C prices for brand drugs.

9    **RESPONSE TO REQUEST NO. 1.**    WAL-MART objects to this Request as

10  vague, ambiguous and unintelligible.  WAL-MART also objects to this Request as overbroad,

11  unduly burdensome and oppressive in time and scope.  Specifically, the Request seeks documents

12  beginning in January 1, 1998, more than three and one-half years before the class period began in

13  August 1, 2001.  WAL-MART also objects to Plaintiffs' use of the term "policies and/or

14  formulas" because it is vague and ambiguous in this context.

15    WAL-MART further objects to this Request to the extent it seeks information or

16  documents protected by the attorney-client privilege and the attorney work product doctrine.

17  Moreover, WAL-MART objects to the Subpoena to the extent it seeks the disclosure of

18  proprietary or confidential business information and/or trade secrets.  WAL-MART also objects

19  to the Subpoena to the extent it seeks information that is not relevant to the litigation and/or not

20  reasonably calculated to lead to the discovery of admissible evidence.

21    Subject to and without waiving the foregoing and the General Objections set forth

22  above—and subject to an appropriate protective order or confidentiality agreement limiting the

23  use and disclosure of WAL-MART's proprietary or confidential business information or trade

24  secrets—WAL-MART agrees to meet and confer with Plaintiffs in an attempt to narrow these

25  Requests and to discuss the potential production of a non-burdensome set of non-privileged,

26  responsive documents in its possession to the extent such documents exist.

27    **REQUEST NO. 2.**    All documents and electronically stored information concerning the

28  relationship between Your U&C prices and the AWP; wholesaler list prices and/or third party

1    reimbursement amounts for drugs.

2        **RESPONSE TO REQUEST NO. 2.**    WAL-MART objects to this Request as

3    vague, ambiguous and unintelligible. WAL-MART also objects to this Request as overbroad,

4    unduly burdensome and oppressive in time and scope. Specifically, the Request seeks documents

5    beginning in January 1, 1998, more than three and one-half years before the class period began in

6    August 1, 2001. WAL-MART also objects to Plaintiffs' use of the term "relationship" because it

7    is vague and ambiguous in this context.

8        WAL-MART further objects to this Request to the extent it seeks information or

9    documents protected by the attorney-client privilege and the attorney work product doctrine.

10   Moreover, WAL-MART objects to the Subpoena to the extent it seeks the disclosure of

11   proprietary or confidential business information and/or trade secrets. WAL-MART also objects

12   to the Subpoena to the extent it seeks information that is not relevant to the litigation and/or not

13   reasonably calculated to lead to the discovery of admissible evidence.

14       Subject to and without waiving the foregoing and the General Objections set forth

15   above—and subject to an appropriate protective order or confidentiality agreement limiting the

16   use and disclosure of WAL-MART's proprietary or confidential business information or trade

17   secrets—WAL-MART agrees to continue to meet and confer with Plaintiffs in an attempt to

18   narrow these Requests and to discuss the potential production of a non-burdensome set of non-

19   privileged, responsive documents in its possession to the extent such documents exist.

20       **REQUEST NO. 3.**    All documents and electronically stored information concerning

21   your U&C prices for the brand drugs attached in Appendix A, and the corresponding AWP for the

22   time period.

23       a.    data should be provided in electronic format

24       b.    data should include the following information

25           i.    date of sale;

26           ii.   drug name;

27           iii.  drug NDC;

28           iv.   number of pills dispensed;

v.      pharmacy name and location;

vi.     unique pharmacy number (National Council of Prescription Drug Programs (NDPCP) or National Association of Boards of Pharmacy (NABP));

vii.    U&C amount charged;

viii.   AWP in place for that NDC on that date;

ix.     any other reference data used in determining U&C on that date; and

x.      any discounts that may have affected the U&C price charged to a given individual (e.g., pharmacy discount cards; sales; etc).

**RESPONSE TO REQUEST NO. 3.**      WAL-MART objects to this Request as vague, ambiguous and unintelligible.  WAL-MART also objects to this Request as overbroad, unduly burdensome and oppressive in time and scope.  Specifically, the Request seeks documents beginning in January 1, 1998, more than three and one-half years before the class period began in August 1, 2001.  WAL-MART also objects to this Request to the extent the Request attempts to impose a method of production contrary to that required by Rule 45(d)(1) of the Federal Rules of Civil Procedure.

WAL-MART further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege and the attorney work product doctrine.  Moreover, WAL-MART objects to the Subpoena to the extent it seeks the disclosure of proprietary or confidential business information and/or trade secrets.  WAL-MART also objects to the Subpoena to the extent it seeks information that is not relevant to the litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and the General Objections set forth above—and subject to an appropriate protective order or confidentiality agreement limiting the use and disclosure of WAL-MART's proprietary or confidential business information or trade secrets—WAL-MART agrees to continue to meet and confer with Plaintiffs in an attempt to narrow these Requests and to discuss the potential production of a non-burdensome set of non-privileged, responsive documents in its possession to the extent such documents exist.

**REQUEST NO. 4.**    All documents or electronically stored information concerning

1    payments by Institutional Payors for prescriptions for the brand drugs attached in Appendix A

2    sold to individuals with private insurance coverage:

3        a.    data should be provided in electronic format

4        b.    data should include the following information

5            i.    date of sale

6            ii.    drug name;

7            iii.    drug NDC;

8            iv.    number of pills dispensed;

9            v.    pharmacy name and location;

10            vi.    unique pharmacy number (National Council of Prescription Drug Programs

11                (NDPCP) or National Association of Board of Pharmacy (NABP));

12            vii.    total amount requested and total amount received;

13            viii.    ingredient costs;

14            ix.    dispensing fee received;

15            x.    coinsurance amount received;

16            xi.    any other amount received or paid (as applicable, for example tax);

17            xii.    AWP in place for that NDC on that date; and

18            xiii.    name of Institutional Payor.

19        **RESPONSE TO REQUEST NO. 4.**        WAL-MART objects to this Request as

20    vague, ambiguous and unintelligible.  WAL-MART also objects to this Request as overbroad,

21    unduly burdensome and oppressive in time and scope.  Specifically, the Request seeks documents

22    beginning in January 1, 1998 through the time of production, more than three and one-half years

23    before the class period began in August 1, 2001 and almost three years after the class period for

24    Institutional Payors closed in March 15, 2005.  WAL-MART also objects to this Request to the

25    extent the Request attempts to impose a method of production contrary to that required by Rule

26    45(d)(1) of the Federal Rules of Civil Procedure.

27        WAL-MART further objects to this Request to the extent it seeks information or

28    documents protected by the attorney-client privilege and the attorney work product doctrine.

1  Moreover, WAL-MART objects to the Subpoena to the extent it seeks the disclosure of
2  proprietary or confidential business information and/or trade secrets. WAL-MART also objects
3  to the Subpoena to the extent it seeks information that is not relevant to the litigation and/or not
4  reasonably calculated to lead to the discovery of admissible evidence.

5      WAL-MART further objects to this Request in light of McKesson's pending motion for
6  protective order arguing that this Request concerns a phase of discovery which was closed on July
7  31, 2007.

8      Subject to and without waiving the foregoing and the General Objections set forth
9  above—and subject to an appropriate protective order or confidentiality agreement limiting the
10  use and disclosure of WAL-MART's proprietary or confidential business information or trade
11  secrets—WAL-MART agrees to continue to meet and confer with Plaintiffs in an attempt to
12  narrow these Requests and to discuss the potential production of a non-burdensome set of non-
13  privileged, responsive documents in its possession to the extent such documents exist.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
OMAHA

Dated: February 28th, 2008

WAL-MART STORES, INC

By: _____
Michael R. Bond #506958
Kutak Rock LLP
The Three Sisters Building
214 West Dickson Street
Fayetteville, AR 72701-5221
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
Attorney for Plaintiff

Thomas J. Kenny, NE # 20022
Paul R. Gwilt, NE # 22660
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he/she/they caused a copy of the foregoing NON-PARTY WAL-MART STORES INC.'S RESPONSES AND OBJECTIONS TO NEW ENEGLAND CARPENTERS HEALTH BENEFITS FUND'S SUBPOENA to be served on the following counsel of record via U.S. Mail, postage prepaid, before the hour of 5:00 pm, on the 28th day of February, 2008:

Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 W. Monroe Street
Suite 3300
Chicago, IL 60603

_____
Michael R. Bond