UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>                    Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

### DEFENDANT MCKESSON CORPORATION'S MOTION FOR LEAVE TO FILE UNDER SEAL

McKesson respectfully moves this Court for leave to file the following submissions under seal: (a) McKesson Corporation's Memorandum in Opposition to Certification of the U&C Class (with a redacted version filed in the public record); (b) Exhibits 1, 2, 3A-C, 4A-D, 5, 6A-B, 7A-C, 8, 9, 10, 11, 12, 13, 18, 19A-C, and 21 to the Declaration of Paul Flum filed in Support of that Memorandum; and (c) the May 21, 2008 Expert Declaration of Robert D. Willig, and exhibits thereto. Among the material at issue in this motion are documents, deposition transcripts, and declarations designated "Confidential" or "Highly Confidential" by producing third parties, and documents reflecting confidential claims data of third party pharmacies. McKesson submits this

motion in accordance with its obligations under the April 10, 2006 Protective Order governing this litigation.

In support of this motion, McKesson states as follows:

1. Third parties to this litigation have provided confidential testimony during depositions and in the form of declarations, and have produced confidential information in certain documents. Such confidential information of third parties is entitled to heightened protection. *See Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) ("When the sensitive information pertains to non-parties who are not public figures, the balancing of interests in favor of protecting the privacy of the non-parties and against uninhibited access to the records is strengthened."); *see also United States v. Snyder*, 187 F. Supp. 2d 52, 63 (N.D.N.Y. 2002) ("The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citation omitted). Pricing information is particularly sensitive and poses a significant risk of competitive injury if revealed. *See, e.g., Zurn Constructors, Inc. v. The B.F. Goodrich Co.*, 746 F. Supp. 1051, 1058 (D. Kan. 1990) (granting motion to seal documents revealing pricing information due to the risk of competitive injury). McKesson therefore seeks leave to file the following third party deposition transcript excerpts, declarations, and documents under seal:

2. Exhibit 1 to the Flum Declaration is a declaration of Charles Burnett of third party Costco Wholesale Corporation. It was designated "Confidential" by third party Costco Wholesale Corporation. The declaration describes Costco Wholesale Corporation's current and past methodology for establishing usual and customary ("U&C") prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Costco Wholesale Corporation if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

3. Exhibit 2 to the Flum Declaration is a declaration of Robin Page of third party Pathmark Stores, Inc. It describes Pathmark Stores, Inc.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could

cause competitive and commercial injury to Pathmark Stores, Inc. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

4. Exhibit 3A to the Flum Declaration is a compilation of pages excerpted from the April 24, 2008 deposition transcript of Jamie May of third party Rite Aid Corp. This deposition transcript was designated "Highly Confidential" by third party Rite Aid Corp. Ms. May's testimony describes Rite Aid Corp.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Rite Aid Corp. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

5. Exhibits 3B and 3C to the Flum Declaration are documents entitled "New Item price Assignments: Brand Items Only" and "Rx Batch Processing." These documents were designated "Highly Confidential' by third party Rite Aid Corp. The documents describe Rite Aid Corp.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Rite Aid Corp. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

6. Exhibit 4A to the Flum Declaration is a compilation of pages excerpted from the April 29, 2008 deposition transcript of Michael Bettiga of third party ShopKo Stores, Inc. This deposition transcript was designated "Highly Confidential" by third party ShopKo Stores, Inc. Mr. Bettiga's testimony describes ShopKo Stores, Inc.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to ShopKo Stores, Inc. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

7. Exhibits 4B, 4C, and 4D to the Flum Declaration are documents designated "Highly Confidential" by third party ShopKo Stores, Inc. The documents describe ShopKo Stores, Inc.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to

ShopKo Stores, Inc. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

8. Exhibit 5 to the Flum Declaration is a declaration of Jason LaFrance of third party USA / Super D Drugs. It describes USA / Super D Drugs' current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to USA / Super D Drugs if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

9. Exhibit 6A to the Flum Declaration is a declaration of Sandra Kinsey of third party Wal-Mart Stores, Inc. It was designated "Highly Confidential" by third party Wal-Mart Stores, Inc. The declaration describes Wal-Mart Stores, Inc.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Wal-Mart Stores, Inc. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

10. Exhibit 6B to the Flum Declaration is a document entitled "Prescription Pricing Guidelines." It was designated "Highly Confidential" by third party Wal-Mart Stores, Inc. The document describes Wal-Mart Stores, Inc.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Wal-Mart Stores, Inc. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

11. Exhibits 7A, 7B, and 7C to the Flum Declaration are documents entitled "Summary of General Pricing Guidelines for Key 63," "Pharmacy Competition," and "Top Rx List 2006." These documents were designated "Highly Confidential" by third party Meijer, Inc. The documents describe Meijer, Inc.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Meijer, Inc. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

12. Exhibit 8 to the Flum Declaration is a declaration of Stacie Johnson of third party Target Corporation. It was designated "Highly Confidential" by third party Target Corporation. The Declaration describes Target Corporation's current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Target Corporation if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

13. Exhibit 9 to the Flum Declaration is a document entitled "Pharmacy Pricing Strategy." It was designated "Highly Confidential" by third party Hannaford Bros. The document describes Hannaford Bros.' current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Hannaford Bros. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

14. Exhibit 10 to the Flum Declaration is a declaration of Susan Wells of third party Longs Drug Stores Corporation. It describes Longs Drug Stores Corporation's current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Longs Drug Stores Corporation if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

15. Exhibit 11 to the Flum Declaration is a document entitled "Rx Pricing Frequently Asked Questions." It was designated "Highly Confidential" by third party Walgreen Co. The document describes Walgreen Co.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Walgreen Co. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

16. Exhibit 12 to the Flum Declaration is a document designated "Highly Confidential – Attorneys Eyes Only" by third party Safeway, Inc. It describes Safeway, Inc.'s current and past methodology for establishing U&C prices at its stores. Such pricing information

is highly sensitive and could cause competitive and commercial injury to Safeway, Inc. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

17.     Exhibit 13 to the Flum Declaration is a declaration of Robert Egeland of third party Hy-Vee, Inc. It was designated "Highly Confidential' by third party Hy-Vee, Inc. The declaration describes Hy-Vee, Inc.'s current and past methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Hy-Vee, Inc. if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

18.     Exhibit 18 to the Flum Declaration is comprised of pages excerpted from the December 8, 2004 deposition transcript of Joseph Dorsch of third party Voshell's Pharmacy, taken in *In re Pharmaceutical Industry Average Wholesale Price Litig.*, No. 01-12257 (D. Mass.) ("*Pharm. III*"). This deposition transcript was designated "Confidential" by third party Voshell's Pharmacy. Mr. Dorsch's testimony describes Voshell's Pharmacy's methodology for establishing U&C prices at its stores. Such pricing information is highly sensitive and could cause competitive and commercial injury to Voshell's Pharmacy if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

19.     Exhibit 19A to the Flum Declaration is third party Abbott Laboratories' response to a Request for Proposal issued by third party Geri-Med. It was designated "Highly Confidential" and "Confidential" by third party Abbott Laboratories. The document contains proprietary and sensitive commercial information of both Abbot Laboratories and Geri-Med, which is considered "Confidential" under paragraph 2 of the Protective Order.

20.     Exhibit 19B to the Flum Declaration is a document entitled "Item File Data Elements." It was designated "Highly Confidential" by third party Abbott Laboratories. The document describes the pricing methodology and proprietary software of Abbott Laboratories' Home Infusion unit. Such pricing information is highly sensitive and could cause competitive

and commercial injury to Abbott Laboratories if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

21.     Exhibit 19C to the Flum Declaration is comprised of pages excerpted from the August 29, 2007 deposition transcript of Bruce Rodman of third party Abbott Laboratories, taken in *Pharm. III*.  This deposition transcript was designated "Highly Confidential" by third party Abbott Laboratories.  Mr. Rodman's testimony describes a proprietary computer system of Abbott Laboratories, which is considered "Confidential" under paragraph 2 of the Protective Order.

22.     Exhibit 21 to the Flum Declaration is comprised of pages excerpted from the March 24, 2008 deposition transcript of plaintiff Shelly Campbell.  Ms. Campbell's testimony describes her uninsured status, purchase of pharmaceutical drugs, and other private information considered "Confidential" under paragraph 2 of the Protective Order.

23.     The May 21, 2008 Expert Declaration of Robert D. Willig and the exhibits thereto, like the Declaration of Raymond Hartman submitted under seal in its entirety, includes discussion and analyses of (1) claims data produced by and designated "Confidential" or "Highly Confidential" by plaintiffs, and (2) claims data of third party pharmacies which consented to McKesson's production of their claims data from the RelayHealth database conditioned upon the data being designated "Highly Confidential" under the Protective Order governing this litigation.  Such pricing information is highly sensitive and could cause competitive and commercial injury to plaintiffs and third parties if revealed, and is considered "Highly Confidential" information under paragraph 4 of the Protective Order.

24. McKesson Corporation's Memorandum in Opposition to Certification of the U&C Class discusses the third-party documents, deposition testimony, declarations, and claims data described above. McKesson therefore will publicly file a version of this brief that redacts the confidential information of third parties, and seeks leave to file an unredacted version of this brief under seal.

25. Paragraph 14 of the April 10, 2006 Protective Order mandates that any document or pleading containing the type of confidential material referenced above be filed under seal. McKesson hereby seeks to comply with the terms of the Protective Order governing this litigation.

WHEREFORE, McKesson respectfully requests that this Court grant it leave to file under seal: (a) McKesson Corporation's Memorandum in Opposition to Certification of the U&C Class (with a redacted version filed in the public record); (b) Exhibits 1, 2, 3A-C, 4A-D, 5, 6A-B, 7A-C, 8, 9, 10, 11, 12, 13, 18, 19A-C, and 21 to the Declaration of Paul Flum filed in Support of that Memorandum; and (c) the May 21, 2008 Expert Declaration of Robert D. Willig, and Exhibits 1, 2, 3, 4, 5, 6, and 7 thereto.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Email: LSchechter@mofo.com
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Stephen E. Hughes
Bonner Kiernan Trebach & Crociata
200 Portland Street
Suite 400
Boston, MA 02114
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: May 21, 2008

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Lori Schechter, counsel of record for defendant McKesson Corporation, hereby certify that McKesson's counsel conferred with counsel for plaintiffs in an effort to resolve the issue referred to in this motion, and that plaintiffs have no objection but reserve the right to do so later.

/s/ Lori A. Schechter
Lori A. Schechter

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on May 21, 2008.

/s/ Lori A. Schechter
Lori A. Schechter

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>            Plaintiffs,<br><br>   v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>            Defendants. | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**[PROPOSED] ORDER GRANTING MCKESSON CORPORATION'S
MOTION FOR LEAVE TO FILE UNDER SEAL**

McKesson Corporation seeks leave to file under seal documents filed in connection with its Memorandum in Opposition to Certification of the U&C Class. These documents contain information produced by third parties and plaintiffs that is confidential to those parties. The Court, having considered all documents in support and opposition hereto, hereby GRANTS McKesson's Motion for Leave to File Under Seal the following documents:

    1.    McKesson Corporation's Memorandum in Opposition to Certification of the U&C Class (with a redacted version filed in the public record);

2.	Exhibits 1, 2, 3A-C, 4A-D, 5, 6A-B, 7A-C, 8, 9, 10, 11, 12, 13, 18, 19A-C, and 21 to the Declaration of Paul Flum filed in Support of McKesson Corporation's Memorandum in Opposition to Certification of the U&C Class;

3.	The May 21, 2008 Expert Declaration of Robert D. Willig, and the exhibits thereto.

IT IS SO ORDERED.


DATED: _____        _____
                                     Hon. Patti B. Saris
                                     United States District Court Judge