UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN, | C.A. No. 1:05-CV-11148-PBS |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

## PLAINTIFFS' MOTION TO MODIFY THE U&C SCHEDULING ORDER

### I.     INTRODUCTION

According to the Court's January 2, 2008 scheduling order, Plaintiffs are required to serve their final expert report on the aggregate impact and damages to the U&C Class by June 11. Due to conditions beyond their control, including McKesson's obstreperous behavior, which has prevented Plaintiffs from obtaining retail pharmacy claims data either from third parties or from McKesson itself, Plaintiffs will not have all of the necessary data to complete their reports by the current deadline. As detailed in prior submissions to the Court, Plaintiffs' expert, Dr. Hartman, intends to analyze both a specially ordered subset of IMS data as well as actual claims

data, available from McKesson's RelayHealth Division, to evaluate the class-wide impact of McKesson's scheme on U&C payors and to calculate aggregate damages.

Plaintiffs originally requested McKesson's RelayHealth claims data on January 22, 2008. McKesson refuses to provide the third-party reimbursement data Plaintiffs requested and they were forced to file a motion to compel, which the Court will hear on June 13.  And while McKesson did eventually produce part of the data Plaintiffs requested, *i.e.* pharmacies' U&C prices but without the corresponding third-party reimbursement information, even these data were not provided to Plaintiffs in a useable form until this week – despite the fact that McKesson's expert, Dr. Willig, has had them weeks before Plaintiffs and relies on them in his declaration filed in support of McKesson's opposition to class certification.

Additionally, negotiations with IMS proved to be more complicated than expected. Plaintiffs were not able to finalize their agreement with IMS for the special order data until last week and do not anticipate obtaining the data until the first part of June.

Once they receive all of the data, Plaintiffs' expert will need six weeks to analyze them. Plaintiffs therefore request that the Court extend the deadline for Plaintiffs to serve their expert's final report until September 1, 2008 and modify the remaining deadlines so that appropriate adjustments can be made.

## II.     FACTS

In their motion to certify the TPP and Consumer Co-pay Classes, Plaintiffs relied on IMS data to demonstrate aggregate impact and damages.  McKesson objected, largely on grounds that the aggregate IMS data contains some irrelevant data from cash and Medicaid payors that could alter the results of the analysis.  Dr. Hartman advised the Court that Plaintiffs could special order

data from IMS that would eliminate irrelevant data and render the analysis even more precise.[1]
Dr. Hartman also demonstrated that even the aggregate IMS data closely approximated the actual
claims data available from GE and CIGNA.  In light of this evidence, the Court was satisfied
with Plaintiffs' damages model.[2]

Plaintiffs have similarly proposed to prove class-wide impact and damages to the U&C
Class by analyzing a combination of specially tailored IMS data (*i.e.* cash payments only) and
actual claims data from retail pharmacies.  Plaintiffs have diligently worked to obtain both sets of
data.[3]

Shortly after Plaintiffs submitted Dr. Hartman's declaration in support of the use of IMS
data to calculate damages in the TPP and Consumer Co-pay Classes, Plaintiffs began the process
of purchasing a special order of IMS data relating to retail purchases of brand-name drugs by
cash payors.  This special request of IMS includes several parameters that require customized
programming and modeling at IMS.  This process entailed numerous conference calls with IMS
to arrive at the final data and analysis specifications.  In several cases, IMS had to confer
internally to determine if the request was possible and if the company was willing to provide it to
GMA for this litigation.  Legal approval by IMS counsel was required before the order could
proceed.  Yet another division of IMS had to develop price quotes for our special order.  Given
the special nature of this request, the volume and cost of the data, and the number of different

---

[1] Declaration of Raymond S. Hartman in Support of Plaintiff's Motion for an Extension of
Time ("Hartman Decl."), ¶ 2.

[2] Court's March 19 Order on Class Certification at 16 (Dkt. No. 466).

[3] Hartman Decl., ¶¶ 3-5.

people and offices involved at IMS, a considerable amount of time was necessary to arrive at the final order specifications.[4]

Plaintiffs have also diligently sought claims data from retail pharmacies.[5]  Shortly after the Court issued its January 2 scheduling order, authorizing discovery related to the U&C claims, Plaintiffs served subpoenas on the ten largest pharmacies to request their claims data.  McKesson immediately moved for a protective order to prevent Plaintiffs from obtaining data that would allow them to compare U&C prices with AWP-based third-party reimbursement amounts.  On January 22, Plaintiffs also served discovery requests on McKesson to obtain its RelayHealth database, which contains claims data from thousands of pharmacies.  McKesson refuses to provide the data Plaintiffs' requested and Plaintiffs were force to file a motion to compel against McKesson, which is scheduled to be heard on June 13.[6]  Plaintiffs have also not given up on their efforts to obtain claims data from retail pharmacies, but Plaintiffs' ability to compel third-party pharmacies to provide that data directly to Plaintiffs is clouded by the availability of identical data from McKesson, who is a party to the litigation.

McKesson has provided a limited set of RelayHealth data, but the data exclude third-party reimbursement amounts.[7]  Additionally, until a few days ago Plaintiffs have been unable to upload the data in the form that McKesson provided them, which have caused additional delays. Until Plaintiffs have all the information they've requested in a useable form, they will not be able

---

[4] *Id.*, ¶ 3.

[5] Plaintiffs' efforts to obtain this data and McKesson's efforts to bar such discovery are set forth in Plaintiffs' Motion to Compel Production of RelayHealth Data (Dkt. No. 494) and in the Declaration of Barbara Mahoney in Support of Plaintiffs' Motion to Modify the U&C Schedule ("Mahoney Decl."), ¶¶ 2-3.

[6] Plaintiffs' efforts to obtain RelayHealth data from McKesson are also set forth in Plaintiffs' Motion to Compel and in the Mahoney Decl., ¶¶ 3-8.

[7] Plaintiffs have obtained retail pharmacy documents, showing the relationship between U&C prices and AWP.  However, the claims data will be informative.

to conduct their analysis of the data and determine the correlation between U&C prices and AWP.[8]

### III.    ARGUMENT

The Court may modify the scheduling order upon a showing of good cause.  Fed. R. Civ. P. 16(b); *Sigros v. Walt Disney World, Co*., 190 F. Supp. 2d 165, 169 (D. Mass. 2002).  For example, the Court may extend the deadline for discovery when the non-moving party fails to produce documents or provides incomplete information in response to discovery requests and the party requesting the extension has demonstrated due diligence.  *See Sigros*, 190 F. Supp. 2d at 169.

Similarly, Plaintiffs have demonstrated good cause to warrant an extension of the deadline to serve their expert's final report.  Plaintiffs need to analyze both the special order IMS data as well as actual claims data.  Plaintiffs have diligently made efforts to obtain the data within the timeline set by the Court.  However, due to circumstances beyond their control, Plaintiffs will not have the data in time to allow their expert to analyze it and prepare his final report within the current deadline.  Nor can McKesson claim that it is prejudiced by the extension, given that it has prevented Plaintiffs from obtaining the claims data from third-party pharmacies and has refused to provide the data itself even though it has data from thousands of pharmacies.  Moreover, McKesson's own expert has had prior access to claims data Plaintiffs had requested in January but were not provided to them in a useable form until a couple of days ago.

The Court will hear Plaintiffs' motion to compel on June 13.  Taking into account that amount of time needed to obtain the data from McKesson in a useable form and to analyze both

---

[8] *See* Hartman Decl., ¶ 3 and Mahoney Decl., ¶¶ 7-8.

the RelayHealth data and the IMS data, Plaintiffs estimate that the earliest they could complete and serve their expert report would be September 1,[9] and thus request an extension until that time. Plaintiffs also suggest that the Court schedule Plaintiffs' reply brief at the same time as their final expert report, and similarly McKesson's surreply at the same time as its expert reports so that the Court has all the necessary information before it at the hearing on class certification.

Plaintiffs have conferred with counsel for McKesson regarding the proposed schedule, but were unable to reach an agreement. McKesson proposed an alternative schedule that would allow Plaintiffs six weeks to file a reply brief in response to McKesson's opposition, *i.e.* until July 2, and would allow McKesson six weeks to file their surrreply brief in response to Plaintiffs' reply brief.[10] This adjustment is inadequate because Plaintiffs need six weeks to analyze the IMS and RelayHealth data, and to date Plaintiffs have not received the data. Plaintiffs therefore ask that the Court modify the schedule as follows:

| Deadlines | Prior: | Proposed: |
|---|---|---|
| Plaintiffs' Reply Brief | June 9, 2008 | September 1, 2008 |
| Plaintiffs' Expert Report | June 11, 2008 | September 1,2008 |
| McKesson's Surreply | June 30, 2008 | October 1, 2008 |
| McKesson's Expert Reports | July 11, 2008 | October 1, 2008 |
| Plaintiffs' Expert Rebuttal | July 25, 2008 | October 31, 2008 |
| Class Certification Hearing | None | December 2008 |
| Summary Judgment Motions | September 8, 2008 | January 29, 2008 |
| Summary Judgment Oppositions | September 29, 2008 | February 13, 2008 |
| Summary Judgment Replies | October 13, 2008 | February 27, 2009 |
| Summary Judgment Surreplies | October 27, 2008 | March 13, 2009 |
| Summary Judgment Hearing | November 18, 2008 | April 2009 |
| Trial | January 26, 2009 | June 2009 |

---

[9] Mahoney Decl., ¶ 9.

[10] Mahoney Decl., ¶ 10, Ex. 8.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court extend the deadlines for

Plaintiffs' expert report on the U&C Class and their reply brief in support of class certification

until September 1 and modify the remaining deadlines accordingly.


DATED:  May 27, 2008                            By_____/s/ Steve W. Berman_____
                                                    Steve W. Berman
                                                    Nicholas Styant-Browne
                                                    Barbara A. Mahoney
                                                Hagens Berman Sobol Shapiro LLP
                                                1301 Fifth Avenue, Suite 2900
                                                Seattle, WA  98101
                                                Telephone: (206) 623-7292
                                                Facsimile: (206) 623-0594

                                                Thomas M. Sobol (BBO #471770)
                                                Edward Notargiacomo (BBO #567636)
                                                Hagens Berman Sobol Shapiro LLP
                                                One Main Street, 4th Floor
                                                Cambridge, MA  02142
                                                Telephone: (617) 482-3700
                                                Facsimile: (617) 482-3003

                                                Jeffrey Kodroff
                                                John Macoretta
                                                Spector, Roseman & Kodroff, P.C.
                                                1818 Market Street, Suite 2500
                                                Philadelphia, PA  19103
                                                Telephone: (215) 496-0300
                                                Facsimile: (215) 496-6611

                                                Kenneth A. Wexler
                                                Jennifer Fountain Connolly
                                                Wexler Toriseva Wallace LLP
                                                55 W. Monroe, Suite 3300
                                                Chicago, IL  60603
                                                Telephone:  (312) 346-2222
                                                Facsimile:  (312) 346-0022

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1</u>

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that Plaintiffs conferred with counsel for McKesson, who did not agree to the proposed schedule modification.

/s/ Steve W. Berman
Steve W. Berman

001821-13  239423 V1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on May 27, 2008.


    <u>**/s/ Steve W. Berman**</u>
    Steve W. Berman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN, | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:05-CV-11148-PBS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] SCHEDULING ORDER**

IT IS HEREBY ORDERED as follows:

The Court's January 2, 2008 Scheduling order for the U&C Class is modified as

follows.

1.      Plaintiffs' reply brief in support of class certification is due September 1, 2008.

2.      Plaintiffs' expert designations and reports are due September 1, 2008.

3.      Defendant's surreply brief on class certification is due October 1, 2008.

4.      Defendant's expert designations and reports are due October 1, 2008.

5.      Plaintiffs' experts' Rebuttal reports are due October 31, 2008.

6.      Class Certification Hearing will be held on December __, 2008 at ___.

7.      Summary Judgment motions are to be filed by January 29, 2008.

8.      Oppositions are to be filed by February 13, 2008.

9.      Replies in support of Summary Judgment are to be filed by February 27, 2009.

10.     Surreplies on Summary Judgment are to be filed by March 13, 2009.

11.     Hearing on Summary Judgment will be held on April ___, 2009 at _____.

12.     Trial will begin on June ___, 2009.


DONE this _____day of _____, 2008.


_____
HONORABLE PATTI B. SARIS
United States District Court

## CERTIFICATE OF SERVICE

I, Steve W. Berman, hereby certify that a true and correct copy of the above document was served on the attorney of record for each party via the Court's electronic filing system this 27th day of May, 2007.

/s/ Steve W. Berman
Steve W. Berman

001821-13  241337 V1