UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; and PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:05-CV-11148-PBS |
| v. | ) ) | |
| FIRST DATABANK, INC., a Missouri Corporation; and McKESSON CORPORATION, a Delaware Corporation, | ) ) ) ) | |
| Defendants | ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR AN ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED AMENDED AND RESTATED SETTLEMENT AGREEMENT, APPROVING A JOINT NOTICE PROGRAM, AND SCHEDULING A FINAL FAIRNESS HEARING**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION .................................................................................................2

II.    DESCRIPTION OF THE AMENDED AND RESTATED SETTLEMENT ....................5

       A.    The Settlement .................................................................................................5

       B.    The Release ......................................................................................................6

       C.    Termination ......................................................................................................6

III.   CONCLUSION ....................................................................................................7

# I.    INTRODUCTION

Plaintiffs respectfully submit this Memorandum of Law in support of the Joint Motion for an Order preliminarily approving their proposed Amended and Restated Settlement Agreement.[1] By this motion, and pursuant to the terms of the Amended and Restated Settlement Agreement, Plaintiffs and defendant First DataBank, Inc. ("FDB") seek an Order preliminarily approving the Amended and Restated Settlement; (ii) scheduling a hearing to address a joint notice program as described herein; and (iii) scheduling a final fairness hearing.

On March 19, 2008, the Court held a preliminary hearing in connection with the previous proposed settlement agreement. During that hearing, the Court proposed modifications to the terms of the proposed agreement. In response, Plaintiffs and FDB conducted further arms-length negotiations. The parties now propose to amend the previously submitted settlement terms in the following material respects:

(i)    Payment. FDB will pay $1 million into the Settlement Fund for the benefit of the settlement class (Amended and Restated Settlement § 9(C)). The prior version of the proposal did not include a cash contribution by FDB to the class which might be used as compensation for those class members who may not benefit from the mark-up adjustment. The addition of a cash contribution of $1 million seeks to address comments made by the Court at the previous hearing;

(ii)    Mark-Up Adjustment. FDB will adjust to 1.20 the wholesale average cost ("WAC") to average wholesale price ("AWP") markup for any of the 1356 pharmaceutical National Drug Codes ("NDCs") listed in Exhibit A to Plaintiffs' Third Amended Complaint (Docket No. 360) with a present markup factor higher than 1.20 (*id.* § 9(A)(1)). The prior version of the settlement provided a change in the mark-up adjustment for all NDCs in the

---

[1]    Unless otherwise indicated, capitalized terms herein have the same meaning as defined in the Settlement Agreement and Release dated August 3, 2006, and initially filed with the Court on October 4, 2006 (Docket No. 120).

FDB database (over 8,000) that have an AWP bases on a WAC to AWP markup.  The decrease in the scope of the mark-up adjustment provision (to have it apply to only those NDCs that are at issue in the underlying complaint) seeks to meet comments made by the Court at the previous hearing;

(iii)    No Retirement of AWP Under The Agreement.  The amended proposal does not contain a provision requiring First Databank to phase out its publication of AWP. The prior two proposed versions contained such a provision.  Deletion of the AWP retirement provision seeks to address comments made by the Court at the previous hearing where the court emphatically said it would not approve a settlement that contained such a provision.  Nothing in the agreement, of course, otherwise prevents FDB from changing its editorial policies, including phasing out the use of AWP (wholly independent from the instant proposed settlement);

(iv)    Timing of Mark-up.  FDB will make the adjustment referred to above on or about 90 days following this Court's final approval, regardless of whether there is an appeal of the final approval, and will not increase thereafter.  The Amended Settlement Agreement assures that the class will benefit from the proposed markup adjustment by clarifying that the effective date for implementation of the changed mark-up;

(v)    FDB Fee and Expense Payments.  FDB will, as provided in the prior proposed agreement, pay up to $950,000 in Class Settlement Counsel fees and expenses, and agrees to pay certain third-party expenses, including an additional $160,000 in expert fees and other costs incurred by Class Settlement Counsel in connection with negotiating the Amended Settlement, as well future third-party expenses related to implementation thereof, subject to the Court's approval (*id.* § 10);

(vi)    FDB Data Room.  As provided in the prior proposed settlement, FDB agrees to establish a Data Room in order to make certain discovery materials available to litigants.  However, the proposed settlement deletes the provisions regarding this Court's enforcement obligations with respect to access to discovery materials from other litigations; and

(vii)    Release.  In exchange, FDB will be released of all liability in connection with the Released Claims as defined in the Amended Settlement.  (*Id.* § 13.).

As per the Court's prior statements, the Amended and Restated Settlement withdraws three previous provisions: (i) it does not require First DataBank to cease publishing AWPs completely; (ii) it does not require AWP reductions for drugs beyond those listed in the Third Amended Complaint, and (iii) it also does not require any type of mediation about the future publication of pricing benchmarks. A similar revised settlement agreement is also filed on this date with respect to MediSpan.

Plaintiffs and FDB are developing a notice program to apprise putative class members of the amended settlement terms, and will submit to the Court a proposed plan and form of notice when they are complete. In the interests of economy and clarity to the classes, Plaintiffs suggest, subject to the Court's approval, that such notice should issue jointly in connection with (i) notice of a proposed settlement with MediSpan and (ii) the notice of pendency of the claims against McKesson, (now that McKessons's petition for review under Rule 23(f) has been denied by the First Circuit).

Plaintiffs and Class Settlement Counsel believe that the Amended and Restated Settlement is fair, reasonable, and adequate, and further believe that the Amended and Restated Settlement addresses the concerns raised by the Court concerning prior agreements. The Amended and Restated Settlement was reached after further arms-length detailed re-negotiation of key aspects of the previous agreements (*see* Declaration of Thomas M. Sobol, attached as Exhibit A hereto (cited as "Sobol Dec. ¶ __") ¶¶ [5, 6]), which, as the Court is aware, was itself the product of extensive arms-length, intensely fought bargaining sessions spanning many months. The new terms are the direct result of the issues raised by the Court in connection with its review of the prior settlement terms. (Sobol Dec. ¶¶ 5, 6.) The amendments are designed and intended to address certain of the Court's previous concerns. (*Id.*.)

## II.    DESCRIPTION OF THE AMENDED AND RESTATED SETTLEMENT

### A.    The Settlement

The key provisions of the Amended and Restated Settlement are as follows. FDB will pay $1 million into the Settlement Fund for the benefit of the settlement class, and will pay $160,000 in third-party fees and costs already incurred by Class Settlement Counsel as well as future third-party expenses in connection with implementing the Amended and Restated Settlement, subject to the Court's approval. (Amended and Restated Settlement §§ 9(C), 10.) The provisions of the earlier settlement agreement requiring FDB, subject to the Court's approval, to pay up to $950,000 in Class Settlement Counsel fees remain in the Amended and Restated Settlement, notwithstanding FDB's commitment to pay $1 million into the Settlement Fund. (*Id.* § 10.)

In addition to these financial obligations, FDB will adjust the markup factor in its database for those 1,356 NDCs listed in Appendix A to the Third Amended Class Action Complaint (Docket No. 360) on a mark-up factor. (*Id.* § 9(A)(1).) FDB's obligation to effectuate the rollback is triggered ninety days after the Court enters the Final Order and Judgment substantially in the form attached as Exhibit [B] to the Amended and Restated Settlement and will last no longer than two (2) years. (*Id.*) FDB's obligation to provide information through the maintenance of a data room remains intact, as set forth in the earlier proposed settlement agreement. (*Id.* § 9(B).)

The Amended and Restated Settlement also provides that FDB will pay all costs associated with Court-approved notice to the class, unless the Court approves of the joint notice program described herein, in which case FDB shall be responsible for up to 50% of the total expenses thereof. (*Id.* § 12.)

### B.    The Release

FDB will be released of all liability in connection with the Released Claims as defined in the Amended and Restated Settlement.

### C.    Termination

FDB and Class Settlement Counsel each have the right to terminate the Amended and Restated Settlement if any of the following events occurs:  (i) the Court declines to enter the Preliminary Approval Order substantially in the form attached as Exhibit [A] to the Amended and Restated Settlement within five days of the preliminary approval hearing held in connection with the Amended and Restated Settlement, or the Court at that hearing places additional conditions on obtaining preliminary approval of the Amended Settlement; (ii) the Court declines to enter the Final Order and Judgment substantially in the form attached as Exhibit [B] to the Amended and Restated Settlement; (iii) the Final Order and Judgment is modified or reversed in any material respect by the U.S. Court of Appeals or the U.S. Supreme Court; or (iii) an Alternative Judgment is modified or reversed in any material respect by the U.S. Court of Appeals or the U.S. Supreme Court.  (Am. Settlement § 8(A).)  The Amended and Restated Settlement also provides termination rights to FDB (i) in the event that the number or identity of the TPPs seeking to exclude themselves from the class is unsatisfactory to FDB in its sole discretion, or (ii) in the event that FDB learns of a current interest in the prosecution or filing of claims by the U.S. Department of Justice or a State Attorney General in connection with the allegations or claims in the Class Action.  (*Id.* §§ 8(B), (C).)

### D.    The Process

There are several procedural steps required by the Amended and Restated Settlement. The first procedural step is for the Court to conduct a preliminary approval hearing for the purpose of determining whether to preliminarily approve the Amended and Restated Settlement,

and approve notice to the class of the Amended and Restated Settlement terms.  Second, notice

will issue as approved by the Court.  Third, prior to the final fairness hearing date, Class

Settlement Counsel and FDB will make an election as set forth in the Amended and Restated

Settlement and described *infra*, whether to proceed with the settlement or exercise their

respective termination rights.  Fourth, the Court would conduct a final fairness hearing to

determine whether to enter an order and judgment approving the Amended and Restated

Settlement and dismissing this action.  Certain of FDB's settlement obligations would be

triggered upon the Court's entry of such an order and judgment, with others prompted upon the

effective date of the Amended and Restated Settlement, as defined therein.

### III.    CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Joint Motion be

granted and the Court enter an Order:  (i) preliminarily approving the Amended and Restated

Settlement; (ii) approving a joint notice program; and (iii) scheduling a final fairness hearing.


Dated:  May 29, 2008                    By:    **/s/ Thomas M. Sobol**
                                               Thomas M. Sobol (BBO #471770)
                                               Edward Notargiacomo (BBO #567636)
                                               Hagens Berman Sobol Shapiro LLP
                                               One Main Street, 4th Floor
                                               Cambridge, MA 02142
                                               Telephone: (617) 482-3700
                                               Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party through the Court's electronic filing service on May 29, 2008.

**/s/ Thomas M. Sobol**
Thomas M. Sobol