UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>       Plaintiffs,<br><br>    v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>       Defendants. | C.A. No. 1:05-CV-11148-PBS |

**MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE U&C SCHEDULING ORDER**

## I.  INTRODUCTION

   Plaintiffs request leave to file a reply brief to respond to McKesson's opposition to their proposed modification of the scheduling order.  McKesson does not object to a six-week extension to allow Plaintiffs time to analyze the special-order IMS data pertaining to cash purchases.  The sole disputed issue is whether Plaintiffs should be granted an extension beyond July 28 that would allow Plaintiffs to obtain and analyze pharmacy data to compare U&C prices with third-party AWP-based reimbursement data.  McKesson's opposition brief asserts that these data are unnecessary and that Plaintiffs are merely using the data as a ploy to gather more time to

respond to McKesson's opposition to class certification.  Plaintiffs believe a brief reply would be helpful to address these assertions.

## II.    ARGUMENT

### A.    Third-Party Claims Data is a Critical Component of Plaintiffs' Proof

Plaintiffs' request for additional time to obtain and analyze the pharmacy claims data is not a ploy to deal with the "insurmountable obstacle" of purported contrary evidence.  As described in the reply brief, these claims data, which Plaintiffs sought from McKesson last January and are now the subject of a separate motion to compel to be heard on June 13, are a critical component of Plaintiffs' proof of class-wide impact and damages.

### B.    McKesson will not be Prejudiced by the Extension

Further, McKesson will not be prejudiced by a further extension.  As set forth in the proposed reply brief, the Court has already ruled that McKesson is not entitled to have all three classes litigated at one trial, and it is moreover McKesson's own refusal to provide the data and its efforts to prevent Plaintiffs from obtaining similar data from third-party pharmacies that have caused this delay.

### C.    The Court is Entitled to a Full and Thorough Record

Finally, as addressed in the reply brief, this case should be tried on a carefully constructed and thorough record.  McKesson is keenly aware of a direct relationship between cash pricing and third-party reimbursement and thus has even taken the step to block discovery on this issue.  Plaintiffs need until September 1 to obtain and analyze the claims data necessary to demonstrate this relationship on a class-wide basis.  McKesson's sole ground for opposing the extension is for the improper purpose of denying the Court a chance to see an accurate picture of this relationship.

001821-13  242965 V1

### III.     CONCLUSION

Plaintiffs therefore respectfully request leave to file a reply brief to respond to

McKesson's assertions, a copy of which is attached hereto as Exhibit 1.

DATED:  June 3, 2008                          By  /s/ **Steve W. Berman**
                                                    Steve W. Berman
                                                    Sean R. Matt
                                                    Nicholas Styant-Browne
                                                    Barbara A. Mahoney
                                              Hagens Berman Sobol Shapiro LLP
                                              1301 Fifth Avenue, Suite 2900
                                              Seattle, WA  98101
                                              Telephone: (206) 623-7292
                                              Facsimile: (206) 623-0594

                                              Thomas M. Sobol (BBO#471770)
                                              Hagens Berman Sobol Shapiro LLP
                                              One Main Street, 4th Floor
                                              Cambridge, MA  02142
                                              Telephone: (617) 482-3700
                                              Facsimile: (617) 482-3003

                                              Elizabeth Fegan
                                              Hagens Berman Sobol Shapiro LLP
                                              820 North Boulevard, Suite B
                                              Oak Park, IL  60302
                                              Telephone: (708) 776-5600
                                              Facsimile:  (708) 776-5601

                                              Jeffrey Kodroff
                                              John Macoretta
                                              Spector, Roseman & Kodroff, P.C.
                                              1818 Market Street, Suite 2500
                                              Philadelphia, PA  19103
                                              Telephone: (215) 496-0300
                                              Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Plaintiffs conferred with counsel for Defendant regarding the filing of this motion, who do not consent.

/s/ Steve W. Berman
Steve W. Berman

001821-13 242965 V1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on June 3, 2008.


/s/ Steve W. Berman
Steve W. Berman

001821-13 242965 V1

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN, | C.A. No. 1:05-CV-11148-PBS |
| Plaintiffs, | |
| v. | |
| FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation, | |
| Defendants. | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
TO MODIFY THE U&C SCHEDULE**

## I.     INTRODUCTION

Even though McKesson opposes Plaintiffs' motion, it concedes that an extension is

warranted to allow Plaintiffs time to obtain and analyze their special-order of IMS cash purchase

data and agrees to an extension until July 28 to allow Plaintiffs to complete this task.  The sole

issue is whether Plaintiffs are entitled to the additional extension Plaintiffs request to allow them

to obtain and analyze actual claims data from retail pharmacies, including the third-party

reimbursement data that McKesson has refused to produce to Plaintiffs and has sought to prevent

Plaintiffs from obtaining independently from third-party pharmacies in response to Plaintiffs'

subpoenas.  McKesson argues that Plaintiffs do not really need the data they request, but are

merely employing delay tactics to deal with the purportedly "insurmountable obstacle" presented by McKesson's opposition to Plaintiffs' motion for class certification. As set forth below and consistent with the Court's March 19 order on the reliability of IMS data, the pharmacy claims data Plaintiffs seek are important to their proof of aggregate impact and damages. Nor is McKesson prejudiced by this additional extension because McKesson's conduct is a partial cause of the delay and because McKesson is not entitled to have all three classes tried together. Finally, McKesson is keenly aware of the close relationship between U&C prices and third-party reimbursement amounts as evidenced by the products and services that it makes available to its customers to ensure that their U&C prices are above third-party reimbursement rates. Millions of cash consumers have been harmed by price increases caused by McKesson's scheme, and a class action represents their only vehicle for redress. McKesson's sole and illegitimate reason for objecting to the additional extension – and for refusing to produce third-party reimbursement data – is to prevent the Court from having a full and thorough record on which to base its certification order.

## II.    ARGUMENT

### A.    Third-Party Claims Data is a Critical Component of Plaintiffs' Proof

The retail pharmacy claims data Plaintiffs seek are a component of Plaintiffs' proof of class-wide impact and damages and are directly responsive to McKesson's objections to class certification. In its March 19 order on the reliability of IMS data, the Court ruled that Plaintiffs analysis of IMS data, augmented by an analysis of actual claims data, demonstrated aggregate impact and provided a reasonable approximation of the actual damages suffered by Classes 1 and 2. Similarly, Plaintiffs intend to prove aggregate impact and damages through a combination of an analysis of IMS data and actual claims data from retail pharmacies.

The data Plaintiffs seek from McKesson will allow them to identify on a class-wide basis the correlation between U&C prices and third-party AWP-based reimbursement amounts. The six-week extension suggested by McKesson is insufficient.  McKesson possesses massive amounts of claims data through its RelayHealth Division.  Plaintiffs have been trying since last January to get portions of the data from McKesson, Plaintiffs were finally forced to bring a motion to compel when McKesson refused to provide third-party reimbursement data fields despite Judge Collings' order, ruling (as to Plaintiffs' subpoenas on third-party pharmacies, seeking the same data), that such information is clearly relevant to Plaintiffs' U&C claims. Judge Collings has set the hearing on Plaintiffs' motion to compel McKesson's production of data on June 13.  September 1 is therefore the earliest possible date that will allow Judge Collings to rule on Plaintiffs' motion, and Plaintiffs to obtain the data from McKesson in a useable form, analyze them and incorporate their results in their expert report and reply brief.[1]

McKesson's argument that Plaintiffs do not really need this data is based on the faulty premise that if it were a necessary part of their proof, Dr. Hartman would have analyzed TPP Plaintiffs' data to demonstrate the correlation between third-party reimbursement and U&C prices.  But it would beg the question for Dr. Hartman to rely on TPP data to establish this correlation, when their contracts set reimbursement at the lesser of the U&C or the negotiated rate and therefore automatically create a direct correlation.  As Plaintiffs have demonstrated in their motion for class certification, such clauses are prevalent in the industry and are likely to

---

[1] As explained in Plaintiffs' opening brief, the limited data that McKesson has produced was initially not produced in a useable format, further wasting additional time.  Further, McKesson initially refused to provide a sample of its database fields to allow Plaintiffs' experts to determine which fields they needed for their analysis and then when it finally agreed to provide the sample, refused to provide it in a usable format, resulting in additional lost time.  *See infra* pp. 4-5 and n.3.

drive pharmacies to set U&C prices above third-party reimbursement rates, but it is pharmacies' claims data, not TPP data, which will allow their expert to test this assumption.

**B.    McKesson will not be Prejudiced by the Extension**

Further, McKesson will not be prejudiced by a further extension to allow Plaintiffs to obtain and analyze pharmacy claims data.[2]  In its January 2 electronic order, the Court has already ruled that McKesson is not entitled to have all three classes litigated at one trial. McKesson cannot assert prejudice when its own efforts to prevent Plaintiffs from obtaining the data that have caused this delay.  Until recently, McKesson had not produced any claims data, and even now it refuses to produce the third-party reimbursement data, which would allow Plaintiffs to draw a correlation between U&C prices and AWP-based reimbursement amounts. This is the subject of the June 13 hearing before Judge Collings.

McKesson has produced only a portion of the data Plaintiffs have requested, *i.e.* cash price data without third-party reimbursement information, with which to draw correlation.  Even the sample of its data fields, produced after much wrangling is unusable.  At a recent deposition of Thomas Picard, McKesson's 30(b)(6)witness designated to testify on the storage and maintenance of its RelayHealth database, Mr. Picard was asked to identify the RelayHealth data fields from the data sample McKesson provided to Plaintiffs to allow Dr. Hartman to select the fields necessary for his analysis.  Mr. Picard is McKesson's Senior Director of Data Services for RelayHealth, a position he has held since 2000.  He conceded that – contrary to the assurances of

---

[2] McKesson claims that giving Plaintiffs the extension they request would somehow be unfair because it would give Dr. Hartman more time to analyze data than Dr. Willig had. McKesson's assertion is wrong for two reasons.  First, it ignores that McKesson is the reason Plaintiffs and Dr. Hartman require additional time.  Second, it likewise ignores that Relay Health data is McKesson's data that McKesson could have provided to Dr. Willig at any time, had McKesson not wanted to hide its very existence from Plaintiffs, leaving them to learn of it on their own.

- 4 -

McKesson's counsel that the data sample was not flawed and could be read by anyone familiar with claims transactions[3] – that he himself was unable to identify which fields were provided, how they were delimited, and how they could be identified and would be unable to do so without additional resources and the assistance of his experienced field technicians.  McKesson should not be allowed to benefit from its obstructive conduct.

**C.     The Court is Entitled to a Full and Thorough Record**

The economics of cash payors is new to the Court.  Millions of cash consumers have been harmed by McKesson's conduct, and a class action is their only vehicle for relief.  This case and the class issue should be tried on a carefully constructed and thorough record.  Most third-party contracts require pharmacies to accept the lesser of the negotiated AWP-based reimbursement amount or the U&C price.  Pharmacies therefore are motivated to raise U&C prices relative to increases in AWP to obtain the highest prices available under their contracts.  McKesson is keenly aware of the direct relationship between cash pricing and third-party reimbursement and offers several services to help its clients maintain U&C prices about third-party reimbursement rates, including the Rx-Net and Auto Rx-Net products, as well as services for chain pharmacies that allow them to track when their U&C prices fall below the negotiated rate.

The extension is requested because Plaintiffs need this data.  McKesson's sole ground for opposing the extension is for the improper purpose of denying the Court a chance to see accurate picture of this relationship.

---

[3] McKesson refused to provide the data sample in the ASCI text field delimited format Plaintiffs requested, which is the format in which other data produced in this case have been produced. McKesson's counsel assured Plaintiffs that this was unnecessary because the format in which the data sample was provided allegedly should be familiar to any statistician or industry specialist who regularly works with NCPDP data.

### III.     CONCLUSION

Plaintiffs therefore respectfully request that the Court modify the U&C schedule as

Plaintiffs have requested.


DATED:  June 3, 2008                    By  /s/ **Steve W. Berman**
                                            Steve W. Berman
                                            Sean R. Matt
                                            Nicholas Styant-Browne
                                            Barbara A. Mahoney
                                        Hagens Berman Sobol Shapiro LLP
                                        1301 Fifth Avenue, Suite 2900
                                        Seattle, WA  98101
                                        Telephone: (206) 623-7292
                                        Facsimile: (206) 623-0594

                                        Thomas M. Sobol (BBO#471770)
                                        Hagens Berman Sobol Shapiro LLP
                                        One Main Street, 4th Floor
                                        Cambridge, MA  02142
                                        Telephone: (617) 482-3700
                                        Facsimile: (617) 482-3003

                                        Elizabeth Fegan
                                        Hagens Berman Sobol Shapiro LLP
                                        820 North Boulevard, Suite B
                                        Oak Park, IL  60302
                                        Telephone: (708) 776-5600
                                        Facsimile:  (708) 776-5601

                                        Jeffrey Kodroff
                                        John Macoretta
                                        Spector, Roseman & Kodroff, P.C.
                                        1818 Market Street, Suite 2500
                                        Philadelphia, PA  19103
                                        Telephone: (215) 496-0300
                                        Facsimile: (215) 496-6611

- 6 -

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

001821-13  242969 V1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on June 3, 2008.

/s/ Steve W. Berman
Steve W. Berman