UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| New England Carpenters Health Benefits Fund, *et al.* )<br>Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>First DataBank, Inc., *et al.* )<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 05-11148-PBS |

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* BY THE NATIONAL ASSOCIATION OF CHAIN DRUG STORES, INC.

The National Association of Chain Drug Stores, Inc. (NACDS), through its undersigned counsel, who has already entered an appearance in this matter on behalf of NACDS,[1] respectfully moves this Court for leave to file an *amicus curiae* brief (attached to the accompanying motion) in opposition to the Plaintiffs' Motion to Compel the production of highly confidential reimbursement and pricing data owned by numerous non-party retail pharmacies which are members of NACDS. Though Plaintiffs' Motion is filed against Defendant McKesson, it is the confidential data of NACDS members—held by McKesson's subsidiary RelayHealth—that Plaintiffs' Motion seeks to discover.

---

[1] At the Court's earlier invitation, NACDS previously has filed a brief in the above captioned case in opposition to the first proposed settlement between Plaintiffs and First Databank. *See* Memorandum of the National Association of Chain Drug Stores in Opposition to Plaintiff's Motion for Approval of Proposed First Databank and Medi-Span Class Settlement, filed December 21, 2007. We appreciate the Court providing the retail community pharmacies that opportunity to be heard on such an important matter. We hope the Court will be hear from the pharmacies' association again on this Relay Health discovery matter of equal, if not greater, importance.

NACDS consists of nearly 200 chain pharmacy companies whose community pharmacies fill over 71% of the more than 3.2 billion prescriptions dispensed annually in the United States. NACDS moves to file this *amicus* brief in support of our members' interest in their sensitive payment and pricing data that is being sought and whose confidentiality is threatened by Plaintiffs' overly broad, unnecessary and unreasonable subpoena to RelayHealth.

NACDS offers a unique and critical perspective necessary to resolve fairly this discovery dispute. We represent those whose confidential data, which resides at RelayHealth by contract, actually is being sought and could suffer harm if it were to be disclosed, an interest not directly represented by either of the parties. In fairness, the pharmacies' position should be heard because pharmacies do strongly object to the disclosure of their data by RelayHealth, and no other party has specific knowledge of the confidentiality of the data or the harm which disclosure could cause. The parties to the litigation neither own the data nor have a direct stake in protecting it. NACDS' participation will illuminate these interests and issues for the Court. Indeed, this same confidential data has been separately subpoenaed by the Plaintiffs, and separately objected to by the pharmacies. However, it does not appear those separate objections have been brought to the attention of the Court or addressed by the parties.

For these reasons, NACDS requests that the Court grant its motion. *See Bryant v. Better Business Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996) (supporting the participation of *amicus* when those with special interest in the issues before the court may be of assistance in evaluating the practical impact of their adjudication); *Animal Protection Institute v. Martin*, 2007 WL 647567 (D. Me. 2007) (pointing out the increased propriety of hearing from an *amicus* where no parties represent its interest). As now Justice Alito wrote on this very subject: "[A]n amicus may provide important assistance to the court" ... where it would "'explain the impact a potential holding might have on an industry or other group.'"

3

*Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (opinion by now Justice Alito).

In our brief, NACDS discusses why the amounts for which pharmacies are reimbursed for their supplies and services are highly confidential competitive information. While they do sometimes share that information with parties directly involved in processing pharmacy transactions, such as RelayHealth, they do so after assuring themselves that contractual confidentiality protection is in place to prevent disclosure that may cause them competitive harm, as reflected in the affidavits attached to the accompanying Memorandum of Law.

Additionally, the brief will review how some of the parties who reimburse pharmacies for dispensing drugs also view such payment information as confidential. As a consequence, they often require pharmacies to ensure the confidentiality of that payment data via contract terms. Pharmacies, in turn, pass that confidentiality obligation along to those they share it with, like RelayHealth. Disclosure by RelayHealth of this information may create liability for pharmacies or difficulties in continuing their relationships as to these payors.

The brief will also address the fact that Plaintiffs have not shown the compelling need for the data sufficient to overcome the significant confidentiality and competitive concerns that production would raise. Without such a showing, discovery should not be had. Lastly, NACDS will explain why it and its members do not believe the current protective order is sufficient to protect the pharmacy data if disclosed by RelayHealth.

Based on the foregoing reasons, NACDS respectfully requests that the Court grant NACDS's motion and accept for filing the attached *amicus* brief with accompanying affidavits from pharmacies whose data is being sough from RelayHealth.

4

Respectfully submitted,

_____
Philip G. Kircher

**COZEN O'CONNOR**
1900 Philadelphia Street
Philadelphia, PA 19103
(215) 665-2000

Counsel for the National Association
for Chain Drug Stores, Inc.

Dated: June 9, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| New England Carpenters Health ) | | |
| Benefits Fund, *et al.* ) | | |
| Plaintiffs, ) | | CIVIL ACTION |
| ) | | NO. 05-11145-PBS |
| ) | | |
| v. ) | | |
| ) | | |
| First DataBank, Inc., *et al.* ) | | |
| Defendants. ) | | |
| _____) | | |

### ORDER GRANTING MOTION
### FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*
### BY THE NATIONAL ASSOCIATION OF CHAIN DRUG STORES, INC.

Upon consideration of the Motion for Leave to File Brief as *Amicus Curiae* by the National Association of Chain Drug Stores, Inc., (NACDS) and any opposition thereto,

**It is hereby ORDERED** that NACDS's Motion is granted;

**It is further ORDERED** that the NACDS Brief *Amicus Curiae* is filed in the above captioned case.

_____