UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>　　　　　　　　Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**DEFENDANT McKESSON CORPORATION'S STATUS CONFERENCE STATEMENT
FOR JULY 2, 2008 CONFERENCE**

Defendant McKesson Corporation suggests that the following topics should be addressed at the July 2, 2008 status conference. A proposed schedule for completing pretrial proceedings and for beginning trial in January 2009 is attached as Exhibit A.

## I.    CLASSES 1 AND 2 SHOULD BE SET FOR A JANUARY TRIAL

In its last status conference statement, McKesson proposed that the RICO claims of the consumer co-pay class (Class 1) and the TPP class (Class 2) be set for trial on January 26, 2009, the date currently set for trial of the claims asserted by the "usual and customary" (U&C) cash payor class (Class 3). January 2009 continues to be a realistic trial date for Classes 1 and 2, so long as the following pretrial activity is completed.

### A.    A Schedule Should Be Set for Completing Expert Discovery

Fact discovery for the RICO claims asserted by Classes 1 and 2 closed last year, but significant expert discovery remains to be done. Specifically, McKesson served the report of its liability expert, Dr. Joseph Kalt, on January 28, 2008. Five months later, plaintiffs have still not served their responsive report. In addition, on March 19, following the Court's second class certification order, plaintiffs proposed submitting a revised damages report by Dr. Hartman no later than May 15, and proposed that McKesson would have 60 days to respond to Dr. Hartman's new report. Plaintiffs have not filed that report either. Finally, neither side's experts have been deposed, nor could they be, since the parties previously agreed and the Court ordered that expert depositions would commence after the exchange of reports.

To ensure timely completion of expert discovery, McKesson proposes that the Court enter an order requiring plaintiffs to submit their revised damages report and their responsive liability report by July 28, and that responsive and rebuttal reports be submitted over the following 90 days. Expert depositions can then be completed by Thanksgiving.

### B.    A Schedule Should Be Set for Disseminating Notice to Classes 1 and 2 and for Holding a Final Approval Hearing on the FDB Settlement

Notice to Classes 1 and 2 must be disseminated and the opt-out period for class members must expire before trial can begin. Moreover, as this Court has previously observed, the pending

1

settlement of plaintiffs' claims against FDB must be finalized before trial can commence. A January 2009 trial date allows sufficient time to finalize and disseminate both sets of notices, for class members to submit objections or opt-outs, and for the Court to hold a hearing and make its determination whether to enter final judgment approving the FDB settlement.

The first step is for the Court to approve the form and manner of notice. Last week, plaintiffs provided McKesson with a draft of the proposed notice to Classes 1 and 2 that purports to describe this case and several related class actions. The notice is inaccurate and confusing in a number of important respects. For instance, the draft notice refers to the proposed FDB settlement, without advising recipients that the membership in the settlement class differs from the classes certified against McKesson, or that settlement class members stand to receive the benefits of the FDB settlement regardless of whether they remain part of the McKesson class. The draft notice fails to mention plaintiffs' related antitrust claims on behalf of the same three classes alleged here. While the notice will not need to disclose the antitrust claims if the Court dismisses them in response to McKesson's pending motion, the notice otherwise needs to address the preclusive effect that entry of judgment in this case may have on plaintiffs' antitrust claims. In addition, although the draft notice refers to an "included" settlement class notice, plaintiffs have not yet provided McKesson with a copy. Given the overlapping nature of the claims and classes, McKesson requests an opportunity to review and comment on the FDB settlement notice to minimize the danger of confusing class members with inconsistent descriptions of the related cases.

McKesson proposes that the parties meet and confer about these and other notice-related issues and that the Court set a schedule to permit dissemination of separate notices to Classes 1 and 2 and to the settlement classes. The Court should set an August 1 deadline for the parties to submit for the Court's review either a joint proposed notice or (if they are unable to agree) proposed forms of notice to Classes 1 and 2. A form of proposed notice to the settlement class (and any comments by McKesson regarding the settlement notice) should be submitted on the same schedule. Assuming these deadlines are met, the Court will be in a position to approve the

notices for dissemination before the end of August.  Opt-out requests (and objections to the settlement class) would be due in late October, allowing the Court to hold a hearing on whether to enter judgment granting final approval to the settlement class sometime in November.

### C.    Plaintiffs' State Law Claims Should Be Severed

In addition to their RICO claims, plaintiffs assert various alternative claims under state law.  The Court has declined (without prejudice) to certify those alternative state law claims for class treatment.  The named plaintiffs in this case continue to assert those claims, however.  Given that the question of whether those state law claims are suitable for class treatment has not been definitively resolved, or even which state's law applies, McKesson proposes that those claims be severed from the trial of the RICO claims.

## II.    THE COURT SHOULD ORDER A MODEST ADJUSTMENT TO THE SCHEDULE FOR THE U&C CLASS

The Court has previously emphasized that there should be only one trial on all RICO claims asserted by plaintiffs.  At the last status conference, McKesson indicated that if the Court were to certify the U&C class, it was prepared to try all three classes together in January 2009, when the U&C claims were set for trial.

The U&C claims are no longer on track for a January trial, due to plaintiffs' failure to file their class reply brief on the schedule previously ordered by the Court.  Instead, on May 27, plaintiffs moved to extend the U&C case deadlines by three to six months.  As explained in McKesson's response to that request, those proposed extensions are excessive, and a six-month delay of the U&C trial is unwarranted.  (*See* Docket No. 529.)  Even though the Court did not rule on plaintiffs' motion to revise the U&C schedule, plaintiffs chose not to file their reply brief on the date established by the existing order.

While some slippage of the U&C schedule is unavoidable given plaintiffs failure to file, only a modest adjustment in dates is required.  Plaintiffs have had McKesson's class opposition since May 21, and there is no reason why they cannot submit their reply papers in short order.  McKesson proposes to file its response five weeks thereafter, which will permit the Court to set a

3

hearing on the U&C class motion sometime in August or September.  Finally, because plaintiffs are relying on the same damages expert for all three classes, expert discovery relating to the U&C class should proceed concurrently with the expert discovery for Classes 1 and 2.

McKesson believes that the record developed on the U&C claims will not support certification of the proposed class and that a trial on those claims thus will not be necessary.  In the event that the Court certifies a U&C class, the Court should revisit the trial schedule for Classes 1 and 2 to ensure that the claims of all three classes can be tried at the same time.

**III.   IMPACT OF *BRIDGE v. PHOENIX BOND* ON PLAINTIFFS' RICO CLAIMS**

In *Bridge v. Phoenix Bond & Indemnity Co.*, 2008 U.S. LEXIS 4703 (U.S.S.Ct. June 9, 2008), the Supreme Court held that a plaintiff need not allege that it received and relied on the defendant's misrepresentation to plead a RICO claim based on a violation of the federal mail fraud statute.  At the same time, however, the Court made clear that proof that *someone's* reliance on the defendant's misrepresentations caused plaintiff's injury would ordinarily, if not always, be required in a civil damages action under RICO.  As the Court explained:

> Of course, none of this is to say that a RICO plaintiff who alleges injury "by reason of" a pattern of mail fraud can prevail ***without showing that someone relied on the defendant's misrepresentations***.  Cf. *Field v. Mans*, 516 U.S. 59, 66 [] (1995) ("No one, of course, doubts that *some degree of reliance is required* to satisfy the element of causation inherent in the phrase 'obtained by'" in 11 U.S.C. § 523(a)(2)(A), which prohibits the discharge of debts for money or property "obtained by" fraud).

*Id.* at **34-**35 (some emphasis added).  As the Court stated, in "most cases," plaintiff will be unable to establish RICO causation "if no one relied on the misrepresentation."  *Id.* at **35.

Under *Bridge,* reliance by *someone* on the alleged fraud is accordingly the rule for proving causation in private RICO actions.  Indeed, the Court went out of its way to observe that

> it may well be that a RICO plaintiff alleging injury by reason of a pattern of mail fraud must establish at least third-party reliance in order to prove causation.

4

*Id.* at \*\*35-\*\*36.  To the extent the Court left open the possibility that causation might be shown without reliance, that possibility was an exception to the general rule discussed in *Bridge*.  Either way, *Bridge* substantially raises the bar on plaintiffs' RICO claim.

Under the First Circuit law prevailing when this Court issued its class certification orders, plaintiffs were not required to make *any* showing of reliance.  After *Bridge,* plaintiffs must establish "*at least third-party reliance*" through common proof applicable to all class members, or explain why this case is an exception to the rule requiring proof that "*someone* relied on the defendant's misrepresentations."  *Id.* at \*\*34-\*\*36 (some emphasis added).  Absent such a showing, this Court should decertify plaintiffs' RICO claims.  At the very least, this Court should redefine the class to *exclude* contracts that were renegotiated or renewed after the beginning of the class period, given the inherently individual issues of reliance, as well as mitigation, that arise each time such a contract is revised.

## IV.    OUTSTANDING DISCOVERY ISSUES

The Court's January 2, 2008 Scheduling Order reopened fact discovery for a limited purpose — to pursue "new issues raised by the Usual & Customary Class in the Third Amended Complaint."  The Court set a June 15 cut-off for such discovery.  (Docket No. 427.)  McKesson has worked diligently to meet that deadline, and has completed its U&C-related fact discovery.

Two days after the June 15 discovery cut-off, and without seeking leave of court, plaintiffs issued a series of third-party subpoenas to various law firms, including Morrison & Foerster, seeking production of communications "regarding Plaintiffs' settlement with FDB or Medi-Span."[1]  Issues of timing and relevance aside, these subpoenas represent an improper attempt to pursue discovery from opposing counsel, which should not be countenanced by this Court.  *See, e.g., Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003); *Flotsam of California Inc. v. Huntington Beach Conf. & Visitors Bureau*, 2007 U.S. Dist. LEXIS 89269 at \*2 (N.D. Cal. 2007).

---

[1] Plaintiffs also served a Rule 34 demand on McKesson to produce the same categories of documents.

**V.    STATUS OF MEDIATION**

As the parties have previously advised the Court, Judge Edward Infante (Ret.) has agreed to continue as mediator in this action. The parties are scheduled to participate in mediation with Judge Infante in full-day sessions on September 16 and 23.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter_____

| | |
|---|---|
| Melvin R. Goldman (*pro hac vice*) | John Kiernan |
| James P. Bennett (*pro hac vice*) | Stephen E. Hughes |
| Lori A. Schechter (*pro hac vice*) | Bonner Kiernan Trebach & Crociata |
| Paul Flum (*pro hac vice)* | 200 Portland Street |
| Morrison & Foerster LLP | Suite 400 |
| 425 Market Street | Boston, MA 02114 |
| San Francisco, CA 94105-2482 | Telephone: (617) 426-3900 |
| Email: LSchechter@mofo.com | Facsimile: (617) 426-0380 |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Dated:  June 27, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on June 30, 2008.

/s/ Lori A. Schechter
Lori A. Schechter

# EXHIBIT A
# PROPOSED PRETRIAL AND TRIAL SCHEDULE

A. <u>Expert Discovery</u>.

1. Plaintiffs' revised damages report for Classes 1 and 2, U&C damages report, and response to the report of McKesson's liability expert shall be due July 28, 2008.

2. McKesson's response to plaintiffs' damages reports shall be due September 26, 2008.

3. Plaintiffs' rebuttal on damages, if any, shall be due October 27, 2008.

4. Expert depositions shall be completed by November 26, 2008.

B. <u>Class Notice</u>.

1. The parties shall submit either a joint notice or separate proposed notices for Classes 1 and 2 and plaintiffs shall submit a proposed notice for the settlement classes by August 1, 2008.

2. Separate class notices for the McKesson and settlement classes shall be disseminated by August 29, 2008.

3. Opt-outs (for both the McKesson and settlement classes) and objections (for the settlement class) shall be served by October 28, 2008.

4. Motion for Final Approval of the FDB-Medispan settlement shall be heard on November __, 2008.

C. <u>U&C Class Briefing Schedule</u>.

1. Plaintiffs' reply brief shall be filed on July __, 2008.

2. McKesson's sur-reply brief shall be filed 5 weeks thereafter.

3. Plaintiffs' motion to certify the U&C class shall be heard _____, 2008.

D. <u>Joint Pretrial Memorandum</u>. A joint pretrial memorandum prepared pursuant to Local Rule 16.5 shall be filed by December 12, 2008.

E. <u>Final Pretrial Conference</u>. The final pretrial conference shall be held on December 19, 2008.

F. <u>Trial Brief</u>. A trial brief from each party shall be due on January 21, 2009.

G. <u>Trial</u>. Trial shall begin on Monday, January 26, 2009, at 9:00 a.m.