# WEXLER | TORISEVA | WALLACE

Limited Liability Partnership
Chicago, IL • Wheeling, WV • Sacramento, CA

July 14, 2008

*<u>Via Electronic Court Filing</u>*

Hon. Robert B. Collings
United States District Court
  for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

      Re:   *New England Carpenters, et al. v. First DataBank, et al.*
           Case No. 05-cv-11148 (D. Mass.)

Dear Judge Collings:

Pursuant to your July 7, 2008 order, Plaintiffs advise the Court that, should it order McKesson to produce two years of data from its RelayHealth database, Plaintiffs would like the data from June 2001 to May 2003. As Plaintiffs' counsel previously expressed to Your Honor, it is our understanding that this production will be without prejudice to Plaintiffs' ability to request this data for a larger time period should that become necessary.

Immediately after the July 3 hearing Plaintiffs' counsel advised McKesson that, should the Court order the production of RelayHealth data, McKesson should produce its third-party reimbursement data <u>together with</u> the U&C fields McKesson has already produced so that Plaintiffs may, as they have represented to the Court they wish to do, compare the U&C fields with the third-party reimbursement fields. Unless the data fields are produced together, the data will not line up and Plaintiffs' expert will not be able to do that comparison. McKesson indicated that it was considering that request. In advance of providing this letter to the Court, Plaintiffs gave a draft copy of this letter to McKesson to give it yet another opportunity to respond to that request. McKesson's counsel indicated that, because of other commitments in this case, it could not respond to Plaintiffs' request in advance of this submission.

In addition, at the supplemental hearing on Plaintiffs' Motion to Compel on July 3, the Court asked Plaintiffs' counsel whether Plaintiffs would be opposed to McKesson producing its RelayHealth data with the pharmacy information de-identified, provided that McKesson maintained a legend which McKesson could subsequently use to identify specific pharmacies should Plaintiffs need to do so. While Plaintiffs have always maintained that the concerns of McKesson and the *amicae* could be addressed by de-identifying third-party payor information rather than de-identifying pharmacy information, Plaintiffs informed the Court at the July 3 hearing that they would not object to the Court's proposed procedure.

However, since the July 3 hearing Plaintiffs' counsel have spoken with their experts who advised them that, should the pharmacy information be de-identified, Plaintiffs would not be able to

---

| Contact Information: | Jennifer Fountain Connolly<br>(312) 589-6274 Direct Dial<br>(312) 589-6275 Direct Fax<br>jfc@wtwlaw.com | 55 West Monroe Street<br>Suite 3300<br>Chicago, IL 60603 | (312) 346-2222<br>(312) 346-0022 fax<br>www.wtwlaw.com |
|---|---|---|---|

# WEXLER | TORISEVA | WALLACE

Hon. Robert B. Collings
July 14, 2008
Page 2

refute specific representations made by McKesson and its expert, Dr. Willig, regarding the U&C claims data already produced and relied on by Dr. Willig. Because that U&C claims data did not de-identify pharmacies, Dr. Willig made representations regarding what the data reflected for specific pharmacies that he discussed by name in his report. Therefore, in addition to the reasons Plaintiffs have previously expressed to the Court, Plaintiffs do not believe that the Court's alternative proposal would be feasible.

We appreciate the Court's consideration of these matters. Should Your Honor have additional questions I am available to answer them.

Respectfully,

    /s/

Jennifer Fountain Connolly
Counsel for Plaintiffs

JFC/lmv