UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>                    Plaintiffs,<br><br>         v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                    Defendants. | C.A. No. 1:05-CV-11148-PBS |

**CLASS PLAINTIFFS' EMERGENCY MOTION TO APPROVE
THE FORM OF CLASS NOTICE AND NOTICE PLAN**

## I.     INTRODUCTION

The Court has set a trial date of December 1, 2008 of the RICO claim against McKesson and a December 17, 2008 date for a final approval hearing on the FDB/Medispan settlement.

In order to meet those dates publication of the appropriate notices must begin Monday, July 21, 2008. Thus Plaintiffs ask the Court to approve the notice and plan by Friday if possible.

The form of the long form (mailed notice) has been agreed to by all parties (McKesson, FDB, Medispan and Class Plaintiffs).[1]

The only dispute is between McKesson and the remaining parties on the form of the published notice. As explained below, Class Plaintiffs after consultation with their notice expert, believe that a combined notice of the FDB/Medispan settlement with the notice of pendency regarding the McKesson action is the simplest and clearest form of notice. McKesson proposes two separate published notices which would be confusing and would increase publication costs.

McKesson has requested a full three days from today to respond on the simple dispute of the issue of the published notice. Plaintiffs suggest McKesson should respond by noon on Thursday. McKesson has known of the dispute since Monday and requiring a response by Thursday will allow McKesson almost four days to file a response on the single disputed issue. Surely a law firm of Morrison & Foerster's size and resources can do so. Plaintiffs will reply by Friday morning.

This motion is supported by the Declaration of Katherine Kinsella and the Declaration of Steve W. Berman.

---

[1] A copy of the FDB/Medispan long form is attached as Exhibit A to the Declaration of Steve W. Berman in Support of Class Notice ("Berman Decl."). A copy of the McKesson mailed notice is attached as Exhibit B to the Berman Decl.

## II.   SUMMARY OF NOTICE PLAN

The proposed plan of notice has been prepared by Kinsella/Novak ("KN") a nationally recognized expert in the field of class notice. The program includes direct notice and for consumers publication and internet banner ads.[2] KN estimates that the plan will reach 71.41% of prescription drug users 1.83 times (Kinsella Decl., ¶ 27) resulting in 64,823,000 persons seeing the notice. This is without measuring the reach on internet notice methods. *Id*. at ¶ 19.

Internet publication efforts will include banner advertising in areas spanning a cross section of consumer used internet sites including AOL and Yahoo as well as health related sites. *Id.* at ¶ 26.

A draft of the Notice Plan was sent to all parties and no objection was received.

## III.   THE DISPUTE – THE FORM OF THE PUBLISHED NOTICE

### A.   The Combined Notice

Plaintiffs propose that the published notice provide class members with information about the settlement and the pendency of the McKesson case in one easy to read document.[3] Plaintiffs' notice expert agrees that one notice will be less confusing for a consumer than having that consumer read about the same case twice in the same publication:

> Although *FDB/Medi-Span* is a settlement and *McKesson* is a class certification, it is my opinion that the combined notices as proposed clearly inform class members about the litigation and their rights.
>
> a)   The class actions are sufficiently related in terms of issues, claims, brand-name drugs and defenses. The integrated and related roles of FDB and McKesson in the alleged

---

[2] *See* Notice Plan at p. 3; Declaration of Katherine Kinsella in Support of Class Notice ("Kinsella Decl.") at ¶ 27.

[3] The proposed form of published notice to be placed in the consumer oriented publications and media is attached as Exhibit C to the Berman Decl. The form of the published notice directed to TPPs is attached as Exhibit D to the Berman Decl.

- 2 -

> conspiracy to inflate the AWP for the same brand-name drugs with Medi-Span playing a supporting explained together in is one story that is appropriate and comprehensive.
>
> b) I would be concerned that two different notices running in the same issues of publication – which would be necessary given the schedules in both cases – would be more confusing to potential class members than treating the related class actions in one notice.[4]

Dr. Kinsella also is of the opinion that the combined notice serves the essential function of a published notice:

> It is important to note that the role of publication notice is to alert class members to their potential involvement in class action litigation. It is the first step to obtaining complete information on the litigation and class members rights. The combined publication notice serves this purpose with simplicity and allows the class member to view or receive the detailed information in the long form notices.[5]

McKesson did not proffer in the course of negotiations the opinion of any expert in support of its position that a combination notice was not proper.

Second, Plaintiffs recognized that they could save the classes money that will come out of any settlement or trial verdict, if they combined the FDB settlement notice with the McKesson notice and FDB agreed to pay one-half of the joint notice costs. McKesson's proposal would eliminate the savings as it would require two placements in each publication and would increase the costs of notice.

**B.    McKesson's Proposed Combined Form of Published Notice Should Not be Approved**

McKesson did propose a form of the combined notice in the event the Court agreed that this was a proper method of publication.

---

[4] Kinsella Decl., ¶ 32 (italics in original)

[5] *Id*. at ¶ 33.

Plaintiffs submit that the Court should not accept McKesson's proposed notice. The purpose of a published notice is simply to provide a basic and simple amount of information:

> The published notice should give class members access to more detailed and ongoing information by providing telephone numbers and Internet access.[6]

The basic information is provided in Class Plaintiffs' proposal such that any interested class member can then obtain the detailed long form of notice. McKesson's four page proposal is too detailed, would turn off consumers with its legalistic and turgid language and should be rejected. It is also unsupported by any expert opinion. Granted Plaintiffs' proposed published notice does not contain every detail McKesson would like, but it serves the purpose of inviting class members to learn more. It also is in simple plain English as the Federal Judicial Center encourages in such notices.

### IV.   CONCLUSION

Plaintiffs apologize for the short time period for consideration of this narrow issue and ask that the Court approve the submitted notices and Notice Plan. (McKesson had drafts of the notices, some over two weeks ago, and took until the close of business last Thursday to give its first response.)

DATED: July 15, 2008

By   **/s/ Steve W. Berman**
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO# 567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

---

[6] MANUAL FOR COMPLEX LITIGATION, FOURTH 21.311 at p. 415.

Steve W. Berman
Sean R. Matt
Nicholas Styant-Browne
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Co-Lead Counsel for Plaintiffs

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

Attorneys for Plaintiffs

- 5 -

- 6 -

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 15, 2008.

                   /s/ **Steve W. Berman**
                    Steve W. Berman