# United States District Court
# District of Massachusetts

NEW ENGLAND CARPENTERS
    HEALTH BENEFITS FUND, ET AL.,
        Plaintiffs,

        v.                CIVIL ACTION NO. 05-11148-PBS

FIRST DATABANK, INC., ETC.,
McKESSON CORPORATION, ETC.,
        Defendants.

## *MEMORANDUM AND ORDER ON MOTION TO COMPEL PRODUCTION OF McKESSON'S RELAYHEALTH DATA (#494)*

COLLINGS, U.S.M.J.

    The Court has already decided that the information sought by the motion to compel is "relevant" to plaintiffs' claim re: the class of uninsured consumers. *See* Electronic Order entered April 18, 2008.  The only issue is whether the discovery should be denied or narrowed pursuant to Rule 26(b)(2)(C)(iii), Fed.

R. Civ. P., because, according to McKesson [Corporation][1],

> the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The Court has determined, as an initial matter, to grant more limited discovery than that which the plaintiffs seek with the understanding that the plaintiffs may seek additional RelayHealth Data if the data which is produced substantiates plaintiffs' claim. This would, in the first instance, lessen the burden of production and avoid the dispute over the identification of pharmacies but would provide the plaintiffs the data necessary to substantiate their claims before more data at more expense is produced and before a decision is made as to identifying the pharmacies and third party-payors.

Accordingly, it is ORDERED that Plaintiffs' Motion to Compel Production of McKesson's RelayHealth Data (#494) be, and the same hereby is, ALLOWED at this time to the following extent and otherwise DENIED without prejudice:

(a) McKesson shall, *on or before the close of business on Friday, August 15, 2008,* produce the RelayHealth Data sought by the plaintiffs for the years

---

[1] Hereinafter, "McKesson".

June 1, 2001 to May 31, 2003.[2]  McKesson may redact the identity of the third parties who made reimbursements to the pharmacies and may redact the identity of the pharmacies.

(b) McKesson shall bear the expense of providing the information.[3]  The Court does not award plaintiffs reimbursement for the costs and expenses in connection with prosecuting this motion.

(c)  McKesson need not produce additional documents sought by the motion because McKesson represented in open court on July 2, 2008 that they have produced all responsive documents within their possession, custody and/or control.

IT IS SO ORDERED.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date: July 17, 2008.

---

[2] This involves two fields of data in addition to the six fields which McKesson produced earlier.

[3] McKesson produced the six fields at great expense before a determination was made as to what additional fields the plaintiffs might seek.  While it is true that the plaintiffs, for a variety of reasons,  were not forthcoming with the additional fields they needed (see #543, pp. 46-48), it seems incredible that McKesson, faced with incurring this great expense, did not seek relief from the Court so that a determination could be made as to what fields would be produced and so that the expense would not have to be borne twice. See #543, pp. 22-24.  In these circumstances where McKesson could have avoided the additional cost but did not, the Court requires that they bear the cost of production.