UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ )<br>NEW ENGLAND CARPENTERS HEALTH )<br>BENEFITS FUND, PIRELLI ARMSTRONG )<br>RETIREE MEDICAL BENEFITS TRUST; )<br>TEAMSTERS HEALTH & WELFARE FUND )<br>OF PHILADELPHIA AND VICINITY; )<br>PHILADELPHIA FEDERATION OF )<br>TEACHERS HEALTH AND WELFARE )<br>FUND; DISTRICT COUNCIL 37, AFSCME - )<br>HEALTH & SECURITY PLAN; JUNE )<br>SWAN; BERNARD GORTER, SHELLY )<br>CAMPBELL and CONSTANCE JORDAN, )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　 Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　 v. 　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>FIRST DATABANK, INC., a Missouri )<br>corporation; and McKESSON )<br>CORPORATION, a Delaware corporation, )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　 Defendants. )<br>_____ ) | C.A. No. 1:05-CV-11148-PBS |

**CLASS PLAINTIFFS' SUBMISSION OF REVISED LONG FORM
(MAILED NOTICE) FOR THE FDB-MEDISPAN SETTLEMENT
AND MCKESSON NOTICE OF PENDENCY**

Class Plaintiffs have revised the proposed notices to reflect the Court's comments/concerns/instructions as expressed in Court on July 18, follows:

McKesson Notice (Exhibit A).

p. 2    Inserted a section in bold regarding the trial and exclusion dates.

FDB Notice (Exhibit B).

p. 3    Inserted a section in bold regarding the date of the fairness hearing.

p. 9    Section 7.  Inserted language as to the treatment of the funds received as part of the FDB settlement if McKesson prevails at trial.

The Court inspired changes are highlighted in yellow.

Plaintiffs believe there is no objection to these notices as submitted.

DATED:  July 21, 2008          By_____/s/ Steve W. Berman_____
                                  Thomas M. Sobol (BBO#471770)
                                  Edward Notargiacomo (BBO# 567636)
                               Hagens Berman Sobol Shapiro LLP
                               One Main Street, 4th Floor
                               Cambridge, MA  02142
                               Telephone: (617) 482-3700
                               Facsimile: (617) 482-3003

                               Steve W. Berman
                               Sean R. Matt
                               Nicholas Styant-Browne
                               Barbara A. Mahoney
                               Hagens Berman Sobol Shapiro LLP
                               1301 Fifth Avenue, Suite 2900
                               Seattle, WA  98101
                               Telephone: (206) 623-7292
                               Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Toriseva Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Co-Lead Counsel for Plaintiffs

George E. Barrett
Edmund L. Carey, Jr.
Barret, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 21, 2008.


<u>                /s/ Steve W. Berman                </u>
Steve W. Berman

001821-13  251982 V1

# EXHIBIT A

<div style="border: 1px solid black; text-align: center;">

*UNITED STATES DISTRICT COURT – DISTRICT OF MASSACHUSETTS*

## McKesson Class Action Notice

## If You Are a Consumer or Third-Party <u>Payor</u> and Paid for All or Part of Brand-Name Prescription Drugs Based on Prices Reported by First DataBank or Medi-Span

### A Class Action May Affect Your Legal Rights

</div>

*The District Court has authorized this Notice. The Court expresses no views as to the merits of Plaintiffs' claims. It is not a solicitation from a lawyer.*
*You are not being sued.*

[Spanish: For More Information On This Class Action Visit www.xxx.com]  [KK to insert]

- There is a class action lawsuit entitled *New England Carpenters Health Benefits Fund, et al. v. First Databank, Inc. and McKesson Corporation,* Case No. 05-11148-PVS, pending in federal court in Boston, Massachusetts. This lawsuit concerns how brand-name drugs are priced and may affect your legal rights.

- The lawsuit says that two Defendants, McKesson Corporation ("McKesson"), a large drug wholesaler, and First DataBank ("FDB"), a publisher of drug data, wrongfully inflated the mark-up factor used by FDB to determine what is often called the Average Wholesale Price ("AWP") for certain prescription drugs ("Subject Drugs"). AWP is a benchmark published by FDB, Medi-Span, and others and is often used in determining:

   (1) The amount Third-Party Payors (or "TPPs" which include insurance companies, union health and welfare plans and self-insured employers) will reimburse for the Subject Drugs, and

   (2) The amount of co-payments for consumers who pay a percentage (rather than a flat or fixed dollar amount) co-payment for the Subject Drugs.

   The lawsuit alleges that, as a result, TPPs and some consumers (those with percentage co-pays) overpaid for the Subject Drugs. Both companies deny any wrongdoing.

- FDB has settled this lawsuit, subject to court approval. A separate notice of the proposed FDB settlement is included with this Notice, or is available at www.AWPclassactions.com.  [KK to check web address is correct.]

<div style="float: right; border: 1px solid;">

**Deleted:** fdbmedispansettlements

**Deleted:** 001821-13 251948 V1

**Deleted:** 001821-13 251948 V1

**Formatted:** Font: 6 pt, All caps

**Formatted:** Font: 6 pt, All caps

</div>

- This Notice involves claims against McKesson. The Court has certified part of the case against McKesson that will proceed to trial as a class action ("the McKesson Class Action"). The classes are as follows:

1.    All consumers who (a) paid *percentage* co-payments for Subject Drugs based on AWP pricing between August 1, 2001 and March 15, 2005 and (b) whose prescription drug plan used FDB or Medi-Span databases for determining the AWP of the Subject Drugs are included in the McKesson Class Action ("Percentage Co-Pay Class"). *If you paid a flat or fixed co-payment or are uninsured, you are not included.*

2.    All Third-Party Payors who (a) reimbursed or paid for Subject Drugs based on AWP pricing between August 1, 2001 and March 15, 2005, and (b) used FDB or Medi-Span databases for determining the AWP of the Subject Drugs are included in the McKesson Class Action.

**Please read this Notice carefully to determine whether you should stay in the McKesson Class Action or exclude yourself. You must make a decision by Month Date Year.**

## A Summary of Your Rights and Choices:

*Your Legal Rights Are Affected Even If You Do Not Act.*
*Read This Notice Carefully.*

| You May: | | Due Date: |
|---|---|---|
| ***Remain in the Percentage Co-Pay Class or the Third-Party Payor Class.*** | ***Stay in the lawsuit*** If you are in either Class and wish to stay in the lawsuit, you do not need to do anything. You will not be able to sue McKesson for the claims in this lawsuit and will be bound by the Court's decisions. **See Question 6.** | *N/A* |
| ***Exclude Yourself*** | ***Get out of either Percentage Co-Pay or TPP Class*** You can write and ask to get out of either Class. You will not get any money or benefits that might come from a trial with McKesson, but you will keep your right to sue McKesson on your own about the claims. **See Questions 7 and 8.** | *Postmarked or E-Mailed by November 15, 2008* |
| ***Trial Date*** | The trial is now set for December 1, 2008. | |

**Formatted:** Highlight
**Deleted:** will start on

- 2 -

001821-13_251948 V1

**Deleted:** 001821-13_251948 V1
**Deleted:** 001821-13_251948 V1
**Formatted:** Font: 6 pt,
**Formatted:** Font: 6 pt, All caps

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1. Why did I get this Notice?................................................................ X
2. What is the lawsuit about?............................................................... X
3. What recovery does the action seek? ................................................ X
4. Why is this a class action?.............................................................. X
5. Who is a Class Member?................................................................. X

**REMAINING IN THE CLASS**

6. What happens if I do nothing and stay in the Percentage Co-Pay Class
   or TPP Class? ................................................................................X

**EXCLUDING YOURSELF FROM THE SETTLEMENTS CLASSES**

7. What do I do if I don't want to be in the Percentage Co-Pay Class or the
   TPP Class?....................................................................................X
8. How do I exclude myself from the Classes? ...................................... X

**THE LAWYERS REPRESENTING YOU**

9. Do I have a lawyer representing my interests in this case?................... X
10. How will the lawyers be paid?..........................................................X
11. Can I hire my own lawyer? ............................................................. X
12. When and where will the McKesson trial take place? ......................... X
13. How will I be notified about the outcome of the McKesson trial? .............. X

**GETTING MORE INFORMATION**

14. How do I register to receive notices about the case?........................... X
15. Where do I obtain more information? ............................................... X

001821-13 251948 V1

Deleted: 001821-13 251948 V1

Deleted: 001821-13 251948 V1

Formatted: Font: 6 pt,

Formatted: Font: 6 pt, All caps

## BASIC INFORMATION

### 1. Why did I get this Notice?

You received this Notice because you are a consumer or Third-Party Payor that may have paid for all or part of certain prescription drugs based on AWPs published by FDB or Medi-Span.  If so, the lawsuit may affect you.  Third-Party Payors or "TPPs" include insurance companies, union health and welfare plans, and self-insured employers.  You may also have requested this Notice after seeing the Summary Notice in a publication.

This Notice explains:

- What the lawsuit is about.
- What the lawsuit claims and McKesson's response to those claims.
- Who represents the consumers and Third-Party Payors in the lawsuit.
- What your legal rights and choices are.
- How and by when you need to act.

### 2. What is the lawsuit about?

If you have insurance, your prescription drug payments are often based on list prices, or benchmarks.  The most common pricing benchmark is often called the Average Wholesale Price or "AWP."

Several companies, including FDB and Medi-Span, publish the AWP of prescription drugs in printed and electronic databases.  During the time period of these lawsuits, FDB often determined the AWP for many drugs by using a "mark-up factor."  The lawsuit claims that FDB and McKesson unlawfully conspired to inflate the mark-up factor, thereby wrongfully increasing the published AWP for many drugs.  According to the lawsuit, this in turn, increased the prices paid by TPPs that used FDB as the source for AWP for the Subject Drugs.  A list of these drugs is attached to this Notice.  If you paid a co-payment set as a *percentage* of what the TPP paid, the lawsuit claims that your co-payment was wrongfully increased.

A related lawsuit claims that from December 2001 to April 2004, Medi-Span published its AWP for prescription drugs based on data provided to it by FDB.  As a result, the lawsuit claims that the AWP published by Medi-Span was also unlawfully inflated.  Medi-Span denies any wrongdoing.

The lawsuit was brought by several union health and welfare plans and two individual consumers (the "Plaintiffs").  The lawsuit claims that FDB and McKesson (the "Defendants") violated the federal RICO (Racketeer Influenced and Corrupt Organizations) Act and the consumer protection laws of California and other states.  In addition, the lawsuit includes claims for negligent misrepresentation and civil conspiracy.

- 4 -

001821-13_251948 V1

This Notice involves *only* the RICO claim against McKesson. The Court has certified the RICO claim as a class action ("the McKesson Class Action"). The other claims have not been certified as class actions by the Court and may be addressed by the Court at a later date. In addition, the Plaintiffs filed a separate antitrust case against McKesson based on the same facts. Those claims are not made in the McKesson Class Action.

McKesson denies any wrongdoing and denies all of the claims and contentions in Plaintiffs' lawsuit. Specifically, McKesson denies that it improperly increased AWPs or that it formed any agreement with FDB to do so. McKesson also asserts numerous defenses to Plaintiffs' lawsuit. FDB also denies any liability and has entered into a separate proposed settlement, which is the subject of a separate notice. More information about the proposed settlement terms and the FDB/Medi-Span settlement classes can be obtained at www.AWPclassactions.com. [KK to insert]

**Deleted:** fdbmedispansettlements

### 3.  What recovery does the action seek?

Recovery in the McKesson Class Action will depend upon Plaintiffs successfully proving their RICO claim. If Plaintiffs prevail on the RICO claim, class members could be awarded three times any losses they prove were caused by the increase in FDB's and Medi-Span's published AWP for the Subject Drugs.

### 4.  Why is this a class action?

In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims, seeking relief for all members of the group. Here, the "class representatives" or "Plaintiffs" are several union health and welfare plans and two individual consumers. The group as a whole is referred to as the "class" or as "class members."

The Court has determined that the RICO claim against McKesson can proceed as a class action on behalf of a Percentage Co-Pay Class and a Third-Party Payor Class as defined in Question 5 below. Therefore, all decisions made by the Court in the McKesson Class Action will affect everyone in these two classes.

### 5.  Who is a Class Member?

**The Percentage Co-Pay Class**

You are a member of the Percentage Co-Pay Class if you paid, or are obligated to pay, *a percentage co-payment* for any of the Subject Drugs under a health plan which reimbursed or paid the costs of brand-name prescription drugs based on AWP published by FDB or Medi-Span between August 1, 2001 and March 15, 2005.

**Deleted:** 001821-13 251948 V1

**Deleted:** 001821-13 251948 V1

**Formatted:** Font: 6 pt, All caps

**Formatted:** Font: 6 pt, All caps

- 5 -

001821-13 251948 V1

**The Third-Party Payor (TPP) Class**

You are a member of the Third-Party Payor Class if you are a Third-Party Payor (including an insurance company, union health and welfare plan, or self-insured employer) that:

(a) Reimbursed or paid for any of the Subject Drugs based on AWP between August 1, 2001 and March 15, 2005; and

(b) Used FDB or Medi-Span databases for determining the AWP of the Subject Drugs.

The TPP Class is certified for purposes of determining whether McKesson is liable under the RICO claim during the period August 1, 2001 through March 15, 2005. The TPP Class is also certified for purposes of determining damages, if any, owed by McKesson for the period August 1, 2001 through December 31, 2003.

**People or Entities Who are Not in the Classes**

There are a number of people and entities who are excluded from the McKesson Class Action. These include:

- The Defendants and their present or former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates;

- Insured consumers who made flat or fixed dollar amount co-payments (*e.g.*, $20 per prescription);

- Uninsured consumers who paid for prescription drugs; and

- The United States government, its officers, agents, agencies and departments; the States of the United States and their respective officers, agents, agencies and departments; and all other local governments and their officers, agents, agencies and departments.

## REMAINING IN THE CLASSES

### 6. What happens if I am a member of the Percentage Co-Pay Class or the TPP Class and do nothing?

If you are a consumer and do nothing, you will be included in the Percentage Co-Pay Class. If you are a TPP and do nothing, you will be included in the TPP Class. You will be bound by the results of the trial of the McKesson Class Action. If McKesson wins at trial, you will not recover any damages. If Plaintiffs win at trial, you may be asked to provide information about your payments for the Subject Drugs, in order to claim a portion of any recovery. In either event, you will not be able to pursue any other lawsuit against McKesson concerning or related in any way to the claims in the McKesson Class Action.

Deleted: 001821-13 251948 V1

Deleted: 001821-13 251948 V1

Formatted: Font: 6 pt,

Formatted: Font: 6 pt, All caps

001821-13 251948 V1

It is possible that the California and/or other state law claims will be tried at the same time as the McKesson Class Action. If that happens, these claims would not be tried on a class basis, but only for the named Plaintiffs.

The Plaintiffs have also brought state and federal antitrust claims against McKesson on behalf of the Percentage Co-Pay Class and the TPP Class. These claims are based on substantially the same set of facts as the McKesson Class Action. However, they have not been certified to proceed as a class action. If these facts are conclusively determined at the trial of the McKesson Class Action, these determinations may be binding on you as a member of the Percentage Co-Pay Class and the TPP Class. Any such determinations may prevent you from pursuing any antitrust claims or other claims based on payments for Subject Drugs in the future.

Your decision whether or not to stay in the McKesson Class Action is separate from your decision whether or not to exclude yourself from the proposed FDB/Medi-Span settlement classes. YOUR DECISION TO STAY IN OR OUT OF THE McKESSON CLASS ACTION DOES NOT AFFECT THE RECOVERY, IF ANY, YOU MAY BE ENTITLED TO IN THE FDB/MEDI-SPAN SETTLEMENT.

### EXCLUDING YOURSELF FROM EITHER OF THE CLASSES

### 7. What if I don't want to be in the Percentage Co-Pay Class or the TPP Class?

If you do not want to be in the Percentage Co-Pay Class or the TPP Class or you want to keep the right to sue McKesson over the same claims on your own, you must take steps to get out of the Class. This is called excluding yourself. By excluding yourself, you keep the right to pursue a lawsuit against McKesson over the claims in this lawsuit.

If you exclude yourself from the Percentage Co-Pay Class or the TPP Class, you will not be bound by the result of trial of the McKesson Class Action. That means that you will not share in any recovery if the Plaintiffs win, and will not be barred from bringing your own lawsuit if the Plaintiffs lose.

### 8. How do I exclude myself from the Classes?

You can exclude yourself from the Percentage Co-Pay Class or the TPP Class.

If you wish to be excluded from either Class, you must send a written request that includes all of the following:

- Your name, address and telephone number;
- The name and number of the lawsuit: *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, No. 05-CV-11148-PBS;

    *and*

- A statement that you want to be excluded from the McKesson Class Action.

Deleted: 001821-13 251948 V1

Deleted: 001821-13 251948 V1

Formatted: Font: 6 pt,

Formatted: Font: 6 pt, All caps

001821-13 251948 V1

All exclusion requests must either be mailed first class, **postmarked on or before November 15**, **2008,** to:

> McKesson AWP Litigation Administrator
> P.O. Box xxx [Kinsella to insert]
> City, State Zip code

or must be **emailed on or before November 15**, **2008,** to:

> McKesson AWP Litigation Administrator
> [email address] [Kinsella to insert]

Please remember that you can't exclude yourself by phone.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer representing my interests in this case?

Yes. The Court has appointed the following law firms to represent you and other Class Members:

Hagens Berman Sobol Shapiro LLP
www.hagens-berman.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
            *and*
One Main Street, 4th Floor
Cambridge, MA 02142

Wexler Toriseva Wallace LLP
www.wtwlaw.us
55 W. Monroe, Suite 3300
Chicago, IL 60603

Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901

Spector Roseman & Kodroff, PC
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

These lawyers are called Class Counsel. You won't be charged personally for these lawyers, but they will ask the Court to award them a fee. More information about Class Counsel and their experience is available at the websites listed above.

### 10. How will the lawyers be paid?

Class Counsel will request that the Court award attorneys' fees and expenses if there is a recovery in the McKesson Class Action. If that occurs, you will receive notice of the fees they seek and will have an opportunity to comment. The fees and expenses will be subject to court approval.

**Deleted:** 001821-13 251948 V1

**Deleted:** 001821-13 251948 V1

**Formatted:** Font: 6 pt,

**Formatted:** Font: 6 pt, All caps

**11.  Can I hire my own lawyer?**

If you do not choose to exclude yourself from the McKesson Class Action, you may, if you so desire, enter an appearance through counsel of your choice.  However, you will be responsible for that attorney's fees and expenses.

**12.  When and where will the McKesson trial take place?**

The Court has scheduled the trial of the McKesson Class Action to begin on December 1, 2008 at 9:00 a.m. in Courtroom 19 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, before Judge Patti Saris.  The Court may postpone the trial without additional notice.  Updated information will be posted on the litigation Website at www.xxxxxxx.com.   [Kinsella to insert]

**13.  How will I be notified about the outcome of the McKesson trial?**

Information will be posted on the litigation website as appropriate.  You can also register to receive additional information, see Question 14, below.

**GETTING MORE INFORMATION**

**14.  How do I register to receive notices about the case?**

You may register to receive further Notices about the Case.  You can register at the litigation Website www.xxxx.com   [Kinsella to insert] or by sending a letter to the Administrator at this address:

McKesson AWP Litigation Administrator, P.O. Box xxxx, City, State Zip.

**15.  Where do I obtain more information?**

Exhibits and other legal documents have been filed with the Court in this lawsuit.  You can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.  These documents will also be available on the litigation Website at www.xxxxxxx.com.  [Kinsella to insert]

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the McKesson AWP Litigation Website www.xxxx.com  [Kinsella to insert]
- Call toll free 1-xxx-xxx-xxxx (hearing impaired call 1-yyy-yyy-yyyy) [Kinsella to insert]
- Write to the McKesson AWP Litigation Administrator at PO Box xxxx, City, State Zip [Kinsella to insert]
- Email the McKesson AWP Litigation Administrator at [email address] [Kinsella to insert]

Deleted: 001821-13 251948 V1
Deleted: 001821-13 251948 V1
Formatted: Font: 6 pt,
Formatted: Font: 6 pt, All caps

- 9 -

- Contact Class Counsel at the websites listed above

001821-13 251948 V1

- 10 -

**Deleted:** 001821-13 251948 V1

**Deleted:** 001821-13 251948 V1

**Formatted:** Font: 6 pt,

**Formatted:** Font: 6 pt,
All caps

# EXHIBIT B

UNITED STATES DISTRICT COURT – DISTRICT OF MASSACHUSETTS

# Notice of FDB/Medi-Span Settlement

## If You Paid for All or Part of Prescription Drugs as a Consumer or Third-Party Payor Based on Prices Reported by First DataBank or Medi-Span

*The District Court has authorized this Notice*

[Spanish:  For More Information On This Class Action Visit www.xxx.com]  [Kinsella to insert]

There are proposed Settlements in two class action lawsuits.  The lawsuits concern how brand-name drugs are priced.

The names of the lawsuits are *New England Carpenters Health Benefits Fund v. First DataBank, Inc*., No. 1:05-CV-11148-PBS ("the FDB lawsuit"), and *D.C. 37 Health & Security Plan v. Medi-Span*, No. 07-cv-10988-PBS ("the Medi-Span lawsuit").  These cases are pending in the U.S. District Court for the District of Massachusetts.

First DataBank, Inc. ("FDB") and Medi-Span publish data sometimes known as the Average Wholesale Price ("AWP") of drugs.  The lawsuits allege that published AWP of a drug is often used in determining:

> a)  The amount Third-Party Payors (or "TPPs" including insurance companies, union health and welfare plans and self-insured employers) will reimburse for these drugs,
> b)  The amount of co-payments for consumers who pay a percentage co-pay, and
> c)  The price paid by consumers who buy brand-name prescription drugs at pharmacies and pay for it themselves.

The FDB lawsuit claims that  FDB and a large prescription drug wholesaler, McKesson, wrongfully inflated the mark-up factor used to determine the AWP that applies to numerous prescription drugs.  The lawsuit alleges that as a result, TPPs and some consumers paid more for these prescription drugs than they otherwise would have from 2001 through March 2005.

The Medi-Span lawsuit claims that Medi-Span negligently published the AWP price of prescription drugs based on information received from FDB.

FDB, McKesson and Medi-Span deny any wrongdoing.

- 1 -

001821-13 251949 V1

| Deleted: 001821-13 250814 V1 |
| Formatted: Font: 6 pt, |
| Deleted: 001821-13 251949 V1 |
| Formatted: Font: 6 pt, |
| Deleted: 001821-13 251949 V1 |

FDB and Medi-Span have entered into Proposed Settlements and have agreed to pay $1.5 million ($1 million from FDB and $500,000 from Medi-Span) into a Settlement Fund for the benefit of the Classes. Also, under the Proposed Settlements both companies agree to change what they are doing to benefit the Settlement Classes. Substantial benefits will be provided to consumers because FDB and Medi-Span will, among other things, lower the mark-up factor used to determine the AWP for hundreds of prescription drugs. Class Counsel estimate that this reduction may save consumers, insurers and TPPs substantial dollars in future prescription drug costs.

Persons or entities who paid for *all* or a *percentage* of prescription drugs costs based on AWP pricing published by FDB from January 2000 to the present or published by Medi-Span from December 2001 to the present are included in the FDB and Medi-Span Settlement Classes. If you paid a fixed co-payment, you are not included.

McKesson remains a Defendant in the FDB lawsuit. For more information about the McKesson Class Action, call xxxxx or visit www.xxxxxx.com.  [Kinsella to insert]

Deleted: 001821-13 250814 V1

Formatted: Font: 6 pt,

Deleted: 001821-13 251949 V1

Formatted: Font: 6 pt,

Deleted: 001821-13 251949 V1

- 2 -

001821-13 251949 V1

## A Summary of Your Rights and Choices:

*Your Legal Rights Are Affected Even If You Do Not Act.*
*Read This Notice Carefully.*

| There are two Classes—an FDB Class and a Medi-Span Class. You can remain in or exclude yourself from either or both. | | |
|---|---|---|
| **You May:** | | **Due Date:** |
| ***Remain in the Classes*** | ***Stay in the lawsuits*** <br> If you wish to stay in the FDB and/or Medi-Span Class(es) you do not need to do anything. You will not be able to sue FDB and/or Medi-Span for the claims in these lawsuits and you will also be bound by the Court's decisions concerning the Settlements. **See Question 8.** | <u>*N/A*</u> |
| ***Exclude Yourself*** | ***Get out of the Classes*** <br> You can write and ask to get out of one or both Class(es) and keep your right to sue FDB and/or Medi-Span on your own about the claims in the lawsuits. **See Questions 11 and 12.** *(If you previously excluded yourself from these Settlements you must do so again if you do not wish to stay in one or both Class(es).)* | <u>*Postmarked or E-Mailed by November 15, 2008*</u> |
| ***Object to the Settlements*** | ***Object or comment on the Settlements.*** <br> If you don't exclude yourself, you can appear and speak at the Fairness Hearing on your own or through your own lawyer to object or comment on the Settlements. (Class Counsel has been appointed to represent you.) **See Question 13.** | <u>*Postmarked by November 15, 2008*</u> |
| ***Fairness Hearing*** | The Court will consider whether to approve the Settlement on December 17, 2008 at 3 p.m. | |

| WHAT THIS NOTICE CONTAINS |
| :---: |

**BASIC INFORMATION**

1. Why did I get this Notice? ....................................................................... X
2. What are these lawsuits about? ............................................................... X
3. Why are these lawsuits class actions? .................................................... X
4. Why are there Proposed Settlements? ..................................................... X
5. Who are the Class Members? .............................................................. ..X
6. How do I know if I am included in the Proposed Settlements? ................................ X

**BENEFITS OF THE SETTLEMENTS — WHAT YOU GET**

7. What do the Proposed Settlements provide? ............................................. X

**REMAINING IN THE CLASS**

8. What happens if I do nothing and stay in the FDB and/or Medi-Span Class(es)? .......X
9. If I remain in one or both Class(es), what claims am I giving up? ...............................X
10. What entities am I releasing? ........................................................... X

**EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT CLASSES**

11. What do I do if I don't want to be in the Proposed Settlements? ................................X
12. How do I exclude myself from one or both Class(es)? ................................ X

**COMMENTING ON THE SETTLEMENTS**

13. May I object to or comment on the Settlements? ....................................... X
14. What is the difference between objecting to the Proposed Settlements and excluding myself from the Proposed Settlements? ................................................. X

**THE LAWYERS REPRESENTING YOU**

15. Do I have a lawyer representing my interests in these cases? .....................................X
16 How will the lawyers be paid? .............................................................X
17 Should I get my own lawyer? ...............................................................X

**THE COURT'S FINAL APPROVAL HEARINGS**

18. When and where will the Court decide on whether to grant final approval of the Proposed Settlements? ..........................................................................X
19. Must I attend the Final Approval Hearings? ...............................................X
20. May I speak at the Final Approval Hearings? ..............................................X

**GETTING MORE INFORMATION**

21. Where do I obtain more information? .................................................... X

Deleted: 001821-13 251949 V1

Deleted: 001821-13 251949 V1

Formatted: Font: 6 pt,

Formatted: Font: 6 pt, All caps

001821-13 251949 V1

## BASIC INFORMATION

| 1.  Why did I get this Notice? |
| --- |

You received this Notice because you are a consumer or TPP that might have made payments or reimbursements for prescription drugs:

- Between January 1, 2000 and the date of the Court's Final Approval of the FDB Settlement where the reimbursement, co-pay, or price was based on allegedly inflated price data published by FDB and/or

- Between December 19, 2001 and the date of the Court's Final Approval of the Medi-Span Settlement where the reimbursement, co-pay, or price was based on allegedly inflated price data published by Medi-Span.

You may also have requested this Notice after seeing the Summary Notice in a publication.  If so, the lawsuits may affect you.

This Notice explains:

- What the lawsuits and Proposed Settlements are about.
- What the lawsuits claim and what FDB and Medi-Span say about the claims.
- Who is affected by the Proposed Settlements.
- Who represents the Classes in the lawsuits.
- What your legal rights and choices are.
- How and by when you need to act.

| 2.  What are these lawsuits about? |
| --- |

The lawsuits allege that FDB and Medi-Span publish certain data related to the prices of prescription drugs in their printed and electronic databases.  Prescription drug manufacturers often report the Wholesale Acquisition Cost ("WAC") to FDB and Medi-Span.  FDB then applies a mark-up factor to the WAC to derive the AWP reported in its publications and databases.

From December 2001 into April 2004, Medi-Span published its AWP for prescription drugs based on data provided by FDB.  Next, Medi-Span applied a mark-up factor to the WAC to derive its AWP for certain drugs reported in its publications and databases. FDB and Medi-Span are not, and have never been, manufacturers, suppliers, wholesalers, distributors or sellers of prescription drugs.  FDB and Medi-Span are publishers of information.

- 5 -

Deleted: 001821-13 251949 V1

Deleted: 001821-13 251949 V1

**Formatted:** Font: 6 pt,

**Formatted:** Font: 6 pt, All caps

The published AWP of a prescription drug can be used as a factor by pharmacies to set the price of prescription drugs for uninsured consumers who pay for brand-name prescription drugs at pharmacies.  TPPs also use the AWP in determining the amount they will reimburse for these prescription drugs.  Also, the co-payments made by certain consumers, those who pay a percentage of the cost of their prescription drugs rather than a flat co-payment amount, may also be based on the same AWP data.

Plaintiffs claim:

- That in 2001, FDB and a large prescription drug wholesaler, McKesson, wrongfully inflated the mark-up factor used to determine the AWP that applies to numerous prescription drugs.  This allegedly caused members of the FDB Class (TPPs and some consumers), whose payments for prescription drugs are tied to the published AWP, to make large excess payments for those prescription drugs.

- That despite statements that it conducted surveys of wholesalers of prescription drugs to determine their AWP, FDB either failed to conduct those surveys or failed to conduct adequate surveys.

The FDB lawsuit involves claims of negligent representation, conspiracy, fraud, violation of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, and violations of consumer protection statutes.  The Medi-Span lawsuit claims that Medi-Span also negligently published inflated prescription drug prices.  The Medi-Span lawsuit involves claims of  negligent misrepresentation against Medi-Span and its parent company, Wolters Kluwer.

FDB and Medi-Span have denied any wrongdoing or responsibility.  The Proposed Settlements are not an admission of wrongdoing or an indication that any law was violated.  FDB and Medi-Span have entered into these Proposed Settlements solely to avoid further expense, inconvenience, the burden of litigation and any other present or future litigation arising out of the facts in this case.  FDB and Medi-Span wish to avoid the distractions and diversion of their personnel and resources.  They also wish to put to rest this controversy and to avoid the risks inherent in uncertain complex litigation.  The Court has not ruled on the merits of Plaintiffs' claims or on the defenses made by FDB and Medi-Span.

McKesson also denies any wrongdoing or responsibility.  The Court has certified part of the case against McKesson to proceed to trial as a class action.  A separate Notice is being distributed to members of the McKesson Class Action.  For more information about the McKesson Class Action, call xxxxx or visit www.xxxxxx.com.  [Kinsella to insert]

| | |
|---|---|
| **Deleted:** | 001821-13 251949 V1 |
| **Deleted:** | 001821-13 251949 V1 |
| **Formatted:** | Font: 6 pt, |
| **Formatted:** | Font: 6 pt, All caps |

001821-13 251949 V1

---

**3.   Why are these lawsuits class actions?**

In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims.  The people together are a "class" or "class members."  The court must determine if it will allow the lawsuit to proceed as a class action.  If it does, a trial then decides the lawsuit for everyone in the class or the parties may settle without a trial.

In these lawsuits, the Plaintiffs and FDB and Medi-Span have agreed to separate Proposed Settlements.

The Court has preliminarily approved the Proposed Settlements for individuals and entities that purchased prescription drugs based on the AWP data published by FDB and Medi-Span.  There will be Final Hearings for the Court to decide on whether to give final approval to the Proposed Settlements (see Question 18).

---

**4.   Why are there Proposed Settlements?**

A settlement is an agreement between a plaintiff and a defendant following extended negotiation.  Settlements conclude litigation but this does not mean that the court has ruled in favor of the plaintiff or the defendant.  A settlement allows both parties to avoid the cost and risk of a trial and permits both parties to establish a just, fair and final resolution that is best for all involved.

The class representatives and their attorneys decide that a settlement is the best result for all class members and the court is asked to approve the settlement as fair, reasonable and adequate.  If this Court approves the Proposed Settlements, then FDB and Medi-Span will no longer be legally responsible for the claims made in these lawsuits.

Class Counsel have engaged in extensive separate negotiations with FDB and Medi-Span regarding the issues presented in these lawsuits and the possible terms of a settlement.  FDB and Medi-Span each independently want to settle the Plaintiffs' claims in these lawsuits and Class Counsel believes each of the Proposed Settlements is fair, reasonable and adequate and in the best interests of the Classes.  The Proposed Settlements have not yet been approved by the Court.

---

**5.   Who are the Class Members?**

The FDB and Medi-Span Classes consist of all persons and entities that paid, whether directly, indirectly, or by reimbursement, for all or part of the purchase price of all prescription drugs where the price, in whole or in part, was based on AWP as further described below.

Deleted: 001821-13 251949 V1

Deleted: 001821-13 251949 V1

Formatted: Font: 6 pt,

Formatted: Font: 6 pt, All caps

- 7 -

- The purchases based on <u>FDB</u> published pricing data must have been made between January 1, 2000 and the date of Final Court Approval of the FDB Settlement.

- The purchases based on <u>Medi-Span</u> published prices must have been made between December 19, 2001 and the date of Final Court Approval of the Medi-Span Settlement.

- Any part of the purchase price, reimbursement or payment amount must have been based on the AWP published or distributed by FDB or Medi-Span.

Class Members that made flat co-payments are not included in the Classes. Also not included in the Classes are:

a) The Defendants and their present or former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates;
b) The United States government, its officers, agents, agencies and departments;
c) The States of the United States and their respective officers, agents, agencies and departments;
d) All other local governments and their officers, agents, agencies and departments; and
e) To clarify, for those entities that own or operate businesses referred to commonly as pharmacy benefit managers ("PBMs") and who as part of their business operation contract with ultimate TPP's to perform certain services in the administration and management of that prescription pharmaceutical benefit for those ultimate TPP's, the Classes include the ultimate TPPs providing the prescription drug benefit and not the PBMs with which those TPPs contract with to administer or manage that prescription benefit on behalf of the Class Members. If such PBMs are the fiduciary of the TPPs or by contract assumed, in whole or in part, the insurance risk of that prescription drug benefit during the Class Periods, then they are included in the Classes.

| **6. How do I know if I am included in the Proposed Settlements?** |
| --- |

Unless you exclude yourself as described in Question 12 of this Notice, you are a member of both Classes and will be included in the Proposed Settlements if you are:

- A consumer who paid for a prescription drug based on the AWP published by FDB or Medi-Span;

- A consumer who made a percentage co-payment for a prescription drug based on the AWP published by FDB or Medi-Span; or

- A TPP that paid or reimbursed for prescription drugs based on the AWP published by FDB or Medi-Span.

- 8 -

001821-13 251949 V1

**Deleted:** .
**Deleted:** T
**Deleted:** c
**Deleted:** n
**Deleted:** uninsured
**Deleted:** n
**Deleted:** insured
**Deleted:** 001821-13 251949 V1
**Deleted:** 001821-13 251949 V1
**Formatted:** Font: 6 pt,
**Formatted:** Font: 6 pt, All caps

A TPP is an entity that is:

    a) A party to a contract, issuer of a policy, or sponsor of a plan, *and*

    b) At risk, under such contract, policy, or plan, to pay or reimburse all or part of the cost of prescription drugs dispensed to covered persons.

TPPs include insurance companies, union health and welfare benefit plans and self-insured employers. Entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits qualify as TPPs. Private plans that cover government employees and/or retirees are also included. (For a more detailed definition of TPPs refer to the Proposed Settlement Agreements. Question 21 provides instruction on how to obtain a copy of the Proposed Settlement Agreements).

## BENEFITS OF THE PROPOSED SETTLEMENTS

### 7. What do the Proposed Settlements provide?

The Proposed Settlements provide that FDB and Medi-Span will pay a total of $1.5 million into a Settlement Fund for the benefit of the Classes and will pay some additional costs as explained in Question 16. Additionally, substantial benefits will also be provided to the Classes because FDB and Medi-Span will both lower the mark-up factor used to determine the AWP for a large number of prescription drugs for which they publish price information. This should result in reduced prices for these prescription drugs. **Class Counsel estimates that this reduction may save substantial dollars for consumers, insurance providers and TPPs.**

With respect to the $1.5 million it is anticipated by Class Counsel that if there is a recovery in the McKesson action the $1.5 million would be added to that recovery and distributed to the classes. However, if McKesson wins, the Court will have to decide an allocation of the $1.5 million. Such an allocation will favor consumers.

In addition, both FDB and Medi-Span will cooperate as outlined below in providing information on prescription drug pricing in connection with other litigation. Specifically:

    (a) FDB and Medi-Span will reduce the WAC to AWP mark-up they utilize for all prescription drugs listed on Appendix A to the Class Plaintiffs' Third Amended Complaint ("Appendix A") to 1.20. Currently, most prescription drugs on Appendix A have a WAC to AWP mark-up of greater than 1.20. As for other prescription drugs in either the FDB or Medi-Span databases that are on a mark-up factor basis and have a WAC to AWP mark up of less than 1.20, FDB and Medi-Span each agree that they shall not increase the WAC to AWP mark up for

- 9 -

Formatted: Highlight

Deleted: the

Deleted: 001821-13 251949 V1

Deleted: 001821-13 251949 V1

Formatted: Font: 6 pt,

Formatted: Font: 6 pt, All caps

those prescription drugs by reason of the adjustment on other drugs described above.

Neither FDB nor Medi-Span shall at any time thereafter increase the WAC to AWP mark up above 1.20 for the prescription drugs listed on Appendix A unless a different methodology for determining WAC, AWP or mark-ups is adopted that is verifiable. However, nothing in the Proposed Settlements restrict FDB's or Medi-Span's editorial discretion to discontinue publishing WAC, AWP or any other pricing information.

(b) FDB and Medi-Span will establish and maintain for a period of three (3) years from the Effective Date of the Settlement, at FDB's expense, a Data Room. Access will be provided in connection with any claim or potential claim brought or considered against other defendants in litigation involving prescription drug pricing and reimbursement.

(c) FDB will pay $1 million and Medi-Span will pay $500,000 into a Settlement Fund for the benefit of the Classes. The manner and method of allocating the Settlement Fund among the Settlement Class shall be determined with the approval of the Court at or about the time the above referenced litigation against McKesson Corporation is concluded. Certain other fees and expenses will be paid by FDB and Medi-Span as outlined in Section 16 of this Notice.

In addition, in connection with litigation *In re Pharmaceutical Industry Average Wholesale Price Litig.*, MDL 1456 ("AWP MDL"), FDB and Medi-Span will cooperate with and facilitate the interview of certain employees involved in the prescription drug price reporting and price data acquisition activities. FDB and Medi-Span will also make reasonable efforts to make certain employees and/or officers with relevant knowledge available for trial testimony in connection with (1) any trial of claims against the remaining defendant or defendants in this Class Action, (2) any trial in the AWP MDL.

001821-13 251949 V1

| Deleted: 001821-13 251949 V1 |
| Deleted: 001821-13 251949 V1 |
| Formatted: Font: 6 pt, |
| Formatted: Font: 6 pt, All caps |

**REMAINING IN THE CLASSES**

---

**8.  What happens if I do nothing and stay in the FDB and/or Medi-Span Class(es)?**

---

If you do nothing, you will be included in one or both Class(es).  You will be bound by the terms and conditions of the Proposed Settlements.  You will not be able to pursue any other lawsuit against FDB or Medi-Span concerning or relating to the claims alleged in these lawsuits.  *(You can remain in one or both or you can exclude yourself from one or both as outlined in Question 12.)*

If the Proposed Settlements are approved, the claims against FDB and Medi-Span will be completely "released."  This means that you cannot sue FDB or Medi-Span for money damages or other relief based on the claims in these lawsuits.

Class Members agree to forever release all claims even if they later discover new facts about the claims in these lawsuits.  This includes any claims whether known or unknown, suspected or unsuspected, contingent or non-contingent.

---

**9.  If I remain in the one or both Class(es), what claims am I giving up?**

---

The legal definition of the "Released Claims" is as follows:

"Released Claims" shall mean any and all known or unknown claims, demands, actions, suits, causes of action, damages whenever incurred whether compensatory, punitive, or exemplary, liabilities of any nature or under any theory whatsoever.  This includes costs, expenses, penalties and attorneys' fees, in law, equity, or statutory that any Class Member who did not opt-out ever had or now has, directly, representatively, derivatively or in any capacity, arising out of any conduct, events or transactions relating to the collection, calculation, formulas, mark up, determination, dissemination, publication of, and representations concerning, the AWP or BBAWP[1] or similar data published or disseminated by First DataBank, Inc. or Medi-Span electronically or otherwise for any prescription drugs.  This includes but is not limited to, the allegations contained in the action entitled *New England Carpenters Health Benefits Fund et al. v. First Databank, Inc., et al.*, Civil Action No. 1:05-CV-11148 (D. Mass.) and *D.C. 37 Health & Security Plan v. Medi-Span*, No. 07-cv-10988-PBS.

---

**10.  What entities am I releasing?**

---

The Released Entities are:

- First DataBank, Inc., its parent, subsidiaries, and affiliates and their past, present and future officers, directors, trustees, employees, agents, attorneys, shareholders, predecessors, successors and assigns; and

---

[1] BBAWP stands for Blue Book Average Wholesale Price, sometimes known as AWP.

001821-13 251949 V1

- Medi-Span, a division of Wolters Kluwer Health, Inc., its parent, subsidiaries, and affiliates and their (including Medi-Span's) past, present and future officers, directors, trustees, employees, agents, attorneys, shareholders, predecessors and assigns.

## EXCLUDING YOURSELF FROM EITHER OF THE PROPOSED SETTLEMENT CLASSES

| 11.  What do I do if I don't want to be in the Proposed Settlements? |
|---|

If you are a consumer or a TPP and you don't want to be in either Class, so that you can keep the right to sue FDB and/or Medi-Span about these claims on your own, you must take steps to get out of the Classes.  This is called excluding yourself.  By excluding yourself, you keep the right to file your own lawsuit or join another lawsuit against FDB and Medi-Span about the claims in these lawsuits.

If you exclude yourself from the Classes, you will not be in the Settlements.  However, if too many Class Members exclude themselves from the Settlements, FDB and Medi-Span can cancel the Settlement Agreements.  This means that no payments will be made to the benefit of the Classes by either FDB or Medi-Span and no one will see cost savings in the future due to these Settlements.

| 12.  How do I exclude myself from one or both Class(es)? |
|---|

You can exclude yourself from the FDB Class, the Medi-Span Class or both Classes.  *(If you previously excluded yourself from these Settlements you must do so again if you do not wish to stay in one or both Class(es).)*

If you are a consumer and wish to exclude yourself from one or both Class(es), you can send a written request that includes all the following:

- Your name, address and telephone number;
- The name and number of the lawsuit or lawsuits: *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, No. 1:05-CV-11148-PBS and/or *D.C. 37 Health & Security Plan v. Medi-Span*, No. 07-cv-10988-PBS; and
- A statement that you want to be excluded from one or both Class(es).

If you are a TPP and wish to be excluded from one or both Class(es), send a written request  that indicates the following:

- The name, address and telephone number of the TPP;
- The name and number of the lawsuit or lawsuits: *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, No. 1:05-CV-11148-PBS and/or *D.C. 37 Health & Security Plan v. Medi-Span*, No. 07-cv-10988-PBS;

- 12 -

**Deleted:** 001821-13 251949 V1

**Deleted:** 001821-13 251949 V1

**Formatted:** Font: 6 pt,

**Formatted:** Font: 6 pt, All caps

- The tax identification number for the TPP;
- A statement that the individual signing the letter is authorized to act on behalf of the TPP; and
- A statement that you want to be excluded from one or both Class(es).

If a TPP seeks to act on behalf of other TPPs for which it administers prescription drug benefits, the exclusion request must also include the tax identification numbers for each entity seeking to be excluded. It must also include a statement that the individual signing the letter has the authority to act on behalf of such entity either expressly or by contract.

All exclusion requests must either be mailed first class, **postmarked on or before November 15,** 2008, to:

> FDB/Medi-Span AWP Litigation Administrator
> P.O. Box xxx
> City, State Zip code [Kinsella to insert]

Or must be **emailed on or before November 15,** 2008, to:

> FDB/Medi-Span AWP Litigation Administrator
> [email address] [Kinsella to insert]

Please remember that you can't exclude yourself by phone.

## COMMENTING ON THE SETTLEMENTS

### 13. May I object to or comment on the Settlements?

Yes. If you have comments about, or disagree with, any aspect of the Settlements, including the requested attorneys' fees or the expense reimbursement plan, you may express your views to the Court through a written response to the Settlements. You can comment about one or both of the Settlements. The written response should include your name, address, telephone number and a brief explanation of your reasons for objection. The document **must** be signed to ensure the Court's review. The response must be postmarked no later than **November 15,** 2008 and mailed to:

> Clerk of Court
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, Massachusetts 02210

In addition, your document must clearly state that it relates to the following Civil Action Number:

> (For the FDB lawsuit) No. 1:05-CV-11148-PBS and/or
> (For the Medi-Span lawsuit) No. 07-cv-10988-PBS

- 13 -

| Deleted: 001821-13 251949 V1 |
| Deleted: 001821-13 251949 V1 |
| Formatted: Font: 6 pt, |
| Formatted: Font: 6 pt, All caps |

---

**14.  What is the difference between objecting to the Proposed Settlements and excluding myself from the Proposed Settlements?**

---

An objection to the Proposed Settlements is made when you wish to remain a member of the Classes and be subject to the Proposed Settlements but disagree with some aspect of the Settlements.  An objection allows your views to be heard in Court.

In contrast, exclusion means that you are no longer a Class Member and ultimately do not want to be subject to the Proposed Settlements' terms and conditions.  Once excluded, you lose any right to object to the Proposed Settlements or to the attorneys' fees because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

---

**15.  Do I have a lawyer representing my interests in these cases?**

---

Yes.  The Court has appointed the following law firms to represent you and other Class Members:

Hagens Berman Sobol Shapiro LLP
www.hagens-berman.com
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
         *and*
One Main Street, 4th Floor
Cambridge, MA 02142

Spector Roseman & Kodroff, PC
www.srk-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Wexler Toriseva Wallace LLP
www.wtwlaw.us
55 W. Monroe, Suite 3300
Chicago, IL 60603

Edelson & Associates LLC
45 West Court Street
Doylestown, PA 18901

- 14 -

001821-13 251949 V1

| Deleted: 001821-13 251949 V1 |
| Deleted: 001821-13 251949 V1 |
| Formatted: Font: 6 pt, |
| Formatted: Font: 6 pt, All caps |

These lawyers are called Class Counsel. You will not be charged personally for these lawyers, but they will ask the Court to award them a fee. More information about Class Counsel and their experience is available at the websites listed above.

### 16.   How will the lawyers be paid?

Class Counsel will request that the Court award attorneys' fees and expenses. The Court has appointed Class Counsel to represent everyone in the Classes. Subject to Court approval, FDB will pay Class Counsel fees not to exceed $625,000.00, expenses of $200,000.00 and $125,000.00 for the maintenance of the Data Room for a period of 3 years.

Also, subject to Court approval, FDB further agrees to pay up to $160,000.00 in third-party expert fees incurred to date by Class Counsel in connection with the overall negotiation and motion practice for this Settlement. Also included in this payment are any future third-party expenses incurred only in connection with the hearings and implementation of this Agreement, as amended, provided that FDB agrees in advance that such future third-party expenses were necessary and reasonable.

Class Counsel will also receive up to $100,000 in fees and expenses in connection with the Medi-Span Settlement.

FDB will also pay one-half of the joint notice program to all Class Members.

You may hire your own attorney, if you wish. However, you will be responsible for that attorney's fees and expenses.

### 17.   Should I get my own lawyer?

You do not need to hire your own lawyer, but if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance (*see* Question 20 to find out how to submit a Notice of Appearance). If you hire a lawyer to appear for you in the lawsuit, you will have to pay for that lawyer.

### THE COURT'S FINAL APPROVAL HEARING

### 18.   When and where will the Court decide on whether to grant final approval of the Proposed Settlements?

The Court will hold Final Approval Hearings on December 17 at 3 p.m. to consider whether the Proposed Settlements are fair, reasonable and adequate. At the Hearings, the Court will decide whether to approve the Settlements and the motion for attorneys' fees and expenses. If comments or objections have been received, the Court will consider them at this time.

- 15 -

001821-13 251949 V1

Note: The Hearings may be postponed to a different date without additional notice. Updated information will be posted on the FDB/Medi-Span AWP Litigation Web site at www.xxxxxxx.com. [Kinsella to insert]

## 19.   Must I attend the Final Approval Hearings?

Attendance is not required, even if you properly mailed a written response.   Class Counsel is prepared to answer the Court's questions on your behalf.

If you or your personal attorney still want to attend the Hearings, you may, but at your own expense.   However, it is not necessary that either of you attend.   As long as the objection was postmarked before the deadline, the Court will consider it.

## 20.   May I speak at the Final Approval Hearings?

Yes.  You may speak at the Final Approval Hearings or hire your own lawyer to speak on your behalf.  If you want your own lawyer to speak for you instead of Class Counsel at the Final Approval Hearings, you must give the Court a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuits, and that you wish to enter an appearance at the Fairness Hearings.  It also must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you.  Your "Notice of Appearance" **must** be postmarked no later than **November 15,** 2008.  You cannot speak at the Hearings if you asked to be excluded from the Settlement Classes.

The Notice of Appearance must be filed with the Court at the following address:

> Clerk of Court
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, Massachusetts 02210

The Notice of Appearance must be filed using the following Civil Action Number:

> (For the FDB lawsuit) No. 1:05-CV-11148-PBS and/or
> (For the Medi-Span lawsuit) No. 07-cv-10988-PBS

## GETTING MORE INFORMATION

## 21.   Where do I obtain more information?

More details are in the Proposed Settlement Agreements and Exhibits filed by Class Counsel as well as in the other legal documents that have been filed with the Court.  You can look at and copy these documents at any time during regular office hours at the

- 16 -

| Deleted: 001821-13 251949 V1 |
| Deleted: 001821-13 251949 V1 |
| Formatted: Font: 6 pt, |
| Formatted: Font: 6 pt, All caps |

Office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.  These documents will also be available on the FDB/Medi-Span AWP Litigation Web site at www.xxxxxxx.com [Kinsella to insert], or you can call 1-800-xxx-xxxx  [Kinsella to insert]  or write FDB/Medi-Span AWP Litigation Administrator, PO Box xxxx, City, State Zip.  [Kinsella to insert]

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the FDB/Medi-Span AWP Litigation Web site www.xxxx.com. [Kinsella to insert]
- Call toll free 1-xxx-xxx-xxxx (hearing impaired call 1-yyy-yyy-yyyy) [Kinsella to insert]
- Write to: FDB/Medi-Span AWP Litigation Administrator, PO Box xxxx, City, State Zip.  [Kinsella to insert]

**[date]**

**Deleted:** 001821-13_251949_V1

**Deleted:** 001821-13_251949_V1

**Formatted:** Font: 6 pt,

**Formatted:** Font: 6 pt, All caps