UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>     Plaintiffs,<br><br> v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>     Defendants. | Civil Action: 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris |

**MCKESSON'S PROPOSED U&C CLASS SCHEDULE**

**INTRODUCTION**

Plaintiffs moved to delay the U&C schedule only after they had filed their opening class certification brief and McKesson had filed its opposition. The grounds on which plaintiffs urged the delay were that they had not yet obtained certain data from IMS, and that Magistrate Judge Collings had not yet ruled on their motion to compel the production of insured claims data from McKesson's RelayHealth database. Both issues have now been resolved. At the July 2 status conference, plaintiffs reported that they had received the IMS data. Judge Collings ruled on the motion to compel on July 17.

On July 22, McKesson contacted plaintiffs to see if the parties could agree on a joint schedule for the remaining U&C issues. Plaintiffs responded that rather than setting a schedule now, the Court should "stay all deadlines" because Judge Collings might order production of more data in the future and to accommodate the December trial of the percentage co-pay and TPP classes. (Email from S. Berman to P. Flum (Jul. 22, 2008) (attached as Ex. A).) There is no basis for this open-ended extension. McKesson accordingly submits the following separate proposal for a schedule to complete briefing on the U&C class motion:

| Event | Previous Date | Proposed Date |
|---|---|---|
| Plaintiffs' Reply Brief | June 9, 2008 | September 26, 2008 |
| McKesson's Surreply Brief | June 30, 2008 | November 7, 2008 |
| Class Certification Hearing | To be set | November 21, 2008 |

For the reasons discussed below, McKesson's proposal allows the Court to avoid the specter of holding two trials — one for Classes 1 and 2 and a second for the U&C class. Under McKesson's proposal, the U&C class motion could be heard in November. If the Court certifies the U&C class, notice could issue while the trial of Classes 1 and 2 is proceeding, and U&C damage and causation issues could be "backfilled" later, before the Court issues findings and enters judgment. By contrast, plaintiffs' proposal virtually guarantees the need for two trials if McKesson prevails against Classes 1 and 2.

## I. McKESSON'S PROPOSED SCHEDULE ALLOWS SUFFICIENT TIME TO COMPLETE CLASS BRIEFING WHILE AVOIDING THE PROSPECT OF TWO TRIALS.

Under the schedule proposed by McKesson, plaintiffs will have six weeks from the date of the RelayHealth production to file their Reply, which is the amount of time they say Dr. Hartman needs. (*See* Ex. A.) By that time, they will have had *twelve weeks* to analyze the IMS data, and will have had *eighteen weeks* to respond to Dr. Willig's report (which is based on data they have had for more than *twenty weeks*). All of those periods are far longer than necessary, and far greater than the two weeks originally provided for the Reply in the Court's January 2 Scheduling Order.[1]

Importantly, McKesson's proposed schedule allows the Court to avoid the prospect of two trials (and the problem of one-way intervention that two trials presents). Assuming the Court were to certify the U&C class, notice could issue while the trial of Classes 1 and 2 is proceeding, and U&C-specific evidence regarding damages and causation could be "backfilled" before entry of findings and judgment, as the Court suggested at the July 2 status conference:

> If I decide there's no class certification, there's no problem. If I decide there is a class certification, the only thing that it really adds to it is what the damages are. And I just don't — it takes me three to six months — how long did it take me the last time — three to six months to write these mega things. I would just backfill in, if I found there were damages.

(July 2, 2008 Hr'g. Tr. 28:9-17.)

---

[1] While plaintiffs have attributed past delays in obtaining RelayHealth data to "McKesson's obstreperous behavior" (Pls.' Motion to Modify the U&C Scheduling Order at 1 [Docket No. 513]), the key facts are incontrovertible: Plaintiffs' January 2008 document requests improperly demanded the production of the entire "RelayHealth database." That database consists of an array of 210 hard drives holding 33 terabytes of data, and contains *billions* of transactions that are completely irrelevant to this case. On February 21, McKesson objected to this patently overbroad request, but offered to produce "mutually agreed upon U&C pricing data," and thereafter repeatedly asked plaintiffs to identify which data fields they desired. Just three days before the June 13 hearing on plaintiffs' motion to compel, and almost four months after McKesson first asked them to do so, plaintiffs finally identified the eight fields of data they desired (six of which McKesson had already produced). (*See* McKesson's Opp'n to Motion to Compel [Docket No. 498].)

II.     **THE COURT SHOULD REJECT PLAINTIFFS' PROPOSAL FOR AN OPEN-ENDED EXTENSION TO COMPLETE BRIEFING ON THE U&C CLASS MOTION.**

As justification for an open-ended extension on further U&C class briefing, plaintiffs point to a provision in Judge Collings's Order that permits them to move for additional RelayHealth data "if the data which is produced substantiates plaintiffs' claim." (July 17, 2008 Order at 2 [Docket No. 560].) But the mere possibility that Judge Collings might order additional discovery does not justify putting class briefing on indefinite hold, particularly because the declaration Dr. Hartman already submitted in support of class certification establishes that the new data will not substantiate plaintiffs' claim.

The data at issue concerns actual reimbursements paid to pharmacies on *insured* claims, rather than amounts paid by uninsured consumers. Plaintiffs have argued that this *insured* reimbursement data will establish a formulaic link between U&C prices paid by uninsured consumers and AWP. The lynchpin of plaintiffs' argument is their contention that when the AWP markup percentage increased, pharmacies uniformly raised their U&C prices by a corresponding amount for all Appendix A drugs to avoid triggering the "lesser of" provision in their reimbursement contracts with PBMs and TPPs.[2]

But Dr. Hartman has already submitted a declaration in support of class certification stating that U&C prices are set at levels that will rarely trigger "lesser of" reimbursement provisions. That declaration flatly states that "U&C *is greater* than AWP for *almost all* pharmacies." (Apr. 21, 2008 Hartman Decl. ¶ 29(a); emphasis added.) According to Dr. Hartman, "it is *extremely unlikely* that a pharmacy will charge a cash price at *less than* AWP or AWP *minus a few percent*." (*Id.* ¶ 35(a); emphasis added.) By contrast, the typical pharmacy

---

[2] Pharmacy reimbursement contracts typically provide that the reimbursement paid to the dispensing pharmacy will be at the "lesser of" the pharmacy's U&C price, or the contractual "AWP – X% + dispensing fee" rate. (*See, e.g.,* McKesson's Opp'n to Cert. of U&C Class at 7-8 [Docket No. 511].)

3

reimbursement contract sets payments for ingredient costs for brand name prescription drugs at AWP minus 13% to 17%.

McKesson agrees with Dr. Hartman that pharmacies rarely set their U&C prices at less than AWP. Indeed, discovery taken by both sides confirms that U&C prices are lower than the discounted-AWP rate on only "5 percent or less" of transactions. (Michael Cannata Dep. 44:21-45:15 (attached as Ex. 3 to May 30, 2008 Flum Decl. [Docket No. 530].) The insured reimbursement data that McKesson will produce on August 15 therefore will not substantiate plaintiffs' claim of a uniform and formulaic link between U&C and AWP, much less warrant production of additional RelayHealth data.

Plaintiffs recognize as much. Just today, we learned that plaintiffs intend to file a "motion for clarification" because they are unhappy that Judge Collings permitted McKesson, over their objection, to redact pharmacy identities from the data it will be producing. There is no reason to expect that Judge Collings will entertain plaintiffs' motion to reconsider his July 17 Order. The need to produce RelayHealth data in a way that protects the identities of pharmacies and payors was addressed over multiple rounds of briefing and at three separate hearings. Despite plaintiffs' claim to the contrary, Judge Collings's Order is perfectly clear about how the data should be de-identified before being produced:

> McKesson shall, on or before the close of business on Friday, August 15, 2008, produce the RelayHealth Data sought by the plaintiffs for the years June 1, 2001 to May 31, 2003. [n.2: This involves two fields of data in addition to the six fields which McKesson produced earlier.] McKesson *may redact* the identity of the third parties who made reimbursements to the pharmacies and *may redact* the identity of the pharmacies.

(July 17, 2008 Order at 2-3; emphasis added.)

McKesson intends to produce the additional RelayHealth data on the schedule and in the manner ordered by Judge Collings. If, in response to plaintiffs' motion, Judge Collings changes

4

his mind, this Court can revise the U&C class schedule accordingly.  In the meantime, the Court should direct the parties to complete briefing on the schedule proposed by McKesson.[3]

## CONCLUSION

For all the foregoing reasons, McKesson requests that the Court adopt its proposed schedule for the remaining briefing on the pending motion to certify a U&C class.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
Melvin R. Goldman (*pro hac vice*)
James P. Bennett (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice)*
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Email:  LSchechter@mofo.com
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Stephen E. Hughes
Bonner Kiernan Trebach & Crociata
200 Portland Street
Suite 400
Boston, MA 02114
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated:  July 29, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on July 29, 2008.

/s/ Lori A. Schechter
Lori A. Schechter

---

[3]  Indeed, to ensure that plaintiffs' "motion for clarification" does not cause a further delay in the U&C class proceedings, McKesson suggested that plaintiffs ask Judge Collings to address their motion on an expedited basis.  Plaintiffs refused.  (Email from P. Flum to B. Mahoney (Jul. 29, 2008) (attached as Ex. B).)

5

# Exhibit A

Case 1:05-cv-11148-PBS    Document 567-2    Filed 07/29/2008    Page 1 of 4

**From:** Flum, Paul
**Sent:** Wednesday, July 23, 2008 12:18 PM
**To:** Steve Berman
**Subject:** RE: U&C schedule

Steve,

There doesn't have to be a catfight just because we don't agree on the U&C schedule.  Judge Saris asked us to file proposed "cross-schedules" within a week after the Magistrate ruled.  Since you're out of pocket Wednesday and Thursday, let's do simultaneous filings on Tuesday the 29th.

Paul

---

**From:** Steve Berman [mailto:Steve@hbsslaw.com]
**Sent:** July 22, 2008 4:24 PM
**To:** Flum, Paul
**Subject:** RE: U&C schedule

this is kind of silly Paul. the notice has just started for the non uc class. we haven't received the data on the new class.  we have the right to make a showing to get more data. at best we are talking October for the reply. the court indicated it would be months for her to rule so there is no way to have a decision by dec 1 let alone notice this new class in time for a dec 1 trial.

but if you insist on his futile course and another round of briefing on a scheduling issue (you guys make us yearn for the 22 groups of defense lawyers in awp it was much easier)  we have learned is not worth trying to persuade McKesson otherwise and I guess another cat fight must be the result

-
at nay rate I am out of pocket for medical reasons Wednesday and Thursday as the court knows so if McKesson files Thursday please indicate plaintiffs will respond on Tuesday 7.29.

Steve W. Berman
**Hagens Berman Sobol Shapiro**
**1301 Fifth Ave, Suite 2900**
**Seattle WA 98101**
**206.224.9320**
**Steve@hbsslaw.com**



---

**From:** Flum, Paul [mailto:PaulFlum@mofo.com]
**Sent:** Tuesday, July 22, 2008 2:07 PM
**To:** Steve Berman
**Subject:** RE: U&C schedule

Six weeks after receiving the additional RelayHealth data is more than enough time for plaintiffs to get a reply on file.  Your suggestion to stay all U&C deadlines virtually guarantees two trials, which is what Judge Saris

has said she does not want to do.  Since we don't agree on a schedule, both sides should file their separate proposals this Thursday, per the Court's instructions at the July 2 status conference.

---

**From:** Steve Berman [mailto:Steve@hbsslaw.com]
**Sent:** July 22, 2008 11:22 AM
**To:** Flum, Paul
**Subject:** FW: U&C schedule

**Ray needs six weeks from the date we receive useable data to analyze it, and with McK's track record we cannot assume that production means they are readily useable and it may take some time to agree or disagree on that.  Also J. Collings' order allows us to obtain more data once we establish that the initial 2-year production substantiates our claim. This may take a while to play out. We suggest that we ask the Court to stay all deadlines until we have all the data we are entitled to and then we can attempt to work out a mutually acceptable schedule. Right now there are to many unknowns to fix dates.**

 **We may also need to make adjustments to the schedule to account for the trial in the main case.**

Steve W. Berman
**Hagens Berman Sobol Shapiro
1301 Fifth Ave, Suite 2900
Seattle WA 98101
206.224.9320
Steve@hbsslaw.com**



================================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
================================================================================

**From:** Flum, Paul
**Sent:** Tuesday, July 22, 2008 10:48 AM
**To:** Steve Berman
**Subject:** U&C schedule

Steve,

Per Judge Saris's request at the July 2 status conference, the parties are supposed to file scheduling proposals for the U&C track within a week of the Magistrate's ruling on plaintiffs' motion to compel RelayHealth data, i.e., by this Thursday, July 24.  When do plaintiffs propose filing their U&C class reply (assuming that we produce the data specified by the Magistrate on August 15, as ordered)?

We also think that, at this point, it makes sense to defer U&C expert discovery — reports and depositions — and summary judgment until after the ruling on the U&C class motion.  Do you agree?

Paul

# Exhibit B

**From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
**Sent:** July 29, 2008 11:57 AM
**To:** Flum, Paul; Jennifer Connolly
**Subject:** RE: motion for clarification

Paul,
We do not agree to your conditions and will advise the Court of your objection to our motion.

Barbara

---

**From:** Flum, Paul [mailto:PaulFlum@mofo.com]
**Sent:** Tuesday, July 29, 2008 10:55 AM
**To:** Barbara Mahoney; Jennifer Connolly
**Subject:** RE: motion for clarification

Barbara,

All the points plaintiffs have raised since Judge Collings issued his July 17 Order were addressed in multiple rounds of briefing and over the course of three hearings.  We believe Judge Collings' order is clear, andintend to produce RelayHealth data on August 15, with pharmacy IDs and zip codes redacted, as ordered.  We will not object to plaintiffs' filing a motion for clarification, so long as you agree to file it as an emergency motion with no reply or surreply, to avoid further delay.

Paul

---

**From:** Barbara Mahoney [mailto:barbaram@hbsslaw.com]
**Sent:** July 29, 2008 8:32 AM
**To:** Flum, Paul; Jennifer Connolly
**Subject:** motion for clarification

Paul,
We intend filing a motion for clarification to resolve outstanding issues pertaining to the production of the RelayHealth data.  Please let us know if you object to the motion.

Barbara

===============================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to

=============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

=============================================================================