UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
NEW ENGLAND CARPENTERS HEALTH       )
BENEFITS FUND, et al.               )
          Plaintiffs,               )
                                    )
          v.                        )   CIVIL ACTION NO. 05-11148-PBS
                                    )
FIRST DATABANK, INC. and            )
McKESSON CORPORATION,               )
          Defendants.               )
                                    )
```

**MEMORANDUM AND ORDER**

August 7, 2008

Saris, U.S.D.J.

In this proposed national class action, plaintiffs allege that First DataBank, Inc. and McKesson Corporation engaged in a racketeering enterprise to fraudulently state the "average wholesale price" ("AWP") for numerous prescription pharmaceuticals beginning in late 2001, in violation of 18 U.S.C. § 1964 and California state law.

Plaintiffs have moved to certify under Fed. R. Civ. P. 23(b)(3) a class of uninsured consumers who paid the "usual and customary" price for the marked-up pharmaceuticals during the proposed class period (the "U&C Class").[1]  (Docket No. 486). Defendant McKesson has filed an opposition.  (Docket No. 511).

---

[1] The Court has previously certified a class of consumers who paid a percentage co-pay for the drugs (the "Co-Pay Class") and a class of third party payors who made reimbursements for the drugs (the "TPP Class").

In the interim, plaintiffs have sought additional discovery to show how the inflation in AWP spreads caused by the allegedly unlawful scheme increased the usual and customary price of drugs at retail pharmacies, and thus damaged the U&C Class. For the Co-Pay and TPP Classes, AWP was a contract term and, thus, any inflation in AWP would affect the prices paid by the class members. In contrast, it is unclear whether AWP affects the usual and customary prices of pharmaceuticals sold by retail pharmacies, and whether any increase in price can be proven on a common basis. Accordingly, plaintiffs have delayed filing a reply to McKesson's opposition until they receive the discovery they seek. (See Docket No. 568 (seeking stay of briefing scheduling until discovery issues are resolved)). Discovery efforts are ongoing. (See Docket No. 569 (motion seeking clarification on magistrate judge's order to compel production of data)).

The Court has scheduled a trial for the Co-Pay and TPP Classes for December 1, 2008. The parties agree that full briefing on and disposition of U&C class certification would be difficult, if not impossible, to do in time to try the U&C Class with the other two classes. Given these scheduling realities, the Court finds that the better approach is to deny the plaintiffs' motion, without prejudice, and allow plaintiffs to refile a motion to certify the U&C Class after they have resolved all discovery issues if their theory is supported by the data.

Cf. In re New Motor Vehicles Can. Export Antitrust Litig., 522 F.3d 6, 26-27 (1st Cir. 2008) ("Indeed, it is not uncommon to defer final decision on certifications pending completion of relevant discovery.") (citation omitted).  Accordingly, plaintiffs' motion to certify the U&C Class [Docket No. 486] is **DENIED** without prejudice.

                                                                **S/PATTI B. SARIS**
                                                         United States District Judge