UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN,<br><br>               Plaintiffs,<br><br>   v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation,<br><br>               Defendants. | Civil Action:  1:05-CV-11148-PBS<br><br>Judge Patti B. Saris<br><br>Trial Date: December 1, 2008 |

**MCKESSON CORPORATION'S MOTION TO**
**COMPEL COMPLIANCE WITH SUBPOENA TO KIMBERLY MCDONOUGH**

# INTRODUCTION

McKesson Corporation moves to compel plaintiffs' testifying expert, Dr. Kimberly McDonough, to produce documents on which she relied in forming her expert opinions.

Dr. McDonough provides pharmacy benefit consulting services to third-party payors ("TPPs") that contract with pharmacy benefit managers ("PBMs"). In her expert report, Dr. McDonough opines that because "contracts between TPPs and PBMs are written for a term of three years," members of the plaintiff class were contractually locked into higher prices caused by the alleged scheme to increase AWP/WAC ratios. Judge Saris relied on this opinion in her March 2008 class certification order. Order Regarding Class Certification at 9-10 (Mar. 19, 2008) (Docket No. 466). Although Dr. McDonough's reports expressly state that she relied on her review of "over 100 PBM contracts and RFPs" in reaching this opinion, she has refused to produce these contracts in response to McKesson's subpoena.

Dr. McDonough also opines that TPPs "did not receive offsets to cover" the increases in AWP/WAC ratios that occurred in 2002. Her expert reports disclose that she bases this opinion, in part, on assessments that compare "the current AWP to WAC ratio for drug expenditures to the AWP to WAC ratios for these same drugs in 2001." Dr. McDonough has likewise refused to produce these documents.

# ARGUMENT

I.  **DR. MCDONOUGH MUST PRODUCE THE MATERIALS SHE RELIED ON IN FORMING HER EXPERT OPINIONS.**

    A.  **Dr. McDonough's Expert Reports State that She Relied on the Documents She Is Now Refusing to Produce.**

Dr. McDonough's expert testimony expressly relies on the contracts and RFP documents that she now refuses to produce in response to McKesson's subpoena.[1] Her expert report acknowledges as much:

---

[1] McKesson requested Dr. McDonough to produce (1) "[t]he 'over 100 PBM contracts and RFPs'" she reviewed (Request No. 3); and (2) the "analyses or evaluations" that were "conducted concerning WAC to AWP ratios" (Request No. 4). See Flum Decl. Ex. B, McKesson's Subpoena to Dr. McDonough.

sf-2559824                                            1

> My report is based on my vast professional experiences as a clinician and administrator in the health insurance and PBM industries, my review of relevant industry publications, as well as the experience and knowledge that I have gained over the past eleven years as a consultant. ***I have reviewed and/or negotiated over a hundred contracts between pharmacy benefit managers (PBMs) and TPPs for audit or RFP purposes and use this first-hand knowledge of these contracts in reaching my conclusions.***

Flum Decl. Ex. A, Expert Report of Kimberly P. McDonough, Sept. 14, 2007 ("Sept. Rep.") at 4. Dr. McDonough confirms her reliance on these contracts and RFP documents three more times in her expert submissions. *See id*. at 10-11; Rebuttal Report of Dr. Kimberly P. McDonough, October 29, 2007 ("Rebuttal Rep.") at 2 ("My testimony regarding the duration of PBM contracts is based on . . . my review of contracts and proposed contract terms") (Docket No. 347); Tutorial Presentation and Demonstratives of Dr. Kimberly McDonough at 9 ("Of all of the PBM contracts I have reviewed, the vast majority of them are for a term of three years.") (Docket No. 349.)

According to Dr. McDonough, these contract terms support her opinion that TPPs had limited ability to change their PBM contracts to offset higher AWP markups. *See* Flum Decl. Ex. A, Sept. Rep. at 10-11. Specifically, Dr. McDonough relies on these PBM-TPP contracts in asserting

- that "[o]verwhelmingly, contracts between TPPs and PBMs are written for a term of three years, often with automated renewal provisions;"
- that most contracts limit early termination provisions "to circumstances in which a party fails to perform or engages in an act that constitutes breach;" and
- that "most PBM contracts renew in January."

*Id*.

Similarly, Dr. McDonough's expert opinions in this case rely on analyses and evaluations of AWP to WAC ratios conducted for her clients. Dr. McDonough states that her firm compared

> the current AWP to WAC ratio for drugs [sic] expenditures to the AWP to WAC ratios for these same drugs in 2001. ***By doing so we are able to determine if the AWP discounts currently offered***

> *by the PBM sufficiently offset the AWP price increases incurred as a result of the change in AWP to WAC ratio at issue in this case.*

Rebuttal Rep. at 3-4 (emphasis added). A key conclusion in Dr. McDonough's expert report is that PBM discounts did not sufficiently offset these AWP price increases. *See* Flum Decl. Ex. A, Sept. Rep. at 14. (TPPs "did not receive offsets to cover the AWP bump.")

### B. Rule 26 Requires Production of An Expert's Reliance Materials.

Rule 26(a)(2) requires the disclosure of "the data or other information considered by" the expert in forming her opinions. Fed. R. Civ. P. 26(a)(2). Thus, the "disclosure of factual materials…whether considered or relied on by an expert" is required under the rule. *Nexxus Prods. Co. v. CVS New York, Inc.*, 188 F.R.D. 7, 10 (D. Mass. 1999); *see also Vitalo v. Cabot Corp.*, 212 F.R.D. 472, 474 (E.D. Pa. 2002) (holding that plaintiffs must produce the materials used by their experts); *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 289 (E.D. Va. 2001) ("materials reviewed by a testifying expert must be preserved and eventually produced to the opposing party"). These factual disclosures permit a party to test whether an expert has applied a "reliable mode of analysis" to "sufficient facts or data" in reaching her opinions. *Trigon*, 204 F.R.D. at 290 (internal quotations omitted).

Dr. McDonough not only considered the documents sought by this motion, she expressly relied on them. Rule 26 requires that she produce these documents to allow McKesson to test her opinions at trial, which is set for December 1, 2008.

### II. NONE OF DR. MCDONOUGH'S OBJECTIONS EXCUSE HER OBLIGATION TO PRODUCE THE DOCUMENTS SHE RELIED UPON.

First, Dr. McDonough objects that McKesson's requests are oppressive and unduly burdensome. *See* Flum Decl. Ex. C, Objections of Kimberly McDonough, R. Ph., to Document Requests in July 25, 2008 Subpoena from Defendant McKesson Corporation. Dr. McDonough cannot meet her "heavy burden" of supporting an objection on these grounds. *See Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998); *Klein v. AIG Trading Group, Inc.*, 228 F.R.D. 418, 422 (D. Conn. 2005) (conclusory recitation of "overbreadth" is insufficient). Here,

sf-2559824                                   3

McKesson's subpoena is narrowly drawn to target the documents on which Dr. McDonough expressly relied in forming her expert opinions. Given McKesson's need to review these documents to effectively evaluate Dr. McDonough's mode of analysis and the basis for her opinions, there is no undue burden. *See Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008) (rejecting undue burden objection after considering "the relevance of the documents sought, the necessity of the documents sought, the breadth of the request…expense and inconvenience") (internal quotations omitted).

Second, Dr. McDonough objects that the requested documents were reviewed in her professional experience and not when forming her expert opinions. This assertion is directly contradicted by the plain language of Dr. McDonough's own reports. *See, e.g.,* Sept. Rep. at 4 ("I have reviewed and/or negotiated over a hundred contracts between pharmacy benefit managers (PBMs) and TPPs for audit or RFP purposes and **use this first-hand knowledge of these contracts in reaching my conclusions**.") (emphasis added). In any event, an expert's statement that certain materials were not considered in forming the expert's opinions is "hardly convincing" as it "could become too easy a dodge." *In re Comm'l Money Ctr., Inc.*, 248 F.R.D. 532, 540 (N.D. Ohio 2008) (internal quotations omitted).

Third, Dr. McDonough objects that McKesson seeks confidential information. This objection does not excuse production under the Federal Rules. *See* Fed. R. Civ. P. 26 (c)(1)(G) (confidential information may be disclosed under specified conditions); *ITT Electro-Optical Prods. Division of ITT Corp. v. Electronic Technology Corp.*, 161 F.R.D. 228 (D. Mass. 1995) (compelling production of confidential information pursuant to a protective order). The protective order in the underlying litigation adequately protects the requested information from disclosure outside of the case.[2]

---

[2] As McKesson previously represented to plaintiffs' counsel, to the extent that Dr. McDonough is concerned about disclosing the names of her clients in the analyses of AWP/WAC ratios, McKesson will accept copies of these documents with client names redacted.

Fourth, Dr. McDonough objects that McKesson seeks to supplement discovery of absent class members that McKesson can no longer seek directly. There is no basis for this objection. McKesson's subpoena is specifically directed to the contracts, RFPs, and WAC-AWP analyses that Dr. McDonough relied on in forming her expert opinions.

Finally, Dr. McDonough objects that McKesson's request for contracts and RFPs is duplicative because PBM documents have been produced in this litigation by other parties. Although some contracts between TPPs and PBMs were produced in this case by other sources, they are not the same contracts that Dr. McDonough relied on in forming her opinions. McKesson is entitled to the contracts and RFPs actually reviewed by Dr. McDonough. *See Trigon*, 204 F.R.D. at 290.

## CONCLUSION

Dr. McDonough should be ordered to promptly produce the contracts, RFPs, and analyses that she expressly relied upon in forming her expert opinions.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Paul Flum
Melvin R. Goldman (*pro hac vice*)
Lori A. Schechter (*pro hac vice*)
Paul Flum (*pro hac vice*)
Tiffany Cheung (*pro hac vice*)
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Email: PaulFlum@mofo.com
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

John Kiernan
Stephen E. Hughes
Bonner Kiernan Trebach & Crociata
200 Portland Street
Suite 400
Boston, MA 02114
Telephone: (617) 426-3900
Facsimile: (617) 426-0380

Dated: August 18, 2008

**APPENDIX REGARDING EACH DISPUTED REQUEST**
**PURSUANT TO LOCAL RULE 37.1**

**DOCUMENT REQUEST NO. 3:**

The "over 100 PBM contracts and RFPs" referenced on page 10 of the September 14, 2007 Expert Report of Kimberly P. McDonough.

**RESPONSE TO REQUEST NO. 3**

Dr. McDonough objects to this Request as oppressive and unduly burdensome. She also objects it (sic)on the grounds that it seeks documents reviewed in her professional experience and therefore not reviewed when forming her expert opinions. Dr. McDonough further objects to this Request on the grounds that it seeks confidential information from her clients or the clients of Advanced Pharmacy Concepts that are not subject to discovery simply because Dr. McDonough has been retained as an expert in this litigation. Dr. McDonough likewise objects to this Request on the grounds that it is duplicative, as hundreds of PBM documents have been produced in This Litigation. Finally, Dr. McDonough objects to this Request on the grounds that it improperly seeks to supplement discovery of absent class members that McKesson can no longer seek directly.

**DOCUMENT REQUEST NO. 4:**

All documents concerning all analyses or evaluations you or Advanced Pharmacy Concepts has conducted concerning WAC to AWP ratios, including the assessment referenced in the Rebuttal Report of Dr. Kimberly P. McDonough at pages 3-4.

**RESPONSE TO REQUEST NO. 4:**

Dr. McDonough objects to this Request as oppressive and unduly burdensome. She also objects it (sic) on the grounds that it seeks documents reviewed in her professional experience and therefore not reviewed when forming her expert opinions. Dr. McDonough further objects to this Request on the grounds that it seeks confidential information from her clients or the clients of Advanced Pharmacy Concepts that are not subject to discovery simply because Dr. McDonough has been retained as an expert in this litigation. Finally, Dr. McDonough objects to this Request on the grounds that it improperly seeks to supplement discovery of absent class members that McKesson can no longer seek directly. Subject to and without waiving these objections or her General Objections, Dr. McDonough will produce all responsive documents considered by her in forming her opinions.

## REQUEST FOR ORAL ARGUMENT

Defendant McKesson Corporation believes that oral argument will assist the Court in deciding this motion, and respectfully requests that the Court hear oral argument on this motion.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Paul Flum, counsel of record for defendant McKesson Corporation, hereby certify that McKesson's counsel conferred with counsel for plaintiffs in an effort to resolve the issue referred to in this motion, and that the parties were unable to reach agreement with respect to this motion.

/s/ Paul Flum
Paul Flum

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on August 18, 2008.

/s/ Paul Flum
Paul Flum