UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER; SHELLY CAMPBELL and CONSTANCE JORDAN, <br><br>    Plaintiffs, <br><br>    v. <br><br> FIRST DATABANK, INC., a Missouri corporation, and McKESSON CORPORATION, a Delaware corporation, <br><br>    Defendants. | Civil Action:  1:05-CV-11148-PBS <br><br> Judge Patti B. Saris <br><br> Trial Date: December 1, 2008 |

## DECLARATION OF PAUL FLUM

I, Paul Flum, declare as follows:

1.      I am a partner in the law firm of Morrison & Foerster and one of the attorneys of record for McKesson Corporation ("McKesson") in this action.  I submit this declaration in support of McKesson's Motion to Compel Compliance with Subpoena to Kimberly McDonough.

2.      In an attempt to resolve the dispute at issue in this motion, I participated in a telephonic discovery conference with plaintiffs' counsel, Jennifer Connolly, on August 11, 2008.

During this conference, the parties discussed Request Nos. 2, 3, and 4 of McKesson's subpoena to Dr. McDonough.

      3.      With respect to Request No. 2, plaintiffs' counsel represented that Dr. McDonough did not possess any responsive documents.

      4.      Request No. 3 seeks "[t]he 'over 100 PBM contracts and RFPs' referenced on page 10 of the September 14, 2007 Expert Report of Kimberly P. McDonough." Plaintiffs' counsel stated that Dr. McDonough was standing on her objections and would not produce any documents in response to this request.

      5.      Request No. 4 seeks "[a]ll documents concerning all analyses or evaluations you or Advanced Pharmacy Concepts has conducted concerning WAC to AWP ratios, including the assessment referenced in the Rebuttal Report of Dr. Kimberly P. McDonough at pages 3-4." McKesson agreed to limit this request to the analyses or evaluations concerning WAC to AWP ratios and agreed to accept copies in which client names were redacted. Plaintiffs' counsel represented that she would check with Dr. McDonough and respond to McKesson's compromise proposal. To date, McKesson has received no response from plaintiffs' counsel.

      6.      True and correct copies of the following documents are attached as exhibits to this declaration:

| | |
|---|---|
| Exhibit A | Expert Report of Kimberly P. McDonough, dated September 14, 2007 |
| Exhibit B | Subpoena and document requests to Kimberly McDonough |
| Exhibit C | Objections of Kimberly McDonough R. Ph. to Document Requests in July 25, 2008 Subpoena from Defendant McKesson Corporation, dated July 30, 2008 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of August 2008, in San Francisco, CA.

/s/ Paul Flum
Paul Flum

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on August 18, 2008.

/s/ Paul Flum
Paul Flum

Exhibit A

# Exhibit A Is Filed Under Seal

(See Docket Nos. 329 and 330 and Electronic Order dated January 3, 2008)

Exhibit B

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF  MASSACHUSETTS

NEW ENGLAND CARPENTERS HEALTH BENEFITS
FUND, ET AL,
V.
FIRST DATABANK, INC. AND MCKESSON
CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05-CV-11148-PBS
DISTRICT OF MASSACHUSETTS

TO: Kimberly P. McDonough
6899 Post Road
N. Kingstown, RI 02852

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Bonner Kiernan Trebach & Crociata<br>200 Portland Street Suite 400, Boston MA 02114 | DATE AND TIME<br>September 4, 2008, 9:30 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please see attached Exhibit A.

| PLACE<br>Bonner Kiernan Trebach & Crociata<br>200 Portland Street Suite 400, Boston MA 02114 | DATE AND TIME<br>August 21, 2008, 9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant McKesson Corporation | DATE<br>July 28, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Paul Flum, Morrison & Foerster LLP
425 Market St., San Francisco, Ca  94105-2482; (415) 268-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|
| | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## EXHIBIT A

## DEFINITIONS

The terms used in these requests, whether or not capitalized, are defined as follows:

1.　　"All documents" means every Document (as defined herein) and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in your possession, custody, or the possession, custody, or control of your merged or acquired predecessors, your former and present directors, officers, counsel, agents, employees, and/or persons acting on your behalf.

2.　　"Complaint" means the Third Amended Class Action Complaint filed in this action on November 6, 2007.

3.　　"AWP" or "Average Wholesale Price" means the price for drugs as periodically published by several pharmaceutical industry compendia, including the Drug Topics Red Book (the "Red Book"), American Druggist First Databank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book") and Medi-Span's Master Drug Database ("Medi-span"). The term "AWP" includes the "Blue Book AWP" published by First Databank.

4.　　"Communication" as defined in Massachusetts Local Rule 26.5(c)(1), means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.　　"Concerning" as defined in Massachusetts Local Rule 26.5(c)(7), means referring to, describing, evidencing, or constituting. A request for all documents "concerning" a subject extends to each document making a statement about, mentioning, referring to, discussing, analyzing, describing, reflecting, evidencing, identifying, relating to, regarding, summarizing,

dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

6.     "Document" means Electronic Data and all written, typed, printed, photocopied, photographed, or recorded matter of any kind, including but not limited to all originals, masters, drafts, and non-identical copies of any labels, packaging, invoices, advertisements, catalogs, letters, envelopes, forms, affidavits, correspondence, telegraphs, telecopies, telefaxes, paper communications, resolutions, minutes of meetings, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or other transcripts (by mechanical device, by longhand or shorthand recording, tape recording, or by electronic or any other means), computer-generated information, computer software, information stored or recorded by electronic means (including by a computer, server, hard drive, compact disk, floppy disk, diskette, tape, record, cassette, video, electronic mail, and any other electronic recording or data compilation from which information can be obtained or translated), interoffice communications, all summaries of oral communications (telephonic or otherwise), microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements, journals, diaries, contracts, invoices, balance sheets, telephone messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, worksheets, telexes, cables, any matters defined in Federal Rule of Evidence 1001, and all other graphic materials, writings, and instruments, however produced or reproduced.  A document includes all documents appended thereto.

7.     "Plaintiff" and "Plaintiffs" mean any and/or all of the plaintiff health and welfare funds and trusts identified in the Complaint in This Litigation, including, without limitation, New England Carpenters Health Benefits Fund; Pirelli Armstrong Retiree Benefits Trust; Teamsters

Health & Welfare Fund of Philadelphia and Vicinity; Philadelphia Federation of Teachers Health and Welfare Fund, and District Council 37, AFSCME – Health & Security Fund, and any of their past or present trustees, officials, officers, fiduciaries, third-party administrators, representatives, agents, assigns, attorneys, employees, divisions, departments, affiliates, and all other persons or entities acting or purporting to act on their behalf or under their control.

8.    "Pharmacy Benefit Manager" or "PBM" means any entity that provides services relating to prescription drug benefits offered by any Third Party Payor to any participant and/or beneficiary.

9.    "Third Party Payor" means any non-government entity or program, including but not limited to, health and welfare funds, or health insurance companies, health maintenance organizations, preferred provider organizations, self insurance plans, health plans, unions, and welfare and benefit plans, that provides prescription drug benefits to participants and beneficiaries and reimburses or compensates pharmacies for prescription drugs dispensed to participants and beneficiaries.

10.    "This Litigation" means the litigation pending in the United States District Court for the District of Massachusetts bearing the docket number 1:05-CV-11148-PBS.

11.    "Your Expert Reports" means the Expert Report of Kimberly P. McDonough, executed on September 14, 2007; the Rebuttal Report of Dr. Kimberly P. McDonough, executed on October 29, 2007; the Tutorial Presentation and Demonstratives of Dr. Kimberly McDonough, served on October 29, 2007; and the Declaration of Kimberly Ply McDonough, R.Ph. Regarding Various Issues Raised by the Court During November 13, 2007 Hearing, executed on November 27, 2007.

12.    "WAC" or "Wholesale Acquisition Cost" means the actual selling price that a drug company charges to a wholesaler, before discounts.

## INSTRUCTIONS

1.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.    These requests are continuing requests, and to the extent that at any time after these requests are responded to the responding party becomes aware of or acquires additional documents or information responsive to these requests, such documents or information shall be produced promptly.

3.    Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any term; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4.    If production is requested of a document that is no longer in your possession, custody, or control, your response should state when the document was most recently in your possession, custody, or control, how the document was disposed of, and the identity of the person, if any, presently in possession, custody, or control of such document. If the document has been destroyed, state the reason for its destruction.

5.      In the event that you object to any document request on the grounds of privilege or work product, provide the following information for each document withheld on the grounds of privilege:

      (a)    its date;

      (b)    its title;

      (c)    its author(s);

      (d)    its recipient(s);

      (e)    the specific privilege under which it is withheld;

      (f)    its general subject matter; and

      (g)    a description of it that you contend is adequate to support your contention that it is privileged.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document and enclosures sent with the document.

## DOCUMENTS TO BE PRODUCED

1.      All documents reviewed or relied upon by you concerning each statement and conclusion in each paragraph and subparagraph of each of Your Expert Reports.

2.      All documents concerning changes in AWPs or changes in the relationship between WAC and AWP, including the communications with First DataBank described in the September 14, 2007 Expert Report of Kimberly P. McDonough, at footnote 2, page 6 and on pages 11-12.

3.      The "over 100 PBM contracts and RFPs" referenced on page 10 of the September

14, 2007 Expert Report of Kimberly P. McDonough.

4.      All documents concerning all analyses or evaluations you or Advanced Pharmacy

Concepts has conducted concerning WAC to AWP ratios, including the assessment referenced in

the Rebuttal Report of Dr. Kimberly P. McDonough at pages 3-4.

5.      All letters of engagement concerning your retention by Plaintiffs and/or Plaintiffs'

counsel in This Litigation.

6.      Documents sufficient to show payments by Plaintiffs and/or Plaintiffs' counsel in

This Litigation or any other action to you, Advanced Pharmacy Concepts, or any other firm with

which you have been associated while working on This Litigation.

7.      All documents reflecting, constituting or referring to billings by you, Advanced

Pharmacy Concepts, or any other firm with which you have been associated, to Plaintiffs and/or

Plaintiffs' counsel concerning This Litigation.

Exhibit C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME – HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN | C.A. No. 1:05-CV-11148-PBS<br><br>Judge Patti B. Saris<br>Magistrate Judge Robert B. Collings |

Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,

Defendants.

## OBJECTIONS OF KIMBERLY P. MCDONOUGH, R. PH.
## TO DOCUMENT REQUESTS IN JULY 25, 2008 SUBPOENA
## FROM DEFENDANT MCKESSON CORPORATION

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), Kimberly P. McDonough, R. Ph. ("Dr. McDonough"), by Class Counsel, hereby objects to the document requests in Defendant McKesson Corporation's July 25, 2008 Subpoena Duces Tecum ("Document Requests") as follows:

### GENERAL OBJECTIONS

1.     Dr. McDonough objects to the Document Requests to the extent that they attempt to impose a duty to produce documents in less than thirty (30) days.

2.      Dr. McDonough objects to the definitions and instructions to the extent that they are vague, indefinite, ambiguous, or to the extent they seek to impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts.

3.      Dr. McDonough objects to the Document Requests to the extent they seek documents which are neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of relevant information or admissible evidence.

4.      Dr. McDonough objects to the Document Requests to the extent they seek documents immune from discovery by virtue of the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

5.      Dr. McDonough objects to Documents Requests that seek documents from her client files, when those documents were not considered by her in forming her opinions. Reviewing those documents would not only be unduly burdensome and oppressive, but would also require Dr. McDonough to provide written notice of the production to hundreds of clients, including nearly every PBM in the United States.

6.      Dr. McDonough objects to the Document Requests to the extent they may be construed to require her to search for and produce information that is not within her possession, custody, or control.

7.      Dr. McDonough objects to the Document Requests to the extent they require her to produce documents already produced in This Litigation.

8.      Dr. McDonough reserves the right to supplement or amend these responses and objections as further investigation and discovery occur.

9.    Where Dr. McDonough states in response to specific requests that she will produce responsive documents, she will do so to the extent documents exists and will do so within a reasonable amount of time.    Dr. McDonough's specific responses should not be construed as implying that responsive documents exist.

10.    Dr. McDonough reserves all objections regarding the competency, materiality, relevance and admissibility of any documents or information provided.

## SPECIFIC OBJECTIONS

**Request for Production No. 1:**

All documents reviewed or relied upon by you concerning each statement and conclusion in each paragraph and subparagraph of each of Your Expert Reports.

**Response to Request for Production No. 1:**

Dr. McDonough objects to this Request to the extent that imposes requirements greater than Fed. R. Civ. P. 26(a)(2)(B).  She likewise objects to this Request on the grounds that the words "statement" and "conclusion" are vague and ambiguous.  Subject to and without waiving these objections or her General Objections, Dr. McDonough will produce all documents within her possession, custody or control considered by her in forming her opinions.

**Request for Production No. 2:**

All documents concerning changes in AWPs or changes in the relationship between WAC and AWP, including the communications with First DataBank described in the September 14, 2007 Expert Report of Kimberly P. McDonough, at footnote 2, page 6 and on pages 11-12.

**Response to Request for Production No. 2:**

Dr. McDonough objects to this Request to the extent that it seeks documents beyond her possession, custody or control or that were not considered by her in forming her expert opinions. Dr. McDonough also objects to this Request to the extent that it improperly seeks to supplement discovery of absent class members that McKesson can no longer seek directly.  Dr. McDonough

likewise objects to this Request to the extent that it seeks confidential information from her clients or the clients of Advanced Pharmacy Concepts that are not subject to discovery simply because Dr. McDonough has been retained as an expert in this litigation. Subject to and without waiving these objections or her General Objections, Dr. McDonough will produce all responsive documents considered by her in forming her opinions.

**<u>Request for Production No. 3</u>:**

The "over 100 PBM contracts and RFPs" referenced on page 10 of the September 14, 2007 Expert Report of Kimberly P. McDonough.

**<u>Response to Request for Production No. 3</u>:**

Dr. McDonough objects to this Request as oppressive and overly burdensome. She also objects it on the grounds that it seeks documents reviewed in her professional experience and therefore not reviewed when forming her expert opinions. Dr. McDonough further objects to this Request on the grounds that it seeks confidential information from her clients or the clients of Advanced Pharmacy Concepts that are not subject to discovery simply because Dr. McDonough has been retained as an expert in this litigation. Dr. McDonough likewise objects to this Request on the grounds that it is duplicative, as hundreds of PBM documents have been produced in This Litigation. Finally, Dr. McDonough objects to this Request on the grounds that it improperly seeks to supplement discovery of absent class members that McKesson can no longer seek directly.

**<u>Request for Production No. 4</u>:**

All documents concerning all analyses or evaluations you or Advanced Pharmacy Concepts has conducted concerning WAC to AWP ratios, including the assessment referenced in the Rebuttal Report of Dr. Kimberly P. McDonough at pages 3-4.

**Response to Request for Production No. 4:**

Dr. McDonough objects to this Request as oppressive and overly burdensome.  She also objects it on the grounds that it seeks documents reviewed in her professional experience and therefore not reviewed when forming her expert opinions.  Dr. McDonough further objects to this Request on the grounds that it seeks confidential information from her clients or the clients of Advanced Pharmacy Concepts that are not subject to discovery simply because Dr. McDonough has been retained as an expert in this litigation.  Finally, Dr. McDonough objects to this Request on the grounds that it improperly seeks to supplement discovery of absent class members that McKesson can no longer seek directly.   Subject to and without waiving these objections or her General Objections, Dr. McDonough will produce all responsive documents considered by her in forming her opinions.

**Request for Production No. 5:**

All letters of engagement concerning your retention by Plaintiffs and/or Plaintiffs' counsel in This Litigation.

**Response to Request for Production No. 5:**

Subject to and without waiving her General Objections, Dr. McDonough will produce all responsive documents.

**Request for Production No. 6:**

Documents sufficient to show payments by Plaintiffs and/or Plaintiffs' counsel in This Litigation or any other action to you, Advanced Pharmacy Concepts, or any other firm with which you have been associated while working on This Litigation.

**Response to Request for Production No. 6:**

Dr. McDonough objects to this Request on the grounds that "any other firm with which you have been associated" is vague and ambiguous and seeks information wholly unrelated to This Litigation.   Subject to and without waiving these and her General Objections,

Dr. McDonough will produce documents sufficient to show payments by Plaintiffs and/or Plaintiffs' counsel in This Litigation.

**Request for Production No. 7:**

All documents reflecting, constituting or referring to billings by you, Advanced Pharmacy Concepts, or any other firm with which you have been associated, to Plaintiffs and/or Plaintiffs' counsel concerning This Litigation.

**Response to Request for Production No. 7:**

Dr. McDonough objects to this Request on the grounds that "any other firm with which you have been associated" is vague and ambiguous and seeks information wholly unrelated to This Litigation.    Subject to and without waiving these and her General Objections, Dr. McDonough will produce documents reflecting, constituting or referring to her billings for expert services in This Litigation.

DATED:  July 30, 2008              By:  /s/ Jennifer Fountain Connolly
                                        Kenneth A. Wexler
                                        Jennifer Fountain Connolly
                                        Wexler Toriseva Wallace LLP
                                        55 West Monroe Street, Suite 3300
                                        Chicago, IL  60603
                                        Telephone: (312) 346-2222
                                        Facsimile: (312) 346-0022

                                        Thomas M. Sobol (BBO#471770)
                                        Hagens Berman Sobol Shapiro LLP
                                        One Main Street, 4th Floor
                                        Cambridge, MA  02142
                                        Telephone: (617) 482-3700
                                        Facsimile: (617) 482-3003

Steve W. Berman
Sean R. Matt
Nicholas Styant-Browne
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John Macoretta
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Edelson & Associates
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

George E. Barrett
Edmund L. Carey, Jr.
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above-referenced document was served upon the attorney of record listed below by electronic mail on July 30, 2008:

Mark Redman
Office of General Counsel
The Hearst Corporation
959 Eighth Avenue
New York, NY  10019-3737

**Counsel for First Databank, Inc.**

Lori A. Schechter
Tiffany Cheung
Paul Flum
Morrison & Foerster
425 Market Street
San Francisco, CA  94105-2482

**Counsel for McKesson Corporation**

/s/ Jennifer Fountain Connolly
Jennifer Fountain Connolly