UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND; PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DATABANK, INC., a Missouri Corporation and MCKESSON CORPORATION, a Delaware Corporation, <br><br> Defendants. | : : : : : : : : : : : : : : : : : : | Civil Action No. 05-11148 PBS <br><br><br><br> **CONSOLIDATED APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |
| DISTRICT COUNCIL 37 HEALTH AND SECURITY PLAN, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MEDI-SPAN, a division of WOLTERS KLUWER HEALTH, INC., <br><br> Defendant. | : : : : : : : : : : : : : | Civil Action No. 07-10988 PBS |

Business Litigation Associates, P.C. ("BLAPC"), attorneys for objector the National Automatic Sprinkler Industry Pension Fund ("NASI"), respectfully moves for an award of fair and reasonable attorneys' fees and costs based on its successful objection to the attorneys' fees and costs allocated to Class Counsel

in the proposed partial settlements in these matters.[1]  Following NASI's objection and the scrutiny it brought to the requested $1.21 million in fees and costs, Class Counsel abandoned its demand for these amounts and "contributed" them to the class settlement fund.  Indeed, NASI benefited the class in the following ways:

- After NASI objected, Class Counsel waived its demand for $1,050,000 in attorney's fees initially sought in Class Counsel's fairness notice;

- NASI preserved for the class procedural due process under Rule 23(h) when this Court granted NASI's request for a scheduling order regarding Class Counsel's application for attorneys' fees.  (The "November 18 Order") (Docket No. 620); and

- NASI's objection to Class Counsel's Suggestion of Mootness led to Class Counsel waiving its demand for $160,000 in expert fees and expenses related to this action and contributing those amounts to the common settlement fund as well.[2]

In short, with NASI's participation in the settlement fairness process, the class settlement fund was increased from $1.5 million to $2.7 million. Accordingly, NASI seeks the award of its actual fees in the amount of $29,433.54 and actual costs in the amount of $371.53, the total of which amount to less than two percent of the $1.21 million saved for the class.

## BACKGROUND REGARDING NASI'S OBJECTIONS

On or about September 23, 2008, NASI received the Notice of FDB/Medi-Span Settlement (the "Notice") (Docket No. 565 (Proposed Notice); July 21, 2008 Line Order Approving Docket No. 565).  With respect to the proposed attorneys' fees and costs, the

---

[1]  The settlement approved by this Court in the "Final Order and Judgment Certifying the Class For Purposes of Settlement, Approving of Class Action Settlement, and Dismissing the Action with Prejudice" dated March 30, 2009 settles the class' claims against First Databank, Inc. in Civil Action No. 05-11148-PBS and Medi-Span in Civil Action No. 07-10988-PBS.  As such, NASI submits this consolidated application for fees and addresses both civil actions.  However, for simplicity and to avoid confusion, NASI cites only to the docket for Civil Action No. 05-11148-PBS in this brief.

[2]  Inexplicably, Class Counsel then submitted a final proposed order (Docket No. 721) by which it proposed to recover $120,687.80 in expert witness fees, which were not previously the subject of a motion under Rule 23(h).  The Court's final order accepted this language subject to Class Counsel's submission of a "voucher" to demonstrate reasonableness.  (Docket No. 722).

2

Notice merely disclosed that "Class Counsel will request that the Court award attorneys' fees and expenses. . . .  Subject to Court approval, FDB will pay Class Counsel fees not to exceed $625,000.00, expenses of $200,000.00 and $125,000 for the maintenance of the Data Room for a period of three (3) years."  (Notice at § 16).  The Notice also disclosed that "Class Counsel will also receive up to $100,000.00 in fees and expenses in connection with the Medi-Span Proposed Settlement" and that "FDB further agrees to pay up to $160,000.00 in third-party expert fees incurred to date by Class Counsel in connection with the overall negotiation and motion practice for this Proposed Settlement."  (Notice at § 16).  While these fees and costs amounted to more than 44 percent of the total damages obtained in the partial settlements, the Notice did not provide any basis upon which the requested fees and expenses were justified by the work done and that information is nowhere in the public record.

On October 31, 2008, BLAPC, counsel for NASI, wrote to Class Counsel seeking to better understand the basis for the requested fees and costs. (Affidavit of Irwin B. Schwartz In Support of Motion For Attorneys' Fees and Costs ("Schwartz Aff.") ¶ 6).  Correspondence between counsel for NASI and Class Counsel ultimately resulted in a conference call on November 12, 2008 in which Class Counsel was unable to articulate a concrete basis upon which the Court should award the requested fees and costs beyond that the partial settlement terms were favorable to the class.  (Schwartz Aff. ¶¶ 9-11).  Class Counsel said nothing about waiving its fees or contributing them to the common settlement fund.  (Schwartz Aff. ¶ 10).

As a result of Class Counsel's unwillingness to provide NASI with documentation supporting the requested attorneys' fees, on November 14, 2008,

3

NASI filed its "Consolidated Objection of National Automatic Sprinkler Industry Welfare Fund to Attorneys' Fees and Costs In Proposed Settlement" ("NASI's Objection") (Docket No. 603).  NASI's Objection sought an order requiring Class Counsel to properly move for attorneys fees and costs under Fed. R. Civ. P. 23(h), as was also required under the explicit terms of the settlement agreements.  (NASI's Objection at 12).

On November 18, 2008, this Court granted NASI's request for a scheduling order regarding Class Counsel's application for attorneys' fees.  (The "November 18 Order")  (Docket No. 620).  The November 18 Order set November 26, 2008 as the deadline for "Class Counsel's Application for Attorneys' Fees and Costs including contemporaneous time records, justification of billing rates, receipts and all other evidence of claimed costs" and set December 10, 2008 as the deadline for "Objections regarding Class Counsel's Application for Attorneys' Fees and Costs."  (November 18 Order at 2).

Class Counsel never filed an application for attorneys' fees.  Instead, on November 26, 2008, Class Counsel filed "Class Counsel's Suggestion of Mootness Regarding Attorneys' Fees In Connection With Final Approval Of The Proposed Settlement With First DataBank and Medi-Span." (the "Suggestion of Mootness") (Docket No. 621).  The Suggestion of Mootness proposed that Class Counsel would "withdraw any request for fees from the FDB and Medi-Span settlements" and "make one fee request during the approval process for the McKesson settlement."  (Class Counsel's Suggestion of Mootness at 4).[3]

---

[3]     The Suggestion of Mootness did not address whether Class Counsel continued to seek $160,000 in expert fees referenced at Notice § 16, but represented that Class Counsel would file further documentation and supporting materials relating to the request for reimbursement of expenses by December 10, 2008.  (Class Counsel's Suggestion of Mootness at 4).

4

On December 10, 2008, NASI filed its Objection to Class Counsel's Suggestion of Mootness ("Objection to Mootness") (Docket No. 637).  The Objection to Mootness raised three distinct issues.  First, NASI argued that the attorneys' fees "contributed" to the settlement should be excluded from Class Counsel's fees for the McKesson settlement because the Suggestion of Mootness sought to circumvent Fed. R. Civ. P. 23(h) and the November 18 Order.  (Objection to Mootness at 1-3, 5-6.)  Second, NASI sought to have the "$160,000 in third-party fees and costs" (the "Third-Party Fees") contributed to the class settlement fund (Objection to Mootness at 6-7) on the grounds that Class Counsel neither filed an application for the Third-Party Fees, nor accounted for those fees in the Suggestion of Mootness and because Class Counsel failed to comply with the November 18 Order.  (Objection to Mootness at 6-8).

At a December 11, 2008 hearing relating to the proposed settlement of the balance of the McKesson case, the Court referenced NASI's Objection to Mootness and instructed Class Counsel to file a declaration, or other document, identifying any expenses relating to the FDB and Medi-Span Settlement for which Class Counsel sought reimbursement. The Court also stated that class members would have an opportunity to review that documentation.

On December 15, 2008, Class Counsel filed the Plaintiffs' Memorandum of Law in Support of Motion For Final Approval of the Amended And Restated FDB/Medi-Span Settlement ("Motion for Approval") (Docket No. 640) in which Class Counsel confirmed that it would "forgo the $1.2 million in fees and expenses identified in the A&R [Amended and Restated FDB/Medi-span]

5

Settlement and to put those funds into the Settlement Fund." (Motion for Approval at 1).[4]  The Motion for Approval also confirmed that Class Counsel would "not seek any fees or expenses from the A&R Settlements" and that Class Counsel waived "any claims to reimbursement of" expenses relating solely to the FDB and Medi-Span cases, such as "the filing fees for the Medi-Span case and Dr. Hartman's fees relating to his declarations responding to the objectors in both the original and A&R Settlements." (Motion for Approval at 21).  Again, at the December 17th Fairness Hearing, lead class counsel Steve W. Berman confirmed that Class Counsel waived any right to recover the $1.2 million in fees and expenses identified in the settlements and that, as a result, the value of the class settlement fund would be increased from $1.5 million to $2.7 million.

On March 17, 2009, this Court issued a memorandum and order certifying the proposed classes and approving the Amended and Restated Settlement Agreement.  ("Memorandum Approving Settlement" at 17-18). (Docket No. 720). With respect to NASI's objection, the Memorandum Approving Settlement stated "NASI objects to the $1.2 million of attorneys' fees and expenses.  However, this objection is now moot because Plaintiffs have *waived* attorneys' fees and expenses in this litigation, and have agreed to seek such fees solely in connection with the McKesson settlement."  (Memorandum Approving Settlement at 10 (emphasis added)).  The Memorandum Approving Settlement also noted that "NASI also objects to $160,000 in third-party fees.  Plaintiffs have not

---

[4] The Motion for Approval further explained that the $1.2 million consisted of "$950,00 in Class Counsel's fees and expenses" and "certain third-party expenses, including an additional $160,000 in expert fees and other costs" to be paid by FDB and "$100,000 towards counsel fees and expenses" to be paid by Medi-Span.  (Motion for Approval at 3).

justified these fees and do not seem to be pressing for them." (Memorandum Approving Settlement at 10 n.10).

On March 30, 2009, this Court issued the "Final Order and Judgment Certifying the Class For Purposes of Settlement, Approving of Class Action Settlement, and Dismissing the Action With Prejudice." ("Final Order") (Docket No. 722). With respect to expert fees, the Final Order stated "From the $2,670,687.80 detailed in the previous paragraph, the Court approves an amount not to exceed $120,687.80 for the work performed by the expert for the Class, Dr. Raymond Hartman and Greylock McKinnon Associates, in connection with the approval hearings for this settlement. Counsel shall submit a detailed voucher for review by the Court for reasonableness." (Final Order at 7).

On April 3, 2009, Class Counsel filed "Plaintiffs' Submission In Support of Expert Reimbursement" (Docket No. 730), which merely attaches invoices stating vague work descriptions such as "Declaration in response to Mr. Heckman", "Settlement data issues" and "Response to Mr. Heckman." Plaintiffs' Submission In Support of Expert Reimbursement, Ex. A. These expert fees were never mentioned in any pleading or briefs, nor submitted to the class for review under Fed. R. Civ. P. 23(h).[5]

## ARGUMENT

Class objectors are entitled to recover their reasonable attorneys' fees and expenses "where their efforts have conferred benefits on class members

---

[5] The April 3, 2009 submission contains no affidavit justifying the necessity of the expert's work, explaining the nature of the expert's work, the reasonableness of the expert's hourly rates, the reasonableness of the time spent, or the qualifications of each individual identified on the billing records and thus does not allow the class or this Court to assess the reasonableness of the fees charged. See United States v. Pastor Medical Assocs., P.C., 224 F. Supp. 2d 342, 356 (D. Mass. 2002) (denying request for expert fees); Guckenberger v. Boston University, 8 F. Supp. 2d 91, 111-12 (D. Mass. 1998) (declining to award expert costs for lack of documentation).

7

generally, as distinguished from the objectors themselves particularly. <u>Duhaime v. John Hancock Mutual Life Ins. Co.</u>, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (awarding fees to objectors where parties adopted their objections on the content of the notice and court adopted their objection regarding payments to class counsel); <u>Gottlieb v. Barry</u>, 43 F.3d 474, 489 (10th Cir. 1994) (reversing district court's denial of special master's recommendation to award fees to objector counsel); <u>In re Cendant Prides Corp. Litig.</u>, 243 F.3d 722, 743-44 (3d Cir. 2001); <u>Fisher v. Procter & Gamble Mfg. Co.</u>, 613 F.2d 527, 547 (5th Cir. 1980); <u>White v. Auerbach</u>, 500 F.2d 822, 828 (2d Cir. 1974). As set forth below, NASI's Objection to Mootness resulted in both preservation of procedural due process for the class and an increase of $1.21 million to the common settlement fund and NASI should be reimbursed its attorneys' fees and costs.

    A.    NASI's Efforts Resulted In A
            $1.21 Million Benefit To The Class

NASI's efforts directly resulted in a benefit of $1.21 million to the class generally. Each time NASI objected to Class Counsel's fee and costs demands, Class Counsel responded by waiving the pending requests for fees or costs thereby benefiting the settlement fund. As such, NASI's efforts directly resulted in an increase in the class settlement fund from $1.5 million to $2.71 million and NASI is entitled to recover its reasonable attorneys' fees as a matter of law. <u>Duhaime</u>, 2 F. Supp. 2d at 176.

Nothing establishes that Class Counsel would have contributed these fees to the settlement fund absent NASI's efforts. Indeed, Class Counsel had ample opportunity to withdraw its fee application from July 14, 2008, the date of the Notice, to November 14, 2008, the date of NASI's Objection, yet did not do so

8

until NASI focused scrutiny on Class Counsel's failure to abide by Fed R. Civ. P. 23(h) and the explicit language of the proposed settlement agreement. Moreover, when NASI attempted to resolve its concerns informally prior to filing an objection, Class Counsel vigorously defended the fees requested and Class Counsel never suggested that it would waive the requested fees. (Schwartz Aff. ¶¶ 6-14). The fact that Class Counsel only waived the fee request and contributed those fees to the settlement fund <u>after</u> the November 18 Order is a compelling indicator that NASI's Objection directly benefitted the class through an increase in the settlement fund of approximately $1,050,000.

Moreover, Class Counsel's Suggestion of Mootness did not waive the requested $160,000 in Third Party Fees and expenses requested in the Notice. (Suggestion of Mootness at 3-4 (repeatedly stating that FDB would contribute the $1,050,000 originally set aside for attorneys' fees to the settlement fund, but never addressing the $160,000 in Third-Party Fees)). Only after NASI filed the Objection to Mootness, which identified Class Counsel's failure to document the Third-Party Fees, did Class Counsel agree to contribute the requested Third-Party Fees to the settlement fund to yield the full benefit of $1.2 million. (Motion for Approval at 1, 3, 21).[6] Thus, NASI's Objection to Mootness benefitted the class by an additional $160,000.

---

[6] Moreover, in the Suggestion of Mootness, Class Counsel stated that it would file documentation supporting its claims for the reimbursement of expenses ("bearing in mind that expenses in the FDB and Medi-Span settlements are not being deducted from a monetary class fund but being paid separately by FDB") on December 10, 2008. (Suggestion of Mootness at 4). That documentation was never filed. On December 11, 2008, counsel for NASI raised this issue at the preliminary approval hearing regarding the McKesson settlement. At that hearing, Class Counsel stated that they would file the documentation, but, on December 15, 2008, Class Counsel filed the Motion for Approval waiving any claims to those expenses. (Motion for Approval at 21). The pressure NASI brought to bear at the hearing led to this waiver and further supports NASI's application for fees.

### B.     NASI Preserved Procedural Due Process For The Class

Separate and apart from the benefits to the common settlement fund, if a class settlement objector obtains procedural protections for the class it is entitled to recover reasonable fees and expenses. See, e.g., In re Homestore.com, Inc. Sec. Litig., Civ. No. CV01-1111-RSWL(CSX), 2004 WL 2792185, *1 (C.D. Cal. 2004) (objector awarded actual fees for raising serious questions regarding notice upon which the court found a substantial portion of the class would not have received timely notice of the class action settlement). Indeed, as Judge Pierce aptly observed, even rejected objections may be the proper basis for a fee award:

> The objections raised, although ultimately overruled, were not frivolous, and the presence of an objector represented by competent counsel transformed the settlement hearing into a truly adversary proceeding. The objections to the settlement caused this Court to spend even more hours in analyzing and assessing the complex settlement agreement, and cast in sharp focus the question of the fairness and adequacy of the settlement to all the members of the class.

Frankenstein v. McCrory Corp., 425 F. Supp. 762, 767 (S.D.N.Y. 1977). See also Duhaime, 2 F. Supp. 2d at 176 (awarding fees to objectors where parties adopted their objections on the content of the notice and court adopted their objection regarding payments to class counsel).

There can be no dispute that NASI's efforts preserved procedural due process for the class. Indeed, on NASI's motion this Court ordered Class Counsel to comply with Fed. R. Civ. P. 23(h) and granted the class the opportunity to object to Class Counsel's submission. (November 18 Order). Without NASI's Objection, the class would have been asked to blindly object or forever hold its peace on a class counsel fee application that was never

presented. NASI's efforts to obtain these procedural protections for the class are also worthy of an award of NASI's reasonable fees and costs. <u>Duhaime,</u> 2 F. Supp. 2d at 176; <u>In re Homestore.com, Inc. Sec. Litig.</u>, 2004 WL 2792185, at*1.

      C.    <u>Public Policy Supports An Award Of NASI's Fees And Costs</u>

As Judge Young and numerous other courts have recognized, the Court bears the burden of "heightened judicial scrutiny" to review Class Counsel's fee application in settlement because "class members have little to no incentive to challenge the reasonableness of the requested fee." <u>In re TJX Co. Retail Sec. Breach Litig.</u>, 2008 WL 4786658, *2 (D. Mass. Nov. 3, 2008) (defendant agreed to pay fees and costs "separate from and in addition to the money" to the class, but "the First Circuit has instructed that this type of scenario is one in which 'heightened judicial oversight' is 'highly desirable' because class members have little to no incentive to challenge the reasonableness of the requested fee"). <u>See also</u> <u>Thorogood v. Sears, Roebuck and Co.</u>, 2008 WL 4709500, *1-*2 (7th Cir. Oct. 28, 2008) ("The class members are interested in relief for the class but lawyers are interest in their fees, and the class members' stakes in the litigation are too small to motivate them to supervise the lawyers in an effort to make sure that the lawyers will act in their best interests. . .").

Indeed, in most class action settlements, the marginal impact of class counsels' fees on each individual class member's recovery ordinarily does not justify absent class members' retention of counsel to present well-reasoned and principled objections to the fees and costs, no matter how inflated they appear to be. However, if class members are reimbursed their reasonable attorneys' fees and costs for objections that benefit the entire class, class members are

encouraged to meaningfully partake in the adversary process contemplated under Rule 23(h) during settlement fairness consideration.

Here, after failing to resolve its concerns informally, NASI took it upon itself to assist the Court in this heightened scrutiny, first in forcing Class Counsel to comply with Rule 23(h) and then in vetting the Suggestion of Mootness to point out that Class Counsel had failed to address $160,000 in Third Party Fees. While the Court might well have addressed these failures on its own, the point is that NASI scrutinized the fee request against the publicly available information, noted the deficiencies and the result was a $1.21 million benefit for the class. We respectfully suggest the Court encourage absent class members to more fully participate in settlement process by awarding NASI its reasonable fees and costs for its successful efforts here.

      D.     NASI's Requested Fees Are Reasonable

In the United States District Court for the District of Massachusetts, the lodestar method is the proper test for calculating an award of attorneys' fees. Stokes v. Saga Int'l Holidays, LTD, 376 F. Supp. 2d 86, 92 (D. Mass. 2005). Under the lodestar method, attorneys' fees are calculated by "determining the number of hours productively spent on the litigation and multiplying those hours by reasonable hourly rates." In re TJX Co. Retail Sec. Breach Litig., 2008 WL 4786658, at *1.  "The 'fair market rate' is the 'reasonable hourly rate of compensation prevailing in the relevant community of similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  Stokes, 376 F. Supp. 2d at 92 (quoting Connolly v. Harrelson, 33 F. Supp. 2d 92, 95 (D. Mass. 1999).

In Massachusetts, hourly billing rates from between $255 to $575 per hour are reasonable. Stokes, 376 F. Supp. 2d at 93; See also Fronk v. Fowler, No. 021216, 2007 WL 1130381, *3 (Mass. Super. Ct. Feb. 23, 2007) (In Massachusetts, billing rates ranging from $450 to $575 per hour for partners, $255 to $340 per hour for associates, and $110 to $185 per hour for paralegals have been found reasonable for cases involving complex commercial litigation.)[7]

As set forth in the Schwartz Affidavit, NASI's attorneys' fees fit squarely within these parameters and are reasonable. NASI's attorneys, BLAPC, are based in Massachusetts. Two BLAPC attorneys primarily worked on this matter: Irwin Schwartz and Jonathan Shine. (Schwartz Aff. ¶¶ 21, 24). Mr. Schwartz is the senior partner at BLAPC and has 23 years experience as an attorney in complex corporate litigation and, at all relevant times, his billing rate was $425 per hour. (Schwartz Aff. ¶ 25, Ex. I). Mr. Shine is a senior associate at BLAPC and has 10 years experience as an attorney in complex corporate litigation and, at all relevant times his billing rate was $330 per hour. (Schwartz Aff. ¶ 26, Ex. I). BLAPC also employed two paralegals to assist on this case with billing rates of $110 per hour for a senior paralegal and $75 per hour for the junior paralegal. (Schwartz Aff. ¶28) Accordingly, all of the rates charged by BLAPC are reasonable. Stokes, 376 F. Supp. 2d at 93; Fronk, 2007 WL 1130381, at *3.

---

[7] Courts have discretion to award fees to objectors as a percentage of the value they preserved for the class from the common fund. In re: Prudential Ins. Co. of Am. Sales Practice Litig., 273 F. Supp. 2d 563, 572 (D.N.J. 2003) (objectors entitled to 1.4% of class counsel's fee award because they were responsible for 1.4% of the total class recovery); Great Neck Capital Appreciation Inv. P'ship, L.P., v. Pricewaterhousecoopers, 212 F.R.D. 400, 416 (E.D. Wis. 2002) (appropriate objector's attorney's fee award is five percent of the amount request by class counsel plus reasonable expenses). Other courts have awarded objectors the amount of the fund preserved. In re Horizon/CMS Healthcare Corp. Sec. Litig. 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998) ("[t]he Court therefore believes it is appropriate that the attorneys' fees of both Milberg Weiss and Barrack should be reduced by 3% and that this amount be awarded to counsel for the State Funds").

The time spent by BLAPC on this action was also reasonable. As described in the Schwartz Aff. ¶¶ 5-21 and more fully demonstrated in the itemized invoices attached thereto at Ex. H, BLAPC performed extensive work on behalf of NASI and the class investigating Class Counsel's attorneys' fees requests and then proceeding with NASI's Objection when Class Counsel was not forthcoming regarding those fees.

First, BLAPC conferred with NASI regarding the scope of the investigation NASI wished to conduct, the legal standards to which any objection would be subject, and the costs and benefits of filing an objection. (Schwartz Aff. ¶¶ 3-4). Next, BLAPC reviewed the public filings to determine whether Class Counsel's attorneys' fees request was supported by the record. After determining that it was impossible to know whether the fees and costs identified in the Notice were fair and reasonable without additional information from Class Counsel, BLAPC then exchanged correspondence and conducted conference calls with Class Counsel in an attempt to understand the foundation of Class Counsel's calculation of attorney's fees and to address NASI's concerns with the requested fees amicably. (Schwartz Aff. ¶¶ 6-14).

When these efforts were unsuccessful and Class Counsel refused to comply with both Fed. R. Civ. P. 23(h) and the express terms of the settlement agreements regarding attorneys' fees, BLAPC then prepared and filed NASI's Objection, as to which this Court granted NASI the procedural relief requested. (Schwartz Aff. ¶¶ 15-16). Class Counsel then attempted to circumvent Rule 23(h) and this Court's November 18th Order by filing the Suggestion of Mootness instead of a properly supported fee application. Because the Suggestion of

Mootness did not address key issues regarding the recovery of Class Counsel's fees and was vague regarding the reimbursement of expenses, BLAPC was forced to research, draft and file the Objection to Mootness. (Schwartz Aff. ¶¶ 17-18). The Objection to Mootness addressed novel and obfuscated issues. (Specific time expended on each of these briefs and issues is described in BLAPC's Itemized Invoices (Schwartz Aff. Ex. H)). Also, in attempting to protect the class, attorneys from BLAPC attended two settlement fairness hearings to preserve their objections for the record.

In sum, all hours spent in this action were reasonable and necessary to protect the rights of the class and to pursue NASI's Objection which resulted in a $1.21 million benefit for the class. (See BLAPC's Itemized Invoices, Schwartz Aff. Ex. H). Moreover, the fees and costs sought by NASI are reasonable as a percentage of the benefit NASI obtained for the class. Here, though NASI's Objection resulted in an 80% increase in the settlement fund. NASI is only seeking an award that is the equivalent of approximately 1% of the fund and approximately 2.5% of the benefit NASI obtained. In this light, NASI's application for an award of attorneys' fees and costs of $29,805.07 is entirely reasonable.

**CONCLUSION**

For the foregoing reasons, NASI respectfully requests that this Court award BLAPC fees in the amount of $29,433.54 and costs in the amount of $371.53 for a total requested award of $29,805.07 and deny Class Counsel expert reimbursement in any amount.

Dated: April 13, 2009    Respectfully submitted,

            /s/ Irwin B. Schwartz
            Irwin B. Schwartz
            Jonathan M. Shine
            Michael G. Andrews
            Business Litigation Associates, P.C.
            225 Franklin Street, 26th Floor
            Boston, Massachusetts 02110
            Phone:  617-421-1800

            Attorney for Objector National Automatic
            Sprinkler Industry Welfare Fund

**Certification Under Local Rule 7.1(a)(2)**

I, Irwin B. Schwartz, attorney for Objector National Automatic Sprinkler Industry Welfare Fund, hereby certify that this firm complied with Local Rule 7.1 by making good faith attempts to narrow and/or resolve the issues addressed in this motion.  On December 19, 2008, my firm wrote to Class Counsel seeking to obtain the relief requested in this motion.  Class Counsel responded by letter on January 7, 2009 refusing to stipulate to the relief requested in this motion.  Accordingly, the parties were unable to reach agreement on the matters addressed by this motion.

            /s/ Irwin B. Schwartz
            Irwin B. Schwartz

## **Certificate of Service**

I, Irwin B. Schwartz, attorney for National Automatic Sprinkler Industry Welfare Fund, hereby certify that on this 13th day of April, 2009, I filed the foregoing document with the Clerk of the Court by CM/ECF and served copies on the following by United States Mail:

Steven E. Bizar
Buchanan Ingersoll & Rooney, P.C.
1835 Market Street
14th Floor
Philadelphia, PA 19103-2985

John P. Kern
Manatt, Phelps, & Phillips
1001 Page Mill Road
Building 2
Palo Alto, CA 94304

Edward Notargiacomo
Hagens Berman Sobol Shapiro LLP
One Main Street
4th Floor
Cambridge, MA 02142

Shannon T. Zenner
Katten Muchin Rosenman LLP
525 W. Monroe St
Chicago, IL 60611-3693

/s/ Irwin B. Schwartz
Irwin B. Schwartz