UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST; TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME - HEALTH & SECURITY PLAN; JUNE SWAN; BERNARD GORTER, SHELLY CAMPBELL and CONSTANCE JORDAN<br><br>                    Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation; and McKESSON CORPORATION, a Delaware corporation,<br><br>                    Defendants. | C.A. No. 1:05-CV-11148-PBS |

## AFFIDAVIT OF JEFFREY L. KODROFF
### IN SUPPORT OF CLASS PLAINTIFFS' JOINT PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES ON BEHALF OF SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.

I, Jeffrey L. Kodroff, being duly sworn, depose and say:

1. I am a partner of the law firm of Spector, Roseman & Kodroff, P.C., one of the Counsel for plaintiffs in this matter. I am submitting this Affidavit in support of all Plaintiffs' Counsel's (including my firm's) application for an award of attorneys' fees and reimbursement of expenses provided in connection with the services rendered to plaintiffs and the Class by my firm in the course of this litigation.

2. I am an attorney in good standing and duly licensed and admitted to the Bar of Commonwealth of Pennsylvania. The testimony set forth in this Declaration is based on first-

hand knowledge, about which I could and would testify competently in open Court if called upon to do so.

3.   This firm is counsel of record for plaintiff, Teamsters Health and Welfare Fund of Philadelphia and Vicinity. As one of the counsel for the plaintiffs and Class, my firm performed substantial services on this matter. My firm, as one of the Lead Counsel, was actively involved in all aspects of this litigation from its development, inception and ultimate resolution. We have fulfilled our responsibilities by working with our co-counsel and actively participating in every aspect of this litigation from reviewing and analyzing the underlying documents which ultimately led to the discovery of the factual predicate of the increasing mark up factor from 20% to 25% for over 400 brand name drugs, to determining that this increase in spread was the result of actions of McKesson and FDB to original complaint drafting, as well as working on each subsequent iteration of the complaint, to working on discovery, motion practice and settlement. We were actively involved with discovery with defendants and non-parties including Rite Aid, Express Scripts and Medi-Span. This included drafting of discovery requests and negotiating the scope of discovery. We also participated in the review of documents produced by defendants and third parties, as well as taking of depositions. We also participated in settlement discussions that occurred as well as all mediation sessions that ultimately achieved the total results submitted to this Court. We have also diligently worked with our client to ensure its complete participation and approval of all aspects of this litigation.

4.   I attach, as <u>Exhibit 1</u>, a detailed summary indicating the amount of time spent by each attorney and paralegal of my firm who worked on this litigation and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from computerized records that were contemporaneously generated and kept by my firm in the

ordinary course of its business. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this lodestar.

5. From the inception of the case through the present, my firm expended a total of 2800 hours on behalf of the plaintiffs and the Class. The total lodestar amount for these hours based on my firm's hourly billing rates is $1,470,915. The hourly rates set out in Exhibit 1 are rates that my firm charged and have been approved by numerous courts.

6. In addition, as detailed in Exhibit 2, my firm expended a total of $785,449.94 in expenses in connection with the prosecution of this litigation. None of these expenses have been reimbursed to date.

7. My firm recorded these expenses as they were incurred, and they are reflected in its computerized bookkeeping records which were created from invoices, receipts and other proofs of the charges and payments.

8. Thus, for this litigation, the total lodestar of my firm is 1,470,915 and we incurred expenses of $785,449.94.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

Executed this 26th day of May, 2009.

_____
Jeffrey L. Kodroff

# EXHIBIT 1

Case 1:05-cv-11148-PBS   Document 764   Filed 05/26/09   Page 5 of 8

**SPECTOR ROSEMAN KODROFF & WILLIS PC**
**IN RE: NEW ENGLAND CARPENTERS HEALTH BENEFIT FUND, et al v. FDB AND MCKESSON**
**TIME REPORT**

**REPORTING PERIOD: Inception THROUGH May 15, 2009**

**Time Categories:**

| | | | |
|---|---|---|---|
| 1. | Investigations and factual research | 5 | Settlement |
| 2. | Discovery | 6 | Litigation strategy, analysis and case management |
| 3. | Pleadings, Briefs and Pretrial Motions | 7 | Class Certification |
| 4. | Court Appearances | 8 | Expert Witness |

| NAME (STATUS)* | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | CURRENT HOURLY RATE | CUMULATIVE HOURS | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Eugene A. Spector (P) | | | | | | 0.50 | | | $700 | 0.50 | $350.00 |
| Jeffrey L. Kodroff (P) | 28.25 | 390.50 | 89.25 | 42.50 | 363.00 | 46.00 | 43.75 | 6.00 | $655 | 1,009.25 | $661,058.75 |
| Theodore M. Lieverman (P) | 2.25 | 1.75 | 0.25 | | 5.25 | 2.00 | 0.25 | | $625 | 11.75 | $7,343.75 |
| John A. Macoretta (P) | 19.00 | 62.00 | 49.25 | | 386.25 | 308.25 | 34.00 | 142.75 | $575 | 1,001.50 | $575,862.50 |
| David Felderman (P) | | 0.75 | 45.75 | | | 0.50 | | | $500 | 47.00 | $23,500.00 |
| Daniel J. Mirarchi (A) | | 34.75 | | | | | | | $410 | 34.75 | $14,247.50 |
| Jonathan Jagher (A) | | 7.50 | 185.00 | | 10.50 | 12.75 | 1.50 | | $385 | 217.25 | $83,641.25 |
| David J. Cohen (A) | | | 1.00 | | | | | | $380 | 1.00 | $380.00 |
| Mary Ann Giorno (A) | 60.75 | | 49.75 | | | | | | $360 | 110.50 | $39,780.00 |
| Patrick Howard (A) | | 2.50 | 2.00 | | | | | | $340 | 4.50 | $1,530.00 |
| Gerri M. DeMarshall (PL) | | 55.75 | | | | | | | $190 | 55.75 | $10,592.50 |
| Charles Briglia (PL) | | 35.75 | | | | | | | $185 | 35.75 | $6,613.75 |
| Chanell S. Surratt (PL) | | 107.25 | | | | | | | $185 | 107.25 | $19,841.25 |
| Alicia M. Sandoval (PL) | | 71.75 | | | | | | | $170 | 71.75 | $12,197.50 |
| Daniel R. Pearson (PL) | | 0.50 | | | | | | | $170 | 0.50 | $85.00 |
| Rebecca A. Holcombe (PL) | | 2.50 | | | | | | | $170 | 2.50 | $425.00 |
| Rana H. Sachdev (PL) | | 25.50 | | | | | | | $170 | 25.50 | $4,335.00 |
| Rosy G. Briones (PL) | | 62.75 | | | | | | | $145 | 62.75 | $9,098.75 |
| Karen M. Omelchuk (PL) | | 0.25 | | | | | | | $130 | 0.25 | $32.50 |
| TOTAL | 110.25 | 861.75 | 422.25 | 42.50 | 765.00 | 370.00 | 79.50 | 148.75 | | 2800.00 | $ 1,470,915.00 |

\* P = Partner          PL = Paralegal
A = Associate          OC = Of Counsel

# EXHIBIT 2

**IN RE: New England Carpenters Health Benefit Fund, et al. v. FDB and McKesson**
**EXPENSE REPORT FOR THE MONTH OF: Inception THROUGH May 15, 2009**

**FIRM NAME: SPECTOR ROSEMAN KODROFF & WILLIS PC**

**MONTHLY EXPENSE REPORT**

| DESCRIPTION | TOTAL EXPENSES |
|---|---|
| ASSESSMENT PAYMENT TO PLAINTIFFS' COMMON FUND | $649,200.00 |
| COMMERCIAL COPIES | $4,255.21 |
| INTERNAL REPRODUCTION/COPIES | $3,087.50 |
| COURT FEES | $169.00 |
| COMPUTER RESEARCH | $46,215.44 |
| TELEPHONE/FAX | $844.98 |
| POSTAGE/EXPRESS DELIEVERY/MESSENGER | $3,673.80 |
| PROFESSIONAL FEES (expert, investigator, accountant, etc) | $42,808.85 |
| DEPOSITIONS/TRANSCRIPTS | $6,541.79 |
| TRAVEL: Air Transportation, Ground Travel, Meals, Lodging, etc | $28,428.37 |
| MISCELLANEOUS | $225.00 |
| **TOTAL THIS MONTH** | **$785,449.94** |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on May 26, 2009.

      /s/ Steve W. Berman
      Steve W. Berman