# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

NEW ENGLAND CARPENTERS HEALTH
BENEFITS FUND; PIRELLI ARMSTRONG
RETIREE MEDICAL BENEFITS TRUST;
TEAMSTERS HEALTH & WELFARE FUND
OF PHILADELPHIA AND VICINTY;
PHILADELPHIA FEDERATION OF
TEACHERS HEALTH AND WELFARE
FUNDS; DISTRICT COUNCIL 37, AFSCME
– HEALTH & SECURITY PLAN; JUNE
SWAN; BERNARD GORTER; SHELLY
CAMPBELL and CONSTANCE JORDAN,

                        Plaintiffs,

v.

FIRST DATABANK, INC., a Missouri
Corporation; and McKESSON
CORPORATION, a Delaware Corporation,

                        Defendants.

Civil Action No. 1:05-CV-11148-PBS

## AFFIDAVIT OF ERIC J. MILLER
## REGARDING ALLOCATION AND DISTRIBUTION OF THE
## NET SETTLEMENT FUND TO THIRD-PARTY PAYORS

STATE OF NEW YORK  )
                       ) ss:
COUNTY OF SUFFOLK  )

ERIC J. MILLER, being duly sworn, deposes and says as follows:

1.     I am a Managing Senior Project Administrator for Rust Consulting, Inc. ("Rust"). Rust

was appointed the Claims Administrator pursuant to ¶ VII. (A) of the Amended Order Granting

Preliminary Approval of the McKesson Settlement, Certifying the U&C Class for Purposes of

Settlement Only, Directing Notice to the Class and Scheduling a Final Approval Hearing dated

March 5, 2009 (the "Preliminary Approval Order"). I am over 21 years of age and am not a

party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I submit this affidavit in order to provide the Court and the parties with information about the administration of the Settlement Fund with regards to the Third-Party Payor ("TPP") claims submitted to Rust.

3.      Rust was engaged as the Claims Administrator to, among other things, provide notice about the Settlement to potential TPP class members; to process, evaluate, and audit completed TPP Claim Forms ("claims") submitted to Rust; to calculate the settlement benefit for each TPP class member that filed a valid and timely claim; and to distribute the Fund to the claimants. (*See* Affidavit of Eric J. Miller dated July 14, 2009, previously filed with this Court.)

4.      In this regard, Rust has served as a repository for potential class members' inquiries, communications, and claims in this Settlement.

***TPP Claims – Processing Activities***

5.      In the course of the Court-approved Notice Program Rust mailed over 41,600 Notice Packets to potential TPP Class members.

6.      Rust received and processed 2,503 claims from TPP and third-party administrator ("TPA") claimants.  For quality control purposes, each claim was sequentially stamped upon receipt with a unique "claim number."  Claims were grouped in batches of fifty (50), each claim was grouped in the order it was processed by Rust's mailroom staff, and each batch of claims was numbered sequentially.

7.      Rust created a segregated McKesson TPP database as a repository for TPP claims data in this matter.  Rust's data-entry staff entered each claimant's name, address, telephone number, fax number, Federal Employer Identification Number ("FEIN"), the total net amount paid for the Subject Drugs from August 1, 2001 to December 31, 2003, and the type of claimant providing the information on the TPP Claim Form (*e.g.*, whether the claim was filed directly by a potential Class member or by some duly authorized agent, such as a TPA or pharmacy benefits manager filing on behalf of a self-insured employer-sponsored health plan; for claims filed by an agent, the name, FEIN and total net amount of each Class member on whose behalf the agent was acting were entered into the agent's database record).  The claim number on each claim form was used as the unique identifier for the claimant's corresponding record in the McKesson TPP database.

8.      Rust utilized double key entry, various audit reports, and random sampling to verify that the data was entered accurately and complete.  Rust's Quality Assurance ("QA") department also reviewed samples of the largest and smallest claims entered to ensure accuracy.  Pursuant to Rust's standard QA procedures, if any discrepancies were found in the entered claims data, they were corrected and re-reviewed by the QA staff.

9.      Data-entry identified certain claims that, as submitted, were deficient in that they failed to include information or records required to calculate each claimant's settlement benefit, but which, if corrected, would make the claim eligible for inclusion in the settlement.  Claims were initially determined to be deficient for one or more of the following reasons:

▪   was not signed;

▪   was missing the total net amount paid for the Subject Drugs; or

- was missing the necessary supporting documentation as required in Section F of the TPP Claim Form.

Rust sent 882 letters notifying each of these claimants notifying them that their claims were deficient and required supplementation.  Samples of these letters are attached as Exhibits 1A through 1H.  Rust reviewed and processed the responses from claimants to these deficiency letters.

10.     Rust also identified certain claims filed by claimants who appeared to be ineligible to participate in the settlement for one of the following reasons:

- the claim was duplicative of another claim;

- the claimant was not a TPP, *e.g.*, a Consumer or ineligible government entity;

- purchases were made outside the United States;

- the claimant did not purchase any of the Subject Drugs; or

- the claimant subsequently withdrew its claim and Rust acknowledged the withdrawal in writing.

11.     In total, 247 claims were determined to be ineligible.  Rust sent letters notifying these claimants of its determination of ineligibility and inviting response.  Samples of these letters are attached as Exhibits 2A through 2F.  Rust reviewed and processed the responses from claimants to these ineligibility letters.

### *Rust's Review of TPP Claims Data*

12.     To ensure the integrity of the data received by TPP claimants, Rust audited 1,090 TPP claims listing purchases over $800,000.00 by reviewing the electronic data provided for each claim.

13.     Rust identified 618 claims filed by claimants whose supporting data included fill dates outside the TPP claim period (8/1/2001-12/31/2003) and/or National Drug Codes ("NDCs") for non-Subject Drugs or whose data did not support the amount claimed.  Some claimants' data supported a higher claim amount.  Rust sent letters and/or emails notifying these claimants of its claim amount adjustment and inviting response.  A sample of this letter is attached as Exhibit 3A and 3B.  Rust reviewed and processed the responses from claimants to these letters.

14.     Rust identified 178 claims filed by TPP claimants who did not respond to Rust's written request for total net amount paid for Subject Drugs (described in ¶9, above) but which did provide supporting data with their claims.  Rust reviewed the data and calculated these claimants' eligible purchases by valid fill date and valid NDCs.  Rust sent letters and/or emails notifying these claimants of its determination of total net amount paid for Subject Drugs and inviting response.  A sample of this letter is attached as Exhibit 4.

15.     In the aggregate, Rust sent more than 1,800 letters to TPP claimants by first-class U.S. mail, certified mail with return receipt requested, and/or FedEx.  In certain cases, Rust made telephone calls to TPP claimants and sent emails in an effort to resolve the deficient or ineligible conditions in the claims.  As a result of the responses received from claimants to Rust's requests for additional information, many deficiencies were cured and eligibility established.   However, despite these efforts, some claimants did not correct their deficiencies or demonstrate eligibility.

16.     Based on Rust's review and audit of claims, Rust has determined that 2,210 claims are eligible which represent recognized losses of $2,602,198,507.10 (*i.e.* 4% of the claimant's total expenditures on the Subject Drugs).  Included among the eligible TPP claims are 121 which were postmarked after the filing deadline of July 9, 2009 (i.e., "late claims"), but which would

otherwise be eligible to participate in the distribution.  In our experience, courts supervising class action distributions commonly allow payment of late-filed claims when the claims would otherwise be eligible.

### *Allocation of the Net Settlement Fund*

17.     Class Counsel previously filed a complete accounting of the Settlement Fund, including the amounts held back in reserve for additional administrative costs, taxes, escrow fees and expenses, etc. in order to complete all work for all Sub-Classes (TPPs, Cash Consumers, and Co-pay Consumers).    Declaration of Steve W. Berman in Support of Unopposed Motion for Approval Of Distribution Of The Settlement To Cash Consumers [Docket No. 885], Exhibit A. The total funds available for distribution to the TPP Class are $228,432,174.00.

18.     As stated in ¶16 above, there are 2,210 eligible TPP claims collectively representing over $2.6 billion in recognized losses.  Collectively, these claims exceed the funds available for distribution to the Class.  Distribution of pro rata shares would result in many TPPs receiving minimal checks, which would be inefficient and would likely lead to uncashed checks.  A minimum payment would eliminate this inefficiency and provide meaningful compensation, and additionally will encourage TPP participation in future class settlements.

19.     However, the benefits of a check minimum should be balanced against the interests of compensating those most hard hit by the alleged scheme, which is best achieved through a pro rata distribution.  Under a purely pro rata distribution TPPs would be compensated at a rate of approximately 8.78% of their claimed losses.  If a $1,000 minimum is applied, 690 of TPPs would receive an enhanced distribution, while the pro rata share of the remaining class members would be modestly reduced to 8.76%.  If the minimum were increased to $5,000, however, 1,199

of TPPs would receive an enhanced distribution, and the pro rata share of the remaining TPPs would be further reduced to 8.60%.

20.     Because Rust calculated or revised eligible purchase amounts for nearly one-third of all eligible TPP claims (as discussed in ¶¶13-14, above); TPP Class members' unfamiliarity with the data-upload and disk-encryption methodology for supplying supporting documentation which was instituted for the first time with this matter; and the reasonable foreseeability that a TPP may have uploaded data but not mailed a hardcopy claim form to Rust and the possibility that such TPPs cannot be identified, Rust respectfully recommends mailing letters to all currently eligible TPPs advising them that they will be recommended to receive a pro rata share of the net TPP Settlement Fund to be based on their recognized loss and documented claim amount (these amounts will be listed in the letter).  A sample draft of this letter is attached as Exhibit 5.

21.     Rust also respectfully recommends modifying the TPP home page on the settlement website to make mention of the letter referred to in ¶20, above, and instructing TPPs to contact Rust within twenty (20) days of the Court's order authorizing distribution if they have not received the letter.

22.     Rust will mail eligible TPP class members their pro rata share of the net TPP Settlement Fund within forty (40) days of the Court's order authorizing distribution.

### *Distribution of Co-Pay Consumer Class*

23.     As stated in my affidavit to the Court dated December 21, 2010, Rust provided CASS, LLC with data files totaling 4,563 eligible Co-Pay Consumer claims for inclusion in the distribution of the Co-Pay Consumer Settlement Fund.  See Affidavit of Bruce Ogle filed

separately with this Court for more information about this aspect of the distribution. Included among the eligible Co-Pay Consumer claims are 239 which were postmarked after the filing deadline of July 9, 2009, but which would otherwise be eligible to participate in the distribution. In our experience, courts supervising class action distributions commonly allow payment of late-filed claims when the claims would otherwise be eligible.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

_____
Eric J. Miller

Sworn to before me this

15th day of March 2011

_____
Notary Public

DAWN M. RUGGIERO
Notary Public, State of New York
No. 01RU6211028
Qualified in Suffolk County
Commission Expires 09/08/2013

# EXHIBITS

# 1A — 1H

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL  33416
TOLL-FREE TELEPHONE: 1-877-625-9414



November 22, 2010

**RESPONSE DUE DATE:  December 13, 2010**


1

**REQUEST FOR ADDITIONAL INFORMATION - Claim No:**

**VIA FED EX**

Dear Claimant:

We have received and processed the Third-Party Payor Claim Form you filed in the McKesson Settlement. However, your Claim Form is incomplete because it did not include the signature of a duly Authorized Employee or Agent.  The signature on the bottom Request for Additional Information Form will be treated as the proper execution of your previously submitted Claim Form.

In order to ensure you receive the correct distribution from the Settlement Fund, you must sign where indicated below and return this letter to the address above by the Response Due Date.

FAILURE TO RESPOND MAY RESULT IN THE DISALLOWANCE OF YOUR CLAIM.  If you have any questions, please call our toll-free number at 1-877-625-9414.

Sincerely yours,
Claims Administrator

_____          _____
Signature of Duly Authorized Employee or Agent, this          Date
signature will be treated as the proper execution of your
previously submitted Proof of Claim form.

_____          _____
Print Name of Duly Authorized Employee or Agent          Please print your Federal Employer Identification
Number (FEIN)

SIGN,*O* -





MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



November 22, 2010

**RESPONSE DUE DATE:  December 13, 2010**



1

**REQUEST FOR ADDITIONAL INFORMATION - Claim No:** ▮▮▮

**VIA FED EX**

Dear Claimant:

We have received and processed the Third-Party Payor Claim Form you filed in the McKesson Settlement. However, your Claim Form is incomplete because it did not include the signature of a duly Authorized Employee or Agent.  The signature on the bottom Request for Additional Information Form will be treated as the proper execution of your previously submitted Claim Form.

In order to ensure you receive the correct distribution from the Settlement Fund, you must sign where indicated below and return this letter to the address above by the Response Due Date.

FAILURE TO RESPOND MAY RESULT IN THE DISALLOWANCE OF YOUR CLAIM.  If you have any questions, please call our toll-free number at 1-877-625-9414.

Sincerely yours,
Claims Administrator

_____          _____
Signature of Duly Authorized Employee or Agent, this          Date
signature will be treated as the proper execution of your
previously submitted Proof of Claim form.

_____          _____
Print Name of Duly Authorized Employee or Agent          Please print your Federal Employer Identification
Number (FEIN)

 

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL  33416
TOLL-FREE TELEPHONE: 1-877-625-9414

November 22, 2010

**RESPONSE DUE DATE:  December 13, 2010**

 1

**REQUEST FOR ADDITIONAL INFORMATION - Claim No:** 

**VIA FED EX**

We received and processed the claim you filed in the McKesson Settlement.  Unfortunately, you did not provide the total amount of your purchases or any supporting documentation or data that we might have used to calculate the net amount paid or reimbursed for the subject drugs.

In order for your claim to be eligible you must state the total and final Net Amount Paid or reimbursed at the bottom of this letter (also please sign and data where indicated).  The Net Amount Paid is the allowable amount (generally the ingredient cost plus the pharmacy dispensing fee) net of chargebacks, co-pays, and/or co-insurance for each of the Subject Drugs with a date of service or date of fill from August 1, 2001 to December 31, 2003.

The list of Subject Drugs and NDC codes can be downloaded at www.McKessonAWPSettlement.com. You can also download the TPP Claim Form from the website for the proper data layout to provide the data fields in the format requested in support of the amount of the purchases you enter at the bottom of this letter.

PLEASE RETURN THIS LETTER WITH THE REQUIRED DOCUMENTATION TO THE ADDRESS ABOVE BY THE RESPONSE DUE DATE.  FAILURE TO RESPOND MAY RESULT IN DISALLOWANCE OF YOUR CLAIM.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

If you have any questions, please call our toll free number at 1-877-625-9414.

Sincerely yours,
Claims Administrator

$_____          Signature:_____
Total Amount of Subject Drug Purchases       Name(print):_____
(Date of service or fill date 08/01/01-12/31/03)   Title: _____
                                             Date: _____

BAMT,*O* -    

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



November 22, 2010

**RESPONSE DUE DATE:  December 13, 2010**



1

**REQUEST FOR ADDITIONAL INFORMATION - Claim No:** ▮▮▮

**VIA FED EX**

We received and processed the claim you filed in the McKesson Settlement.  Unfortunately, you did not provide the total amount of your purchases or any supporting documentation or data that we might have used to calculate the net amount paid or reimbursed for the subject drugs.

In order for your claim to be eligible you must state the total and final Net Amount Paid or reimbursed at the bottom of this letter (also please sign and data where indicated).  The Net Amount Paid is the allowable amount (generally the ingredient cost plus the pharmacy dispensing fee) net of chargebacks, co-pays, and/or co-insurance for each of the Subject Drugs with a date of service or date of fill from August 1, 2001 to December 31, 2003.

The list of Subject Drugs and NDC codes can be downloaded at www.McKessonAWPSettlement.com. You can also download the TPP Claim Form from the website for the proper data layout to provide the data fields in the format requested in support of the amount of the purchases you enter at the bottom of this letter.

PLEASE RETURN THIS LETTER WITH THE REQUIRED DOCUMENTATION TO THE ADDRESS ABOVE BY THE RESPONSE DUE DATE.  FAILURE TO RESPOND MAY RESULT IN DISALLOWANCE OF YOUR CLAIM.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

If you have any questions, please call our toll free number at 1-877-625-9414.

Sincerely yours,
Claims Administrator

$_____

Total Amount of Subject Drug Purchases
(Date of service or fill date 08/01/01-12/31/03)

Signature:_____
Name(print):_____
Title: _____
Date: _____





MCKESSON SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL  33416
TOLL-FREE TELEPHONE: 1-877-625-9414



December 27, 2010

### RESPONSE DUE DATE:  January 18, 2011

 1

### REQUEST FOR ADDITIONAL INFORMATION - Claim No: ▮

Dear Claimant:

We have received and processed the claim form that you filed in the McKesson Settlement.  However, you failed to provide adequate documentation supporting your claim for payments of Subject Drugs during the Claim Period of August 1, 2001 to December 31, 2003.  According to Section F on page 5 of the Third-Party Payor Claim Form, as approved by the Court, you must provide electronic documentation with your Claim Form that supports the amount you are claiming.  The mandatory information needed to document your claim is:
- Patient/member Social Security Number or other unique identifier
- NDC of the Subject Drug
- Fill Date (from August 1, 2001 to December 31, 2003)
- Amount Billed by the provider
- Amount Paid by the plan

Please provide the data in an Excel spreadsheet and upload it via the secure interface on the court-approved settlement website at  http://www.mckessonawpsettlement.com/UploadClaimFile.htm.   You will receive a confirmation email with a "confirmation key."  Please mail a hardcopy of the confirmation email along with a copy of this letter to the address above.  You may receive a follow up phone call from Class Action Settlement Services, LLC (or "CASS") the court-appointed co-administrator working with Rust Consulting in this matter.

If you uploaded the data when you originally submitted your claim, then you do not need to re-upload the data and you can simply mail a hardcopy of the confirmation email containing the confirmation key to the address above.

FAILURE TO PROVIDE THE REQUIRED DOCUMENTATION BY THE RESPONSE DUE DATE MAY RESULT IN THE REJECTION OF YOUR CLAIM IN WHOLE OR PART.

If you have any questions, please call our toll free number 1-877-625-9414.

Sincerely yours,

Settlement Administrator

  

MCKESSON SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL  33416
TOLL-FREE TELEPHONE: 1-877-625-9414



January 25, 2011

**RESPONSE DUE DATE:  February 14, 2011**

1



**FINAL REQUEST FOR ADDITIONAL INFORMATION - Claim No:** ▇
**VIA CERTIFIED MAIL**

Dear Claimant:

We have received and processed the claim form that you filed in the McKesson Settlement.  However, you failed to provide adequate documentation supporting your claim for payments of Subject Drugs during the Claim Period of August 1, 2001 to December 31, 2003.  According to Section F on page 5 of the Third-Party Payor Claim Form, as approved by the Court, you must provide electronic documentation with your Claim Form that supports the amount you are claiming.  The mandatory information needed to document your claim is:
- Patient/member Social Security Number or other unique identifier
- NDC of the Subject Drug
- Fill Date (from August 1, 2001 to December 31, 2003)
- Amount Billed by the provider
- Amount Paid by the plan

Please provide the data in an Excel spreadsheet and upload it via the secure interface on the court-approved settlement website at http://www.mckessonawpsettlement.com/UploadClaimFile.htm.  You will receive a confirmation email with a "confirmation key."  Please mail a hardcopy of the confirmation email along with a copy of this letter to the address above. You may receive a follow up phone call from Class Action Settlement Services, LLC (or "CASS") the court-appointed co-administrator working with Rust Consulting in this matter.

If you uploaded the data when you originally submitted your claim, then you do not need to re-upload the data and you can simply mail a hardcopy of the confirmation email containing the confirmation key to the address above.

WE HAVE PREVIOUSLY MAILED YOU A LETTER REQUESTING THIS INFORMATION BUT HAVE YET TO RECEIVE ANY RESPONSE.  THE RESPONSE DUE DATE FROM THE ORIGINAL LETTER HAS ALREADY PASSED, AND A FURTHER LACK OF A RESPONSE WILL RESULT IN THE DISALLOWANCE OF YOUR CLAIM OR IN A REDUCTION OF YOUR CLAIM AMOUNT AND THE RECIEPT OF LESS MONEY THAN YOU MAY OTHERWISE ENTITLED TO.

If you have any questions, please call our toll free number 1-877-625-9414.

Sincerely yours,

Settlement Administrator

FDOC,*O* - ▇         

MCKESSON SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL  33416
TOLL-FREE TELEPHONE: 1-877-625-9414



July 12, 2010

**RESPONSE DUE DATE:  August 6, 2010**

                    1

**REQUEST FOR ADDITIONAL INFORMATION - Claim No:**
**VIA CERTIFIED MAIL**

Dear Claimant:

We have received and processed the claim form that you filed in the McKesson Settlement.  However, you provided hardcopy/paper supporting documentation with your Claim Form.

According to Section F on page 5 of the Third-Party Payor Claim Form, as approved by the Court, you must provide an electronic file that supports the amount you are claiming.  At a minimum, the information needed to document your claim is:
- Patient/member Social Security Number or other unique identifier
- NDC of the Subject Drug
- Fill Date (from August 1, 2001 to December 31, 2003)
- Amount Billed by the provider
- Amount Paid by the plan

Please provide the data in an Excel spreadsheet and upload it via the secure interface on the court-approved settlement website at http://www.mckessonawpsettlement.com/UploadClaimFile.htm.  After uploading, you will see a "confirmation key" at the bottom of your screen. You will also receive a confirmation email with the confirmation key (check your junk or sequestered email folder).  Please mail a hardcopy of the confirmation screen or email along with a copy of this letter to the address above.  You may receive a follow up phone call from Class Action Settlement Services, LLC (or "CASS") the court-appointed co-administrator working with Rust Consulting in this matter.

If in addition to the hardcopy/paper supporting documentation you also uploaded the data when you originally submitted your claim, then you do not need to re-upload the data and you can simply mail a hardcopy of the confirmation email containing the confirmation key to the address above (again, check your junk or sequestered email folder).

FAILURE TO PROVIDE THE REQUIRED DOCUMENTATION BY THE RESPONSE DUE DATE MAY RESULT IN THE REJECTION OF YOUR CLAIM IN WHOLE OR PART.

If you have any questions, please call our toll free number 1-877-625-9414.

Sincerely yours,

Settlement Administrator

  

MCKESSON SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



July 12, 2010

**RESPONSE DUE DATE:  August 6, 2010**

 1

**REQUEST FOR ADDITIONAL INFORMATION - Claim No:** ▆▆▆
**VIA CERTIFIED MAIL**

Dear Claimant:

We have received and processed the claim form that you filed in the McKesson Settlement.  However, the disk that was provided with your Claim Form was either blank or corrupt.  Please re-submit the electronic documentation that supports the amount you are claiming.  At a minimum, the information needed to document your claim is:
- Patient/member Social Security Number or other unique identifier
- NDC of the Subject Drug
- Fill Date (from August 1, 2001 to December 31, 2003)
- Amount Billed by the provider
- Amount Paid by the plan

Please provide the data in an Excel spreadsheet and upload it via the secure interface on the court-approved settlement website at http://www.mckessonawpsettlement.com/UploadClaimFile.htm. After uploading, you will see a "confirmation key" at the bottom of your screen. You will also receive a confirmation email with the confirmation key (check your junk or sequestered email folder).  Please mail a hardcopy of the confirmation screen or email along with a copy of this letter to the address above. You may receive a follow up phone call from Class Action Settlement Services, LLC (or "CASS") the court-appointed co-administrator working with Rust Consulting in this matter.

FAILURE TO PROVIDE THE REQUIRED DOCUMENTATION BY THE RESPONSE DUE DATE MAY RESULT IN THE REJECTION OF YOUR CLAIM IN WHOLE OR PART.

If you have any questions, please call our toll free number 1-877-625-9414.

Sincerely yours,

Settlement Administrator

XDOC,*O* - ▆▆▆





# EXHIBITS

# 2A — 2F

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



November 22, 2010

**RESPONSE DUE DATE: December 13, 2010**



1

**NOTICE OF INELIGIBILITY - Claim No:** ███

**VIA FED EX**

Dear Claimant:

We have received and processed more than one Third-Party Payor Claim Form that you filed, in the McKesson Settlement. We write to advise you that we consider Claim No. 8 as a duplicate of another Claim Form filed by you. Only one Claim Form is necessary. The duplicative Claim Form, which has been assigned the Claim Number listed above, is considered ineligible.

In accordance with the Court-approved Settlement Agreement, we have processed Claim Form Number █ and any settlement benefit you might be entitled to would be based on this claim.

If you accept this determination, you do not need to do anything in response to this letter.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

**IF YOU DISAGREE WITH THIS DETERMINATION, YOU MUST ADVISE US IN WRITING BY THE RESPONSE DUE DATE LISTED ABOVE. YOUR LETTER MUST ALSO INCLUDE DOCUMENTATION SUPPORTING YOUR POSITION.**

If you have any questions, please call us at 1-877-625-9414.

Sincerely yours,

Claims Administrator

DUP,*O* -       

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



November 22, 2010

**RESPONSE DUE DATE:  December 13, 2010**



**NOTICE OF INELIGIBILTY - Claim No:**

**VIA FED EX**

Dear Claimant:

We have received and processed the Third-Party Payor Claim Form that you filed in the McKesson Settlement. However, we have determined that your claim is not eligible to receive a distribution from the Third-Party Payor Settlement Fund because you are not a Third-Party Payor as defined under the terms of the Settlement.

It appears that a doctor prescribed you the drugs that were the subject of this settlement.  Therefore it has been determined that you are a Consumer Class Member and your claim will be processed as such.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

If you agree with this determination, do nothing. IF YOU DISAGREE WITH THIS DETERMINATION, YOU MUST ADVISE US IN WRITING BY THE RESPONSE DUE DATE LISTED ABOVE AND INCLUDE ANY DOCUMENTATION SUPPORTING YOUR POSITION.

If you have any questions, please call our toll free number at 1-877-625-9414.

Sincerely yours,

Claims Administrator

CONS.*O* -         

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



November 22, 2010

**RESPONSE DUE DATE: December 13, 2010**


1

**NOTICE OF INELIGIBILITY *** Claim No:** 

**VIA FED EX**

Dear Claimant:

We received and processed the Third-Party Payor ("TPP") claim form you filed in the McKesson Settlement. However, your claim is ineligible because entities such as yours are expressly excluded from the TPP Class.

Under the terms of this Court-approved settlement, the United States government, its officers, agents, agencies and departments; the States of the United States and their respective officers, agents, agencies and department; and all other local governments and their officers, agents, agencies and departments are excluded from the TPP Class. Therefore, you are not entitled to receive any distribution from the Settlement Fund.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

IF YOU DISAGREE WITH THIS DETERMINATION, YOU MUST ADVISE US IN WRITING BY THE RESPONSE DUE DATE LISTED ABOVE. Your letter must also include documentation supporting your position.

If you have any questions, please call our toll free number at 1-877-625-9414.

Sincerely yours,

Claims Administrator

INEL,*O* -  

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



November 22, 2010

**RESPONSE DUE DATE:  December 13, 2010**



1

**NOTICE OF INELIGIBILITY - Claim No:** 

**VIA FED EX**

Dear Claimant:

We received and processed the Third-Party Payor claim form you filed in the McKesson Settlement. However, the class was only asserted on behalf of United States entities and your purchases appear to have been made outside the United States. Therefore, the claim is ineligible and is not entitled to receive any distribution from the Settlement Fund.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

IF YOU DISAGREE WITH THIS DETERMINATION, YOU MUST ADVISE US IN WRITING BY THE RESPONSE DUE DATE LISTED ABOVE.  Your letter must also include documentation supporting your position.

If you have any questions, please call our toll free number at 1-877-625-9414.

Sincerely yours,

Claims Administrator

  

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414

```
* 0 0 0 7 0 0 0 0 2 3 - 0 2 8 *
```

November 22, 2010

**RESPONSE DUE DATE: December 13, 2010**

1

**NOTICE OF INELIGIBILITY - Claim No:**

**VIA FED EX**

Dear Claimant:

We received and processed the claim you filed in the McKesson Settlement. However, your claim is ineligible because none of the drugs and/or National Drug Codes ("NDCs") listed on your claim form were covered under the terms of this settlement. Therefore, you are not entitled to receive any distribution from the Settlement Fund.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

IF YOU DISAGREE WITH THIS DETERMINATION, PLEASE RETURN THIS LETTER WITH ANY SUPPORTING DOCUMENTATION TO THE ADDRESS ABOVE BY THE RESPONSE DUE DATE.

If you have any questions, please call us at 1-877-625-9414.

Sincerely yours,

Claims Administrator

  

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL  33416
TOLL-FREE TELEPHONE: 1-877-625-9414



December 27, 2010

**RESPONSE DUE DATE:  January 18, 2011**



**ACKNOWLEDGEMENT OF WITHDRAWAL - Claim No:**

Dear Claimant:

We have received and processed the Proof of Claim you filed in the McKesson Settlement. Subsequently we have received correspondence indicating you have withdrawn your claim.  Therefore, you are not entitled to receive any distribution from the Settlement Fund.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

IF YOU DISAGREE WITH THIS DETERMINATION, YOU MUST ADVISE US IN WRITING BY THE RESPONSE DUE DATE LISTED ABOVE.  Your letter must also include documentation supporting your position.

If, however, you agree with this determination, you do not need to do anything else and you will not receive any disbursement from the Settlement Fund.

If you have any questions about this, please call us at our toll-free number 1-877-625-9414.

Sincerely yours,

Claims Administrator

WDW,*O* -

# EXHIBITS

# 3A — 3B

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



December 27, 2010

**RESPONSE DUE DATE:  January 18, 2011**



1

**NOTICE OF CLAIM AMOUNT ADJUSTMENT - Claim No.** ▓

Dear Claimant:

We received and processed the claim you filed in the McKesson Settlement.  Upon reviewing the documentation that you provided either with your original claim or in response to a Request for Additional Information letter previously sent to you, we have adjusted your claim amount because: 1) the valid, eligible total purchases in the documentation you provided differed from the amount claimed; the documentation you provided included purchase/fill dates outside of the Claim Period of August 2, 2001 through December 31, 2003; and/or you claimed National Drug Codes ("NDCs") for drugs that are not included in this settlement.

This adjustment revises your claim amount as follows:

Original Amount:   $ ▓

Revised Amount:   $ ▓

The Revised Amount will now become the basis for calculating any settlement benefits you may be entitled to.

IF YOU DISAGREE with the Revised Amount, you must advise us in writing by the Response Due Date listed above.  Your letter must also include documentation supporting your position.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

If you have any questions, please call our toll free number at 1-877-625-9414.

Sincerely yours,

Claims Administrator

ADJ,*O* - ▓

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL  33416
TOLL-FREE TELEPHONE: 1-877-625-9414



January 25, 2011

**RESPONSE DUE DATE:  February 14, 2011**

                                    1

**FINAL DETERMINATION OF ACCEPTED CLAIM AMOUNT - Claim No:** ▇▇▇▇

Dear Claimant:

Data supporting your third-party payor claim in the McKesson settlement was provided by agreement with Medco, the plan's pharmacy benefit manager. You may or may not have previously received a letter from us advising of a claim amount adjustment. However, in an abundance of caution and to ensure the accuracy of accepted purchases, we performed a second audit and quality assurance review of all data that Medco provided in support of their clients' claims. This review is now complete and this letter is to advise you of our final determination of your accepted claim amount.

Per the court-approved terms of the settlement, accepted purchases are for Subject Drugs with National Drug Codes ("NDCs") that are included in this settlement with purchase/fill dates during the Claim Period of August 1, 2001 through December 31, 2003. This review has determined the following:

Original Claim Amount:  $ ▇▇▇▇▇▇▇

Accepted Claim Amount:  $ ▇▇▇▇▇▇▇

Please note that the figures above may be the same, which means the audit determined the claimed amount matched the amount supported by Medco's data. If the figures do not match, then Medco's data supported the Accepted Amount. The Accepted Claim Amount will now become the basis for calculating any settlement benefits you may be entitled to.

IF YOU AGREE with the Accepted Claim Amount, please send an email to elachance@rustconsulting.com referencing the McKesson TPP Settlement and the claim number listed above.

IF YOU DISAGREE with the Accepted Claim Amount, you must advise us in writing by the Response Due Date listed above.  Your letter must also include documentation supporting your position.

The Court-approved Settlement Agreement at Paragraph 11(J)(5) provides: "If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of the mailing of the notice required [i.e., this letter]… serve upon the Claims Administrator and Class Counsel a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Settlement Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Settlement Court."

If you have any questions, please call our toll free number at 1-877-625-9414.

Sincerely,

Claims Administrator

MADJ,*O* - ▇▇▇▇                

# EXHIBIT 4

MCKESSON CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
P.O. BOX 24607
WEST PALM BEACH, FL 33416
TOLL-FREE TELEPHONE: 1-877-625-9414



January 24, 2011

**RESPONSE DUE DATE:  February 14, 2011**

1



**NOTICE OF CLAIM AMOUNT CALCULATION - Claim No:** ▮

Dear Claimant:

We have received and processed the Third-Party Payor Claim Form you filed in the McKesson Settlement.

Because a total purchase amount was not entered on your Claim Form and/or an amount was not summarized on any supporting data or documentation included with your claim, we calculated the net amount paid or reimbursed for the subject drugs to be $ ▮

If you agree with this determination, you do not need to do anything further.  This amount will now become the basis for calculating the settlement benefits you may be entitled to, if any.

IF YOU DISAGREE WITH THIS DETERMINATION, YOU MUST ADVISE US IN WRITING BY THE RESPONSE DUE DATE LISTED ABOVE. YOUR LETTER MUST STATE YOUR CLAIM AMOUNT AND YOU MUST INCLUDE DOCUMENTATION SUPPORTING YOUR CLAIM AMOUNT.

If you have any questions, please call our toll free number 1-877-625-9414.

Sincerely yours,

Claims Administrator

 

# EXHIBIT 5

**McKesson Claims Administrator**
**c/o Rust Consulting, Inc.**
**P.O. Box 24607**
**West Palm Beach, FL  33416**
**Toll-Free Telephone: 1-877-625-9414**

March ___, 2011

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**NOTICE OF DISTRIBUTION** - Claim No.  **«clm_no»**

Dear Claimant:

This letter is to advise you that the expected distribution date for the McKesson Third-Party Payor settlement is XXX, 2011.

After reviewing information from your claim form and data/ documentation you provided to the Claims Administrator, your claim has been recommended and approved by the Court to receive a share in the net settlement fund.  Your settlement payment will be your *pro rata* share of your Recognized Loss of  $<<Recognized Loss>>, which is 4% of your documented claim amount, $<<TotalAmountDocumented>.

If you would like your share in the settlement to be wired, please fill out the information on the back of this letter and return it to the Claims Administrator at the address above as soon as possible.  Please keep a copy of this letter for your records, but return the original to us.

If you have any questions, please call the Claims Administrator toll-free at 1-877-625-9414.

Sincerely,

Claims Administrator

DIST

**<u>WIRE INFORMATION – Please print clearly.</u>**

Claim No. (copy from front of letter): _____

Payee Name and Address (if different than above): _____

_____

_____

Payee Tax I.D.: _____

Bank Name: _____

Bank Contact Name, Address & Phone: _____

_____

(_____)_____

Account Name: _____

Account Number: _____

Routing Number: _____


_____       _____
Signature of Duly Authorized Employee or Agent                                  Date


_____
Print Name of Duly Authorized Employee or Agent

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on March 17, 2011.


<u>    s/ Steve W. Berman    </u>
Steve W. Berman