IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, PIRELLI ARMSTRONG RETIREE MEDICAL BENEFITS TRUST, TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY; PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND; DISTRICT COUNCIL 37, AFSCME-HEALTH & SECURITY PLAN; JUNE SWAN; MAUREEN COWIE and BERNARD GORTER,<br><br>        Plaintiffs,<br><br>v.<br><br>FIRST DATABANK, INC., a Missouri corporation, and MCKESSON CORPORATION, a Delaware corporation,<br><br>        Defendants. | Case No. 1:05-CV-11148-PBS |

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND REQUESTING THE COURT TO AUTHORIZE THE RELEASE OF INFORMATION CONCERNING CERTAIN TPP CLAIMANTS

Express Scripts, Inc. ("ESI"), by and through its counsel, respectfully requests an order authorizing its intervention and the release of information concerning certain Third Party Payor ("TPP") class claimants to the McKesson settlement (Doc. Nos. 810; and 829) (hereinafter "McKesson AWP Settlement").  The basis for this request is simple.

## Introduction

ESI and several TPPs are involved in ongoing multidistrict litigation in the Eastern District of Missouri.  *In re Express Scripts, Inc. PBM Litigation*, Master Case No. 4:05-

MD-1672-HEA ("ESI MDL").   TPPs in the ESI MDL are also members of the TPP

class certified by this Court.   In the ESI MDL, these TPPs are pursuing claims and

seeking damages based on the same alleged AWP inflation already addressed by this

Court in *New England Carpenters Health Benefits Fund v. First Data Bank, Inc. and

McKesson Corporation*, Case No. 05-11148 (D. Mass.) ("AWP Litigation").

ESI's Motion requests information on whether any of the TPPs in the ESI MDL

have also made claims and/or received payments as part of the McKesson AWP

Settlement in the AWP Litigation.   ESI believes this information is relevant to numerous

issues in the ESI MDL including, but not limited to, the amount of any potential offset

and/or release.

## ESI's Efforts to Meet and Confer

In accordance with Local Rule 7.1(a)(2), ESI's counsel met and conferred with

class counsel and the claims administrator in a good-faith effort to resolve this issue

without Court intervention.  In particular, ESI previously requested this information

through the McKesson AWP Settlement Claims Administrator, who said the information

was readily available but referred the issue to Barbara Mahoney, as class counsel in the

AWP Litigation.

When ESI's counsel contacted Ms. Mahoney by telephone, she explained that in

order to evaluate the request, she needed to know the identity of the TPPs at issue and

would want to review the pleadings in the ESI MDL so that she could make a

determination as to whether she felt the information was relevant.   She also expressed

concern that disclosing this information could violate patient confidentiality.

2

In response, ESI explained that ESI is not interested in patient level detail at this time, and if there were legitimate confidentiality concerns, ESI would be willing to accept the information under a protective order or confidentiality agreement.   Ms. Mahoney, asked that ESI put its request in writing, which ESI did by e-mail dated April 19, 2011.   A true and accurate copy of the April 19, 2011 e-mail request is attached as Exhibit A.

Ms. Mahoney did not respond to the initial written request, so ESI's counsel sent a second written request on April 23, 2011.  *See* Ex. A, April 23, 2011 e-mail from C. Smith to B. Mahoney.   Ms. Mahoney responded to ESI's second request by stating that "[t]he information is not public, and we will not provide it voluntarily."  *See* Ex. A, April 23, 2011 e-mail from B. Mahoney to C. Smith.

Although ESI requested that class counsel provide a basis for her belief that the information requested cannot be released—even under the terms of a protective order—to date no legal basis has been provided.  *Id*.   In fact, class counsel completely ignored ESI's correspondence attempting to understand the basis for counsel's refusal.  *See* Exhibit B, April 24, 2011, e-mail from C. Smith to B. Mahoney.

Although class counsel has refused to provide a basis for their refusal to disclose this information, ESI notes that under the terms of the Amended Settlement Agreement and Release (Doc. No. 690-2), the parties specifically agreed that TPP claimants would be subject to the jurisdiction of this Court and that any TPP claimant's "**status as a Class Member and the <u>validity and amount of the claimant's claim</u>**" "**will be subject to investigation and discovery**."  *Id*. at p. 28, ¶11(K) (emphasis added).

## ESI's Request for Information

Because class counsel and the Claims Administrator have refused to release any information whether the TPPs pursuing AWP inflation claims in the ESI MDL have already made claims and/or received payments through the McKesson AWP Settlement, ESI respectfully requests an order from this Court authorizing the Claims Administrator to release this information to ESI.[1]

The following list identifies payors that ESI believes to be potential or actual claimants on the McKesson AWP Settlement who are also involved in the ESI MDL:

1.      Goodyear Tire and Rubber Co.;

2.      Eaton Corporation Health and Welfare Benefits Plan;

3.      SEI Information Technology Employee Benefit Plan;

4.      New England Healthcare Employees Welfare Fund;

5.      Food Employers Labor relations Association and United Food and Commercial Workers Health and Welfare Fund;

6.      United Food and Commercial Workers Unions and Participating Employers Health and Welfare Fund;

7.      United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania;

8.      Washington Wholesalers Health and Welfare Fund;

9.      Local 888 Health Fund;

10.     The Organization of New York State Management Confidential

---

[1] Under Section 11(A) of the Amended Settlement and Release (Doc. No. 690-2), the Claims Administrator is under the "continuing supervision" of this Court.  (Doc. No. 690-2 at p. 25 ¶ 11(A)).

Employees;

11. Public Employees Federation, AFL-CIO;

12. Health and Welfare Fund of the Patrolmen's Benevolent Association of the City of New York;

13. Retiree Health and Welfare Fund of the Patrolmen's Benevolent Association of the City of New York;

14. Correction Officers' Benevolent Association of the City of New York;

15. 1978 Retired Construction Workers Benefit Plan;

16. Fulton Fish Market Welfare Fund;

17. Philadelphia Corporation for Aging;

18. Local 153 Health Fund;

19. United Healthcare, Inc.;

20. Fidelity Insurance Group, Inc.; and

21. Fidelity Benefit Administrators, Inc.

## Conclusion

For the foregoing reasons, ESI respectfully requests that this Court authorize the Claims Administrator of the McKesson AWP Settlement in this case to release information on whether any of the above payors have made claims and/or received payments as part of the McKesson AWP Settlement and, if so, the amount requested by and/or paid to each.

Dated:  May 9, 2011.

Respectfully submitted,

HUSCH BLACKWELL, LLP

By   /s/ Daniel P. Jaffe            .
Daniel P. Jaffe, BBO # 249780
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105-3441
Phone:        314-480-1500
Facsimile:    314-480-1505

*Attorneys for Express Scripts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of

record for each other party through the Court's electronic filing service on May 9, 2011.

  /s/ Daniel P. Jaffe           .
                Daniel P. Jaffe